# Exhibit A

**Stipulation**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| | Bankruptcy Case No. 20-10343 (LSS) |
| Boy Scouts of America and Delaware BSA, LLC,[1] | |
| Debtors. | (Jointly Administered) |
| National Union Fire Insurance Co. of Pittsburgh, PA, *et al.*, | |
| Appellants. | Case No. 22-cv-01237-RGA |
| v. | |
| Boy Scouts of America, *et al.*, | |
| Appellees. | |

## STIPULATION REGARDING CONFIDENTIALITY ORDERS AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 8009(f)

Boy Scouts of America and Delaware BSA, LLC (together, the "Debtors"),

certain additional appellees (together with the Debtors, the "Appellees"), and one or

more of the Certain Insurers,[2] the claimants represented by Dumas & Vaughn, LLC,

---

[1]  The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038

[2]  The Certain Insurers are Allianz Global Risks US Insurance Company, National Surety Corporation, Interstate Fire & Casualty Company, Argonaut Insurance Company, Colony Insurance Company, Liberty Mutual Insurance Company, General Star Indemnity Company, Great American Assurance Company f/k/a Agricultural Insurance Company, Great American E&S Insurance Company f/k/a
*(Cont'd on next page)*

and the claimants represented by Lujan & Wolff LLP (collectively, the "Appellants," and with the Appellees, the "Parties") hereby stipulate and agree as follows (the "Stipulation"):

A.      WHEREAS, on March 23, 2020, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Final Order (I) Authorizing the Debtors to File (A) a Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) a Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing And Confidentiality Procedures, and (III) Granting Related Relief* [Bankr. D.I. 274] (the "Confidentiality Procedures Order"), a copy of which is attached hereto as **Exhibit 1**, to, in part, protect the identities of abuse victims, minors, employees, volunteers and other applicable parties in interest in the Debtors' chapter 11 cases when the Debtors and other parties in interest file items on the docket in the Bankruptcy Court;

---

Agricultural Excess and Surplus Insurance Company, Great American E&S Insurance Company, Arch Insurance Company, Continental Insurance Company, Columbia Casualty Company, Indian Harbor Insurance Company on behalf of itself and as successor in interest to Catlin Specialty Insurance Company, Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company, Gulf Insurance Company, Arrowood Indemnity Company, Gemini Insurance Company, Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company, Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, Endurance American Insurance Company, Old Republic Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA., Lexington Insurance Company, Landmark Insurance Company, and The Insurance Company of the State of Pennsylvania.

B.      WHEREAS, on June 26, 2020, the Bankruptcy Court entered the *Order, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e) and 3001-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* [Bankr. D.I. 695] (the "Bar Date Order"), a copy of which is attached hereto as **Exhibit 2**, which contains confidentiality protocols in connection with proofs of claim filed by abuse survivors and requires that the Debtors and certain other parties keep confidential such proofs of claim;

C.      WHEREAS, on June 8, 2020, the Bankruptcy Court entered the *Order Approving Confidentiality and Protective Order* [Bankr. D.I. 799] (the "Protective Order"), a copy of which is attached hereto as **Exhibit 3**, which reflects customary confidentiality protections routinely entered in bankruptcy matters, governs the Parties' production, receipt, and permitted use of confidential information in the Debtors' chapter 11 cases; and addresses the unique nature of certain documents at issue in the Debtors' chapter 11 cases and the Consolidated Appeal (as defined below), including documents that contain highly sensitive information concerning sexual abuse and the identity of survivors and alleged perpetrators, and critical financial information concerning the Debtors' and local councils' operations;

D.      WHEREAS, throughout the Debtors' chapter 11 cases, the Bankruptcy Court may have entered additional orders (with the Confidentiality Procedures Order, the Bar Date Order, and the Protective Order, the "Confidentiality Orders") that contain confidentiality measures designed to protect certain parties in interest or keep confidential certain materials used in connection with matters before the Bankruptcy Court;

E.      WHEREAS, on July 29, 2022, the Bankruptcy Court entered and docketed its Opinion [Bankr. D.I. 10136] (the "Opinion") with respect to the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Bankr. D.I. 10296] (as amended, the "Plan");

F.      WHEREAS, on September 8, 2022, the Bankruptcy Court docketed and entered its *Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Bankr. D.I. 10316] (the "Confirmation Order"), confirming the Plan;

G.      WHEREAS, the Appellants have sought review of the Bankruptcy Court's confirmation of the Plan by the United States District Court for District of Delaware (the "Court") through appeals from the Confirmation Order, the Opinion,

and all other subsumed orders pursuant to 28 U.S.C. § 158 and Rules 8001, *et seq.*, of the Federal Rules of Bankruptcy Procedure (collectively, the "Appeals");

H.    WHEREAS, on September 27, 2022, the Parties submitted to the Court a joint motion and proposed order regarding that certain *Stipulation Regarding Appeals From Order Confirming Plan of Reorganization of Boy Scouts of America and Delaware BSA, LLC* [D.I. 3], which, among other things, requested consolidation of the Appeals;

I.    WHEREAS, the Appellants and Appellees filed their respective designations of records (collectively, the "Designations of Record") in the Appeals on October 3, 2022 and October 6, 2022,[3] respectively;

J.    WHEREAS, on October 17, 2022, the Court entered the *Order Granting Motion on Stipulation Regarding Appeals From Order Confirming Plan of Reorganization of Boy Scouts of America and Delaware BSA, LLC* [D.I. 14] (the "Order") and consolidated the Appeals into the above-captioned appeal (the "Consolidated Appeal");

K.    WHEREAS, the Designations of Record designated certain sealed documents from the Bankruptcy Court that contain confidential information subject to the Confidentiality Orders;

---

[3]    In the Consolidated Appeal, the Designations of Record can be found at D.I. 5 and D.I. 15, respectively.

L.      WHEREAS, the Parties' briefs in the Consolidated Appeal will likely contain or cite to sealed confidential information subject to the Confidentiality Orders;

M.      WHEREAS, the Parties agree that the Confidentiality Orders should govern the Parties' production, filing, receipt, and use of confidential and sealed information in this Consolidated Appeal;

N.      WHEREAS, the Parties desire to file this Stipulation in lieu of filing duplicative motions to accept certain documents under seal as required by Rule 8009(f) of the Federal Rules of Bankruptcy Procedure;

**NOW, THEREFORE,** it is hereby stipulated and agreed to by and among the Parties:

1.      The Parties shall file a proposed order approving this Stipulation in the Consolidated Appeal and such filing shall be construed as a request that the Court approve the Confidentiality Orders.

2.      The Parties remain subject to the Confidentiality Orders in the Consolidated Appeal.

3.      Subject to the Court entering an order approving this Stipulation, the Parties are not required to file motions under Rule 8009(f) of the Federal Rules of Bankruptcy Procedure to protect confidential information otherwise governed by the Confidentiality Orders.

4.     Documents containing confidential information subject to the Confidentiality Orders shall be filed under seal with the Court in accordance with D. Del. LR 5.1.3.   Such documents shall remain under seal in this Court without the need for individual sealing motions. A redacted version of each document filed under seal must be filed electronically within seven (7) days of service of the sealed version of each document.

5.     The procedures set out in the Order, Rules 8001, *et seq*., of the Federal Rules of Bankruptcy Procedure (including Bankruptcy Rule 8009(f), except as modified herein), and the local rules of this Court and the Bankruptcy Court, shall apply to the Consolidated Appeal.

Dated: November 7, 2022

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP

/s/  Derek. C. Abbott
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
Tori L. Remington (No. 6901)
1201 North Market Street, 16th Floor
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Email: dabbott@morrisnichols.com
        aremming@morrisnichols.com
        ptopper@morrisnichols.com
        tremington@morrisnichols.com

-and-

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
Glenn M. Kurtz (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: Jessica.lauria@whitecase.com
        Gkurtz@whitecase.com

-and-

WHITE & CASE LLP
Michael C. Andolina
(*pro hac vice* forthcoming)
Matthew E. Linder
(*pro hac vice* forthcoming)
Laura E. Baccash
(*pro hac vice* forthcoming)
Blair M. Warner
(*pro hac vice* forthcoming)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 881-5400
Emails: mandolina@whitecase.com
        mlinder@whitecase.com
        laura.baccash@whitecase.com
        blair.warner@whtiecase.com

*Attorneys for the Debtors and Debtors in Possession*

FINEMAN KREKSTEIN & HARRIS PC

/s/ Deirdre Richards
Deirdre M. Richards (No. 4191)
1300 N. King Street
Wilmington, DE 19801
Telephone: (302) 538-8331
Email: drichards@finemanlawfirm.com

-and-

FORAN GLENNON PALANDECH
PONZI & RUDLOFF P.C.
Susan N.K. Gummow (admitted *pro hac vice*)
222 N. LaSalle St., Suite 1400
Chicago, IL 60601
Telephone: (312) 863-5000
Email: sgummow@fgppr.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac vice*)
Mitchell A. Karlan (*pro hac vice*)
James Hallowell (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Email: mrosenthal@gibsondunn.com
mkarlan@gibsondunn.com
jhallowell@gibsondunn.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Richard Doren (*pro hac vice*)
Blaine H. Evanson (*pro hac vice* forthcoming)
333 South Grand Avenue
Los Angeles, CA  90071

8

TROUTMAN PEPPER HAMILTON
SANDERS LLP

*/s/ Marcy J. McLaughlin Smith*
David M. Fournier (No. 2812)
Marcy J. McLaughlin Smith (DE No.
6184) Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 404.885.3000

-and-

PARKER, HUDSON, RAINER &
DOBBS LLP
Harris B. Winsberg (*pro hac vice*)
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone: 404.420.4313
Facsimile: 404.522.8409

-and-

McDERMOTT WILL & EMERY LLP
Margaret H. Warner (*pro hac vice*)
Ryan S. Smethurst (*pro hac vice*)
Alex M. Spisak (*pro hac vice*)
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: 202.756.8228
Facsimile: 202.756.8087

*Attorneys for Allianz Global Risks US
Insurance Company*

Telephone: (213) 229-7000
Email:  rdoren@gibsondunn.com
bevanson@gibsondunn.com

*Attorneys for National Union Fire
Insurance Company of Pittsburgh, PA.,
Lexington Insurance Company, Landmark
Insurance Company, and The Insurance
Company of the State of Pennsylvania*

BODELL BOVE, LLC

*/s/ Bruce W. McCullough*
Bruce W. McCullough (No. 3112)
1225 N. King Street, Suite 1000
P.O. Box 397
Wilmington, DE 19899-0397
Telephone: (302) 655-6749
Facsimile:  (302) 655-6827
Email: bmccullough@bodellbove.com

- and -

CLYDE & CO US LLP
Bruce D. Celebrezze (admitted *pro hac
vice*)
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:  (415) 365-9800
Facsimile:   (415) 365-9801
Email:  bruce.celebrezze@clydeco.us

Konrad R. Krebs (admitted *pro hac vice*)
340 Mt. Kemble Avenue | Suite 300
Morristown, NJ 07960
Telephone:  (973) 210-6700
Facsimile:   (973) 210-6701
Email:  konrad.krebs@clydeco.us

– and –

DAVID CHRISTIAN ATTORNEYS
LLC
David Christian (admitted *pro hac vice*)
105 W. Madison St., Suite 1400

TROUTMAN PEPPER HAMILTON
SANDERS LLP

/s/ Marcy J. McLaughlin Smith
David M. Fournier (No. 2812)
Marcy J. McLaughlin Smith (No. 6184)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile: 302.421.8390

-and-

PARKER, HUDSON, RAINER &
DOBBS
Harris B. Winsberg (*pro hac vice*)
303 Peachtree Street NE
Suite 3600
Atlanta, GA  30308
Telephone: 404.420.4313
Facsimile: 404.522.8409

-and-

BRADLEY RILEY JACOBS PC
Todd C. Jacobs (*pro hac vice*)
John E. Bucheit (*pro hac vice*)
Paul J. Esker (*pro hac vice*)
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone: 312.281.0295

*Attorneys for National Surety
Corporation and Interstate Fire &
Casualty Company*

Chicago, IL 60602
Telephone:  312-282-5282
Email:  dchristian@dca.law

*Attorneys for Great American Assurance
Company, f/k/a Agricultural Insurance
Company; Great American E&S
Insurance Company, f/k/a Agricultural
Excess and Surplus Insurance Company;
and Great American E&S Insurance
Company*

SMITH, KATZENSTEIN & JENKINS
LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 501
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Email: kmiller@skjlaw.com

-and-

WILEY REIN LLP
Mary E. Borja (admitted *pro hac vice*)
Gary P. Seligman (admitted *pro hac vice*)
Ashley L. Criss (admitted *pro hac vice*)
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Email: mborja@wiley.law
gseligman@wiley.law
acriss@wiley.law

*Attorneys for General Star Indemnity
Company*

POST & SCHELL, P.C.

*/s/ Paul Logan*
Paul Logan (No. 3339)
300 Delaware Avenue
Suite 1380
Wilmington, DE  19801
Phone:  (302) 251-8856
E-mail:  plogan@postschell.com

-and-

POST & SCHELL, P.C.
John C. Sullivan (admitted *pro hac vice*)
Kathleen K. Kerns (admitted *pro hac vice*)
Four Penn Center – 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA  19103
Phone: (215) 587-1000
E-mail: jsullivan@postschell.com
kkerns@postschell.com

-and-

IFRAH PLLC
George R. Calhoun (admitted *pro hac vice*)
1717 Pennsylvania Ave., N.W.
Suite 650
Washington, DC  20006
Phone:  (202) 840-8758
E-mail:  george@ifrahlaw.com


*Attorneys for Argonaut Insurance Company and Colony Insurance Company*

SEITZ, VAN OGTROP & GREEN, P.A

*/s/ R. Karl Hill*
R. Karl Hill (No. 2747)
222 Delaware Avenue
Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-0600
Email: khill@svglaw.com

-and-

CHOATE, HALL & STEWART LLP
Douglas R. Gooding (*pro hac vice*)
Jonathan D. Marshall (*pro hac vice*)
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
Kim V. Marrkand (*pro hac vice*)
Laura Bange Stephens (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
kvmarrkand@mintz.com
lbstephens@mintz.com

*Attorneys to Liberty Mutual Insurance Company*

GOLDSTEIN & MCCLINTOCK LLLP

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
302-444-6710
marias@goldmclaw.com

-and-

LOEB & LOEB LLP
Laura McNally
Emily Stone
321 N. Clark Street, Suite 2300
Chicago, IL 60654
312-464-3155
lmcnally@loeb.com
estone@loeb.com

*Attorneys for The Continental Insurance
Company and Columbia Casualty
Company*

SMITH, KATZENSTEIN & JENKINS
LLP

*/s/ Kathleen M. Miller*
Kathleen M. Miller (No. 2898)
1000 North West Street
Suite 1501
P.O. Box 410
Wilmington, DE  19899 (courier 19801)
302-652-8400

-and-

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
Ronald P. Schiller (admitted *pro hac vice*)
Matthew A. Hamermesh (admitted *pro
hac vice*)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mhamermesh@hangley.com

*Attorneys for Arch Insurance Company*

DILWORTH PAXSON LLP

*/s/ Thaddeus J. Weaver*
Thaddeus J. Weaver (No. 2790)
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE  19899-1031
(302) 571-8867 (telephone)
(302) 655-1480 (facsimile)
tweaver@dilworthlaw.com

-and-

DILWORTH PAXSON LLP
William E. McGrath, Jr. (*pro hac vice*)
2 Research Way, Suite 103
Princeton, NJ  08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Attorneys for Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company*

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Kathleen M .Miller*
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

-and-

MOUND COTTON WOLLAN & GREENGRASS LLP
Lloyd A. Gura (admitted *pro hac vice*)
Pamela J. Minetto (admitted *pro hac vice*)
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
Email: lgura@moundcotton.com
pminetto@moundcotton.com

*Attorneys for Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company*

WERB & SULLIVAN

*/s/ Brian A. Sullivan*
Brian A. Sullivan
LEGAL ARTS BUILDING
1225 N. King Street
Suite 600
Wilmington, Delaware  19801
Telephone: (302)  652-1100
Facsimile: (302)  652-1111
Email: bsullivan@werbsullivan.com

-and-

GIEGER LABORDE & LAPEROUSE
LLC
John E.W. Baay II, Esq. (*pro hac vice*)
701 Poydras Street, Suite 4800
New Orleans, LA  70139-
Telephone: (504) 561-0400
Facsimile: (504) 561-0100
Email: jbaay@glllaw.com

-and-

KIERNAN TREBACH LLP
William H. White Jr., Esq. (*pro hac vice*)
1233 20th Street, NW, 8th Floor
Washington, DC  20036
Direct: 202-712-7042
Fax: 202-712-7100
Email: wwhite@kiernantrebach.com

*Attorneys for Gemini Insurance Company*

JOYCE, LLC

*/s/ Michael J. Joyce*
Michael J. Joyce, Esquire (No. 4563)
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

-and-

COUGHLIN MIDLIGE & GARLAND,
LLP
Kevin Coughlin, Esquire
(*pro hac vice*)
Lorraine Armenti, Esquire
(*pro hac vice*)
Michael Hrinewski, Esquire
(*pro hac vice*)
350 Mount Kemble Ave.
PO Box 1917
Morristown, NJ 07962
973-267-0058 (Telephone)
973-267-6442 (Facsimile)
larmenti@cmg.law
mhrinewski@cmg.law

- and -

CARRUTHERS & ROTH, P.A.
Britton C. Lewis, Esquire (*pro hac vice*)
235 N. Edgeworth St.
P.O. Box 540
Greensboro, NC  27401
(336) 478-1146 (Telephone)
(336) 478-1145 (Facsimile)
bcl@crlaw.com

*Counsel to Arrowood Indemnity Company*

MORRIS JAMES LLP

*/s/ Sarah M. Ennis*
Sarah M. Ennis (No. 5745)
Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email:  smiller@morrisjames.com
ckunz@morrisjames.com

- and –

FOX SWIBEL LEVIN & CARROLL LLP
Margaret M. Anderson, Esq. (admitted *pro hac vice*)
Ryan T. Schultz (admitted *pro hac vice*)
Adam A. Hachikian (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
200 W. Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1201
Email:  panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Counsel for Old Republic Insurance Company*

LOIZIDES, P.A.

*/s/ Christopher D. Loizides*
Christopher D. Loizides (No. 3968)
1225 North King Street, Suite 800
Wilmington DE 19801
Phone:  (302) 654-0248
Email:  Loizides@loizides.com

-and-

LUJAN & WOLFF LLP
Delia Lujan Wolff (admitted *pro hac vice*)
Suite 300, DNA Bldg.
238 Archbishop Flores St.
Hagatna, Guam 96910
Phone: (671) 477-8064/5
Facsimile: (671) 477-5297
Email:  dslwolff@lawguam.com

COZEN O'CONNOR

*/s/ Marla S. Benedek*
Marla S. Benedek (No. 6638)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2024
Facsimile: (302) 250-4498
Email: mbenedek@cozen.com

*Counsel to Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company*

REGER RIZZO & DARNALL LLP

*/s/ Louis J. Rizzo, Jr.*
Louis J. Rizzo, Jr., Esquire (No. 3374)
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

*Attorney for Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company*

GELLERT SCALI BUSENKELL & BROWN LLC

*/s/ Charles J. Brown, III*
Charles J. Brown, III
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
Telephone: 302-425-5813
Email: cbrown@gsbblaw.com

- and –

DUMAS & VAUGHN, LLC
Gilion C. Dumas, Esq. (admitted *pro hac vice*)
Ashley L. Vaughn (admitted *pro hac vice*)
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Phone:  (503) 616-5007
Fax:  (503) 616-5007
Email:     gilion@dumasandvaughn.com
          ashley@dumasandvaughn.com

PACHULSKI STANG ZIEHL
& JONES LLP

*/s/ James E. O'Neill*

Richard M. Pachulski (*pro hac vice*
forthcoming)
Alan J. Kornfeld (*pro hac vice*
forthcoming)
Debra I. Grassgreen (*pro hac vice*
forthcoming)
Iain A.W. Nasatir (*pro hac vice*
forthcoming)
James E. O'Neill (No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier
19801)
Tele/Fax: (302) 652-4100 / (302) 652-
4400
Email: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com
dgrassgreen@pszjlaw.com
inasatir@pszjlaw.com
joneill@pszjlaw.com

*Counsel for the Tort Claimants'*
*Committee*

BIELLI & KLAUDER, LLC

*/s/ David M. Klauder*

David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
Email: dklauder@bk-legal.com

-and-

KTBS LAW LLP
Thomas E. Patterson
(*pro hac vice* forthcoming)
Daniel J. Bussel
(*pro hac vice* forthcoming)
Robert J. Pfister
(*pro hac vice* forthcoming)
Sasha M. Gurvitz
(*pro hac vice* forthcoming)
1801 Century Park East, Twenty-Sixth
Floor
Los Angeles, CA 90067
Telephone: (310) 407-4000
Email: tpatterson@ktbslaw.com
       dbussel@ktbslaw.com
       rpfister@ktbslaw.com
       sgurvitz@ktbslaw.com

*Counsel to each of The Zalkin Law Firm,*
*P.C. and Pfau Cochran Vertetis Amala*
*PLLC*

MONZACK MERSKY & BROWDER, P.A.

*/s/ Rachel B. Mersky*
Rachel B. Mersky (No. 2049)
1201 North Orange Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 656-8162
Facsimile: (302) 656-2769
Email: RMersky@Monlaw.com

-and-

BROWN RUDNICK LLP
David J. Molton, Esq.
(admitted *pro hac vice*)
Eric R. Goodman, Esq.
(admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: DMolton@BrownRudnick.com
Email: EGoodman@BrownRudnick.com

-and-

Sunni P. Beville, Esq.
(*pro hac vice* forthcoming)
Tristan G. Axelrod, Esq.
(admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Email: SBeville@BrownRudnick.com
Email: TAxelrod@BrownRudnick.com

*Counsel to the Coalition of Abused Scouts for Justice*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert S. Brady*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
eharron@ycst.com
szieg@ycst.com
skohut@ycst.com

-and-

GILBERT LLP
Kami E. Quinn (*pro hac vice* forthcoming)
Emily P. Grim (*pro hac vice* forthcoming)
Kyle Y. Dechant (*pro hac vice* forthcoming)
700 Pennsylvania Ave, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2200
Facsimile: (202) 772-3333
Email: quinnk@gilbertlegal.com
grime@gilbertlegal.com
dechantk@gilbertlegal.com

*Counsel to the Future Claimants' Representative*

BAYARD, P.A.

*/s/ Erin R. Fay*
Erin R. Fay (5268)
Gregory J. Flasser (6154)
600 North King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: efay@bayardlaw.com
gflasser@bayardlaw.com

-and-

RUGGERI PARKS WEINBERG LLP
James P. Ruggeri (*pro hac vice*
forthcoming)
Joshua D. Weinberg (*pro hac vice*
forthcoming)
1875 K Street, NW, Suite 600
Washington, D.C. 20003
Tel: (202) 469-7750
Email: jrugerri@rugerrilaw.com
jweinberg@rugerrilaw.com

-and-

WILMER CUTLER PICKERING HALE
AND DORR LLP
Philip D. Anker (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8890
Email: philip.anker@wilmerhale.com

-and-

WILMER CUTLER PICKERING HALE
AND DORR LLP
Danielle Spinelli (*pro hac vice*
forthcoming)
Joel Millar (*pro hac vice* forthcoming)
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Email: danielle.spinelli@wilmerhale.com
joel.millar@wilmerhale.com

*Attorneys for Hartford Accident and
Indemnity Company, First State
Insurance Company, Twin City Fire
Insurance Company, and Navigators
Specialty Insurance Company*

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (No. 4606)
800 N. West Street, Third Floor
Wilmington, DE 19081
Telephone: (302) 999-1540
Email: stamoulis@swdelaw.com

-and-

O'MELVENY & MYERS LLP
Tancred Schiavoni (*pro hac vice*
forthcoming)
Daniel Shamah (*pro hac vice*
forthcoming)
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Email: tschiavoni@omm.com
dshamah@omm.com

-and-

O'MELVENY & MYERS LLP
Steve Warren (*pro hac vice* forthcoming)
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Email: swarren@omm.com

-and-

SIMPSON THACHER & BARTLETT
LLP Mary Beth Forshaw (*pro hac vice*
forthcoming)
David Elbaum (*pro hac vice*
forthcoming)
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Email: mforshaw@stblaw.com
david.elbaum@stblaw.com

*Attorneys for Century and Chubb
Companies*

TYBOUT, REDFEARN & PELL

*/s/ Robert D. Cecil, Jr.*
Robert D. Cecil, Jr. (No. 5317)
501 Carr Road, Suite 300
Wilmington, DE 19809
Telephone: (302) 658-6901
Email: rcecil@trplaw.com

-and-

CROWELL & MORING LLP
Mark D. Plevin (admitted *pro hac vice*)
Three Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Email: mplevin@crowell.com

-and-

CROWELL & MORING LLP
Tacie H. Yoon (admitted *pro hac vice*)
Rachel A. Jankowski (admitted *pro hac vice*)
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email: tyoon@crowell.com
rjankowski@crowell.com

*Attorneys for Zurich Insurers and Zurich Affiliated Insurers*

BALLARD SPAHR LLP

*/s/ Matthew G. Summers*
Matthew G. Summers (No. 5533)
Chantelle D. McClamb (No. 5978)
919 N. Market Street, 11th Floor
Wilmington, DE 19801-3034
Telephone: (302) 252-4428
Email: summersm@ballardspahr.com
mcclambc@ballardspahr.com

-and-

STEPTOE & JOHNSON LLP
Harry Lee (*pro hac vice* forthcoming)
John O'Connor (*pro hac vice* forthcoming)
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-8078
Email: hlee@steptoe.com
joconnor@steptoe.com

*Attorneys for Clarendon*

REED SMITH LLP

*/s/ Mark W. Eckard*
Kurt F. Gwynne (DE Bar No. 3951)
Mark W. Eckard (DE Bar No. 4542)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email: kgwynne@reedsmith.com
meckard@reedsmith.com

-and-

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Rachael Ringer (*pro hac vice*
forthcoming)
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Email: rringer@kramerlevin.com

*Attorneys for the Creditors' Committee*


WOMBLE BOND DICKINSON (US)
LLP

*/s/ Matthew P. Ward*
Matthew P. Ward (No. 4471)
Morgan L. Patterson (No. 5388)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
morgan.patterson@wbd-us.com

-and-

NORTON ROSE FULBRIGHT US LLP
Kristian W. Gluck (*pro hac vice*
forthcoming)
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8000
Email:
Kristian.gluck@nortonrosefulbright.com

*Attorneys for JPMorgan Chase Bank.,*
*N.A.*

DLA PIPER, LLP (US)

*/s/ R. Craig Martin*
R. Craig Martin (No. 5032)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: (302) 468-5655
Facsimile: (302) 778-7834
Email: craig.martin@dlapiper.com

-and-

WACHTELL, LIPTON, ROSEN &
KATZ
Richard G. Mason (admitted *pro hac
vice*)
Douglas K. Mayer (*pro hac vice*
forthcoming)
Joseph C. Celentino (admitted *pro hac
vice*)
Mitchell S. Levy (*pro hac vice*
forthcoming)
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Email: RGMason@wlrk.com
            DKMayer@wlrk.com
            JCCelentino@wlrk.com
            MSLevy@wlrk.com

*Attorneys for Ad Hoc Committee of*
*Local Councils of the Boy Scouts of*
*America*

MACAULEY LLC

*/s/ Thomas G. Macauley*
Thomas G. Macauley (No. 3411)
300 Delaware Avenue, Suite 1018
Wilmington, DE 19801-1607
Telephone: (302) 656-0100
Email: tm@macdelaw.com

-and-

BRADLEY ARANT BOULT
CUMMINGS LLP
Edwin G. Rice (*pro hac vice*
forthcoming)
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
Telephone: (813) 559-5500
Email: erice@bradley.com

*Attorneys for United Methodist ad hoc*
*committee*

EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 9, 66 & 264** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO FILE (A) A CONSOLIDATED LIST OF COUNSEL REPRESENTING THE LARGEST NUMBERS OF ABUSE VICTIMS AND (B) A CONSOLIDATED LIST OF OTHER UNSECURED CREDITORS OF THE DEBTORS, (II) AUTHORIZING AND APPROVING SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES, AND (III) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), for entry of an order (this "Final Order"), (i) authorizing the Debtors to file (a) the Top Plaintiffs' Counsel List and (b) the Unsecured Creditors List, in lieu of a list of holders of the twenty (20) largest unsecured claims for each Debtor, (ii) authorizing and approving special noticing and confidentiality procedures to protect the identities of victims of abuse, minors, employees, and volunteers, and (iii) authorizing the Debtors to implement certain procedures for the mailing and publication of the notice announcing the commencement of these chapter 11 cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 the *Amended Standing Order*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors consent to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on final basis as set forth herein.

2. The Debtors are authorized to file, in lieu of filing a list of the individual holders of the twenty (20) largest unsecured claims for each Debtor: (a) a single consolidated list of the twenty-five (25) law firms representing the largest numbers of abuse victims asserting claims against the Debtors (the "Top Plaintiffs' Counsel List"); and (b) a single consolidated list of the creditors holding the thirty (30) largest unsecured claims against the Debtors other than Abuse Claims (the "Unsecured Creditors List").

3. For purposes of the Top Plaintiffs' Counsel List and the Unsecured Creditors List, the Debtors are authorized to: (a) list the contact information of counsel of record for the holders of Abuse Claims and for minors, in lieu of the personal contact information of such holders of

Abuse Claims and minors, (b) redact the names of and personal contact information for any minors and their parents or legal guardians, as applicable, and (c) redact the personal contact information of any current and former employees.

4.     To protect the identities of abuse victims, minors, employees, volunteers, and other applicable parties in interest, the following "Confidentiality Procedures" are hereby approved:

(a)     the Debtors shall file on the docket of these chapter 11 cases a copy of the Creditor Matrix:[3]

(i)     redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against either of the Debtors, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor.  In the event that no counsel of record is known to the Debtors, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors involved in litigation against either of the Debtors, shall be redacted; and

(ii)     redacting personal contact information for any current or former employee or volunteer of the Debtors.

(b)     the Debtors shall provide, upon request, an unredacted copy of the Creditor Matrix within two (2) business days of the filing of such Creditor Matrix to the following parties (collectively, the "Distribution Parties"):[4] (i) the U.S. Trustee; (ii) the official committee of unsecured creditors; (iii) the official committee of survivors of abuse; and (iv) the proposed future claimants' representative;

(c)     all documents filed in these chapter 11 cases, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with paragraph 4(a) of this Final Order;

---

[3] Redacted copies of any amended Creditor Matrices will be made available upon request to the Debtors.

[4] Unredacted copies of any amended Creditor Matrices will be made available upon request to the Debtors by any of the Distribution Parties.

(d)     the Debtors shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of these chapter 11 cases that has been redacted in accordance with these Confidentiality Procedures; and

(e)     the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtors in accordance with paragraphs 4(b) or (d) of this Final Order.

5.     The Debtors shall, through the Claims and Noticing Agent, send required notices, mailings, and other communications to: (i) holders of Abuse Claims for whom the Debtors obtained sufficient contact information within the three years immediately preceding the Petition Date, or on or after Petition Date, and who have: (a) filed, or threatened to file, lawsuits against the Debtors on account of Abuse Claims; (b) otherwise contacted the Debtors to report Abuse Claims; (c) entered into any settlement agreement with the Debtors relating to an Abuse Claim; or (d) received any payment from the Debtors relating to an Abuse Claim; and (ii) counsel of record for the holders of Abuse Claims.  This paragraph 5 shall not apply to the Abuse Claims Bar Date Notice.[5]

6.     Notwithstanding the paragraph 5 of this Final Order, any holder of an Abuse Claim may instruct the Debtors to send all required notices, mailings, and other communications only to counsel of record for such holder by completing and submitting (or directing his or her counsel of record to complete and submit on such holder's behalf) the form attached hereto as **Exhibit 1** (the "Noticing Designation Form").  Counsel of record may submit a single Noticing Designation Form on behalf of multiple clients by affixing a schedule listing the applicable clients to an executed Noticing Designation Form.   Upon receipt of a completed Noticing

---

[5] For purposes of this Final Order, the term "Abuse Claims Bar Date Notice" shall have the meaning ascribed to such term in the *Debtors' Motion, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(C)(3), and Local Rules 2002-1(E), 3001-1, and 3003-1, for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and (IV) Approve Confidentiality Procedures for Abuse Victims* [Docket No. 18].

Designation Form, the Debtors will, through the Claims and Noticing Agent, send all required notices, mailings, and other communications only to counsel of record for the applicable holder.[6] If during the pendency of these cases the Debtors determine that any required notice, mailing, or other communication should be sent directly to all holders of Abuse Claims, including to holders of Abuse Claims who have completed and submitted a Noticing Designation Form, the Debtors shall confer with the Tort Claimants' Committee with respect to such determination and, if the Debtors and the Tort Claimants' Committee are unable to agree on the terms of the Debtors' direct noticing of all holders of Abuse Claims, then the Debtors or the Tort Claimants' Committee may notice such dispute for a hearing before this Court.

7.    The form and manner of notice provided herein, including in the Confidentiality Procedures, are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved in their entirety.

8.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

9.    This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

---

[6] The Debtors will keep confidential all completed Noticing Designation Forms; provided, however, that completed Noticing Designation Forms shall be provided to a Distribution Party in accordance with Paragraph 4(d) and 4(e) above.

Dated: March 23rd, 2020                          LAURIE SELBER SILVERSTEIN
        Wilmington, Delaware                     UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Noticing Designation Form**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

## NOTICING DESIGNATION FORM FOR HOLDERS OF ABUSE CLAIMS

**PLEASE SUBMIT THIS FORM ONLY TO THE
ADDRESSES LISTED AT THE END OF THIS FORM.
DO NOT FILE THIS FORM WITH THE BANKRUPTCY COURT.**

On _____, 2020, the United States Bankruptcy Court for the District of Delaware entered the *Final Order (I) Authorizing the Debtors to File (A) a Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) a Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, and (III) Granting Related Relief* [Docket No. ___] (the "Order").[2]

The Order provides that any holder of an Abuse Claim may instruct the Debtors to send all required notices, mailings, and other communications <u>only</u> to counsel of record for such holder by completing and submitting (or directing his or her counsel of record to complete and submit on such holder's behalf) this form.

(Check One)

☐ I, _____, am the holder of an Abuse Claim, and I instruct the Debtors to send all required notices, mailings, and other communications only to my attorney, who I have identified below under the heading "Counsel of Record Designation" below.

☐ I, _____, affirm under penalty of perjury that I am retained counsel for the holder or holders of Abuse Claims identified below, and that my client(s) has/have requested that all required notices, mailings, and other communications be sent only to me on their behalf at the address listed below.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

| Name of Holder of Abuse Claim:[3] | |
|---|---|
| Mailing Address: | |
| City, State and Zip Code: | |
| **COUNSEL OF RECORD DESIGNATION** | |
| Name of Attorney to Receive Notice: | |
| Law Firm: | |
| Mailing Address: | |
| City, State and Zip Code: | |
| Telephone Number: | |
| Attorney Email Address: | |

Dated: _____

Printed Name: _____

Signature: _____

**THIS ENTIRE FORM MUST BE COMPLETED AND RETURNED SO THAT IT IS RECEIVED BY EACH OF THE FOLLOWING PARTIES.**

Sidley Austin LLP
Attn: Blair M. Warner
One South Dearborn Street
Chicago, Illinois 60603

BSA Noticing Designation Form
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

---

[3] Additional holders and their addresses may be listed on additional pages as necessary.

EXHIBIT 2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 18, 556, 557, 601, 603, 610, 630, 631, 632, 651, 656, 659 & 667** |

## ORDER, PURSUANT TO 11 U.S.C. § 502(b)(9), BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULES 2002-1(e), 3001-1, AND 3003-1, (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT INFORMATION TO ABUSE SURVIVORS, AND (IV) APPROVING CONFIDENTIALITY PROCEDURES FOR ABUSE SURVIVORS

Upon the motion (the "Motion")[2] of the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors") for entry of an order (this "Order"), (i) establishing deadlines by which General Proofs of Claim and proofs of claim submitted by Sexual Abuse Survivors (as defined below) ("Sexual Abuse Survivor Proofs of Claim") against the Debtors' estates are to be filed, (ii) approving the proposed procedures for filing General Proofs of Claim and Sexual Abuse Survivor Proofs of Claim, including special procedures for holders of Sexual Abuse Claims ("Sexual Abuse Survivors") to file confidential Sexual Abuse Survivor Proofs of Claim, (iii) approving the proposed procedures for notice of the bar dates, including the form of Bar Date Notices, (iv) approving the General Proof of Claim Form and the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

Sexual Abuse Survivor Proof of Claim Form, (v) approving the forms of supplemental notice and procedures for providing notice to unknown Sexual Abuse Survivors and other unknown creditors and parties in interest, and (vi) granting related relief; and upon consideration of the First Day Declaration, the declaration and supplemental declaration of Shannon Wheatman in support of the Motion and the Supplemental Notice Plan (together, the "Wheatman Declarations"); and certain objections and responses to the Motion (and joinders to such objections and responses) having been filed, including, without limitation, Docket Nos. 601, 603, 610, 651, 656 and 659 (each, an "Objection" and, collectively, the "Objections"); and upon consideration of the Supplement to Debtors' Bar Date Motion [Docket No. 557] (the "Supplement") and the Debtors' Omnibus Reply in Support of Bar Date Motion [Docket No. 630] (the "Reply"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court held on May 18, 2020; and all Objections to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The relief requested in the Motion is GRANTED as set forth herein.

2.  The following procedures for filing General Proofs of Claim are approved:

    (a)  Unless otherwise provided herein, the General Bar Date shall be **5:00 p.m. (prevailing Eastern Time) on November 16, 2020**.

    (b)  Unless otherwise provided herein, the Governmental Bar Date shall be **August 17, 2020 at 5:00 p.m. (prevailing Eastern Time)**.

    (c)  **General Proofs of Claim** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the General Proof of Claim Form attached to this Order as **Exhibit 6** or Official Bankruptcy Form No. 410; (iv) specify by name and case number the Debtor against which the General Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available, *provided, however*, that if the claimant elects not to supplement their proof of claim by attaching supporting documentation at the time of filing a claim, the absence of supporting documentation by itself will not automatically result in the disallowance of the claim, although the claimant may be asked or required to provide additional information or supporting documentation at a later date, and the claim may be subject to an objection on the grounds that the claimant failed to include any supporting documentation to indicate the existence of a claim, as required by Bankruptcy Rule 3001(c); and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent or authorized representative of the claimant.

    (d)  Any General Proof of Claim that does not clearly identify the Debtor against which the claim is asserted and the case number will be deemed as being submitted only against the Boy Scouts of America.

    (e)  If a claimant asserts a claim against more than one Debtor or has claims against both Debtors, the claimant must file a separate General Proof of Claim against each Debtor. To the extent a submitted General Proof of Claim identifies more than one Debtor, such proof of claim will be deemed as being submitted only against the first-identified Debtor.

    (f)  General Proofs of Claim must be filed either (i) electronically through the Claims and Noticing Agent's website using the interface available on the

website located at http://www.omniagentsolutions.com/bsaclaims (the "Electronic Filing System") or (ii) by delivering the original General Proof of Claim by hand, or mailing the original General Proof of Claim so that it is received by the Claims and Noticing Agent on or before the General Bar Date as follows:

> **BSA Claims Processing**
> **c/o Omni Agent Solutions**
> **5955 De Soto Ave., Suite 100**
> **Woodland Hills, CA 91367**

(g)     A General Proof of Claim shall be deemed timely filed only if it is **actually received** by the Claims and Noticing Agent (i) at the address listed in subparagraph (f) above or (ii) electronically through the Electronic Filing System on or before the General Bar Date or Governmental Bar Date, as applicable.

(h)     General Proofs of Claim sent by email, facsimile, or telecopy transmission (other than General Proofs of Claim filed electronically through the Electronic Filing System) **shall not** be accepted.

(i)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a General Proof of Claim based on such rejection by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' chapter 11 cases) or shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

(j)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a General Proof of Claim for such amounts on or before the General Bar Date or Governmental Bar Date, as applicable, unless an exception identified in subparagraph (m) below applies.

(k)     In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders who have not previously filed a proof of claim shall have until the later of (i) the General Bar Date and (ii) thirty (30) days from the date of such notice to file a General Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(l)      Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(m)      The following persons or entities are **not** required to file a General Proof of Claim on or before the General Bar Date, solely with respect to the claims described below:

     (1)      any person or entity whose claim is listed on the Schedules; provided that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

     (2)      any person or entity whose claim has been paid in full;

     (3)      any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

     (4)      any person or entity who holds a claim that heretofore has been allowed by order of this Court entered on or before the applicable Bar Date;

     (5)      any holder of a claim for which a separate deadline has been fixed by order of this Court;

     (6)      any person or entity who has, as of the date of this Order, already filed a Proof of Claim with the Claims and Noticing Agent or the Court, utilizing a claim form that substantially conforms to the General Proof of Claim Form or Official Bankruptcy Form No. 410; provided, however, that a Sexual Abuse Survivor who also holds or asserts a claim other than an Abuse Claim must file a General Proof of Claim by the General Bar Date; or

     (7)      either Debtor in these chapter 11 cases having a claim against the other Debtor in these chapter 11 cases.

3.      An individual should submit a Sexual Abuse Survivor Proof of Claim, in the form annexed to this Order as **Exhibit 7**, and not a General Proof of Claim, if the individual holds a claim against the Debtors and/or the Debtors and a Local Council or chartered organization that is attributable to, arises from, is based upon, relates to, or results from, in whole or in part, directly, indirectly, or derivatively, "**Sexual Abuse**." For purposes of this Order, "**Sexual**

Abuse" means, with respect to a child under the age of eighteen (18) at the time of the sexual abuse, sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, sexual touching, sexualized interaction, sexual comments about a person's body, or other verbal or non-verbal behaviors that facilitated, contributed to, or led up to abuse, regardless of whether or not such behavior was itself sexual or against the law, and regardless of whether the child thought the behavior was sexual abuse at the time. Sexual Abuse includes behavior between a child and an adult and between a child and another child, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether the child associated the abuse with any physical, psychological, or emotional harm. Sexual Abuse involves behaviors including penetration or fondling of the child's body, other body-on-body contact, or non-contact, behaviors such as observing or making images of a child's naked body, showing or making pornography, or having children behave in sexual behavior as a group.

4.      The following procedures for filing a Sexual Abuse Survivor Proof of Claim are approved:

(a)      Unless otherwise provided herein, the Abuse Claims Bar Date shall be **5:00 p.m. (prevailing Eastern Time) on November 16, 2020**.

(b)      **Sexual Abuse Survivor Proofs of Claim** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Sexual Abuse Survivor Proof of Claim Form annexed to this Order as **Exhibit 7**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the Sexual Abuse Survivor Proof of Claim Form; and (v) be signed by the Sexual Abuse Survivor.

(c)      Any Sexual Abuse Survivor Proof of Claim that does not clearly identify the Debtor against which the claim is asserted and the case number will be deemed as being submitted only against Boy Scouts of America.

(d)     To the extent a submitted Sexual Abuse Survivor Proof of Claim identifies more than one Debtor, such proof of claim will be deemed as being submitted only against Boy Scouts of America.

(e)     Sexual Abuse Survivor Proofs of Claim must be filed either (i) electronically through the Electronic Filing System available on the website located at www.OfficialBSAClaims.com or (ii) by delivering the original Sexual Abuse Survivor Proof of Claim Form by hand, or mailing the original Sexual Abuse Survivor Proof of Claim Form on or before the Abuse Claims Bar Date as follows:

> **BSA Abuse Claims Processing**
> **c/o Omni Agent Solutions**
> **5955 De Soto Ave., Suite 100**
> **Woodland Hills, CA 91367**

(f)     A Sexual Abuse Survivor Proof of Claim shall be deemed timely received only if it is **actually received** by the Claims and Noticing Agent (i) at the address listed above in subparagraph (e) or (ii) electronically through the Electronic Filing System available at www.OfficialBSAClaims.com on or before the Abuse Claims Bar Date.

(g)     Sexual Abuse Survivor Proofs of Claim sent by email, facsimile, or telecopy transmission (other than Sexual Abuse Survivor Proofs of Claim filed electronically through the Electronic Filing System) **shall not** be accepted.

(h)     **Any Sexual Abuse Survivor who believes that she or he has a Sexual Abuse Claim, including but not limited to Sexual Abuse Survivors who have previously filed lawsuits or asserted claims against the Debtors and/or the Debtors and a Local Council or chartered organization, Sexual Abuse Survivors who have called the Scouts First Hotline or otherwise reported a claim of Sexual Abuse, and Sexual Abuse Survivors who have never filed a lawsuit, asserted a claim against the Debtors, entered into a settlement, or reported their abuse, must submit the applicable Sexual Abuse Survivor Proof of Claim Form. For the avoidance of doubt, even if the Sexual Abuse Claim is time-barred under an applicable statute of limitations, each Sexual Abuse Survivor is required to file a Sexual Abuse Survivor Proof of Claim in order to preserve the right to pursue a Sexual Abuse Claim, or such Sexual Abuse Survivor who fails to timely file a Sexual Abuse Survivor Proof of Claim shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.** Any Sexual Abuse Survivor must file the applicable Sexual Abuse Survivor Proof of Claim even if such claimant may be included in, or represented by, another action filed against the Debtors with respect to such claimant's Sexual Abuse Claim.

(i)     The following persons are **<u>not</u>** required to file a Sexual Abuse Survivor Proof of Claim on or before the Abuse Claims Bar Date, solely with respect to the claims described below:

(1)     any person who has a claim arising from sexual abuse and was at least eighteen (18) years of age at the time the sexual abuse began;

(2)     any person who is not a Sexual Abuse Survivor, including claimants with claims arising from other types of non-sexual abuse, including non-sexual physical abuse, non-sexual emotional abuse, bullying or hazing;

(3)     any Sexual Abuse Survivor whose claim has been paid in full; **<u>provided</u>, <u>however</u>, that this subsection does not include Sexual Abuse Survivors who were paid pursuant to settlement agreements but who believe they have additional claims against the Debtors beyond what was agreed to in the applicable settlement agreement;**

(4)     any Sexual Abuse Survivor who has, as of the date of this Order, already filed a Sexual Abuse Survivor Proof of Claim with the Claims and Noticing Agent or the Court, utilizing a claim form that substantially conforms to the Sexual Abuse Survivor Proof of Claim Form or Official Bankruptcy Form No. 410, <u>provided</u>, <u>however</u>, that a Sexual Abuse Survivor who also holds or asserts a claim other than a Sexual Abuse Claim must file a General Proof of Claim by the General Bar Date; <u>provided</u> <u>further</u>, that any Sexual Abuse Survivor who has, as of the date of this Order, already filed a proof of claim on account of a Sexual Abuse Claim using a form other than the Sexual Abuse Survivor Proof of Claim Form, including Official Bankruptcy Form No. 410, may subsequently be required to answer additional questions regarding such Sexual Abuse Claim, including the questions set forth on the Sexual Abuse Survivor Proof of Claim Form, in connection with the administration of his or her Sexual Abuse Claim;

(5)     any Sexual Abuse Survivor who holds a claim that heretofore has been allowed by order of this Court entered on or before the applicable Abuse Claims Bar Date;

(6)     any individual holding a claim based on abuse that occurred prior to the Petition Date, but who (a) had not attained eighteen (18) years of age as of the date immediately preceding the Petition Date, or (b) was not aware of their Sexual Abuse Claim as a result of "repressed memory," to the extent the concept of repressed memory is recognized by the highest appellate court of the State or territory where the claim arose; and

(7) the Future Claimants' Representative (as defined in the *Motion for Entry of an Order Appointing James L. Patton, Jr., as Legal Representative for Future Claimants, Nunc Pro Tunc to the Petition Date*) [Docket No. 223], as modified, amended, or supplemented).[3]

5. The procedures set forth in paragraph 4 above shall apply to all Sexual Abuse Survivors <u>only</u>, and, unless otherwise subject to one of the exceptions specifically enumerated above, each Sexual Abuse Survivor (including Sexual Abuse Survivors (i) whose Sexual Abuse Claims may otherwise be included in, or represented by, a lawsuit or action filed against the Debtors, and (ii) **<u>even if a Sexual Abuse Survivor's Sexual Abuse Claim is time-barred under an applicable statute of limitations, in order to preserve the right to pursue a Sexual Abuse Claim</u>**), shall be required to file a Sexual Abuse Survivor Proof of Claim on or before the Abuse Claims Bar Date or shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

6. An individual with a claim arising from sexual abuse who was at least eighteen (18) years of age when the sexual abuse began (including claimants (i) whose claims may otherwise be included in, or represented by, a lawsuit or action filed against the Debtors, and (ii) **<u>even if such claim is time-barred under an applicable statute of limitations, in order to preserve the right to pursue such claim</u>**), shall be required to file a General Proof of Claim on or before the General Bar Date or shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

7. The following "Confidentiality Protocol" shall apply only with respect to all Proofs of Claim filed after the date of this Order:

---

[3] Neither the exemption set forth in this subparagraph (i)(5), nor anything else in this Order, should be construed as a finding or conclusion that Sexual Abuse Claims of Future Claimants are not "claims" as defined in Bankruptcy Code section 101(5).

(a)     Sexual Abuse Survivors are directed **not** to file a Sexual Abuse Survivor Proof of Claim with the Court. Instead and as described above, the Sexual Abuse Survivor Proof of Claim must be mailed and delivered to the Claims and Noticing Agent at the following address: **BSA Abuse Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367** or filed through the Electronic Filing System via the website located at www.OfficialBSAClaims.com.

(b)     Minors and their parents and legal guardians holding claims other than Sexual Abuse Claims and individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began are directed **not** to file a General Proof of Claim with the Court. Instead and as described above, the General Proof of Claim must be mailed and delivered to the Claims and Noticing Agent at the following address: **BSA Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367** or filed through the Electronic Filing System via the website located at http://www.omniagentsolutions.com/bsaclaims.

(c)     Submitted Sexual Abuse Survivor Proofs of Claim will not be available to the general public unless the Sexual Abuse Survivor designates otherwise on the Sexual Abuse Survivor Proof of Claim Form. General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began will not be available to the general public unless a claimant requests otherwise by contacting the Claims and Noticing Agent. Submitted General Proofs of Claim related to minors will not be available to the general public. The Confidentiality Protocol is for the benefit of such holders. Sexual Abuse Survivors and individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began may, solely in their discretion, elect to make public the information contained in their submitted proofs of claim.

(d)     Sexual Abuse Survivor Proofs of Claim submitted by Sexual Abuse Survivors and General Proofs of Claim submitted on behalf of minors and by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began shall be held and treated as confidential by the Claims and Noticing Agent, the Debtors, the Debtors' counsel and retained advisors, and any of parties listed below (the "Permitted Parties") to the extent such Permitted Party requests access to proofs of claim, and shall be treated as confidential hereunder. Furthermore, each Permitted Party shall execute and return to the Debtors' counsel (with a copy to the official committee of tort claimants (the "Tort Claimants' Committee") with respect to Sexual Abuse Survivor Proofs of Claim and General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began, and with a copy to the official

committee of unsecured creditors (the "Creditors' Committee") with respect to General Proofs of Claim submitted on behalf of minors) a confidentiality agreement substantially in the form attached to this Order as **Exhibit 8** (the "Confidentiality Agreement") by which such Permitted Party agrees to keep the information provided in such Sexual Abuse Survivor Proofs of Claim and/or the General Proofs of Claim confidential.

(e)      With respect to Sexual Abuse Proofs of Claim and General Proofs of Claim of individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began, the Permitted Parties include:[4]

(1)      counsel and retained advisors to the Debtors;

(2)      officers, directors, and employees of the Debtors necessary to assist the Debtors and their counsel in reviewing and analyzing the Sexual Abuse Claims;

(3)      the Claims and Noticing Agent;

(4)      counsel to the Ad Hoc Committee of Local Councils;[5]

(5)      individual Local Councils solely with respect to Sexual Abuse Claims asserted against them;

(6)      the Tort Claimants' Committee and its counsel and retained advisors;

(7)      the Court;

(8)      the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee");

(9)      certain insurers of the Debtors, including authorized claims administrators of such insurers and their reinsurers and their respective counsel;

(10)     the Future Claimants' Representative and his counsel and retained advisors;

---

[4] With the exception of counsel and advisors the Debtors retains pursuant to orders of this Court, counsel to the Tort Claimants' Committee, the U.S. Trustee's attorneys, the Court, counsel to the Future Claimants' Representative, and the Claims and Noticing Agent, each Permitted Party receiving access to the Sexual Abuse Survivor Proofs of Claim or General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began (or any information aggregated or derived therefrom) must execute the Confidentiality Agreement.

[5] Notwithstanding anything in this Order or any of its exhibits to the contrary, all personally identifiable information shall be redacted from any proofs of claim provided to counsel to the Ad Hoc Committee of Local Councils as a Permitted Party following such counsel's execution of the Confidentiality Agreement.

(11)    any special arbitrator(s), mediator(s), or claims reviewer(s) appointed to review and resolve Sexual Abuse Claims;

(12)    any trustee, or functional equivalent thereof, appointed to administer payments to Sexual Abuse Survivors and his or her counsel and retained advisors;

(13)    any person with the express written consent of the Debtors, the Tort Claimants' Committee, and the Future Claimants' Representative upon seven (7) business days' notice to Sexual Abuse Survivors; and

(14)    such other persons as the Court determines should have the information in order to evaluate Sexual Abuse Claims upon seven (7) business days' notice to such holders.

(f)    With respect to General Proofs of Claim submitted on behalf of minors, the Permitted Parties include:[6]

(1)    counsel and retained advisors to the Debtors;

(2)    officers, directors, and employees of the Debtors necessary to assist the Debtors and their counsel in reviewing and analyzing such claims;

(3)    the Claims and Noticing Agent;

(4)    counsel to the Ad Hoc Committee of Local Councils;[7]

(5)    individual Local Councils solely with respect to claims asserted against them;

(6)    the Creditors' Committee;

(7)    the Tort Claimants' Committee and its counsel and retained advisors;

(8)    the Court;

---

[6] With the exception of counsel and advisors the Debtors retains pursuant to orders of this Court, counsel to the Creditors' Committee, counsel to the Tort Claimants' Committee, the U.S. Trustee's attorneys, the Court, counsel to the Future Claimants' Representative, and the Claims and Noticing Agent, each Permitted Party receiving access to the General Proofs of Claim submitted on behalf of minors (or any information aggregated or derived therefrom) must execute the Confidentiality Agreement.

[7] Notwithstanding anything in this Order or any of its exhibits to the contrary, all personally identifiable information shall be redacted from any proofs of claim provided to counsel to the Ad Hoc Committee of Local Councils as a Permitted Party following such counsel's execution of the Confidentiality Agreement.

(9)      the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee");

(10)    certain insurers of the Debtors, including authorized claims administrators of such insurers and their reinsurers and their respective counsel;

(11)    the Future Claimants' Representative and his counsel and retained advisors;

(12)    any special arbitrator(s), mediator(s), or claims reviewer(s) appointed to review and resolve Sexual Abuse Claims;

(13)    any trustee, or functional equivalent thereof, appointed to administer payments to claimants and his or her counsel and retained advisors;

(14)    any person with the express written consent of the Debtors, the Tort Claimants' Committee, the Creditors' Committee, and the Future Claimants' Representative upon seven (7) business days' notice to such claimants; and

(15)    such other persons as the Court determines should have the information in order to evaluate claims submitted on behalf of minors upon seven (7) business days' notice to such holders

8.      For the avoidance of doubt, nothing in this Order precludes the Debtors from discharging any obligations to report child abuse under state or federal law.

9.      Any holder of a claim against the Debtors, including any holder of a Sexual Abuse Claim, who is required to file a General Proof of Claim or Sexual Abuse Survivor Proof of Claim in accordance with this Order, but fails to do so on or before the applicable Bar Date, shall not be permitted to vote to accept or reject the Plan filed in these chapter 11 cases on account of such claim. Any holder of a claim against the Debtors, including any holder of a Sexual Abuse Claim, who is required to file a General Proof of Claim or Sexual Abuse Survivor Proof of Claim in accordance with this Order, but fails to do so on or before the applicable Bar Date, shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

10. For the avoidance of doubt, nothing contained in this Order shall preclude a claimant from asserting a late-filed claim in accordance with Bankruptcy Rule 9006.

11. Nothing in this Order shall independently impair or affect, or be deemed to impair or affect, any claims including, without limitation, Sexual Abuse Claims that may be asserted against Local Councils or any entity or organization other than the Debtors.

12. The General Bar Date Notice, the Abuse Claims Bar Date Notice, the Abuse Claims Publication Notice, a form of the Abuse Claims Publication Notice adapted for email format (the "Abuse Claims Email Notice"), and the form of television spot copy (the "Abuse Claims TV Spot") attached to this Order as **Exhibits 1**, **2**, **3**, **4**, and **5** respectively, are hereby approved.

13. The following procedures are hereby approved with respect to the General Bar Date Notice:

    (a) At least **150 days** prior to the General Bar Date, the Debtors shall cause to be mailed (i) a General Proof of Claim Form and (ii) the General Bar Date Notice to the following parties:

        (1) the U.S. Trustee;

        (2) all parties listed on the creditor matrix;

        (3) all creditors and other known holders of claims against the Debtors as of the date of entry of this Order, including all entities listed on the Schedules as holding claims against the Debtors, but excluding Sexual Abuse Survivors;

        (4) all persons or entities that have filed General Proofs of Claim as of the date of entry of this Order;

        (5) all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of this Order;

        (6) all parties to pending litigation against the Debtors that is unrelated to Abuse Claims;

(7)     all current and former employees, directors, and officers (to the extent that contact information for former employees, director, and officers is available in the Debtors' records);

(8)     all regulatory authorities that regulate the Debtors' organization as of the date of entry of this Order;

(9)     the Offices of the United States Attorney for the District of Delaware and the Northern District of Texas;

(10)    the office of the attorney general for each state in which the Debtors maintain or conduct operations;

(11)    the District Director of the Internal Revenue Service for the District of Delaware;

(12)    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct organizational operations;

(13)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Order; and

(14)    such additional persons and entities deemed appropriate by the Debtors.

(b)     The Debtors shall also post the General Proof of Claim Form and the General Bar Date Notice on the website established by the Claims and Noticing Agent, http://www.omniagentsolutions.com/bsaclaims.

14.     The Debtors are hereby ordered to, via the Claims and Noticing Agent, serve via first-class mail (i) the Abuse Claims Bar Date Notice, substantially in the form attached to this Order as **Exhibit 2**, and (ii) a Sexual Abuse Survivor Proof of Claim Form, at least **150 days** prior to the Abuse Claims Bar Date, to counsel of record, if any, for each known Sexual Abuse Survivor, or to the Sexual Abuse Survivor directly if address information for the Sexual Abuse Survivor is known and address information for counsel of record is not known, including, without limitation, any Sexual Abuse Survivor that has filed a Proof of Claim on or prior to the entry of this Order at the address listed in such Proof of Claim.

15.     The Debtors shall also serve the Abuse Claims Bar Date Notice and Sexual Abuse Survivor Proof of Claim Form on counsel to the Tort Claimants' Committee.

16.     Further, the Debtors shall post the Sexual Abuse Survivor Proof of Claim Form and the Abuse Claims Bar Date Notice on the Claims and Noticing Agent's website, www.OfficialBSAClaims.com.

17.     The Debtors shall use commercially reasonable efforts to publish the Abuse Claims Publication Notice, in substantially the form attached to this Order as **Exhibit 3** (allowing reasonable time for administrative and logistical issues), in accordance with the Supplemental Notice Plan and with any necessary modifications for ease of publication.

18.     The Debtors shall use commercially reasonable efforts to send the Abuse Claims Email Notice, in substantially the form attached to this Order as **Exhibit 4**, to current and former scouts, volunteers, and parents who provided an email address to the Debtors since 1999, and to send a Spanish version of such notice to individuals who purchased a Spanish Handbook from the Debtors' online Scout Shop and provided an email address to the Debtors.

19.     The Court hereby finds and concludes that the Abuse Claims Notice Procedures, including the Supplemental Notice Plan, the Abuse Claims Publication Notice, and the Abuse Claims Email Notice, as set forth in the Motion (as modified in accordance with the Supplement and the Reply) and this Order, are reasonably calculated to provide notice to unknown creditors, including Sexual Abuse Survivors, of the Bar Dates and the other matters described therein, and are hereby approved and no other or further notice shall be required.  The Court further finds and concludes that identities and contact information of Sexual Abuse Survivors and individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began, other than known holders of Sexual Abuse Claims, as described in the Motion and the Wheatman Declarations, are not reasonably ascertainable and that such parties therefore are unknown creditors with respect to any claims they may have against the Debtors'

estates, for whom notice by publication pursuant to Bankruptcy Rule 2002(l) is appropriate and sufficient.

20.    The Debtors shall provide drafts of the internet, television, print, radio, and other copy created by the Debtors to implement the Supplemental Notice Plan to counsel for the Tort Claimants' Committee and the Future Claimants' Representative, respectively, in advance of publication thereof, and the Tort Claimants' Committee's and Future Claimants' Representative's rights related thereto are reserved.

21.    The Court further finds and concludes that publication of the Abuse Claims Publication Notice as provided in this Order will itself constitute adequate notice of the Abuse Claims Bar Date and other matters described therein on all unknown creditors, without regard to the additional elements of the Supplemental Notice Plan.

22.    The Debtors shall use commercially reasonable efforts, with the assistance of the Claims and Noticing Agent, to publish notice of the General Bar Date, with any necessary modifications for ease of publication, once in the national editions of *The Wall Street Journal, USA Today*, and *The New York Times*.

23.    Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

24.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the rights of the Debtors or any party in interest to dispute any claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified

or defined in the Motion or this Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or any other applicable law, or (f) a waiver of the Debtors' or any other party's rights under the Bankruptcy Code or any other applicable law.

25.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Dates established herein must file such claims against the Debtors or be forever barred from doing so.

26.     The Debtors and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

27.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: May 26th, 2020**
**Wilmington, Delaware**

**Exhibit 1**

**Form of General Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

---

**TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC:**

---

## NOTICE OF DEADLINES REQUIRING FILING OF PROOFS OF CLAIM

**NOTICE IS HEREBY GIVEN** as follows:

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an Order (the "Bar Date Order") establishing **November 16, 2020 at 5:00 p.m. (Eastern Time)** the ("General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including any (i) any holder of a Sexual Abuse Claim, as described below (each, a "Sexual Abuse Survivor") and (ii) governmental units (as defined in section 101(27) of the chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")) to file a General Proof of Claim against any of the above-listed debtors (collectively, the "Debtors").[2]

The Bar Dates (as defined below) and the procedures set forth below for filing General Proofs of Claim apply to all claims against the Debtors that arose prior to February 18, 2020 (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the Bankruptcy Code, including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, but not holders of the claims listed in Section VI below that specifically are excluded from the General Bar Date and Governmental Bar Date (as defined below) filing requirement. Governmental units may have until **August 17, 2020 at 5:00 p.m. (Eastern Time)** (the "Governmental Bar Date," and,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion, Pursuant to § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, (III) Approve Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Victims, and (IV) Approve Confidentiality Procedures for Abuse Victims* [Docket No. 18] or the Bar Date Order, as applicable.

together with the General Bar Date, the "<u>Bar Dates</u>") to file General Proofs of Claim against the Debtors.

       **The procedures described in this Notice shall not apply to Sexual Abuse Survivors asserting Sexual Abuse Claims. Sexual Abuse Survivors should consult the notice titled *Notice of Deadline for Filing Sexual Abuse Claims in the Boy Scouts of America Bankruptcy Case* and file a Sexual Abuse Survivor Proof of Claim, which may be found at <u>www.OfficialBSAClaims.com</u>. See Section IV below for more information.**

       **If you have a claim arising from other types of abuse, including non-sexual physical abuse, non-sexual emotional abuse, bullying or hazing, OR if you have a claim arising from sexual abuse and you were at least eighteen (18) years of age at the time the sexual abuse began, and you have not filed a proof of claim prior to the entry of the Bar Date Order, you must file a General Proof of Claim as set forth in the Bar Date Order and this Notice.**

## I. WHO MUST FILE A PROOF OF CLAIM

       You MUST file a General Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if (i) you have a claim that arose prior to the Petition Date and (ii) it is not one of the types of claims described in Section VI below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

       Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## II. WHAT TO FILE

       The Debtors are enclosing a proof of claim form (the "<u>General Proof of Claim Form</u>") for use in these cases; if your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "<u>Schedules</u>"), the General Proof of Claim Form also sets forth the amount of your claim as listed on the Schedules, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different General Proof of Claim Form for each claim listed in your name on the Schedules. You may utilize the General Proof of Claim Form(s) provided by the Debtors to file your claim. Additional General Proof of Claim Forms may be obtained at (i) the website established by the Debtors' Court-approved claims and noticing agent, Omni Agent Solutions (the "<u>Claims and Noticing Agent</u>"), located at http://www.omniagentsolutions.com/bsaclaims, or (ii) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

| **Proofs of Claim must:** | √ Be signed by the claimant |
|---|---|

| | √ Be written in English |
| --- | --- |
| | √ Be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date) |
| | √ Set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the General Proof of Claim Form, and attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.  If you fail to attach supporting documents, the absence of such supporting documents will not automatically result in disallowance of your claim, but you may be required to provide additional information or supporting documentation at a later date, and your claim may be subject to an objection on the grounds that you failed to include any supporting documentation as required by Bankruptcy Rule 3001(c). |

Any holder of a claim against more than one Debtor who has not filed a proof of claim prior to entry of the Bar Date Order must file a separate General Proof of Claim with respect to each Debtor.  Any holder of a claim must identify on its General Proof of Claim the specific Debtor against which its claim is asserted and the case number of that Debtor's bankruptcy case. The Debtors are set forth on the first page of this Notice.  Any holder of a claim must sign the claim or, if the claimant is not an individual, an authorized agent or representative must sign the claim.

**ATTENTION PARTICIPANTS IN THE RESTORATION PLAN:** If you are a participant in the Restoration Plan, a non-qualified defined benefit retirement plan under section 457(f) of the Internal Revenue Code that provided supplemental retirement benefits to certain participants in the Debtors' retirement plans whose compensation exceeded the annual compensation limit, you will receive a General Proof of Claim that will include the amount that the Debtors' Schedules reflect you are owed on account of your employment as both an employee of BSA and a Local Council, if applicable.  This amount is based only on a preliminary actuarial determination.  The General Proof of Claim that you receive will not distinguish between your Restoration Plan claims in your capacity as a Local Council or National Council employee, if both exist.  The Debtors' Schedules list these claims as "contingent" and/or "unliquidated," meaning that you **must** file a proof of claim in order to preserve any claims you may have under the Restoration Plan.  **If you do not agree with the amount or entities listed in the General Proof of Claim that you receive, you must indicate on your General Proof of Claim what you believe to be the correct amount or responsible entity or entities.**

III.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be **received on or before November 16, 2020 at 5:00 p.m. (Eastern Time)** as follows:

**IF BY FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY:**

> BSA Claims Processing
> c/o Omni Agent Solutions
> 5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

**IF ELECTRONICALLY:**

The website established by the Claims and Noticing Agent, using the interface available on the website located at http://www.omniagentsolutions.com/bsaclaims (the "Electronic Filing System").

General Proofs of Claim will be deemed filed only when received at the address listed above or via the Electronic Filing System on or before the applicable Bar Dates. **General Proofs of Claim may not be delivered by email, facsimile, or telecopy transmission (other than General Proofs of Claim filed electronically through the Electronic Filing System).**

## IV.   SEXUAL ABUSE CLAIMS

If you have a Sexual Abuse Claim and you were a child under the age of eighteen (18) at the time of the sexual abuse, please see the *Notice of Deadline for Filing Sexual Abuse Claims in the Boy Scouts of America Case* and file a Sexual Abuse Survivor Proof of Claim, which may be found at www.OfficialBSAClaims.com. **If you have a Sexual Abuse Claim and you were a child under the age of eighteen (18) at the time of the sexual abuse and you have not filed a proof of claim prior to the entry of the Bar Date Order, you must complete a Sexual Abuse Survivor Proof of Claim, but you do NOT need to complete a General Proof of Claim.**

You have a Sexual Abuse Claim if you experienced **sexual abuse** in Scouting **on or before February 18, 2020**. **Sexual abuse** means, with respect to a child under the age of eighteen (18) at the time of the sexual abuse:

- sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, sexual touching, sexualized interaction, sexual comments about a person's body, or other verbal or non-verbal behaviors that facilitated, contributed to, or led up to abuse, regardless of whether or not such behavior was itself sexual or against the law, and regardless of whether the child thought the behavior was sexual abuse at the time.

- Sexual abuse includes behavior between a child and an adult and between a child and another child, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether the child associated the abuse with any physical, psychological, or emotional harm.

- Sexual abuse involves behaviors including penetration or fondling of the child's body, other body-on-body contact, or non-contact, behaviors such as observing or making images of a child's naked body, showing or making pornography, or having children behave in sexual behavior as a group.

**If you have a claim arising from other types of abuse, including non-sexual physical abuse, non-sexual emotional abuse, bullying or hazing, OR if you have a claim arising from sexual abuse and you were at least eighteen (18) years of age at the time the sexual abuse began, and you have not filed a proof of claim prior to the entry of the Bar Date Order, you must file a General Proof of Claim as set forth in the Bar Date Order and this Notice.**

**V.    CONFIDENTIALITY PROTOCOL GOVERNING SUBMISSION OF PROOFS OF CLAIMS OF MINORS AND SEXUAL ABUSE SURVIVORS:**

The Bar Date Order provides that a Confidentiality Protocol shall govern the submission of certain proofs of claim.

Minors and their parents and legal guardians and individuals with claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began are directed **not** to file a General Proof of Claim with the Court.  Instead and as described above, the General Proof of Claim must be (a) mailed and delivered to the Claims and Noticing Agent at the following address:

**BSA Claims Processing**
**c/o Omni Agent Solutions**
**5955 De Soto Ave., Suite 100**
**Woodland Hills, CA 91367**

or (b) filed through the Electronic Filing System via the website located at http://www.omniagentsolutions.com/bsaclaims.

General Proofs of Claim submitted on behalf of minors will not be available to the general public.  General Proofs of Claim submitted by individuals with claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began will not be available to the general public unless such claimant requests, solely in his or her discretion, for such proof of claim to be made public by contacting the Claims and Noticing Agent.

**VI.   WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a General Proof of Claim on or prior to the applicable Bar Dates if you are:

(1)    any person or entity whose claim is listed on the Schedules; provided that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity

does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(2)     any person or entity whose claim has been paid in full;

(3)     any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(4)     any person or entity who holds a claim that heretofore has been allowed by order of the Bankruptcy Court entered on or before the applicable Bar Date;

(5)     any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(6)     any person or entity who has, as of the date of entry of the Bar Date Order, already filed a proof of claim with the Claims and Noticing Agent or the Court, utilizing a claim form that substantially conforms to the General Proof of Claim Form or Official Bankruptcy Form No. 410; or

(7)     either Debtor in these chapter 11 cases having a claim against the other Debtor in these chapter 11 cases.

This Notice may be sent to persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  **The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors**.

## VII.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising out of the rejection of an executory contract or unexpired lease and you have not filed a proof of claim prior to the entry of the Bar Date Order, you must file a General Proof of Claim based on such rejection within thirty (30) days after the later of (i) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection, (ii) the effective date of such rejection, or (iii) the effective date of a plan of reorganization, or be forever barred from doing so; provided, however, that a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a General Proof of Claim for such amounts on or before the General Bar Date or Governmental Bar Date, as applicable, unless an exception identified in Section VI above applies.

## VIII.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION VI ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE

FORM, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**Please further note that only BSA is a debtor in BSA's chapter 11 proceeding and other third parties, such as the BSA Local Councils and chartered organizations, are not. If you believe you may have a claim against one of these organizations, you must take additional legal action to preserve and pursue such claim.**

## IX.   THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed General Proof of Claim Form(s) regarding the nature, amount, and status of your claim(s).  If you received postpetition payments from the Debtors (as authorized by the Bankruptcy Court) on account of your claim(s), the enclosed General Proof of Claim Form will reflect the net amount of your claim(s).

If you rely on the Debtors' Schedules and/or the enclosed General Proof of Claim Form(s), it is your responsibility to determine that the claim accurately is listed on the Schedules. However, you may rely on the enclosed form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a General Proof of Claim.  Otherwise, or if you decide to file a General Proof of Claim, you must do so before the applicable Bar Dates, in accordance with the procedures set forth in this Notice.

**If your claims are listed as contingent, unliquidated, or disputed in the Debtors' Schedules, you must file a General Proof of Claim by the applicable Bar Date, or your rights and claims may be waived.**

In the event that the Debtors amend or supplement their Schedules subsequent to the entry of the Bar Date Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a General Proof of Claim or be barred from doing so and shall be given notice of such deadline.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on (i) the website established by Omni Agent Solutions, the claims and noticing agent for the Debtors' cases, at www.omniagentsolutions.com/bsa, at no charge and (ii) on the Court's website at http://www.deb.uscourts.gov/.  A login and password to the Bankruptcy Court's Public

Access to Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov.

Copies of the Schedules also may be examined between the hours of 8:00 a.m. and 4:00 p.m., Prevailing Eastern Time, Monday through Friday at the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. Copies of the Debtors' Schedules also may be obtained by request to the Claims and Noticing Agent.

> **A HOLDER OF A POTENTIAL CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

> If you need additional information about the Bar Dates, proofs of claim forms, filing proofs of claim or other information about the Debtors' chapter 11 cases, you can contact the Claims and Noticing Agent by:
>
> **Calling (toll-free): 866-907-BSA1**
> **Emailing:** **BSAInquiries@omniagnt.com**
> **Visiting:** **http://www.omniagentsolutions.com/bsaclaims**
>
> **You may obtain information, but not legal advice, from the Claims and Noticing Agent. You may wish to consult an attorney if you have any questions, including if you should file a General Proof of Claim.**

*[Remainder of Page Intentionally Left Blank]*

Dated: _____, 2020          **BY ORDER OF THE COURT**
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/*
_____
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Paige N. Topper (No. 6470)
Eric Moats (No. 6441)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 351-9314
Email:  dabbott@mnat.com
        aremming@mnat.com
        jbarsalona@mnat.com
        ptopper@mnat.com
        emoats@mnat.com

– and –

SIDLEY AUSTIN LLP
Jessica C. K. Boelter
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Email:  jboelter@sidley.com

SIDLEY AUSTIN LLP
Thomas A. Labuda
Michael C. Andolina
Matthew E. Linder
Blair M. Warner
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Email:  tlabuda@sidley.com
        mandolina@sidley.com
        mlinder@sidley.com
        blair.warner@sidley.com

COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION

**Exhibit 2**

**Form of Abuse Claims Bar Date Notice**

# Notice of Deadline for Filing Sexual Abuse Claims in the Boy Scouts of America Bankruptcy Case

## *All Sexual Abuse Survivors Need to File Claims by <u>November 16, 2020</u>*

*This is an official notice approved by the Bankruptcy Court. This is not a solicitation from a lawyer.*

Una versión en español de este aviso está disponible en <u>www.OfficialBSAclaims.com</u>
o llamando al 1-866-907-2721.

- Please read this notice carefully as it may impact your rights against the Boy Scouts of America ("<u>BSA</u>"), BSA Local Councils and the organizations that sponsored your troop or pack.

- Regardless of how old you are today, if you were sexually abused on or before February 18, 2020 in connection with the Boy Scouts, Cub Scouts, or any activity associated with BSA or Scouting, you are referred to in this notice as a "<u>Sexual Abuse Survivor</u>," and you must file a claim.

- **If you do not file a Sexual Abuse Claim by November 16, 2020, you may lose rights against BSA, BSA Local Councils, and organizations that sponsored your troop or pack, including the right to compensation from BSA.** (Note that only BSA is a debtor in BSA's chapter 11 proceeding and other third parties, such as the BSA Local Councils and chartered organizations, are not. If you believe you may have a claim against one of these organizations, you must take additional legal action to preserve and pursue such claim.)

- You can file a claim using the Sexual Abuse Survivor Proof of Claim Form approved by the court (1) at the following website: www.OfficialBSAClaims.com, or (2) by mailing your Sexual Abuse Survivor Proof of Claim to the address listed below. **Your information will be kept private (see Question 6 below).**

- **If a plan to reorganize BSA is approved, it could release claims you hold against certain third parties, including against BSA Local Councils and organizations that sponsored your troop or pack.** Please visit www.OfficialBSAClaims.com to learn more. See Question 9 below for more information.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS BANKRUPTCY CASE | |
|---|---|
| FILE A PROOF OF CLAIM | The only way to get compensation for any harm done to you during your time in Scouting. |
| DO NOTHING | Get no compensation. If you are an adult and do not have a repressed memory of sexual abuse, you will give up your right to bring your claim in the future. |

- Your rights and options – **and the deadline to exercise them by** – are explained in more detail in this notice.

## BASIC INFORMATION

| 1. | Why was this notice issued? |
|---|---|

BSA has filed a chapter 11 bankruptcy case. The Bankruptcy Court has set a deadline for filing claims against BSA for sexual abuse that took place on or before February 18, 2020, which is the date that BSA filed for bankruptcy.

This case is filed in the U.S. Bankruptcy Court for the District of Delaware, and the case is known as *In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (Bankr. D. Del.). The Bankruptcy Court judge overseeing the case is Judge Laurie Selber Silverstein.

The Bankruptcy Court authorized BSA to send out this notice. You have the right to file a claim in the bankruptcy case if you were sexually abused in connection with Scouting, regardless of how old you are today. You are required to file a Sexual Abuse Survivor Proof of Claim on or before November 16, 2020 at 5:00 p.m. (Eastern Time).

## SEXUAL ABUSE CLAIMS

| 2. | What is considered sexual abuse? |
|---|---|

You have a Sexual Abuse Claim if you experienced **sexual abuse** in Scouting, as described below. The sexual abuse **must have occurred on or before February 18, 2020**.

For the purposes of submitting a Sexual Abuse Survivor Proof of Claim, **sexual abuse** means, with respect to a child under the age of eighteen (18) at the time of the sexual abuse:

- sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, sexual touching, sexualized interaction, sexual comments about a person's body, or other verbal or non-verbal behaviors that facilitated, contributed to, or led up to abuse, regardless of whether or not such behavior was itself sexual or against the law, and regardless of whether the child thought the behavior was sexual abuse at the time.

- Sexual abuse includes behavior between a child and an adult and between a child and another child, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether the child associated the abuse with any physical, psychological, or emotional harm.

- Sexual abuse involves behaviors including penetration or fondling of the child's body, other body-on-body contact, or non-contact, behaviors such as observing or making images of a child's naked body, showing or making pornography, or having children behave in sexual behavior as a group.

If you have a claim arising from other types of abuse, including non-sexual physical abuse, non-sexual emotional abuse, bullying or hazing, OR if you have a claim arising from sexual abuse and you were at least eighteen (18) years of age at the time the sexual abuse began, you should consult the *Notice of Deadlines Requiring Filing of Proof of Claim* and file a General Proof of Claim (Official Bankruptcy Form 410).

For the avoidance of doubt, if you have a claim for sexual abuse and you were a child under the age of eighteen (18) when the sexual abuse began you must submit a Sexual Abuse Survivor Proof of Claim.

QUESTIONS? CALL 1-866-907-2721, EMAIL BSAINQUIRIES@OMNIAGNT.COM, OR VISIT WWW.OFFICIALBSACLAIMS.COM

| **3.** | **Who should file a Sexual Abuse Survivor Proof of Claim?** |

You should file a Sexual Abuse Survivor Proof of Claim if you have a Sexual Abuse Claim as defined above. You should file a Sexual Abuse Survivor Proof of Claim regardless of whether you:

- Did or did not report your sexual abuse to BSA or to anyone else;

- Believe the applicable statute of limitations may have run on your Sexual Abuse Claim;

- Previously filed a lawsuit or asserted claims in connection with the sexual abuse against BSA and/or a BSA Local Council or organization that sponsored your troop or pack;

- Previously had your Sexual Abuse Claim paid in full by BSA under a settlement, but you believe you may have additional claims beyond what was agreed to in the settlement agreement;

- Are included in, or represented by, another action with respect to your Sexual Abuse Claim.

You should submit a Sexual Abuse Survivor Proof of Claim regardless of your age now or the length of time that has passed since the abuse took place.

Even if the applicable state statute of limitations has run on your Sexual Abuse Claim, you should still file your claim.

**Statutes of limitation** are laws passed by a legislative body in each state that sets the maximum time after an event or discovery of an event when a lawsuit may be filed. Statutes of limitation vary by state.

You do not need to file a Sexual Abuse Survivor Proof of Claim if you are a "future claimant." Future claimants are individuals who:

- were under the age of 18 as of February 18, 2020; and/or

- are not aware of their sexual abuse claim as a result of "repressed memory," to the extent this concept is recognized by the highest court of the state or territory where the sexual abuse occurred.

The court has appointed a Future Claimants' Representative to represent your rights in the bankruptcy case.

As stated above, do not file a Sexual Abuse Survivor Proof of Claim if your claim is based on anything other than sexual abuse as defined above. If you have a claim arising from other types of non-sexual abuse, including non-sexual physical abuse, non-sexual emotional abuse, bullying or hazing, OR if you have a claim arising from sexual abuse and you were at least eighteen (18) years of age at the time the sexual abuse began, you should consult the *Notice of Deadlines Requiring Filing of Proof of Claim* and file a General Proof of Claim (Official Bankruptcy Form 410).

| **4.** | **What if I am still not sure if I have a Sexual Abuse Claim?** |

You should consult with an attorney if you have any questions, including whether you should file a Sexual Abuse Survivor Proof of Claim.

## HOW TO FILE A SEXUAL ABUSE SURVIVOR PROOF OF CLAIM

| 5. | How can I file my Sexual Abuse Survivor Proof of Claim? |
|---|---|

If you have not previously submitted a proof of claim, you need to submit a Sexual Abuse Survivor Proof of Claim by **5:00 p.m. (Eastern Time) on November 16, 2020**. You can use the enclosed form or you can download one and send it electronically through the link below or by mail at the address below. If you have questions you can contact your attorney or call 1-866-907-2721 to speak to the Claims Agent. The Claims Agent can provide information about how to file a claim, but cannot offer any legal advice.

Please send your Sexual Abuse Survivor Proof of Claim to one of the following:

| By Mail, Overnight Courier or Hand Delivery | Through the Bankruptcy Case Website |
|---|---|
| BSA Abuse Claims Processing<br>c/o Omni Agent Solutions<br>5955 De Soto Ave., Suite 100<br>Woodland Hills, CA 91367 | Go to www.OfficialBSAClaims.com |

| 6. | Will my information be kept confidential? |
|---|---|

Yes, subject to the limitations described below. The Bankruptcy Court has set up a procedure to protect your privacy. In order to protect your privacy, please do not file your Sexual Abuse Survivor Proof of Claim with the Bankruptcy Court. Instead, you must file according to the directions above. Sexual Abuse Survivor Proofs of Claim will <u>not</u> be available to the public unless you choose to release that information.

Unless you elect otherwise on the Sexual Abuse Survivor Proof of Claim, your identity and your Sexual Abuse Survivor Proof of Claim will be kept confidential and outside the public record. However, information about your Sexual Abuse Claim will be confidentially provided, pursuant to Bankruptcy Court-approved guidelines, to the following parties:

- Counsel and retained advisors to BSA;
- Officers, directors, and employees of BSA necessary to assist BSA and their counsel in reviewing and analyzing the Sexual Abuse Claims;
- The Claims Agent (Omni Agent Solutions);
- The Tort Claimants' Committee;
- Counsel to the Ad Hoc Committee of Local Councils (with all personally identifiable information redacted);
- Individual BSA Local Councils solely with respect to Sexual Abuse Claims asserted against them;

- The Office of the United States Trustee for the District of Delaware;

- The United States Bankruptcy Court for the District of Delaware;

- Certain insurers of BSA, including authorized claims administrators of such insurers and their reinsurers and counsel;

- The Future Claimants' Representative;

- Any special arbitrator, mediator, or claims reviewer appointed to review and resolve Sexual Abuse Claims;

- Any trustee, or functional equivalent thereof, appointed to administer payments to holders of Sexual Abuse Claims;

- Anyone with the express written consent of BSA, the Tort Claimants' Committee appointed by this Court to represent holders of Sexual Abuse Claims, and the Future Claimants' Representative upon 7 business days' notice to holders of Sexual Abuse Claims; and

- Such other persons that the Court determines need the information in order to evaluate Sexual Abuse Claims.

Please note that information in your Sexual Abuse Survivor Proof of Claim may be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions.

## ADDITIONAL INFORMATION

| 7. | Where can I get support? |
|---|---|

BSA will continue to fund in-person counseling for any current or former Scout or member of their family by a provider of their choice, when they are ready to take that step. To request in-person counseling, please call 1-866-907-2721 or email restructuring@scouting.org.

| 8. | How do I report my sexual abuse to the authorities? |
|---|---|

Reporting the sexual abuse protects other children by ensuring that perpetrators are barred from Scouting and are reported to law enforcement. You can learn more about how to report the sexual abuse at https://childwelfare.gov/topics/responding/reporting/hoh/. If you have not previously reported the sexual abuse to BSA, please call 1-866-907-2721 or email restructuring@scouting.org.

Please know that reporting sexual abuse is different than filing a claim in BSA's bankruptcy case.

**9. What could be released under the plan of reorganization?**

**Please note that only BSA is a debtor in BSA's chapter 11 proceeding and other third parties, such as the BSA Local Councils and chartered organizations, are not. If you believe you may have a claim against one of these organizations, you must take additional legal action to preserve and pursue such claim.**

The chapter 11 plan of reorganization may contain broad releases of BSA and certain third parties and related injunction provisions. If approved, these provisions could release claims you hold against BSA and certain third parties, including against BSA Local Councils and organizations that sponsored your troop or pack. Also if approved, these provisions would prohibit you from filing lawsuits against BSA and certain third parties related to any Sexual Abuse Claim. Instead, a proposed chapter 11 plan for BSA could channel these claims to a trust for Sexual Abuse Survivors. Please note that a chapter 11 plan has not yet been proposed for solicitation or agreed to by any parties in interest in BSA's chapter 11 proceeding. Once it becomes available for solicitation, you should carefully review the full text of the plan of reorganization release, injunction, and related provisions and any applicable release provision at www.OfficialBSAClaims.com.

**10. What happens if I do not file a Sexual Abuse Survivor Proof of Claim?**

If you fail to submit a completed Sexual Abuse Survivor Proof of Claim to the Claims Agent on or before **November 16, 2020**, you may not be able to:

- vote on BSA's plan of reorganization; or
- receive any compensation in BSA bankruptcy case for your Sexual Abuse Claim.

---

**YOU MAY WANT TO CONSULT WITH AN ATTORNEY REGARDING THIS NOTICE AND WHETHER YOU SHOULD FILE A SEXUAL ABUSE SURVIVOR PROOF OF CLAIM.**

---

**Exhibit 3**

**Form of Abuse Claims Publication Notice**



# Sexual Abuse Claims in Boy Scouts Bankruptcy

**Regardless of how old you are today or when the sexual abuse occurred, you need to file your claim by 5 p.m. (Eastern Time) on November 16, 2020.**

The Boy Scouts of America ("BSA") has filed bankruptcy in order to restructure its nonprofit organization and pay Sexual Abuse Survivors. Please read this notice carefully as it may impact your rights against BSA, BSA Local Councils and organizations that sponsored your troop or pack and provides information about the case, *In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (Bankr. D. Del.). This notice is a short summary. For more detail, visit www.OfficialBSAClaims.com or call 1-866-907-2721.

## Who Should File a Sexual Abuse Claim?

**Anyone who was sexually abused during their time in Scouting, on or before February 18, 2020, must file a claim.** This includes sexual abuse in connection with Boy Scouts, Cub Scouts, or any entity or activity associated with Scouting. Sexual Abuse Claims include, but are not limited to: sexual misconduct, exploitation, or touching, sexual comments about a person or other behaviors that led to abuse, even if the behavior was not sexual or against the law, and regardless of whether you thought the behavior was sexual abuse or not. These acts could be between a: (1) child and an adult or (2) child and another child.

## When and How Should I File a Sexual Abuse Claim?

You should file a claim using the Sexual Abuse Survivor Proof of Claim by **November 16, 2020** at **5:00 p.m. (Eastern Time)**. **If you do not file a timely Sexual Abuse Claim, you may lose rights against BSA, BSA Local Councils or organizations that sponsored your troop or pack, including any right to compensation**. Only BSA is in bankruptcy. If you have a claim against the BSA Local Councils or other organizations, you must take additional legal action to preserve and pursue your rights.

**Your information will be kept private.** You can download and file a claim at www.OfficialBSAclaims.com or call 1-866-907-2721 for help on how to file a claim by mail. Scouting participants who were at least 18 years of age at the time the sexual abuse began may also have claims related to sexual abuse and should consult the appropriate claim form at www.OfficialBSAclaims.com.

## ACT NOW Before Time Runs Out:



File a Sexual Abuse Survivor Proof of Claim.

If your claim is approved, you may receive compensation from the bankruptcy.

Have questions? Call or visit the website for more information.

**If a plan to reorganize BSA is approved, it could release claims you hold against certain third parties, including against BSA Local Councils and organizations that sponsored your troop or pack.** Please visit the website to learn more.

## Other Support

BSA will fund in-person counseling for current or former Scouts or their family. To request in-person counseling, please call 1-866-907-2721 or email restructuring@scouting.org.

**Your information will be kept private.**

**www.OfficialBSAclaims.com    1-866-907-2721**

**Exhibit 4**

**Form of Abuse Claims Email Notice**

**To:**
**From: BSAInquiries@omniagnt.com**
**Re: Boys Scouts of America Bankruptcy Deadline**

## Sexual Abuse Claims in Boy Scouts of America Bankruptcy
### *Sexual Abuse Survivors Need to File Claims by <u>November 16, 2020</u>*

Una versión en español de este aviso está disponible en
www.OfficialBSAclaims.com o llamando al 1-866-907-2721.

The Boy Scouts of America ("BSA") has filed bankruptcy in order to restructure its nonprofit business and pay Sexual Abuse Survivors. Please read this notice carefully as it may impact your rights against BSA, BSA Local Councils and organizations that sponsored your troop or pack. This notice provides information about the bankruptcy case, *In re Boy Scouts of America and Delaware BSA, LLC,* No. 20-10343 (Bankr. D. Del.). Go to www.OfficalBSAclaims.com or call 1-866-907-2721 for more information.

**We encourage Sexual Abuse Survivors, regardless of how old they are today or when the sexual abuse happened, to file claims.**

### Who Should File a Sexual Abuse Claim?
**Anyone who was sexually abused during their time in Scouting, on or before February 18, 2020, must file a claim.** This includes sexual abuse in connection with Boy Scouts, Cub Scouts, or any entity or activity associated with Scouting.

Sexual Abuse Claims include, but are not limited to: sexual misconduct, exploitation, or touching, sexual comments about a person or other behaviors that led to abuse, even if the behavior was not sexual or against the law, and regardless of whether you thought the behavior was sexual abuse or not. These acts could be between a: (1) child and an adult or (2) child and another child.

### When and How Should I File a Sexual Abuse Claim?
You should file a claim using the Sexual Abuse Survivor Proof of Claim Form by **November 16, 2020 at 5:00 p.m. (Eastern Time)**. **If you do not file a timely Sexual Abuse Claim, you may lose rights against BSA, BSA Local Councils, or organizations that sponsored your troop or pack, including any right to compensation.** Only BSA is in bankruptcy. If you have a claim against the BSA Local Councils or other organizations, you must take additional legal action to preserve and pursue your rights.

<u>**Your information will be kept private.**</u> You can download and file a claim at www.OfficialBSAclaims.com or call 1-866-907-2721 for help on how to file a claim by mail. Scouting program participants who were at least eighteen (18) years of age at the time the sexual abuse began may also have claims related to sexual abuse and should consult the appropriate claim form at www.OfficalBSAclaims.com.

### Act Now Before Time Runs Out:
- File a Sexual Abuse Survivor Proof of Claim.
- If your claim is approved, you may receive compensation from the bankruptcy.
- Have questions? Call or visit the website for more information.

Register your email address at www.OfficialBSAclaims.com to receive important case information. **If a plan to reorganize BSA is approved, it could release claims you hold against certain third parties, including against BSA Local Councils and organizations that sponsored your troop or pack.** Please visit the website to review the plan of reorganization and to learn more.

### Other Support
BSA will fund in-person counseling for current or former Scouts or their family. To request in-person counseling, please call 1-866-907-2721 or email restructuring@scouting.org.

### <u>Your information will be kept private.</u>

<u>**www.OfficialBSAclaims.com**</u>                    **1-866-907-2721**

**Exhibit 5**

**Form of Abuse Claims TV Spot**

**BSA :30 Second TV Script**
**72 words**

**VO:**

This is an important message for all current and former Boy Scouts and volunteers.

The Boy Scouts of America have declared bankruptcy.

If you were sexually abused in Scouting, you could receive compensation, but you must file a claim in the bankruptcy case by November 16, 2020

You may file a Sexual Abuse Claim regardless of your current age or the year the sexual abuse occurred.

For more information, visit OfficialBSAclaims.com or call 1-866-907-2721.

**Disclaimer language for last frame of TV (only appears on screen and not in VO)**: Paid for by the Boy Scouts of America by order of the U.S. Bankruptcy Court.

**Exhibit 6**

**General Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

| Fill in the information to identify the case (Select only one Debtor per form): |
|---|
| ☐ In re Boy Scouts of America, Case No. 20-10343 (LSS) |
| ☐ In re Delaware BSA, LLC, Case No. 20-10342 (LSS) |

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under section 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. This form should not be used if you have a claim arising from sexual abuse and you were under the age of eighteen (18) at the time the sexual abuse began. If you have such a claim, you must file a Sexual Abuse Survivor Proof of Claim. For more information on how to file a Sexual Abuse Survivor Proof of Claim, go to: www.officialbsaclaims.com.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes   From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number   Street _____

City   State   ZIP Code _____

Contact Phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number   Street _____

City   State   ZIP Code _____

Contact Phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one) _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes   Claim Number on court claims registry (if known) _____   Filed On _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes   Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

---

**7. How much is the claim?**

$ _____

**Does this amount include interest or other charges?**

☐ No

☐ Yes   Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

_____

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate   If the claim is secured by the debtor's principal residence, file a *Mortagage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*

☐ Motor Vehicle

☐ Other   Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____

**Amount of the claim that is secured:**    $ _____

**Amount of the claim that is unsecured:**    $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**   (when case was filed)   _____ %

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes   **Amount necessary to cure any default as of the date of the petition.**    $ _____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes   Identify the property: _____

---

**12. Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. §503(b)(9)).?**

☐ No

☐ Yes   Amount of 503(b)(9) Claim:   $ _____

---

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes  *Check all that apply*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use.  11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.  11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

$_____

☐ Other.  Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:**    **Sign Below**

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this  *Proof of Claim*  serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this  *Proof of Claim*  and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                MM  /  DD  /  YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
        First Name          Middle Name          Last Name

Title  _____

Company  _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
        Number        Street

        _____
        City                State        ZIP Code

Contact Phone  _____    Email  _____

---

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                        12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims Agent's website at http://www.omniagentsolutions.com/bsaclaims.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

**Exhibit 7**

**Sexual Abuse Survivor Proof of Claim Form**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

## SEXUAL ABUSE SURVIVOR PROOF OF CLAIM

This Sexual Abuse Survivor Proof of Claim must be submitted and received by **5:00 p.m. (Eastern Time)** on **November 16, 2020**.  Please carefully read the following instructions included with this SEXUAL ABUSE SURVIVOR PROOF OF CLAIM and complete ALL applicable questions to the extent of your knowledge or recollection.  If you do not know the answer to an open-ended question, you can write "I don't recall" or "I don't know."  If a question does not apply, please write "N/A."  If you are completing this form in hard copy, please write or type clearly using blue or black ink.

The Sexual Abuse Survivor Proof of Claim must be delivered to Omni Agent Solutions, the Court-approved claims and noticing agent (the "Claims Agent"), by either:

(i)     Hand delivery, first class mail, or courier the *original* proof of claim to: BSA Abuse Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, so that it is *received* on or before November 16 **, 2020 at 5:00 p.m. (Eastern Time)**;[2] or

(ii)    Electronically using the interface available at: www.OfficialBSAClaims.com on or before **November 16, 2020 at 5:00 p.m. (Eastern Time)**.

Sexual Abuse Survivor Proofs of Claim sent by email or facsimile transmission **will not** be accepted.

"You" and/or "Sexual Abuse Survivor" refers to the person asserting a Sexual Abuse Claim against the Boy Scouts of America ("BSA") related to the Sexual Abuse Survivor's sexual abuse.  For this claim to be valid, the Sexual Abuse Survivor must sign this form.  If the Sexual Abuse Survivor is deceased or incapacitated, the form must be signed by the Sexual Abuse Survivor's representative or the attorney for the Sexual Abuse Survivor's estate.  If the Sexual Abuse Survivor is a minor, the form must be signed by the survivor's parent or legal guardian or attorney.  Any Sexual Abuse Survivor Proof of Claim signed by a representative or legal guardian must attach documentation establishing such person's authority to sign the claim for the Sexual Abuse Survivor.

| Who Is a Sexual Abuse Survivor? |
|---|

For purposes of this Sexual Abuse Survivor Proof of Claim, the term **Sexual Abuse Survivor** refers to a person who was sexually abused *before* turning eighteen (18) years of age.

| Who Should File a Sexual Abuse Survivor Proof of Claim? |
|---|

This Sexual Abuse Survivor Proof of Claim is only for people who were sexually abused before turning eighteen (18) years of age and where the sexual abuse (defined below) occurred on or before February 18, 2020.  This Sexual Abuse Survivor Proof of Claim is the way you assert an unsecured claim against BSA seeking damages based on Scouting-related sexual abuse.  Any person

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] If you are mailing your Sexual Abuse Survivor Proof of Claim, do not attach original documents with your Sexual Abuse Survivor Proof of Claim.

asserting a claim based on anything other than childhood sexual abuse should use the General Proof of Claim form (official bankruptcy form 410).

---

**What Is Sexual Abuse?**

---

For the purposes of this Sexual Abuse Survivor Proof of Claim, **sexual abuse** means, with respect to a child under the age of eighteen (18) at the time of the sexual abuse, sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, sexual touching, sexualized interaction, sexual comments about a person's body, or other verbal or non-verbal behaviors that facilitated, contributed to, or led up to abuse, regardless of whether or not such behavior was itself sexual or against the law, and regardless of whether the child thought the behavior was sexual abuse at the time. Sexual abuse includes behavior between a child and an adult and between a child and another child, in each instance without regard to whether such activity involved explicit force, whether such activity involved genital or other physical contact, and whether the child associated the abuse with any physical, psychological, or emotional harm. It involves behaviors including penetration or fondling of the child's body, other body-on-body contact, or non-contact, behaviors such as observing or making images of a child's naked body, showing or making pornography, or having children behave in sexual behavior as a group.

If you have a claim arising from sexual abuse and you were at least eighteen (18) years of age at the time the sexual abuse began or if you have a claim arising from other types of abuse, including non-sexual physical abuse, non-sexual emotional abuse, bullying or hazing, you should consult the *Notice of Deadlines Requiring Filing of Proof of Claim* and file a General Proof of Claim (Official Bankruptcy Form 410).

For the avoidance of doubt, if you have a claim for sexual abuse and you were a child under the age of eighteen (18) when the sexual abuse began you must complete this form.

---

**You May Wish to Consult an Attorney Regarding This Matter.**

---

You may also obtain information from the Claims Agent by: (1) calling toll free at 866-907-2721, (2) emailing at BSAInquiries@omniagnt.com, or (3) visiting the case website at www.OfficialBSAClaims.com (do not contact the Claims Agent for legal advice).

---

**What If I Don't File on Time?**

---

**Failure to complete and return this Sexual Abuse Survivor Proof of Claim by November 16, 2020 at 5:00 p.m. (Eastern Time) may result in your inability to vote on a plan of reorganization and/or to receive a distribution from this bankruptcy for sexual abuse related to BSA.**

---

**Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571.**

---

**PART 1: CONFIDENTIALITY**

---

Unless you indicate below, your identity and your Sexual Abuse Survivor Proof of Claim will be kept **confidential**, under seal, and outside the public record.  However, information in this Sexual Abuse Survivor Proof of Claim will be confidentially provided, pursuant to Court-approved guidelines, to the Debtors, the Debtors' counsel and retained advisors, certain insurers of BSA, the Tort Claimants' Committee, counsel to the Ad Hoc Committee of Local Councils (with personally identifiable information redacted), individual Local Councils solely with respect to Sexual Abuse Claims asserted against them, attorneys at the Office of the United States Trustee for the District of Delaware, the Future Claimants' Representative, the Court, and confidentially to such other persons that the Court determines need the information in order to evaluate the claim. Information in this Sexual Abuse Survivor Proof of Claim may be required to be disclosed to governmental authorities under mandatory reporting laws in many jurisdictions.

**This Sexual Abuse Survivor Proof of Claim (along with any accompanying exhibits and attachments) will be maintained as __confidential__ unless you expressly request that it be publicly available by checking the "public" box __and__ signing below.**

---

☐ **PUBLIC**: I want my identity and this Sexual Abuse Survivor Proof of Claim (together with any exhibits and attachments) to be made part of the official claims register in these cases.  **My claim will be available for review by any and all members of the public.**

---

| | |
|---|---|
| Signature: | _____ |
| Print Name: | _____ |

---

## PART 2: IDENTIFYING INFORMATION

**A.    Identity of Sexual Abuse Survivor**

First Name _____    Middle Initial _____    Last Name _____    Jr/Sr/III _____

Mailing Address (If Sexual Abuse Survivor is incapacitated, is a minor, or is deceased, provide the address of the individual submitting the claim. If you are in jail or prison, provide the address of your place of incarceration):

| Number and Street: | | | |
|---|---|---|---|
| City: | | State: | Zip Code: |
| Country (not USA): | | Email Address: | |
| Telephone (Home): | | Telephone (Cell): | |

For communications regarding this claim you may use (check the appropriate boxes):

Email ☐        US Mail ☐        Home Voicemail ☐        Cell Voicemail ☐        Counsel listed below ☐

Social Security Number of Sexual Abuse Survivor (last four digits <u>only</u>):  XXX-XX- __ __ __ __

If the Sexual Abuse Survivor is in jail or prison, provide the Sexual Abuse Survivor's identification number: _____

Birthdate of Sexual Abuse Survivor (only the month and year): (MM/YYYY):  __ __ / __ __ __ __

Any other name, or names, by which the Sexual Abuse Survivor has ever been known: _____

_____

Gender of Sexual Abuse Survivor:  Male ☐        Female ☐        Other (specify) _____

**B.    If you have hired an attorney relating to the sexual abuse described in this Sexual Abuse Survivor Proof of Claim, please provide his or her name and contact information:**

| Law Firm Name: | | | |
|---|---|---|---|
| Attorney's Name: | | | |
| Number and Street: | | | |
| City: | | State: | Zip Code: |
| Country (not USA): | | Email Address: | |
| Telephone (Work): | | Fax No. | |

---

## PART 3:  BACKGROUND INFORMATION FOR SEXUAL ABUSE SURVIVOR

**A.    Marital/Domestic Partner History:**

a.    Have you ever been married?        Yes ☐        No ☐

b. If yes, please provide:

    i. Length of time you were/have been married: _____

    ii. Current marital status: _____

c. If your marriage has ended, please specify whether your marriage ended by: divorce ☐ or death of your spouse ☐

**B. Education History:**

a. What is your highest level of education completed or degree obtained?

High School ☐ Associates ☐ Bachelors ☐ Masters ☐ Doctoral ☐ Other _____

b. Educational institution(s): _____

**C. Employment:**

a. What is your current employment status:

☐ Employed – Occupation: _____

☐ Retired – Former Occupation: _____

☐ Unemployed – Former Occupation: _____

☐ Disabled – Former Occupation: _____

☐ Other: _____

**D. Military service:**

a. Have you ever served in the military? Yes ☐ No ☐

b. If yes, please provide the following information:

c. Branch(es) of service: _____

d. Years of service in each: _____

e. Rank at discharge for each: _____

f. Nature of discharge for each (e.g., honorable): _____

_____

_____

**E. Involvement with Scouting:**

a. Have you ever been affiliated with Scouting and/or a Scouting program?

Yes ☐ No ☐

b. When were you involved with Scouting? _____

_____

c. What type of Scouting unit (i.e., troop) were you involved with?

☐ Boy Scouts _____

☐ Cub Scouts _____

☐ Exploring Scouts _____

☐ Sea Scouts _____

☐ Venturing _____

☐ Other (please explain your involvement with Scouting):

_____

_____

_____

_____

_____

---

## PART 4: NATURE OF THE SEXUAL ABUSE

### (Attach additional sheets if necessary)

**For each of the questions listed below, please complete your answers <u>to the best of your recollection</u>.**

**Note:** If you have previously filed a lawsuit about your Scouting-related sexual abuse in state or federal court, you may attach a copy of the complaint. If you have not filed a lawsuit, or if the complaint does not contain all of the information requested below, you must provide the information below to the extent of your recollection.

Please answer each of the following questions to your best ability. If you do not know or recall, please so indicate.

If you are the survivor of sexual abuse by more than one sexual abuser, please respond to each of the questions in this Part 4 for each sexual abuser.

A. Please answer "Yes" or "No" to each of the following:

    i.     Were you sexually abused by more than one person?     Yes ☐     No ☐

    ii.     Were you sexually abused in more than one state?     Yes ☐     No ☐

B. Please name each person who sexually abused you in relation to your involvement in Scouting. ("Scouting" includes Cub Scouts, Boy Scouts, Exploring Scouts, Sea Scouts and Venturing.)

If you do not remember the name of the sexual abuser(s), provide as much identifying information about the sexual abuser(s) that you can recall, such as their approximate age and their relationship to Scouting (e.g., the Scoutmaster of Troop 100, another Troop member of Troop 200, camp staff member, etc.).

_____

_____

_____

_____

C.    Other than the sexual abuser(s), please identify any person(s) you can remember who were leaders or other adults involved in your Scouting unit or the camp(s) you attended.

_____

_____

D.    What was each sexual abuser's position, title, or relationship to you in Scouting (check all that apply)?

    ☐  Adult Scout leader in my Scouting unit

    ☐  Adult Scout leader not in my Scouting unit

    ☐  Youth Scout in my Scouting unit

    ☐  Youth Scout not in my Scouting unit

    ☐  Camp personnel (e.g., camp staff) not in my Scouting unit

    ☐  I don't know

    ☐  Other (please explain why you believe the person(s) who sexually abused you had a relationship with Scouting):

_____

_____

E.    Where were you at the time you were sexually abused (city, state, territory and/or country)?

    _____

F.    What was the type of Scouting you were involved with during the sexual abuse (check all that apply)?

    ☐  Boy Scouts

    ☐  Cub Scouts

    ☐  Exploring Scouts

    ☐  Venturing

    ☐  Sea Scouts

    ☐  Other (please explain why you believe you had a connection to Scouting during the sexual abuse):

_____

_____

G.    What was the Scouting unit number and physical location (city, state, territory and/or country) of the Scouting unit(s) or provisional troop you were in during the time of the sexual abuse?

_____

H.    What was the name and location (city, state, territory and/or country) of the organization that chartered or sponsored your Scouting unit, including the organization that hosted meetings of your Scouting unit, during the time of the sexual abuse (e.g., church, school, religious institution, or civic group)?

(Note that such organizations are not currently parties to the bankruptcy so if you believe you may have a claim against any such organization you must take additional action to preserve and pursue any such claim.)

_____

I.    What was the name of the BSA Local Council(s) affiliated with your Scouting unit(s), any Boy Scout camp or other Scouting activity during the time of the sexual abuse?

(Note that such BSA Local Councils are not currently parties to the bankruptcy so if you believe you may have a claim against any such BSA Local Council(s) you must take additional action to preserve and pursue any such claim.)

_____

J.    In which of the following places did the sexual abuse take place?  Check all that apply.

☐    At or in connection with a Scout meeting.

☐    At or in connection with a Scout camp.

☐    At or in connection with another Scouting-related event or activity (please explain):

_____

☐    Other (please explain – for example, schools, churches, cars, homes or other locations):

_____

_____

_____

K.    When did the first act of sexual abuse take place? If you do not remember the calendar date, what school grade were you in at the time and what season of the year was it (spring, summer, fall, winter), and what age were you when it started?  If the sexual abuse took place over a period of time, please state when it started and when it stopped.  If you were sexually abused by more than one sexual abuser indicate when the sexual abuse by each of the sexual abusers started and stopped.

_____

_____

_____

L.    Please describe what happened to you.  You can provide a description in your own words and/or use the checkboxes below.

    i.    About how many times were you sexually abused?

☐    I was sexually abused once.

☐    I was sexually abused more than once.

If you were sexually abused more than once, please state how many times (if you recall): _____

_____

M.   Please describe what happened to you.  You can provide a description in your own words and/or use the checkboxes below. (Check all that apply.)  **Please note that the boxes are not meant to limit the characterization or description of your sexual abuse.**

    i.   What did the sexual abuse involve?

☐   The sexual abuse involved touching outside of my clothing.

☐   The sexual abuse involved touching my bare skin.

☐   The sexual abuse involved fondling or groping.

☐   The sexual abuse involved masturbation.

☐   The sexual abuse involved oral copulation / oral sex.

☐   The sexual abuse involved the penetration of some part of my body.

    ii.   Did any of the following occur in connection with the sexual abuse:

☐   The acts of sexual abuse against me also involved other youth.

☐   The sexual abuse involved photographs or video.

☐   Even though I did not want it, my body responded sexually to the sexual abuse.

☐   The sexual abuse involved actual or implied threats of violence or other adverse consequences if I disclosed the sexual abuse.

☐   The sexual abuse involved gifts, privileges, experiences, and other rewards or bribes in addition to the activities and awards normally part of Scouting.

☐   The sexual abuser(s) made my family think they could be trusted.

☐   At the time of the sexual abuse, my family or I had significant financial, social, behavioral or other challenges.

If you wish to provide a narrative, please describe the sexual abuse in as much detail as you can recall in the lines below. You may attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

N.      Did you or anyone on your behalf tell anyone involved in Scouting about the sexual abuse at or about the time of the sexual abuse?    Yes ☐      No ☐

O.      Did you or anyone on your behalf report the sexual abuse to law enforcement or investigators at or about the time of the sexual abuse? Yes ☐      No ☐

P.      If you can remember anyone you may have ever told about the sexual abuse at the time, including anyone involved with Scouting, friends, relatives, and/or law enforcement, please list their name and when you told them.

_____

_____

_____

_____

Q.      Did you have any relationship with your sexual abuser outside of Scouting? Check all that apply:

         ☐   Religious organization leader, member, volunteer

         ☐   Family member or relative

         ☐   Coach/athletics

         ☐   Teacher

         ☐   Neighbor

         ☐   Other (please explain and add any other information you remember to the categories above):

_____

_____

_____

_____

R.      Are you aware of anyone who knew about the sexual abuse?

_____

_____

_____

| PART 5: IMPACT OF SEXUAL ABUSE |
| --- |

**(Attach additional pages if necessary)**

**(If you currently cannot describe any harm you have suffered on account of the sexual abuse, you may omit this section for now.  However, you may be asked to provide the information requested at a later date**.)

A.  Please describe how you were impacted, harmed, damaged, or injured in ways that you now connect as being related to the sexual abuse you described above. (Check all that apply.)  You can provide a description in your own words and/or use the checkboxes below.  **Please note that the boxes are not meant to limit the characterization or description of the impact(s) of your sexual abuse**.

☐ Psychological / emotional health (including depression, anxiety, feeling numb, difficulty managing or feeling emotions including anger)

☐ Post traumatic stress reactions (including intrusive images, feelings from the abuse, numbing or avoidance behaviors)

☐ Physical health (including chronic disease, chronic undiagnosed pain or physical problems)

☐ Education (including not graduating high school, being unable to finish training or education)

☐ Employment (including difficulties with supervisors, difficulty maintaining steady employment, being fired from jobs)

☐ Intimate relationships (including difficulty maintaining emotional attachments,  difficulty with sexual behavior, infidelity)

☐ Social relationships (including distrust of others, isolating yourself, not being able to keep healthy relationships)

☐ Alcohol and/or substance abuse (including other addictive behavior such as gambling)

☐ Other (please explain and add any other information you remember to the categories above)

If you wish to provide a narrative, please describe how you were impacted, harmed, damaged, or injured in ways that you now connect as being related to the sexual abuse you described above in as much detail as you can recall in the lines below.  You may attach additional pages if needed.

_____

_____

_____

_____

B.  Have you ever sought counseling or other mental health treatment for any reason?

Yes ☐        No ☐

If your response to the prior question is "Yes," please identify the name of each person who provided you with counseling or mental health treatment, their location, the type of counseling or treatment and the estimated dates/time period of counseling or treatment.  If you were prescribed medication in connection with such counseling or mental health treatment, please list the name of the medication and how long you took that medication.

_____

_____

| PART 6: ADDITIONAL INFORMATION |
|---|

A.    **Prior Litigation.**

      i.    Was a lawsuit regarding the sexual abuse you have described in this Sexual Abuse Survivor Proof of Claim filed by you or on your behalf.

          Yes ☐  No ☐  (If "Yes," you are required to attach a copy of the complaint.)

B.    **Prior Bankruptcy Claims.** Have you filed any claims in any other bankruptcy case relating to the sexual abuse you have described in this Sexual Abuse Survivor Proof of Claim?  Yes ☐     No ☐  (If "Yes," you are required to attach a copy of any completed claim form.)

C.    **Payments.**  Have you received any payments related to the sexual abuse you have described in this Sexual Abuse Survivor Proof of Claim from any party, including BSA?  Yes ☐     No ☐

      i.    If yes, how much and from whom? _____

D.    **Current Bankruptcy Case.**  Are you currently a debtor in a bankruptcy case?  Yes ☐     No ☐

      i.    If yes, please provide the following information:

          Name of Case: _____    Court: _____

          Date filed: _____    Case No. _____

          Chapter: 7 ☐   11 ☐   12 ☐   13 ☐   Name of Trustee: _____

[Signature page follows – you must complete and sign the next page]

| SIGNATURE |
|---|

**To be valid, this Sexual Abuse Survivor Proof of Claim must be signed by you.** If the Sexual Abuse Survivor is deceased or incapacitated, the form must be signed by the Sexual Abuse Survivor's representative or the attorney for the Sexual Abuse Survivor's estate.  If the Sexual Abuse Survivor is a minor, the form must be signed by the Sexual Abuse Survivor's parent or legal guardian, or the Sexual Abuse Survivor's attorney.  (Any form signed by a representative or legal guardian <u>must</u> attach documentation establishing such person's authority to sign this form for the Sexual Abuse Survivor.)

**Penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571.**

**Check the appropriate box:**

☐      I am the Sexual Abuse Survivor.

☐      I am the Sexual Abuse Survivor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized representative.

☐      Other (describe): _____

**I have examined the information in this Sexual Abuse Survivor Proof of Claim and have a reasonable belief that the information is true and correct.**

**I declare under penalty of perjury that the foregoing statements are true and correct.**

**Date:**      _____

**Signature:**      _____

**Print Name:**      _____

**Relationship to Sexual Abuse Survivor (if not signed by Sexual Abuse Survivor):**    _____

**Address:**      _____

     _____

**Contact Phone:**      _____

**Email:**      _____

## **Exhibit 8**

**Form of Confidentiality Agreement**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

## PERMITTED PARTY CONFIDENTIALITY AGREEMENT

This Agreement (the "Agreement") is entered into as of _____, 2020 by _____ (the "Recipient"), a Permitted Party pursuant to paragraph 6 of the *Order, Pursuant to 11 U.S.C. § 502(b)(9), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e), 3001-1, and 3003-1, (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to Abuse Survivors, and (IV) Approving Confidentiality Procedures for Abuse Survivors* [Docket No. [●]] (the "Bar Date Order") entered on [●] by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in Case No. 20-10343 (LSS), *In re Boy Scouts of America and Delaware BSA, LLC* (the "Chapter 11 Cases").

WHEREAS, the Recipient will be granted access to certain confidential Sexual Abuse Survivor Proofs of Claim, General Proofs of Claim submitted on behalf of minors, and/or General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began in the Chapter 11 Cases after execution of this Agreement pursuant to and in accordance with the terms of the Order;

WHEREAS, Recipient agrees to keep the information provided in any and all Sexual Abuse Survivor Proofs of Claim, General Proofs of Claim submitted on behalf of minors, and/or General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began confidential pursuant to and in accordance with the terms of the Order and this Agreement.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

(1)     The Recipient agrees to keep the information provided in the Sexual Abuse Survivor Proofs of Claim, General Proofs of Claim submitted on behalf of minors, and/or General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

sexual abuse began confidential pursuant to and in accordance with the terms of the Order.

(2)     Recipient agrees to not distribute any Sexual Abuse Survivor Proofs of Claim, General Proofs of Claim submitted on behalf of minors, General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began, or information provided in such claims in violation of the Confidentiality Protocol in the Order.

(3)     Recipient will only communicate information from the confidential Sexual Abuse Survivor Proofs of Claim, General Proofs of Claim submitted on behalf of minors, and/or General Proofs of Claim submitted by individuals holding claims arising from sexual abuse who were at least eighteen (18) years of age at the time the sexual abuse began with other Permitted Parties, as defined in the Bar Date Order.

(4)     Recipient consents to the jurisdiction of the Court to adjudicate any violation of this Agreement or the Order.

(5)     Recipient shall promptly report any disclosure of information from a confidential Sexual Abuse Survivor Proof of Claim, General Proof of Claim submitted on behalf of a minor, or General Proof of Claim submitted by an individual holding a claim arising from sexual abuse who was at least eighteen (18) years of age at the time the sexual abuse began to the Debtors, the Tort Claimants' Committee, and the Creditors' Committee, and shall cooperate with efforts to recover the information and/or mitigate the effects of the disclosure.

Dated:  This __ day of _____, 2020

Signature:                          _____

Print Name:                         _____

Name of Permitted Party:            _____

# EXHIBIT 3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 613, 616, 665, 696, 697, 714, 719, 722** |

## ORDER APPROVING
## CONFIDENTIALITY AND PROTECTIVE ORDER

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"),

under section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(f),

approving the *Confidentiality and Protective Order* (the "Revised Protective Order") attached

hereto as **Exhibit 1**; and this Court having jurisdiction to consider the Motion in accordance with

28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012; and the Court having found that this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having consented to

entry of a final order by this Court under Article III of the United States Constitution; and the

Court having found that venue of this proceeding and the Motion in this District is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing

on the Motion having been given and no other or further notice being necessary; and having

considered any objections and joinders to the Motion (D.I. 616, 665, 696, 697, 707, and 722);

and having held a hearing on the Motion on May 29, 2020; and the Court having determined that

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Court ruled as reflected in the May 29 transcript and as set forth in the Revised Protective Order.

2.     The Revised Protective Order is approved and entered as an order of this Court.

3.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: June 8 , 2020

Laurie Selber Silverstein
United States Bankruptcy Judge

**Exhibit 1**

**Revised Protective Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

## CONFIDENTIALITY AND PROTECTIVE ORDER

This Confidentiality and Protective Order (this "**Order**") shall govern the production, review, disclosure, and handling of any Discovery Material by Boy Scouts of America and Delaware BSA, LLC (together, the "**Debtors**"), the Ad Hoc Committee of Local Councils of the Boy Scouts of America (the "**Local Council Committee**"), the Tort Claimants Committee (the "**TCC**"), the Future Claimants' Representative (the "**FCR**"), the Official Committee of Unsecured Creditors (the "**UCC**"), any other Official Committee, the insurers identified in **Exhibit B** hereto (the "Insurers"), and other parties in interest having a right to be heard in the Chapter 11 Cases in accordance with 11 U.S.C. §§ 1109(b) who assent to be bound to this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as **Exhibit A** hereto (each individually, a "**Party**" and, collectively, the "**Parties**").[2]

## I.    PURPOSES AND LIMITATIONS

This Order applies to the production, disclosure, handling, dissemination, exchange, and use of documents and all discovery in the Chapter 11 Cases and related proceedings, including:

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

[2]    All capitalized terms used but not otherwise defined in this paragraph and in Section I (Purposes and Limitations) of this Order shall have the meanings ascribed to such terms elsewhere in this Order.

discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**); materials produced, provided, or made available on a voluntary basis; and discovery in connection with judicial or other proceedings, such as contested matters, adversary proceedings and other disputes provided, however, to the extent Discovery Material has been or will be produced by a Producing Party to any individual Member of an Official Committee or Local Council Committee in its individual capacity and such production is subject to another order of a court then such other order shall control the handling of such Discovery Material, or other discovery. The Parties have sought and will seek certain Discovery Material (as defined below) from one another and other parties in interest in and with respect to the Chapter 11 Cases (collectively, **"Discovery Requests"**) on a voluntary basis and as provided by the Federal Rules of Civil Procedure (the **"Federal Rules"),** the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the **"Local Rules"**). As a result, the Parties have produced, provided access to, and made available, and might continue to produce, provide access to, and make available, certain Discovery Material. The purpose of this Order is to facilitate and expedite the production, exchange and treatment of Discovery Material and to protect Discovery Material that a Party or Party in Interest seeks to maintain as confidential in accordance with the terms hereof.

For purposes of this Order, unless otherwise provided herein, the words "include" and "including" and variations thereof, shall not be deemed to be terms of limitation and shall be deemed to be followed by the words "without limitation."

## II.    DEFINITIONS

**Bankruptcy Court**:  the United States Bankruptcy Court for the District of Delaware.

**Business Day**:  any day, other than a Saturday, Sunday or "legal holiday" as such term is defined in Bankruptcy Rule 9006(a).

**Challenging Party**:  a Party that challenges the designation of Discovery Material under this Order.

**Chapter 11 Cases**:  the above-captioned chapter 11 cases of the Debtors, including any contested matter or adversary proceeding filed in connection with the above-captioned cases.

**Common Interest Protected Material**: documents, information, or communications that are subject to the attorney-client privilege, attorney work-product doctrine, or other privilege or protection from disclosure, and are shared between two or more parties with a similar legal interest at the time the documents, information or communications were shared (e.g., documents that reflect defense strategy, case evaluations, discussions of settlement/resolution, and communications between insurer and policyholder regarding underlying litigation).  The Court's adoption of this defined term for purposes of this Order is not meant to limit or enlarge the scope of the common interest doctrine.

**Common Interest Party**: any Party or party in interest asserting an interest in Discovery Material that constitutes Common Interest Protected Material.

**Counsel (without qualifier)**:  Outside Counsel or In-House Counsel (as well as their respective support staff).

**Derivative Information**: as defined in Paragraph 5.6.

**Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts,

3

and tangible things), that are (1) produced or generated in disclosures or responses to Discovery Requests; (2) produced, provided, or made available on a voluntary basis; or (3) otherwise provided to Counsel and Other Retained Professionals. "Discovery Material" includes deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, all materials contained in the secure data rooms maintained by the Debtors, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

**Future Claimants' Representative**: James L. Patton Jr. appointed pursuant to the *Order Appointing James L. Patton Jr., as Legal Representative for Future Claimants, Nunc Pro Tunc to the Petition Date* [D.I. 486].

**In-House Counsel**: attorneys (and their support staff) who are employees or contractors of a Party.

**Member:** any member of an Official Committee or the Local Council Committee, and such member's Counsel, Other Retained Professionals, representatives, or agents for such member, who are working on or consulted in connection with the Chapter 11 Cases and have been directed by such member to, and have agreed to, treat the Discovery Material in accordance with the terms of this Order.

**Official Committee**: the TCC, the UCC, and any other statutory committee appointed by the U.S. Trustee under section 1102 of the Bankruptcy Code that assents to be bound by this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A.

**Other Retained Professionals**: financial advisors, accounting advisors, industry advisors, experts, consultants and other professionals (and their respective staff) that are retained in connection these Chapter 11 Cases by the Debtors, the Local Council Committee, the Insurers, the

FCR, or any Official Committee, and that assent to be bound to this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A. For the avoidance of doubt, "Other Retained Professionals" does not include "Counsel."

**Outside Counsel**: attorneys (and their support staff) who are not In-House Counsel of a Party but are retained to represent or advise a Party regarding the Chapter 11 Cases. With respect to the Debtors and any Official Committee(s), Outside Counsel refers to counsel that has been retained by the Debtors or any Official Committee, the retention of which has been approved or is sought to be approved by the Bankruptcy Court. With respect to the Local Council Committee, Outside Counsel also includes attorneys who have assented to be bound by this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A, so long as the attorney continues to represent or advise a Member or Members of the Local Council Committee.

**Party in Interest**: any person or entity (other than a Party) that provides Discovery Material to a Party that is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" and produced by any Party.

**Privileged Material**: documents or information, regardless of the medium, that are protected by a privilege or are otherwise protected from disclosure, including the attorney-client privilege, attorney work-product doctrine, mediation or settlement privilege, or joint defense privilege, or that otherwise constitute Common Interest Protected Material.

**Privilege or Protection**: the attorney-client privilege, attorney work product doctrine, mediation or settlement privilege, joint defense privilege, and/or any protections that apply to material that constitutes Common Interest Protected Material.

**Producing Party**: any person or entity that produces, provides, or makes available Discovery Material to any Party.

**Professional Vendors**: persons or entities that provide litigation support services to a Party (*e.g.*, facilitating conference calls, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**Protected Material**: Discovery Material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY."

**Receiving Party**: a Party that receives Discovery Material from a Producing Party.

### III. <u>SCOPE</u>

This Order applies to all Discovery Material that is produced, formally or informally, voluntarily or in response to a formal Discovery Request, in connection with the Chapter 11 Cases. Discovery Material produced in connection with the Chapter 11 Cases, including pursuant to Bankruptcy Rule 2004, may (unless otherwise agreed by the Producing Party, the Debtors, the Local Council Committee, each Official Committee, the FCR, and any Common Interest Party with respect to the Discovery Material at issue) only be used by a Receiving Party to whom such Discovery Material is produced, and may only be used in the Chapter 11 Cases, including in connection with any contested matter or adversary proceeding in the Chapter 11 Cases.[3] Discovery Material may not be used in connection with any other litigation unless agreed to by the Producing Party of such Discovery Material and by all Parties to such other litigation and, with respect to any Discovery Material that includes or constitutes Common Interest Protected Material, the consent of all Common Interest Parties.[4] This Order does not affect, amend or modify any existing confidentiality agreements, common-interest agreements joint-defense agreements, bylaws of any Official Committee or unofficial committee, non-disclosure agreements, intercreditor agreements, protective orders or similar agreements applicable to any Producing Party, Receiving Party, and/or Party in Interest, including protective orders entered in connection with any other litigation involving any Producing Party, Receiving Party, and/or Party in Interest (collectively, the **"Existing Confidentiality Agreements"**), and nothing in this Order shall constitute a waiver of any rights under such Existing Confidentiality Agreements. Where this Order is in conflict with

---

[3] The Parties reserve all rights with regard to the discoverability and admissibility of Discovery Material in any particular contested matter, adversary proceeding, or other litigation.

[4] This provision shall not be read to allow any person or entity to become a Receiving Party to Discovery Material, or to gain access to or use Discovery Material, that is not produced to such person or entity by the Producing Party. This provision shall not be read to allow any Party to use Privileged Material, inadvertently disclosed or otherwise, in these Chapter 11 Cases or in any other litigation.

any Existing Confidentiality Agreement applicable to any Producing Party, Receiving Party, or Party in Interest, the provision that provides the most confidentiality protection for Discovery Materials applies (but solely in connection with these Chapter 11 Cases). In the event of a dispute, a Party relying on an Existing Confidentiality Agreement shall produce copies of such Existing Confidentiality Agreement that it contends provides more confidential protection than this Protective Order and, notwithstanding anything to the contrary herein, all Parties reserve the right to contest or challenge (using the procedures in Section VI) the terms and scope of any such Existing Confidentiality Agreement as applicable to any Discovery Material.

The protections conferred by this Order apply not only to Protected Material and Privileged Material, but also (1) any information copied or extracted from Protected Material or Privileged Material; (2) all copies, excerpts, summaries, or compilations of Protected Material or Privileged Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material or Privileged Material. This Protective Order shall apply to information received in connection with these Chapter 11 Cases, including information obtained pursuant to Paragraph 5.9, but it shall not apply to information that is either: (a) obtained by the Receiving Party in compliance with this Order after the disclosure from a source who lawfully obtained the information and was under no obligation of confidentiality to the Producing Party, or to any Common Interest Party with respect to Common Interest Protected Material; or (b) that was in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication or disclosure not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

## IV.    DURATION

Even after the Debtors' emergence from the Chapter 11 Cases (or if the Chapter 11 Cases are dismissed), the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order entered by the Bankruptcy Court directs otherwise. The Debtors' emergence from the Chapter 11 Cases or the dismissal of the Chapter 11 Cases shall not relieve the Parties from their responsibility to maintain the confidentiality of Discovery Material and Privileged Material pursuant to this Order, and the Bankruptcy Court shall retain jurisdiction to enforce the terms of this Order.

## V. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Subject to Paragraphs 5.6 and 5.7 and, except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before or at the time the material is disclosed or produced. Any Producing Party may designate Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" in accordance with the following provisions:

5.2 "CONFIDENTIAL" Material. A Producing Party may designate Discovery Material as **"CONFIDENTIAL"** if such Producing Party reasonably believes in good faith (or with respect to Discovery Material received from a Party in Interest, has been reasonably advised by such Party in Interest) that: (1) such Discovery Material (a) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or the Federal Rules, or (b) is subject to an Existing Confidentiality Agreement or other legally protected right of privacy; or (2) the Producing Party (a) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (b) has in good faith been requested by a Party in Interest to so designate such Discovery

Material on the grounds that such Party in Interest considers such Discovery Material to contain information that meets the standard for "CONFIDENTIAL" as set forth herein.

5.3 "HIGHLY CONFIDENTIAL" Material. A Producing Party may designate Discovery Material as "**HIGHLY CONFIDENTIAL**" if such Producing Party believes in good faith (or with respect to Discovery Material received from a Party in Interest, has been advised by such other person or entity in good faith) that such Discovery Material contains information that: (a) constitutes a trade secret under applicable law; or (b) contains such highly sensitive financial, personal, or business information that is of such a nature that disclosure to persons other than those identified in Paragraph 7.3 of this Order, as applicable, would present a risk of competitive injury. Such HIGHLY CONFIDENTIAL material includes, but is not limited to, Discovery Material reflecting trade secrets; sensitive financial, personal or business information, including insurance policy information; any financial information provided by an individual Local Council originally designated as "Committee Advisor Only" but converted to "Highly Confidential" pursuant to Paragraph 7.4; or those portions of any material prepared by such Producing Party's legal advisors, industry advisors, financial advisors, accounting advisors, experts or consultants (and their respective staff) that are retained by any Party that include or reveal Highly Confidential Discovery Material.[5]

5.4. "COMMITTEE ADVISOR ONLY" Material. A Producing Party may designate the following material as "**COMMITTEE ADVISOR ONLY**": (a) unaggregated financial information provided by the Local Councils; and (b) any other Discovery Material that the Producing Party and Receiving Party agree to treat as "**COMMITTEE ADVISOR ONLY**" due

---

[5] Information pertaining to abuse victims, minors, BSA employees, and BSA volunteers remain subject to the confidentiality requirements imposed by the Court. D.I. 9, 66.

to its proprietary or otherwise highly sensitive nature.[6] For the avoidance of doubt, any financial information provided by an individual Local Council, which pertains solely to such Local Council, shall qualify as "unaggregated financial information pertaining to the Local Councils."[7]

    5.5 <u>Manner Of Designating Discovery Material</u>. Designation in conformity with this Order requires the following:

    (a) For Discovery Material produced, provided, or made available in documentary form (*e.g.*, paper or electronic documents or records, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix a legend to each page identifying such material as (i) "Subject to Protective Order," and (ii) and "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY." With regard to native files to which a legend cannot practicably be affixed, the Producing Party shall include the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name. Notwithstanding any other provision of this Order, any Producing Party may redact personally identifying donor information from Discovery Materials that are produced, provided, or made available, regardless of whether such Discovery Materials are designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "COMMITTEE ADVISOR ONLY," or none of the above, subject to the procedures for challenging redactions set forth in Section 6 of this Order.

    (b) Except as provided in Paragraph 7.8, for testimony given in deposition or in other pretrial or trial proceedings, such testimony may be designated as Protected Material: (1) stating

---

[6] Notwithstanding the foregoing, and subject to paragraph 7.4 below, the Official Committees' Other Retained Professionals may provide Members of their respective Official Committee summaries of financial information pertaining to the Local Councils, provided such summaries aggregate the financial information and do not report the financial information of any particular Local Council.

[7] Nothing in paragraph 5.4 allows for the prospective sealing of any Discovery Material. Any Party or party in interest seeking to keep materials under seal once they are used in a filing or in open court must seek such relief in accordance with paragraphs 7.6–7.8 below, regardless of how such Discovery Material was designated at the time of production.

so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (2) providing written notice within seven (7) days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, such shorter period of time as practicable under the circumstances and to which all Parties consent (such consent not to be unreasonably withheld). Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as HIGHLY CONFIDENTIAL unless otherwise designated by counsel to any Party on the record at the deposition or in other pretrial or trial proceedings. Discovery Material previously designated as Protected Material that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter.

(c) For Discovery Material produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY." If possible, the Producing Party shall identify in an accompanying cover letter the specific data included in such media that is subject to the designation.

(d) For Discovery Material produced, provided, or made available through the secure data rooms maintained by the Debtors, including Discovery Material provided or made available voluntarily, that the Producing Party identify Protected Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" when providing such Protected Material to the data room's administrator(s). Such material will be affixed within the

data rooms with a watermark identifying such material as (i) "Subject to Protective Order," and (ii) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," consistent with the designation provided by the Producing Party.

5.6 <u>Derivative Information</u>. Extracts, summaries, compilations, and descriptions of Discovery Material and notes, electronic images or databases containing Discovery Material (**"Derivative Information"**) shall be treated as Protected Material in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

5.7 <u>Inadvertent Failures to Designate</u>. The failure to designate particular Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Protected Material or later apply another designation pursuant to this Order (**"Misdesignated Material"**). At such time, the Receiving Party or Parties shall make arrangements for the sequestration of the Misdesignated Material, and the Producing Party shall substitute, where appropriate, properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall promptly take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with

that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with the Bankruptcy Court, no Party shall be bound by such later designation except to the extent determined by the Bankruptcy Court upon motion of the Party that did not make the designation. Notwithstanding the foregoing, any Receiving Party reserves the right to challenge the new designation of any Misdesignated Material on any grounds pursuant to the terms of this Protective Order.

5.8 Treatment of "Ineligible Volunteer Files" and Related Documents. As soon as practicable after the entry of this Protective Order, representatives of the Debtors, TCC, UCC, FCR, Insurers, and Local Council Committee shall meet and confer in good faith to jointly determine the treatment of the documents known as the "Ineligible Volunteer Files" and related documents, including files that concern sexual abuse or similar sexually inappropriate behavior or conduct (collectively, the "**IV Files**"). If these parties are unable to agree to the treatment of the IV Files, then the parties shall consult with one or more of the mediators appointed by the Bankruptcy Court ("**Plan Mediator**") in order to reach a resolution. In the event the Parties named in this paragraph cannot reach a resolution in consultation with the Plan Mediator, such Parties may seek the Court's intervention in accordance with Section 6.2 of this Order.

5.9 Documents Produced in Prior or Pending Lawsuits. The BSA is and has been a defendant in lawsuits in which plaintiffs have asserted claims arising from or otherwise related to sexual and other abusive conduct (the "**Prepetition Lawsuits**"). During the course of the Prepetition Lawsuits, the BSA provided certain documents to the plaintiffs, voluntarily or otherwise (the "**Prepetition Documents**"). Certain of the Prepetition Documents are subject to Existing Confidentiality Agreements in the Prepetition Lawsuits in which they were produced (the

14

"**Prepetition Confidential Documents**").[8] The plaintiffs in the Prepetition Lawsuits may share some or all of the Prepetition Confidential Documents in accordance with the following terms: (a) if the parties to the applicable Existing Confidentiality Agreement believe in good faith that it is required, plaintiffs' counsel in the Prepetition Lawsuit shall advise the court that issued the Existing Confidentiality Agreement (the "<u>Issuing Court</u>") that the parties intend to disclose the Prepetition Confidential Documents to the Prepetition Distribution Group in the absence of a contrary directive from the Issuing Court; (b) unless the Issuing Court directs otherwise, the BSA hereby consents to the delivery of Prepetition Confidential Documents to the Prepetition Distribution Group (as defined below) and agrees that the delivery of the Prepetition Confidential Documents to the Prepetition Distribution Group shall not constitute a breach of any Existing Confidentiality Agreement;[9] (c) except as set forth in this Paragraph, any Prepetition Confidential Documents delivered to the Prepetition Distribution Group shall remain subject to any applicable Existing Confidentiality Agreement in the Prepetition Lawsuit in which they were produce and shall be treated in accordance with the terms set forth therein; (d) Counsel to the TCC shall provide to Debtors' Outside Counsel copies of any Prepetition Confidential Documents as soon as practicable after receipt; (e) the Prepetition Confidential Documents shall be shared only with the TCC's Counsel and Other Retained Professionals, the Members of the TCC, the UCC's Counsel and Other Retained Professionals, the FCR and the FCR's Counsel, the Local Council Committee's Counsel and Other Retained Professionals, and the Insurers' Outside Counsel and Other Retained Professionals (collectively, the "**Prepetition Distribution Group**"), and not with

---

[8] For purposes of this paragraph, the Prepetition Documents excludes any IV Files, the treatment of which will be addressed pursuant to paragraph 5.8.

[9] The Prepetition Distribution Group acknowledges that the BSA is only consenting on its behalf and cannot provide consent on behalf of any Local Council or any other party, to the extent such consent is needed under the applicable Existing Confidentiality Agreement.

any other Party; and (f) The Prepetition Confidential Documents shall be used only for the purposes of these Chapter 11 Cases, subject to the limitation set forth in Section III, and may not be used in any Prepetition Lawsuit or other lawsuit, except for the Prepetition Lawsuit in which they were originally produced.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenge to Confidentiality Designations. A Receiving Party shall not be obligated to challenge the propriety of a confidentiality designation at the time of its receipt of Discovery Material, and a failure to do so shall not preclude or be deemed to preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Party of Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" during any discovery period shall not be a waiver of that Party's right to object to the designation at a later time, including at trial.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each particular designation it is challenging and describing the basis for each such challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Paragraph. Where the challenge to the designation of Discovery Material produced by a Party or Party in Interest contains or may contain Common Interest Protected Material with another Party or Party in Interest, the Producing Party shall give prompt notice of the challenge to any Common Interest Party or Party in Interest with respect to the Common Interest Protected Material. Within five (5) Business Days of the tendering of the notice challenging the designation (or such shorter time as required under the circumstances and as consented to by the Parties with such consent not to be unreasonably withheld), the Parties (and/or Party in Interest, where applicable) shall attempt

16

to resolve each challenge in good faith.[10] In conferring, the Challenging Party must explain the basis for its belief that the particular confidentiality designation was not proper (or, in the case of redactions as provided in Paragraph 5.4(a), is not reasonably necessary to protect the personally identifying information of the donor) and must give the Producing Party (and/or Party in Interest, where applicable) an opportunity to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the designation. The Challenging Party and the Producing Party (and/or Party in Interest, where applicable) shall attempt in good faith to agree on a redacted version of the relevant Discovery Material that, as a result of such redactions, may receive a less restrictive designation pursuant to Paragraphs 5.2 or 5.3, as applicable. A Challenging Party may proceed to the next stage of the challenge process described in Paragraph 6.3 only if it has first engaged in this meet and confer process or establishes that the Producing Party (and/or Party in Interest, where applicable) is unwilling to participate in the meet-and-confer process in a timely manner. In the event the circumstances require that a meet and confer occur more expeditiously (including in the event that a hearing on related issues is scheduled to occur within five (5) days, or the challenge is raised at a hearing or trial), the Parties will attempt to resolve the challenge in good faith as soon as possible after receiving notice of the challenge, and may immediately seek judicial intervention thereafter.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Bankruptcy Court intervention in accordance with Paragraph 6.2, and if either the Challenging Party, Producing Party, or Party in Interest wishes to then seek Court intervention, such Parties shall, to the extent practicable, submit a joint letter or motion to the Bankruptcy Court pursuant to Local

---

[10] If the Challenging Party is seeking to challenge the designation made by a Local Council, the Challenging Party shall provide the written notice required by this Paragraph to the BSA and the Local Council Committee. The BSA shall facilitate the relevant Local Council's involvement in the Meet and Confer described in this Paragraph.

Rule 7026-1 (either, a **"Challenging Motion"**) (i) reflecting each party's position, (ii) describing adherence to the meet-and-confer requirement of Paragraph 6.2, and (iii) attaching any relevant information (including documents or declarations) and filing relevant documents under seal. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Bankruptcy Court rules on the Challenging Motion.

## VII. ACCESS TO AND USE OF DISCOVERY MATERIAL

7.1 Use of Discovery Material. A Receiving Party may use Discovery Material that is disclosed or produced by another Party solely for the purposes of the Chapter 11 Cases and any judicial proceedings relating to these Chapter 11 Cases (including any contested matters and any adversary proceedings commenced in connection with the Chapter 11 Cases), subject to the limitations set forth in Section III of this Order, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function. In the case of use by the Local Council Committee and Official Committees, their Members, Outside Counsel, and advisors that are retained by the Local Council Committee, Official Committee or their Outside Counsel, in each case in their capacity as such, Protected Material may be used only in a manner consistent with the applicable Committee's duties and responsibilities. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Debtors emerge from the Chapter 11 Cases or the Chapter 11 Cases are dismissed, a Receiving Party must comply with the provisions of Section XIII below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Bankruptcy Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or items designated "CONFIDENTIAL" only to:

(a) to the officers, directors, employees, and Counsel of the Receiving Party;

(b) each Official Committee, each Member of each Official Committee, and the Official Committee's Outside Counsel;

(c) to the Debtors and their Counsel;

(d) to the Local Council Committee, the Members of the Local Council Committee, Counsel to each of the Local Council Committee's Members, and the Local Council Committee's Counsel, provided that disclosure is reasonably necessary for purposes of these Chapter 11 Cases;

(e) the FCR and the FCR's Counsel;

(f) the Insurers and their Counsel;

(g) the Insurers' respective reinsurers, regulators, and other entities to whom disclosure is required by law, and for whom the Insurers in good faith believe disclosure is required, provided that prior to such disclosure the disclosing Insurer shall provide the recipient with a copy of this Protective Order and inform the recipient that the Documents being disclosed are confidential pursuant to the terms of this Protective Order;

(h) Other Retained Professionals, provided that disclosure is reasonably necessary for purposes of these Chapter 11 Cases;

(i) court reporters and their staff, professional jury or trial consultants, and Professional Vendors, provided that disclosure is reasonably necessary for the purposes of the Chapter 11 Cases and complies with the limitations on the disclosure of such material set forth in Local Rule 9018-1(f);

(j) for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Protected Material is determined by counsel for a Party in good faith to be necessary to the anticipated subject matter of testimony; provided, however, that such person (1) is only provided such Protected Material in connection with preparation for the anticipated testimony, and (2) shall not be permitted to retain copies of such Protected Material;

(k) Deponents and witnesses where counsel has a good faith basis for believing that the witness would have had knowledge of the contents of the Protected Material in the course of fulfilling his or her responsibilities or has information that directly bears upon the Protected Material;

(l) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(m) any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary;

(n) a law enforcement agency for the purpose of making a criminal referral or complaint; and

(o) any other person or entity with respect to whom the Producing Party (and Party in Interest, if applicable) may consent in writing and that also has assented to be bound by this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A.

A request by a Receiving Party under this Paragraph 7.2(o) must be in writing and reasonably specify the Discovery Materials that it seeks to disclose, the "person or entity" to which it seeks to disclose this Discovery Material, and the reason it seeks to disclose these Discovery Materials. The Producing Party shall use reasonable best efforts to provide a response in three (3) Business Days from receipt of a written request. The parties shall also make reasonable efforts to meet and confer regarding any disagreement pursuant to the process set forth in Paragraph 6.2. If a request pursuant to Paragraph 7.2(o) is denied and efforts to meet and confer do not yield a resolution that is satisfactory to the Requesting Party and Producing Party, the

Requesting Party may seek the Court's intervention, as provided in Paragraph 6.3. In the event a Producing Party intends to produce Protected Material pursuant to Paragraph 7.2(o), the Producing Party must give five (5) Business Days' notice to all other Parties prior to such production. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Bankruptcy Court rules on the Challenge Motion. Information that constitutes or contains Common Interest Protected Material is not subject to disclosure under this Paragraph 7.2(o).

7.3 Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Discovery Material designated "HIGHLY CONFIDENTIAL" may only be disclosed to:

(a) the Debtors, and the Debtors' Counsel and Other Retained Professionals,

(b) Outside Counsel and Other Retained Professionals retained by any Official Committee or the Local Council Committee,

(c) Counsel to Members of the Local Council Committee or an Official Committee,

(d) Outside Counsel and Other Retained Professionals retained by the Insurers, as well as in-house Counsel and non-legal professionals working on these Chapter 11 Cases,

(e) the Insurers' respective reinsurers, regulators, and other entities to whom disclosure is required by law, and for whom the Insurers in good faith believe disclosure is required, provided that prior to such disclosure the disclosing Insurer shall provide the recipient with a copy of this Protective Order and inform the recipient that the Documents being disclosed are confidential pursuant to the terms of this Protective Order;

(f) the FCR and the FCR's Counsel, and

(g) the persons or entities identified in Paragraphs 7.2(i)-(o).

22

For the avoidance of doubt, Discovery Material designated "HIGHLY CONFIDENTIAL" may not be disclosed to the Members of the Local Council Committee or an Official Committee or to any other person or entity not listed in this Paragraph 7.3.

Unless otherwise ordered by the Bankruptcy Court, a Receiving Party shall not disclose any information or item designated "HIGHLY CONFIDENTIAL" to any other person or entity without the prior written consent of the Producing Party; provided, however, that (1) this non-disclosure provision shall not be applicable to any HIGHLY CONFIDENTIAL information that specifically has previously been publicly disclosed without restriction by the Producing Party (excluding disclosures by the Producing Party to their respective legal advisors, auditors, or other professional advisors, or disclosures required by law or judicial process), (2) the persons receiving HIGHLY CONFIDENTIAL information shall be permitted to discuss such information with only those parties listed in Paragraph 7.3, and with Members of the Local Council Committee or any Official Committee, but only to the extent necessary to fulfill their statutory and/or fiduciary duties.

7.4  Disclosure of "COMMITTEE ADVISOR ONLY" Information or Items. Discovery Material designated "COMMITTEE ADVISOR ONLY" may only be disclosed to:

(a) the Debtors, and the Debtors' Counsel and Other Retained Professionals ,

(b) Outside Counsel and Other Retained Professionals retained by an Official Committee, the Local Council Committee, or the Insurers, as well as Insurers' in-house Counsel and non-legal professionals working on this chapter 11 case,

(c) the Insurers' respective reinsurers, regulators, and other entities to whom disclosure is required by law, and for whom the Insurers in good faith believe disclosure is required, provided that prior to such disclosure the disclosing Insurer shall provide the recipient with a copy of this

23

Protective Order and inform the recipient that the Documents being disclosed are confidential pursuant to the terms of this Protective Order;

    (d) the FCR's Counsel and Other Retained Professionals, and

    (e) a law enforcement agency for the purpose of making a criminal referral or complaint.

    For the avoidance of doubt, Discovery Material designated "COMMITTEE ADVISOR ONLY" may not be disclosed to (i) Members of the Local Council Committee, (ii) Members of an Official Committee, (iii) Counsel to Members of the Local Council Committee (other than the Local Council Committee's Outside Counsel), or (iv) Counsel to Members of an Official Committee (other than such Official Committee's Outside Counsel), or (v) any other person or entity not listed in this Paragraph.

    Unless otherwise ordered by the Bankruptcy Court, a Receiving Party shall not disclose any information or item designated "COMMITTEE ADVISOR ONLY" to any other person or entity without the prior written consent of the Producing Party; provided, however, that (1) this non-disclosure provision shall not be applicable to any COMMITTEE ADVISOR ONLY information that specifically has previously been publicly disclosed without restriction by the Producing Party (excluding disclosures by the Producing Party to their respective legal advisors, auditors, or other professional advisors, or disclosures required by law or judicial process), (2) the persons receiving COMMITTEE ADVISOR ONLY information shall be permitted to discuss such information with only those parties listed in Paragraph 7.4, and with Members of the Local Council Committee or an Official Committee or the FCR, but only to the extent the Producing Party approves such discussions in advance.

    Notwithstanding the foregoing, all Protected Material containing unaggregated financial information pertaining to Local Councils designated as "COMMITTEE ADVISOR ONLY" shall

be re-designated as "HIGHLY CONFIDENTIAL" sixty (60) days after the date of production to any Official Committee or the FCR, unless otherwise agreed to by the Producing Party and the Receiving Party or directed by a Plan Mediator. The Parties agree that such unaggregated financial information pertaining to Local Councils qualifies as "HIGHLY CONFIDENTIAL" under this Order. The relevant Producing Party shall provide to all relevant Receiving Parties new copies of Discovery Material that have been re-designated pursuant to this provision with revised watermarks or other appropriate confidentiality designations for "HIGHLY CONFIDENTIAL" Discovery Material as provided in Paragraph 5.5.

      7.5 <u>Designations as to Specific Parties in Interest and Committee Members</u>. If a Producing Party determines in good faith that the disclosure of Discovery Material to a particular person or entity presents a reasonable risk of competitive injury, the Producing Party may limit its disclosure of such Discovery Material (the "**Sequestered Material**") to exclude such person or entity (the "**Sequestered Party**"). The Producing Party shall, either at the time the Sequestered Material is disclosed to a Receiving Party or as soon thereafter as practicable, inform such Receiving Party that the Sequestered Material is not to be disclosed to a Sequestered Party. Any Party or a party in interest may challenge such sequestration pursuant to the process set forth in Paragraphs 6.2 and 6.3 of this Order.

      7.6 <u>Filing or Submitting Protected Material To Court</u>. Notwithstanding any other provision of this Order to the contrary, any document containing Protected Material that is submitted to or filed with the Bankruptcy Court must be filed under seal as a restricted document in accordance with Local Rule 9018-1 and any applicable Chambers Procedures, or as otherwise ordered by the Bankruptcy Court. All Protected Material for which a Party or Party in Interest is requesting permission to file under seal ("Sealed Documents") pursuant to this Order shall be filed in

unredacted form in conformity with the sealing procedures set by the Clerk of the Bankruptcy Court. Such Sealed Documents shall be released by the Clerk of the Bankruptcy Court only upon further order of the Bankruptcy Court.

Any Party or Party in Interest that files a motion to file under seal with the Bankruptcy Court shall provide counsel to the U.S. Trustee with an unredacted copy of all documents sought to be sealed, pursuant to section 107(c)(3)(A) of the Bankruptcy Code. If a motion to seal has not been ruled upon and the moving party withdraws the motion to seal, the Sealed Documents subject to the motion shall be returned to the filer thereof unless otherwise expressly agreed by the filer in writing, provided that such Sealed Documents need not be returned to the filer thereof if the Sealed Documents are later filed as public documents.

The mere inclusion in a paper or pleading of factual information derived from documents or things designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," will not require that paper or pleading to be filed under seal if the Parties and (and any Party in Interest, as applicable) agree in writing prior to filing the paper or pleading that the factual information actually contained in that paper or pleading would not itself be properly subject to such designation. If the Parties cannot resolve a dispute regarding the inclusion in a paper or pleading of facts from documents or things marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," the procedures of this paragraph shall be followed prior to the filing of any such paper or pleading.

Nothing in this Paragraph shall preclude a Party from filing Discovery Material that the Party itself has designated as its own Protected Material in unredacted form and without requesting sealing.

7.7 In certain instances, materials submitted to the Bankruptcy Court may be designated Protected Material by a Producing Party or identified as Protected Material by a Party in Interest, and the filing Party may disagree or have no position with respect to whether sealing is appropriate. In such instances, the filing Party shall comply with the procedures in Paragraph 7.6, but shall indicate in its motion for permission to file under seal that the confidentiality designation was made by the Producing Party (and/or asserted by a Party in Interest, where applicable). Such Producing Party (and/or Party in Interest, where applicable) shall also be served with copies of the motion and the unredacted materials submitted to the Bankruptcy Court. The Producing Party (and any Parties in Interest, where applicable) will have ten (10) days thereafter to submit a motion specifying the portions of the Discovery Material to be sealed and setting forth the reasons why sealing is appropriate under the circumstances, as contemplated by the Local Rules and the individual practice rules of the Bankruptcy Court, or otherwise consenting that the Discovery Material need not be sealed. If the Producing Party or Party in Interest fails to submit a motion as described above, such party shall be deemed to have withdrawn its designation of the Protected Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," as applicable.

7.8 <u>Use of Protected Material in Open Court</u>. The limitations on disclosure in this Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this Paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, counsel for any Party who desires to offer or use such Protected Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party (and/or Party in Interest, as applicable) together with any other Parties who have expressed interest in participating in such

meet and confer to discuss ways to redact the Protected Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. In the case of Protected Material that is, that contains, or that may contain Common Interest Protected Material, such meet and confer shall include any Common Interest Party with respect to such Common Interest Protected Material. If the Parties are unable to resolve a dispute related to such Protected Material, then the Party who desires to offer or use such Protected Material at trial or any hearing to be held in open court shall comply with Paragraph 7.6 above and, in the absence of relief from the Bankruptcy Court, such Protected Material shall not be offered or otherwise used at trial or any hearing held in open court. Notwithstanding anything to the contrary herein, the Parties reserve their respective rights to argue that this Protective Order will be revisited by the Bankruptcy Court and any other court hearing an appeal from any order issued by the Bankruptcy Court prior to any trial given the standard for redacting or sealing information to be used in a trial generally differs from the standard for redacting or sealing information in pre-trial proceedings.

7.9 <u>Removal of Sealed Records</u>. Sealed records that have been filed may be removed by the Producing Party (i) within 90 days after a final decision disposing of the contested matter, adversary proceeding, or other litigation is rendered if no appeal is taken, or (ii) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

## VIII. <u>PROTECTED MATERIAL DEMANDED, SUBPOENAED FOR DISCLOSURE, ACTUALLY DISCLOSED, OR ORDERED PRODUCED IN OTHER PROCEEDINGS</u>

8.1. If a Party is served with a subpoena or a court order issued in other proceedings outside of these Chapter 11 Cases that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Producing Party and any Party in Interest that has previously designated such information as Protected Material or that has asserted a Privilege or

Protection with respect to such Protected Material. Such notification shall include a copy of the subpoena, court order, or request;

(b)     promptly notify in writing the party who issued the subpoena or request that some or all of the material covered by the subpoena, order, or request is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party (and/or Party in Interest or Party asserting a Privilege or Protection, where applicable) whose Protected Material may be affected.

8.2. With the exception of the U.S. Trustee, if any person or entity who is not a Party to this Order requests or demands any Protected Material from any Party (including any Party's counsel or Representative), the Party or Representative receiving such request or demand shall, if so entitled and permitted given the nature of the legal process at issue, promptly notify the other Parties and provide copies of any writings or documents relating to such request or demand. If any Party wishes to protect the confidentiality of any Protected Material in response to the demand or request, then the recipient of the demand or request shall, to the extent reasonably practicable and legally permissible, cooperate with such Party to undertake the necessary steps to assert such applicable privileges, immunities, and rights to protect the confidentiality of the Protected Material.

8.3 If the Producing Party, Party in Interest, or a Party asserting a Privilege or Protection over Protected Material timely seeks a protective order regarding the Protected Material that is requested or demanded as described in paragraphs 8.1 and 8.2 above, the Party served with the subpoena, court order, or request shall not produce any Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Producing

Party's (and/or, where applicable, the Party in Interest's) permission, or otherwise reasonably believes it is legally compelled to do so. The Producing Party shall bear its own costs and expenses when seeking protection in that Court of its confidential material. Nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

8.4 Nothing in this Order authorizes a Producing Party to disclose to any Official Committee, the FCR, or any other Party or entity, or their Other Retained Professionals, any Common Interest Protected Material. If a Producing Party intends to produce information that may constitute or contain Common Interest Protected Material (which may include information that was prepared by, or delivered by the Producing Party to, counsel retained to represent the Producing Party in filed or threatened tort or abuse litigation), the Producing Party will provide advance notice by email or other writing to any Common Interest Party with respect to the Common Interest Protected Material prior to production by the Producing Party of such information under this Protective Order. The notice shall attach the documents or information sought to be produced. Such Common Interest Party will have three (3) business days after receipt of the Producing Party's notice to object by email or other writing to the Producing Party's proposed production and, if such objection is delivered to the Producing Party within the three (3) day period, then the Producing Party and the objecting Common Interest Party will confer in good faith regarding the objection and proposed production. In the event that an agreement cannot be reached between the Producing Party and the objecting Common Interest Party, then the Producing Party will not produce the subject documents or information and the Bankruptcy Court will determine whether the documents constitute or contain Common Interest Protected Material, in

which case such documents will not be produced unless ordered otherwise by the Bankruptcy Court.

8.5 Nothing in this order shall be read to authorize any Party to produce documents or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Any unintentional or inadvertent production of privileged or otherwise protected material shall be subject to Article IX hereof.

## IX. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

9.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party, and any Party in Interest that has designated the information as Protected Material, of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person(s) or entity(ies) to whom unauthorized disclosures were made of all the terms of this Order. Such disclosure shall be subject to Local Rule 9018-1(f) and limited to members and employees of the law firm representing the receiving party and such other parties as to which the Parties agree. If a Producing Party receives notice pursuant to this Article IX that the disclosed Protected Material contains Common Interest Protected Material, the Producing Party shall promptly give notice to each Common Interest Party with respect to the Common Interest Protected Material. Disclosure of Protected Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Bankruptcy Court may deem appropriate.

## X. <u>NON-WAIVER OF PRIVILEGE; INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>

10.1 The Parties agree that, pursuant to this Order and under Fed. R. Evid. 502(d), the inadvertent or unintentional disclosure of Privileged Material, or Discovery Material supplied under this Order, regardless of whether the information was designated as Protected Material or was asserted to contain Privileged Material at the time of disclosure, shall not be deemed a waiver in whole or in part of any privilege or immunity, either as to the specific information disclosed or as to any other information relating thereto or to related subject matter if, upon learning of the inadvertent production, the Producing Party (or Party asserting a claim of Privilege or Protection)

notifies the Receiving Party in writing of the information of the claims or privileges or protections and the basis for it. Upon discovery of the inadvertent error, the Producing Party may request the return of any document inadvertently produced, and the Receiving Party shall return or destroy the document and any copies within five business days of such request; provided, however, that the Receiving Party shall have the right to challenge such clawback as set forth in paragraph 10.3 (and may, consistent with Fed. R. Civ. P. 26(b)(5)(B)), retain a copy of any documents or information subject to challenge to do so). The Parties shall cooperate to preserve any applicable Privilege or Protection or immunity for that disclosed material, including retrieval of all copies disseminated to any other recipient. For the avoidance of doubt, this Protective Order shall be interpreted to provide the maximum protection allowed to each Producing Party by Fed. R. Evid. 502(d).

10.2 In response to any disclosure of Privileged Material to a party outside of the privilege, the Producing Party immediately shall notify any Common Interest Party with respect to such Privileged Material. The Producing Party's notification shall include copies of the disclosed Privileged Material and all communications confirming that any Receiving Party has returned and destroyed all such Privileged Material.

10.3 Nothing in this Protective Order shall prevent any Party from challenging or objecting to a claim of privilege, immunity, work-product protection or common interest. Any party wishing to challenge or object to any such claim of protection shall notify the Producing Party in writing of such challenge, and the parties shall meet-and-confer in an effort to resolve such disagreement concerning the privilege or work-product claim with respect to such Discovery Material. In the event of a challenge to a Privilege or Protection as to any Privileged Material that is or contains Common Interest Protected Material, the Producing Party shall promptly notify the Common Interest Party of such challenge. A Receiving Party shall not use any Discovery Material that is

subject to a claim of privilege, immunity, or protection under this section for any purpose, other than to dispute the claim of privilege, immunity, or protection consistent with Fed. R. Civ. P. 26(b)(5)(B), until the Court has ruled on such dispute (if any). If a Receiving Party files a motion disputing the claim of privilege, immunity, or protection following a meet and confer, the applicable Producing Party bears the burden of establishing the attorney-client privilege, attorney work product protection, common interest, or any other privilege, immunity, or protection from production or disclosure of any such Discovery Material and may oppose such motion, including on the grounds that inadvertent disclosure does not waive privilege.

10.4 No Party or its counsel shall have the right to waive the attorney-client, work product, joint defense privilege, protection for Common Interest Protected Material, or any other privilege, protection, or defense that might be applicable to any Discovery Material it has received pursuant to this Order. Each Party and its counsel, and each Producing Party and its counsel, shall retain the sole right to waive its own privileges as to any Discovery Material originated solely from it or its Counsel or other advisors, provided prior notice is given to any other Party and/or Parties that may have a shared or joint privilege in such Discovery Material that arose prior to the date and independent of this Order.

10.5 Nothing in this Order shall limit the Court's right or any Party's right to request an in camera review of any Discovery Material that may be subject to a claim of privilege or other immunity.

## XI. <u>DEPOSITIONS</u>

11.1 <u>Responsibilities And Obligations Of Court Reporters.</u> In the event that testimony is designated as Protected Material, the court reporter, who shall first have agreed to abide by the terms of this Paragraph, shall be instructed to include on the cover page of each such transcript the

legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY" if any portion of the transcript itself is so designated.

11.2 <u>Use of Deposition Testimony in Court</u>: Any Party or party in interest seeking to use deposition testimony designated as Protected Material in the Bankruptcy Court must proceed in accordance with Paragraph 7.6.

## XII. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Bankruptcy Court in the future, including the application of this Order to any particular contested matter or adversary proceeding or any determination made by a Plan Mediator with respect to Discovery Material.

12.2 <u>Right to Assert Other Objections</u>. Nothing in this Order waives any right by a Party that it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Nothing in this Order shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the confidentiality or proprietary nature of any documents, information, or data requested by a Party, any right to object to a discovery request, or any right to object to the admissibility of evidence on any ground, or to seek relief from the Court from any provision of this Order by application on notice on any grounds.

12.3 <u>Continuing Applicability of Order</u>. The provisions of this Order shall survive the Debtors' emergence from Bankruptcy or the dismissal of the Chapter 11 Cases for any retained Discovery Material. The Debtors' emergence from Bankruptcy or the dismissal of the Chapter 11 Cases shall not relieve the Parties from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Bankruptcy Court shall retain jurisdiction to enforce the terms of this Order.

12.4 <u>Amendment or Assignment of Order</u>. This Order may be amended only by an instrument in writing signed by the Debtors, the Local Council Committee, the TCC, the UCC, the FCR, the Insurers, and any other Official Committee that assents to be bound by this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A, with approval by the Bankruptcy Court; <u>provided</u>, <u>however</u>, notice of any such amendment shall be given to all other Parties subject to this Order and such other Parties shall have ten (10) Business Days to affirmatively opt-out of such amendment by providing written notice to the Debtors, the Local Council Committee, the TCC, the UCC, the FCR, the Insurers, and any other Official Committee that assents to be bound by this Order and upon exercising such opt-out then such Party shall be excluded from further access to Discovery Material and shall only be bound by the obligations of such Order prior to the amendment. Nothing herein shall preclude a Party from applying at any time (including, without limitation, after the conclusion of the Chapter 11 Cases) to the Bankruptcy Court for relief from (including, without limitation termination of) any or all of the provisions of this Order. The Debtors and the Party seeking to modify or terminate the Order shall meet and confer in good faith to reach an agreement on any issues in dispute concerning the meaning, application, or interpretation of this Order prior to any application to the Bankruptcy Court for resolution of such dispute. A Producing Party and a Receiving Party may

agree to modify this Order as it applies to a particular production or a particular proceeding in the Chapter 11 Cases as between such Producing Party and such Receiving Party only with ten (10) Business Days prior notice to the Debtors, the Local Council Committee, the TCC, the UCC, the FCR, the Insurers, and any other Official Committee that assents to be bound by this Order by executing a copy of the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A. For the avoidance of doubt, no such Producing Party or such Receiving Party can, through an agreement of the type described in the previous sentence, modify their obligations with respect to Discovery Materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "COMMITTEE ADVISOR ONLY," or as to Privileged Material, by a Party that has not consented to such modification.

12.5 <u>Use of Discovery Material by Producing Party</u>. Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure will not waive the protections of this Order and will not otherwise entitle other Parties or their attorneys to use or disclose such Discovery Material in violation of this Order. Notwithstanding the foregoing, any Party that publicly disseminates its own Discovery Material, including in a filing not sealed with the Court or in open court may not subsequently restrict other Parties' public use of the same Discovery Material on grounds that such material constitutes Protected Material. Nothing in this Order affects the right of any Producing Party or Party in Interest under applicable law to claw back Discovery Material.

12.6 <u>Obligations of Parties</u>. Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, any existing joint defense or common interest agreements, or under any future stipulations and orders, regarding the production of documents or

the making of timely responses to Discovery Requests in connection with any dispute or the Chapter 11 Cases.

12.7 <u>Advice of Counsel</u>. Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Chapter 11 Cases and, in the course thereof, relying on examination of Protected Material; <u>provided</u>, <u>however</u>, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

12.8 <u>Enforcement</u>. The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Bankruptcy Court. Any Producing Party (including, for the avoidance of doubt, any Local Council of the Boy Scouts of America that provides information that is stored in the secure data rooms maintained by the Debtors), regardless of whether such Producing Party has executed a copy of the Acknowledgement and Agreement to be Bound, is an intended third-party beneficiary of and may seek to enforce this Order.

12.9 <u>Attorney-Client Privileged and Attorney Work Product Immunity</u>. Nothing herein shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to any Producing Party. Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or any other privilege or immunity.

12.10 <u>Reservation of Rights to Seek Documents</u>. Nothing in this Order shall prevent or limit any right of a Member of an Official Committee (or its Counsel) or the FCR (or his Counsel) to seek discovery or compel disclosure of any information from any Producing Party under applicable laws or rules in its individual capacity, including through subpoena, formal discovery

or other process, even if such materials were previously disclosed or released to such Members or FCR as Confidential Information or Highly Confidential Information, or prevent or limit any right of the Producing Party to object to any such subpoena, formal discovery or other process, other than on the grounds that such materials were previously disclosed to such Member in their capacity as such, or the FCR in his capacity as such, pursuant to this Order.

12.11 <u>No Modification of Insurance Policies, Rights, or Obligations</u>. Nothing in this Order shall be deemed to modify the rights or obligations under any of Debtors' insurance policies that any Insurer issued to Debtors, including the Parties' rights and obligations concerning Debtors' pre- or post-petition production of Documents.

12.12 <u>Pension Benefit Guaranty Corporation (the **"PBGC"**)</u>. Notwithstanding any other terms or provisions in this Order, PBGC may disclose Discovery Material to the executive branch of the United States, Congress or any committee, joint committee, or subcommittee thereof, the Comptroller General, PBGC and PBGC Board Of Directors, officials, advisors, consultants, and representatives who have a need to know the information as part of their job responsibilities (**"Officials"**). PBGC will inform all Officials having access to such Discovery Material that such information is subject to this Order. Notwithstanding any other terms or provisions in this Protective Order, PBGC may disclose information about the amount of underfunding in any pension plan covered by Title IV of ERISA, including but not limited to information about guaranteed benefit liabilities, unfunded benefit liabilities, plan assets and funding ratios, whether or not this information is contained in or derived from Discovery Material.

## XIII. **FINAL DISPOSITION**

Each Receiving Party will use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material (unless such Protected Material has been

offered into evidence, filed without restriction, or otherwise been made publicly available without a violation of the terms of the Protective Order) within, as applicable, either (A) 90 days of the request of a Producing Party and/or Party in Interest made after the closing of the Chapter 11 Cases or (B) 30 days of the request of a Producing Party and/or Party in Interest made after the dismissal of the Chapter 11 Cases, or in either case as soon as reasonably practicable after such request, or such later time as the Producing Party and/or Party in Interest may agree in writing. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, Derivative Information, and any other format reproducing or capturing any of the Protected Material. As soon as practicable following a request from the Producing Party, each applicable Receiving Party shall certify in writing (which may be by e-mail) that, to the best of such Receiving Party's knowledge after reasonable inquiry, all Discovery Material containing Protected Information has either been returned to the Producing Party or destroyed. The Receiving Party shall not be required to locate, isolate, and return or destroy e-mails (including attachments to e-mails) that may include Protected Information contained in deposition transcripts or drafts or final expert reports.

Notwithstanding the above requirements to return or destroy Protected Information, any applicable Receiving Party, Counsel, and Other Retained Professionals may retain (i) such Discovery Material as it reasonably believes (and at all times continues to reasonably believe) are required in order to satisfy applicable law, ethical, or professional obligations, (ii) any analyses, abstracts, studies, summaries, or reports prepared by the Receiving Party or its Counsel or Other Retained Professionals based on, containing, or reflecting Protected Information, (iii) any portions of the Protected Information that are publicly available through no wrongful act or violation of this Protective Order on the part of the entity or the individual who caused the information to become

generally available to the public through publication or otherwise, and (iv) any portions of Protected Information that it reasonably believes cannot be practicably destroyed (such as oral communications, e-mail back-up records, bank-up server tapes, and any records of similar such automated record-keeping or other retention systems). Any retained Protected Information shall continue to be protected under this Protective Order.

**END OF ORDER****

*CONSENTED TO BY:*

SIDLEY AUSTIN LLP
Jessica C. K. Boelter (admitted *pro hac vice*)
William E. Curtin
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

– and –

SIDLEY AUSTIN LLP
Thomas A. Labuda (admitted *pro hac vice*)
Michael C. Andolina (admitted *pro hac vice*)
William A. Evanoff
Matthew E. Linder (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

– and –

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
By: *Derek C. Abbott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 425-4664

*Proposed Attorneys for the BSA*

PACHULSKI STANG ZIEHL & JONES LLP
By: *James E. O'Neill*
James I. Stang (admitted *pro hac vice*)
Robert B. Orgel (admitted *pro hac vice*)
James E. O'Neill
John A. Morris (admitted *pro hac vice*)
John W. Lucas (admitted *pro hac vice*)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 1999-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
jstang@pszjlaw.com
rorgel@pszjlaw.com
joneill@pszjlaw.com
jmorris@pszjlaw.com
jlucas@pszjlaw.com

*Attorneys for the Official Tort Claimants'
Committee*

REED SMITH LLP
By: *Kurt F. Gwynn*
Kurt F. Gwynne (No. 3951)
Katelin A. Morales (No. 6683)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

– and –

KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Thomas Moers Mayer, Esquire
Rachael Ringer, Esquire
Jennifer Sharrett, Esquire
Megan Wasson, Esquire
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for the Official Committee of
Unsecured Creditors*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
By: *Robert S. Brady*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Sara Beth A.R. Kohut (No. 4137)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
eharron@ycst.com
szieg@ycst.com
skohut@ycst.com

*Attorneys for the Future Claimants'
Representative*

DLA PIPER, LLP (US)
By: *Craig Martin*
R. Craig Martin (No. 5032)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801-1147
Telephone: (302) 468-5655
Facsimile: (302) 778-7834
Email: craig.martin@dlapiper.com

-- and –

WACHTELL, LIPTON, ROSEN & KATZ
Richard G. Mason (admitted pro hac vice)
Douglas K. Mayer (admitted pro hac vice)
Joseph C. Celentino (admitted pro hac vice)
51 W. 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: RGMason@wlrk.com
DKMayer@wlrk.com
JCCelentino@wlrk.com

*Attorneys for the Ad Hoc Committee of Local
Councils of the Boy Scouts of America*

43

## **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the *Confidentiality and Protective Order* that was issued by the

United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on

_____ in the chapter 11 cases of the Boy Scouts of America and

Delaware BSA, LLC [Case No. 20-10343 (LSS), Docket No. _____] (the "**Order**"). I agree to

comply with and to be bound by all the terms of the Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

the Order to any person or entity except in strict compliance with the provisions of the Order. I

further agree to submit to the jurisdiction of the Bankruptcy Court solely for the purpose of

enforcing the terms of this Confidentiality and Protective Order, even if such enforcement

proceedings occur after termination of the Chapter 11 Cases (as defined in the Order).


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**EXHIBIT B**

1. The Chubb Group of Insurance Companies, including but not limited to Insurance Company of North America

2. The Hartford Companies, including but not limited to Hartford Accident and Indemnity Company and First State Insurance Company

3. Allianz Global Risks US Insurance Company

4. National Surety Corporation

5. Liberty Mutual Insurance Company

6. American International Group, Inc. entities, including National Union Fire Insurance Company of Pittsburgh, PA; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania

7. Agricultural Insurance Company