# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| Boy Scouts of America and Delaware BSA, LLC,[1] | Bankruptcy Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | |
| National Union Fire Insurance Co. of Pittsburgh, PA, *et al*., | Lead Case No. 22-cv-01237-RGA |
| Appellants. | Consolidated Case Nos. 22-cv-01238-RGA; |
| v. | 22-cv-01239-RGA; 22-cv-01240-RGA; |
| Boy Scouts of America and Delaware BSA, LLC, *et al.*, | 22-cv-01241-RGA; 22-cv-01242-RGA; 22-cv-01243-RGA; |
| Appellees. | 22-cv-01244-RGA; 22-cv-01245-RGA; 22-cv-01246-RGA; 22-cv-01247-RGA; 22-cv-01249-RGA; 22-cv-01250-RGA; 22-cv-01251-RGA; 22-cv-01252-RGA; 22-cv-01258-RGA; 22-cv-01263-RGA |

## DEBTORS-APPELLEES' APPENDIX TO CONSOLIDATED ANSWERING BRIEF: VOLUME 8 (SA 2477 THROUGH SA 2783)

Dated: December 7, 2022

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
Glenn M. Kurtz (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
jessica.lauria@whitecase.com
gkurtz@whitecase.com

WHITE & CASE LLP
Michael C. Andolina
Matthew E. Linder
Laura E. Baccash
Blair M. Warner
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
mandolina@whitecase.com
mlinder@whitecase.com
laura.baccash@whitecase.com
blair.warner@whitecase.com

WHITE & CASE LLP
Ronald K. Gorsich
Doah Kim
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:  (213) 620-7700
rgorsich@whitecase.com
doah.kim@whitecase.com

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
dabbott@morrisnichols.com
aremming@morrisnichols.com
ptopper@morrisnichols.com

*Counsel for Debtors-Appellees and Debtors in Possession*

## INDEX OF SUPPLEMENTAL DOCUMENTS

| BSA Records | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| List of Current Members of the NEB (Exhibit B to Desai Declaration) | 1-191 | SA 0001 – SA 0004 |
| List of Current Members of the NEC (Exhibit E to Desai Declaration) | 1-192 | SA 0005 – SA 0007 |
| BSA Charter and Bylaws (as amended through May 2021) | 468 | SA 0008 – SA 0035 |
| Rules and Regulations of the Boy Scouts of America (September 2020) | 291 | SA 0036 – SA 0059 |
| Local Council Charter Renewals (Excerpt) | 7-3 | SA 0060 – SA 0063 |
| 2010 Articles of Incorporation Template (Mobile Area Council Articles of Incorporation, Art. II. Duration) | 187 | SA 0064 – SA 0067 |
| Form of Annual Unit Charter Agreement (2020) | 264 | SA 0068 – SA 0069 |
| BSA Bylaws (June 1, 2019) | 234 | SA 0070 – SA 0095 |
| Local Council Charter Renewal for Greenwich NR A2 (January 15, 2020) | 2976 | SA 0096 |
| Troop Roster for Troop 172 (Patriots Path Council) (Redacted) | 17 | SA 0097 – SA 0106 |
| Troop Roster for Sanford Troop 37 (Abraham Lincoln Council) (Redacted) | 23 | SA 0107 – SA 0108 |

| Examples and Templates of Local Council Articles & Bylaws | 7-2 | SA 0109 – SA 0373 |
| Troop Roster for Pack C-3210 (Cape Fear Council) (Redacted) | 43 | SA 0374 – SA 0377 |

| Proofs of Claim | Appendix Page Nos. |
| --- | --- |
| Proof of Claim No. 8174 | SA 0378 – SA 0387 |
| Proof of Claim No. 639 | SA 0388 – SA 0390 |
| Proof of Claim No. 4971 | SA 0391 – SA 0405 |
| Proof of Claim No. 9558 | SA 0406 – SA 0408 |
| Proof of Claim No. 9430 | SA 0409 – SA 0412 |
| Proof of Claim No. 9511 | SA 0413 – SA 0416 |
| Proof of Claim No. 12203 | SA 0417 – SA 0424 |
| Proof of Claim No. 5113 | SA 0425 – SA 0428 |
| Proof of Claim No. 10390 | SA 0429 – SA 0433 |
| Proof of Claim No. 12530 | SA 0434 – SA 0449 |
| Proof of Claim No. 1248 | SA 0450 – SA 0452 |
| Proof of Claim No. 9123 | SA 0453 – SA 0462 |
| Proof of Claim No. 7826 | SA 0463 – SA 0466 |

| Proof of Claim No. 343-13 | SA 0467 – SA 0469 |
| Proof of Claim No. 343-26 | SA 0470 – SA 0472 |
| Proof of Claim No. 6346 | SA 0473 – SA 0477 |

| **State and Federal Litigation Documents** | **Joint Trial Exhibit No.** | **Appendix Page Nos.** |
|---|---|---|
| Illinois Complaint filed by National Surety | 162 | SA 0478 – SA 0493 |
| Texas Complaint against Century, National Surety and Allianz | 185 | SA 0494 – SA 0515 |
| Texas Complaint against Hartford | 181 | SA 0516 – SA 0528 |
| Third Amended Complaint: *John Does I-XIX v. Boy Scouts of America, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, et al.* (District Court for the District of Idaho, No. 1:13-cv-00275-BLW) | 2912 | SA 0529 – SA 0587 |
| Trial by Jury Demand: *Plaintiffs v. Boy Scouts of America Corporation, Mobile Area Council Boy Scouts of America, et al.* (Circuit Court of Mobile County, Alabama, No. CV-2016) | 2920 | SA 0588 – SA 0617 |
| Notice of Removal: *A.A. v. the Boy Scouts of America, North Florida Council, Inc., Boy Scouts of America, et al.* (District Court for the Middle of District of Florida Ocala Division) | 2921 | SA 0618 – SA 1601 |
| Verified Complaint for Damages and Equitable Relief: *Plaintiff v. Roman Catholic Archbishop, et al.* (Superior Court of Guam, No. CV 0207-17) | 2910 | SA 1602 – SA 1613 |
| Complaint: *John Doe v. Boy Scouts of America; and Central Minnesota Council, Boy Scouts of America* (State of Minnesota County of Stearns, District Court, Seventh Judicial District, No. []) | 2913 | SA 1614 – SA 1638 |

| **Documents filed in *In re Archbishop of Agana* ("AOA"), Case No. 19-00010 (Bankr. D. Guam)** | **AOA Docket No.** | **Appendix Page Nos.** |
|---|---|---|
| Motion for Derivative Standing to Enforce the Automatic Stay and Take Other Actions | 616 | SA 1639 – SA 1659 |

| | | |
|---|---|---|
| Transcript of Hearing Held September 10, 2021 | 693 | SA 1660 – SA 1681 |
| Third Amended Chapter 11 Plan | 920 | SA 1682 – SA 1818 |
| BSA's Objection and Reservation of Rights to Confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization for the Archbishop of Agana | 948 | SA 1819 – SA 1836 |
| BSA's Objection to and Reservation of Rights to Debtors Motion Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order (1) Approving Settlement Agreement Among the Archdiocese, the AOA Entities, the Official Committee of Unsecured Creditors, and AIG Insurers Entities, (2) Approving the Archdioceses Sale of the Policies Issued to the Debtor Back to AIG Insurers Entities Free and Clear of Claims and Interests, and (3) Enjoining Assertion Of Claims Against AIG Insurers Entities | 989 | SA 1837 – SA 1866 |
| Order Granting 218 Stipulated Motion for Order Directing Mediation and Appointing the Honorable Robert J. Faris to Serve as Mediator | 227 | SA 1867 – SA 1868 |
| Transcript of Hearing Held October 4, 2022 | 1092 | SA 1869 – SA 1924 |
| Fifth Amended Chapter 11 Plan | 1044 | SA 1925 – SA 2116 |
| Order Approving Stipulation By and Between Debtor, Official Committee of Unsecured Creditors and Boy Scouts of America Regarding the BSA Plan Objection and Claim Objection | 1048 | SA 2117 – SA 2126 |
| Order Confirming Fifth Amended Joint Chapter 11 Plan of Reorganization | 1093 | SA 2127 – SA 2139 |
| Minute Entry Regarding September 10 Hearing | 690 | SA 2140 |

| Other Exhibits Admitted at Trial | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Email from Jeff Hunt to Wendy Kurten, et al. | 725 | SA 2141 – SA 2145 |
| Attachment to email: Change-Pro Redline of Claims Allowance Procedures | 502 | SA 2146 – SA 2175 |

| | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Attachment to email: Claims Allowance Procedures | 527 | SA 2176 – SA 2195 |
| Email from Debtors regarding BSA - Preliminary Comments on Draft CAP sent to Coalition, FCR, and Mediator | 529 | SA 2196 |
| Attachment to email: BSA Redline of Claims Allowance Procedures (comparing June 8, 2021 version to June 6, 2021 version) | 533 | SA 2197 – SA 2245 |
| Attachment to email: Change-Pro Redline of Claims Allowance Procedures (comparing version 3 and version 4) | 537 | SA 2246 – SA 2466 |
| Attachment to email: Change-Pro Redline of Claims Allowance Procedures (comparing version 3 and version 1) | 539 | SA 2267 – SA 2290 |
| Plaintiff John Doe 4's First Amended Complaint: *John Doe 4 v. Boy Scouts of America, Chicago Area Council, et al.* (Circuit Court of Cook County, Illinois, No. 2018 L 211) | 2911 | SA 2291 – SA 2356 |
| Complaint Fraud and Constructive Fraud: *John Doe XX, et al. v. Boy Scouts of America, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, et al.* (District Court for the District of Idaho) | 2914 | SA 2357 – SA 2380 |
| Redacted Second Revised Complaint: *John Doe #1, et al. v. Boy Scouts of America Corporation, Fairfield County Council of the Boy Scouts of America, et al.* (Superior Court, Connecticut, J.D. of Stamford/Norwalk at Stamford, No. FST-cv-15-5015023-S) | 2916 | SA 2381 – SA 2456 |

| Insurance Policies | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Hartford Pine Tree Council Casualty Insurance Policy No. 04C157992 | 1154 | SA 2457 – SA 2491 |
| Hartford Fire Insurance Co. Policy No. 12CCP500098 | 1155 | SA 2492 – SA 2547 |
| INA Policy No. 15-12-11 | 4000-1 | SA 2548 – SA 2599 |
| Allianz 1980 Umbrella Policy No. UMB 599346 | 10-1 | SA 2600 – SA 2620 |

| | | |
|---|---|---|
| Old Republic Insurance Company Commercial Excess Liability Insurance Policy for period of March 1, 2017 to March 1, 2018 | 10-7 | SA 2621 – SA 2664 |
| INA Policy No. 70-64-52 | 4000-2 | SA 2665 – SA 2700 |
| Hartford Insurance Policy | 4000-10 | SA 2701 – SA 3081 |
| INA Policy No. 07-54-09-4 | 4000-4 | SA 3082 – SA 3164 |
| INA Policy No. 4-84-03 | 4000-6 | SA 3165 – SA 3188 |
| Hartford Insurance Policy No. 10 C A43303 | 4000-8 | SA 3189 – SA 3332 |
| Hartford Insurance Policy | 4000-9 | SA 3333 – SA 3571 |
| Hartford Insurance Policy No. CBP 109170 | 4000-11 | SA 3572 – SA 3644 |
| Hartford Insurance Policy No. 54 C 990478 | 4000-12 | SA 3645 – SA 3673 |
| Hartford Insurance Policy No. 32 HU 380257 | 4000-13 | SA 3674 – SA 3684 |

| Appendix Documents Filed Under Seal | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Initial Hartford Settlement Agreement | 1481 | SA 3685 – SA 3696 |
| Proof of Claim No. 87715 | N/A | SA 3697 – SA 3789 |

| Illinois Century Answer | 202 | SA 3790 – SA 3821 |
| --- | --- | --- |

| Multimedia Documents to be Lodged with the Court[2] | Joint Trial Exhibit No. | Appendix Page Nos. |
| --- | --- | --- |
| BSA and Local Council Insurance Policies | 10 | SA 3822 |
| All Proofs of Claim | 14 | SA 3823 |
| Settled and Unsettled Local Council Policy Information (Excel Format) | 2961 | SA 3824 |

---

[2]   The following documents cannot be filed on the Court's docket due to their size or file format. The Appellees will make these documents available to the Court and the parties.  For purposes of citing these documents in the Debtors-Appellees' Consolidated Answering Brief, the Appellees have assigned these documents appendix page numbers in accordance with the "SA___" convention.



CHANGE, ELIMINATION OR ADDITION OF AUTOMOBILE
CHANGE OF COVERAGE — AMENDMENT OF DECLARATIONS

Named Insured and Address

This endorsement forms a part of Policy No. 04C157992
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date stated herein.

PINE TREE COUNCIL
BOY SCOUTS OF AMERICA (SEE END #1)
125 AUBURN ST
PORTLAND ME

Effective date        01/25/74        12:01 A. M., standard time at the address of the named insured
as stated herein.

It is agreed that the policy is amended with respect to such of the following particulars as are indicated by specific entry in connection therewith:

1. Address of named insured to read.

2. A—Automobile Eliminated: The insurance with respect to the automobile designated herein is terminated.

B—Automobile Added: Such insurance as is afforded by the policy applies with respect to the automobile described in this section, subject to all the terms of the policy as amended herein.

| Year Model | Trade Name | Identification No. (I) Serial No. (S) Motor No. (M) | Class Cas. | FTC | Purchased Mo. | Yr. | New Used | Year Model | Trade Name | Body Type Model | Identification No. (I) Serial No. (S) Motor No. (M) | List Price (L) Actual Cost (A) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☒ The automobile described in the B—Coverage. | | | | | | | | | | | | |
| #5-67 GMC PANEL | | | | | | | | | | | | |

(a) The automobile will be principally garaged in the town designated in the Declarations of the policy, unless otherwise stated herein:
(b) Loss Payee: Any loss under Comprehensive; Fire, Lightning and Transportation; Theft; Combined Additional Coverage and Collision is payable as interest may appear to the named insured and: (Name and Address)
Items (c), (d), and (e) not applicable to FAMILY AUTOMOBILE POLICY
(c) The automobile is unencumbered unless otherwise stated herein:
(d) Except with respect to bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance, the named insured is the sole owner of the automobile unless otherwise stated herein:
(e) The purposes for which the automobile is to be used are ☐ "pleasure and business", ☐ "commercial", ☐ other.................. (describe)

| Encumbrance | Instalment Payments No. | Amount of Each | Due Date and Amount of Final Instalment |
|---|---|---|---|
| | | | |

3. The premium for.....................................................†Coverage(s) and the total premium are amended to read as stated in the schedule.
4. The limits of liability for.....................................................†Coverage(s) are amended in amounts only to read as stated in the schedule.
5. To include.....................................................†Coverage(s). Limits of liability to read as stated in the schedule. The insurer with respect to such coverage shall be as designated in the schedule by Co. Code.
6. To eliminate.....................................................†Coverage(s).
7. The automobile qualifies for Class.............rates with respect to †Coverage(s).............and for Class.............rates with respect to †Coverage.

If more than one automobile is insured by the policy and the amendments effected by this endorsement are not to apply to all automobiles insured by the policy such amendments apply only with respect to the following automobile(s):

## SCHEDULE

The insurance afforded for the added automobile is only with respect to such and so many of the following coverages, each as defined in the policy, as are indicated by an additional or return premium or the words "no charge" in the Premiums column. The limit of the company's liability against each such coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

| Coverages | †Abbreviations | Addl. Premium Dollars | Cents | Return Premium Dollars | Cents | Premiums Dollars | Cents | Co. Cde | Limits of Liability each person | each accident* |
|---|---|---|---|---|---|---|---|---|---|---|
| Bodily Injury Liability | BI | | | 26 | 00 | 26 | 00 | | $100 ,000 $ | $300 ,000 |
| Medical Payments | MP | | | | | | | | each person | |
| Property Damage Liability | PD | | | 34 | 00 | 34 | 00 | | $25 ,000 each accident* | |
| | | | | | | | | | each person | each accident |
| Uninsured Motorists | UM | | | 3 | 00 | 3 | 00 | | $20 ,000 $ | 40 ,000 |
| Comprehensive | Comp | | | 16 | 00 | 16 | 00 | | $ACV | ACV unless otherwise stated |
| Fire, Lightning and Transportation | FLT | | | | | | | | $ | ACV unless otherwise stated |
| Theft | T | | | | | | | | $ | ACV unless otherwise stated |
| Combined Additional Coverage | CAC | | | | | | | | $ | ACV unless otherwise stated |
| Collision | Coll | | | | | | | | ACV less | dollars deductible |
| Towing and Labor Costs | T&L | | | | | | | | | each disablement |
| | Totals | | | 79 | 00 | | | | ACV means Actual Cash Value | |

*If this endorsement is issued to form part of a Family Automobile Policy Form the word "occurrence" is substituted for the word "accident" with respect to Bodily Injury Liability and Property Damage Liability.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated. This endorsement shall not be binding unless countersigned by a duly authorized agent of the company.

THE HARTFORD
INSURANCE GROUP
HARTFORD, CONNECTICUT

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Countersigned at.....................................................                    Authorized Agent

Form A-1648 2nd Rev.   Printed in U.S.A.   2-'59

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

# THE HARTFORD INSURANCE GROUP
HARTFORD, CONNECTICUT

## SCHEDULE OF AUTOMOBILES AND COVERED AUTOMOBILES

This Schedule forms a part of Policy No. **0461572992** issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Effective date **01 25 74** 12:01 A. M., standard time.

As respects each covered *automobile* described herein, the insurance afforded applies only with respect to such of the following coverages as are indicated by specific premium charge or change. The limit of the Company's liability against each such coverage shall be as stated herein, subject to all the terms of this insurance having reference thereto.

### Automobile — Schedule of Automobiles

| Unit or Entry No. | Year Model Trade Name / Location (Town, State) | Body Type - Truck Size No. of Cyls., Truck Load, Gallonage Bus Seating Capacity | Identification No. (I) Serial No. (S) Motor No. (M) / Rating Territory | Purpose of Use / Rating Class | Purchased Mo./Yr. New-Used / Original Cost New or Rating Symbol | Bodily Injury Liability Premium / Medical Payments Premium | Property Damage Liability Premium / Uninsured Motorist Premium | Coverage Symbol (Insert O, Q etc. as applicable) | Amt. of "ACV" (Actual Cash Value) | Deductible if any | Rates | Premium (each covered automobile) | Towing and Labor Costs Premium |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 65 FORD STAKE TRK | | BELGRADE ME T10 | C | | $ 26.00 $ | $ 34.00 $ | | $ ACV $ | $ | | $ 12.00 | $ |
| | | | | C16 | 1972 | $ $ | $ 3.00 $ | 10 | $ | | | $ | $ |
| 2 | 65 CHEV TRK | | RAYMOND ME T10 | C | | $ 26.00 $ | $ 34.00 $ | 0 | $ ACV $ | $ | | $ 20.00 | $ |
| | #4539T110704 | | | C16 | 3352 | $ $ | $ 3.00 $ | | $ | | | $ | $ |
| 3 | 52 WILLYS ½T UTILITY TRK | | = | C | | $ $ | $ $ | 0 | $ ACV $ | $ | | $ 12.00 | $ |
| | #63712 | | | | 2400 | $ $ | $ $ | | $ | | | $ | $ |
| 4 | 52 WILLYS ½T UTILITY TRK | | = | C | | $ $ | $ $ | 0 | $ ACV $ | $ | | $ 12.00 | $ |
| | #61182 | | | | 2400 | $ $ | $ $ | | $ | | | $ | $ |
| 5 | 67 GMC PANEL | | | C | | $ 26.00 $ | $ 34.00 $ | 0 | $ ACV $ | $ | | $ 16.00 | $ |
| | #GS1030KPC668600 | | | C16 | 2900 | $ $ | $ 3.00 $ | | $ | | | $ | $ |
| | | | | | | $ $ | $ $ | | $ $ | $ | | $ | $ |
| | | | | | | $ $ | $ $ | | $ $ | $ | | $ | $ |
| | | | | | | $ $ | $ $ | | $ $ | $ | | $ | $ |
| | | | | | TOTALS | $ 78.00 $ | $ 102.00 $ 9.00 | | $ $ | $ | | $ 72.00 | $ |

†Not Available in California  *P & B = Pleasure and Business; C = Commercial

LOSS PAYEES — IDENTIFY BY UNIT OR ENTRY NO.

| No. | Name and Address of Loss Payee | | No. | Name and Address of Loss Payee |
|---|---|---|---|---|

†Towing and Labor Costs

Form A-2114-0

THE COMPANY TO DATE THESE DOCUMENTS IN ITS BUSINESS RECORDS. THIS DOCUMENT does not certify that these documents constitute a complete and accurate copy of the policy.

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK002730
BSA-PLAN_00258183

SA 2478

# CASUALTY INSURANCE POLICY

**THE HARTFORD**

GENERAL POLICY PROVISIONS      Form 8117

The member company of **THE HARTFORD INSURANCE GROUP** designated on the Declarations page as the Insurer (a stock insurance company, herein called the company)

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the *named insured* as follows:

## COVERAGE

Insurance is afforded by the Coverage Parts forming a part hereof, subject to such limits of liability as are stated therein and subject to all the terms of the policy having reference thereto.

## SUPPLEMENTARY PAYMENTS

The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the *insured* in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy,

and the cost of bail bonds required of the *insured* because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the *insured* for first aid to others at the time of an accident, for *bodily injury* to which this policy applies;

(d) reasonable expenses incurred by the *insured* at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

**"automobile"** means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include *mobile equipment*;

**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

**"collapse hazard"** includes "structural property damage" as defined herein and *property damage* to any other property at any time resulting therefrom. "Structural property damage" means the collapse of or structural injury to any building or structure due to (1) grading of land, excavating, borrowing, filling, back-filling, tunnelling, pile driving, cofferdam work or caisson work or (2) moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof. The *collapse hazard* does not include *property damage* (1) arising out of operations performed for the *named insured* by independent contractors, or (2) included within the *completed operations hazard* or the *underground property damage hazard*, or (3) for which liability is assumed by the *insured* under an *incidental contract*;

**"completed operations hazard"** includes *bodily injury* and *property damage* arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the *named insured*. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the *named insured* under the contract have been completed,

(2) when all operations to be performed by or on behalf of the *named insured* at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The *completed operations hazard* does not include *bodily injury or property damage* arising out of

(a) operations in connection with the transportation of property, unless the *bodily injury or property damage* arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";

*"elevator"* means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an *automobile* servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

*"explosion hazard"* includes *property damage* arising out of blasting or explosion. The *explosion hazard* does not include *property damage* (1) arising out of the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) arising out of operations performed for the *named insured* by independent contractors, or (3) included within the *completed operations hazard* or the *underground property damage hazard*, or (4) for which liability is assumed by the *insured* under an *incidental contract*;

*"incidental contract"* means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) *elevator* maintenance agreement;

*"insured"* means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage.  The insurance afforded applies separately to each *insured* against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

*"mobile equipment"* means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the

named insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle:  power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type);   graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment;  and geophysical exploration and well servicing equipment;

*"named insured"* means the person or organization named in Item 1. of the declarations of this policy;

*"named insured's products"* means goods or products manufactured, sold, handled or distributed by the *named insured* or by others trading under his name, including any container thereof (other than a vehicle), but *"named insured's products"* shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

*"occurrence"* means an accident, including continuous or repeated exposure to conditions, which results in *bodily injury or property damage* neither expected nor intended from the standpoint of the insured;

*"policy territory"* means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the *bodily injury or property damage* does not occur in the course of travel or transportation to or from any other country, state or nation, or

(3) anywhere in the world with respect to damages because of *bodily injury or property damage* arising out of a product which was sold for use or consumption within the territory described in paragraph (1) above, provided the original suit for such damages is brought within such territory;

*"products hazard"* includes *bodily injury and property damage* arising out of the *named insured's products* or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury or property damage* occurs away from premises owned by or rented to the *named insured* and after physical possession of such products has been relinquished to others;

*"property damage"* means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an *occurrence* during the policy period;

*"underground property damage hazard"* includes underground property damage as defined herein and *property damage* to any other property at any time resulting therefrom. "Underground property damage" means *property damage* to wires, conduits, pipes, mains, sewers, tanks, tunnels, any similar property, and any apparatus in connection therewith, beneath the surface of the ground or water, caused by and occurring during the use of mechanical equipment for the purpose of grading land, paving, excavating, drilling, borrowing, filling, back-filling or pile driving.  The *underground property damage hazard* does not include *property damage* (1) arising out of operations performed for the *named insured* by independent contractors, or (2) included within the *completed operations hazard*, or (3) for which liability is assumed by the *insured* under an *incidental contract*.

## DESCRIPTION OF TERMS USED AS PREMIUM BASES

When used as a premium basis for:

(a) Comprehensive General Liability Insurance or Owners', Landlords' and Tenants' Liability Insurance, *"admissions"* means the total number of persons, other than employees of the *named insured*, admitted to the event covered by the insurance or to events conducted on the premises whether on paid admission tickets, complimentary tickets or passes;

(b) Comprehensive General Liability Insurance;  Manufacturers' and Contractors' Liability Insurance; Owners', Landlords' and Tenants' Liability Insurance; Owners' and Contractors' Protective Liability Insurance, *"cost"* means the total cost to the *named insured* with respect to operations performed for the *named insured* during the policy period by independent contractors of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or subcontractor, including all fees, allowances, bonuses or commissions made, paid or due;

(c) Comprehensive General Liability Insurance;  Manufacturers' and Contractors' Liability Insurance;  Owners', Landlords' and Tenants' Liability Insurance or Completed Operations and Products Liability Insurance, *"receipts"* means the gross amount of money charged by the *named insured* for such operations during the policy period as are rated on a receipts basis other than receipts from telecasting, broadcasting or motion pictures, and includes taxes, other than taxes which the named insured collects as a separate item and remits directly to a governmental division;

(d) Comprehensive General Liability Insurance;  Manufacturers' and Contractors' Liability Insurance or Owners', Landlords' and Tenants' Liability Insurance which includes coverage for structural alterations, new construction and demolition operations, *"remuneration"* means the entire remuneration earned during the policy period by proprietors and by all employees of the *named insured*, other than chauffeurs (except operators of *mobile equipment*) and aircraft pilots and co-pilots, subject to any overtime earnings or limitation of remuneration rule applicable in accordance with the manuals in use by the Company;

Form 8117

2

(e) Comprehensive General Liability Insurance or Completed Operations and Products Liability Insurance, **"sales"** means the gross amount of money charged by the *named insured* or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the *named insured* and such others collect as a separate item and remit directly to a governmental division;

(f) Contractual Liability Insurance, **"cost"** means the total cost to any indemnitee, with respect to any contract which is insured, of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or the subcontractor, including all fees, allowances, bonuses or commissions made, paid or due;

(g) Garage Insurance, **"remuneration"** means (a) the entire remuneration earned during the policy period by each Class A employee and each Class C employee of the *named insured*, subject to an average weekly maximum of $100, and the remuneration of each Class B person at a fixed amount of $2,000 per annum with respect to Dealer Risks (Hazard 1) or $5,200 per annum with respect to Non-Dealer Risks (Hazard 2)

**"Class A"** means all clerical office employees

**"Class B"** means all proprietors and officers active in the business, and inactive proprietors or officers (other than an inactive proprietor or officer who is a spouse of an active proprietor or officer) who customarily drive an *automobile*

owned by the *named insured*; and all salesmen, general managers, service managers and chauffeurs

**"Class C"** means all other employees;

(h) Comprehensive Automobile Liability Insurance,

(1) **"cost of hire"** means the amount incurred for (a) the hire of *automobiles*, including the entire remuneration of each employee of the *named insured* engaged in the operation of such *automobiles* subject to an average weekly maximum remuneration of $100, and for (b) pick-up, transportation or delivery service of property or passengers, other than such services performed by motor carriers which are subject to the security requirements of any motor carrier law or ordinance.   The rates for each $100 of **"cost of hire"** shall be 5% of the applicable *hired automobile* rates, provided the owner of such *hired automobile* has purchased *automobile* Bodily Injury Liability and Property Damage Liability insurance covering the interest of the *named insured* on a direct primary basis as respects such *automobile* and submits evidence of such insurance to the *named insured*;

(2) **"Class 1 persons"** means the following persons, provided their usual duties in the business of the *named insured* include the use of *non-owned automobiles*:  (a) all employees, including officers, of the *named insured* compensated for the use of such *automobiles* by salary, commission, terms of employment, or specific operating allowance of any sort; (b) all direct agents and representatives of the *named insured*;

(3) **"Class 2 employees"** means all employees, including officers, of the *named insured*, not included in Class 1 persons.

# NUCLEAR ENERGY LIABILITY EXCLUSION

This exclusion modifies the provisions of the policy relating to ALL LIABILITY AND MEDICAL PAYMENTS INSURANCE OTHER THAN COMPREHENSIVE PERSONAL AND FARMERS COMPREHENSIVE PERSONAL INSURANCE.

It is agreed that:

I. The policy does not apply:

A. Under any Liability Coverage, to *bodily injury* or *property damage*

(1) with respect to which an *insured* under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the *insured* is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to *bodily injury* resulting from the *hazardous properties* of *nuclear material* and arising out of the operation of a *nuclear facility* by any person or organization.

C. Under any Liability Coverage, to *bodily injury* or *property damage* resulting from the *hazardous properties* of *nuclear material*, if

(1) the *nuclear material* (a) is at any *nuclear facility* owned by, or operated by or on behalf of, an *insured* or (b) has been discharged or dispersed therefrom;

(2) the *nuclear material* is contained in *spent fuel* or *waste* at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an *insured*; or

(3) the *bodily injury* or *property damage* arises out of the furnishing by an *insured* of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any *nuclear*

*facility*, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to *property damage* to such *nuclear facility* and any property thereat.

II. As used in this exclusion:

**"hazardous properties"** include radioactive, toxic or explosive properties;

**"nuclear material"** means *source material, special nuclear material* or *byproduct material*;

**"source material"**, **"special nuclear material"**, and **"byproduct material"** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

**"spent fuel"** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a *nuclear reactor*;

**"waste"** means any waste material (1) containing *byproduct material* and (2) resulting from the operation by any person or organization of any *nuclear facility* included within the definition of *nuclear facility* under paragraph (a) or (b) thereof;

**"nuclear facility"** means

(a) any *nuclear reactor*,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing *spent fuel*, or (3) handling, processing or packaging *waste*,

(c) any equipment or device used for the processing, fabricating or alloying of *special nuclear material* if at any time the total amount of such material in the custody of the *insured* at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of *waste*,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

**"nuclear reactor"** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

**"property damage"** includes all forms of radioactive contamination of property.

Form 8117

3

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK002733
BSA-PLAN_00258186

SA 2481

## CONDITIONS

**1. Premium** All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the *named insured*, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the *named insured* the unearned portion paid by the *named insured*.

The *named insured* shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**2. Inspection and Audit** The company shall be permitted but not obligated to inspect the *named insured's* property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the *named insured* or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

The company may examine and audit the *named insured's* books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**3. Financial Responsibility Laws** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for *bodily injury* liability or for *property damage* liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The *insured* agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**4. Insured's Duties in the Event of Occurrence, Claim or Suit**
(a) In the event of an *occurrence*, written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company or any of its authorized agents as soon as practicable.
(b) If claim is made or suit is brought against the *insured*, the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
(c) The *insured* shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and enforcing any right of contribution or indemnity against any person or organization who may be liable to the *insured* because of injury or damage with respect to which insurance is afforded under this policy; and the *insured* shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The *insured* shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**5. Action Against Company** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the *insured's* obligation to pay shall have been finally determined either by judgment against the *insured* after actual trial or by written agreement of the *insured*, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the *insured* to determine the *insured's* liability, nor shall the company be impleaded by the *insured* or of the *insured's* estate shall not relieve the company of any of its obligations hereunder.

**6. Other Insurance** The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the *insured* has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:
(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.
(b) **Contribution by Limits.** If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation** In the event of any payment under this policy, the company shall be subrogated to all the *insured's* rights of recovery therefor against any person or organization and the *insured* shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The *insured* shall do nothing after loss to prejudice such rights.

**8. Changes** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the company.

**9. Assignment** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the *named insured* shall die, such insurance as is afforded by this policy shall apply (1) to the *named insured's* legal representative, as the *named insured*, but only while acting within the scope of his duties as such, and (2) with respect to the property of the *named insured*, to the person having proper temporary custody thereof, as *insured*, but only until the appointment and qualification of the legal representative.

**10. Three Year Policy** If this policy is issued for a period of three years any limit of the company's liability stated in this policy as "aggregate" shall apply separately to each consecutive annual period thereof.

**11. Cancellation** This policy may be cancelled by the *named insured* by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the *named insured* at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the *named insured* or by the company shall be equivalent to mailing.

If the *named insured* cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**12. Declarations** By acceptance of this policy, the *named insured* agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

**In Witness Whereof,** the Company has caused this policy to be signed by its President and a Secretary, but the same shall not be binding unless countersigned on the declarations page by a duly authorized agent of the company.

*Michael S. Wilder*
Michael S. Wilder, *Secretary*

*Donald R. Frahm*
Donald R. Frahm, *President*

Form 8117   Printed in U. S. A.   (ISO: AG-00-01   Ed 1-'73)

4

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

business records. At this time, the company does not certify that these documents constitute a complete and accurate co...

HART-BK002734
BSA-PLAN_00258187

SA 2482

## COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
## COVERAGE PART

*(continued)*

**I.   COVERAGE C—BODILY INJURY LIABILITY**
**COVERAGE D—PROPERTY DAMAGE LIABILITY**

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of
Coverage C. *bodily injury* or
Coverage D. *property damage*

to which this insurance applies, caused by an *occurrence* and arising out of the ownership, maintenance or use, including loading and unloading, of any *automobile*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

**(a)** to liability assumed by the *insured* under any contract or agreement;

**(b)** to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

**(c)** to *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured* or to any obligation of the *insured* to indemnify another because of damages arising out of such injury, but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the *insured* unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

**(d)** to *property damage* to
(1) property owned or being transported by the *insured*, or
(2) property rented to or in the care, custody or control of the *insured*, or as to which the *insured* is for any purpose exercising physical control, other than *property damage* to a residence or private garage by a *private passenger automobile* covered by this insurance;

**(e)** to *bodily injury* or *property damage* due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to expenses for first aid under the Supplementary Payments provision.

**(f)** to *bodily injury* or *property damage* arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or polutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

**II.   PERSONS INSURED**

Each of the following is an *insured* under this insurance to the extent set forth below:

**(a)** the *named insured*;

**(b)** any partner or executive officer thereof, but with respect to a *non-owned automobile* only while such *automobile* is being used in the business of the *named insured*;

**(c)** any other person while using an *owned automobile* or a *hired automobile* with the permission of the *named insured*, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to *bodily injury* or *property damage* arising out of the loading or unloading thereof, such other person shall be an *insured* only if he is:
(1) a lessee or borrower of the *automobile*, or
(2) an employee of the *named insured* or of such lessee or borrower;

**(d)** any other person or organization but only with respect to his or its liability because of acts or omissions of an *insured* under (a), (b) or (c) above.

None of the following is an *insured*:

(i) any person while engaged in the business of his employer with respect to *bodily injury* to any fellow employee of such person injured in the course of his employment;

(ii) the owner or lessee (of whom the *named insured* is a sublessee) of a *hired automobile* or the owner of a *non-owned automobile*, or any agent or employee of any such owner or lessee;

(iii) an executive officer with respect to an *automobile* owned by him or by a member of his household;

(iv) any person or organization, other than the *named insured*, with respect to:
(1) a motor vehicle while used with any *trailer* owned or hired by such person or organization and not covered by like insurance in the company (except a *trailer* designed for use with a *private passenger automobile* and not being used for business purposes with another type motor vehicle), or
(2) a *trailer* while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company;

(v) any person while employed in or otherwise engaged in duties in connection with an *automobile business*, other than an *automobile business* operated by the *named insured*.

This insurance does not apply to *bodily injury* or *property damage* arising out of (1) a *non-owned automobile* used in the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured*, or (2) if the *named insured* is a partnership, an *automobile* owned by or registered in the name of a partner thereof.

**III.   LIMITS OF LIABILITY**

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *bodily injury* or *property damage*, (3) claims made or suits brought on account of *bodily injury* or *property damage* or (4) *automobiles* to which this policy applies, the company's liability is limited as follows:

Coverage C—The limit of *bodily injury* liability stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one person as the result of any one *occurrence*; but subject to the above provision respecting "each person", the total liability of the company for all damages including damages for care and loss of services, because of *bodily injury* liability sustained by two or more persons as the result of any one *occurrence* shall not exceed the limit of *bodily injury* liability stated in the schedule as applicable to "each *occurrence*".

Coverage D—The total liability of the company for all damages because of all *property damage* sustained by one or more persons or organizations as the result of any one *occurrence* shall not exceed the limit of *property damage* liability stated in the schedule as applicable to "each *occurrence*".

Coverages C and D—For the purpose of determining the limit of the company's liability, all *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence*.

**IV.   POLICY PERIOD; TERRITORY**

This insurance applies only to *bodily injury* or *property damage* which occurs within the territory described in paragraph (1) or (2) of the definition of *policy territory*.

**V.   ADDITIONAL DEFINITIONS**

When used in reference to this insurance (including endorsements forming a part of the policy):

"*automobile business*" means the business or occupation of selling, repairing, servicing, storing or parking *automobiles*;

"*hired automobile*" means an *automobile* not owned by the *named insured* which is used under contract in behalf of, or loaned to, the *named insured*, provided such *automobile* is not owned by or registered in the name of (a) a partner or executive officer of the *named insured* or (b) an employee or agent of the *named insured* who is granted an operating allowance of any sort for the use of such *automobile*;

"*non-owned automobile*" means an *automobile* which is neither an *owned automobile* nor a *hired automobile*;

"*owned automobile*" means an *automobile* owned by the *named insured*;

"*private passenger automobile*" means a four wheel private passenger or station wagon type *automobile*;

"*trailer*" includes semi-trailer but does not include *mobile equipment*.

**VI.   ADDITIONAL CONDITION**
**Excess Insurance—Hired and Non-Owned Automobiles**

With respect to a *hired automobile* or a *non-owned automobile*, this insurance shall be excess insurance over any other valid and collectible insurance available to the *insured*.

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK002735
BSA-PLAN_00258188

SA 2483

**Protection Against**
**UNINSURED MOTORISTS INSURANCE**
**COVERAGE PART**
*(Continued)*

**III. LIMITS OF LIABILITY**

Regardless of the number of *insureds* under this policy, the company's liability is limited as follows:

(a) The limit of liability stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages because of *bodily injury* sustained by one person as the result of any one accident and, subject to the above provision respecting "each person", the limit of liability stated in the schedule as applicable to "each accident" is the total limit of the company's liability for all damages because of *bodily injury* sustained by two or more persons as the result of any one accident.

(b) Any amount payable under the terms of this insurance because of *bodily injury* sustained in an accident by a person who is an *insured* under this coverage shall be reduced by

   (1) all sums paid on account of such *bodily injury* by or on behalf of

      (i) the owner or operator of the *uninsured highway vehicle* and

      (ii) any other person or organization jointly or severally liable together with such owner or operator for such *bodily injury,*

   including all sums paid under the *bodily injury* liability coverage of the policy, and

   (2) the amount paid and the present value of all amounts payable on account of such *bodily injury* under any workmen's compensation law, disability benefits law or any similar law.

(c) Any payment made under this insurance to or for any *insured* shall be applied in reduction of the amount of damages which he may be entitled to recover from any person or organization who is an *insured* under the *bodily injury* liability coverage of the policy.

(d) The company shall not be obligated to pay under this insurance that part of the damages which the *insured* may be entitled to recover from the owner or operator of an *uninsured highway vehicle* which represents expenses for medical services paid or payable under the medical payments coverage of the policy.

**IV. POLICY PERIOD; TERRITORY**

This insurance applies only to accidents which occur during the policy period and within the United States of America, its territories or possessions, or Canada.

**V. ADDITIONAL DEFINITIONS**

When used in reference to this insurance (including endorsements forming a part of the policy):

*"designated insured"* means an individual named in the schedule under Designated Insured;

*"highway vehicle"* means a land motor vehicle or trailer other than

(a) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads,

(b) a vehicle operated on rails or crawler-treads, or

(c) a vehicle while located for use as a residence or premises;

*"hit-and-run vehicle"* means a *highway vehicle* which causes *bodily injury* to an *insured* arising out of physical contact of such vehicle with the *insured* or with a vehicle which the *insured* is *occupying* at the time of the accident, provided:

(a) there cannot be ascertained the identity of either the operator or owner of such *highway vehicle;*

(b) the *insured* or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the *insured* or his legal representative has a cause or causes of action arising out of such accident for *damages* against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

(c) at the company's request, the *insured* or his legal representative makes available for inspection the vehicle which the *insured* was *occupying* at the time of the accident;

*"insured highway vehicle"* means a *highway vehicle:*

(a) described in the schedule as an *insured highway vehicle* to which the *bodily injury* liability coverage of the policy applies;

(b) while temporarily used as a substitute for an *insured highway vehicle* as described in subparagraph (a) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

(c) while being operated by the *named* or *designated insured* or by the spouse of either if a resident of the same household;

but the term *"insured highway vehicle"* shall not include:

   (i) a vehicle while used as a public or livery conveyance, unless such use is specifically declared and described in this policy;

   (ii) a vehicle while being used without the permission of the owner;

   (iii) under subparagraphs (b) and (c) above, a vehicle owned by the *named insured,* any *designated insured* or any resident of the same household as the *named* or *designated insured;* or

   (iv) under subparagraphs (b) and (c) above, a vehicle furnished for the regular use of the *named insured* or any resident of the same household;

*"occupying"* means in or upon or entering into or alighting from;

*"state"* includes the District of Columbia, a territory or possession of the United States, and a province of Canada;

*"uninsured highway vehicle"* means:

(a) a *highway vehicle* with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the *state* in which the *insured highway vehicle* is principally garaged, no *bodily injury* liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a *bodily injury* liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or is or becomes insolvent; or

(b) a *hit-and-run vehicle;*

but the term *"uninsured highway vehicle"* shall not include:

   (i) an *insured highway vehicle,*

   (ii) a *highway vehicle* which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,

   (iii) a *highway vehicle* which is owned by the United States of America, Canada, a *state,* a political subdivision of any such government or an agency of any of the foregoing.

**VI. ADDITIONAL CONDITIONS**

**A. Premium.**

If during the policy period the number of *insured highway vehicles* owned by the *named insured* or spouse or the number of dealer's license plates issued to the *named insured* changes, the *named insured* shall notify the company during the policy period of any change and the premium shall be adjusted in accordance with manuals in use by the company. If the earned premium thus computed exceeds the advance premium paid, the *named insured* shall pay the excess to the company; if less, the company shall return to the *named insured* the unearned portion paid by such *insured.*

**B. Proof of Claim; Medical Reports.**

As soon as practicable, the *insured* or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The *insured* and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.

**C. Assistance and Cooperation of the Insured.**

After notice of claim under this insurance, the company may require the *insured* to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the *bodily injury;* and in any action against the company, the company may require the *insured* to join such person or organization as a party defendant.

**D. Notice of Legal Action.**

If, before the company makes payment of loss hereunder, the *insured* or his legal representative shall institute any legal action for *bodily injury* against any person or organization legally responsible for the use of a *highway vehicle* involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the *insured* or his legal representative.

Form A-3009-0                  UM-2

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK002736
BSA-PLAN_00258189

**SA 2484**

**Protection Against**
## UNINSURED MOTORISTS INSURANCE
### COVERAGE PART
*(Continued)*

**E. Other Insurance.**

With respect to *bodily injury* to an *insured* while *occupying* a *highway vehicle* not owned by the *named insured*, this insurance shall apply only as excess insurance over any other similar insurance available to such *insured* and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the *insured* has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

**F. Arbitration.**

If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an *uninsured highway vehicle* because of *bodily injury* to the *insured*, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the *insured* and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.

**G. Trust Agreement.**

In the event of payment to any person under this insurance:

(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the *bodily injury* because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this insurance;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision.

**H. Payment of Loss by the Company.**

Any amount due hereunder is payable

(a) to the *insured*, or

(b) if the *insured* be a minor to his parent or guardian, or

(c) if the *insured* be deceased to his surviving spouse, otherwise

(d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents;

provided, the company may at its option pay any amount due hereunder in accordance with division (d) hereof.

Form A-3009-0                    US6-3

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK002737
BSA-PLAN_00258190

**SA 2485**

## AUTOMOBILE PHYSICAL DAMAGE INSURANCE (Non-Fleet)
### COVERAGE PART
*(continued)*



### I. COVERAGE AGREEMENTS

1. The company will pay for *loss* to *covered automobiles*, under:

**Coverage O-Comprehensive** — from any cause except *collision*; but, for the purpose of this Coverage, breakage of glass and *loss* caused by missiles, falling objects, fire, theft or larceny, windstorm, hail, earthquake, explosion, riot or civil commotion, malicious mischief or vandalism, water, flood, or (as to a *covered automobile* of the *private passenger type*) colliding with a bird or animal, shall not be deemed *loss* caused by *collision;*

**Coverage P-Collision** — caused by *collision;*

**Coverage Q-Fire, Lightning or Transportation** — caused by

(a) fire or lightning,

(b) smoke or smudge due to a sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the *covered automobile* is located, or

(c) the stranding, sinking, burning, collision or derailment of any conveyance in or upon which the *covered automobile* is being transported;

**Coverage R-Theft** — caused by theft or larceny;

**Coverage S-Windstorm, Hail, Earthquake or Explosion** — caused by windstorm, hail, earthquake or explosion;

**Coverage T-Combined Additional** — caused by

(a) windstorm, hail, earthquake or explosion,

(b) riot or civil commotion,

(c) the forced landing or falling of any aircraft or its parts or equipment,

(d) malicious mischief or vandalism,

(e) flood or rising waters, or

(f) external discharge or leakage of water;

provided that, with respect to each *covered automobile*,

(i) under the Comprehensive Coverage (except as to *loss* from any of the causes described in the Fire, Lightning or Transportation Coverage) and under the Collision Coverage, such payment shall be only for the amount of each *loss* in excess of the deductible amount, if any, stated in the schedule as applicable thereto;

(ii) under the Combined Additional Coverage, $25 shall be deducted from the amount of each *loss* caused by malicious mischief or vandalism.

2. The company will pay, under:

**Coverage V-Towing** — for towing and labor costs necessitated by the disablement of *covered automobiles*, provided the labor is performed at the place of disablement.

3. **Supplementary Payments:** In addition to the applicable limits of liability, the company will:

(a) with respect to such transportation insurance as is afforded herein, pay general average and salvage charges for which the *named insured* becomes legally liable;

(b) reimburse the *named insured*, in the event of a theft covered by this insurance of an entire *covered automobile* of the *private passenger type* (not used as a public or livery conveyance and not, at time of theft, being held for sale by an automobile dealer), for expense incurred for the rental of a substitute for such *covered automobile* during the period commencing 48 hours after such theft has been reported to the company and the police and terminating, regardless of expiration of the policy period, when such *covered automobile* is returned to use or the company pays for the *loss*; but, as to any one such theft, such reimbursement shall not exceed $10 for any one day nor $300 total loss.

4. Such insurance as is afforded under each Coverage applies separately to each *covered automobile*, and a land motor vehicle and one or more trailers or semitrailers attached thereto shall be held to be separate *covered automobiles* as respects limits of liability and any deductible provisions applicable thereto.

### Exclusions

This insurance does not apply:

(a) to any *covered automobile* while used as a public or livery conveyance, unless such use is specifically declared and described in the schedule;

(b) to damage which is due and confined to:

(i) wear and tear, or

(ii) freezing, or

(iii) mechanical or electrical breakdown or failure,

unless such damage is the result of other *loss* covered by this insurance;

(c) to tires, unless

(i) *loss* be coincident with and from the same cause as other *loss* covered by this insurance; or

(ii) damaged by fire (and, if a *covered automobile* of the *private passenger type*, by malicious mischief or vandalism) or stolen and, as to the *covered automobile*, *loss* caused by such damage or theft is covered by this insurance;

(d) to *loss* due to

(i) war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(ii) radioactive contamination;

(e) to *loss* to

(i) any device or instrument designed for the recording, reproduction, or recording and reproduction of sound unless such device or instrument is permanently installed in the *covered automobile;*

(ii) any tape, wire, record disc or other medium for use with any device or instrument designed for the recording, reproduction, or recording and reproduction of sound;

(f) to *loss* to a *camper body* designed for use with a *covered automobile* and not designated in the schedule and premium charged therefor if such *camper body* was owned at the inception of the policy period or the inception of any renewal or extension period thereof;

(g) under the Comprehensive and Theft Coverages, to loss or damage due to conversion, embezzlement or secretion by any person in possession of a *covered automobile* under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance;

(h) under the Collision Coverage, to breakage of glass if insurance with respect to such breakage is otherwise afforded herein;

(i) under the Windstorm, Hail, Earthquake or Explosion and Combined Additional Coverages, to *loss* resulting from rain, snow or sleet, whether or not wind-driven.

### II. LIMIT OF LIABILITY

The limit of the company's liability for *loss* to any one *covered automobile* shall not exceed the least of the following amounts:

(a) the actual cash value of such *covered automobile*, or if the *loss* is to a part thereof the actual cash value of such part, at time of *loss;* or

(b) what it would then cost to repair or replace such *covered automobile* or part thereof with other of like kind and quality, with deduction for depreciation; or

(c) the limit of liability stated in the schedule as applicable to "each *covered automobile*" under the Coverage afforded for the *loss* to such *covered automobile*, provided that if such limit of liability is expressed as a stated amount it shall, with respect to a *covered automobile* newly acquired during the policy period and not described in the schedule, be deemed as having been replaced by "actual cash value".

### III. POLICY PERIOD; TERRITORY; PURPOSES OF USE

This insurance applies only to *loss* which occurs during the policy period, while the *covered automobile* is within the United States of America, its territories or possessions, or Canada, or is being transported between ports thereof and, if a *covered automobile* described in the schedule, is maintained and used for the purposes stated herein as applicable thereto.

Form A-3010-0                                             PHN-2

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK002738
BSA-PLAN_00258191

SA 2486



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

**AUTOMOBILE PHYSICAL DAMAGE INSURANCE (Non-Fleet)**
**COVERAGE PART**
*(continued)*

**IV.  ADDITIONAL DEFINITIONS**

When used in reference to this insurance (including endorsements forming a part of the policy):

*"camper body"* means a body designed to be mounted upon a *covered automobile* and equipped as sleeping or living quarters;

*"collision"* means (i) collision of a *covered automobile* with another object or with a vehicle to which it is attached, or (ii) upset of such *covered automobile*;

*"covered automobile"* means a land motor vehicle, trailer or semi-trailer, including its equipment and other equipment permanently attached thereto (but not including robes, wearing apparel or personal effects), which is either

(a) designated in the schedule, by description, as a *covered automobile* to which this insurance applies and is owned by the *named insured;* or

(b) if not so designated, such vehicle is newly acquired by the *named insured* during the policy period provided, however, that:

   (i) it replaces a described *covered automobile*, or as of the date of its delivery this insurance applies to all *covered automobiles*, and

   (ii) the *named insured* notifies the company within 30 days following such delivery date;

but *"covered automobile"* does not include a vehicle owned by or registered in the name of any individual partner or executive officer of the *named insured*, unless specifically stated otherwise by endorsement forming a part of the policy;

*"loss"* means direct and accidental loss or damage;

*"private passenger type"* means a 4-wheel land motor vehicle of the private passenger or station wagon type;

as to *"purposes of use"*:

*"commercial"* means use principally in the business occupation of the *named insured* as stated in the declarations, including occasional use for personal, pleasure, family and other business purposes;

*"pleasure and business"* means personal, pleasure, family and business use.

**V.  CONDITIONS**

None of the Conditions of the policy shall apply to this insurance except "Premium", "Inspection and Audit", "Subrogation", "Changes", "Assignment", "Cancellation", and "Declarations". This insurance shall also be subject to the following additional Conditions:

**1. Named Insured's Duties in Event of Loss**

In the event of *loss* the *named insured* shall:

(a) protect the *covered automobile*, whether or not this insurance applies to the *loss*, and any further loss or damage due to the *named insured's* failure to protect shall not be recoverable under this insurance; reasonable expenses incurred in affording such protection shall be deemed incurred at the company's request;

(b) give notice thereof as soon as practicable to the company or any of its authorized agents and also, in the event of theft or larceny, to the police;

(c) file with the company, within 91 days after *loss*, his sworn proof of *loss* in such form and including such information as the company may reasonably require and, upon the company's request, shall exhibit the damaged property and submit to examination under oath;

(d) cooperate with the company and, upon the company's request, shall assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the *named insured* because of *loss* with respect to which this insurance applies; and shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses;

but the *named insured* shall not, except at his own cost, voluntarily make any payment, assume any obligation, offer or pay any reward for recovery of stolen property or incur any expense other than as specifically provided in this insurance.

**2. Payment for Loss**

With respect to any *loss* covered by this insurance, the company may pay for said *loss* in money, or may:

(a) repair or replace the damaged or stolen property, or

(b) return at its expense any stolen property to the *named insured*, with payment for any resultant damage thereto, at any time before the *loss* is so paid or the property is so replaced, or

(c) take all or any part of the damaged or stolen property at the agreed or appraised value,

but there shall be no abandonment to the company.

**3. Appraisal**

If the *named insured* and the company fail to agree as to the amount of *loss*, either may, within 60 days after proof of *loss* is filed, demand an appraisal of the *loss*. In such event the *named insured* and the company shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire. The appraisers shall state separately the actual cash value and the amount of *loss* and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of *loss*. The *named insured* and the company shall each pay its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire.

The company shall not be held to have waived any of its rights by any act relating to appraisal.

**4. Action Against Company**

No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this insurance nor until 30 days after proof of *loss* is filed and the amount of *loss* is determined as provided in this insurance.

**5. Other Insurance**

If the *named insured* has other insurance against a *loss* covered by this insurance, the company shall not be liable under this insurance for a greater proportion of such *loss* than the applicable limit of liability stated in the schedule bears to the total applicable limit of liability of all valid and collectible insurance against such *loss*; provided, however, with respect to any *covered automobile* newly acquired during the policy period and not described in the schedule, this insurance shall not apply to any *loss* against which the *named insured* has other valid and collectible insurance.

**6. No Benefit to Bailee**

None of the provisions of this insurance shall inure directly or indirectly to the benefit of any carrier or other bailee for hire.

**7. Terms of Insurance Conformed to Statute**

Terms of this insurance which are in conflict with the statutes of the state wherein this insurance is issued are hereby amended to conform to such statutes.

The company located these documents in its business records. At this time, the company does not verify that these documents constitute

Form A-3010-0  Printed in U.S.A.  12-'72  (ISO: PHN)

**PHN-3**

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

## AUTOMOBILE PHYSICAL DAMAGE INSURANCE (Non-Fleet)
## COVERAGE PART
*(continued)*

### STATE EXCEPTIONS

KANSAS — If this insurance is issued in the State of Kansas, the following applies:

1. In the "Named Insured's Duties in Event of Loss" Condition, paragraph (a) is amended to read:

   "(a) use every reasonable means to protect the *covered automobile* (whether or not this insurance applies to the *loss*) from further *loss*; reasonable expenses incurred in affording such protection shall be deemed incurred at the company's request;"

2. In the "Appraisal" Condition, the term "30 days" is substituted for "60 days".

———————————————

NORTH CAROLINA — If this insurance is issued in the State of North Carolina, the following applies:

**Proofs of Loss** — The failure of the *named insured* to furnish proofs of *loss* as required by the terms of this insurance shall not debar him from recovery hereunder unless within fifteen (15) days after receipt of notice of *loss* the company or its representatives shall provide the *named insured* with a blank or blanks in duplicate, in the form approved by the Insurance Commissioner, to be used for the purpose of making such proofs of *loss*.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK002740
BSA-PLAN_00258193

SA 2488

## PERSONAL INJURY LIABILITY INSURANCE
## COVERAGE PART
*(continued)*

### I.  COVERAGE PI — PERSONAL INJURY LIABILITY

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of injury (herein called "*personal injury*") sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the *named insured's* business:

> Group A — false arrest, detention or imprisonment, or malicious prosecution;
>
> Group B — the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy;
>
> Group C — wrongful entry or eviction, or other invasion of the right of private occupancy;

if such offense is committed during the policy period within the United States of America, its territories or possessions, or Canada, and the company shall have the right and duty to defend any suit against the *insured* seeking *damages* on account of such *personal injury* even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a)  to liability assumed by the *insured* under any contract or agreement;

(b)  to *personal injury* arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of any *insured*;

(c)  to *personal injury* sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the *named insured*;

(d)  to *personal injury* arising out of any publication or utterance described in Group B, if the first injurious publication or utterance of the same or similar material by or on behalf of the *named insured* was made prior to the effective date of this insurance;

(e)  to *personal injury* arising out of any publication or utterance described in Group B concerning any person, organization or business enterprise, or his or its products or services, made by or at the direction of any *insured* with knowledge of the falsity thereof;

(f)  to *personal injury* arising out of any publication or utterance described in Group B made in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the *named insured*.

### II.  PERSONS INSURED

Each of the following is an *insured* under this insurance to the extent set forth below:

(a)  if the *named insured* is designated in the declarations as an individual, the person so designated;

(b)  if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c)  if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to *personal injury* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured*.

### III.  LIMITS OF LIABILITY—INSURED'S PARTICIPATION

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *personal injury*, or (3) claims made or suits brought on account of *personal injury*, the total liability of the company for all *damages* because of all *personal injury* to which this coverage applies, sustained by any one person or organization, shall not exceed the limit of *personal injury* liability stated in the schedule as "each person aggregate."

Subject to the above provision respecting "each person aggregate", the total limit of the company's liability under this coverage for all *damages* because of all *personal injury* liability stated in the schedule as "general aggregate".

If a participation percentage is stated in the schedule for the *insured*, the company shall not be liable for a greater proportion of any loss than the difference between such percentage and one hundred percent and the balance of the loss shall be borne by the *insured*; provided, the company may pay the *insured's* portion of a loss to effect settlement of the loss, and, upon notification of the action taken, the *named insured* shall promptly reimburse the company therefor.

### IV.  AMENDED DEFINITION

When used in reference to this insurance:

"*damages*" means only those damages which are payable because of *personal injury* arising out of an offense to which this insurance applies.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-3020-1   Printed in U. S. A.   3-'67                    PI-2

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK002741
BSA-PLAN_00258194

SA 2489

## COMPREHENSIVE GENERAL LIABILITY INSURANCE
## COVERAGE PART
### (continued)

### I. COVERAGE A — BODILY INJURY LIABILITY
### COVERAGE B — PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of

Coverage A — *bodily injury* or

Coverage B — *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking *damages* on account of such *bodily injury* or *property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the *insured* under any contract or agreement except an *incidental contract*; but this exclusion does not apply to a warranty of fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;

(b) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any *automobile* or aircraft owned or operated by or rented or loaned to any *insured*, or

(2) any other *automobile* or aircraft operated by any person in the course of his employment by any *insured*;

but this exclusion does not apply to the parking of an *automobile* on premises owned by, rented to or controlled by the *named insured* or the ways immediately adjoining, if such *automobile* is not owned by or rented or loaned to any *insured*;

(c) to *bodily injury* or *property damage* arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any *mobile equipment* while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or (2) the operation or use of any snowmobile or trailer designed for use therewith;

(d) to *bodily injury* or *property damage* arising out of and in the course of the transportation of *mobile equipment* by an *automobile* owned or operated by or rented or loaned to any *insured*;

(e) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any watercraft owned or operated by or rented or loaned to any *insured*, or

(2) any other watercraft operated by any person in the course of his employment by any *insured*;

but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the *named insured*;

(f) to *bodily injury* or *property damage* arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

(g) to *bodily injury* or *property damage* due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to

(1) liability assumed by the *insured* under an *incidental contract*, or

(2) expenses for first aid under the Supplementary Payments provision;

(h) to *bodily injury* or *property damage* for which the *insured* or his indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes,

if such liability is imposed

(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the *insured* or his indemnitee as an owner or lessor described in (2) above;

(i) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(j) to *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured* or to any obligation of the *insured* to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the *insured* under an *incidental contract*;

(k) to *property damage* to

(1) property owned or occupied by or rented to the *insured*,

(2) property used by the *insured*, or

(3) property in the care, custody or control of the *insured* or as to which the *insured* is for any purpose exercising physical control;

but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to *property damage* (other than to *elevators*) arising out of the use of an *elevator* at premises owned by, rented to or controlled by the *named insured*;

(l) to *property damage* to premises alienated by the *named insured* arising out of such premises or any part thereof;

(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from

(1) a delay in or lack of performance by or on behalf of the *named insured* of any contract or agreement, or

(2) the failure of the *named insured's products* or work performed by or on behalf of the *named insured* to meet the level of performance, quality, fitness or durability warranted or represented by the *named insured*;

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the *named insured's products* or work performed by or on behalf of the *named insured* after such products or work have been put to use by any person or organization other than an *insured*;

(n) to *property damage* to the *named insured's products* arising out of such products or any part of such products;

(o) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(p) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the *named insured's products* or work completed by or for the *named insured* or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(q) to *property damage* included within:

(1) the *explosion hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "x",

The 137 this policy ... At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-3503-0

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK002742
BSA-PLAN_00258195

SA 2490


**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

## COMPREHENSIVE GENERAL LIABILITY INSURANCE
### COVERAGE PART
*(continued)*

(2) the *collapse hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "c",

(3) the *underground property damage hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "u".

### II.  PERSONS INSURED

Each of the following is an *insured* under this insurance to the extent set forth below:

(a) if the *named insured* is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the *named insured* with respect to the conduct of such a business;

(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the *named insured*) or organization while acting as real estate manager for the *named insured*; and

(e) with respect to the operation, for the purpose of locomotion upon a public highway, of *mobile equipment* registered under any motor vehicle registration law,

(i) an employee of the *named insured* while operating any such equipment in the course of his employment, and

(ii) any other person while operating with the permission of the *named insured* any such equipment registered in the name of the *named insured* and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;

provided that no person or organization shall be an *insured* under this paragraph (e) with respect to:

(1) *bodily injury* to any fellow employee of such person injured in the course of his employment, or

(2) *property damage* to property owned by, rented to, in charge of or occupied by the *named insured* or the employer of any person described in subparagraph (ii).

This insurance does not apply to *bodily injury* or *property damage* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured*.

### II.  LIMITS OF LIABILITY

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *bodily injury* or *property damage*, or (3) claims made or suits brought on account of *bodily injury* or *property damage*, the company's liability is limited as follows:

**Coverage A** — The total liability of the company for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one or more persons as the result of any one *occurrence* shall not exceed the limit of *bodily injury* liability stated in the schedule as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of (1) all *bodily injury* included within the *completed operations hazard* and (2) all *bodily injury* included within the *products hazard* shall not exceed the limit of *bodily injury* liability stated in the schedule as "aggregate".

**Coverage B** — The total liability of the company for all damages because of all *property damage* sustained by one or more persons or organizations as the result of any one *occurrence* shall not exceed the limit of *property damage* liability stated in the schedule as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of all *property damage* to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of *property damage* liability stated in the schedule as "aggregate":

(1) all *property damage* arising out of premises or operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including *property damage* for which liability is assumed under any *incidental contract* relating to such premises or operations, but excluding *property damage* included in subparagraph (2) below;

(2) all *property damage* arising out of and occurring in the course of operations performed for the *named insured* by independent contractors and general supervision thereof by the *named insured*, including any such *property damage* for which liability is assumed under any *incidental contract* relating to such operations, but this subparagraph (2) does not include *property damage* arising out of maintenance or repairs at premises owned by or rented to the *named insured* or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all *property damage* included within the *products hazard* and all *property damage* included within the *completed operations hazard*.

Such aggregate limit shall apply separately to the *property damage* described in subparagraphs (1), (2) and (3) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the *named insured*.

**Coverages A and B** — For the purpose of determining the limit of the company's liability, all *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence*.

### IV.  POLICY TERRITORY

This insurance applies only to *bodily injury* or *property damage* which occurs within the policy territory.

Form L-3503-0   Printed in U. S. A.

CGL-3

The company located these documents in its ... this time, the company ... copy of the policy.

COMPANY COPY

DAILY REPORT for use with
THE HARTFORD INSURANCE GR...

Fire Insurance Co.
Accident and Indemnity Co.
Insurance Co. of New Jersey
Underwriters Insurance Co.
...ern Underwriters of Citizens
of Fire Insurance Co.

...ION FOR POLICYWRITING
...Bureau
NO. EXTRA
COPIES

Risk Card

12 CPP 500098

...FOLK COUNTY COUNCIL INCORPORATED
...OY SCOUTS OF AMERICA
E. MAIN STREET
STONYBROOK, SUFFOLK, N.Y.

06/01/69                    06/01/72
(Inception)                 (Expiration)

ROE AGENCY INC              12-4889
25 EAST MAIN STREET
...GHT NEW YORK 11772

3. The Named Insured is:
☐ Individual              ☒ Corporation
☐ Partnership             ☐ Joint Venture
☐ Other

Occupancy of Premises

BOY SCOUT COUNCIL

| SECTION I — PROPERTY COVERAGE | Co-Insurance Apportion | Limit of Liability | | | |
|---|---|---|---|---|---|
| | | Loc. No. | Bldg. No. | Bldg. No. | Loc. No. |
| A. Building(s) | 80 | | | | |
| B. Personal Property | 80 | $ 15,000 | | | |
| Additional Coverages (Specify) | | | | | |
| GLASS COVERAGE | | SEE ENDT | $ | $ | $ |
| Additional Coverages (Specify) | | | | | |
| | | $ | $ | $ | $ |

Loss deductible clause No. 1 is          applicable          Loss deductible clause No. 2 is          applicable

| SECTION II — LIABILITY COVERAGE | MLB 21 | LIMIT OF LIABILITY | |
|---|---|---|---|
| Bodily Injury and Property Damage Liability | $ | each occurrence | ,000 aggregate |
| Medical Payments | $ | each person | ,000 each accident |

ADDITIONAL SECTIONS AND COVERAGES

(Specify)
COMPREHENSIVE GENERAL LIABILITY

**JTX-1155**

6. Forms and Endorsements made part of this policy at time of issue
MLB109 (10-66) MLB51 (4-68) MLB202 (10-66) ENDT #1 ENDT #2  MLB179 (10-66)
MLB21 (10-66) MLB64(2-69) MLB200 (10-66) L3089  G1934  MLB300

7. Mortgagee (Name and Address)

8. The Total Provisional Premium is $11,259, and is payable $3753) at inception, and $ 3753 at each anniversary

| Countersignature Date | Agency at | Agent |
|---|---|---|
| NOV. 20 | MINEOLA, NEW YORK 11501 | |

IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO AND OF the Premium Above Specified (or specified in endorsement attached hereto), this Company, for the term of *three years* from *inception date shown above* (At Noon Standard Time) to *expiration date shown above* (At Noon Standard Time) at location of property involved, to an amount not exceeding the limit of liability specified, does insure the insured named in the *Declarations above* and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured, against all DIRECT LOSS BY FIRE, LIGHTNING AND OTHER PERILS INSURED AGAINST IN THIS POLICY INCLUDING REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED, to the property described herein while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy but not elsewhere. Assignment of this policy shall not be valid except with the written consent of this Company. This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with other provisions, stipulations and agreements as may be added hereto, as provided in this policy.

Form PPM-13-0  CDR  Printed in U.S.A. 10-'66

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001224
BSA-PLAN_00238448

SA 2492

DGH BK 6/19  ROE AGCY INC  124889

## CHANGE ENDORSEMENT

Form MLB-20
(Ed. 1-71)

...s endorsement is made a part of Policy No. __12 CPP 500098__

...the __HARTFORD FIRE INS CO.__
                    Name of Insurance Company

...d becomes effective on __03/27/72  NOON__ standard time at the location of the described property.
                                (Date)

Name of Insured __SUFFOLK COUNTY COUNCIL INCORPORATED BOY SCOUTS OF AMERICA__

Location of Premises and Occupancy _____

Policy Term: __3__ years, From __06/01/69__ To __06/01/72__ Loss Ded. Cl. No. 1 ___ applicable; Loss Ded. Cl. No. 2 ___ applicable;
Other Loss Ded. Cl. applicable; (specify) _____ Forms applicable: _____

It is agreed that:

(a) The policy is amended as follows:

**UNDER SECT 11 TO  INCLUDE COVERAGE PER CODE 404 FOR 23 FT.
AT 54 SKILLMORE STREET BKLYN, N.Y.**

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☒ Add'l ☐ Return |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |
| **CODE 404** | **23 FT.** | | | | |

TOTAL $ **4.00**

## PREMIUM RECAPITULATION

| | Previous Installments | Additional Premium | Return Premium | Amount Due |
|---|---|---|---|---|
| Dates of subsequent installments, 2 | $ | $ | $ | $ |
| if payable in annual installments: 3. | $ | $ | $ | $ |
| Date of Change: **03/27/72** | | $ **4.00** | | ☐ Additional |
| Total for remainder of policy term: | | $ **4.00** | | ☐ Return |

Agency, By _____

Form MLB-20 (Ed. 1-71)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001225
BSA-PLAN_00238449

SA 2493

ROE AGENCY INC. 124889

☐ Fre   ☐ Credit
☐ Refer Und   ☐ Reins
☐ Localities   ☒ 40
Form OA-243-0   B-20 (1-71)

CHANGE ENDORSEM

Endorsement is made a part of Policy No. **12 CPP 500098**

**HARTFORD FIRE INS.**

Name of Insurance Company

It becomes effective on **06-01-71** at **NOON** standard time at the location of the described property.
(Date)

Name of Insured **SUFFOLK COUNTY COUNCIL INC. BOY SCOUTS OF AMERICA**

Location of Premises and Occupancy

Policy Term: **3** years, From **06-01-69** To **06-01-72** Loss Ded. Cl. No. 1 ___ applicable; Loss Ded. Cl. No. 2 ___ applicable;
Other Loss Ded. Cl. applicable; (specify) _____ Forms applicable: _____

It is agreed that:

(a) The policy is amended as follows:

PREVIOUS ENDT. OF 06-01-71 SHOWING A/P OF $45.00 IS HEREBY
NULL & VOID.

THE ADDTIONAL PREMIUM SHOWN BELOW IS DUE TO THE ADJUSTMENT
IN RATING OF SECTION II, TO REFLECT APPLICATION OF EXPERIENCE
MODIFACTION PER MLB16 ATTACHED.   NO FURTHER ADJUSTMENT TO
BE MADE.

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | |
| | | | $ | $ | | | $ | $ | |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |

TOTAL $ _____

## PREMIUM RECAPITULATION

| | Previous Installments | Additional Premium | Return Premium | Amount Due |
|---|---|---|---|---|
| Dates of subsequent installments, 2 | $ | $ | $ | $ |
| if payable in annual installments: 3. | $ | $ | $ | $ |
| Date of Change: **06-01-71** | | $ 84.00 | $ | $ 84.00  ☒ Additional ☐ Return |
| Total for remainder of policy term: | | $ 84.00 | | |

Agency, By _____

Form MLB-20 (Ed. 1-71)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001226
BSA-PLAN_00238450
SA 2494

CK 4/72                SUFFOLK CO.,COUNCIL INC. BOY SCOUTS OF AMERICA
AGENCY INC   124889         12 CCPP 500098

## GENERAL SCHEDULE — SECTION II

Form MLB-16
(Ed. 11-69)

☐ 00, SMP Liability Insurance Form                ☐ MLB-202, Comprehensive General Liability Insurance
 tion of Hazards and Locations                        Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a)  Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b)  Escalators | | (d) Number Insured | (d) Per Landing | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c)  Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d)  Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e)  Products | | (g) Sales | (g) Per $1,000 of Sales | | | |
| **ADDITIONAL INTEREST - EMPLOYEES** | | | | | 113.00 | |
| **DOCTORS - PART TIME** | 0301B | . 1 | 5.78 | | 6.00 | |
| **NURSES - FULL TIME** | 0301B | . 1 | 3.46 | | 3.00 | |
| **PRODUCTS** | 7171 | F/C | 10.63 | 5.36 | 11.00 | 5.00 |
| **C.G.L.** | | F/C | | | 10.00 | |
| **PREMIUM DISCOUNT** | | 3.5% | | | 85.00 | |

2,230   325

2555

The company located these document
business records. At this time, the com
does not certify that these documents
a complete and accurate copy of the p

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

KH:LCK  4/72
ROE AGENCY INC 124889

SUFFOLK CO.,COUNCIL INC. BOY SCOUTS OF
AMERICA  12 CPP 500098

## GENERAL SCHEDULE — SECTION II

Form MLB-16
(Ed. 11-69)

☐ MLB-200, SMP Liability Insurance Form
— Description of Hazards and Locations

☐ MLB-202, Comprehensive General Liability Insurance
Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | Include Premium for Premises Medical Payment Insurance | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | in B.I. Column. | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |
| | | | ANNUAL | RATES | ANNUAL | PREM. |
| **A) PREMISES - OPERATIONS** | | | | | | |
| **1) BOY SCOUT CONCIL- EXCLUDING CAMPS** | 0374 | 30,000 | .025 | .008 | 750.00 | 240.00 |
| **2) CAMPS-BOY-NONPROFIT** | 0461 | 30,000 | .347 | .18 | 1041.00 | 54.00 |
| **3) VACANT LAND - EXCLUDING REAL ESTATE DEVELOPMENT** | 0903 | 194 | .020 | .007 | 4.00 | 1.00 |
| **4) 297 ACRES OF LAND WITHOUT CAMP FACILITIES USED OCCASIONALY FOR SCOUT ACTIVITES** | 0301 | 292 | .28 | .05 | 82.00 | 15.00 |
| **5) PRIVATE RESIDENCES** | 0338 | 1 | 10.40 | 1.87 | 10.00 | 2.00 |
| **6) CANOES OR ROWBOATS** | 0364S | 23 | 1.14 | .10 | 26.00 | 2.00 |
| **7) SWIMMING POOLS** | 0332S | 1 | 60.90 | .98 | 61.00 | 1.00 |
| **8) CLINICS, DISPENSERIES OR INFIRMARIES TREATING OUT- PATIENTS ONLY - INCLUDING COMPLETED OPERATIONS** | 0413 | | 28.00 | 4.93 | 28.00 | 5.00 |

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)

The company located these documents
business records. At this time, the com
does not verify that these documents
a complete and accurate copy of the po

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

ROE AGCY INC 124889 KH/SO 10/26

CHANGE ENDORSEM████                                    Form MLB-20

████████ is made a part of Policy No. **12CPP500098**      ☐ Fre        ☐ Credit

**HARTFORD FIRE INSURANCE CO.**                             ☐ Refer Und.████  ☐ Reins

Name of Insurance Comp████

☐ Localize    Form OA-263-0

████ effective on **6-1-71** at **NOON** _____ standard time at the location of the described property.
(Date)

████ured **SUFFOLK COUNTY COUNCIL INC. BOY SCOUTS █████ █MER███**

Premises and Occupancy

█ ███ **3** years, From **6-1-69** To **6-1-72** Loss Ded. Cl. No. 1 appli███ ███. 2 applicable;

O██ ██ Ded. Cl. applicable; (specify) _____  Forms applicable: _____

It █████ that:

████ ████ licy is amended as follows:

**ADDITIONAL PREMIUM CHARGED BELOW IS DUE TO THE ADJUSTMENT
IN RATING OF SECTION II, TO RELECT APPLICATION OF EXPERIENCE
MODIFICATION CREDIT: RATES ARE SHOWN ON MLB 16 ATTACHED.
NO FURTHER ADJUSTMENT TO BE MADE.**

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | ☐ Add'l ☐ Return |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | ☐ Add'l ☐ Return |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |

TOTAL $

## PREMIUM RECAPITULATION

| | | Previous Installments | Additional Premium | Return Premium | Amount Due |
|---|---|---|---|---|---|
| Dates of subsequent installments, | 2 | $ | $ | $ | $ |
| if payable in annual installments: | 3. | $ | $ | $ | $ |
| Date of Change: **6-1-71** | | | $ 45.00 | | $45.00 ☒ Additional |
| Total for remainder of policy term: | | | $ 45.00 | | ☐ Return |

Agency, By _____

Form MLB-20 (Ed. 1-71)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001229
BSA-PLAN_00238453
SA 2497

ROE AGCY INC. 124889   KH/SO 10/26

12CPP500098

GENERAL SCHEDULE — SECTION II

Form MLB-16
(Ed. 11-69)

## SUFFOLK COUNTY COUNCIL INC. BOY SCOUTS OF AMERICA

SMP Liability Insurance Form **6-1-71**   ☐ MLB-202, Comprehensive General Liability Insurance Endorsement

Description of Hazards and Locations

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |
| ADDITIONAL INTEREST - EMPLOYEES | | | | | 113.00 | |
| DOCTORS - PART TIME | 0301B | 1 | 5.57 | | 6.00 | |
| NURSES - FULL TIME | 0301B | 1 | 3.34 | | 3.00 | |
| PRODUCTS | 7171 | FG | 10.63 | 5.36 | 11.00 | 5.00 |
| C.G.L. | | FC | | | 10.00 | |
| PREMIUM DISCOUNT | | 3.5% | | | 85.00 | |

he company located these docum
business records. At this time, the
does not certify that these documen
a complete and accurate copy of th

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential





ROE AGCY INC 124889 KH/SC 6/26

`12u /500098`

## GENERAL SCHEDULE — SECTION II

Form MLB-16
(Ed. 11-69)

### SUFFOLK COUNTY COUNCILING INC. BOY SCOUTS OF AMERICA

6-1-71

☐ MLB-200, SMP Liability Insurance Form

☐ MLB-202, Comprehensive General Liability Insurance Endorsement

Description of Hazards and Locations

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |
| **(A) PREMISES - OPERATIONS** | | | **ANNUAL RATES** | | **ANNUAL PREM.** | |
| 1) BOY SCOUT COUNCIL - EXCLUDING CAMPS | 0374 | 30,000 | .025 | .008 | 750.00 | 240.00 |
| 2) CAMPS - BOY - NONPROFIT | 0461 | 30,000 | 3.34 | .18 | 1002.00 | 54.00 |
| 3) VACANT LAND - EXCLUDING REAL ESTATE DEVELOPMENT | 0903 | 194 | .020 | .007 | 4.00 | 1.00 |
| 4) 297 ACRES OF LAND WIHTOUT CAMP FACILITIES USED OCCASIONALLY FOR SCOUT ACTIVITIES | 0301 | 292 | .28 | .05 | 82.00 | 15.00 |
| 5) PRIVATE RESIDENCES | 0338 | 1 | 10.02 | 1.87 | 10.00 | 2.00 |
| 6) CANOES OR ROWBOATS | 0364S | 23 | 1.14 | .10 | 26.00 | 2.00 |
| 7) SWIMMING POOLS | 0332S | 1 | 60.90 | .98 | 61.00 | 1.00 |
| 8) CLINICS DISPENSERIES OR INFIRMARIES TREATING OUT-PATIENTS ONLY - INCLUDING COMPLETED OPERATIONS | 0413 | | 27.84 | 4.93 | 28.00 | 5.00 |

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)

The company located these documen
business records. At this time, the co
does not certify that these documents
a complete and accurate copy of this p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential



INC 124889     12CPP500098     SU

☐ Fre
✗ Refer Und.
☐ Localize
Form OA-263-0

☐ Credit
☐ Reins
FILE

(Ed. 10-66)

AMEND▢ENT OF LIMITS OF LIABILITY

▢GE          ...▢URY AND PROPERTY DAMAGE LIABILITY

s su... ...▢...▢... is afforded by the provisions of the policy relating to the following:

SMP LIABILITY INSURANCE
COMPREHENSIVE GENERAL LIABILITY INSURANCE

d that the policy is amended as follows:

nits of liability stated in the Declarations as applicable to Coverage C — Bodily Injury and Property Damage y are amended to read as follows:

Bodily Injury Liability
$ **300,000** each person
$ **300,000** each occurrence
$ **300,000** aggregate

Property Damage Liability
$ **50,000** each occurrence
$ **50,000** aggregate

2. The Limits of Liability provision is replaced by the following:

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the Company's liability is limited as follows:

**Bodily Injury Liability** — The limit of bodily injury liability stated in the amended Declarations as applicable to "each person" is the limit of the Company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the Company for all damages because of bodily injury sustained by two or more persons as the result of any one occcurrence shall not exceed the limit of bodily injury liability stated in the amended Declarations as applicable to "each occurrence". Subject to the above provisions respecting "each person" and "each occurrence" the total liability of the Company for all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limits of bodily injury liability stated in the amended Declarations as "aggregate".

**Property Damage Liability** — The total liability of the Company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the amended Declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the Company for all damages because of all property damage to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of property damage liability stated in the amended Declarations as "aggregate".

(1) all property damage arising out of premises or operations rated on a remuneration basis or contractors equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;

(2) all property damage arising out of and occurring in the course of operations performed for the named insured by independent contractors and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all property damage included within the products hazard and all property damage included within the completed operations hazard.

Such aggregate limit shall apply separately to the property damage described in subparagraphs (1) and (3) above and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the named insured.

**Bodily Injury and Property Damage Liability** — For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

Form MLB-21 (Ed. 10-66)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

AGENCY INC 124889      12CPP500098      SUFFOLK COUNTY COUNCIL
INCORP BOY SCOUTS OF AMERICA
AMENDMENT OF LIMITS OF LIABILITY
Form MLB-21
(Ed. 10-66)

COVERAGE C — BODILY INJURY AND PROPERTY DAMAGE LIABILITY   ③

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

SMP LIABILITY INSURANCE
COMPREHENSIVE GENERAL LIABILITY INSURANCE

It is agreed that the policy is amended as follows:

1.  The limits of liability stated in the Declarations as applicable to Coverage C — Bodily Injury and Property Damage Liability are amended to read as follows:

| | | |
|---|---|---|
| Bodily Injury Liability | $ **300,000** | each person |
| | $ **300,000** | each occurrence |
| | $ **300,000** | aggregate |
| Property Damage Liability | $ **50,000** | each occurrence |
| | $ **50,000** | aggregate |

2.  The Limits of Liability provision is replaced by the following:
Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the Company's liability is limited as follows:

**Bodily Injury Liability** — The limit of bodily injury liability stated in the amended Declarations as applicable to "each person" is the limit of the Company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the Company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the amended Declarations as applicable to "each occurrence". Subject to the above provisions respecting "each person" and "each occurrence" the total liability of the Company for all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limits of bodily injury liability stated in the amended Declarations as "aggregate".

**Property Damage Liability** — The total liability of the Company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the amended Declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the Company for all damages because of all property damage to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of property damage liability stated in the amended Declarations as "aggregate".

(1) all property damage arising out of premises or operations rated on a remuneration basis or contractors equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;

(2) all property damage arising out of and occurring in the course of operations performed for the named insured by independent contractors and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all property damage included within the products hazard and all property damage included within the completed operations hazard.

Such aggregate limit shall apply separately to the property damage described in subparagraphs (1), (2) and (3) above and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the named insured.

**Bodily Injury and Property Damage Liability** — For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

Form MLB-21 (Ed. 10-66)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential



ROE AGENCY INC 124889     12 CPP 500098     SUFFOLK COUNTY COUNCIL
INCORP. BOY SCOUTS OF
GENERAL SCHEDULE — SECTION II     AMERICA     Form MLB-16
(Ed. 11-69)

☐ MLB-200, SMP Liability Insurance Form       ☐ MLB-202, Comprehensive General Liability Insurance
Description of Hazards and Locations                    Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | *If Single Limit, Use B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | Include Premium for Premises Medical Payment Insurance | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | in B.I. Column. | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |

6-1-70

PREMIUM SUB TOTAL          2051.00   334.00

LESS PREMIUM DISCOUNT 3.5%    72.00    13.00

                                      1979.00   322.00

TOTAL ANNUAL PREM          1979.00   322.00

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)

The company located these documents business records. At this time, the com does not certify that these documents a complete and accurate copy of the g

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

ROE AGENCY INC 124889      12 CPP 500098      SUFFOLK COUNTY COUNCIL
INCORP BOY SCOUS OF AMERICA



GENERAL SCHEDULE — SECTION II

Form MLB-16
(Ed. 11-69)

☐ MLB-200, SMP Liability Insurance Form     ☐ MLB-202, Comprehensive General Liability Insurance Endorsement

**Description of Hazards and Locations**

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | *L-1-70* | |
| 6. CANOE OR RWOBOATS | 0364 | EACH 23 | ANNUAL 1.015 | RATES .088 | ANNUAL 23.00 | PREM 2.00 |
| 7. SWEMMING POOLS | 0332S | EACH 1 | 54.423 | .871 | 54.00 | 1;00 |
| 8. CLINICS DISPENSARIES OR INFIRMARIES TRATING OUT PATIENTS ONLY- INCLUDING COMPLETED OPERATIONS | 0413 | | 25.857 | 4.40 | 26.00 | 4.00 |
| ADDITIONAL INSURED EMPLOYEES | | | | | 96.00 | 16.00 |
| DOCTORS - PART TIME | 0301B | EACH 1 | 5.171 | | 5.00 | |
| NURSES- FULL TIME | 0301B | 1 | 3.103 | | 3.00 | |
| PRODUCTS | 7171 | F/C | 9.551 | 5.057 | 10.00 | 5.00 |
| INCREASE LIMITS BASIC CHARGE | | | | | 10.00 | |

The company located these document business records. At this time, the con does not certify that these documents a complete and accurate copy of the p

...ribe premium basis, if other than stated.

...5 (Ed. 11-69)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001235
BSA-PLAN_00238459

SA 2503

ROE AGENCY INC 124889      12CPP 500098          SUFFOLK CONTY INCORP
                                                  BOY SCOUTS OF AMERICA



GENERAL SCHEDULE — SECTION II                    Form MLB-16
                                                 (Ed. 11-69)

☐ MLB-200, SMP Liability Insurance Form          ☐ MLB-202, Comprehensive General Liability Insurance
**Description of Hazards and Locations**            Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) | (a) Per 100 Sq. Ft. of Area | | | |
| | | (b) Frontage | (b) Per Linear Foot | | | |
| | | (c) Remuneration | (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |

|  | | | ANNUAL RATES | | ANNUAL | PREM |
|---|---|---|---|---|---|---|
| **A) PREMISES OPERATIONS** | | | | | 6-1-70 | |
| 1. BOY SCOUT COUNCIL EXCLU CAMPS | 0374 | PER MEMBER 30,000 | .025 | .008 | 750.00 | 240.00 |
| 2. CAMPS – BOY NON PROFIT | 0461 | PER 100 CAMPER DAYS 30,000 | 3.284 | .167 | 985.00 | 50.00 |
| 3. VACANT LAND EXCLU REAL ESTATE DEVELOPMENT | 0903 | 194(B) | .018 | .006 | 3.00 | 1.00 |
| 4. 297 ACRES OF LAND WITHOUT CAMP FACILITIES USED OCCASIONALLY FOR SCOUT ACTIVITIES | 0301 | B 297 | .259 | .044 | 77.00 | 13.00 |
| 5. PRIVATE RESIDENCES | 0338 | EACH 1 | 9.308 | 1.672 | 9.00 | 2.00 |

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)

The company located these document business records. At this time, the com does not certify that these documents a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

ROE AGENCY INC 124880      12 CPP 500098      SUFFOLK COUNTY COUNCIL INCORP. BOY SCOUTS OF AMERICA

⑦

XCRX

**CHANGE ENDORSEMENT**

Form MLB-20 (Ed. 11-68)

This endorsement is made a part of Policy No. __12 CPP 500098__

of the __THE HARTFORD FIRE INSURANCE CO__

Name of Insurance Company

and becomes effective on __06/01/70__ (Date) at __NOON__ standard time at the location of the described property.

Name of Insured __SUFFOLK COUNTY COUNCIL INCORPORATED; BOY SCOUTS OF AMERICA__

Location of Premises and Occupancy _____

Policy Term: 3 years, From __06/01/69__ To __06/01/70__

Loss Ded. Cl. No. 1 _____ applicable; Loss Ded. Cl. No. 2 _____ applicable; Other (specify) _____

Forms and Endorsements applicable: _____

It is agreed that:

(a) The policy is amended as follows: **AS RESPECTS SEC II COV C LIMITS OF LIABILITY ARE INCREASED AS PER MLB 21 ATTACHED. FURTHERMORE REVISED MLB 16'S ARE ATTACHED. THESE RATES REFLECT INCREASE PLUS REVISED EXPERIENCE RATING - THIS POLICY IS SUBJECT TO FURTHER REVISION ON 6-1-71**

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are in lieu of the Limits of Liability stated in the policy and not in addition thereto.

### SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

### SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☒ Add'l ☐ Return |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ 270.00 |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | |
| | | | | TOTAL $ | 270.00 |

### PREMIUM RECAPITULATION

Due at Endorsement Effective Date:

**6-1-70**

Additional Premium $ **135.00**

Return Premium $

Premium adjustment if the Premium is payable in annual installments.

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| 6-1-70 | $ 2842.00 | 135.00 | $ | $ 2977.00 |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration | | $ 270.00 | $ | |

By_____ Agency

Form MLB-20 (Ed. 11-68)

The Company located these document business records. At this time, the com does not certify that these documents a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001237
BSA-PLAN_00238461

SA 2505

ROE AGENCY INC 124889     12 CPP 500098     SUFFOLK COUNTY COUNCIL
                                            INCORP. BOY SCOUTS OF

                                            AMERICA
**GENERAL SCHEDULE — SECTION II**          Form MLB-16
                                                         (Ed. 11-69)

☐ MLB-200, SMP Liability Insurance Form          ☐ MLB-202, Comprehensive General Liability Insurance
**Description of Hazards and Locations**              Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates *B.I. | Rates P.D. | Advance Premiums *B.I. | Advance Premiums P.D. |
|---|---|---|---|---|---|---|
| (a) Premises---Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |
| DOCTORS PART TIME | 0301 | B    1 | ANNUAL 5.00 | RATES | ANNUAL 5.00 | PREMS |
| NURSES FULL TIME | 0301 | B    1 | 3.00 | | 3.00 | |
| PRODUCTS | 7171 | F   C | 9.682 | 4.391 | 10.00 | 4.00 |
| C GL | | F   C | | | 10.00 | |
| | | SUB TOTAL | | | 1948.00 | 296.00 |
| | | LESS PREM DISCOUNT 3.5 | | | 68.00 | 10.00 |
| | | | | | 1880.00 | 286.00 |

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)

The company located these document business records. At this time, the con does not certify that these documents a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

ROE AGENCY INC 124889      12 CPP 500098      SUFFOLK COUNTY COUNCIL INCORP. BOY SCOUTS OF AMERICA.

⑨

GENERAL SCHEDULE — SECTION II

Form MLB-16 (Ed. 11-69)

☐ Liability Insurance Form Hazards and Locations
☐ MLB-202, Comprehensive General Liability Insurance Endorsement

| Classifications herein, except as specified elsewhere, do not modify any of ...s of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| Premises—Operations | | (d) Number Insured | (d) Per Landing | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (b) Escalators | | (e) Cost | (e) Per $100 of Cost | | | |
| (c) Independent Contractors—Let or Sublet Work | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (d) Completed Operations | | (g) Sales | (g) Per $1,000 of Sales | | | |
| (e) Products | | | | | | |
| A) PREMISES OPERATIONS 1-BOY SCOUT COUNCIL - EXCL CAMPS | 0374 | 30,000 | ANNUAL .023 | RATES .007 | ANNUAL 690.00 | PREMS. 210.00 |
| 2-CAMPS BOY NON PROFIT | 0461 | 30,000 | 3.172 | .155 | 952.00 | 47.00 |
| 3- VACANT LAND EXCL REAL ESTATE DEVELOPMENT | 0903 | 194 | .018 | .006 | 3.00 | 1.00 |
| 4-. 297 ACRES OF ALAND WITHOUT CAMP FACILITIES USE OCCASIONALLY FOR SCOUT FACILITIES | 0301 | 297 | .25 | .042 | 74.00 | 12.00 |
| 5- PRIVATE RESIDENCES | 0338 | 1 | 8.99 | .854 | 9.00 | 1.00 |
| 6- CANOES OR ROW BOATS | 0364S | 23 | .992 | .081 | 23.00 | 2.00 |
| 7- SWIMMING POOLS | 0332S | 1 | 53.17 | .803 | 53.00 | 1.00 |
| 8- CLINCIS DISPENSARIES OR INFUMARIES TREATING OUT-PATIENTS ONLY- INCLUDING COMPLETED OPERATIONSS | 0413 | 1 | 24.97 | 4.05 | 25.00 | 4.00 |
| ADDITIONAL EMPLOYEES | | | | | 91.00 | 14.00 |

The company located these document business records. At this time, the cc does not certify that these documents a complete and accurate copy of the p

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001239
BSA-PLAN_00238463
SA 2507



ROE AGENCY INC   124880

Form MLB-20
(52 11-64)

MB

**CHANGE ENDORSEMENT**

This endorsement is made a part of Policy No. **12 CPP 500098**

THE HARTFORD FIRE INSURANCE CO
Name of Insurance Company

as effective on **06/01/69** at NOON standard time at the location of the
(Date)
property.

Insured **SUFFOLK COUNTY COUNCIL INCORPORATED BOY SCOUTS OF AMERICA**

Location: Premises and Occupancy **VARIOUS**

For Term: 3 years, From **06/01/69** To **06/01/72**

Loss Def. Cl. No. 1 _____ applicable; Loss Def. Cl. No. 2 _____ applicable; Other (specify) _____

Forms and Endorsements applicable:

It is agreed that:

(a) The policy is amended as follows: **THE RETURN PREMIUM GRANTED BELOW IS DUE
DUE TO THE ADJUSTMENT IN RATING OF 67-70**
**SECTION II : TO REFLECT EXPERIENCE MODIFICATION OF 67-70**
**RATES AS SHOWN ON ATTACHED. MLB 16'S/**

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of
the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are
in lieu of the Limits of Liability stated in the policy and not in addition thereto.

### SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | PREMIUMS | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | Old Rate | New Rate | Old Premium | New Premium | ☐ Add'l ☐ Return |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

### SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | ☐ Add'l ☐ Return |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |

TOTAL $

### PREMIUM RECAPITULATION

Due at Endorsement Effective Date:   Additional Premium $ _____   Return Premium $ **210.00**

Premium adjustment if the Premium is payable in annual installments:

| Dates Due | Original Installments | Revised Installments |
|---|---|---|
| 6-1-70 | $ 3052.00 | $ 2842.00 |
| 6-1-71 | $ 3052.00 | $ 2842.00 |

Total Premium to Policy Expiration

Agency

ROE AGENCY INC  124889



**CHANGE ENDORSEMENT**

Form MLB-20
(Ed. 11-68)

This endorsement is made a part of Policy No. **12 CPP 500098**

**THE HARTFORD FIRE INSURANCE CO**
Name of Insurance Company

becomes effective on _____ **06/01/70** _____ at **NOON** _____ standard time at the location of the
described property.
(Date)

Name of Insured _____ **SUFFOLK COUNTY COUNCIL INCORPORATED BOY SCOUTS OF AMERICA**
Location of Premises and Occupancy _____ **VARIOUS**

Policy Term: 3 years, From _____ **06/01/69** _____ To _____ **06/1/72**
Loss Ded. Cl. No. 1 _____ applicable; Loss Ded. Cl. No. 2 _____ applicable; Other (specify) _____
Forms and Endorsements applicable:

It is agreed that:

(a) The policy is amended as follows:   **ENDORSEMENT DATEING 06/01/70 WITH A**

**RETURN PREMIUM OF $252.00 IS HEREBY NULL & VOID.**

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of
the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are
in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |

**TOTAL $**

### PREMIUM RECAPITULATION

Due at Endorsement Effective Date:

| | Additional Premium | Return Premium |
|---|---|---|
| | $ | $ |

Premium adjustment if the Premium is payable in annual installments.

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration | $ | | | |

The Company located these documents business records. At this time, the com does not certify that these documents a complete and accurate copy of the p

Agency
By

Form MLB-20 (Ed. 11-68)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

☐ Fre
☐ Refer Und
☐ Localize
Form OA-263-0
☐ Credit
☐ Reins
☐

ROE AGENCY INC  124889
MH JER

Form MLB-2:
(Ed. 10-66)

## AMENDMENT OF LIMITS OF LIABILITY

12 CPP 500099   SUFFOLK COUNTY COUNCIL INCORPORATED

### COVERAGE C — BODILY INJURY AND PROPERTY DAMAGE LIABILITY

BOY SCOUTS OF AMERICA

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

SMP LIABILITY INSURANCE
COMPREHENSIVE GENERAL LIABILITY INSURANCE

It is agreed that the policy is amended as follows:

1. The limits of liability stated in the Declarations as applicable to Coverage C — Bodily Injury and Property Damage Liability are amended to read as follows:

| | | |
|---|---|---|
| Bodily Injury Liability | $ 100,000 | each person |
| | $ 300,000 | each occurrence |
| | | aggregate |
| Property Damage Liability | $ 300,000 | each occurrence |
| | $ 50,000 | each occurrence |
| | $ 50,000 | aggregate |

2. The Limits of Liability provision is replaced by the following:

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the Company's liability is limited as follows:

**Bodily Injury Liability** — The limit of bodily injury liability stated in the amended Declarations as applicable to "each person" is the limit of the Company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the Company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the amended Declarations as applicable to "each occurrence". Subject to the above provisions respecting "each person" and "each occurrence" the total liability of the Company for all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limits of bodily injury liability stated in the amended Declarations as "aggregate".

**Property Damage Liability** — The total liability of the Company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the amended Declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the Company for all damages because of all property damage to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of property damage liability stated in the amended Declarations as "aggregate".

(1) all property damage arising out of premises or operations rated on a remuneration basis or contractors equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;

(2) all property damage arising out of and occurring in the course of operations performed for the named insured by independent contractors and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all property damage included within the products hazard and all property damage included within the completed operations hazard.

Such aggregate limit shall apply separately to the property damage described in subparagraphs (1), (2) and (3) above and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the named insured,

**Bodily Injury and Property Damage Liability** — For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

Form MLB-21 (Ed. 10-66)

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

ROE AGENCY INC.  124889
MM:JER





GENERAL SCHEDULE — SECTION II
Form MLB-16
(Ed. 10-66)

12 CPP 500098    SUFFOLK COUNTY COUNCIL INC
BOY SCOUTS OF AMER

☐ MLB-200, SMP Liability Insurance Form
Description of Hazards and Locations

☐ MLB-202, Comprehensive General Liability Insurance
Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.)<br>(b) Frontage<br>(c) Remuneration | (a) Per 100 Sq. Ft. of Area<br>(b) Per Linear Foot<br>(c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column.<br>Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (b) Elevators | | (d) Number Insured | (d) Per Elevator | | | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |

ADDITIONAL INTEREST

EMPLOYEES    (A-5)

| | | | | | | |
|---|---|---|---|---|---|---|
| DOCTORS- PART TIME | 0301B | 1 | 6.00 | | 6. | |
| NURSES- FULL TIME | 0301B | 1 | 4.00 | | 4. | |
| PRODUCTS | 7171 | F C | 14.00 | 7. | 14. | 7. |
| CGL | | F C | | | 10. | |
| | | | | | 2,236. | 332. |
| INC. LIMIT BASIC CHGE | | | | | 10. | - |
| | | | | | 2,236. | 332. |
| | | | | | X 3 | X 3 |
| | | | | | 6,708. | 996. |
| PREMIUM DISC. | | | | | 3.5 | 3.5 |
| | | | | | 6,473. | 961. |
| | | | | | - 3 | - 3 |
| | | | | | 2,191. | 320.00 |

The company located these documents
business records. At this time, the co
does not certify that these documents
a complete and accurate copy of the

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 10-66)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

ROE AGENCY INC. MH:JR
124889



GENERAL SCHEDULE — SECTION II
Form MLB-16
(Ed. 10-66)

12 CPP 500098    SUFFOLK COUNTY COUNCIL INC BOY SCOUTS OF AME

☐ MLB-200, SMP Liability Insurance Form

☐ MLB-202, Comprehensive General Liability Insurance Endorsement

Description of Hazards and Locations

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Elevators | | (d) Number Insured | (d) Per Elevator | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |
| A)PREMISES OPERATION | | A)5 | ANNUAL | | ANNUAL PREM | |
| 1)BOY SCOUT COUNCIL EXCLU. CAMPS | 0374 | 30,000. | .028 | .009 | 840. | 240. |
| 2)CAMPS-BOY - NON PROFIT | 0461 | (A-7) 30,000 | 3.774 | .193 | 1132. | 58. |
| 3)VACANT LAND EXCLU- REAL ESTATE DEVELOPMENT | 0903 | (A-5) 194 | .022 | .007 | 4. | 1. |
| 4)297 ACRES OF LAND WITHOUT CAMP FACILITIES USED OCCASIONALLY FOR SCOUT ACTIVITIES | 0301 | (A-5) 292 | .326 | .06 | 95. | 18. |
| 5)PRIVATE RESIDENCES | 0338 | (A-5) 1 | 10.696 | 1.922 | 11. | 2. |
| 6)CANOES OR ROWBOATS | 0364S | (A-5) 23 | 1.167 | .101 | 27. | 2. |
| 7)SWIMMING POOLS | 0332S | (A-5) 1 | 62.883 | 1.00 | 63. | 1. |
| 8)CLINICS DISPENSARIES OR INFIRMARIES -TREATING OUT-PATIENTS ONLY- INCLUDING COMPLETED OPERATION | 0413 | | 30.00 | 5.00 | 30. | 5. |

† Describe premium basis, if other than stated.

MLB-16 (Ed. 10-66)

The company located these document business records. At this time, the cor does not certify that these documents a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

ROE AGENCY INC.   124889
MH:JER

CHANGE ENDORSEMENT

Form MLB-20
(Ed. 11-68)

This endorsement is made a part of Policy No. **12 CPP 500098**

of the **THE HARTFORD FIRE INSURANCE CO**
_____ Name of Insurance Company

and becomes effective on **06/01/70** at **NOON** standard time at the location of the
_____ (Date)
described property.

Name of Insured **SUFFOLK COUNTY COUNCIL INCORPORATED BOY SCOUTS OF AMERICA**

Location of Premises and Occupancy _____

Policy Term: 3 years, From **06/01/69** To **06/01/72**

Loss Ded. Cl. No. 1 _____ applicable; Loss Ded. Cl. No. 2 _____ applicable; Other (specify) _____

Forms and Endorsements applicable: _____

It is agreed that:

(a) The policy is amended as follows:   **LIMITS OF LIABILITY**

**UNDER SEC. II, ARE AMENDED AS PER REVISED MLB 21** 69-70
**AND ADJUSTED MLB 16 ATTACHED**

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Descrip-tion | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☑ Add'l ☐ Return |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | 252.00 |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | |

TOTAL $ 252.00

### PREMIUM RECAPITULATION

Due at Endorsement Effective Date:   Additional Premium   Return Premium

**06/01/70**   $ 126.00   $

Premium adjustment if the Premium is payable in annual installments.

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| 06/01/71 | $ 3052. | $ 126.00 | $ | $ 3178.00 |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration | | $ 252.00 | | |

Form MLB-20 (Ed. 11-68)

By _____ Agency

The Company located these document business records. At this time, the com does not certify that these documents a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001245
BSA-PLAN_00238469

SA 2513

ROE AGENCY Inc 124

☐ Fire
☒ Refer Und
☐ Localize
Form OA-263-0
☐ Credit
☐ Rein
FILE
B-20
(-68)

CHANGE ENDORSEMENT

...endorsement is made a part of Policy No. 12 CP2 500098

HARTFORD FIRE INSURANCE COMPANY
Name of Insurance Company

and ...ges effective on ___6-1-69___ at ___ standard time at the location of the
described property.
(Date)

Name of Insured ~~SUFFOLK COUNTY COUNCIL INC BOY SCOUTS OF AMERICA~~
Location, Premises and Occupancy _____

Policy Term: 3 ... From ___6-1-69___ To ___6-1-72___
Loss Ded. Cl. No. 1 ... applicable; Loss Ded. Cl. No. 2 ___ applicable; Other (specify) ___
Forms and Endorsements applicable: ___

It is agreed that:
(a) The policy is amended as follows: DUE TO MATHEMATI... RS IN THE COMPUTATION OF
SECTION II PREMIUM, THE TOTAL POLICY ...EMIUM AND THE INSTALLMENTS
ARE AMENDED AS BELOW.

69-70

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of
the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are
in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l |
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | $ | $ | | | $ | $ | |
| | | | $ | $ | | | $ | $ | |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☒ Add'l |
| | | | Old Premium | New Premium | ☐ Return |
|---|---|---|---|---|---|
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |
| REVISED MLB 16 | | | | | 585 |
| | | | | TOTAL $ | 585 |

## PREMIUM RECAPITULATION

Due at Endorsement Effective Date:

| | Additional Premium | Return Premium |
|---|---|---|
| | $ 195 | $ |

Premium adjustment if the Premium is payable in annual installments.

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| 6-1-70 | $ 3753 | $ 195 | $ | $ 3948 |
| 6-1-71 | $ 3753 | $ 195 | $ | $ 3948 |
| Total Premium to Policy Expiration | | $ | $ | |

(1)
3-19-70 WAR/avg

Form MLB-20 (Ed. 11-68)

The company located these document... business records. At this time, the co... does not certify that these docu... a complete and accurate copy of the p...
By ___ Agency

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001246
BSA-PLAN_00238470
SA 2514

ROE AGENCY Inc 124889

CHANGE ENDORSEMENT #2

Form MLB-20
(Ed. 11-68)

This endorsement is made a part of Policy No. ___12 CPP 500098___

of the ___HARTFORD FIRE INSURANCE COMPANY___

Name of Insurance Company

and becomes effective on ___6-1-69___ at ___ standard time at the location of the
(Date)

described property.

Name of Insured ___SUFFOLK COUNTY COUNCIL INC BOY SCOUTS OF AMERICA___

Location, Uses and Occupancy ___

Policy Term ___ years, From ___6-1-69___ To ___6-1-72___

Less Ded. Cl. No. 1 ___ applicable; Loss Ded. Cl. No. 2 ___ applicable; Other (specify) ___

Forms and Endorsements applicable: ___

It is agreed that:

(a) The policy is amended as follows: TO CORRECT SECTION II PREMIUM CHARGE FOR 69-70
ACREAGE IN ITEM 4 OF MLB 16 TO $91 BI AND $15 PD ANNUAL AND
TO CORRECT PREMIUM DISCOUNT.  IT IS FURTHER AGREED THAT SECTION
II IS ISSUED AT MANUAL RATES AND MLB 192 IS ATTACHED HEREWITH

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of
the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are
in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Descrip-tion | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☐ Add'l ☑ Return |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |
| REVISED MLB 16 | | | | | 2688 |

TOTAL $ 2688

### PREMIUM RECAPITULATION

Due at Endorsement Effective Date:

| | Additional Premium | Return Premium |
|---|---|---|
| | $ | $ 896 |

Premium adjustment if the Premium is payable in annual installments.

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| 6-1-70 | $ 3948 | $ | $ 896 | $ 3052 |
| 6-1-71 | $ 3948 | $ | $ 896 | $ 3052 |
| Total Premium to Policy Expiration | | $ | $ | |

(2)
3-19-70 WAR/avg

Form MLB-20 (Ed. 11-68)

Agency ___

By ___

This company located these documents business records. At this time, the com does not certify that these documents a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001247
BSA-PLAN_00238471
SA 2515

ROE AGENCY Inc 124889



GENERAL SCHEDULE — SECTION II

Form MLB-16
(Ed. 11-69)

☐ MLB-200, SMP Liability Insurance Form
Description of Hazards and Locations

☐ MLB-202, Comprehensive General Liability Insurance Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | * If Single Limit, Use B.I. Column. | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | 69 - 70 | |
| A) PREMISES OPERATION | | (A-5) | ADJUSTED | | ANNUAL | |
| 1) BOY SCOUT COUNCIL – EXCL. CAMPS | 0374 | 30,000 ~~300,000~~ (A-7) | SMP 1 YR RATES .026 | .008 | PREMIUM 780 | 240 |
| 2) CAMPS–BOY–NON PROFIT | 0461 | 30,000 (A-5) | 3.65 | .18 | 1095 | 54 |
| 3) VACANT LAND–EXCL. REAL ESTATE DEVELOPMENT | 0903 | 194 (A-5) | .022 | .007 | 4 | 1 |
| 4) 297 ACRES OF LAND WITHOUT CAMP FACILITIES USED OCCASIONALLY FOR SCOUT ACTIVITIES | 0301 | 292 9 (A-5) | .31 | .05 | 91 | 15 |
| 5) PRIVATE RESIDENCES | 0338 | 1 (A-5) | 10.94 | 1.87 | 11 | 2 |
| 6) CANOES OR ROWBOATS | 0364S | 23 (A-5) | 1.01 | .10 | 23 | 2 |
| 7) SWIMMING POOLS | 0332S | 1 | 54.00 | .07 | 54 | 1 |
| 8) CLINICS DISPENSARIES OR INFIRMARIES TREATING OUTPATIENTS ONLY - INCL. - COMPLETED OPERATION | 0413 | | 31 | 5. | 31 | 5 |

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)

The company located these documents
business records. At this time, the com
does not certify that these documents
a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

ROE AGENCY Inc 124889

**CFC**

## GENERAL SCHEDULE — SECTION II

Form MLB-16
(Ed. 11-69)

☐ MLB-200, SMP Liability Insurance Form     ☐ MLB-202, Comprehensive General Liability Insurance Endorsement
**Description of Hazards and Locations**

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates *B.I. | Rates P.D. | Advance Premiums *B.I. | Advance Premiums P.D. |
|---|---|---|---|---|---|---|
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | 69-70 | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |

```
ADDITIONAL INTEREST
EMPLOYEES                          5% OF  BI           13        3
                                          PD
                   (A-5)
DOCTORS - PART TIME    0301B    1    6.00            6
NURSES - FULL TIME     0301B    1    3.00            3
PRODUCTS               7171    f/C   F/C            13        6
                                                    10

                            TOTAL 1 YEAR    2,134    320
                            TOTAL 3 YEAR     X 3     X 3
                                            6,402    987
             LESS AUDITABLE ITEMS           5,625    882
                                              777    105
             INSTALLMENT CHG                X 105   X105
                                              816    110
                                            5,625    882
             PREMIUM DISCOUNT               6,441    992
                                             3.5%    3.5%
                                            6,216    957
                                               3       3
                                            2072     319
```

† Describe premium basis, if other than stated.
Form MLB-16 (Ed. 11-69)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

BOY AGCY INC   124889                     OH/ET

## PREMIUM-DISCOUNT ENDORSEMENT — NEW YORK

(Automobile and General Liability Insurance)

Named Insured and Address

This endorsement forms a part of Policy No. **12CPP500098**
issued by the HARTFORD FIRE INSURANCE COMPANY GROUP
company or companies designated therein, and takes effect as of the
effective date of said policy unless another effective date is stated herein.

**SUFFOLK COUNTY COUNCIL INC.
BOY SCOUTS OF AMERICA**

Effective date............**06  01  63**............ 12:01 A. M., standard time at the address of the named
insured as stated herein.

It is agreed that the premium pertaining to New York for Liability, Medical Payments and Elevator Collision insurance is subject to discount in
accordance with the following procedure:

1.

| Policy Numbers | Estimated Standard Premium |
|---|---|
| **12CPP500098** | 7433.00  $ ~~7,433.00~~ |
| **12C101373** | $ **1,083.00** |
| .................................. | $ ................................ |
| .................................. | $ ................................ |

Total Estimated Standard Premium $ ................................

2. **Premium Discount Percentages Applicable to New York Standard Premium.** Based on the Total Estimated Standard Premium
stated in paragraph 1 hereof, the premium discount percentages applicable to the Estimated New York Standard Premium, obtained from
said Table of New York Premium Discounts in accordance with the provisions of paragraph 6 hereof, are as follows:

| General Liability | Automobile Liability — Garages | Taxis, Livery, Buses and Long Haul Truckmen | All Other Automobile Liability |
|---|---|---|---|
| **3.5** % | ............% | ............% | ............% |

Upon termination of the policies designated in paragraph 1 hereof, the premium discount percentages applicable to the Earned New York
Standard Premium shall be obtained from said Table of New York Premium Discounts and the premium discount applicable to the Earned
New York Standard Premium shall be computed in accordance with the provisions of this endorsement.

3. **ESTIMATED PREMIUM AND PREMIUM DISCOUNT CALCULATION FOR THIS POLICY.**

  I. **If subject to Annual Adjustment**

   (New York Estimated Standard Premium $..................................)

   ESTIMATED STANDARD PREMIUM                                          $ **2,478.00**

   PREMIUM DISCOUNT APPLICABLE TO NEW YORK STANDARD PREMIUM            $    **87.0**

   ESTIMATED ADVANCE PREMIUM                                          $ ~~2,391.00~~
                                                                        239.00

  II. **If subject to Interim Adjustment**

   (New York Deposit Standard Premium $..................................)

   ESTIMATED DEPOSIT STANDARD PREMIUM                                  $ ................

   PREMIUM DISCOUNT APPLICABLE TO NEW YORK DEPOSIT STANDARD PREMIUM    $ ................

   DEPOSIT PREMIUM                                                     $ ................

**(See Over)**

Form G-1934-4  Printed in U.S.A.  5-'62

The company located these documents in its
files and produced them. However, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001250
BSA-PLAN_00238474
SA 2518

## PREMIUM DISCOUNT ENDORSEMENT — NEW YORK

### (Automobile and General Liability Insurance)

4. **New York Standard Premium.**  Such premium pertaining to New York computed in accordance with the provisions of the policies designated in paragraph 1 hereof, other than this endorsement and exclusive of the application of any retrospective rating plan, shall be known as the New York Standard Premium.

5. **Total Standard Premium For All States.**  The Liability, Medical Payments and Elevator Collision premium computed in accordance with the provisions of the policies designated in paragraph 1 hereof, other than this endorsement and exclusive of the application of any retrospective rating plan, any Automatic Premium Adjustment Endorsement, any Premium Return Plan Endorsement, or other Premium Discount Endorsement, shall be known as the Total Standard Premium.

6. **Premium Discount — New York**

   (a) **For policy periods of one year or less —** The New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be subject to the applicable discount percentages for the Total Standard Premium obtained from the Table of New York Premium Discounts stated in the Company's manual of rules and rates.

   (b) **For policy periods of more than one year —** The New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be subject to the applicable discount percentages stated in said Table opposite the average annual Total Standard Premium for the policies, which shall be determined by dividing the Total Standard Premium for the policy period by the term of said policies in years and fractions thereof.

   (c) If retrospective rating is applicable to a part of the premium pertaining to New York, the amount of premium discount applicable to the New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be the difference between (1) the discount determined by applying to the New York Standard Premium the applicable percentages stated in said Table opposite the Total Standard Premium and (2) the discount determined by applying to that portion of the New York Standard Premium which is subject to retrospective rating the applicable percentages stated in said Table opposite so much of the Total Standard Premium as is subject to retrospective rating.

   (d) The provisions of this endorsement shall not apply in the event the New York Standard Premium is $100 or less and in no event shall the application of the provisions of this endorsement result in an earned premium of less than $100 as applicable to New York.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company or companies; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company or companies shall constitute valid countersignature of this endorsement.

## HARTFORD FIRE INSURANCE COMPANY GROUP

**Hartford Fire Insurance Company**
**Hartford Accident and Indemnity Company**
**Citizens Insurance Company of New Jersey**

**New York Underwriters Insurance Company**
**Twin City Fire Insurance Company**

*Countersigned by* ..................................................................

*Authorized Agent*

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form G-1934-4  (Back)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential



# SMP COMPREHENSIVE CRIME COVERAGE ENDORSEMENT
## SECTION III — CRIME COVERAGE

Form MLB-300
(Ed. 10-66)

This endorsement shall be attached to Policy No. .......................................................... of the

......................... (herein called Company) .......................... Insurance Company.

The Insuring Agreements, General Agreements, Conditions and Limitations and other terms of this endorsement shall apply only as specified herein and none of the provisions, stipulations and other terms of the policy to which this endorsement is attached shall apply to insurance hereunder.

## DECLARATIONS

**Item 1.** Effective Period: from noon on ........................................................ to noon on the
(Month, Day, Year)

effective date of the cancelation or termination of the policy to which this endorsement is attached, standard time at the P.O. Address shown in the policy to which this endorsement is attached as to each of said dates, unless this endorsement is canceled or terminated as hereinafter provided or in any other manner.

**Item 2.**

| | Table of Limits of Liability | |
|---|---|---|
| Insuring Agreement IA | Employee Dishonesty (Commercial Blanket) Coverage | $ 5000 |
| Insuring Agreement IB | Employee Dishonesty (Blanket Position) Coverage | $ |
| Insuring Agreement II | Loss Inside the Premises Coverage | $ 5000 |
| Insuring Agreement III | Loss Outside the Premises Coverage | $ 5000 |
| Insuring Agreement IV | Money Orders and Counterfeit Paper Currency Coverage | $ |
| Insuring Agreement V | Depositors Forgery Coverage | $ |
| If added by endorsement | | |
| Insuring Agreement | | $ |

**Item 3.** The liability of the Company is subject to the terms of the following endorsements attached hereto:

**Item 4.** The Insured by the acceptance of this endorsement gives notice to the Company terminating or canceling prior bond(s) or policy(ies) No.(s) .................................................... such termination or cancelation to be effective as of the time this endorsement becomes effective.

The Company, in consideration of the payment of the premium, and subject to the Declarations made a part hereof, the General Agreements, Conditions and Limitations and other terms of this endorsement, agrees with the Insured, in accordance with such of the Insuring Agreements hereof as are specifically designated by the insertion of an amount of insurance in the Table of Limits of Liability of this endorsement, to pay the Insured for:

## INSURING AGREEMENTS

**EMPLOYEE DISHONESTY COMMERCIAL BLANKET COVERAGE**
**IA.** Loss of Money, Securities and other property which the Insured shall sustain, to an amount not exceeding in the aggregate the amount stated in the Table of Limits of Liability applicable to this Insuring Agreement IA through any fraudulent or dishonest act or acts committed by any of the Employees, acting alone or in collusion with others.

**EMPLOYEE DISHONESTY BLANKET POSITION COVERAGE**
**IB.** Loss of Money, Securities and other property which the Insured shall sustain through any fraudulent or dishonest act or acts committed by any of the Employees, acting alone or in collusion with others, the amount of insurance on each of such Employees being the amount stated in the Table of Limits of Liability applicable to this Insuring Agreement IB.

**LOSS INSIDE THE PREMISES COVERAGE**
**II.** Loss of Money and Securities by the actual destruction, disappearance or wrongful abstraction thereof within the Premises or within any Banking Premises or similar recognized places of safe deposit.

Loss of (a) other property by Safe Burglary or Robbery within the Premises or attempt thereat, and (b) a locked cash drawer, cash box or cash register by felonious entry into such container within the Premises or attempt thereat or by felonious abstraction of such container from within the Premises or attempt thereat.

Damage to the Premises by such Safe Burglary, Robbery or felonious abstraction, or by or following burglarious entry into the Premises or attempt thereat, provided with respect to damage to the Premises the Insured is the owner thereof or is liable for such damage.

**LOSS OUTSIDE THE PREMISES COVERAGE**
**III.** Loss of Money and Securities by the actual destruction, disappearance or wrongful abstraction thereof outside the Premises while being conveyed by a Messenger or any armored motor vehicle company, or while within the living quarters in the home of any Messenger.

Loss of other property by Robbery or attempt thereat outside

the Premises while being conveyed by a Messenger or any armored motor vehicle company, or by theft while within the living quarters in the home of any Messenger.

**MONEY ORDERS AND COUNTERFEIT PAPER CURRENCY COVERAGE**
**IV.** Loss due to the acceptance in good faith, in exchange for merchandise, Money or services, of any post office or express money order, issued or purporting to have been issued by any post office or express company, if such money order is not paid upon presentation, or due to the acceptance in good faith in the regular course of business of counterfeit United States or Canadian paper currency.

**DEPOSITORS FORGERY COVERAGE**
**V.** Loss which the Insured or any bank which is included in the Insured's proof of loss and in which the Insured carries a checking or savings account, as their respective interests may appear, shall sustain through forgery or alteration of, on or in any check, draft, promissory note, bill of exchange, or similar written promise, order or direction to pay a sum certain in money, made or drawn by or drawn upon the Insured, or made or drawn by one acting as agent of the Insured, or purporting to have been made or drawn as hereinbefore set forth, including:

(a) any check or draft made or drawn in the name of the Insured, payable to a fictitious payee and endorsed in the name of such fictitious payee;

(b) any check or draft procured in a face to face transaction with the Insured, or with one acting as agent of the Insured, by anyone impersonating another and made or drawn payable to the one so impersonated and endorsed by anyone other than the one so impersonated; and

(c) any payroll check, payroll draft or payroll order made or drawn by the Insured, payable to bearer as well as to a named payee and endorsed by anyone other than the named payee without authority from such payee;

whether or not any endorsement mentioned in (a), (b) or (c) be a forgery within the law of the place controlling the construction thereof.

**This Endorsement must be attached to Change Endorsement MLB-20 when issued after the Policy is written.**

Form MLB-300 (Ed. 10-66)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001252
BSA-PLAN_00238476

SA 2520

Mechanically reproduced facsimile signatures are treated the same as handwritten signatures.

The Insured shall be entitled to priority of payment over loss sustained by any bank aforesaid. Loss under this Insuring Agreement, whether sustained by the Insured or such bank, shall be paid directly to the Insured in its own name, except in cases where such bank shall have already fully reimbursed the Insured for such loss. The liability of the Company to such bank for such loss shall be a part of and not in addition to the amount of insurance applicable to the Insured's office to which such loss would have been allocated had such loss been sustained by the Insured.

## CONSOLIDATION-MERGER

**A.** If, through consolidation or merger with, or purchase of assets of, some other concern, any persons shall become Employees, the insurance afforded by this endorsement shall also apply as respects such Employees, provided the Insured shall give the Company written notice thereof within thirty days thereafter and shall pay the Company an additional premium computed pro rata from the date of such consolidation, merger or purchase to the end of the current premium period.

## JOINT INSURED

**B.** If more than one Insured is covered under this endorsement, the Insured first named shall act for itself and for every other Insured for all purposes of this endorsement. Knowledge possessed or discovery made by any Insured or by any partner or officer thereof shall, for the purposes of Sections 7, 8 and 15, constitute knowledge possessed or discovery made by every Insured. Cancelation of the insurance hereunder as respects any Employee as provided in Section 15 shall apply to every Insured. If, prior to the cancelation or termination of this endorsement, this endorsement or any Insuring Agreement hereof is canceled or terminated as to any Insured, there shall be no liability for any loss sustained by such Insured unless discovered within one year from the date of such cancelation or termination, or as respects Insuring Agreement IB, within two years therefrom. Payment by the Company to the Insured first named of any loss under this endorsement shall fully release the Company on account of such loss. If the Insured first named ceases for any reason to be covered under this endorsement, then the Insured next named shall thereafter be considered as the Insured first named for all purposes of this endorsement.

## LOSS UNDER PRIOR BOND OR POLICY

**C.** If the coverage of an Insuring Agreement of this endorsement other than Insuring Agreement V, is substituted for any prior bond or policy of insurance carried by the Insured or by any predecessor in interest of the Insured, which prior bond or policy is terminated, canceled or allowed to expire as of the time of such substitution, the Company agrees that such Insuring Agreement applies to loss which is discovered as provided in Section 1 of the Conditions and Limitations and which would have been recoverable by the Insured or such predecessor under such prior bond or policy except for the fact that the time within which to discover loss thereunder had expired; provided:

## THE FOREGOING INSURING AGREEMENTS AND GENERAL AGREEMENTS ARE SUBJECT TO THE FOLLOWING CONDITIONS AND LIMITATIONS:

### EFFECTIVE PERIOD, TERRITORY, DISCOVERY

Section 1. Loss is covered under Insuring Agreement IB of this endorsement only if discovered not later than two years from the end of the Effective Period of this endorsement. Except under Insuring Agreement IB, loss is covered under this endorsement only if discovered not later than one year from the end of such Effective Period.

Subject to General Agreement C:

(a) this endorsement, except under Insuring Agreement IA, IB and V, applies only to loss which occurs during the Effective Period of this endorsement within any of the States of the United States of America, the District of Columbia, Virgin Islands, Puerto Rico, Canal Zone or Canada;

(b) Insuring Agreements IA and IB, apply only to loss sustained by the Insured through fraudulent or dishonest acts committed during the Effective Period of this endorsement by any of the Employees engaged in the regular service of the Insured within the territory designated above or while such Employees are elsewhere for a limited period;

(c) Insuring Agreement V applies only to loss sustained during the Effective Period of this endorsement.

### EXCLUSIONS

Section 2. This endorsement does not apply:

(a) to loss due to any fraudulent, dishonest or criminal act by any Insured or a partner therein, whether acting alone or in collusion with others;

If the Insured or such bank shall refuse to pay any of the foregoing instruments made or drawn as hereinbefore set forth, alleging that such instruments are forged or altered, and such refusal shall result in suit being brought against the Insured or such bank to enforce such payment and the Company shall give its written consent to the defense of such suit, then any reasonable attorneys' fees, court costs, or similar legal expenses incurred and paid by the Insured or such bank in such defense shall be construed to be a loss under this Insuring Agreement and the liability of the Company for such loss shall be in addition to any other liability under this Insuring Agreement.

## GENERAL AGREEMENTS

(1) the insurance under this General Agreement C shall be a part of and not in addition to the amount of insurance afforded by the applicable Insuring Agreement of this endorsement;

(2) such loss would have been covered under such Insuring Agreement had such Insuring Agreement with its agreements, conditions and limitations as of the time of such substitution been in force when the acts or events causing such loss were committed or occurred; and

(3) recovery under such Insuring Agreement on Account of such loss shall in no event exceed the amount which would have been recoverable under such Insuring Agreement in the amount for which it is written as of the time of such substitution, had such Insuring Agreement been in force when such acts or events were committed or occurred, or the amount which would have been recoverable under such prior bond or policy had such prior bond or policy continued in force until the discovery of such loss, if the latter amount be smaller.

Insuring Agreement V shall also cover loss sustained by the Insured at any time before the termination or cancelation of Insuring Agreement V, which would have been recoverable under the coverage of some similar form of forgery insurance (exclusive of fidelity insurance) carried by the Insured or any predecessor in interest of the Insured, had such prior forgery insurance given all of the coverage afforded under Insuring Agreement V; provided, with respect to loss covered by this paragraph:

(a) the coverage of Insuring Agreement V is substituted on or after the date hereof for such prior forgery coverage and the Insured or such predecessor, as the case may be, carried such prior forgery coverage on the office at which such loss was sustained continuously from the time such loss was sustained to the date the coverage of Insuring Agreement V was substituted therefor;

(b) at the time of discovery of such loss, the period for discovery of loss under all such prior forgery insurance has expired; and

(c) if the amount of insurance carried under Insuring Agreement V applicable to the office at which such loss is sustained is larger than the amount applicable to such office under such prior forgery insurance, and in force at the time such loss is sustained, then liability hereunder for such loss shall not exceed the smaller amount.

(b) under Insuring Agreement IA or IB, to loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation; provided, however, that this paragraph shall not apply to loss of Money, Securities or other property which the Insured can prove, through evidence wholly apart from such computations, is sustained by the Insured through any fraudulent or dishonest act or acts committed by any one or more of the Employees;

(c) under Insuring Agreements II and III, to loss due to any fraudulent, dishonest or criminal act by an Employee, director, trustee or authorized representative of any Insured, while working or otherwise and whether acting alone or in collusion with others; provided, this Exclusion does not apply to Safe Burglary or Robbery or attempt thereat;

(d) under Insuring Agreements II and III, to loss due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(e) under Insuring Agreements II and III, to loss (1) due to the giving or surrendering of Money or Securities in any exchange or purchase, (2) due to accounting or arithmetical errors or omissions, or (3) of manuscripts, books of account or records;

does not certify that these documents are a complete and accurate copy of the o...

(f) under Insuring Agreement II, to loss of Money contained in coin operated amusement devices or vending machines, unless the amount of Money deposited within the device or machine is recorded by a continuous recording instrument therein;

(g) under Insuring Agreement III, to loss of insured property while in the custody of any armored motor vehicle company, unless such loss is in excess of the amount recovered or received by the Insured under (1) the Insured's contract with said armored motor, vehicle company, (2) insurance carried by said armored motor vehicle company for the benefit of users of its service, and (3) all other insurance and indemnity in force in whatsoever form carried by or for the benefit of users of said armored motor vehicle company's service, and then this endorsement shall cover only such excess;

(h) under Insuring Agreement II, to loss, other than to money, securities, a safe or vault, by fire whether or not such fire is caused by, contributed to by, or, arises out of the occurrence of a hazard insured against.

(i) under Insuring Agreements II and III, to loss due to nuclear action, nuclear radiation' or radio active contamination, or to any act or condition incident to any of the foregoing.

## DEFINITIONS

Section 3. The following terms, as used in this endorsement shall have the respective meanings stated in this Section:

"Money" means currency, coins, bank-notes and bullion; and travelers checks, register checks and money orders held for sale to the public.

"Securities" means all negotiable and non-negotiable instruments or contracts representing either Money or other property and includes revenue and other stamps in current use, tokens and tickets, but does not include Money.

"Employee" means any natural person (except a director or trustee of the Insured, if a corporation, who is not also an officer or employee thereof in some other capacity) while in the regular service of the Insured in the ordinary course of the Insured's business during the Effective Period of this endorsement and whom the Insured compensates by salary, wages or commissions and has the right to govern and direct in the performance of such service, but does not mean any broker, factor, commission merchant, consignee, contractor or other agent or representative of the same general character. As applied to loss under Insuring Agreement IA or IB the above words, "while in the regular service of the Insured" shall include the first 30 days thereafter; subject, however, to Sections 15 and 16.

"Premises" means the interior of that portion of any building which is occupied by the Insured in conducting its business.

"Banking Premises" means the interior of that portion of any building which is occupied by a banking institution in conducting its business.

"Messenger" means the Insured or a partner of the Insured or any Employee who is duly authorized by the Insured to have the care and custody of the insured property outside the Premises.

"Custodian" means the Insured or a partner of the Insured or any Employee who is duly authorized by the Insured to have the care and custody of the insured property within the Premises, excluding any person while acting as a watchman, porter or janitor.

"Robbery" means the taking of insured property (1) by violence inflicted upon a Messenger or a Custodian; (2) by putting him in fear of violence; (3) by any other overt felonious act committed in his presence and of which he was actually cognizant, provided such other act is not committed by a partner or Employee of the Insured; (4) from the person or direct care and custody of a Messenger or Custodian who has been killed or rendered unconscious; or (5) under Insuring Agreement II, (a) from within the Premises by means of compelling a Messenger or Custodian by violence or threat of violence while outside the Premises to admit a person into the Premises or to furnish him with means of ingress into the Premises while regularly open for business, by a person who has broken the glass thereof from outside the Premises.

"Safe Burglary" means (1) the felonious abstraction of insured property from within a vault or safe, the door of which is equipped with a combination lock, located within the Premises, by a person making a felonious entry into such vault or such safe and any vault containing the safe, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon the exterior of (a) all of said doors of such vault or such safe and any vault containing the safe, if entry is made through such doors, or (b) the top, bottom or walls of such vault or such safe and any vault containing the safe through which entry is made, if not made through such doors; or

Form MLB-300 (Ed. 10-66)

(2) the felonious abstraction of such safe from within the Premises.

"Loss," except under Insuring Agreements IA, IB and V, includes damage.

## LOSS CAUSED BY UNIDENTIFIABLE EMPLOYEE

Section 4. If a loss is alleged to have been caused by the fraud or dishonesty of any one or more of the Employees covered under Insuring Agreements IA or IB, as the case may be, and the Insured shall be unable to designate the specific Employee or Employees causing such loss, the Insured shall nevertheless have the benefit of such applicable Insuring Agreement subject to the provisions of Section 2 (b) of this endorsement provided that the evidence submitted reasonably proves that the loss was in fact due to the fraud or dishonesty of one or more of the said Employees, and provided, further, that the aggregate liability of the Company for any such loss shall not exceed the Limit of Liability applicable to such Insuring Agreement.

## OWNERSHIP OF PROPERTY; INTERESTS COVERED

Section 5. The insured property may be owned by the Insured, or held by the Insured in any capacity whether or not the Insured is liable for the loss thereof, or may be property as respects which the Insured is legally liable; provided, Insuring Agreements II, III and IV apply only to the interest of the Insured in such property, including the Insured's liability to others, and do not apply to the interest of any other person or organization in any of said property unless included in the Insured's proof of loss, in which event the third paragraph of Section 8 is applicable to them.

## BOOKS AND RECORDS

Section 6. The Insured shall keep records of all the insured property in such manner that the Company can accurately determine therefrom the amount of loss.

## PRIOR FRAUD; DISHONESTY OR CANCELATION

Section 7. The coverage of Insuring Agreement IA or IB shall not apply to any Employee from and after the time that the Insured or any partner or officer thereof not in collusion with such Employee shall have knowledge or information that such Employee has committed any fraudulent or dishonest act in the service of the Insured or otherwise, whether such act be committed before or after the date of employment by the Insured.

If, prior to the issuance of this endorsement, any fidelity insurance in favor of the Insured or any predecessor in interest of the Insured and covering one or more of the Insured's Employees shall have been canceled as to any of such Employees by reason of the giving of written notice of cancelation by the insurer issuing such fidelity insurance whether the Company or not, and if such Employees shall not have been reinstated under the coverage of said fidelity insurance or superseding fidelity insurance, the Company shall not be liable on account of such Employees unless the Company shall agree in writing to include such Employees within the coverage of Insuring Agreement IA or IB, as the case may be.

## LOSS; NOTICE; PROOF; ACTION AGAINST COMPANY

Section 8. Upon knowledge or discovery of loss or of an occurrence which may give rise to a claim for loss, the Insured shall: (a) give notice thereof as soon as practicable to the Company or any of its authorized agents and, except under Insuring Agreements IA or IB, and V, also to the police if the loss is due to a violation of law; (b) file detailed proof of loss, duly sworn to, with the Company within four months after the discovery of loss.

Proof of loss under Insuring Agreement V shall include the instrument which is the basis of claim for such loss, or if it shall be impossible to file such instrument, the affidavit of the Insured or the Insured's bank of deposit setting forth the amount and cause of loss shall be accepted in lieu thereof.

Upon the Company's request, the Insured shall submit to examination by the Company, subscribe the same, under oath if required, and produce for the Company's examination all pertinent records, all at such reasonable times and places as the Company shall designate, and shall cooperate with the Company in all matters pertaining to loss or claims with respect thereto.

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this endorsement nor until ninety days after the required proofs of loss have been filed with the Company, nor at all unless commenced within two years from the date when the Insured discovers the loss. If any limitation of time for notice of loss or any legal proceeding herein contained is shorter than that permitted to be fixed by agreement under any statute controlling the construction of this endorsement, the shortest permissible statutory limitation of time shall govern and shall supersede the time limitation herein stated.

## VALUATION — PAYMENT — REPLACEMENT

Section 9. In no event shall the Company be liable as respects Securities for more than the actual cash value thereof at the close of business on the business day next preceding the day on which

Page 3 of 4

 the loss was discovered, nor as respects other property, for more than the actual cash value thereof at the time of loss; provided, however, the actual cash value of such other property held by the Insured as a pledge, or as collateral for an advance or a loan, shall be deemed not to exceed the value of the property as determined and recorded by the Insured when making the advance or loan, nor, in the absence of such record, the unpaid portion of the advance or loan plus accrued interest thereon at legal rates.

The Company may, with the consent of the Insured, settle any claim for loss of property with the owner thereof. Any property for which the Company has made indemnification shall become the property of the Company.

In case of damage to the Premises or loss of property other than Securities, the Company shall not be liable for more than the actual cash value of such property, or for more than the actual cost of repairing such Premises or property or of replacing same with property or material of like quality and value. The Company may, at its election, pay such actual cash value, or make such repairs or replacements. If the Company and the Insured cannot agree upon such cash value or such cost of repairs or replacements, such cash value or such cost shall be determined by arbitration.

**RECOVERIES**

Section 10. If the Insured shall sustain any loss covered by this endorsement which exceeds the applicable amount of insurance hereunder, the Insured shall be entitled to all recoveries (except from suretyship, insurance, reinsurance, security or indemnity taken by or for the benefit of the Company) by whomsoever made, on account of such loss under this endorsement until fully reimbursed, less the actual cost of effecting the same; and any remainder shall be applied to the reimbursement of the Company.

**LIMITS OF LIABILITY**

Section 11. Payment of loss under Insuring Agreement IA, IB or V shall not reduce the Company's liability for other losses under the applicable Insuring Agreement whenever sustained. The Company's total liability (a) under Insuring Agreement IA for all loss caused by any Employee or in which such Employees is concerned or implicated, (b) under Insuring Agreement IB as to each Employee or (c) under Insuring Agreement V for all loss by forgery or alteration committed by any person or in which such person is concerned or implicated, whether such forgery or alteration involves one or more instruments, is limited to the applicable amount of insurance specified in the Table of Limits of Liability or endorsement amendatory thereto. The liability of the Company for loss sustained by any or all of the Insured shall not exceed the amount for which the Company would be liable had all such loss been sustained by any one of the Insured.

Except under Insuring Agreements IA, IB and V the applicable limit of liability stated in the Table of Limits of Liability of this endorsement is the total limit of the Company's liability with respect to all loss of property of one or more persons or organizations arising out of any one occurrence. All loss incidental to an actual or attempted fraudulent, dishonest or criminal act or series of related acts at the Premises, whether committed by one or more persons, shall be deemed to arise out of one occurrence.

Regardless of the number of years this endorsement shall continue in force and the number of premiums which shall be payable or paid, the limit of the Company's liability as specified in the Table of Limits of Liability of this endorsement shall not be cumulative from year to year or period to period.

**LIMIT OF LIABILITY UNDER THIS ENDORSEMENT AND PRIOR INSURANCE**

Section 12. This Section shall apply only to Insuring Agreements IA, IB and V.

With respect to loss caused by any person (whether one of the Employees or not) or in which such person is concerned or implicated or which is chargeable to any Employee as provided in Section 4 and which occurs partly during the Effective Period of this endorsement and partly during the period of other bonds or policies issued by the Company to the Insured or to any predecessor in interest of the Insured and terminated or canceled or allowed to expire and in which the period for discovery has not expired at the time any such loss thereunder is discovered, the total liability of the Company under this endorsement and under such other bonds or policies shall not exceed, in the aggregate, the amount carried under the applicable Insuring Agreement of this endorsement on such loss or the amount available to the Insured under such other bonds or policies, as limited by the terms and conditions thereof, for any such loss, if the latter amount be the larger.

**OTHER INSURANCE**

Section 13. If there is available to the Insured any other insurance or indemnity covering any loss covered by Insuring Agreement IA, IB or V the Company shall be liable hereunder only for that part of such loss which is in excess of the amount recoverable or recovered from such other insurance or indemnity, except that if such other insurance or indemnity is a bond or policy of fidelity insurance, any loss covered under both such fidelity insurance and Insuring Agreement V shall first be paid under Insuring Agreement V. Any loss covered under both Insuring Agreements IA or IB and also under Insuring Agreement V shall first be paid under Insuring Agreement V and the excess, if any, shall be paid under Insuring Agreement IA or IB, as the case may be. The Company waives any right of contribution which it may have against any forgery insurance carried by any depository bank which is indemnified under Insuring Agreement V.

Under any other Insuring Agreement, if there is any other valid and collectible insurance which would apply in the absence of such Insuring Agreement, the insurance under this endorsement shall apply only as excess insurance over such other insurance; provided, the insurance shall not apply (a) to property which is separately described and enumerated and specifically insured in whole or in part by any other insurance; or (b) to property otherwise insured unless such property is owned by the Insured.

**SUBROGATION**

Section 14. In the event of any payment under this endorsement the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatsoever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

**CANCELATION AS TO ANY EMPLOYEE**

Section 15. Insuring Agreements IA or IB shall be deemed canceled as to any Employee: (a) immediately upon discovery by the Insured, or by any partner or officer thereof not in collusion with such Employee, of any fraudulent or dishonest act on the part of such Employee; or (b) at noon, standard time as aforesaid, upon the effective date specified in a written notice mailed to the Insured. Such date shall be not less than fifteen days after the date of mailing. The mailing by the Company of notice as aforesaid to the Insured at the P. O. address shown in the policy to which this endorsement is attached shall be sufficient proof of notice. Delivery of such written notice by the Company shall be equivalent to mailing.

**CANCELATION OF ENDORSEMENT OR INSURING AGREEMENT**

Section 16. This endorsement or any Insuring Agreement thereof may be canceled by the Insured by mailing to the Company written notice stating when thereafter the cancelation shall be effective. This endorsement or any such Insuring Agreement may be canceled by the Company by mailing to the Insured at the P.O. address shown in the policy to which this endorsement is attached written notice stating when not less than fifteen days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date of cancelation stated in the notice shall become the end of the Effective Period of this endorsement for any affected Insuring Agreement. Delivery of such written notice either by the Insured or by the Company shall be equivalent to mailing.

If the Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the Company cancels, earned premium shall be computed pro-rata. Premium adjustment may be made either at the time cancelation is effected or as soon as practicable after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancelation.

**NO BENEFIT TO BAILEE**

Section 17. This Section shall apply only to Insuring Agreements II and III.

The insurance afforded by this endorsement shall not inure directly or indirectly to the benefit of any carrier or other bailee for hire.

**ASSIGNMENT**

Section 18. Assignment of interest under this endorsement shall not bind the Company until its consent is endorsed hereon; if, however, the Insured shall die, this endorsement shall cover the Insured's legal representative as Insured; provided that notice of cancelation addressed to the Insured named in the Declarations and mailed to the P.O. address shown in the policy to which this endorsement is attached shall be sufficient notice to effect cancelation of this endorsement.

**CHANGES**

Section 19. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this endorsement or estop the Company from asserting any right under the terms of this endorsement, nor shall the terms of this endorsement be waived or changed, except by endorsement issued to form a part of this endorsement signed by an officer of the Company.

By acceptance of this endorsement the Insured agrees that it embodies all agreements existing between the Insured and the Company or any of its agents relating to this insurance.

complete and accurate copy

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

**CPC®**

# GLASS COVERAGE ENDORSEMENT

Form MLB-179
(Ed. 10-66)

Subject to all the provisions and stipulations otherwise applicable to Section 1, except the Coinsurance Clause and the Loss Deductible Clauses, this policy is extended to cover damage to the glass described in the Schedule and to the lettering and ornamentation separately described therein, by breakage of the glass or by chemicals accidentally or maliciously applied, excluding under this endorsement, loss by fire.

The Company will pay for:

1. repairing or replacing frames immediately encasing and contiguous to such glass when necessary because of such damage;
2. installing temporary plates in or boarding up openings containing such glass when necessary because of unavoidable delay in repairing or replacing such damaged glass;
3. removing or replacing any obstructions, other than window displays, when necessary in replacing such damaged glass, lettering or ornamentation.

## SCHEDULE

| Loc. No. | Bldg. No. | Number of Plates | Length in Inches | Width in Inches | Description of Glass, Lettering and Ornamentation; Position in Building. The glass is plain flat glass with all edges set in frames, unless otherwise stated herein. | Specific Limit, if any | Premium |
|---|---|---|---|---|---|---|---|
| 1 | 1 | 2 | 81 | 46 | SLIDING DOOR | | |

Total Premium $ **57.00**

## CONDITIONS

Limits of Liability and Settlement Options: The limit of the Company's liability for damage shall not exceed the actual cash value of the property at time of loss, nor what it would then cost to repair or replace the damaged property with other of the nearest obtainable kind and quality, nor the applicable limit of insurance stated in the Declarations; provided, however, the limit of the Company's liability under each of divisions (1), (2) or (3) of the Insuring Agreement is $75 with respect to loss due to any one occurrence at any one location separately occupied or designed for separate occupancy.

The Company may pay for the loss in money or may repair or replace the property. Any property so paid for or replaced shall become the property of the Company.

**This Endorsement must be attached to Change Endorsement** MLB-20 when issued after the Policy is written.

Form MLB-179 (Ed. 10-66)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001256
BSA-PLAN_00238480
SA 2524

 



## AMENDMENT OF LIMITS OF LIABILITY

Form MLB-21
(Ed. 10-66)

### COVERAGE C — BODILY INJURY AND PROPERTY DAMAGE LIABILITY

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

SMP LIABILITY INSURANCE
COMPREHENSIVE GENERAL LIABILITY INSURANCE

It is agreed that the policy is amended as follows:

1. The limits of liability stated in the Declarations as applicable to Coverage C — Bodily Injury and Property Damage Liability are amended to read as follows:

Bodily Injury Liability

$ 100,000 each person
$ 300,000 each occurrence
$_____ aggregate

Property Damage Liability

$ 25,000 each occurrence
$ 25,000 aggregate

2. The Limits of Liability provision is replaced by the following:

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the Company's liability is limited as follows:

**Bodily Injury Liability —** The limit of bodily injury liability stated in the amended Declarations as applicable to "each person" is the limit of the Company's liability for all damages because of bodily injury sustained by one person as the result of any one occurrence; but subject to the above provision respecting "each person", the total liability of the Company for all damages because of bodily injury sustained by two or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the amended Declarations as applicable to "each occurrence". Subject to the above provisions respecting "each person" and "each occurrence" the total liability of the Company for all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limits of bodily injury liability stated in the amended Declarations as "aggregate".

**Property Damage Liability —** The total liability of the Company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the amended Declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the Company for all damages because of all property damage to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of property damage liability stated in the amended Declarations as "aggregate".

(1) all property damage arising out of premises or operations rated on a remuneration basis or contractors equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;

(2) all property damage arising out of and occurring in the course of operations performed for the named insured by independent contractors and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all property damage included within the products hazard and all property damage included within the completed operations hazard.

Such aggregate limit shall apply separately to the property damage described in subparagraphs (1), (2) and (3) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the named insured.

**Bodily Injury and Property Damage Liability —** For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

Form MLB-21 (Ed. 10-66)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001257
BSA-PLAN_00238481
SA 2525

## PREMIUM DISCOUNT ENDORSEMENT — NEW YORK
### (Automobile and General Liability Insurance)

Named Insured and Address

**12CPP 500098**

This endorsement forms a part of Policy No.................................................
issued by the HARTFORD FIRE INSURANCE COMPANY GROUP
company or companies designated therein, and takes effect as of the
effective date of said policy unless another effective date is stated herein.

**06/01/69**

Effective date..................................................... 12:01 A. M., standard time at the address of the named
insured as stated herein.

It is agreed that the premium pertaining to New York for Liability, Medical Payments and Elevator Collision insurance is subject to discount in accordance with the following procedure:

1.

| Policy Numbers | Estimated Standard Premium |
|---|---|
| 12CPP 500098 | $ 9317.00 |
| 12C 101373 | $ 1 083.00 |
|  | $ |
|  | $ |
|  | $ |
| Total Estimated Standard Premium | $ 104 00 |

2. **Premium Discount Percentages Applicable to New York Standard Premium.** Based on the Total Estimated Standard Premium stated in paragraph 1 hereof, the premium discount percentages applicable to the Estimated New York Standard Premium, obtained from said Table of New York Premium Discounts in accordance with the provisions of paragraph 6 hereof, are as follows:

| General Liability | Automobile Liability — Garages | Taxis, Livery, Buses and Long Haul Truckmen | All Other Automobile Liability |
|---|---|---|---|
| 4.5 % | % | % | % |

Upon termination of the policies designated in paragraph 1 hereof, the premium discount percentages applicable to the Earned New York Standard Premium shall be obtained from said Table of New York Premium Discounts and the premium discount applicable to the Earned New York Standard Premium shall be computed in accordance with the provisions of this endorsement.

3. **ESTIMATED PREMIUM AND PREMIUM DISCOUNT CALCULATION FOR THIS POLICY.**

    I. **If subject to Annual Adjustment**

        (New York Estimated Standard Premium $............ ..............)

    ESTIMATED STANDARD PREMIUM          $ 3106.00

    PREMIUM DISCOUNT APPLICABLE TO NEW YORK STANDARD PREMIUM    $ 14.00

    ESTIMATED ADVANCE PREMIUM          $ 3092.00

    II. **If subject to Interim Adjustment**

        (New York Deposit Standard Premium $.................................)

    ESTIMATED DEPOSIT STANDARD PREMIUM          $

    PREMIUM DISCOUNT APPLICABLE TO NEW YORK DEPOSIT STANDARD PREMIUM    $

    DEPOSIT PREMIUM          $

(See Over)

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form G-1934-4   Printed in U. S. A.   3-'62

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

## PREMIUM DISCOUNT ENDORSEMENT — NEW YORK
### (Automobile and General Liability Insurance)

4. **New York Standard Premium.**  Such premium pertaining to New York computed in accordance with the provisions of the policies designated in paragraph 1 hereof, other than this endorsement and exclusive of the application of any retrospective rating plan, shall be known as the New York Standard Premium.

5. **Total Standard Premium For All States.**  The Liability, Medical Payments and Elevator Collision premium computed in accordance with the provisions of the policies designated in paragraph 1 hereof, other than this endorsement and exclusive of the application of any retrospective rating plan, any Automatic Premium Adjustment Endorsement, any Premium Return Plan Endorsement, or other Premium Discount Endorsement, shall be known as the Total Standard Premium.

6. **Premium Discount — New York**

   (a) **For policy periods of one year or less** — The New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be subject to the applicable discount percentages for the Total Standard Premium obtained from the Table of New York Premium Discounts stated in the Company's manual of rules and rates.

   (b) **For policy periods of more than one year** — The New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be subject to the applicable discount percentages stated in said Table opposite the average annual Total Standard Premium for the policies, which shall be determined by dividing the Total Standard Premium for the policy period by the term of said policies in years and fractions thereof.

   (c) If retrospective rating is applicable to a part of the premium pertaining to New York, the amount of premium discount applicable to the New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be the difference between (1) the discount determined by applying to the New York Standard Premium the applicable percentages stated in said Table opposite the Total Standard Premium and (2) the discount determined by applying to that portion of the New York Standard Premium which is subject to retrospective rating the applicable percentages stated in said Table opposite so much of the Total Standard Premium as is subject to retrospective rating.

   (d) The provisions of this endorsement shall not apply in the event the New York Standard Premium is $100 or less and in no event shall the application of the provisions of this endorsement result in an earned premium of less than $100 as applicable to New York.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company or companies; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company or companies shall constitute valid countersignature of this endorsement.

## HARTFORD FIRE INSURANCE COMPANY GROUP

| | |
|---|---|
| Hartford Fire Insurance Company | New York Underwriters Insurance Company |
| Hartford Accident and Indemnity Company | Twin City Fire Insurance Company |
| Citizens Insurance Company of New Jersey | |

Countersigned by.............................................................

*Authorized Agent*

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form G-1934-4  (Back)

CAMPS

Named Insured and Address

This endorsement forms a part of Policy No. **12CPP 500098**
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

**06/01/69**

Effective date...................................................12:01 A. M., standard time at the address of the *named insured* as stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE

Description of Premises:

## SCHEDULE

| Classifications | Code No. | Premium Bases (a) Per 100 Camper Days (b) No. of Units | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|
| | | | B.I.L. Cov. | P.D.L. Cov. | B.I.L. Cov. | P.D.L. Cov. |
| Camps — Non Profit | 0461 | | | | | |
| Camps | 0462 | | | | | |
| Camps — first aid | | | | | | |
| to campers | 0703 | | | | | |
| Saddle Animals | 0739 | | | | | |
| Canoes or Rowboats | 0364 | | | | — | — |
| Motorboats | | | | | — | — |
| Sailboats | | | | | — | — |
| Outboard Motors | | | | | — | — |
| Total Advance Premium for Watercraft | | | | | $ | $ |
| Total Advance Premium | | | | | $ | $ |

It is agreed that with respect to the operation of any camp on the premises described above or designated in the policy as subject to this endorsement:

1. **FIRST AID**   The insurance does not apply under the "Supplementary Payments" provision to expenses incurred by the *insured* for first aid to any camper unless a premium charge is entered for the Bodily Injury Liability Coverage in the schedule of this endorsement opposite the classification "Camps — first aid to campers".

   If a premium charge is entered therein, the "Supplementary Payments" provision applies to expenses incurred by the *insured* for first aid to campers, other than expenses for services provided by the *insured*, by any employee of the *insured* or by any person or organization under contract to the *insured* to provide such services.

2. **INFIRMARIES, CLINICS, HOSPITALS**   If the camp has an infirmary with facilities for lodging and treatment or a public clinic or hospital, the insurance does not apply to (1) the rendering of or failing to render (a) medical, surgical, dental, X-ray or nursing service or treatment, or the furnishing of food or beverages in connection therewith, (b) any service or treatment conducive to health or of a professional nature or (c) any cosmetic or tonsorial service or treatment; (2) the furnishing or dispensing of drugs or medical, dental, or surgical supplies or appliances; or (3) the handling of or performing of autopsies on dead bodies.

3. **SADDLE ANIMALS**   The insurance does not apply to *bodily injury* or *property damage* arising out of the use of the *named insured's saddle animals* unless a premium charge is entered for the Bodily Injury Liability Coverage or the Property Damage Liability Coverage respectively in the schedule of this endorsement opposite the classification "Saddle Animals".

   If a premium charge is entered therein for the Bodily Injury Liability Coverage or the Property Damage Liability Coverage, the "Persons Insured" provision also includes with respect to such coverage any person or organization legally responsible for the use of the *named insured's saddle animals*, provided the actual use thereof is by the *named insured* or with his permission; but this paragraph does not apply to saddle animals while rented to any person or organization other than a camper.

   As used herein **"named insured's saddle animals"** means saddle animals owned or used by, or rented to the *named insured* or rented to others by or through the *named insured*.

Form L-3089-0   Printed in U. S. A.   7-'66   (NBCU: G 410)

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.



CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001260
BSA-PLAN_00238484

SA 2528



4. **WATERCRAFT.** The insurance does not apply to *bodily injury* or *property damage* arising out of the use of the *named insured's watercraft* unless a premium charge is entered for the Bodily Injury Liability Coverage or the Property Damage Liability Coverage respectively in the schedule of this endorsement in the line "Total Advance Premium for Watercraft".

If a premium charge is entered therein for the Bodily Injury Liability Coverage or the Property Damage Liability Coverage, such coverage applies to such *bodily injury* or *property damage* respectively, except while the *named insured's watercraft* is used to carry any person other than a camper for a charge or is rented to any person or organization other than a camper, and the "Persons Insured" provision also includes with respect to such coverage any person or organization using or legally responsible for the use of the *named insured's watercraft*, provided the actual use thereof is by the *named insured* or with his permission.

As used herein **"named insured's watercraft"** means (1) watercraft owned or used by or rented to the *named insured* or rented to others by or through the *named insured* or (2) any other watercraft powered in whole or in part by an outboard motor owned or used by or rented to the *named i. ≀ured* or rented to others by or through the *named insured*.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Hartford Fire Insurance Company          New York Underwriters Insurance Company
Hartford Accident and Indemnity Company  Twin City Fire Insurance Company
Citizens Insurance Company of New Jersey

Countersigned by ...................................................
                                         Authorized Agent

The company located these documents in its records. At this time, the company does not certify that these documents are a complete and accurate copy of the policy.

Form L-3089-0   (Back)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001261
BSA-PLAN_00238485

SA 2529

**Permissible Exclusions:** ONLY the following Employees are permitted to be excluded: (a) officers who own the majority of the capital stock of the Applicant, (b) relatives of such officers or of the partners of any Partnership or of the proprietor of any Insured Proprietorship, (c) outside salesmen, collectors, drivers, drivers helpers, chauffeurs, demonstrators, canvassers, and other similar positions, (d) store employees of any retail butcher or grocer, regardless of the number of stores operated, or store employees of any Applicant if operating retail locations, (e) superintendents and janitors of buildings, (f) station managers and employees at stations of oil companies selling at retail, (g) yard managers, yard superintendents and other yard employees of lumber companies; provided, that whenever employees of any class are excluded, all employees of such class must be excluded as an entirety.

### CLASSIFICATION OF EMPLOYEES

**Class 1 Employees (as classified by position):** Executives, officials and all other employees, except Class 2 Employees, who, as a part of their regular duties, handle or have custody of money, securities or merchandise (the latter meaning commodities customarily traded in by the Applicant), including in any event all occupants of positions listed below.

Note: Even though they may, on occasion, handle money, securities or merchandise, the following positions should not, for that reason, be classified as Class 1 Employees: inside salesmen (except those of automobile dealers), inside messengers, clerks, typists, stenographers and business machine, elevator and telephone operators, foremen, factory workers, janitors, porters, laborers, mechanics and other similar positions.

| Officials | | Number of Occupants | | Number of Occupants | | Number of Occupants |
|---|---|---|---|---|---|---|
| Chairman | | | Paymaster | | Clerks acting as Appraisers | |
| President | | | Assistant Paymasters | | Shipping or Receiving Clerks | |
| Vice-President | | | Timekeepers | | Stock Clerks | 1 ✓ |
| Treasurer | 1 ✓ | | Assistant Timekeepers | | Custodians | |
| Assistant Treasurer | | | Adjusters | | Warehousemen | |
| Secretary | | | **Management** | | Watchmen | |
| Assistant Secretary | | | Managers | 3 | Dieticians who order food | |
| Attorneys | | | Assistant Managers | | **Sales** | |
| Bursar | | | Branch Managers | | Sales Managers | 1 ✓ |
| Assistant Bursar | | | Assistant Branch Managers | | Assistant Sales Managers | 2 ✓ |
| Comptroller | | | Department Managers | | Floorwalkers | |
| Assistant Comptroller | | | Asst. Dept. Managers | | Buyers | |
| | | | Superintendents | | Assistant Buyers | |
| | | | Assistant Superintendents | | Salesmen of Auto Dealers | |
| | | | Factory Superintendents | | *Salesmen (outside collectors) | |
| **Accounting** | | | Asst. Factory Supt. | | *Demonstrators | |
| Accountants (Senior) for | | | Purchasing Agents | | *Canvassers | 9 |
| Accounting Firms | | | Assistant Purchasing Agents | | *Collectors | |
| Auditors | | | Messengers (Outside) | | *Drivers | |
| Assistant Auditors | | | | | *Drivers' Helpers (brewers) | |
| Cashiers | 1 | | | | Drivers' Helpers (others) | |
| Assistant Cashiers | | | **Stock** | | *Chauffeurs | |
| Bookkeepers | 1 | | Appraisers | | | |

Total Class 1  20

*For certain types of business those positions marked * are subject to Class 2 Ratings as indicated below.

**Class 2 Employees:** This Class embraces Canvassers (for all Applicants) Chauffeurs, Collectors, Demonstrators, Drivers, Drivers' Helpers (other than Drivers' Helpers for Brewery Companies who are Class 1 Employees), certain Janitors and Superintendents of Buildings, Outside Salesmen, whether or not they collect and other similar positions. The Class 2 employee classifications apply to those insureds whose business description appears in the Fidelity Industrial Class Code & Rate Modification Table with an asterisk preceding the Class Code number.

Total Class 2  10

**Total Number of All Employees. This constitutes the Applicant's entire** personnel as of the date of this Application.  30

Form MLB-5 (Ed. 10-66)

Page 3 of 4

10.  If additional Dishonesty Coverage is desired on Employees in certain positions included in question 9 complete the following:

| Name of Employee | Position | Location | Amount of additional coverage desired on such Employee |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

If the Applicant will furnish the following information, the Company will be in a position to suggest a minimum amount of fidelity coverage to be carried by the Applicant:

Total Current Assets (cash, deposits, securities, receivables, goods on hand, etc.)   $_____

Goods on Hand (raw materials, materials in process, finished merchandise or products)   $_____

Annual Gross Sales or Income   $_____

## Underwriting Data for Depositors Forgery Coverage

11.  Coverage under Ins. Agree. V for acts of Employees is to be ☐ included, or ☐ excluded in the amount of $_____

12.  If coverage is desired for personal accounts of officers or partners of the Applicant, attach schedule.

The Employees of the Applicant have all, to the best of the Applicant's knowledge and belief, while in the service of the Applicant always performed their respective duties honestly. There has never come to its notice or knowledge any information which in the judgment of the Applicant indicates that any of the said Employees are dishonest. Such knowledge as any officer signing for the Applicant may now have in respect to his own personal acts or conduct, unknown to the Applicant, is not imputable to the Applicant.

It is understood that the first premium upon the Endorsement applied for, and subsequent premiums thereon, are due at the beginning of each premium period, that the Company is entitled to additional premiums because of any unusual increase in the number of Employees and that the Applicant agrees to pay all such premiums promptly.

Dated at _____ this_____day of_____ 19____

By _____

(Applicant)                                         (Title)

Form MLB-5 (Ed. 10-66)                                                    **Page 4 of 4**

The company located these document business records. At this time, the con does not certify that these documents a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential



## APPLICATION — CRIME COVERAGE

Form MLB-5
(Ed. 10-66)

Application is hereby made by SUFFOLK COUNTY COUNCIL INC. BOY SCOUTS OF AMERICA
(EXACT NAME AND MAIN OFFICE LOCATION OF APPLICANT)

MAIN STREET, STONY BROOK, SUFFOLK COUNTY, NEW YORK (herein called the Applicant)
(NO.)     (STREET)        (CITY)            (COUNTY)          (STATE)

for insurance under each of the following Insuring Agreements opposite which an amount is stated, to become effective or to be continued as of noon on JUNE 1, 1969 , as follows:
(MONTH, DAY, YEAR)

### Coverage and Amount of Insurance Desired

| | | |
|---|---|---|
| Insuring Agreement IA (Commercial Blanket Coverage) NOTE: Not Limited | | $ Nil |
| Insuring Agreement IB (Blanket Position Coverage) to SMP Premises | | $ 5,000 |
| Insuring Agreement II (Loss Inside the Premises Coverage)* | Money & Securities | $ 5,000 |
| | Securities Only | $ |
| Insuring Agreement III (Loss Outside the Premises Coverage)* | Money & Securities | $ 5,000 |
| | Securities Only | $ |
| Insuring Agreement IV (Money Orders and Counterfeit Paper Currency Coverage) | | $ Nil |
| Insuring Agreement V (Depositors Forgery Coverage) | | $ Nil |

*Note: Use Supplemental Application-Questionnaire, Form MLB-6, for Insuring Agreements II and III.

1. (a) Nature of Applicant's predominant business function as an entirety (not limited to SMP Premises). Boy Scout

   (b) Nature of products or services of Applicant's predominant business or activity Scouting
   (c) State number of premises covered under Sections I and II of SMP Policy Two
   (d) State number of all premises occupied by Applicant Two
   (e) Give number of additional premises operated (complete Supplemental Application for each additional premises)
   (f) Is Applicant — Indiv. ☐; Corp. ☒ Partnership ☐. (g) Date Applicant's business established

| 2. Audits | Cash and Accounts | Inventory of Merchandise |
|---|---|---|
| (a) How frequently made? | | |
| (b) By whom? Independent CPA, Public Accountant or Auditor, Staff CPA, Staff Public Accountant or equivalent. Others—(explain fully) | | |
| (c) Are all premises audited? | | |
| (d) Are bank accounts reconciled by someone not authorized to deposit or withdraw therefrom? | | How often? |
| (e) Will countersignature of checks be required? | If not by whom signed? | |
| (f) Will securities be subject to joint control by two or more responsible employees? | | |
| (g) Will audit reports be rendered directly to the individual owner if Applicant is a sole proprietorship, to all partners if Applicant is a partnership, or to the Board of Directors if Applicant is a Corporation? | | |

3. Give total number of Locations (other than Home Office) (a) if Applicant is engaged in retail trade or personal services or operates a collection agency, motion picture or drive-in theatre or amusement enterprise; (b) retail locations only if Applicant is a manufacturer, processor, wholesaler or distributor; (c) if Applicant is a Pawn Broker, Factor, Currency Exchange, Check Casher or a Personal Finance Company or other Loan Company operating under Uniform Small Loan or similar legislation (including Chattel Loan Companies, Benevolent, Charitable, Prudential or Remedial Loan Associations and also Industrial Loan Companies in the State of Washington).

(a) Not
(b) Applicable
(c)

Form MLB-5 (Ed. 10-66)                                                          Page 1 of 4

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

Questions 4-7 need only be answered as of inception date of the C.C. Endorsement

4. Losses during past 6 years by Employee Dishonesty, Forgery, Burglary, Robbery, Theft, Disappearance, Destruction. Check if none ☒

| Description of Loss | Date Loss Discovered | Amount | Describe Corrective Measures Taken (If Employee Dishonesty, State Position) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

5. **Prior Coverage to be superseded**—Check if none ☐

| Form of Bond or Policy | Effective Date | Amount | Name of Insurer |
|---|---|---|---|
| Comprehensive Crime CPP102039 | 6-1-66 | 5,000 | Hartford |

6. Has any Employee Dishonesty, Forgery, Burglary, Robbery, Theft, Disappearance or Destruction insurance carried by the Applicant been declined or canceled within the last six years by any insurer? No   If answered affirmatively, explain.

7. Will the Applicant arrange to have new Employees complete personal applications supplied by the Company including therein a record of previous employment? ☒ Yes ☐ No   If desired by Company

8. Is there likely to be a substantial increase in the number of Employees or of premises during the premium period by reason of:

(a) Seasonal activity or other circumstances peculiar to Applicant's business? No

(b) Expansion of Applicant's business? No

## Underwriting Data for Employee Dishonesty Coverage

All Employees as hereinafter defined are covered under Insuring Agreements IA and IB, as the case may be, including Employees working in, at or out of premises other than those covered under Sections I and II of the SMP Policy.

9. **Definition of Employees:** "Employees" as used in the Comprehensive Crime Coverage Endorsement means all the natural persons (except directors or trustees of the Applicant if a corporation, who are not also officers or employees thereof in some other capacity), while in the regular service of the Applicant in the ordinary course of the Applicant's business during the effective period of such Endorsement, and whom the Applicant compensates by salary, wages or commissions, and has the right to govern and direct in the performance of such service, and who are engaged in such service within any of the States of the United States of America, the District of Columbia, Virgin Islands, Puerto Rico, Canal Zone or Canada, but does not mean brokers, factors, commission merchants, consignees, contractors or other agents or representatives of the same general character.

Form MLB-5 (Ed. 10-66)

The company located these document business records. At this time, the con does not certify that these documents a complete and accurate copy of the p

ROE AGCY INC  124889        DH/ET

**CHANGE ENDORSEMENT**

Form MLB-20
(Ed. 11-68)

This endorsement is made a part of Policy No. 12CPP500098

of the HARTFORD FIRE INSURANCE

Name of Insurance Company

and becomes effective on    06-01-69                at _____ standard time at the location of the
                              (Date)
described property.
Name of Insured SUFFOLK COUNTY COUNCIL INC. BOY SCOUTS OF AMERICA

Location of Premises and Occupancy _____

Policy Term: 3 years, From _____ To _____
Loss Ded. Cl. No. 1 _____ applicable; Loss Ded. Cl. No. 2 _____ applicable; Other (specify) _____
Forms and Endorsements applicable: _____

It is agreed that:    SECTION II, A RENEWED LIABILITY SCHEDULE MLB16 IS
(a) The policy is amended as follows:    HEREBY ATTACHED AND MADE PART OF THIS
                            POLICY.  REVISED FORM G-1934-4 IS
                            HEREBY ATTACHED.

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of
the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are
in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Descrip-tion | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☐ Add'l ☒ Return |
| --- | --- | --- | --- | --- | --- |
| | | | Old Premium | New Premium | |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |
| REVISED MLB 16 | | | | | 1,869.00 |

TOTAL $ _____

## PREMIUM RECAPITULATION

| | Due at Endorsement Effective Date: 06-01-69 | Additional Premium | Return Premium $ 623.00 |
| --- | --- | --- | --- |

Premium adjustment if the Premium is payable in annual installments.

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
| --- | --- | --- | --- | --- |
| 06-01-70 | $ 3,948.00 | $ | $ 623.00 | $ 3,325.00 |
| 06-01-71 | $ 3,948.00 | $ | $ 623.00 | $ 3,325.00 |
| Total Premium to Policy Expiration | | $ | | |

By _____
                            Agency

Form MLB-20 (Ed. 11-68)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001266
BSA-PLAN_00238490

SA 2534

ROE AGENCY INC.   MH:JER
.124889



**GENERAL SCHEDULE — SECTION II**

Form MLB-16
(Ed. 10-66)

12 CPP 500098   SUFFOLK COUNTY COUNCIL INC BOY SCOUTS OF AME

☐ MLB-200, SMP Liability Insurance Form

☐ MLB-202, Comprehensive General Liability Insurance Endorsement

**Description of Hazards and Locations**

| The rating clasifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates *B.I. | Rates P.D. | Advance Premiums *B.I. | Advance Premiums P.D. |
|---|---|---|---|---|---|---|
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Elevators | | (d) Number Insured | (d) Per Elevator | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |

| | Code No. | Premium Bases | *B.I. | P.D. | *B.I. | P.D. |
|---|---|---|---|---|---|---|
| A)PREMISES OPERATION | | A)5 | ANNUAL | | ANNUAL | PREM |
| 1)BOY SCOUT COUNCIL EXCLU. CAMPS | 0374 | 30,000. | .028 | .009 | 840. | 270 240. |
| 2)CAMPS-BOY - NON PROFIT | 0461 | (A-7) 30,000 | 3.774 | .193 | 1132. | 58. |
| 3)VACANT LAND EXCLU- REAL ESTATE DEVELOPMENT | 0903 | (A-5) 194 | .022 | .007 | 4. | 1. |
| 4)297 ACRES OF LAND WITHOUT CAMP FACILITIES USED OCCASIONALLY FOR SCOUT ACTIVITIES | 0301 | (A-5) 292 | .326 | .06 | 95. | 18. |
| 5)PRIVATE RESIDENCES | 0338 | (A-5) 1 | 10.696 | 1.922 | 11. | 2. |
| 6)CANOES OR ROWBOATS | 0364S | (A-5) 23 | 1.167 | .101 | 27. | 2. |
| 7)SWIMMING POOLS | 0332S | (A-5) 1 | 62.883 | 1.00 | 63. | 1. |
| 8)CLINICS DISPENSARIES OR INFIRMARIES -TREATING OUT- PATIENTS ONLY- INCLUDING COMPLETED OPERATION | 0413 | | 30.00 | 5.00 | 30. | 5. |

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 10-66)

The company located these document business records. At this time, the cor does not certify that these documents a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

ROE AGENCY Inc. 124889

## GENERAL SCHEDULE — SECTION II

Form MLB-16
(Ed. 11-69)

**12 CPP 500098 SUFFOLK COUNTY COUNCIL INC BOY SCOUTS OF AMERICA**

☐ MLB-200, SMP Liability Insurance Form
Description of Hazards and Locations

☐ MLB-202, Comprehensive General Liability Insurance
Endorsement

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Escalators | | (d) Number Insured | (d) Per Landing | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |
| ADDITIONAL INTEREST EMPLOYEES | | | 5% OF | BI PD | 14 | |
| DOCTORS - PART TIME | 0301B | 1 (A-5) | 6.00 | | 6 | |
| NURSES - FULL TIME | 0301B | 1 | 4.00 | | 4 | |
| PRODUCTS | 7171 | F C | 14.00 | 7. | 14 | 7. |
| CGL | | F C | | | 10 | |
| | | | | | 2,250 | 364. |
| | | | | | 10 | - |
| | | | | | 2,260 | 364 |
| | | | | | X 3 | X 3 |
| | | | | | 6,780 | 1,092 |
| INC. LIMIT BASIC CHGE. | | | | | - 5,916 | - 984 |
| | | | | | 864 | 108 |
| | | | | | X1.05 | X1.05 |
| | | | | | 907 | 113 |
| | | | | | 5,916 | 984 |
| | | | | | 6,823 | 1,097 |
| | | PREMIUM DISC. | | | X3.5% | X3.5% |
| | | | | | 6,584 | 1,059 |
| | | | | | ÷ 3 | ÷ 3 |
| | | | | | 2,195 | 353 |

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 11-69)

The company located these documents
business records. At this time, the com
does not certify that these documents
a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

**✗CFC✗ ®**

**CHANGE ENDORSEMENT**

Form MLB-20
(Ed. 11-68)

This endorsement is made a part of Policy No. __12 CPP 5000098__

of the __HARTFORD FIRE INSURANCE COMPANY__

Name of Insurance Company

and becomes effective on __6-1-70__ at _____ standard time at the location of the
(Date)

described property.

Name of Insured __SUFFOLK COUNTY COUNCIL INC BOY SCOUTS OF AMERICA__

Location of Premises and Occupancy _____

Policy Term: 3 years, From __6-1-69__ To __6-1-72__

Loss Ded. Cl. No. 1 _____ applicable; Loss Ded. Cl. No. 2 _____ applicable; Other (specify) _____

Forms and Endorsements applicable: _____

It is agreed that:

  (a) The policy is amended as follows: LIMITS OF LIABILITY

      UNDER SEC. II, ARE AMENDED AS PER REVISED MLB 21
      AND ADJUSTED MLB 16 ATTACHED

  (b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of
the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are
in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Descrip-tion | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☒☒ Add'l ☐ Return |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | |
| C. Bodily Injury & Prop-erty Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | 314 |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | $ |

TOTAL $ __314 a/p__

## PREMIUM RECAPITULATION

Due at Endorsement Effective Date:

| | Additional Premium | Return Premium |
|---|---|---|
| 6-1-70 | $ 157 | $ |

Premium adjustment if the Premium is payable in annual installments.

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| 6-1-71 | $ 30,52 | $ 157 | $ | $ 3,209. |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration | | $ 314 | $ | |

Issue Date 7-24-70 avg

The company located these documents
business records. At this time, the comp
ROE AGENCY Inc tify that those doc Agency s c
a complete and accurate copy of the po
By

Form MLB-20 (Ed. 11-68)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001269
BSA-PLAN_00238493
SA 2537



ROE AGENCY INC. 124889
MH:JER



# GENERAL SCHEDULE — SECTION II

Form MLB-16
(Ed. 10-66)

12 CPP 500098   SUFFOLK COUNTY COUNCIL INC
BOY SCOUTS OF AMER

☐ MLB-200, SMP Liability Insurance Form
☐ MLB-202, Comprehensive General Liability Insurance Endorsement

**Description of Hazards and Locations**

| The rating classifications herein, except as specifically provided elsewhere, do not modify any of the provisions of the policy. | Code No. | Premium Bases † | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | *B.I. | P.D. | *B.I. | P.D. |
| (a) Premises—Operations | | (a) Area (Sq. Ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration | | *If Single Limit, Use B.I. Column. | |
| (b) Elevators | | (d) Number Insured | (d) Per Elevator | | Include Premium for Premises Medical Payment Insurance in B.I. Column. | |
| (c) Independent Contractors—Let or Sublet Work | | (e) Cost | (e) Per $100 of Cost | | | |
| (d) Completed Operations | | (f) Receipts | (f) Per $1,000 of Receipts | | | |
| (e) Products | | (g) Sales | (g) Per $1,000 of Sales | | | |

ADDITIONAL INTEREST

EMPLOYEES

(A-5)

| | Code | | Rate B.I. | P.D. | Adv. B.I. | P.D. |
|---|---|---|---|---|---|---|
| DOCTORS— PART TIME | 0301B | 1 | 6.00 | | 6. | |
| NURSES— FULL TIME | 0301B | 1 | 4.00 | | 4. | |
| PRODUCTS | 7171 | F C | 4.00 | 7. | 14. | 7. |
| CGL | | F G | | | 10. | |

| | B.I. | P.D. |
|---|---|---|
| | 2,236. | 332. |
| INC. LIMIT BASIC CHGE | 10. | – |
| | 2,236. | 332. |
| | X 3 | X 3 |
| | 6,708. | 996. |
| PREMIUM DISC. | 3.5 | 3.5 |
| | 6,473. | 961. |
| | – 3. | – 3 |
| | 2,191. | 320.00 |

† Describe premium basis, if other than stated.

Form MLB-16 (Ed. 10-66)

The company located these document business records. At this time, the com does not certify that these documents a complete and accurate copy of the p

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001270
BSA-PLAN_00238494
SA 2538

ROE AGENCY INC. 124889
MH:JER



# CHANGE ENDORSEMENT

Form MLB-20
(Ed. 11-68)

This endorsement is made a part of Policy No. 12 CPP 500098

of the THE HARTFORD FIRE INSURANCE CO
                    Name of Insurance Company

and becomes effective on 06/01/70 at NOON standard time at the location of the
                          (Date)
described property.

Name of Insured SUFFOLK COUNTY COUNCIL INCORPORATED BOY SCOUTS OF AMERICA

Location of Premises and Occupancy _____

Policy Term: 3 years, From 06/01/69 To 06/01/72

Loss Ded. Cl. No. 1 _____ applicable; Loss Ded. Cl. No. 2 _____ applicable; Other (specify) _____

Forms and Endorsements applicable; _____

It is agreed that:

(a) The policy is amended as follows:   LIMITS OF LIABILITY

UNDER SEC. II, ARE AMENDED AS PER REVISED MLB 21
AND ADJUSTED MLB 16 ATTACHED

(b) With respect to those coverages and kinds of property for which a specific limit of liability is shown, the limit of
the Company's liability shall be changed to read as stated in the Limits of Liability columns herein. Such limits are
in lieu of the Limits of Liability stated in the policy and not in addition thereto.

## SECTION I — PROPERTY COVERAGE

| Coverage Description | Loc. No. | Bldg. No. | LIMITS OF LIABILITY | | Old Rate | New Rate | PREMIUMS | | ☐ Add'l ☐ Return |
|---|---|---|---|---|---|---|---|---|---|
| | | | Previous Limit | New Limit | | | Old Premium | New Premium | |
| | | | $ | $ | | | $ | $ | $ |
| | | | $ | $ | | | $ | $ | $ |

## SECTION II — LIABILITY COVERAGE

| Coverage | Limits of Liability | | PREMIUMS | | ☒ Add'l ☐ Return |
|---|---|---|---|---|---|
| | | | Old Premium | New Premium | |
| C. Bodily Injury & Property Damage Liability | $ each Occurrence | $ Aggregate | $ | $ | $ 252.00 |
| D. Premises Medical Payments | $ each Person | $ each Accident | $ | $ | |
| | | | | TOTAL $ | 252.00 |

## PREMIUM RECAPITULATION

Due at Endorsement Effective Date:        Additional Premium        Return Premium

06/01/70                                  $ 126.00                  $

Premium adjustment if the Premium is payable in annual installments.

| Dates Due | Original Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| 06/01/71 | $ 3052. | $ 126.00 | $ | $ 3178.00 |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration | | $ 252.00 | | |

By _____  Agency

The company located these documents
business records. At this time, the com
does not certify that these documents
a complete and accurate copy of the p

Form MLB-20 (Ed. 11-68)

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001271
BSA-PLAN_00238495
SA 2539

COINSURANCE CONTRACT

Form MLB-109
(Ed. 10-56)

# SMP SPECIAL OFFICE PERSONAL PROPERTY FORM
## SECTION I — PROPERTY COVERAGE

With respect to SECTION I — PROPERTY COVERAGE, this form cancels and replaces any coverage on personal property provided under any other form made a part of this policy, but only with respect to personal property to which this form is shown to be applicable.

## I.  INSURING AGREEMENT

This policy insures against all risks of direct physical loss to Coverage B — Personal Property, subject to the provisions and stipulations herein and in the policy of which this form is made a part.

## II.  PROPERTY COVERED

**COVERAGE B — PERSONAL PROPERTY:**

This policy covers business personal property of the insured usual to the office occupancy of the insured, including, manuscripts, furniture, fixtures, equipment and supplies, not otherwise covered under this policy, and shall cover similar property held by the insured and belonging in whole or in part to others for not exceeding the amount for which the insured is liable; all while in or on the described buildings, or in the open (including within vehicles) on the described premises or within 100 feet thereof.

This coverage shall also include Tenant's Improvements and Betterments, meaning the insured's use interest in fixtures, alterations, installations or additions comprising a part of the buildings occupied but not owned by the insured and made or acquired at the expense of the insured exclusive of rent paid by the insured, but which are not legally subject to removal by the insured.

**DEBRIS REMOVAL:** This policy covers expense incurred in the removal of debris of the property covered hereunder which may be occasioned by loss by a peril insured against. The total amount recoverable under this policy shall not exceed the limit of liability stipulated for each item. Cost of removal of debris shall not be considered in the determination of actual cash value when applying the Coinsurance Clause.

## III.  PROPERTY SUBJECT TO LIMITATIONS

The following property is subject to these additional limitations:

A.  Glass, glassware, statuary, marbles, bric-a-brac, porcelains and other articles of a fragile or brittle nature are covered against loss by breakage only if directly caused by fire, lightning, aircraft, explosion, riot, civil commotion, smoke, vehicles, windstorm or hail to property contained in any building, vandalism and malicious mischief, leakage or accidental discharge from automatic sprinkler systems.

This limitation shall not apply to lenses of photographic or scientific instruments.

B.  Steam boilers, steam pipes, steam turbines and steam engines are not covered against loss caused by bursting, rupture, cracking or explosion originating therein (other than explosion of accumulated gases or unconsumed fuel within a fire box or combustion chamber).

C.  Machines and machinery are not covered against loss caused by rupture, bursting or disintegration of their rotating or moving parts resulting from centrifugal or reciprocating force.

## IV.  PROPERTY NOT COVERED

In addition to the kinds of property which are otherwise excluded or limited under this policy, the following are also excluded from coverage under this form:

A.  Animals and pets; aircraft; watercraft, including motors, equipment and accessories (except rowboats and canoes, while out of water and on the described premises); and automobiles, trailers, semi-trailers or any self-propelled vehicles or machines, except motorized equipment not licensed for use on public thoroughfares and operated principally on the premises of the insured.

B.  Property for sale; samples or merchandise in the care, custody or control of salesmen away from the premises.

C.  Currency, money and stamps, except to the extent provided in the Extensions of Coverage; notes, letters of credit and tickets.

D.  Property shipped by mail from the time it passes into the custody of the Post Office Department.

E.  Fur, fur garments, jewelry and watches, watch movements, jewels, pearls, precious and semi-precious stones, gold, silver, platinum and other precious alloys or metals.

F.  Outdoor signs, whether or not attached to a building, unless specifically covered by endorsement.

G.  Household and personal effects contained in living quarters occupied by the insured, any officer, director, stockholder or partner of the insured or relatives of any of the foregoing, except as provided in the Extensions of Coverage or unless specifically covered by endorsement.

H.  Growing crops and lawns.

I.  Property of tenants or guests, except as provided in the Extensions of Coverage.

J.  Trees, shrubs and plants, except to the extent provided in the Extensions of Coverage.

K.  Property which is more specifically covered in whole or in part under this or any other contract of insurance.

## V.  EXTENSIONS OF COVERAGE

The liability of the Company for loss in any one occurrence, including loss under these Extensions of Coverage, shall not exceed the limit of liability specified for the basic coverage being extended. When there is Contributing Insurance, this Company shall not be liable for more than its pro rata share of the limits set forth in the following Extensions of Coverage.

A.  **Newly Acquired Property:** The insured may apply up to 10%, but not exceeding $10,000, of the limit of liability specified for Coverage B — Personal Property for loss in any one occurrence by a peril not otherwise excluded to cover such property at any location newly acquired by the insured, elsewhere than at the described premises but within the territorial limits of this policy. This coverage shall cease 30 days from the date of such acquisition or on the date values of such acquisition are reported to the Company, whichever occurs first.

Additional premium shall be due and payable for values so reported from the date the property is acquired.

B.  **Off-Premises:** The insured may apply up to 10%, but not exceeding $10,000 of the limit of liability specified for Coverage B — Personal Property, for loss in any one occurrence by a peril not otherwise excluded to property covered while temporarily away from the premises (not exceeding thirty consecutive days), but within the 48 contiguous states of the United States of America, the District of Columbia and in transit within and between such places, and in transit between such places and Canada.

C.  **Currency, Money and Stamps:** The insured may apply up to $250 of the limit of liability specified for Coverage B — Personal Property for loss in any one occurrence by a peril not otherwise excluded of currency, money and stamps while on the premises or while being conveyed outside the premises by the insured or by an employee of the insured.

D.  **Personal Effects:** The insured may apply up to $500 of the limit of liability specified for Coverage B — Personal Property for loss at the described location in any one occurrence by the perils not otherwise excluded to cover personal effects of others while such property is in the care, custody or control of the insured, subject to a limit of $100 for each individual belonging to any one person. This Extension of Coverage does not apply if the loss is covered by any other insurance, whether collectible or not.

Form MLB-109 (Ed. 10-66).

This Extension of Coverage does not apply if the loss is covered by any other insurance, whether collectible or not. This certificate does not certify that these documents constitute a complete and accurate copy of the policy.

Page 1 of 3

not, or which would have been covered by such other insurance in the absence of this policy.

E. **Valuable Papers and Records:** The insured may apply up to $500 of the limit of liability specified for Coverage B — Personal Property for loss at the described location in any one occurrence by a peril not otherwise excluded to cover the cost of research and other expense necessarily incurred to reproduce, replace or restore books of account, abstracts, drawings, card index systems and other business records, including film, tape, wire or other recording media, all the property of the insured.

F. **Trees, Shrubs and Plants:** The insured may apply up to $1,000 of the limit of liability specified for Coverage B — Personal Property to cover trees, shrubs and plants at the described location against loss in any one occurrence by fire, lightning, explosion, riot, civil commotion or aircraft, not otherwise excluded, but the Company shall not be liable for more than $250 on any one tree, shrub or plant, including expense incurred for removing debris thereof.

G. **Theft Damage to Buildings:** This policy includes loss (except by fire or explosion) to that part of the buildings occupied by the insured and containing property covered, and to equipment therein pertaining to the service of the building, directly resulting from theft, burglary or robbery (including attempt thereat), provided the insured is the owner of such building or equipment or is liable for such damage, but in no event shall this coverage apply to glass (other than glass building blocks) or to any lettering or ornamentation thereon.

H. **Extra Expense:** The insured may apply up to $1,000 of the limit of liability specified for Coverage B — Personal Property at the damaged locations to cover the necessary extra expense incurred by the insured in order to continue as nearly as practicable the normal operations of the insured.

The total amount recoverable under the Extensions of Coverage in this form and Extensions of Coverage in any other form made a part of this policy shall not exceed the largest amount recoverable under any single form made a part of this policy.

sured's business immediately following damage by the perils insured against to the buildings or contents thereof situated at the described locations.

"Extra expense" means the excess of the total cost incurred during the period of restoration chargeable to the operation of the insured's business over and above the total cost that would normally have been incurred to conduct the business during the same period had no loss occurred. Any salvage value of property obtained for temporary use during the period of restoration, which remains after the resumption of normal operations, shall be taken into consideration in the adjustment of any loss hereunder.

"Period of restoration" means that period of time, commencing with the date of damage and not limited by the date of expiration of this policy, as would be required with the exercise of due diligence and dispatch to repair, rebuild or replace such part of said buildings or contents thereof as may be damaged.

The Company shall not be liable for:

1. loss of income.

2. the cost of repairing or replacing any of the described property, or the cost of research or other expense necessary to replace or restore damaged books of account, abstracts, drawings, card index systems or other records (including film, tape, disc, drum, cell and other magnetic recording or storage media for electronic data processing), that have been damaged by the perils not otherwise excluded, except cost in excess of the normal cost of such repair, replacement or restoration necessarily incurred for the purpose of reducing the total amount of extra expense. In no event shall such excess cost exceed the amount by which the total extra expense otherwise payable under this Extension of Coverage is reduced.

3. any other consequential or remote loss.

## VI. EXCLUSIONS

This policy does not insure under this form against:

A. Loss caused by:

1. Enforcement of any local or state ordinance or law regulating the construction, repair, or demolition of buildings or structures unless such liability is otherwise specifically assumed by endorsement hereon.

2. Unexplained or mysterious disappearance of property (except property in the custody of carriers for hire); or shortage of property disclosed on taking inventory.

3. Actual work upon or installation of property covered, latent defect, failure, breakdown or derangement of machines or machinery, faulty materials or workmanship; unless loss by fire or explosion not otherwise excluded ensues and then the Company shall be liable for only such ensuing loss.

4. Electrical currents artificially generated unless loss by fire or explosion not otherwise excluded ensues, and then the Company shall be liable for only such ensuing loss.

5. Delay, loss of market, interruption of business, nor consequential loss of any nature.

6. Inherent vice, wear and tear, marring or scratching, gradual deterioration, moths, vermin, dampness or dryness of atmosphere, changes in temperature, rust or corrosion.

7. Theft (including attempt thereat) from any private passenger type automobile, station wagon, motorcycle, or motorscooter, occurring while such vehicle is unattended, unless the property is contained in a fully enclosed and securely locked body or compartment and theft results from forcible entry, evidenced by visible marks. This exclusion shall not apply to property in the custody of carriers for hire.

8. Voluntary parting with title or possession of any property by the insured or others to whom the property may be entrusted (except by carriers for hire) if induced to do so by any fraudulent scheme, trick, device or false pretense.

9. Any fraudulent, dishonest or criminal act done by

or at the instigation of any insured, partner or joint adventurer in or of any insured, an officer, director or trustee of any insured; pilferage, appropriation or concealment of any property covered due to any fraudulent, dishonest or criminal act of any employee while working or otherwise, or agent of any insured, or any person to whom the property covered may be entrusted, other than any carrier for hire.

10. Rain, snow or sleet to property in the open (other than property in the custody of carriers for hire).

11. Any legal proceeding.

B. Loss caused by or resulting from power, heating or cooling failure, unless such failure results from physical damage to power, heating or cooling equipment situated on premises where the property covered is located, caused by perils not otherwise excluded. Also, the Company shall not be liable under this clause for any loss resulting from riot, riot attending a strike, civil commotion, or vandalism and malicious mischief.

C. Loss caused by, resulting from, contributed to or aggravated by any of the following:

1. earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, earth rising or shifting;

2. flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not;

3. water which backs up through sewers or drains;

4. water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors;

unless loss by fire or explosion not otherwise excluded ensues, and the Company shall then be liable for only such ensuing loss; but these exclusions shall not apply to property in due course of transit or to loss arising from theft.

The company produces these documents as part of its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form MLB-109 (Ed. 10-66)                                                                 Page 2 of 3



## VII.  COINSURANCE CLAUSE

The Company shall not be liable for a greater proportion of any loss to the property covered hereunder than the limit of liability under this policy for such property bears to the amount produced by multiplying the coinsurance percentage applicable (specified in this policy) by the actual cash value of such property at the time of the loss.

In the event the aggregate claim for any loss is both less than $10,000 and less than 5% of the Limit of Liability for All Contributing Insurance applicable to the property involved at the time such loss occurs, no special inventory or appraisement of the undamaged property shall be required,

provided that nothing herein shall be construed to waive the application of the preceding paragraphs of this clause.

If insurance under Section I of this policy is divided into separate limits of liability, the foregoing shall apply separately to the property covered under each such limit of liability.

The value of property covered under Extensions of Coverage, and the cost of the removal of debris, shall not be considered in the determination of actual cash value when applying the Coinsurance Clause.

## VIII.  DEDUCTIBLE CLAUSE

**Special Loss Deductible Clause:** Each loss shall be adjusted separately and from the amount of each such adjusted loss the sum of $50 shall be deducted or, if there is contributing insurance, this Company's pro rata share thereof. When loss is between $50 and $500, the Company shall be liable for 111% of loss in excess of $50; and when loss is $500 or more, this deductible shall not apply. This deductible shall not apply to

(a) loss by fire, lightning, aircraft, explosion, riot, civil commotion, smoke, vehicles, windstorm or hail to property contained in any building, vandalism and malicious mischief, leakage or accidental discharge from automatic sprinkler systems, burglary or robbery; (b) loss of or to property in transit while in the custody of carriers for hire; or (c) loss resulting from collision, upset or overturn of a motor vehicle.

## IX.  VALUATION

Subject to the provisions and stipulations of this policy, the following bases for valuation of property are established:

A. Property of others at the amount for which the insured is liable but in no event to exceed actual cash value.

B. Tenant's Improvements and Betterments:
1. If repaired or replaced at the expense of the insured within a reasonable time after loss, the actual cash value of the damaged or destroyed improvements and betterments.
2. If not repaired or replaced within a reasonable time after loss, that proportion of the original cost at time of installation of the damaged or destroyed property which the unexpired term of the lease or rental agreement, whether written or oral, in effect at the time of loss bears to the periods from the dates such im-

provements or betterments were made to the expiration date of the lease.
3. If repaired or replaced at the expense of others for the use of the insured, there shall be no liability hereunder.

C. Books of account, manuscripts, abstracts, drawings, card index systems and other records (except film, tape, disc, drum, cell and other magnetic recording or storage media for electronic data processing) for not exceeding the cost of blank books, cards or other blank material.

D. Film, tape, disc, drum, cell and other magnetic recording or storage media for electronic data processing for not exceeding the cost of such media in unexposed or blank form.

E. All other property at actual cash value.

## X.  CONDITIONS

A. **Loss Clause:** Any loss hereunder shall not reduce the amount of this policy.

B. **Permits and Use:** Except as otherwise provided herein permission is hereby granted;
1. to make alterations and repairs;
2. for such unoccupancy as is usual or incidental to the described occupancy but vacancy is limited to the 60 day period permitted by the policy conditions;
3. in the event of loss hereunder, to make reasonable repairs, temporary or permanent, provided such repairs are confined solely to the protection of the property from further damage, and provided further that the insured shall keep an accurate record of such repair expenditures. The cost of any such repairs directly attributable to damage by any peril not otherwise excluded shall be included in determining the amount of

loss hereunder. Nothing herein contained is intended to modify the policy requirements applicable in case loss occurs, and in particular the requirement that, in case loss occurs, the insured shall protect the property from further damage.

C. **Protection of Property:** In case of loss, it shall be lawful and necessary for the insured, his or their factors, servants and assigns, to sue, labor, and travel for, in and about the defense, safeguard and recovery of the property insured hereunder, or any part thereof, without prejudice to this insurance, nor shall the acts of the insured or the Company, in recovering, saving and preserving the property insured in case of loss be considered a waiver or an acceptance of abandonment. The expenses so incurred shall be borne by the insured and the Company proportionately to the extent of their respective interests.

Form MLB-109 (Ed. 10-66)

**Page 3 of 3**

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.



SMP LIABILITY INSURANCE FORM

**SECTION II LIABILITY COVERAGE**

Form MLB-200
(Ed. 10-66)

## I. COVERAGE C — BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;

(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any automobile or aircraft owned or operated by or rented or loaned to the named insured, or

(2) any other automobile or aircraft operated by any person in the course of his employment by the named insured;

but this exclusion does not apply to the parking of an automobile on insured premises, if such automobile is not owned by or rented or loaned to the named insured;

(c) to bodily injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to the named insured;

(d) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft, if the bodily injury or property damage occurs away from the insured premises owned by, rented to or controlled by the named insured; but this exclusion does not apply to bodily injury or property damage included within the products hazard or the completed operations hazard or resulting from operations performed for the named insured by independent contractors or to liability assumed by the insured under an incidental contract;

(e) to bodily injury or property damage arising out of operations on or from premises (other than insured premises) owned by, rented to or controlled by the named insured, or to liability assumed by the insured under any contract or agreement relating to such premises;

(f) to bodily injury or property damage for which the insured or his indemnitee may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcoholic beverage

(1) in violation of any statute, ordinance or regulation,

(2) to a minor,

(3) to a person under the influence of alcohol, or

(4) which causes or contributes to the intoxication of any person;

(g) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(h) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured; but this exclusion does not apply to liability assumed by the insured under an incidental contract;

(i) to property damage to

(1) property owned or occupied by or rented to the insured,

(2) property used by the insured, or

(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control;

but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the named insured;

(j) to property damage to premises alienated by the named insured arising out of such premises or any part thereof;

(k) to bodily injury or property damage resulting from the failure of the named insured's products or work completed by or for the named insured to perform the function or serve the purpose intended by the named insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications or advertising material or printed instructions prepared or developed by any insured; but this exclusion does not apply to bodily injury or property damage resulting from the active malfunctioning of such products or work;

(l) to property damage to the named insured's products arising out of such products or any part of such products;

(m) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(n) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured's products or work completed by or for the named insured or of any property of which such products or work forms a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(o) to bodily injury and property damage arising out of demolition operations performed by or on behalf of the insured.

## II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

(a) if the named insured is designated in the Declarations as an individual, the person so designated, but only with respect to the conduct of a business of which he is the sole proprietor;

(b) if the named insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the named insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, member of the board of trustees, directors or governors or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the named insured) or organization while acting as real estate manager for the named insured; and

(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law,

(i) an employee of the named insured while operating any such equipment in the course of his employment, and

(ii) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;

provided that no person or organization shall be an insured under this paragraph (e) with respect to...

company does not certify that these documents constitute a complete and accurate copy of the policy.

Form MLB-200 (Ed. 10-66)

Page 1 of 3

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

HART-BK001275
BSA-PLAN_00238499

SA 2543

(1) bodily injury to any fellow employee of such person injured in the course of his employment, or

(2) property damage to property owned by, rented to, in charge of or occupied by the named insured or the employer of any person described in subparagraph (ii).

This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured.

## III. SUPPLEMENTARY PAYMENTS

The Company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the Company, all costs taxed against the insured in any suit defended by the Company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the Company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the insured because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the Company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the insured for first aid to others at the time of an accident, for bodily injury to which this policy applies;

(d) reasonable expenses incurred by the insured at the Company's request, including actual loss of wages or salary (but not loss of other income) not to exceed $25 per day because of his attendance at hearings or trials at such request.

## IV. LIMITS OF LIABILITY — COVERAGE C

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the Company's liability is limited as follows:

(a) The limit of liability for Coverage C stated in the Declarations as applicable to "each occurrence" is the total limit of the Company's liability for all damages as a result of any one occurrence provided that with respect to any occurrence for which notice of this policy is given in lieu of security or when this policy is certified as proof of financial responsibility under the provisions of the "Motor Vehicle Financial Responsibility Law" of any state or province such limit of liability shall be applied to provide the separate limits required by such law for bodily injury liability and property damage liability to the extent of the coverage required by such law, but the separate application of such limit shall not increase the total limit of the Company's liability.

(b) Subject to the above provision respecting "each occurrence", the total liability of the Company for all damages because of all bodily injury and property damage which occurs during each annual period while this policy is in force commencing from its effective date and is described in any of the numbered subparagraphs below shall not exceed the limit of liability stated in the Declarations as "aggregate":

(1) all property damage arising out of premises or operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;

(2) all property damage arising out of and occurring in the course of operations performed for the named insured by independent contractors and general supervision thereof by the named insured, including any such property damage, for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the

named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all bodily injury and property damage included within the completed operations hazard and all bodily injury and property damage included within the products hazard.

Such aggregate limit shall apply separately to the property damage described in subparagraphs (1) and (2) and separately with respect to each project away from the insured premises. Such aggregate limit shall apply separately to the bodily injury and property damage described in sub-paragraph (3).

For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

## V. COVERAGE D — PREMISES MEDICAL PAYMENTS

The Company will pay to or for each person who sustains bodily injury caused by accident all reasonable medical expense incurred within one year from the date of the accident on account of such bodily injury, provided such bodily injury arises out of (a) a condition in the insured premises or (b) operations with respect to which the named insured is afforded coverage for bodily injury liability under this policy.

### Exclusions:

This insurance does not apply:

(a) to bodily injury

(1) arising out of operations on or from premises (other than insured premises) owned by, rented to, or controlled by the named insured;

(2) arising out of the ownership, maintenance, operation, use, loading or unloading of
    (i) any automobile or aircraft owned or operated by or rented or loaned to the named insured, or
    (ii) any other automobile or aircraft operated by any person in the course of his employment by the named insured,
    but this exclusion does not apply to the parking of an automobile on the insured premises if such automobile is not owned by or rented or loaned to the named insured;

(3) arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft, if the bodily injury occurs away from the insured premises;

(4) arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to the named insured;

(b) to bodily injury

(1) included within the completed operations hazard or the products hazard;

(2) arising out of operations performed for the named insured by independent contractors other than (i) maintenance and repair of the insured premises or (ii) structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) resulting from the selling, serving or giving of any alcoholic beverage (i) in violation of any statute, ordinance or regulation, (ii) to a minor, (iii) to a person under the influence of alcohol or (iv) which causes or contributes to the intoxication of any person; but this exclusion (b) 3 applies only if the named insured is a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or is an owner or lessor of premises used for such purposes;

(4) arising out of demolition operations performed by or on behalf of insureds;

(c) to bodily injury

(1) to the named insured, any partner therein, any tenant or other person regularly residing on the insured premises or any employee of the foregoing if the bodily injury arises out of and in the course of his employment therewith;

(2) to any other tenant if the bodily injury occurs on that part of the insured premises rented from the

CONFIDENTIAL
Subject to Protective Order – Highly Confidential

named insured or to any employee of such a tenant if the bodily injury occurs on the tenant's part of the insured premises and arises out of and in the course of his employment for the tenant;

(3) to any person while engaged in maintenance and repair of the insured premises or alteration, demolition or new construction at such premises;

(4) to any person if any benefits for such bodily injury are payable or required to be provided under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(5) to any person practicing, instructing or participating in any physical training, sport, athletic activity or contest;

(d) to any medical expense for services by the named insured, any employee thereof or any person or organization under contract to the named insured to provide such services.

Form MLB-200 (Ed. 10-66)

## VI. LIMITS OF LIABILITY — COVERAGE D:

The limit of liability for Coverage D stated in the Declarations as applicable to "each person" is the limit of the Company's liability for all medical expense for bodily injury to any one person as the result of any one accident; but subject to the above provision respecting "each person", the total liability of the Company under Premises Medical Payments Coverage for all medical expense for bodily injury to two or more persons as the result of any one accident shall not exceed the limit of liability stated in the Declarations as applicable to "each accident."

When more than one medical payments coverage afforded by this policy applies to the loss, the Company shall not be liable for more than the amount of the highest applicable limit of liability.

Page 3 of 3

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

## COMPREHENSIVE GENERAL LIABILITY INSURANCE ENDORSEMENT  Form MLB-207 (Ed. 10-66)

In consideration of the payment of premium, in reliance upon the statements in the Declarations made a part hereof and subject to all of the terms of this endorsement, the Company agrees with the named insured as follows:

### I. COVERAGE — BODILY INJURY AND PROPERTY DAMAGE LIABILITY

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;

(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any automobile or aircraft owned or operated by or rented or loaned to the named insured, or

(2) any other automobile or aircraft operated by any person in the course of his employment by the named insured;

but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the named insured or the ways immediately adjoining, if such automobile is not owned by or rented or loaned to the named insured;

(c) to bodily injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to the named insured;

(d) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft if the bodily injury or property damage occurs away from premises owned by, rented to or controlled by the named insured; but this exclusion does not apply to bodily injury or property damage included within the products hazard or the completed operations hazard or resulting from operations performed for the named insured by independent contractors or to liability assumed by the insured under an incidental contract;

(e) to bodily injury or property damage for which insurance is afforded under

(1) the SMP Liability Insurance Coverage, or

(2) any Comprehensive Personal Liability Endorsement forming a part of this policy

or for which insurance would have been afforded but for the exhaustion of the limits of liability thereunder;

(f) to bodily injury or property damage for which the insured or his indemnitee may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverage or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcoholic beverage

(1) in violation of any statute, ordinance or regulation,

(2) to a minor,

(3) to a person under the influence of alcohol, or

(4) which causes or contributes to the intoxication of any person;

This Endorsement must be attached to Change Endorsement MLB-20 when issued after the Policy is written.

Form MLB-202 (Ed. 10-66)

(g) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(h) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured; but this exclusion does not apply to liability assumed by the insured under an incidental contract;

(i) to property damage to

(1) property owned or occupied by or rented to the insured,

(2) property used by the insured, or

(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control;

but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of elevators at premises owned by, rented to or controlled by the named insured;

(j) to property damage to premises alienated by the named insured arising out of such premises or any part thereof;

(k) to bodily injury or property damage resulting from the failure of the named insured's products or work completed by or for the named insured to perform the function or serve the purpose intended by the named insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications or advertising material or printed instructions prepared or developed by any insured; but this exclusion does not apply to bodily injury or property damage resulting from the active malfunctioning of such products or work;

(l) to property damage to the named insured's products arising out of such products or any part of such products;

(m) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(n) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured's products or work completed by or for the named insured or of any property of which such products or work forms a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

### II. LIMIT OF LIABILITY — COVERAGE C

The limit of the Company's liability with respect to each occurrence under this endorsement is the amount stated in the Declarations as applicable to Coverage C of Section II of this policy and such limits apply to the insurance afforded by this endorsement in accordance with the terms of Provision IV, Limits of Liability, of Section II.

### III. OTHER PROVISIONS APPLICABLE TO THIS ENDORSEMENT

A. The following provisions applicable to Sections I and II of the policy are applicable to this endorsement: War Risk Exclusion; Inspection and Audit; Cancellation; Subrogation; and subparagraph (2) of Policy Period, Territory.

B. The following terms and provisions applicable only to Section II are applicable to this endorsement: Persons Insured; Supplementary Payments; Modification of Terms; Financial Responsibility Laws; Premium; Insured's Duties in the Event of Occurrence, Claim or Suit; Other Insurance; Action Against the Company; Nuclear Exclusion; and Definitions — Section II.

The Hartford reserves all rights. At this time the company does not certify that these documents constitute a complete and accurate copy of the policy.

## NEW YORK AMENDATORY ENDORSEMENT

Form MLB-64
(Ed. 2-69)

A. The following clause is applicable to property in the State of New York in lieu of any other Nuclear Clause or Nuclear Exclusion contained in or applicable to Section I of this policy:

Nuclear Clause: This policy does not cover loss or damage caused by nuclear reaction or nuclear radiation or radio-active contamination, all whether directly or indirectly resulting from an insured peril under this policy.

B. Special Dwelling Deductible Clause:

Subject to all the provisions and stipulations otherwise applicable to Coverage A — Building(s) under Section I, the following deductible provisions apply to dwelling properties covered hereunder.

With respect to loss resulting from the perils of fire, lightning, explosion, smoke, vehicles, aircraft, riot, riot attending a strike, and civil commotion to dwelling properties, the Company shall be liable only when such loss exceeds $50. When loss is between $50 and $500, the Company shall be liable for 111% of loss in excess of $50; and when loss is $500 or more, this deductible shall not apply.

This deductible shall apply separately to each dwelling or three and four family apartment house.

For the purpose of this clause, "dwelling properties" are defined as buildings occupied principally for dwelling purposes by not more than four families.

This provision replaces any $50 deductible provision otherwise applicable to dwelling properties, but does not supersede any deductible of a larger amount which would otherwise apply.

Form MLB-64 (Ed. 2-69)

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

**INA**

## INSURANCE COMPANY OF NORTH AMERICA, PHILADELPHIA, PENNSYLVANIA

| GENERAL LIABILITY POLICY | DECLARATIONS |
|---|---|

2/21 G/fh

| | |
|---|---|
| Named Insured | Boy Scouts of America, |
| Address | New Brunswick, |
| | New Jersey . |

**GLP** 15 12 11

The Named Insured is:
☐ Individual  ☐ Partnership  ☐ Corporation
☐ Joint Venture  ☐ (Other)

Policy Period: From **January 1, 1968** to **January 1, 1969** Expiration 12:01 A.M., standard time at the address of the Named Insured as stated herein.

Audit Period: Annual, unless otherwise stated

The insurance afforded is only with respect to such of the following Parts and Coverages therein as are indicated by ☒. The limit of the Company's liability against each such Coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

**LIMITS OF LIABILITY**

| COVERAGE PARTS | Bodily Injury Liability | | | Property Damage Liability | |
|---|---|---|---|---|---|
| | each person | each occurrence | aggregate | each occurrence | aggregate |
| ☒ Comprehensive General Liability Insurance | 500,000 | 1,000,000 | 1,000,000 | 500,000 | 500,000 |
| ☐ Owners', Landlords' and Tenants' Liability Insurance | | | | | |
| ☐ Structural Alterations, New Construction, Demolition | | | | | |
| ☐ Manufacturers' and Contractors' Liability Insurance | | | | | |
| ☐ Independent Contractors | | | | | |
| ☐ Completed Operations and Products Liability Insurance | | | | | |
| ☒ Contractual Liability Insurance | See Contractual Liability Coverage Part (LC886) | | | | |
| ☐ | | | | | |
| ☐ | | | | | |
| ☐ | | | | | |

| | Personal Liability | | Personal Medical Payments | | |
|---|---|---|---|---|---|
| | each occurrence | | each person | | each accident |
| ☐ Comprehensive Personal Insurance | $ | | $ | | $ |
| ☐ Farmer's Comprehensive Personal Insurance | | | | | |

| | Physical Damage to Property | | Animal Collision—Farmer's Part Only | |
|---|---|---|---|---|
| | | each occurrence | Market Value not exceeding $300 each animal | |
| | $ | | | |

| | Premises Medical Payments Insurance | each person | | each accident |
|---|---|---|---|---|
| ☐ | $ | | $ | |

| | each person aggregate | general aggregate |
|---|---|---|
| ☒ Personal Injury Liability Insurance | $ 500,000 | $ 1,000,000 |

Endorsements attached to policy at inception:

LC 971, LC 1082, LC 1080

**JTX-4000-1**

During the past three years no insurer has cancelled insurance, issued to the named insured, similar to that afforded hereunder, unless otherwise stated herein.

Total before Disc.$7870.00

| TOTAL ADVANCE PREMIUM ▶ $ | 7820.00 |
|---|---|
| Effective Date | $ |
| 1st Anniversary | $ |
| 2nd Anniversary | $ |

If the Policy Period is more than one year and the premium is to be paid in installments, premium is payable on:

Countersigned By _____
Authorized Agent

This Declarations and Coverage Part(s), with Policy Standard Provisions and Endorsements, if any, issued to form a part thereof, completes the above numbered policy.

LC-883  75M  6-6-67  Printed in U.S.A.

Subject to Protective Order – Highly Confidential

 **INSURANCE COMPANY OF NORTH AMERICA**, PHILADELPHIA, PENNSYLVANIA



GENERAL LIABILITY—AUTOMOBILE
POLICY

**Standard Provisions**

A Stock Insurance Company, herein called the **Company**

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the Named Insured as follows:

## COVERAGE

Coverage is afforded under this policy in accordance with the specific Coverage Parts identified in the Declarations as being a part of this policy.

## SUPPLEMENTARY PAYMENTS

The Company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the Company, all costs taxed against the Insured in any suit defended by the Company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the Company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required

of the Insured because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the Company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the Insured for first aid to others at the time of an accident, for bodily injury to which this policy applies;

(d) reasonable expenses incurred by the Insured at the Company's request, including actual loss of wages or salary (but not loss of other income) not to exceed $25 per day because of his attendance at hearings or trials at such request.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

"**automobile**" means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment;

"**bodily injury**" means bodily injury, sickness or disease sustained by any person;

"**collapse hazard**" includes "structural property damage" as defined herein and property damage to any other property at any time resulting therefrom. "Structural property damage" means the collapse of or structural injury to any building or structure due to (1) grading of land, excavating, borrowing, filling, back-filling, tunnelling, pile driving, cofferdam work or caisson work or (2) moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof. The collapse hazard does not include property damage (1) arising out of operations performed for the Named Insured by independent contractors, or (2) included within the completed operations hazard or the underground property damage hazard, or (3) for which liability is assumed by the Insured under an incidental contract;

"**completed operations hazard**" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the Named Insured under the contract have been completed,

(2) when all operations to be performed by or on behalf of the Named Insured at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury or property damage arising out of

(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the Company's manual specifies "including completed operations";

"**damages**" includes damages for death and for care and loss of services resulting from bodily injury and damages for loss of use of property resulting from property damage;

"**elevator**" means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an automobile servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

BSA-PLAN_00502741

SA 2549

General Comprehensive Liab. policy
Distribution of charges - 1968

Deposit premium

| Po | | | 1968 | | 1967 | Increase |
| --- | --- | --- | Amount | Total | premium | or Decrease |
| | | | 13.00 | | | |
| 4374-52 | | | 12.00 / 233.00 / | 258.00 | 258.23 | 23 |
| 4408-52 | | | 212.00 / | 212.00 | 205.75 | 6.25 |
| 4523 | | | 12.00 / | 12.00 | 14.67 | 2.67 |
| 5131-52 | | | 17.00 / | 17.00 | 20.35 | 3.35 |
| 5132-52 | | | 27.00 / | 27.00 | 53.60 | 26.60 |
| 5133-52 | | | 12.00 / | 12.00 | 9.60 | 2.40 |
| 5134-52 | | | 10.00 / | 10.00 | 8.53 | 1.47 |
| 5135-52 | | | 19.00 / | 19.00 | 16.05 | 2.95 |
| 5136-52 | | | 14.00 / | 14.00 | 10.68 | 3.32 |
| 5137-52 | | | 59.00 / | 59.00 | 65.43 | 6.43 |
| 5138-52 | | | 19.00 / | 19.00 | 22.50 | 3.50 |
| 5139-52 | | | 27.00 / | 27.00 | 28.88 | 1.88 |
| 5140-52 | | | 5.00 / | 5.00 | 5.30 | 30 |
| 5141-52 | | | 21.00 / | 21.00 | 25.73 | 4.73 |
| 5142-52 | | | 22.00 / | 22.00 | 20.59 | 1.41 |
| 5291-52 | | | 46.00 / | | | |
| | | | 2853.00 / | | | |
| | | | 39.00 / | 2938.00 | 3115.65 | 177.65 |
| | | | | | | |
| | | | | | | |
| 5400-52 | | | 244.00 / | | | |
| | | Premium Discount | 8.00 / | | | |
| | | personal injury (for 1967 this chg | 50.00 / | | | |
| | | was distributed to various a/cts - 52.xx2) | 350.00 | 624.00 | 328.00 | 296.00 |
| 5401-52 | | | 50.00 / | 50.00 | 54.12 | 4.12 |

BSA-PLAN_00502742

SA 2550



INSURANCE COMPANY OF NORTH AMERICA

AP $2.00

In consideration of an Additional Premium of $2.00,
it is agreed as respects to the following location
amend the premium bases as follows:

Location O) Power and Light Bldg.
Kansas City, Missouri

| CODE | BASES | RATES | | PREMIUMS | |
| | | B.I. | P.D. | B.I. | P.D. |
| 0122 | a)1941 | 1.087 | .027 | 21.00 | 1.00 |
| | | | | | M.P. |

ENDT. #19

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date 6/1/68 | at the hour specified in the policy. | Part of Policy No. GLP 15 12 11 |
| Issued to Boy Scouts of America | | |

T/rab-6-12-68

_____
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1762 100M 10-9-67 Ptd. in U.S.A.

H Richard Heilman
President.

Subject to Protective Order – Highly Confidential



INSURANCE COMPANY OF NORTH AMERICA

A/P 9.00

In consideration of an additional premium of 7.00
and a further adjustment on audit, it is agreed that
the undermentioned policy is extended to include the
following additional location:

Raitan   Center Building #500

Woodbridge Avenue

Edison, New Jersey

Tenant occupies Part

| Code | Prem. Basis | Rates | | Premium | |
|------|-------------|-------|---|---------|---|
| | | Cov A | Cov B | Cov A | Cov B |
| 0169 | A 500 | .376 | .0134 | 20.00 | 4.00 |
| | | | | | MP |

It is further agreed, as respects the additional insured
Endt #14, to include the interest of Peddie Buildings,
155 Washington Street, Newark, New Jersey as an additional
insured

Cov A Prem 2.00

Cov B Prem. .00

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|----------------|---|--------------------|
| 10-1-68 | at the hour specified in the policy. | GSP 151211 |
| Issued to | | |
| Boy Scouts of America | | |

vf 7-18-69

*H C Fuchs*
Authorized Agent

*Charles K. Cox*
President

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1660

100M 2-69 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502744

SA 2552

## COUNTERSIGNATURE ENDORSEMENT

### FOR THE STATE OF ....GEORGIA (10)....................................

This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

**INSURANCE COMPANY OF NORTH AMERICA**

G. H. Jackson Company
110 Fulton Street
New York 38, New York

380074-0

*H Richard Heilman*
President.

Attached to Policy No. GLP 15 12 11 , issued to   Boy Scouts of America
                                                                    Name of Insured
        1/1/68 - 1/1/69

*Roy L Buhl*
Authorized Agent

C-1842   (SETS)   PRINTED IN U.S.A.

Subject to Protective Order – Highly Confidential

## COUNTERSIGNATURE ENDORSEMENT

### FOR THE STATE OF ......IDAHO (11)......

This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

**INSURANCE COMPANY OF NORTH AMERICA**

G. W. Jackson Company
110 Fulton Street
New York 38, New York

380074-0

*H Richard Heilman*
President.

Attached to Policy No. GLP 15 12 11 , issued to  Boy Scouts of America
1/1/68 - 1/1/69

Name of Insured

*James A Sullivan*
Authorized Agent

C-1842    (SETS)    PRINTED IN U.S.A.

## COUNTERSIGNATURE ENDORSEMENT

## FOR THE STATE OF MASSACHUSETTS (20)

This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

**INSURANCE COMPANY OF NORTH AMERICA**

G. H. Jackson Company
110 Fulton Street
New York 38, New York

380074-0

*H. Richard Heilman*
President.

Attached to Policy No. GLP 15 12 11 , issued to   Boy Scouts of America
1/1/68 - 1/1/69

Name of Insured

*Chester L. Spinney Jr.*
Authorized Agent

C-1842   (SETS)   PRINTED IN U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502747
**SA 2555**

## COUNTERSIGNATURE ENDORSEMENT

### FOR THE STATE OF ....MICHIGAN (21)........................................

This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

**INSURANCE COMPANY OF NORTH AMERICA**

G. H. Jackson Company
110 Fulton Street
New York 38, New York

380074-0

*H Richard Heilman*
President.

Attached to Policy No. GLP 15 12 11 , issued to Boy Scouts of America
1/1/68 - 1/1/69

Name of Insured

*W E Roberts*
Authorized Agent

C-1842   (SETS)   PRINTED IN U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502748

**SA 2556**

## COUNTERSIGNATURE ENDORSEMENT

### FOR THE STATE OF ........MINNESOTA..(22)..........................

This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

**INSURANCE COMPANY OF NORTH AMERICA**

G. H. Jackson Company
110 Fulton Street
New York 38, New York

380074-0

*H Richard Heilman*
President.

Attached to Policy No. ___GLP 15 12 11___, issued to   Boy Scouts of America
          1/1/68 - 1/1/69                                  Name of Insured

*William B. McCrea*
Authorized Agent

C-1842   (SETS)   PRINTED IN U.S.A.

Subject to Protective Order – Highly Confidential

## COUNTERSIGNATURE ENDORSEMENT
#### FOR THE STATE OF  New Jersey

This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

INSURANCE COMPANY OF NORTH AMERICA

*President*

I hereby certify that  I am  a resident agent, licensed by the State of  New Jersey

to act for the above named Company in said State, and that I sign this endorsement at  Newark
                                                                                                                      City

New Jersey
State                                , on the          1st          day of  January      , 19  68

Attached to Policy No. GLP 15 12 11 , issued to  Boy Scouts of America
                                                                                 Name of Assured

Authorized Agent

8-2108      3-30-61    PRINTED IN U.S.A.

BSA-PLAN_00502750

SA 2558

## COUNTERSIGNATURE ENDORSEMENT

### FOR THE STATE OF ___OHIO (34)___

This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

**INSURANCE COMPANY OF NORTH AMERICA**

G. H. Jackson Company
110 Fulton Street
New York 38, New York

360074-0

*H Richard Heilman*
President.

Attached to Policy No. ___GLP 15 18 11___, issued to ___Boy Scouts of America___
1/1/68 - 1/1/69

Name of Insured

Authorized Agent

C-1842   (SETS)   PRINTED IN U.S.A.

Subject to Protective Order – Highly Confidential

## COUNTERSIGNATURE ENDORSEMENT
## FOR THE STATE OF PENNSYLVANIA

This is to certify that the insurance policy to which this endorsement is attached represents business in the above State transacted through the undersigned who is duly authorized to act for this Company in said State.

INSURANCE COMPANY OF NORTH AMERICA

*H. Richard Heilman*
President.

I hereby certify that I am an officer authorized to act for the above named Company in Pennsylvania, and that I sign this endorsement at Philadelphia, Pennsylvania, on the ___1st___ day of ___January___, 19__68__

Attached to Policy No. ___GLP 15 12 11___, issued to ___Boy Scouts of America___
Name of Assured

Assistant Secretary

C-1722

Subject to Protective Order – Highly Confidential

CC NTERSIGNATURE ENDORSE NT

FOR THE STATE OF ........................................

This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

**INSURANCE COMPANY OF NORTH AMERICA**

G. H. Jackson Company
110 Fulton Street
New York 38, New York

380074-0

*H Richard Heilman*
President.

Attached to Policy No. GLA 15 12 11 , issued to Boy Scouts of America
Name of Insured

1/1/68 - 1/1/69

*Al Evans*
Authorized Agent

C-1842   (SETS)   PRINTED IN U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502753
**SA 2561**

## COUNTERSIGNATURE ENDORSEMENT

### FOR THE STATE OF ............... TEXAS (42)

This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

**INSURANCE COMPANY OF NORTH AMERICA**

E. H. Jackson Company
110 Fulton Street
New York 38, New York

360074-0

*H. Richard Heilman*
President.

Attached to Policy No. GLP 15 12 11, issued to   Boy Scouts of America
1/1/68 - 1/1/69

Name of Insured

*James S. Hereford, Jr.*
Authorized Agent

*Dallas, Texas*

C-1842   (SETS)   PRINTED IN U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502754
**SA 2562**

## COUNTERSIGNATURE ENDORSEMENT

### FOR THE STATE OF ......UTAH (43).................................

This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

**INSURANCE COMPANY OF NORTH AMERICA**

G. H. Jackson Company
110 Fulton Street
New York 38, New York

380074-0

*H Richard Heilman*
President.

Attached to Policy No. GLP 15 12 11 , issued to Boy Scouts of America
1/1/68 - 1/1/69

Name of Insured

Authorized Agent

C-1642   (SETS)   PRINTED IN U.S.A.

Subject to Protective Order – Highly Confidential

COUNTERSIGNATURE ENDORSEMENT

FOR THE STATE OF .......WISCONSIN (48).............................

   This is to certify that the policy of insurance to which this endorsement is attached represents business in the above State transacted through the below named resident agent licensed by the Insurance Department of said State, and that such agent, whose name is signed below this certificate, is duly licensed to act as such for this Company in said State.

**INSURANCE COMPANY OF NORTH AMERICA**

G. H. Jackson Company
110 Fulton Street
New York 38, New York

380074-0

*H Richard Heilman*
President.

Attached to Policy No. GLP 15 12 11 , issued to   Boy Scouts of America

1/1/68 - 1/1/69                      Name of Insured

*Frank C. Oser*
Authorized Agent

C-1842   (SETS)   PRINTED IN U.S.A.

Subject to Protective Order – Highly Confidential

 **INSURANCE BY NORTH AMERICA**

Insurance Company of North America

250 Broadway, New York, N. Y. 10007

 

 

 

 

Enclosed herewith please find countersigned policy of endorsement which is proof that the policy was properly countersigned in the State shown. *Missouri*

Please forward to Assured

NYRPC #872

Subject to Protective Order – Highly Confidential

 

**COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE PART**

| ADDITIONAL DECLARATIONS | Policy No. GLP 15 12 11 |
| --- | --- |

### SCHEDULE

Location of all premises owned by, rented to or controlled by the Named Insured   SEE SCHEDULE OF LOCATIONS ATTACHED

Interest of Named Insured in such premises    ☐ Owner    ☐ General Lessee    ☐ Tenant

Part occupied by Named Insured _____

The following discloses all hazards insured hereunder known to exist at the effective date of this policy, unless otherwise stated herein.

| Code No. | Description of Hazards | Premium Bases | Rates B.I. | Rates P.D. | Advance Premiums Bodily Injury | Advance Premiums Property Damage |
| --- | --- | --- | --- | --- | --- | --- |
| **Premises—Operations** | See Extension Schedule #1 Attached | | | | 4673.00 | 193.00 |
| | Malpractice Endorsement | | | | 6.00 | |
| | Immediate Medical Aid Endorsement | | | | 50.00 | |
| | Definition of Insured Endorsement | | | | 234.00 | 10.00 |
| | Teachers Liability Coverage Endt. | | | | 418.00 | 223.00 |
| | Increased Limits Basic Charge | | | | 35.00 | 45.00 |
| | Fire Liability Endorsement | | | | | 50.00 |
| | | (a) Area (Sq. Ft.) (b) Frontage (c) Admissions (d) Remuneration (e) Receipts (f) Units | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per 100 Admissions (d) Per $100 of Remuneration (e) Per $100 of Receipts (f) Per Unit | | | |
| | **Elevators (Number at Premises)** Location A 026A - One Story Elevators -N.O.C. | Number Insured One | Per Elevator 41.82 | 3.13 | 42.00 | 4.00 (M.P.) |
| | **Independent Contractors** See Extension Schedule #2 Attached | Cost | Per $100 of Cost | | 56.00 | 18.00 |
| | **Completed Operations** | (a) Receipts | (a) Per $1000 of Receipts | | | |
| Products 1173 | Scout Equipment -supplies & publications, however sold. Stores-not food or drinks - N.O.C. | (b) Sales 25,000,000 | (b) Per $1000 of Sales .045 | .013 | 1125.00 | 325.00 |
| | Minimum Premium(s) | | **TOTALS** | | $5639.00 | $868.00 |
| | | | **TOTAL ADVANCE PREMIUM ▶** | | $ 7507.00 | |

When used as a premium basis:

(1) "admissions" means the total number of persons, other than employees of the Named Insured, admitted to the event insured or to events conducted on the premises whether on paid admission tickets, complimentary tickets or passes;

(2) "remuneration" means the entire remuneration earned during the policy period by proprietors and by all employees of the Named Insured other than chauffeurs (except operators of mobile equipment) and aircraft pilots and co-pilots, subject to any overtime earnings or limitation of remuneration rule applicable in accordance with the manuals in use by the Company;

(3) "receipts" means the gross amount of money charged by the Named Insured for such operations by the Named Insured or by others during the policy period as are rated on a receipts basis other than receipts from telecasting, broadcasting or motion pictures, and includes taxes, other than taxes which the Named Insured collects as a separate item and remits directly to a governmental division;

(4) "cost" means the total cost to the Named Insured with respect to operations performed for the Named Insured during the policy period by independent contractors of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or sub-contractor, including all fees, allowances, bonuses or commissions made, paid or due;

(5) "sales" means the gross amount of money charged by the Named Insured or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the Named Insured and such others collect as a separate item and remit directly to a governmental division.

LC-889 (NBCU-3768)   50M   6/10/66   Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502758

SA 2566

 

## EXTENSION SCHEDULE OF GENERAL LIABILITY HAZARDS

Policy No. GLP 15 12 11

SCHEDULE #1, Page 1

Identify locations of all premises by address (same as shown on the Declarations unless otherwise indicated below).

| Code No. | Description of Hazards | Premium Bases* | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | B.I. | P.D. | Bodily Injury | Property Damage |
| | | g) Camper Days | | | | |
| 0122 | Location (A) - Buildings or Premises - Office | a)128,671 | 2.150 | .037 | 2818.00 | 35.00 |
| | | | | | 6787-52 | |
| 0169 | Warehouses-private (Mercantile) buildings or premises used exclusively for storing mer-chandise of insured where no sales operations are conducted and which are entirely separated from insured's stores or other sales places | a) 84,070 | .326 | .0134 | 277.00 | 11.00 |
| | | | | | 6601-52 | |
| 0130 | Museums | a) 7,900 | .627 | .0054 | 50.00 | .00 |
| | | | | | 5401-52 | |
| 0105 | Ellsworth H. Augustus Interna-tional Scout House - Apartment,Tenement, Boarding or Rooming Houses - not apartment Hotels - N.O.C. | a) 12,687 | 1.366 | .0223 | 177.00 | 3.00 |
| | | | | | 5408-52 | |
| 0174 | Location (B) - Buildings or Premises Bank or Office-N.O.C. premises above grade floor comprising 50% or more of the building area and occupied exclusively by employees of the insured | a) 2,246 | .184 | .009 | 4.00 | .00 |
| 0122 | Buildings or Premises - Office | a) 1,793 | .936 | .027 | 17.00 | 1.00(M.P) |
| 0122 | Location (C) - Buildings or Premises - Office | a) 100 | .930 | .027 | 4.00 (M.P) | 1.00 (M.P.) |
| | | | | | | 7205-52 |
| | (Continued) | | | | | |
| | *Same Premium Bases as shown on the applicable Additional Declarations unless otherwise indicated. | | TOTALS | | $ | $ |
| | | | TOTAL ADVANCE PREMIUM ▶ | | $ on page 4 | |

LC-937 50M 6/10/66   Printed in U.S.A.

Subject to Protective Order – Highly Confidential

 

**EXTENSION SCHEDULE OF GENERAL LIABILITY HAZARDS**

Policy No. GLP 15 12 11

SCHEDULE #1 - Page 2

Identify locations of all premises by address (same as shown on the Declarations unless otherwise indicated below).

| Code No. | Description of Hazards | Premium Bases* | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | B.I. | P.D. | Bodily Injury | Property Damage |
| 0169 | Location (D) - Warehouses - private (Mercantile)-buildings or premises used exclusively for storing merchandise of insured where no sales operations are conducted and which are entirely separated from insured's store or other sales places | a) 36,865 | .201 | .0134 | 74.00 | 5.00 (63/3 - 52) |
| 0122 | Location (E) - Buildings or Premises - Office | a) 2,155 | .619 | .027 | 13.00 | 1.00 (M.P. 5/36-52) |
| 0169 | Location (F) - Warehouses-private (Mercantile)-buildings or premises used exclusively for storing merchandise of insured where no sales operations are conducted and which are entirely separated from insured's stores or other sales places | a) 65,000 | .176 | .0134 | 114.00 | 9.00 (63/3 - 52) |
| 0122 | Location (G) - Building or Premises - Office | a) 1,089 | .803 | .027 | 9.00 | 1.00 (M.P. 7203-52) |
| 0135 | Location (H) - Stores - Retail N.O.C. | a) 2,619 | 2.006 | .054 | 53.00 | 4.00 (M.P. 6314-52) |
| 0122 | Location (I) - Building or Premises - Office | a) 7,548 | .761 | .027 | 57.00 | 2.00 (5/37-52) |
| 0122 | Location (J) - Buildings or Premises - Office | a) 2,280 | .719 | .027 | 16.00 | 1.00 (M.P. 5/3/-52) |
| 0301 | Location (K) - Vacant Land | Flat Charge | | | 8.00 | 4.00 (4374-52) |
| | (Continued) | | | TOTALS | $ | $ |
| | *Same Premium Bases as shown on the applicable Additional Declarations unless otherwise indicated. | | | TOTAL ADVANCE PREMIUM ▶ | $ On Page 4 | |

LC-937 50M 6/10/66    Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502760

SA 2568



# EXTENSION SCHEDULE OF GENERAL LIABILITY HAZARDS



Policy No. GLP 15 12 11

SCHEDULE #1 - Page 3

Identify locations of all premises by address (same as shown on the Declarations unless otherwise indicated below).

| Code No. | Description of Hazards | Premium Bases* | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | B.I. | P.D. | Bodily Injury | Property Damage |
| 0461 | Location (L) - Camps - Boy or Girls - Non-Profit | g)   7,070 | 1.087 | .161 | 77.00 | 11.00 *4404-52* |
| 0364s | Canoes or Rowboats | Each          90 | 1.151 | .089 | 104.00 | 8.00 |
| 0301 | Location (M) - Vacant Land | Flat Charge | | | 8.00 | 4.00 |
| 0122 | Location (N) - Buildings or Premises - Office | a)      525 | .811 | .027 | 4.00 | 1.00 (M.P. *5140-52* |
| 0122 | Location (O) - Buildings or Premises - Office | a)  1,671 | 1.087 | .027 | 18.00 | 1.00 (M.P. *5138-52* |
| 0301 | Location (P) - Training School for leaders and camp sites for Scout Troops | Flat Charge | | | 125.00 | 31.00 *721-51* |
| 0122 | Location (Q) - Buildings or Premises - Office | a)  5,685 | .462 | .018 | 26.00 | 1.00 *132-52* |
| C135 | Stores - Retail - N.O.C. | a)  9,828 | 3.295 | .098 | 324.00 | 10.00 *312-52* |
| 0122 | Location (R) - Buildings or Premises - Office | a)  1,800 | .493 | .027 | 9.00 | 1.00 (M.P. *134-52* |
| 0122 | Location (S) - Buildings or Premises - Office | a)  3,675 | .552 | .027 | 20.00 | 1.00 *141-52* |
| 0122 | Location (T) - Buildings or Premises - Office | a)      845 | 1.338 | .027 | 11.00 | 1.00 (M.P. *133-52* |
| 0122 | Location (U) - Buildings or Premises - Office | a)  1,948 | .920 | .027 | 18.00 | 1.00 (M.P. *135-52* |

(Continued)

*Same Premium Bases as shown on the applicable Additional Declarations unless otherwise indicated.

| | | |
|---|---|---|
| TOTALS | $ | $ |
| TOTAL ADVANCE PREMIUM ► | $ | on Page 4 |

LG-937 50M 6/10/66     Printed in U.S.A.

Subject to Protective Order – Highly Confidential




## EXTENSION SCHEDULE OF GENERAL LIABILITY HAZARDS

Policy No. GLP 15 12 11

SCHEDULE #1, Page 4

Identify locations of all premises by address (same as shown on the Declarations unless otherwise indicated below).

| Code No. | Description of Hazards | Premium Bases* | Rates B.I. | Rates P.D. | Advance Premiums Bodily Injury | Advance Premiums Property Damage |
|---|---|---|---|---|---|---|
| 0122 | Location (V) - Buildings or Premises - Office | a) 100 | .920 | .027 | 4.00 (M.P.) | 1.00 (M.P.) |
| 0122 | Location (W) - Buildings or Premises - Office | a) 2,587 | .968 | .053 | 25.00 | 2.00 (M.P.) |
| 0122 | Location (X) - Buildings or Premises - Office | a) 250 | .543 | .027 | 4.00 (M.P) | 1.00 (M.P.) |
| 0461 | Location (Y) - Camps - Boy or Girls | g) 4,949 | 1.087 | .161 | 54.00 | 8.00 |
| 0364s | Canoes or Rowboats | Each 122 | .690 | .089 | 84.00 | 11.00 |
| 0301 | Location (Z) - Vacant Land | Flat Charge | | | 8.00 | 4.00 |
| 0461 | Location (AA) - Camps - Boy or Girls - Non-Profit | g) 975 | 1.087 | .161 | 42.00 (M.P.) | 9.00 (M.P.) |
| 0301 | Location (BB) - Land for Camping purposes | Flat Charge | | | 8.00 | 4.00 |
| | Additional Insured Lessor Endt. | | | | 1.00 | .00 |
| 0159 | Location (CC) - Warehouses-private (mercantile) | a) 4,000 | .075 | .0134 | 8.00 (M.P.) | 4.00 (M.P.) |
| | Location (A) and (P) | | | | | |
| | Motion Pictures: | | | | | |
| 9610 | Production-studios or outside, all operations up to development of negatives | If any | .0371 | .0116 | – | – |

\*Same Premium Bases as shown on the applicable Additional Declarations unless otherwise indicated.

| TOTALS | $4673.00 | $ 193.00 |
|---|---|---|
| TOTAL ADVANCE PREMIUM ▶ | $ 4866.00 | |

IC-937 50M 6/10/66   Printed in U.S.A.

  

## EXTENSION SCHEDULE OF GENERAL LIABILITY HAZARDS

Policy No. GLP 15 12 11

SCHEDULE #2

Identify locations of all premises by address (same as shown on the Declarations unless otherwise indicated below).

| Code No. | Description of Hazards | Premium Bases* | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | B.I. | P.D. | Bodily Injury | Property Damage |
| | Independent Contractors | Cost | | | | |
| 0512 | All construction operations performed for the insured under contract by others | 150,000 | .0163 | .0098 | 24.00 | 15.00 |
| | | | | | √391~√√ | |
| 0507 | Printing, binding and mailing of Boys Life Magazine, Scouting Magazine and "The Scouter" | 350,000 | .009 | .0009 | 32.00 | 3.00 |
| | | | | | 7√°02~√√ | |
| | *Same Premium Bases as shown on the applicable Additional Declarations unless otherwise indicated. | | | TOTALS | $ 56.00 | $ 18.00 |
| | | | | TOTAL ADVANCE PREMIUM ▶ | $ 74.00 | |

LC-937 50M 6/10/66    Printed in U.S.A.

Subject to Protective Order – Highly Confidential



# PERSONAL INJURY LIABILITY INSURANCE
## COVERAGE PART



| ADDITIONAL DECLARATIONS | Policy No. GLP 15 12 11 |
| --- | --- |

## SCHEDULE

The insurance afforded is only with respect to personal injury arising out of an offense included within such of the following groups of offenses as are indicated by specific premium charge or charges.

| GROUPS OF OFFENSES | | ADVANCE PREMIUM |
| --- | --- | --- |
| A. False Arrest, Detention or Imprisonment, or Malicious Prosecution | — | $ Included |
| B. Libel, Slander, Defamation or Violation of Right of Privacy | — | $ Included |
| C. Wrongful Entry or Eviction or Other Invasion of Right of Private Occupancy | — | $ Included |

Insured's Participation_____%   Minimum Premium $ 37.00      TOTAL ADVANCE PREMIUM ▶   $ 350.00

### I. COVERAGE P—PERSONAL INJURY LIABILITY

The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses:

Group A—false arrest, detention or imprisonment, or malicious prosecution;

Group B—the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the Named Insured;

Group C—wrongful entry or eviction, or other invasion of the right of private occupancy;

if such offense is committed during the policy period within the United States of America, its territories or possessions, or Canada, and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the Insured under any contract or agreement;

(b) to personal injury arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of any Insured;

(c) to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the Named Insured;

(d) to personal injury arising out of any publication or utterance described in Group B, if the first injurious publication or utterance of the same or similar material by or on behalf of the Named Insured was made prior to the effective date of this insurance;

(e) to personal injury arising out of a publication or utterance described in Group B. concerning any organization or business enterprise, or its products or services, made by or at the direction of any Insured with knowledge of the falsity thereof.

### II. PERSONS INSURED

Each of the following is an Insured under this insurance to the extent set forth below:

(a) if the Named Insured is designated in the declarations as an individual, the person so designated;

(b) if the Named Insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the Named Insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to personal injury arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in this policy as a Named Insured.

### III. LIMITS OF LIABILITY INSURED'S PARTICIPATION

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain personal injury, or (3) claims made or suits brought on account of personal injury, the total liability of the Company for all damages because of all personal injury to which this coverage applies, sustained by any one person or organization, shall not exceed the limit of personal injury liability stated in the declarations as "each person aggregate".

Subject to the above provision respecting "each person aggregate", the total limit of the Company's liability under this coverage for all damages shall not exceed the limit of personal injury liability stated in the declarations as "general aggregate".

If a participation percentage is stated in the schedule for the Insured, the Company shall not be liable for a greater proportion of any loss than the difference between such percentage and one hundred percent and the balance of the loss shall be borne by the Named Insured; provided, the Company may pay the Insured's portion of a loss to effect settlement of the loss, and, upon notification of the action taken, the Named Insured shall promptly reimburse the Company therefor.

### IV. AMENDED DEFINITION

When used in reference to this insurance:

"damages" means only those damages which are payable because of personal injury arising out of an offense to which this insurance applies.



**CONTRACTUAL LIABILITY INSURANCE COVERAGE PART**
(Designated Contracts Only)



| ADDITIONAL DECLARATIONS | Policy No. GLP 15 12 11 |
|---|---|

It is agreed that the Limits of Liability set forth in the Policy Declarations for the Contractual Liability Coverage Part shall apply as respects any coverage afforded hereunder unless other specific limits are set forth below.

| Coverage | Limits of Liability (this Coverage Part only) |
|---|---|
| Y. Contractual Bodily Injury Liability | $ 500,000 each person<br>$ 1,000,000 each occurrence |
| Z. Contractual Property Damage Liability | $ 500,000 each occurrence<br>$ 500,000 aggregate |

## SCHEDULE

| Code No. | Designation of Contracts | Premium Bases | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | B.I. | P.D. | Bodily Injury | Property Damage |
| | | (a) Number<br>(b) Cost | (a) Per Contract<br>(b) Per $100 of Cost | | | |

It is agreed that this endorsement shall apply only to the portion(s) of the contract specifically set forth in endorsement(s) issued to form a part of the policy.

It is further agreed that in no event shall the company's limits of liability under this coverage part and any other coverage part combined exceed the limits of liability as set forth in the policy Declarations.

| Minimum Premium(s) | | | | TOTALS | $ | $ |
|---|---|---|---|---|---|---|
| | | | | TOTAL ADVANCE PREMIUM ▶ | $ | |

When used as a premium basis, the word "cost" means the total cost to any indemnitee with respect to any contract which is insured of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or the sub-contractor, including all fees, allowances, bonuses or commissions made, paid or due.

NYRPC #1097

LC-886   50M   6/10/66   Printed in U.S.A.

Subject to Protective Order – Highly Confidential

 INSURANCE COMPANY OF NORTH AMERICA 

## BOY SCOUTS, TROOPS OR COUNCILS

In consideration of the premium at which this policy is written, it is hereby understood and agreed that in the event of a suit being brought against the Council named as an insured in the policy, the Company will not raise nor permit its attorneys to raise, in any such suit, if otherwise covered by this policy, the defense that said Council is not legally liable because as Charitable Institution it is immune from the liability alleged in such suit unless said Council shall request the Company in writing to set up such defense.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to | | |
| Boy Scouts of America | | |

Endt. #1

*H. C. Fuchs*
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1661

*H. Richard Heilman*
President.

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

 INSURANCE COMPANY OF NORTH AMERICA

It is understood and agreed that Coverage under this Policy does not extend to operations at or from the following locations:

A) Philtower Building
   Tulsa, Oklahoma

C) Philmont Scout Ranch
   Cimarron, New Mexico

D) Premises occupied as
   Parking Garage, located
   on Lot Two and Part of
   Lot Three in Block One
   Hundred Thirty Seven,
   Tulsa, Oklahoma

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to | | |
| Boy Scouts of America | | |

Endt. #2

_____
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1661

H. Richard Heilman
President.

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

 INS\   .N    COMPANY OF NORTH AMERI(

It is understood and agreed that the Company
accepts notice that the Insured may from
time to time, allow others to use a portion
of their premises at Location F for Camping
purposes.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to | | |
| Boy Scouts of America | | |

Endt. #3

_H. C. Fuch_
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1661

_H. Richard Heilman_
President.

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

 INSURANCE COMPANY OF NORTH AMERICA

ENDORSEMENT

It is understood and agreed that any exhibitions, Jamborees, or meetings of the Insured are covered hereunder with premium adjustment to be determined, upon the basis of full information to be supplied by the insured.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968   at the hour specified in the policy. | | GLP 15 12 11 |
| Issued to   Boy Scouts of America | | |

Endt. #4

H. C. Tucker
_____
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1661

H. Richard Heilman
President.

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

 INSURANCE COMPANY OF NORTH AMERICA 

MALPRACTICE ENDORSEMENT

In consideration of an additional premium of $5.00 (included), it is agreed that such insurance as is afforded by the policy for Coverage A shall also apply to damages because of injury, including death sustained by any person and arising out of malpractice, error or mistake in rendering or failing to render to such person medical, surgical or nursing treatment by any physician, surgeon or nurse in the employ of the named insured.

It is further agreed that in addition to the exclusions contained in the policy the following shall apply:

This insurance shall not apply:

    (1) to liability arising out of the performance of a criminal act;

    (2) to liability arising out of injury caused by any person while under the influence of narcotics or intoxicants;

    (3) to liability arising out of the use of X-Ray apparatus;

    (4) to liability of an insured, if an individual for his personal acts or omissions of a professional nature;

    (5) to liability assumed by the insured under any agreement guaranteeing the result of any treatment

The company's limit of liability for all damages on account of each claim or suit covered hereby is $500,000.

Subject to the above provision respecting such claim the aggregate limit is $1,000,000.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to | | |
| Boy Scouts of America | | |

Endt. #5

_H. C. Finch_
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1661

_H. Richard Heilman_
President.

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

 INSU N COMPANY OF NORTH AMERIC

In consideration of the premium charged, it is agreed that
the undermentioned policy is extended to include the follow-
ing Additional named Insured:

> The Wisconsin Eagle Scout Forestry Camp
> of the Boy Scouts of America, also known
> as Wisconsin Eagle Scout Forestry Camp,
> Incorporated, with respect to operations
> arising out of Location AA, Fond du Lac,
> Wisconsin.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to | Boy Scouts of America | |

Endt. #6

_____
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1661

_H. Richard Heilman_
President.

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502771

SA 2579

 INSURANCE COMPANY OF NORTH AMERICA

## ENDORSEMENT

In consideration of an Additional Premium of $244.00 (Included) based on 5% of the Owners, Landlords and Tenants Premium, it is agreed that Insuring Agreement II, Definition of Insured, is amended to read:

II.   Persons Insured is amended to include:

The Person Insured includes any employee, executive officer, trustee, volunteer leader, boy scout leader or committee member of the National Council of the Boy Scouts of America, including its Executive Board, and of the Regional Offices of the National Council including their Executive Committees, while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the named insured.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to Boy Scouts of America | | |

Endt. #7

_____
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1661

H. Richard Heilman
President.

100M 7-10-67 Ptd. in U.S.A.

BSA-PLAN_00502772

SA 2580

  

**REAL PROPERTY—LIABILITY—FIRE**

Endt. #8

| | |
|---|---|
| Named Insured | Boy Scouts of America |
| Effective | January 1, 1968 | Policy No. GLP 15 12 11 |
| Issued by | INSURANCE COMPANY OF NORTH AMERICA |

(Name of Insurance Company)

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**

**MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE**

**OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE**

**STOREKEEPER'S INSURANCE**

It is agreed that the Property Damage Liability Coverage applies to property damage to structures or portions thereof rented to or occupied by the Named Insured and described in this endorsement, including fixtures permanently attached thereto, if such property damage arises out of fire, subject to the following additional provisions:

1. All of the exclusions of the policy are deleted and replaced by the following:

   This insurance does not apply to liability assumed by the Insured under any contract or agreement.

2. The limit of liability stated in this endorsement applies separately to the insurance under this endorsement and is in lieu of any other limit of liability stated in the policy.

| Description of Property | Limit of Liability | Rate (per $100 of Limit) | Premium |
|---|---|---|---|
| Location D - 485 Brannan Street San Francisco, Cal. | $ 100,000 each occurrence | .025 | $20.00 |
| Location H - 300 West Adams Street Chicago, Ill. | $100,000 each occurrence | .01 | 10.00 |
| Location Q - 2 Park Avenue New York, New York | $100,000 each occurrence | .02 | 20.00 |
| | | TOTAL | 50.00 |

Authorized Agent

LC-985 (G209)  7-20-66   Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502773

SA 2581

 INS  IN   COMPANY OF NORTH AMERI

## IMMEDIATE MEDICAL AID ENDORSEMENT

It is agreed that as respects Location P (Schiff
Scout Reservation, Mendham, New Jersey) the
policy includes the following:

      Colleges or Schools        Code 0721

      Immediate Medical Aid

      Premium Flat Charge      B.I.  $50.00 (1 year)

                          (Premium Included in
                          Declarations)

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to | | |
| Boy Scouts of America | | |

Endt. #9

*H. C. Fuchs*
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

*H Richard Heilman*
President.

C-1661

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

 INSURANCE COMPANY OF NORTH AMERICA

## SCHEDULE OF LOCATIONS - PAGE #1

| Location | Interest of Insured | Part Occupied By Insured |
|---|---|---|
| (A) U. S. Route #1<br>North Brunswick Township,<br>Middlesex Co., New Jersey | Owner | Entire |
| (B) 269 South Loma Drive,<br>Los Angeles, California | Owner | Entire |
| (C) 315 West Ninth St.,<br>Los Angeles, California | Tenant | Part |
| (D) 485 Brannan Street,<br>San Francisco, California | Tenant | Part |
| (E) 230 Peachtree St., N. E.,<br>Atlanta, Georgia | Tenant | Part |
| (F) 1930 North Mannheim Rd.,<br>Melrose Park,<br>Chicago, Illinois | Owner | Entire |
| (G) 230 North Michigan Avenue,<br>Chicago, Illinois | Tenant | Room 2702 |
| (H) 300 West Adams Street,<br>Chicago, Illinois | Tenant | Grade Floor |
| (I) 601 Harger Road,<br>Oak Brook, Illinois | Owner | Entire |
| (J) 23B Strathmore Road<br>Natick, Massachusetts | Tenant | Part |

(Continued)

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to<br>Boy Scouts of America | | |

Endt. #10
Page #1

*H. C. Fuchs*
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1661

*H Richard Heilman*
President.

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502775

SA 2583

  INS\ \_ \` ~ COMPANY OF NORTH AMERI\

## SCHEDULE OF LOCATIONS - CONTINUED

| | Location | Interest of Insured | Part Occupied By Insured |
|---|---|---|---|
| (K) | "Lost Canoe Island" Located at Watersmeet Township, Gogebic County, Michigan (Otherwise known as Island #13, Section #10, Township #44, North, Range 41 (West) (17.8 Acres) | Owner | None |
| (L) | Region 10, (N.E. 1/4 mile, N.W. 1/4, Sec. Twp., 64 N Range 9W) Lake Co., Minnesota, K/A Charles L. Sommers Wilderness Canoe Base | Tenant | Entire |
| (M) | N/W Quarter at S/E Quarter, Section 28, Township 64 North, Range 9 West of the 4 P.M. approximately 40 Acres, Lake Co., Minnesota | Owner | None |
| (N) | Minnesota Bldg., St. Paul, Minnesota | Tenant | Part |
| (O) | Power and Light Bldg. Kansas City, Missouri | Tenant | Part |
| (P) | Schiff Scout Reservation Mendham, New Jersey | Owner | Entire |
| (Q) | 2 Park Avenue New York, New York | Tenant | Part of Grade Floor Part of Mezzanine Part of 15th Floor |
| (R) | 7759 Montgomery Road, Kenwood Cincinnati, Ohio | Tenant | Part |
| (S) | 3811 S. W. Barbur Blvd., Portland, Oregon | Owner | Entire |

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to | | |
| Boy Scouts of America | | |

(Continued)

Endt. #10
Page #2

_H. C. Fuchs_
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

_H Richard Heilman_
President.

C-1661

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502776

SA 2584

 INS㹐 ㇄N   COMPANY OF NORTH AMERI㸱.

SCHEDULE OF LOCATIONS - CONTINUED

| | Location | Interest of Insured | Part Occupied By Insured |
|---|---|---|---|
| (T) | Fidelity-Philadelphia Trust Bldg., Philadelphia, Pennsylvania | Tenant | Part |
| (U) | Memphis Bank Bldg., 44 N. 2nd Street, Memphis, Tennessee | Tenant | Part |
| (V) | 3242 Alta Road, Memphis, Tennessee | Tenant | Part |
| (W) | Tower Petroleum Bldg., Dallas, Texas | Tenant | Part |
| (X) | Building 418, University of Utah Salt Lake City, Utah | Tenant | Part |
| (Y) | Region 7, Canoe Base, Boulder Junction, Wisconsin | Tenant | Entire |
| (Z) | All of Government Lot 1, Section 20, Township 42, North, Range 6 East, and that part of Government Lot 1 Section 17, Township 42, North, Range 6 East of the Fourth Principal Meridian, Boulder Junction, Vilas County, Wisconsin | Co-Owner | None |

(Continued)

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to Boy Scouts of America | | |

Endt. #10
Page 3

*H. C. Fuchs*
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

*H Richard Heilman*
President.

C-1661

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

 INSURANCE COMPANY OF NORTH AMERICA

SCHEDULE OF LOCATIONS - CONTINUED

| Location | Interest of Insured | Part Occupied By Insured |
|---|---|---|
| (AA) Wisconsin Eagle Scout Forestry Camp, Fond Dulac, Wisconsin | Tenant | Entire |
| (BB) Land owned by Northwood Land Office, Inc., St. Germain, Wisconsin located at Wild Rice Lake, Wisconsin used for camping purposes | Tenant | Part |
| (CC) Farrogut State Park, Idaho | Owner | Entire |

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to Boy Scouts of America | | |

Endt. #10
Page #4

_H. C. Fuchs_
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1661

_H. Richard Heilman_
President.

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

 INS    IN    COMPANY OF NORTH AMER1

In consideration of a premium adjustment on audit, it is agreed that the undermentioned policy is extended to include the following location:

State – owned land in Arizona, leased to J. H. an Clara M. Dungan under State Commercial Lease No. 239 and sub-leased to Dinosaur Caverns, Inc., d/b/a Grand Canyon Caverns and Further sub-leased to Named Insured for Camping purposes.

| Code | Camper Days | Cov.A Rate | Cov.B rate |
|------|-------------|------------|------------|
| 0461 | To be det'd | 1.087 | .161 |

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|----------------|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to | | |
| Boy Scouts of America | | |

Endt. #11

H. C. Tinch
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1661

H Richard Heilman
President.

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502779

SA 2587

 INSUI IC  COMPANY OF NORTH AMER  A

## SPECIFIED CONTRACTUAL LIABILITY COVERAGE ENDORSEMENT

In consideration of an additional advance premium of $ 13.00 , (Included)
it is agreed that the Contractual Liability Coverage Part,
Form LC-886, forming a part of the policy, subject to all its
agreements, exclusions, conditions and limits of liability, shall
apply to the portion(s) of the contract entered into by and between
the named insured and ___Wisconsin Conservation Department___

dated_____2/4/38_____, reading as follows:


2.   To hold the Department harmless from any claims that may or

     might arise because of injury or sickness on the part of any

     member of the personnel of the corporation, engaged in work

     on the State Forests.

| | Code | Cov. A Prem. | Cov. B Prem. |
|---|---|---|---|
| Contractual Liability N.O.C. | 0521 | 9.00 | 4.00 |
| | | (Included in total advance | |
| | | premium on Dec.) | |


Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968  at the hour specified in the policy. | | GLP 15 12 11 |
| Issued to  Boy Scouts of America | | |

Endt. #12

_H. C. Fuchs_
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA
NYRPC #1098

_President_

Subject to Protective Order – Highly Confidential




**TEACHER'S LIABILITY COVERAGE**
(Including Optional Premises Medical Payments)

Endt. #13                                                           X

Named Insured___Boy Scouts of America_____

Effective___January 1, 1968_____ Policy No.___GLP 15 12 11_____

Issued by___INSURANCE COMPANY OF NORTH AMERICA_____
(Name of Insurance Company)

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

---

> This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:
>
> **OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE**
>
> **PREMISES MEDICAL PAYMENTS INSURANCE**

It is agreed that the "Persons Insured" provision is amended to include as an Insured the persons designated below, but only with respect to bodily injury or property damage arising out of his teaching activities, subject to the following additional provisions:

1. "Teaching activities" means acts or omissions of the Insured in connection with his occupation as a member of the faculty or teaching staff of any school or college not owned or financially controlled by such Insured or by a partnership or joint venture of which he is a member.

2. Under the Bodily Injury Liability and Property Damage Liability Coverages this insurance:
   (a) does not apply to liability assumed under an incidental contract;
   (b) is not subject to exclusions (b), (d) and (m);
   (c) does not apply to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of draft or saddle animals, vehicles for use therewith, automobiles, watercraft or aircraft, owned, operated or hired by or for the Insured or his employer or used by the Insured for the purpose of instruction in the use thereof;
   (d) does not apply to bodily injury to any (1) fellow employee of the Insured injured in the course of his employment, or (2) pupil arising out of corporal punishment administered by or at the direction of the Insured, but subparagraph (2) of this exclusion does not apply to the Bodily Injury Liability Coverage if such coverage is indicated in the schedule as including corporal punishment.

3. If Premises Medical Payments Coverage is afforded hereunder such coverage applies to teaching activities, subject to the following additional exclusions:
   The Premises Medical Payments Coverage does not apply:
   (a) to bodily injury to any pupil, but this exclusion shall apply only to bodily injury arising out of corporal punishment if Premises Medical Payments Coverage is designated in the schedule as including bodily injury to students other than bodily injury arising out of corporal punishment;
   (b) to bodily injury to a fellow employee of the Insured.

**SCHEDULE**

1. Name of Individual:          Code 0322A                    Type of Instruction
   (a)                              1000TEachers
   (b)   All Teachers          Cov. A Rate  .418              Boy Scout
   (c)   in the employ of      Cov.B  Rate  .223
         the insured

2. The insurance applicable to the teaching activities of the Insured shall be only under those coverages for which a specific premium charge is entered herein:

|  | Premiums |
|---|---|
| Bodily Injury Liability (Excluding Corporal Punishment) | $ |
| Bodily Injury Liability (Including Corporal Punishment) | $  418.00 |
| Property Damage Liability | $  223.00 |
| Premises Medical Payments (Excluding bodily injury to pupils) | $ |
| Premises Medical Payments (Including bodily injury to pupils other than bodily injury arising out of Corporal Punishment) | $ |

641.00
*H. C. Fuch*                              (Included)
Authorized Agent

LC-1080 (G217)  7-20-66   Printed in U.S.A.

Subject to Protective Order – Highly Confidential



## ADDITIONAL INSURED
(Premises Leased to the Named Insured)



Endt. #14

Named Insured __Boy Scouts of America__

Effective __January 1, 1968__                           Policy No. __GLP 15 12 11__

Issued by __INSURANCE COMPANY OF NORTH AMERICA__
                           (Name of Insurance Company)

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
### OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE
### STOREKEEPER'S INSURANCE

It is agreed that the "Persons Insured" provision is amended to include as an Insured the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the Named Insured, and subject to the following additional exclusions:

The insurance does not apply:

  1. to any occurrence which takes place after the Named Insured ceases to be a tenant in said premises;

  2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Premiums Bodily Injury Liability | Premiums Property Damage Liability |
|---|---|---|---|
| (BB)- Land owned by Northwood Land Office, Inc. St. Germain, Wisconsin Wild Rice Lake, Wisconsin | Northwood Land Office, Inc. | 1.00 (Included) | .00 |

_H. C. Fuchs_
Authorized Agent

LC-971 (G109)  7-20-66  Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502782
SA 2590



**CAMPS**

Endt. #15

Named Insured   Boy Scouts of America

Effective   January 1, 1968                                    Policy No.   GLP 15 12 11

Issued by   INSURANCE COMPANY OF NORTH AMERICA
                        (Name of Insurance Company)

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE

---

It is agreed that with respect to the operation of any camp on the premises described below or designated in the policy as subject to this endorsement:

1. **FIRST AID.** The insurance does not apply under the "Supplementary Payments" provision to expenses incurred by the Insured for first aid to any camper unless a premium charge is entered for the Bodily Injury Liability Coverage in the schedule of this endorsement opposite the classification "Camps—first aid to campers".

   If a premium charge is entered therein, the "Supplementary Payments" provision applies to expenses incurred by the Insured for first aid to campers, other than expenses for services provided by the Insured, by any employee of the Insured or by any person or organization under contract to the Insured to provide such services.

2. **INFIRMARIES, CLINICS, HOSPITALS.** If the camp has an infirmary with facilities for lodging and treatment or a public clinic or hospital, the insurance does not apply to (1) the rendering of or failing to render (a) medical, surgical, dental, X-ray or nursing service or treatment, or the furnishing of food or beverages in connection therewith, (b) any service or treatment conducive to health or of a professional nature or (c) any cosmetic or tonsorial service or treatment; (2) the furnishing or dispensing of drugs or medical, dental, or surgical supplies or appliances; or (3) the handling of or performing of autopsies on dead bodies.

3. **SADDLE ANIMALS.** The insurance does not apply to bodily injury or property damage arising out of the use of the Named Insured's saddle animals unless a premium charge is entered for the Bodily Injury Liability Coverage or the Property Damage Liability Coverage respectively in the schedule of this endorsement opposite the classification "Saddle Animals".

   If a premium charge is entered therein for the Bodily Injury Liability Cov-

erage or the Property Damage Liability Coverage, the "Persons Insured" provision also includes with respect to such coverage any person or organization legally responsible for the use of the Named Insured's saddle animals, provided the actual use thereof is by the Named Insured or with his permission; but this paragraph does not apply to saddle animals while rented to any person or organization other than a camper.

As used herein "Named Insured's saddle animals" means saddle animals owned or used by or rented to the Named Insured or rented to others by or through the Named Insured.

4. **WATERCRAFT.** The insurance does not apply to bodily injury or property damage arising out of the use of the Named Insured's watercraft unless a premium charge is entered for the Bodily Injury Liability Coverage or the Property Damage Liability Coverage respectively in the schedule of this endorsement in the line "Total Advance Premium for Watercraft".

   If a premium charge is entered therein for the Bodily Injury Liability Coverage or the Property Damage Liability Coverage, such coverage applies to such bodily injury or property damage respectively, except while the Named Insured's watercraft is used to carry any person other than a camper for a charge or is rented to any person or organization other than a camper, and the "Persons Insured" provision also includes with respect to such coverage any person or organization using or legally responsible for the use of the Named Insured's watercraft, provided the actual use thereof is by the Named Insured or with his permission.

As used herein **"Named Insured's watercraft"** means (1) watercraft owned or used by or rented to the Named Insured or rented to others by or through the Named Insured or (2) any other watercraft powered in whole or in part by an outboard motor owned or used by or rented to the Named Insured or rented to others by or through the Named Insured.

Description of Premises:

LC-1082 (G410)   7-20-66   Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00502783

**SA 2591**

SCHEDULE

| Classifications | Code No. | Premium Bases (a) Per 100 Camper Days (b) No. of Units | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|
| | | | B.I.L. Cov. | P.D.L. Cov. | B.I.L. Cov. | P.D.L. Cov. |
| Camps—Non Profit | 0461 | Locations L, Y & AA | | | | — |
| Camps | 0462 | See Schedules Attached | | | | |
| Camps—first aid to campers | 0703 | | | | | |
| Saddle Animals | 0739 | | | | | |
| Canoes or Rowboats | 0364 | Locations L & Y | | | — | — |
| Motorboats | | | | | — | — |
| Sailboats | | See Schedule Attached | | | — | — |
| Outboard Motors | | | | | — | — |
| Total Advance Premium for Watercraft | | | | | $ | $ |
| TOTAL ADVANCE PREMIUM | | | | | $ | $ |

_C. H. C. Fuchs_
Authorized Agent

BSA-PLAN_00502784

SA 2592

 INSURANCE COMPANY OF NORTH AMERICA

In consideration of the premium charged, it is
agreed that exclusion (c) of Personal Injury
Liability Insurance Coverage Part (form LC893)
is hereby deleted.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to | | |
| Boy Scouts of America | | |

Endt. #16

_____
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1762 150M 11-24-64 Ptd. in U.S.A.

_____
President

Subject to Protective Order – Highly Confidential

 INSUR. CE COMPANY OF NORTH AMERIC

In consideration of an additional premium to be determined upon audit, it is agreed that such insurance as is afforded by the "Contractual Liability Insurance Coverage Part", LC 886, forming a part of the policy subject to all its agreements, exclusions, conditions and limits of liability, applies to all written contracts other than "Incidental Contract" under the Definitions sections of the policy, entered into between the insured and others.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| January 1, 1968 | at the hour specified in the policy. | CLP 15 12 31 |
| Issued to Boy Scouts of America | | |

Endt. #17

_H. C. Fuchs_
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA
C-1762 200M 7-27-65 Ptd. in U.S.A.

_President_

Subject to Protective Order – Highly Confidential

 

# PREMIUM DISCOUNT ENDORSEMENT
## AUTOMOBILE LIABILITY AND GENERAL LIABILITY INSURANCE

Endt. #18

Named Insured __Boy Scouts of America__

Effective __January 1, 1968__          Policy No. __GLP 15 12 11__

Issued by __INSURANCE COMPANY OF NORTH AMERICA__

(Name of Insurance Company)

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

> This endorsement modifies such insurance as is afforded by the provisions of any Automobile Liability or General Liability Insurance.

1. It is agreed, in respect to the policies designated in paragraph 4 hereof, that the Standard Premium for the states and lines of insurance designated in paragraph 5 hereof is subject to discount in accordance with the Premium Discount Rating Plans as filed and approved for such states and lines of insurance.

2. The percentages of discount indicated in paragraphs 5 and 6 hereof are predicated upon the per annum portion of the estimated Total Standard Premium for all states of the policy period, subject, upon annual or final audit of the policies, to revision in accordance with such percentages as are approved for the per annum portion of the actual developed Total Standard Premium for all states. The Standard Premium used as the basis of the discount percentage determinations shall be subject in all cases to such limitation as may be specified in paragraph 3 hereof.

3. Automobile Liability and General Liability Insurance shall not be combined for premium discount purposes in the states of:

4. Schedule.

|  | Estimated Total ANNUAL Standard Premium | | |
|---|---|---|---|
| Policy Numbers | Total | Automobile Liability | General Liability |
| GLP 15 12 11 | 7870. |  | 7870.00 |
| Total Standard Premium | 7870.00 |  | 7870.00 |

5. Calculation of Advance Discount: (Discount percentages are based upon annual standard premiums indicated in paragraph 4 above.)

| State | Kind of Insurance or Subdivision Thereof | Estimated Advance Standard Premium | Advance Premium Discount Percentage | Advance Premium Discount Amount |
|---|---|---|---|---|
| New York | G.L. | 426.00 | 11.1 | 47.00 |
| Texas | G.L. | 30.00 | 10.4 | 3.00 |
|  |  | Total Advance Discount | | 50.00 |

6. The estimated premium discount applicable to standard premium developed on interim adjustments shall be determined by application of the provisional single rates of discount indicated below:

| Policy Numbers | Provisional Rates of Discount |
|---|---|
|  | 6.4 |

Authorized Agent

Subject to Protective Order – Highly Confidential

## NUCLEAR ENERGY LIABILITY EXCLUSION
### (BROAD FORM)

This exclusion modifies the provisions of this policy relating to ALL LIABILITY AND MEDICAL PAYMENTS INSURANCE OTHER THAN COMPREHENSIVE PERSONAL AND FARMER'S COMPREHENSIVE PERSONAL INSURANCE.

This policy does not apply:

a. Under any Liability Coverage, to bodily injury or property damage:

(1) with respect to which an Insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

b. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization;

c. Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if:

(1) the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an insured, or (b) has been discharged or dispersed therefrom;

(2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

(3) the bodily injury or property damage arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat;

d. As used in this Exclusion:

(1) "Hazardous properties" include radioactive, toxic, or explosive properties;

(2) "Nuclear material" means source material, special nuclear material or byproduct material;

(3) "Source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

(4) "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

(5) "Waste" means any waste material (a) containing byproduct material and (b) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (6), (a) or (b) thereof;

(6) "Nuclear facility" means: (a) any nuclear reactor; (b) any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing, or packaging waste; (c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste; and (e) includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations;

(7) "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass or fissionable material;

(8) "Property damage" includes all forms of radioactive contamination of property.

## CONDITIONS

**1. Premium**

All premiums for this policy shall be computed in accordance with the Company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the Named Insured, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the Company shall return to the Named Insured the unearned portion paid by the Named Insured.

The Named Insured shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the Company at the end of the policy period and at such times during the policy period as the Company may direct.

**2. Inspection and Audit**

The Company shall be permitted but not obligated to inspect the Named Insured's property and operations at any time. Neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Named Insured or others, to determine or warrant that such property or operations are safe.

The Company may examine and audit the Named Insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**3. Financial Responsibility Laws**

When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The Insured agrees to reimburse the Company for any payment made by the Company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**4. Insured's Duties in the Event of Occurrence, Claim or Suit**

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable. The Named Insured shall promptly take at his expense all reasonable steps to prevent other bodily injury or property damage from arising out of the same or similar conditions, but such expenses shall not be recoverable under this policy.

(b) If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.

(c) The Insured shall cooperate with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of bodily injury or property damage with respect to which insurance is afforded under this policy; and the Insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

BSA-PLAN_00502788

SA 2596

## CONDITIONS CONTINUED

**5. Action Against Company**

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the Company as a party to any action against the Insured to determine the Insured's liability, nor shall the Company be impleaded by the Insured or his legal representative. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Company of any of its obligations hereunder.

**6. Other Insurance**

The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the Insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

**(a) Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

**(b) Contribution by Limits.** If any of such other insurance does not provide for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation**

In the event of any payment under this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

**8. Changes**

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

**9. Assignment**

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Named Insured shall die, such insurance as is afforded by this policy shall apply (1) to the Named Insured's legal representative, as the Named Insured, but only while acting within the scope of his duties as such, and (2) with respect to the property of the Named Insured, to the person having proper temporary custody thereof, as Insured, but only until the appointment and qualification of the legal representative.

**10. Three Year Policy**

If this policy is issued for a period of three years, the limits of the Company's liability shall apply separately to each consecutive annual period thereof.

**11. Cancellation**

This policy may be cancelled by the Named Insured by surrender thereof to the Company or any of its authorized agents or by mailing to the Company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the Company by mailing to the Named Insured at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Named Insured or by the Company shall be equivalent to mailing.

If the Named Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the Company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**12. Declarations**

By acceptance of this policy, the Named Insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.

WITNESS WHEREOF, the INSURANCE COMPANY OF NORTH AMERICA has caused this policy to be signed by its President and Secretary-Treasurer at Philadelphia, Pennsylvania, and countersigned on the Declarations page by a duly Authorized Agent of the Company.

*Geoffrey Stengel*  Secretary-Treasurer
GEOFFREY STENGEL

*H. Richard Heilman*  President
H. RICHARD HEILMAN

Subject to Protective Order – Highly Confidential

**INA** INSURANCE COMPANY OF NORTH AMERICA

In consideration of an additional premium of $825.00,
it is agreed, as respects National Training Conference
to be held at Colorado State University, Fort Collins,
Colorado during the period from ... to ... , that we
amend the Bodily Injury Limits of Liability to 1,000,000 each
person 2,000,000 each occurrence from 5,000 to 10,000.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | 6/22/66 | at the hour specified in the policy. | Part of Policy No. |
|---|---|---|---|
| Issued to | Boy Scouts of America | | |

_____
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1762 100M 10-9-67 Ptd. in U.S.A.

H Richard Heilman
*President.*

Subject to Protective Order – Highly Confidential

 INSURANCE COMPANY OF NORTH AMERICA

It is agreed as respects Location L (Region 10 (N.E. 1/4 Mile, N.W. 1/4 Sec. Twp., 64 N Range 9W) Lake Co., Minnesota, K/A Charles L. Sommers Wilderness Canoe Base.

It is further agreed that the coverage provided under this Policy will not be cancelled or its provisions changed or deleted before thirty (30) days Written notice to the Forest Supervisor,

> P.O. Box 338
> Duluth, Minnesota 55801

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| 1/1/68 | at the hour specified in the policy. | GLP 15 12 11 |
| Issued to | | |
| Boy Scouts of America | | |

T/rab-6-21-68

_ℋC Fuchs_
Authorized Agent

Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1660

_H Richard Heilman_
President.

100M 7-10-67 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

## L_INGTON INSURANCE COMPAN_
### Wilmington, Delaware
#### (A Stock Insurance Company)
Administrative Offices: 200 State Street, Boston, Massachusetts 02109
#### Follow Form Policy
#### Declarations

Policy Number    3583189                  Renewal of No.:    NEW

Named Insured:  BOY SCOUTS OF AMERICA

Address:       1325 WALNUT HILL LANE

               IRVING              TX    75062

### SECTION I - EXCESS INSURANCE

A)  Policy Period:
    From:    03/01/03    To:    03/01/04
    12:01 A.M. Standard Time at the Address of the Insured stated herein.

B)  Coverage:   EXCESS LIABILITY

C)  Limits of Liability:    $5,000,000    Each Occurrence
                            $5,000,000    Annual Aggregate
          Part Of:         $10,000,000    Each Occurrence
                           $10,000,000    Annual Aggregate

D)  Premium Computation:

| Estimated Exposure | Rating Base | Rate | Audit Period |
|---|---|---|---|
| N/A | FLAT ANNUAL | N/A | ANNUAL |

| Advance Premium | Annual Minimum Premium | Minimum Earned Premium At Inception |
|---|---|---|
| $562,500 | $562,500 | $281,250 |

### SECTION II - UNDERLYING INSURANCE

A)  Underlying Company:    LIBERTY MUTUAL INSURANCE
    Policy Number:         TH1-191-409751-112
    Coverage:              LEAD UMBRELLA
    Eff. Date:             03/01/03    Exp. Date:   03/01/04
    Limit:                 $8,000,000

B)  Total limits of all Underlying Insurance including the underlying policy in excess of which this policy
    applies:

    $8,000,000 EACH OCCURRENCE / $8,000,000 AGGREGATE, DOL.
    EXCESS OF $1,000,000 EACH OCC. OR CLAIM SIR, NO AGG, DIL.

    **JTX-10-1**

Endorsements Attached:      See attached forms schedule.

_Thomas McL___gh___

**Authorized Representative OR**
**Countersignature (In states where applicable)**

LEX-OCC-FF-2(Ed.7/90)
LX0421

Subject to Protective Order – Highly Confidential

BSA-PLAN_00490917
**SA 2600**

This endorsement, effective 12:01 a.m. on August 15, 2003

Forms a part of policy no.:  3583189

Issued to: BOY SCOUTS OF AMER

By:  Lexington Insurance Company

## CHANGE OF ADDRESS ENDORSEMENT

In the policy wherever the Company's, Insurer's, or our address is stated as 200 State Street, Boston, MA 02109, the Company's, Insurer's, or our address is deleted and replaced with the following new address:

> **100  Summer Street**
> **Boston, MA  02110-2103**

Follow the instructions in the policy for mailing all correspondence, including but not limited to, any notices or claims or suits to the new address stated above.

All other terms and conditions of the policy remain unchanged.

_____

Authorized Representative

Subject to Protective Order – Highly Confidential

BSA-PLAN_00490918

**SA 2601**

**FORMS SCHEDULE**

Named Insured:   BOY SCOUTS OF AMERICA

Policy No:  3583189                                    Effective Date:   03/01/2003

| Form Number | Edition Date | Endorsement Number | Title |
|---|---|---|---|
| LEX-OCC-FF-2 | 07/90 | | FOLLOW FORM X/S DEC 2 |
| LEX-OCC-FF-2T | 07/94 | | OCC FOLLOW FORM 2 TEXT |
| LX9579 | 05/03 | ENDT#001 | DELETION OF TERRORISM EXCLS |
| LX9578 | 01/03 | ENDT#002 | WAR EXCLUSION |
| LEXCME077 | 03/86 | ENDT#003 | MINIMUM EARNED PREMIUM |
| | 03/03 | ENDT#004 | PUNITIVE DAMAGES AMENDATORY |
| | 03/03 | ENDT#005 | DEFENSE COSTS AMENDATORY |
| | 03/03 | ENDT#006 | SIR ENDORSEMENT |

DOC018(Ed.12/87)
LX0295

"This insurance contract is with an insurer not licensed to transact insurance in this state and is issued and delivered as a surplus lines coverage pursuant to the Texas insurance statutes. The State Board of Insurance does not audit the finances or review the solvency of the surplus lines insurer providing this coverage, and this insurer is not a member of the property and casualty insurance guaranty association created under Article 21.28-C, the Insurance Code, Article 1.14-2, Insurance Code, requires payment of 4.85% tax on gross premium."

Subject to Protective Order – Highly Confidential

BSA-PLAN_00490920

SA 2603

**IMPORTANT NOTICE**

To obtain information or make a complaint:

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

      1-800-252-3439

You may write the Texas Department of Insurance:

      P. O. BOX 149104
      Austin, TX 78714-9104
      FAX # (512) 475-1771

**PREMIUM OR CLAIM DISPUTES:**
Should you have a dispute concerning your premium or about a claim you should contact the agent first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO POLICY:**
This notice is for information only and does not become a part of condition of the attached document.

**AVISO IMPORTANTE**

Para obtener informacion o para someter una queja:

Puede comunicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companias, coberturas, derechos o quejas al:

      1-800-252-3439

Puede escribir al departamento de de Sequros de Texas:

      P. O. BOX 149104
      Austin, TX 78714-9104
      FAX # (512) 475-1771

**DISPUTAS SOBRE PRIMAS O RECLAMOS:**
Si tiene una disputa concerniente a su prima o un reclamo, debe comunicarse con el agente primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

**UNA ESTE AVISO A SU POLIZA:**

Este aviso es solamente para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

Subject to Protective Order – Highly Confidential

**LEXINGTON INSURANCE COMPANY**
Wilmington, Delaware
Administrative Office, 200 State Street
Boston, Massachusetts  02109

A CAPITAL STOCK COMPANY

Following Form - Excess Liability

Throughout this policy the **Insured** is the first Named Insured shown in the Declarations.  The words we, us and our refer to the Company providing the insurance.

In consideration of the payment of the premium and in reliance upon the statements in the Declarations made a part hereof and subject to the limits of liability, exclusions, conditions and other terms of this policy, the Company issuing this policy agrees with the **Insured** named in the Declarations as follows:

## INSURING AGREEMENTS

I.   COVERAGE

A.   We will pay on behalf of the **Insured** that portion of the **loss** which the **Insured** will become legally obligated to pay as compensatory damages (excluding all fines, penalties, punitive or exemplary damages) by reason of exhaustion of all applicable underlying limits, whether collectible or not, as specified in Section II of the Declarations, subject to:

1.   the terms and conditions of the **underlying policy** listed in Section IIA of the Declarations, AND

2.   our Limit of Liability as stated in Section IC of the Declarations.

B.   Except as regards:  (a) the premium; (b) the obligation to investigate and defend, including costs and expenses thereto; (c) the limit of liability; (d) the renewal agreement, if any; (e) the notice of **occurrence**, **claim**, or suit provision; (f) any other provision therein inconsistent with this policy; the provisions of the **underlying policy** are hereby incorporated as part of this policy.

II.   DEFENSE

A.   This section shall apply to **claims** resulting from **occurrences** not covered by any **underlying insurance** due to exhaustion of any aggregate limits by reason of any losses paid thereunder.

1.   We will defend any suit against the **Insured** alleging liability insured under the provisions of this policy and seeking recovery for damages on account thereof, even if such suit is groundless, false or fraudulent, but we will have the right to make such investigation and negotiation and settlement of any **claims** or suits as may be deemed expedient by us.

2.   We will pay: (a) all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy; (b) all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds; (c) all costs taxed against the **Insured** in any such suits; (d) all expenses incurred by us; and (e) all interest accruing after entry of judgment until we have paid, tendered or deposited in court that part of any judgment as does not exceed the limit of our liability thereon.

3.   We will reimburse the **Insured** for all reasonable expenses incurred at our request, (including actual loss of wages or salary, but not loss of other income, not to exceed one hundred (100) dollars per day) because of the **Insured's** attendance at hearings or trials at such request.

4.   We will pay all pre-judgment interest awarded against the **Insured** on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any pre-judgment interest based on that period of time after the offer.

- 1 -

LEX-OCC-FF-2T(Ed. 07/94)
LX0492

B.   We will pay the amounts incurred under IIA above, but any such payments shall serve to reduce the Limits of Liability of this policy as stated in the Declarations.

C.   In all other instances except IIA above:

we shall not be called upon to assume charge of the investigation, settlement or defense of any **claim** made or suit brought or proceedings instituted against the **Insured**, but shall have the right and be given the opportunity to be associated in the defense and trial of any such **claims**, suits or proceedings relative to any **occurrence** which, in our opinion, may create liability for us under the terms of this policy.

III.   LIMITS OF LIABILITY

A.   Aggregate

This policy is subject to an aggregate limit of liability as stated in the Declarations.  This aggregate limit of liability is the maximum amount which will be paid under this policy for all losses in excess of the **underlying policy** limits occurring during the policy period, except automobile liability, for which there is no applicable aggregate limit of liability.

B.   Occurrence Limit

Subject to the above provision respecting aggregate, the Limit of Liability stated in the Declarations as per **occurrence** is the total limit of our liability for **ultimate net loss** including damages for care, loss of services or loss of consortium because of personal injury and property damage combined, sustained by one or more persons or organizations as a result of any one (1) **occurrence**.

C.   Limit Exhaustion

This policy shall cease to apply after the applicable limits of liability have been exhausted by payments of defense costs and/or judgments and/or settlements.

In the event of exhaustion of the aggregate Limits of Liability of the **underlying insurance** as stated in Section II of the Declarations, this policy will continue in force as **underlying insurance**.

The aggregate limits of the **underlying insurance** will only be reduced or exhausted by payment of **claims** that would be insured by this policy.

IV.   INSURED'S DUTIES

The **Insured** named in the Declarations hereby agrees to promptly furnish us with a copy of the **underlying policy** and all endorsements thereto which in any way effect this excess insurance.  Written notice of any **loss** likely to give rise to a claim hereunder shall be given to us by or on behalf of the **Insured** named in the Declarations, containing particulars sufficient to identify the **Insured** and also reasonably obtainable information with respect to the time, place and circumstances of the **loss**.

## EXCLUSIONS

This policy does not apply:

1.   to any injury caused by, contributed to or arising out of the actual or threatened discharge, dispersal, release, or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, pollutants or contaminants into or upon the land, the atmosphere or any course or body of water, whether above or below ground.  It is understood and agreed that the intent and effect of this exclusion is to delete from any and all coverages afforded by this policy any **claim**, action, judgment, liability, settlement, defense or expense (including any loss, cost, or expense arising out of any governmental direction or request that the **Insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants) in any way arising out of such actual or threatened discharge, dispersal,

- 2 -

release or escape, whether such results from the **Insured's** activities or the activities of others, and whether or not such is sudden or gradual, and whether or not such is accidental, intended, foreseeable, expected, fortuitous or inevitable, and wherever such occurs;

2.   to any injury:

    a.   with respect to which an **Insured** is also an **Insured** under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an **Insured** under any such policy but for its termination upon exhaustion of its limit of liability; or resulting from the hazardous properties of nuclear material and with respect to which (a) any person or any organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the **Insured** is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

    b.   under any liability coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if:

        1)   the nuclear material (a) is at any nuclear facility owned by the **Insured** or operated by the **Insured** or on the **Insured's** behalf, or (b) has been discharged or dispersed therefrom;

        2)   the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by the **Insured** or on the **Insured's** behalf; or

        3)   the injury, sickness, disease, death or destruction arises out of the furnishing by an **Insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to injury to property damage to such nuclear facility and any property thereat;

    c.   as used in this exclusion:

        1)   hazardous properties includes radioactive, toxic or explosive properties;

        2)   nuclear material means source material, special nuclear material or by-product material;

        3)   source material, special nuclear material and by-product material have the meaning given them in Atomic Energy Act of 1954 or in any law amendatory thereof;

        4)   spent fuel means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

        5)   waste means any waste material (a) containing by-product material other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its source material content, and (b) resulting from the operation by any person or organization of a nuclear facility included within the definition of nuclear facility below;

        6)   nuclear facility means:

            a)   any nuclear reactor,

            b)   any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing or packaging wastes,

            c)   any equipment or device used for the processing, fabricating, or alloying of special nuclear material if at any time the total amount of such material in the custody of the **Insured** at the premises where such equipment or device is located consists of or contains more than twenty-five (25) grams of plutonium or uranium 233 or any combination thereof, or more than two hundred and fifty (250) grams of uranium 235,

- 3 -

LEX-OCC-FF-2T(Ed. 07/94)
LX0492

Subject to Protective Order – Highly Confidential

d) any structure, basin, excavation, premises or place prepared or used for storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

7) nuclear reactor means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

8) with respect to injury to or destruction of property the word injury or destruction includes all forms of radioactive contamination of property;

3. to any liability for property damage, personal injury, sickness, disease, occupational disease, disability, shock, death, mental anguish or mental injury, at any time arising out of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust, or

to any obligation of the **Insured** to indemnify any party because of damages arising out of such property damage, personal injury, sickness, disease, occupational disease, disability, shock, death, mental anguish or mental injury, at any time as a result of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust, or

to any obligation to defend any suit or **claim** against the **Insured** alleging personal injury, sickness, disease, occupational disease, disability, shock, death, mental anguish, mental injury or property damage resulting from or contributed to, by any and all manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust;

4. to discrimination or humiliation;

5. to any **claim** in respect of which the **Insured** either has given written notice to the insurers of any other insurance before the policy period as stated in Section IA of the Declarations, or gives written notice of potential **claims** which notice is treated as received by any insurers before the policy period as stated in Section IA of the Declarations.

6. to any liability of the **Insured** due to war, invasion, acts of foreign enemies, hostilities, (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction or damage to property by or under the order of any government or public or local authority.

## DEFINITIONS

1. **Loss** - The word **loss** means the sum paid in settlement of losses for which the **Insured** is liable after making deductions for all recoveries, salvages and other insurance (other than recoveries under the policy of the **underlying insurance**), whether recoverable or not, and shall include all expenses and costs.

2. **Claim** - The word **claim** means a written notice received by the **Insured** of an intention to hold the **Insured** responsible for an **occurrence** covered by this policy, and shall include the service of suit or institution of arbitration proceedings against the **Insured**.

3. **Occurrence** - The word **occurrence** means an event, including continuous or repeated exposures to conditions, neither expected or intended from the standpoint of the **Insured**. All such exposure to substantially the same general conditions shall be deemed one **occurrence**.

4. **Costs** - The word **costs** shall be understood to mean interest on judgments, investigations, adjustments and legal expenses (excluding all expenses for salaried employees of the **Insured** or any of the underlying insurer's permanent employees).

5. **Underlying Policy** - The term **underlying policy** shall be understood to mean the policy indicated in Section IIA of the Declarations.

- 4 -

LEX-OCC-FF-2T(Ed. 07/94)
LX0492

BSA-PLAN_00490925

SA 2608

6. **Underlying Insurance** - The term **underlying insurance** shall be understood to mean the total limits of all insurance including the **underlying policy** and/or any self-insured retentions excess of which this policy is written, whether recoverable or not recoverable.

7. **Insured** - The term **Insured** shall be understood to mean the **Insured** named in the Declarations, any **Insured** under the **underlying policy**, and any additional **Insured** added to the policy by endorsement attached hereto.

8. **Ultimate Net Loss** - The term **ultimate net loss** means the total sum which the **Insured**, or any company as its insurer, or both, become legally obligated to pay by reason of **personal injury**, **property damage** or **advertising injury claims** covered by this policy, either through adjudication or compromise (with our written consent), and shall also include hospital, medical and funeral charges and all sums paid or payable as salaries, wages, compensation, fees, charges, interest, or expenses for doctors, nurses, and investigators and other persons, and for settlement, adjustment, investigation and defense of **claims** but excluding the **Insured's** salaries or the salaries of any of the underlying insurer's permanent employees.

## CONDITIONS

1. Following Form - It is agreed that this policy, except as herein stated, is subject to all conditions, agreements and limitations of and shall follow the **underlying policy/ies** in all respects, including changes by endorsement, and the **Insured** shall furnish the Company with copies of such changes. It is further agreed, should any alteration be made in the premium for the policy/ies of the Primary Insurers during the period of this policy, then the premium hereon, other than the minimum premiums as stated in the Declarations, shall be adjusted accordingly.

2. Maintenance of **Underlying Insurance** - The policy or policies referred to in Section II, **Underlying Insurance**, in the Declarations, and renewal or replacement thereof not more restrictive, shall be maintained by the **Insured** in full force and effect during the currency of this policy without alteration in their terms or conditions, except for any reduction of the aggregate limit or limits contained therein solely by payment of **claims**.

   Further, the receivership, the insolvency and/or inability to pay by an underlying insurer for any reason shall not be deemed to render the funds which would have been otherwise available from any underlying insurer to be unavailable, unrecoverable, reduced or exhausted for the purposes of determining the Company's liability under this policy, it being understood that the liability of the Company under this policy shall in no way be increased or expanded as a result of such receivership, insolvency or inability to pay by an underlying insurer.

3. Application of Salvages - Subrogation - All salvages, recoveries or payments recovered or received subsequent to a **loss** settlement under this insurance shall be applied as if recovered or received prior to such settlement, and all necessary adjustments shall then be made between the **Insured** and us, provided always that nothing in this clause shall be construed or mean that **losses** under this insurance are not recoverable until the **Insured's ultimate net loss** has been finally ascertained. Inasmuch as this policy is excess coverage, the **Insured's** right of recovery against any person or other entity cannot always be exclusively subrogated to us. It is therefor understood and agreed that in case of any payment hereunder, we shall act in concert with all other interest (including the **Insured's**) concerned in the exercise of such rights of recovery. The apportioning of any amounts which may be so recovered shall follow the principle that any interests (including the **Insured's**) that shall have paid an amount over and above any payment hereunder, shall first be reimbursed up to the amount paid by them. We shall then be reimbursed out of any balance then remaining, up to the amount paid hereunder. Lastly, the interests (including the **Insured's**) of whom this coverage is excess are entitled to claim the residue, if any. Expense necessary to the recovery of any such amounts shall be apportioned between the interests (including the **Insured's**) concerned in the ratio of their respective recoveries as finally settled.

4. Notice of **Occurrence, Claim, or Suit**

   A. The first Named Insured shall immediately notify us in writing of any **occurrence** which may reasonably be expected to result in a **claim** against this policy. The first Named Insured will notify us

- 5 -

LEX-OCC-FF-2T(Ed. 07/94)
LX0492

Subject to Protective Order – Highly Confidential

on the assumption that an **Insured** is liable and that an **Insured** is liable for any amount claimed. Notice shall include:

    1)   how, when and where the **occurrence** took place; and

    2)   the names and addresses of any injured persons and any witnesses.

B.  1)   The first Named Insured shall immediately notify us in writing of any **claim**, alone or in combination with any other **claims**, to which this policy applies which may exceed 25% of the applicable amount set forth in the Schedule of Underlying Insurance. The first Named Insured will notify us on the assumption that an **Insured** is liable and that an **Insured** is liable for any amount(s) claimed.

    2)   As respects B1 above, the first Named Insured and any other involved **Insured** must:

        i.   immediately send us copies of any demands, notices, summonses or other legal papers received in connection with the **claim** or suit;

        ii.   authorize us to obtain records and other information;

        iii.   cooperate with us in the investigation, settlement or defense of the **claim** or suit; and

        iv.   assist us, upon our request, in the enforcement or any right against any person or organization which may be liable to the **Insured** because of injury to which this insurance may also apply.

    3)   No **Insureds** will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense other than for first aid, without our consent.

5.   Premium - It is agreed that should any alteration be made in the premium for the **underlying policy** during the period of this policy, or if there is an increase in the risk assumed by the Company, then the premium hereon may be adjusted accordingly.

If this policy is subject to audit adjustment, the premium will be based upon the rating base as set forth in the Declarations. Upon notice to the Named Insured of the earned premium due, such premium in excess of the advance premium shall become due and payable. If the total earned premium is less than the premium previously paid, the Company shall return to the **Insured** the unearned portion paid by the **Insured**, subject however to any Minimum Premium stated in the Declarations.

6.   Cancellation - This policy may be cancelled by the **Insured** by surrender thereof to us or any of our authorized agents, or by mailing to us or any of our authorized agents, written notice stating when thereafter such cancellation shall be effective. The policy may be cancelled by us by mailing to the **Insured** at the address shown in the Declarations, written notice stating when, not less than thirty (30) days thereafter (ten (10) days with respect to cancellation for non-payment of premium) such cancellation shall be effective. Proof of mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the **Insured** or by us shall be equivalent to mailing.

If we cancel, earned premium shall be computed pro rata. If the **Insured** cancels, earned premium shall be computed in accordance with the customary short rate table procedure. In the event of such cancellation, the earned premium shall in no case be less than the Minimum Earned Premium at inception as stated in the Declarations.

Premium adjustment may be made at the time cancellation is effected or as soon as practicable thereafter. Our check or our representative's check, mailed or delivered, shall be sufficient tender of any refund due the **Insured**.

If this policy insures more than one Named Insured, cancellation may be effected by the first of such **Insureds** for the account of all **Insureds**. Notice of cancellation by us to such first Named Insured shall

- 6 -

be notice to all **Insureds**. Payment of any unearned premium to such first Named Insured shall be for the account of all interests in such payment.

7. Bankruptcy and Insolvency - In the event of the **Insured's** bankruptcy or insolvency or any entity comprising the **Insured**, we shall not be relieved thereby of the payment of any **claim** hereunder because of such bankruptcy or insolvency.

8. Aggregate Policy Period  - If the period of the **underlying insurance** is not concurrent with the policy period, it is agreed that for the purpose of determining the Company's liability for **loss** excess of the aggregate limits of the **underlying insurance** only **loss** or **losses** which take place during the policy period of this policy shall be included.

9. Service of Suit - In the event of failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of the **Insured** will submit to the jurisdiction of a court of competent jurisdiction within the United States. Nothing in this condition constitutes or should be understood to constitute a waiver of the Company's rights to commence an action in any court of competent jurisdiction in the United States to remove an action to a United States District Court or to seek a transfer of a case to another court as permitted by the laws of the United States or of any state in the United States. It is further agreed that service of process in such suit may be made upon Counsel, Legal Department, Lexington Insurance Company, 200 State Street, Boston, Massachusetts, 02109 or his or her representative, and that in any suit instituted against the Company upon this policy, the Company will abide by the final decision of such court or of any appellate court in the event of an appeal.

Further, pursuant to any statute of any state, territory, or district of the United States which makes provision therefor, the Company hereby designates the Superintendent, Commissioner or Director of Insurance, or other officer specified for that purpose in the statute, or his or her successors in office as its true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding instituted by or on behalf of the **Insured** or any beneficiary hereunder arising out of this policy of insurance and hereby designates the above named Counsel as the person to whom the said officer is authorized to mail such process or a true copy thereof.

10. Arbitration - Notwithstanding the Service of Suit clause above, in the event of a disagreement as to the interpretation of this policy, it is mutually agreed that such dispute shall be submitted to binding arbitration before a panel of three (3) Arbitrators, consisting of two (2) party- nominated (non-impartial) Arbitrators and a third (impartial) arbitrator (hereinafter "umpire") as the sole and exclusive remedy.

The Party desiring arbitration of a dispute shall notify the other party, said notice including the name, address and occupation of the Arbitrator nominated by the demanding party. The other party shall within 30 days following receipt of the demand, notify in writing the demanding party of the name, address and occupation of the Arbitrator nominated by it. The two (2) Arbitrators so selected shall, within 30 days of the appointment of the second Arbitrator, select an umpire. If the Arbitrators are unable to agree upon an umpire, each Arbitrator shall submit to the other Arbitrator a list of three (3) proposed individuals, from which list each Arbitrator shall choose one (1) individual. The names of the two (2) individuals so chosen shall be subject to a draw, whereby the individual drawn shall serve as umpire.

The parties shall submit their cases to the panel by written and oral evidence at a hearing time and place selected by the umpire. Said hearings shall be held within thirty (30) days of the selection of the umpire. The panel shall be relieved of all judicial formality, shall not be obligated to adhere to the strict rules of law or of evidence, shall seek to enforce the intent of the parties hereto and may refer to, but are not limited to, relevant legal principles. The decision of at least two (2) of the three (3) panel members shall be binding and final and not subject to appeal except for grounds of fraud or gross misconduct by the Arbitrators. The award will be issued within 30 days of the close of the hearings. Each party shall bear the expenses of its designated Arbitrator and shall jointly and equally share with the other the expense of the umpire and of the arbitration proceeding.

The arbitration proceeding shall take place in or in the vicinity of Boston, Massachusetts. The procedural rules applicable to this arbitration, shall, except as provided otherwise herein, be in accordance with the Commercial Rules of the American Arbitration Association.

- 7 -

LEX-OCC-FF-2T(Ed. 07/94)
LX0492

IN WITNESS WHEREOF, we have caused this policy to be executed and attested, but this policy shall not be valid unless countersigned in the Declarations by one of our duly authorized representatives.

_Elizabeth M. Tuck_

**Secretary**

**Chairman of the Board and CEO**

- 8 -

LEX-OCC-FF-2T(Ed. 07/94)
LX0492

Subject to Protective Order – Highly Confidential

BSA-PLAN_00490929

**SA 2612**

ENDORSEMENT # 001

**This endorsement, effective 12:01 AM** 03/01/2003

**Forms a part of policy no.:** 3583189

**Issued to:** BOY SCOUTS OF AMERICA

**By:** LEXINGTON INSURANCE COMPANY

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**DELETION OF TERRORISM EXCLUSIONS**

If the Policy contains an exclusion or exclusions with respect to any occurrence, claim, injury or damage arising out of, terrorism, such exclusion or exclusions are hereby deleted.

The Premium charge for coverage for acts of terrorism is $16,383    and is included in the Premium shown on the Declarations Page.

All other terms and conditions of the policy remain the same.

_____
**Authorized Representative OR
Countersignature (In states where applicable)**

LX9579 (05/03)

Subject to Protective Order – Highly Confidential

BSA-PLAN_00490930

**SA 2613**

ENDORSEMENT # 002

**This endorsement, effective 12:01 AM 03/01/2003**

**Forms a part of policy no.:** 3583189

**Issued to:** BOY SCOUTS OF AMERICA

**By:** LEXINGTON INSURANCE COMPANY

## WAR EXCLUSION

This insurance does not apply to loss, injury, damage, claim or suit arising directly or indirectly, out of:

1. War, including undeclared or civil war; or

2. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

3. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

This exclusion supercedes any exclusion pertaining to War, which may be in the policy.

If the policy does not include a Terrorism exclusion, then this War Exclusion does not apply to an Act of Terrorism defined by Section 102. Definitions., of the Terrorism Risk Insurance Act of 2002 and any revisions or amendments thereto.

All other terms and conditions of the policy remain the same.

**Authorized Representative OR**
**Countersignature (In states where applicable)**

LX9578 (01/03)

Subject to Protective Order – Highly Confidential

BSA-PLAN_00490931

**SA 2614**

ENDORSEMENT # 003

**This endorsement, effective 12:01 AM** 03/01/2003

**Forms a part of policy no.:** 3583189

**Issued to:** BOY SCOUTS OF AMERICA

**By:** LEXINGTON INSURANCE COMPANY

**MINIMUM EARNED PREMIUM**

It is understood and agreed that in the event of cancellation of this policy by or at the direction of the Insured, the Company shall retain a Minimum Earned Premium of          $281,250.

It is further agreed that the provision regarding cancellation by the Insured is amended to read:

"If the Insured cancels this policy, earned premium will be computed in accordance with the customary short-rate table and procedure, or the Minimum Earned Premium stated herein, whichever is greater".

*Thomas McLaughlin*

**Authorized Representative OR
Countersignature (In states where applicable)**

LEXCME077(Ed.03/86)
LX0082

BSA-PLAN_00490932

SA 2615

ENDORSEMENT # 004

**This endorsement, effective 12:01 AM** 03/01/2003

**Forms a part of policy no.:** 3583189

**Issued to:** BOY SCOUTS OF AMERICA

**By:** LEXINGTON INSURANCE COMPANY

### PUNITIVE AMENDATORY ENDORSEMENT

It is agreed that the Insuring Agreement on Page one of the Policy text is amended to read:

A.  The Company will pay on behalf of the Insured the ultimate net loss (as defined in the policy) for compensatory damages because of any claim(s) first made in writing against the insured during the policy period by reason of:

Bodily injury or property damage

To which this insurance applies. This insurance does not apply to bodily injury or property damage which occurs before the Retroactive Date shown in the Declarations, or which occurs after the policy period. The bodily injury or property damage must be caused by an occurrence and the occurrence must take place in the policy territory.

All other terms and conditions remain as written.

_____
**Authorized Representative OR
Countersignature (In states where applicable)**

**LEXDOC**

BSA-PLAN_00490933

SA 2616

ENDORSEMENT # 005

**This endorsement, effective 12:01 AM**    03/01/2003

**Forms a part of policy no.:**    3583189

**Issued to:** BOY SCOUTS OF AMERICA

**By:**    LEXINGTON INSURANCE COMPANY

**DEFENSE COST PAYMENTS**

In consideration of the premium charged, it is agreed that any Defense Cost Payments made under this policy shall not reduce the Limits of Liability otherwise available.

All other terms and conditions remain as written.

_____
**Authorized Representative OR
Countersignature (In states where applicable)**

**LEXDOC**

BSA-PLAN_00490934
**SA 2617**

## IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact your agent.

You may contact the Texas Department of Insurance to obtain information on the company, coverage's, rights or complaints at:

1-800-252-3439

You may write the Texas Department of Insurance:

P.O. Box 149104
Austin, TX 78714-9104
Fax: # (512) 475-1771

**PREMIUM OR CLAIM DISPUTES:**

Should you have a dispute concerning your premium or about a claim you should contact the agent or the company first.  If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:**

This notice is for information only and does not become a part or condition of the attached document.

This insurance contract is with an insurer not licensed to transact insurance in this state is issued and delivered as a surplus line coverage pursuant to the Texas insurance statutes.  The State Board of Insurance does not audit the finances or review the solvency of the surplus lines insurer providing this coverage, and this insurer is not a member of the property and casualty insurance guaranty association created under Article 21.28-C; Insurance Code.  Article 1.4-2, Insurance Code requires payment of 4.85 percent tax on gross premium.

Subject to Protective Order – Highly Confidential



**105 West Adams St., 18th Floor, Chicago, IL 60603**
**(312) 899-1480 Phone - (312) 899-1481 Fax**

Jun 02, 2003

Jane Passino                                          *via overnight*
McQueary Henry Bowles Troy, LLP
12700 Park Central Dr. Suite 1700
DALLAS, TX 75251

RE:    Boy Scouts of America
       Policy: 3583189                    3/1/2003 to 3/1/2004

Dear Jane:

Attached please find the original and a copy of the above policy. Please review and advise if there
are any discrepancies or corrections needed.

Please note Endorsement #6 SIR Endorsement is forthcoming. Also, the minimum earned
premium should be 35%.

If you have any questions or need anything further, please do not hesitate to give us a call.


Sincerely,


Tim Turner                              Latdavone Sestha
Executive VP & Regional Director        Broker Assistant


2183937


RECEIVED

JUN 0 3 2003

MHBT

Subject to Protective Order – Highly Confidential                    BSA-PLAN_00490937
                                                                              **SA 2620**



# Umbrella Liability Policy

JTX-10-7

THIS POLICY JACKET WITH THE DECLARATIONS PAGE, AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THIS POLICY.

A.U.I. 0-0033 (5/79)

Subject to Protective Order – Highly Confidential

Allianz Insurance Company [X]

Allianz Underwriters, Inc. [ ]
(Hereinafter called the Company)

**Allianz** 🏛

5900 Wilshire Boulevard
Los Angeles, Calif. 90036

Policy No.   UMB 599346        **Umbrella Liability Policy**

P.O. Address (No., Street, Town, County, State)                    PRODUCER

**Item 1.**
NAMED   BOY SCOUTS OF AMERICA                        STEWART SMITH EAST, INC.
INSURED NATIONAL, REGIONAL AND ALL LOCAL COUNCILS    116 JOHN STREET
        P.O. BOX 61030                               NEW YORK, NEW YORK  10038
        DALLAS/FT. WORTH AIRPORT, TEXAS  75261

**Item 2.**  Deposit Premium        $ 225,000.00
            Annual Minimum Premium  $ 225,000.00
            Rate of Adjustment        FLAT

**Item 3.**  Policy Period: Effective Date   JANUARY 1, 1980
                          Expiration Date   JANUARY 1, 1981
            12:01 A.M. Standard Time at the address of the Named Insured as stated herein.

**Item 4.**  Limits of Liability: The Limits of Liability shall be as stated herein, subject to all the terms of the policy having
            reference thereto.

                        $ 5,000,000.     each occurrence
                        $ 5,000,000.     in the aggregate where applicable

**Item 5.**  Retained Limit        $    10,000.     each occurrence

**Item 6.**  Endorsements:   1)  WATERCRAFT AND/OR AIRCRAFT LIABILITY LIMITATION

                            2)  ADVERTISERS' LIABILITY - FOLLOW-FORM

                            3)  INCIDENTAL MALPRACTICE - FOLLOW-FORM

                            4)  E.R.I.S.A. EXCLUSION

                            5)  BROAD AS UNDERLYING AMENDATORY ENDORSEMENT

Countersigned by:
_____          _____
BB/RG/dhh    Authorized Representative       FEBRUARY 6, 1980
                                                      Date

A.U.I. 0-0002 (1/79)                    **ORIGINAL**

Subject to Protective Order – Highly Confidential                    BSA-PLAN_00485566

**SA 2622**

Allianz Insurance Company  [X]

Allianz Underwriters, Inc.  [ ]
(Hereinafter called the Company)

**Allianz**

5900 Wilshire Boulevard
Los Angeles, Calif. 90036

Policy No.   UMB 599346         Umbrella Liability Policy
P.O. Address (No., Street, Town, County, State)                    PRODUCER

Item 1.
NAMED      Boy Scouts of America                    Alexander & Alexander, Inc.
INSURED    National and All Local Councils          1185 Avenue of the Americas
                                                     New York, NY  10036

Item 2.  Deposit Premium           $  N/A
         Annual Minimum Premium    $  N/A
         Rate of Adjustment           Flat

Item 3.  Policy Period: Effective Date    January 1, 1980
                        Expiration Date    January 1, 1981
         12:01 A.M. Standard Time at the address of the Named Insured as stated herein.

Item 4.  Limits of Liability: The Limits of Liability shall be as stated herein, subject to all the terms of the policy having
         reference thereto.

                        $ 2,000,000.      each occurrence
                        $ 2,000,000.      in the aggregate where applicable

Item 5.  Retained Limit        $ 10,000       each occurrence

Item 6.  Endorsements:  1)  Watercraft and/or Aircraft Liability Limitation

                        2)  Advertisers' Liability – Follow-Form

                        3)  Incidental Malpractice – Follow-Form

                        4)  E.R.I.S.A. Exclusion

                        5)  Broad as Underlying Amendatory Endorsement

         This is a certified copy of the Master Policy issued to the Boy Scouts of
         America which neither affirmatively nor negatively amends, extends or
         alters the coverage, limits, terms, or conditions of the Master Policy.
         Inclusion of more than one named insured does not increase the company's
         total limit of liability.

Countersigned by:

_____                          February 6, 1980
Authorized Representative                                Date
BB/RG/dhh

ORIGINAL

Subject to Protective Order – Highly Confidential                    BSA-PLAN_00485567

SA 2623

## Allianz Underwriters, Inc.
(Hereinafter called the Company)

5900 Wilshire Boulevard
Los Angeles, Calif. 90036

Policy No.    UMB 599346        Umbrella Liability Policy

P.O. Address (No., Street, Town, County, State)                                    PRODUCER

Item 1.
NAMED    BOY SCOUTS OF AMERICA                          STEWART SMITH EAST, INC.
INSURED  NATIONAL, REGIONAL AND ALL LOCAL COUNCILS      116 JOHN STREET
         P.O. BOX 61030                                 NEW YORK, NEW YORK  10038
         DALLAS/FT. WORTH AIRPORT, TEXAS  75261

Item 2.  Deposit Premium
         Annual Minimum Premium
         Rate of Adjustment

Item 3.  Policy Period: Effective Date    JANUARY 1, 1980
                        Expiration Date   JANUARY 1, 1981
         12:01 A.M. Standard Time at the address of the Named Insured as stated herein.

Item 4.  Limits of Liability: The Limits of Liability shall be as stated herein, subject to all the terms of the policy having
         reference thereto.

                        $ 2,000,000.      each occurrence
                        $ 2,000,000.      in the aggregate where applicable

Item 5.  Retained Limit              $    10,000.      each occurrence

Item 6.  Endorsements:    1)   WATERCRAFT AND/OR AIRCRAFT LIABILITY LIMITATION

                          2)   ADVERTISERS' LIABILITY - FOLLOW-FORM

                          3)   INCIDENTAL MALPRACTICE - FOLLOW-FORM

                          4)   E.R.I.S.A. EXCLUSION

                          5)   BROAD AS UNDERLYING AMENDATORY ENDORSEMENT

Countersigned by:
_____                     FEBRUARY 6, 1980
BB/RG/dhh        Authorized Representative                    Date

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485568

SA 2624



## SCHEDULE OF UNDERLYING INSURANCE

Attached to and forming a part of Policy   UMB 599346

Issued to   BOY SCOUTS OF AMERICA

Effective   JANUARY 1, 1980        (12:01 A.M. Standard Time)

| Company and Policy Number | Coverage | Limits |
|---|---|---|
| A.<br><br>    VARIOUS | Statutory Workmen's Compensation Employers' Liability | Coverage B—Employer's Liability<br><br>$500,000. EACH ACCIDENT |
| B.<br>  INSURANCE COMPANY OF<br>  NORTH AMERICA AND OTHER<br>  VARIOUS CARRIERS<br>  POLICY NO. T.B.A. | Comprehensive Automobile Liability | BODILY INJURY LIABILITY<br>AND/OR PROPERTY DAMAGE<br>LIABILITY COMBINED SINGLE<br>LIMIT:<br><br>$500,000. EACH OCCURRENCE |
| C.<br>  INSURANCE COMPANY OF<br>  NORTH AMERICA<br><br>  POLICY NO. GLP 706452 | Comprehensive General Liability including Products-Completed Operations Liability, Watercraft Liability, Incidental Medical Malpractice Liability. and Non-owned automobile Liability | BODILY INJURY AND/OR<br>PROPERTY DAMAGE LIABILITY<br>COMBINED SINGLE LIMIT:<br>$500,000. EACH OCCURRENCE<br>$500,000. AGGREGATE,<br>        WHERE APPLICABLE |
| D.<br>  SEABOARD SURETY | Advertisers' Liability (National Council) | $1,000,000. EACH OCCURRENCE |
| E.<br>  UTICA MUTUAL | Non-owned Aircraft Liability (Local and National) | BODILY INJURY AND/OR<br>PROPERTY DAMAGE LIABILITY<br>COMBINED SINGLE LIMIT:<br><br>$5,000,000. EACH OCCURRENCE |
| F.<br>  U.S.A.I.G. | Airport Liability (National Council Only) | BODILY INJURY AND/OR<br>PROPERTY DAMAGE LIABILITY<br>COMBINED SINGLE LIMIT:<br><br>$5,000,000. EACH OCCURRENCE<br>$5,000,000. AGGREGATE,<br>        WHERE APPLICABLE |

BB/RG/dhh
2/6/80

*W. White*

A.U.I. 0-0003 (1/79)

The Company agrees with the Named Insured, named in Item 1 of the Declarations made a part hereof, in consideration of the premium and in reliance upon the statements in the Declarations and subject to all terms of this policy, as follows:

## INSURING AGREEMENTS

I.  **COVERAGE.** The Company hereby agrees, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Insured for all sums which the Insured shall be obligated to pay by the reason of the liability

A.  imposed upon the Insured by law, or

B.  assumed under contract or agreement by the Named Insured,

for damages on account of

A.  Personal Injuries

B.  Property Damage

C.  Advertising Liability,

caused by or arising out of each occurrence anywhere.

II.  **LIMITS OF LIABILITY—RETAINED LIMIT.** The Company shall only be liable for the Ultimate Net Loss resulting from any one occurrence in excess of

A.  the limits of the underlying insurance as stated in the attached Schedule of Underlying Insurance (whether collectible or not) and the applicable limits of any other underlying insurance collectible by the Insured, less the amount, if any, by which any aggregate limit of such insurance has been reduced by payment of loss during the period of this policy, or

B.  If the insurance afforded by such underlying insurance is inapplicable to the occurrence, the amount specified in Item 5 of the Declarations as the Retained Limit,

hereinafter called the Underlying Limits.

Regardless of the number of persons and organizations who are Insureds under this policy and regardless of the number of claims made and suits brought against any or all Insureds, the total limit of the Company's liability for Ultimate Net Loss resulting from any one occurrence shall be the occurrence limit specified in Item 4 of the Declarations. The Company's liability shall be further limited to the amount specified as the aggregate limit in Item 4 of the Declarations with respect to Ultimate Net Loss caused by one or more occurrences during each annual period while this policy is in force commencing from its effective date and arising out of any hazard for which an aggregate limit of liability applies in underlying insurance.

If this policy is issued for more than one year, this "aggregate" limit of liability applies separately to each consecutive annual period of this policy or, if the last consecutive period is less than twelve months, to such period of less than twelve months.

In the event of reduction or exhaustion of the aggregate limits of liability applicable to the underlying insurance (listed in the Schedule of Underlying Insurance hereof) by reason of losses paid thereunder, this policy shall, subject to the terms and conditions of the underlying insurance,

(a)  in the event of reduction pay the excess of the reduced underlying limit;

(b)  in the event of exhaustion continue in force as underlying insurance.

For the purpose of determining the limit of the Company's liability, all damages arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence; and with respect to advertising liability and act or series of acts in which the same or similar advertising material is used, regardless of the number or kind of media used, committed during this policy period which causes such advertising injury. All damages involving the same injurious material or act, regardless of the frequency of repetition thereof, the number or kind of media used, or the number of claimants shall be deemed to arise out of one occurrence.

III.  **PERSONS OR ENTITIES INSURED.** Each of the following is an insured under this Policy to the extent set forth below:

(a)  The Named Insured;

(b)  with respect to the ownership, maintenance or use, including loading or unloading thereof, of an automobile or watercraft.

(1)  any partner or executive officer of the Named Insured, but with respect to a non-owned automobile, or watercraft only while such automobile, or watercraft is being used in the business of the Named Insured;

(2)  any other person while using an owned automobile, or watercraft or a hired automobile, or watercraft with the permission of the Named Insured, his actual operation or (if he is not operating) his

Subject to Protective Order – Highly Confidential

other actual use th   .of is within the scope of such permission, but with respect to personal injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

   (i)  a lessee or borrower of the automobile, or watercraft or

   (ii)  an employee of the Named Insured or such lessee or borrower;

(3)  except with respect to watercraft, any other person or organization but only with respect to his or its liability because of acts or omissions of the Named Insured or any insured under (1) or (2) above.

(c)  with respect to any aircraft chartered with pilot by or on behalf of the Named Insured, any person using such aircraft and any person legally responsible for the use thereof, except

(1)  the owner, pilot or aircrew thereof or any person operating the aircraft;

(2)  any manufacturer of aircraft, engines, or aviation accessories, or any aviation sales or service or repair organization or airport or hangar operator or their respective employees or agents with respect to any occurrence arising out of the operation thereof;

(d)  except with respect to ownership, maintenance or use, including the loading or unloading thereof, of an automobile, aircraft or watercraft

(1)  any executive officer, other employee, director or stockholder of the Named Insured while acting within the scope of his duties as such, and

(2)  if the Named Insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any member thereof but only with respect to his liability as such, and

(3)  any person or organization while acting as real estate manager for the Named Insured;

(e)  any person or organization to whom the Named Insured is obligated by virtue of a written contract to provide insurance such as is afforded by this policy, but only with respect to operations by or on behalf of the Named Insured or to facilities of or used by the Named Insured;

None of the following is an insured under sub-paragraphs (b), (c), or (d)

(i)  any person while engaged in the business of his employer with respect to personal injury to any fellow employee of such person injured in the course of his employment or property damage to property owned by the Named Insured;

(ii)  any ow   . or lessee (of whom the Named Insured is a sub-lessee) of a hired automobile, aircraft, or watercraft, or any agent or employee of such owner or lessee;

(iii)  any person or organization other than the Named Insured, with respect to

(1)  a motor vehicle while used with any trailer owned or hired by such person or organization and not covered by like insurance in the company (except a trailer designed for use with a private passenger type automobile and not being used for business purposes with another type motor vehicle), or

(2)  a trailer while used with any motor vehicle not covered by like insurance in the company;

(iv)  any person or organization while employed in or otherwise engaged in duties in connection with an automobile or watercraft business (other than such a business operated by the Named Insured).

If the Named Insured is designated in the Declarations as an individual, the person so designated shall be an insured in accordance with sub-paragraphs (b), (c), or (d), but only with respect to the conduct of a business of which he is the sole proprietor.

The term "Insured" shall include any additional Insured (not being the Named Insured hereunder) named in the underlying insurance listed in Schedule of Underlying Insurance hereof, but not for broader coverage than is available to such additional insured thereunder.

This policy does not apply to personal injury, property damage or advertising liability arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not named in Item 1 of the Declarations.

The insurance afforded applies separately to each Insured against whom claim is made or suit is brought, but the inclusion herein of more than one Insured shall not operate to increase the limits of the Company's liability. The "Named Insured" means the person or organization named in the Declarations and includes any subsidiary thereof and any other organization coming under the Named Insured's control of which it assumes active management.

IV.  **POLICY PERIOD, TERRITORY.** This Policy applies to personal injury, property damage or advertising liability which occurs anywhere during the policy period.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485571

SA 2627

## EXCLUSIONS

**THIS POLICY SHALL NOT APPLY:**

A. to any obligation for which the Insured or any company as its insurer may be held liable under any workmen's compensation, unemployment compensation, or disability benefits law, or under any similar law provided, however, that this exclusion does not apply to liability of others assumed by the Named Insured under contract or agreement;

B. to Personal Injury, Property Damage or Advertising Liability arising out of the conduct of

    (1) an individual, with respect to the conduct of a business of which he is not the sole proprietor;

    (2) any partnership or joint venture of which the Insured is a partner or member and which is not designated in this policy as a Named Insured;

C. to property damage to

    (1) property owned by the Insured,

    (2) the Named Insured's products arising out of such products or any part of such products,

    (3) work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

D. to personal injury or property damage resulting from the failure of the Insured's products or work completed by or for the Insured to perform the function or serve the purpose intended by the Insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any Insured; but this exclusion does not apply to bodily injury or property damage resulting from the active malfunctioning of such products or work;

E. to damages claimed for the withdrawal, inspection, repair, replacement or loss of use of the Insured's products or work completed by or for the Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

F. to damages arising out of a claim by a Named Insured against another Named Insured hereunder for property rented to, used by, or property in the care, custody or control of the other Named Insured or as to which the other Named Insured is for any purpose exercising physical control when the Named Insured is the owner or lessee of the property;

G. with respect to advertising liability, to claims made against the Insured for

    1. failure of performance of contract, but this shall not relate to claims for unauthorized appropriation of ideas based upon alleged breach of an implied contract;

    2. infringement of registered trade marks, service mark or trade name by use thereof as the registered trade mark, service mark or trade name of goods or services sold, offered for sale or advertised, but this shall not relate to titles or slogans;

    3. incorrect description of any article or commodity;

    4. mistake in advertised price;

H. except in respect of occurrences taking place in the United States of America, its territories or possessions, or Canada, to any liability of the Insured directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority;

I. to any liability arising out of the violation of any statute, law, ordinance or regulation prohibiting discrimination or humiliation because of race, creed, sex, color or national origin;

J. to Personal Injury or Property Damage arising out of Aircraft Products and/or all sums which any Insured shall become legally obligated to pay as damages resulting in or from Grounding of any Aircraft;

K. to Personal Injury or Property Damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

L. to any Liability arising out of any statute, law, ordinance or regulation regarding requirements for uninsured motorist liability;

M. 1. under any liability coverage, to injury, sickness, disease, death or destruction:

    a. with respect to which an Insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

    b. resulting from the hazardous properties of nuclear material and with respect to which

Page 3

BSA-PLAN_00485572

SA 2628

(1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or

(2) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America or any agency thereof, under any agreement entered into by the United States of America or any agency thereof, with any person or organization;

2. under any medical payments coverage, or under any supplementary payments provision relating to immediate medical or surgical relief to expenses incurred with respect to bodily injury, sickness, disease or death resulting from hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization;

3. under any liability coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

   a. the nuclear material
   
      (1) is at any nuclear facility owned or operated by or on behalf of, an Insured or
      
      (2) has been discharged or dispensed therefrom;
      
   b. the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or
   
   c. the injury, sickness, disease, death, or destruction arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

4. As used in this policy,

   a. "hazardous properties" include radioactive, toxic or explosive properties;
   
   b. "nuclear material" means source material, special nuclear material or byproduct material;
   
   c. "source material", "special nuclear material" and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;
   
   d. "spent fuel" means any fuel element or fuel component, solid or liquid which has

been used or exposed to radiation in a nuclear reactor;

   e. "waste" means any waste material
   
      (1) containing byproduct material and
      
      (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (f.1.) or (f.2.) thereof;
      
   f. "nuclear facility" means
   
      (1) any nuclear reactor,
      
      (2) any equipment or device designed or used for
      
         (a) separating the isotopes of uranium or plutonium,
         
         (b) processing or utilizing spent fuel, or
         
         (c) handling, processing or packaging waste,
         
      (3) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;
      
      (4) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;
      
   g. "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;
   
   h. with respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

Except insofar as coverage is available to the Insured under the underlying insurances, set out in the attached schedule, this policy shall not apply

N. to the liability of any Insured hereunder for assault and battery committed by or at the direction of such Insured except liability for Personal Injuries resulting from any act alleged to be assault and battery committed for the purpose of preventing or eliminating danger in the Operation of Aircraft, or for the purpose of preventing Personal Injuries or Property Damage; provided, however, that this exclusion shall not apply to the liability of the Named Insured for Personal Injury to their employees, unless such liability is already excluded under Exclusion A above;

Subject to Protective Order – Highly Confidential

O.  with respect to any aircraft w..  .1 is owned, non-owned, hired or temporary substitute in whole or in part, by any Insured; however, this exclusion shall not apply to the liability of the Named Insured for personal injury to their employees, unless such liability is already excluded under Exclusion A above;

P.  with respect to any watercraft which is owned by any Insured and away from premises owned, rented or controlled by an Insured; however, this exclusion sh..  not apply to the liability of the Named Insured for Personal Injury to their employees, unless such liability is already excluded under Exclusion A above;

Q.  to any employee with respect to injury to or the death of another employee of the same employer injured in the course of such employment;

R.  to punitive or exemplary damages awarded against any insured.

## DEFINITIONS

The following Definitions shall apply whenever the term is used in this policy (including endorsements forming a part thereof).

I.  **ADVERTISING OFFENSE.**
    (1) Libel, Slander or defamation;
    (2) Any infringement of copyright, title or slogan;
    (3) Piracy or unfair competition or idea misappropriation under an implied contract;
    (4) Any invasion of right of privacy;
    committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the Named Insured's advertising activities.

II.  **AIRCRAFT.** Any heavier than air or lighter than air aircraft designed to transport persons or property.

III.  **AUTOMOBILE.** Means a land motor vehicle, trailer or semi-trailer (including any machinery or apparatus attached thereto).

IV.  **AUTOMOBILE OR WATERCRAFT BUSINESS.** Means the business or occupation of selling, repairing, servicing, storing or parking automobiles or watercraft.

V.  **BODILY INJURY.** Means bodily injury, sickness or disease, including death and care and loss of services resulting therefrom sustained by any person.

VI.  **COMPLETED OPERATIONS HAZARD.** The term "Completed Operations Hazard" includes personal injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the personal injury or property damage occurs away from premises owned by or rented to the Insured. "Operations" include materials, parts or equipment furnished in connection therewith.

Operations shall be deemed completed at the earliest of the following times:

(a) when all operations to be performed by or on behalf of the Insured at the site of the operations have been completed, or

(b) when all operations to be performed by or on behalf of the Insured under the contract have been completed, or

(c) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete shall be deemed completed.

The completed operations hazard does not include personal injury or property damage arising out of

(1) operations in connection with the transportation of property, unless the personal injury or property damage arises out of condition in or on a vehicle created by the loading or unloading thereof,

(2) the existence of tools, uninstalled equipment or abandoned or unused materials.

VII.  **DAMAGES.** The term "Damages" includes damages for death and for care and loss of services resulting from personal injury and damages for loss of use of property resulting from property damage.

VIII.  **NAMED INSURED'S PRODUCTS.** The term "Named Insured's Products" means goods or products manufactured, sold, handled or distributed by the Insured or by others trading under his name, including any container thereof (other than a vehicle) but "Insured's Products" shall not include a vending machine or any property other than such a container, rented to or located for use of others but not sold.

IX.  **OCCURRENCE.** The term "Occurrence" means an accident, including injurious exposure to conditions, which results during the policy period, in personal injury, property damage or advertising liability neither expected nor intended from the standpoint of the Insured.

X.  **PERSONAL INJURY.**
    (1) Means bodily injury, shock, mental injury or mental anguish;
    (2) false arrest, detention or imprisonment, wrongful entry or eviction or other invasion of private occupancy, malicious prosecution or humiliation; except that maliciously inflicted by, at the direction of, or with the consent of the Insured;

Subject to Protective Order – Highly Confidential

(3) the publication or utter :e of a libel or slander or other defamatory or disparaging material, or publication or utterance in violation of an individual's right of privacy; except that maliciously published or uttered by, at the direction of or with the consent of the Insured and except that contained in any advertisement, publicity article, broadcast or telecast and arising out of any Insured's advertising activities;

(4) discrimination except that committed by, at the direction of or with the consent of the Insured.

XI. **PRODUCTS HAZARD.** The term "Products Hazard" includes personal injury and property damage arising out of the Insured's products or reliance upon a representation of warranty made at any time with respect thereto, but only if the personal injury or property damage occurs away from premises owned by or rented to the Insured and after physical possession of such products has been relinquished to others.

XII. **PROPERTY DAMAGE.** The term "Property Damage" means injury to or destruction of tangible property including loss of use thereof or resulting therefrom.

XIII. **ULTIMATE . ` LOSS.** Means the sums paid as damages in settlement of a claim or in satisfaction of a judgment for which the Insured is legally liable after making deductions for all other recoveries, salvages and other insurances (whether recoverable or not) other than the underlying insurance and excess insurance purchased specifically to be in excess of this policy and also includes investigation, adjustment, appraisal, appeal and defense costs paid or incurred by the Insured with respect to damages covered hereunder. "Ultimate net loss" does not include (a) costs and expenses which an underlying insurer has paid or incurred or is obligated to pay to or on behalf of the Insured, (b) office costs and expenses of employees of the Insured or (c) general retainer fees of counsel retained by the Insured.

XIV. **UNDERLYING INSURANCE.** Means the insurance policies listed in the Schedule of Underlying Insurance including any renewal or replacement of such contracts, and also includes the insurance policies not listed in the Schedule of Underlying Insurance for which notice has been given to the company pursuant to the policy condition entitled "Underlying Insurance—Changes or Additional Coverages during this Policy Period".

## CONDITIONS

A. **PREMIUM.** Unless otherwise provided for, the premium for this policy is a flat premium and is not subject to adjustment except as provided in Conditions B and P.

B. **ADDITIONAL INSURED.** In the event of additional insureds being added to the coverage under the Underlying Insurance prompt notice shall be given to the Company and if an additional premium has been charged for such addition on the Underlying Insurance, the Company shall be entitled to charge an appropriate additional premium hereon.

C. **ARBITRATION.** Except with respect to liability assumed by the Insured under a lease of premises, easement agreement, agreement required by municipal ordinance, sidetrack agreement or elevator or escalator maintenance agreement, the Company shall not be liable under this policy for damages awarded in arbitration other than an arbitration proceeding wherein an indemnity under a written contract or agreement seeks damages against the Insured on account thereof and wherein the Company is entitled to exercise the Insured's rights in the choice of arbitrators and in the conduct of such arbitration proceedings.

D. **SPECIAL CONDITIONS APPLICABLE TO OCCUPATIONAL DISEASE.** As regards personal injury by occupational disease sustained by any employee of the Insured, this policy is subject to the same warranties, terms and conditions (except as regards the premium, the amount and limits of liability and the renewal agreement (if any), as are contained in or as may be added to the Underlying

Insurance prior to the happening of an occurrence for which claim is made hereunder.

E. **INSPECTION AND AUDIT.** The Company shall be permitted but not obligated to inspect the Named Insured's property and operations at any time. Neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Named Insured or others, to determine or warrant that such property or operations are safe.

F. **CROSS LIABILITY.** Except with respect to liability assumed by the Insured under Contract, the term "Insured" is used severally and not collectively, but the inclusion in this policy of more than one Insured shall not operate to increase the limits of the Company's liability.

G. **NOTICE OF OCCURRENCE.** Whenever the Insured has information from which the Insured may reasonably conclude that an occurrence covered hereunder involves injuries or damages which in the event that the Insured should be liable, are likely to involve this policy, notice shall be sent to the Company as soon as practicable, provided, however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this policy but which, at a later date, would appear to give rise to claims hereunder, shall not prejudice such claims.

H. **ASSISTANCE AND COOPERATION.** Except as provided in Insuring Agreement H with respect to the exhaustion of the aggregate limits of underlying

Subject to Protective Order – Highly Confidential

policies listed in the Schedule of Underlying Insurance, the Company shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Insured but the Company shall have the right and shall be given the opportunity to associate with the Insured or the Insured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to any occurrence where the claim or suit involves, or appears reasonably likely to involve the Company, in which event the Insured and the Company shall cooperate in all things in the defense of such claim, suit or proceeding.

I.  **APPEALS.** In the event the Insured or the Insured's underlying insurers elect not to appeal a judgment in excess of the Underlying Limits, the Company may elect to make such appeal at its cost and expense, and shall be liable for the taxable costs and disbursements and interest incidental thereto, but in no event shall the liability of the Company for ultimate net loss exceed the amount set forth in Insuring Agreement II for any one occurrence and in addition the cost and expense of such appeal.

J.  **LOSS PAYABLE.** Liability under this policy with respect to any occurrence shall not attach unless and until the Insured, or the Insured's underlying insurer, shall have paid the amount of the Underlying Limits on account of such occurrence. The Insured shall make a definite claim for any loss for which the Company may be liable under the policy within twelve (12) months after the Insured shall have paid an amount of ultimate net loss in excess of the amount carried by the Insured or after the Insured's liability shall have been fixed and rendered certain either by final judgment against the Insured after actual trial or by written agreement of the Insured, the claimant, and the Company. If any subsequent payments shall be made by the Insured on account of the same occurrence, additional claims shall be made similarly from time to time. Such losses shall be due and payable within thirty (30) days after they are respectively claimed and proven in conformity with this policy.

K.  **BANKRUPTCY AND INSOLVENCY.** In the event of the bankruptcy or insolvency of the Insured or any entity compromising the Insured, the Company shall not be relieved thereby of the payment of any claims hereunder because of such bankruptcy or insolvency.

L.  **OTHER INSURANCE.** If other valid and collectible insurance with any other insurer is available to the Insured covering a loss also covered by this policy, other than insurance that is in excess of the insurance afforded by this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance.

M.  **SUBROGATION.** Inasmuch as this policy is "Excess Coverage" the Insured's right of recovery against any person or other entity cannot be

exclusively subrogated to the Company. It is, therefore, understood and agreed that in the case of any payment hereunder, the Company will act in concert with all other interests (including the Insured) concerned, in the exercise of such rights of recovery. The apportioning of any amounts which may be so recovered shall follow the principle that any interests (including the Insured) that shall have paid an amount over and above any payment hereunder, shall first be reimbursed up to the amount paid by them; the Company is then to be reimbursed out of any balance then remaining up to the amount paid hereunder; lastly, the interests (including the Insured) of whom this coverage is in excess are entitled to claim the residue, if any, expenses necessary to the recovery of any such amounts shall be apportioned between the interests (including the Insured) concerned, in the ratio of their respective recoveries as finally settled.

N.  **CHANGES.** Notice to or knowledge possessed by any person shall not affect a waiver or change in any part of this policy nor stop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by the Company.

O.  **ASSIGNMENT.** Assignment of interest under this policy shall not bind the Company unless and until its consent is endorsed hereon.

P.  **CANCELLATION.** This policy may be cancelled by the Named Insured by surrender thereof to the Company or its representatives or by mailing to the Company or its representatives written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the Company or its representatives by sending by registered mail notice to the Named Insured stating when, not less than thirty (30) days thereafter, cancellation shall be effective. The mailing of notice as aforesaid by the Company or its representatives to the Named Insured at the address shown in this policy shall be sufficient proof of notice, and the insurance under this policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Named Insured or by the Company or its respective representatives shall be equivalent to mailing.

It is agreed that irrespective of any other items or conditions contained in this policy or endorsements attached thereto, this policy may be cancelled by the Company or its representatives for non-payment of any unpaid portion of the premium by delivering to the Named Insured or by sending to the Named Insured by registered mail, at the Named Insured's address as shown herein, not less than ten (10) days' written notice stating when the cancellation shall be effective.

If this policy shall be cancelled by the Named Insured the Company shall retain the customary short rate proportion of the premium for the period this policy has been in force. If this policy shall be cancelled by the Company the Company shall

Page 7

retain the pro rata proportion the premium for the period this policy has been in force. Notice of cancellation by the Company shall be effective even though the Company makes no payment or tender of return premium with such notice.

Q. **MAINTENANCE OF UNDERLYING INSURANCE.** It is warranted by the Insured that the Schedule of Underlying Insurance or renewals or replacements thereof not more restricted, shall be maintained in force as collectible insurance during the currency of this policy, except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of occurrences happening during the period of this policy. In the event of failure by the insured so to maintain such policies or to meet all conditions and warranties subsequent to loss under such policies, the insurance afforded by this policy shall apply in the same manner it would have applied had such policies been so maintained in force.

R. **UNDERLYING INSURANCE—CHANGES OR ADDITIONAL COVERAGES DURING THIS POLICY PERIOD.** The Insured shall immediately report to the Company any change in coverage in the underlying insurance or the purchase of insurance for perils previously uninsured by underlying insurance. Such report shall include a description of the coverage afforded and a complete description of the limits of liability thereunder and such insurance shall be deemed a part of the Schedule of Underlying Insurance. The Insured shall upon request furnish the Company with exact copies of such change or such additional insurance. Any material change in the premium for the underlying insurance shall be promptly reported to the Company and the premium for this policy may be adjusted in accordance with the manuals of the Company then in effect.

S. **EMPLOYERS' LIABILITY — COMMON LAW DEFENSES.** As a condition to the recovery of any loss under this policy, with respect to personal injury to or the death of any employee arising out of and in the course of employment by the Named Insured, the Named Insured warrants that it has not and will not abrogate its Common Law Defenses under any Workmen's Compensation Law. In the event the Named Insured should, at any time during the policy period, abrogate such defenses, such insurance as is afforded by Coverage I. with respect to such employees shall automatically terminate at the same time.

T. **ACTION AGAINST COMPANY.** No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the insured to determine the Insured's liability.

U. **DECLARATIONS.** By acceptance of this policy the Named Insured agrees that the statements in the application and the declarations, and in any subsequent notice relating to underlying insurance are its agreements and representations that this policy is issued and continued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the Named Insured and the Company or any of its agents relating to this insurance.

Page 8

BSA-PLAN_00485577

SA 2633

THIS CONFIRMATION CANCELS AND SUPERSEDES CONFIRMATION OF INSURANCE DATED DECEMBER 26, 1979

## CONFIRMATION OF INSURANCE

To:  Ken Lennon                                    No. 79-12-15-09 A
     Alexander & Alexander
     1185 Avenue of the Americas                        January 2, 1980
     New York, New York  10036                          _____
                                                           (Date)

We confirm that acting upon your instructions and for your account we have procured insurance, subject to all of the terms and conditions hereinafter stated, from the Insurer(s) listed below, as follows:

INSURED:   BOY SCOUTS OF AMERICA, ETAL

P. O. ADDRESS:   Route A. North Brunswick, New Jersey  08902

COVERAGE:   Excess Umbrella Liability, subject to following conditions
            1) Excluding ERISA
            2) Following Form Watercraft
            3) Following Form Aircraft, Advertisers Liability and Incidental
               Medical Malpractice.
            4) Broad as Primary endorsement amended in part to include above
               conditions (1 & 2)

LIMIT OR AMOUNT: $5,000,000 Excess of Primary Insurance and $10,000 Self
                 Insured Retention.

PREMIUM:  $225,000.00 Annualy.

TERM OF INSURANCE:  One Year.

INSURER(S):  Allianz Insurance Company

EFFECTIVE DATE:   January 1, 1980

CANCELLATION: This insurance may be cancelled on    5    days notice by either the Insured or the Insurer(s) through us. Notice of cancellation shall be deemed given by the Insurer(s) when given by us to the Insured or its representative and shall be deemed given to the Insurer(s) when given to us by the Insured or its representative. In the event of cancellation of this insurance, the Insurer(s) shall be entitled to the premium earned on a short rate basis if cancelled by the Insured and a pro rata basis if cancelled by the Insurer(s).

This insurance is subject to all of the terms and conditions of the Cover Note, Certificate of Insurance and/or Policy which may be issued. This confirmation shall be automatically terminated and voided by delivery of the Cover Note, Certificate of Insurance or Policy to the Insured or its representative.

STEWART SMITH EAST, INC.
116 John Street,
New York, New York

BY  William O'Sullivan

     William O'Sullivan

SS E 100 (Rev. 5/72)

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485578

SA 2634



# Umbrella Liability Policy

THIS POLICY JACKET WITH THE DECLARATIONS PAGE, AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THIS POLICY.

A.U.I. 0-0033 (5/79)

Subject to Protective Order – Highly Confidential

ENDORSEMENT


WATERCRAFT AND/OR AIRCRAFT LIABILITY

LIMITATION


IT IS AGREED THAT THIS POLICY DOES NOT APPLY TO ANY LIABILITY
ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OPERATION, USE,
LOADING OR UNLOADING OF ANY WATERCRAFT AND/OR AIRCRAFT,
UNLESS SUCH LIABILITY IS COVERED BY VALID AND COLLECTIBLE
UNDERLYING INSURANCE AS LISTED IN THE SCHEDULE OF UNDERLYING
INSURANCE, AND THEN ONLY FOR SUCH HAZARDS FOR WHICH COVERAGE
IS AFFORDED UNDER SAID UNDERLYING INSURANCE.


All other terms and conditions of this Policy remain unchanged.

      Effective JANUARY 1, 1980 this endorsement forms part of Policy Number UMB 599346

          of ALLIANZ INSURANCE COMPANY

      Issued to BOY SCOUTS OF AMERICA

Endorsement No. 1.
BB/RG/dhh
2/6/80

BSA-PLAN_00485580

SA 2636

ENDORSEMENT

### ADVERTISERS' LIABILITY

(FOLLOWING-FORM)

IT IS AGREED THAT WITH RESPECT TO THE INSURED'S ADVERTISING
ACTIVITIES, THIS POLICY DOES NOT APPLY TO ANY LIABILITY
ARISING OUT OF INFRINGEMENT OF COPYRIGHT OR OF TITLE OR OF
SLOGAN, PIRACY OR UNFAIR COMPETITION OR IDEA MISAPPROPRIA-
TION UNDER AN IMPLIED CONTRACT OR INVASION OF RIGHTS OF
PRIVACY, UNLESS SUCH LIABILITY IS COVERED BY VALID AND
COLLECTIBLE UNDERLYING INSURANCE AS LISTED IN THE SCHEDULE
OF UNDERLYING INSURANCE, AND THEN ONLY FOR SUCH HAZARDS FOR
WHICH COVERAGE IS AFFORDED UNDER SAID UNDERLYING INSURANCE.

All other terms and conditions of this Policy remain unchanged.

Effective JANUARY 1, 1980 this endorsement forms part of Policy Number UMB 599346

of ALLIANZ INSURANCE COMPANY

Issued to BOY SCOUTS OF AMERICA

Endorsement No. 2.
BB/RG/dhh
2/6/80

BSA-PLAN_00485581

SA 2637

ENDORSEMENT


INCIDENTAL MALPRACTICE

(FOLLOWING-FORM)

IT IS AGREED THAT THIS POLICY DOES NOT APPLY TO ANY LIABILITY
FOR INJURY ARISING OUT OF THE RENDERING OF OR FAILURE TO
RENDER, DURING THE POLICY PERIOD, THE FOLLOWING PROFESSIONAL
SERVICES:

    (A)  MEDICAL, SURGICAL, DENTAL OR NURSING TREATMENT
         TO SUCH PERSON OR THE PERSON INFLICTING THE
         INJURY, INCLUDING THE FURNISHING OF FOOD AND
         BEVERAGES IN CONNECTION THEREWITH,

    (B)  FURNISHING OR DISPENSING DRUGS OR MEDICAL,
         DENTAL OR SURGICAL SUPPLIES OR APPLIANCES
         IF THE INJURY OCCURS AFTER THE NAMED INSURED
         HAS RELINQUISHED POSSESSION THEREOF TO OTHERS;

UNLESS SUCH LIABILITY IS COVERED BY VALID AND COLLECTIBLE
PROFESSIONAL LIABILITY INSURANCE, AS LISTED IN THE SCHEDULE
OF UNDERLYING INSURANCE, AND THEN ONLY FOR SUCH HAZARDS FOR
WHICH COVERAGE IS AFFORDED UNDER SAID UNDERLYING INSURANCE.



All other terms and conditions of this Policy remain unchanged.

      Effective  JANUARY 1, 1980 this endorsement forms part of Policy Number UMB 599346.

         of  ALLIANZ INSURANCE COMPANY

      Issued to  BOY SCOUTS OF AMERICA

Endorsement No.  3.
BB/RG/dhh
2/6/80

ENDORSEMENT

## EMPLOYEE RETIREMENT INCOME SECURITY ACT

### (E.R.I.S.A.)

### EXCLUSION ENDORSEMENT

IT IS AGREED THAT THE INSURANCE AFFORDED BY THIS POLICY DOES
NOT APPLY WITH RESPECT TO ANY CLAIM OR CLAIMS MADE AGAINST
ANY OF THE INSUREDS ARISING OUT OF ANY VIOLATION, ACT, ERROR,
OMISSION OR BREACH OF DUTY BROUGHT ABOUT AS A RESULT OF ANY
RESPONSIBILITIES, DUTIES OR OBLIGATIONS IMPOSED UPON
FIDUCIARIES BY THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF
1974 (PUBLIC LAW 93-406), COMMONLY REFERRED TO AS THE PENSION
REFORM ACT OF 1974, AND AMENDMENTS THERETO, OR SIMILAR
PROVISIONS OF ANY FEDERAL, STATE OR LOCAL STATUTORY LAW OR
COMMON LAW.

All other terms and conditions of this Policy remain unchanged.

Effective JANUARY 1, 1980 this endorsement forms part of Policy Number UMB 599346

of ALLIANZ INSURANCE COMPANY

Issued to BOY SCOUTS OF AMERICA

Endorsement No. 4.
BB/RG/dhh
2/6/80

Subject to Protective Order – Highly Confidential

ENDORSEMENT

<u>BROAD AS UNDERLYING AMENDATORY</u>

<u>ENDORSEMENT</u>

IT IS HEREBY UNDERSTOOD AND AGREED THAT, DESPITE ANYTHING
CONTAINED HEREIN TO THE CONTRARY, WHERE UNDERLYING INSURANCE,
AS DESCRIBED IN THE SCHEDULE OF UNDERLYING INSURANCE
ATTACHED TO THIS POLICY, PROVIDES GREATER PROTECTION OR
INDEMNITY TO THE INSURED THAN THE TERMS AND CONDITIONS OF
THIS POLICY, THIS INSURANCE SHALL INDEMNIFY THE INSURED UPON
THE SAME TERMS, CONDITIONS AND COVERAGES WHICH APPLY TO THE
BASIC UNDERLYING INSURANCE, EXCEPT AS RESPECTS THE ATTACHED
CONDITIONS AND ENDORSEMENTS.

WHERE NO SUCH BROADER UNDERLYING INSURANCE EXISTS, THIS
POLICY WILL PAY ON BEHALF OF THE INSURED, UPON TERMS AND
CONDITIONS AND LIMITATIONS OF THE ATTACHED UMBRELLA FORM.

All other terms and conditions of this Policy remain unchanged.

    Effective JANUARY 1, 1980 this endorsement forms part of Policy Number UMB 599346

       of ALLIANZ INSURANCE COMPANY

    Issued to BOY SCOUTS OF AMERICA

Endorsement No. 5.
BB/RG/dhh
2/6/80

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485584

SA 2640

# ENDORSEMENT

## NO. __6__

*Assured*
 Detroit Area Council #262
 Boy Scouts of America

*Risk*

 Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$   5,000,000     Each Occurrence

$   5,000,000     In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.* UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1201 M & M INC.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485585

**SA 2641**

# ENDORSEMENT
## NO. __6__

*Assured*
Pinellas Area Council #89
Boy Scouts of America

*Risk*

Umbrella Liability

---

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$ 4,000,000    Each Occurrence

$ 4,000,000    In the Aggregate where applicable

*Date*  1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.* UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated
1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485586

SA 2642

# ENDORSEMENT

## NO. __6__

*Assured*
Lewiston Trail Council #385
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 3,000,000     Each Occurrence

$ 3,000,000     In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & M., INC.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485587

**SA 2643**

# ENDORSEMENT
## NO. __6__

*Assured*
  Tidewater Council #596
  Boy Scouts of America

*Risk*

  Umbrella Liability

---

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

  LIMIT OF LIABILITY:

    $  5,000,000      Each Occurrence

    $  5,000,000      In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1201 H. & M., INC.

BSA-PLAN_00485588

SA 2644

# ENDORSEMENT
## NO. ___6___

*Assured*

Sullivan Trail Council #375
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$  4,000,000      Each Occurrence

$  4,000,000      In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

# ENDORSEMENT
## NO. __6__

*Assured*
   Indian Head Council #295
   Boy Scouts of America

*Risk*
   Umbrella Liability

   In consideration of an additional premium charged, it is
   hereby understood and agreed that item #4 of the Declarations
   Page, Limits of Liability, are understood in part to read
   as follows:

   LIMIT OF LIABILITY:

   $  4,000,000      Each Occurrence

   $  4,000,000      In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

# Alexander & Alexander, Incorporated
1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1201 H. B M., INC.

Subject to Protective Order – Highly Confidential

# ENDORSEMENT
## NO. __6__

*Assured*
 Otetiana Council #397
 Boy Scouts of America

*Risk*

 Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$  4,000,000     Each Occurrence

$  4,000,000     In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485591

**SA 2647**

# ENDORSEMENT
## NO. ___6___

*Assured*
Great Western Council #51
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 3,000,000     Each Occurrence

$ 3,000,000     In the Aggregate where applicable

*Date*  1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1201 H. & H., INC.

BSA-PLAN_00485592

SA 2648

# ENDORSEMENT
## NO. __6__

*Assured*

San Gabriel Valley Council #40
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 5,000,000     Each Occurrence

$ 5,000,000     In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1801 H. & H., INC.

# ENDORSEMENT
## NO. __6____

*Assured*
Bluewater Council #277
Boy Scouts of America

*Risk*

Umbrella Liability


In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:


LIMIT OF LIABILITY:

$   4,000,000        Each Occurrence


$   4,000,000        In the Aggregate where applicable


*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1801 H. & H., INC.

BSA-PLAN_00485594

**SA 2650**

# ENDORSEMENT
## NO. __6__

*Assured*
Nassau County #386
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$ 5,000,000     Each Occurrence

$ 5,000,000     In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485595

**SA 2651**

# ENDORSEMENT
## NO. __6__

*Assured*
Chicago Area Council #118
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$  4,000,000      Each Occurrence

$  4,000,000      In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order – Highly Confidential

# ENDORSEMENT
## NO. 6

*Assured*

Alemeda Council #22
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 5,000,000     Each Occurrence

$ 5,000,000     In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*   UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1801 H. & H., INC.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485597

SA 2653

# ENDORSEMENT
## NO. __6__

*Assured*
Los Angeles Area Council #33
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$  5,000,000          Each Occurrence

$  5,000,000          In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*   UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1801 M. & H.. INC.

BSA-PLAN_00485598

SA 2654

# ENDORSEMENT
## NO. __6__

*Assured*
 Fairfield County Council #68
 Boy Scouts of America

*Risk*

 Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$  4,000,000      Each Occurrence

$  4,000,000      In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order – Highly Confidential

# ENDORSEMENT
## NO. __6__

*Assured*
 Westchester-Putnam Council #388
 Boy Scouts of America

*Risk*

 Umbrella Liability


In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:


    LIMIT OF LIABILITY:

        $  4,000,000       Each Occurrence


        $  4,000,000       In the Aggregate where applicable


*Date*  1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated
#### 1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
#### 212-575-8000

FORM 1201 H. & H., INC.

BSA-PLAN_00485600
SA 2656

# ENDORSEMENT
## NO. __6__

*Assured*
Greater New York Councils #640
Boy Scouts of America

*Risk*

Umbrella Liability


In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 3,000,000      Each Occurrence


$ 3,000,000      In the Aggregate where applicable


*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1801 H. & H., INC.

BSA-PLAN_00485601

SA 2657

# ENDORSEMENT
## NO. __6__

*Assured*
Verdugo Hills Council #58
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

    LIMIT OF LIABILITY:

        $  4,000,000      Each Occurrence

        $  4,000,000      In the Aggregate where applicable

*Date* 1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.* UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated
1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order – Highly Confidential

# ENDORSEMENT
## NO. __6__

*Assured*

Three Rivers Council #578
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 5,000,000     Each Occurrence

$ 5,000,000     In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*   UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1801 H. & H., INC.

Subject to Protective Order – Highly Confidential                                    BSA-PLAN_00485603
**SA 2659**

# ENDORSEMENT
## NO. __6__

*Assured*

Chief Seattle Council #609
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$  3,000,000      Each Occurrence

$  3,000,000      In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 M. & M., INC.

Subject to Protective Order – Highly Confidential                                    BSA-PLAN_00485604

**SA 2660**

# ENDORSEMENT
## NO. __6__

*Assured*

Crossroads of America Council #160
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 5,000,000       Each Occurrence

$ 5,000,000       In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

131 1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order – Highly Confidential

# ENDORSEMENT
## NO. __6__

*Assured*
Great Trails Council #433
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 5,000,000    Each Occurrence

$ 5,000,000    In the Aggregate where applicable

*Date*  1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1201 K. & H., INC.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485606

SA 2662

# ENDORSEMENT
## NO. __6__

*Assured*
Cherokee Area Council #469
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 5,000,000     Each Occurrence

$ 5,000,000     In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.* UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated
1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036
212-575-8000

FORM 1801 H. & H., INC.

BSA-PLAN_00485607

SA 2663



# Umbrella Liability Policy

THIS POLICY JACKET WITH THE DECLARATIONS PAGE, AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THIS POLICY.

A.U.I. 0-0033 (5/79)

BSA-PLAN_00485608



**INSURANCE COMPANY OF NORTH AMERICA**, PHILADELPHIA, PENNSYLVANIA

| GENERAL LIABILITY POLICY | DECLARATIONS |
|---|---|

GG 2-2-78

Named Insured: Boy Scouts of America-National, Regional and all Local Councils
Route 1
Address North Brunswick, New Jersey 08902

**GLP** 70 64 52

The Named Insured is:
☐ Individual ☐ Partnership ☐ Corporation
☐ Joint Venture ☒ (Other) Association

Policy Period: From January 1, 1978 to ~~January 1, 1979~~ SEE END   12:01 A.M., standard time at the address of the Named Insured as stated herein.
Occupation: Clubs-Civic
Audit Period: Annual, unless otherwise stated ___Expiration

The insurance afforded is only with respect to such of the following Parts and Coverages therein as are indicated by ☒. The limit of the Company's liability against each such Coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

| COVERAGE PARTS | LIMITS OF LIABILITY | | | |
|---|---|---|---|---|
| | Bodily Injury Liability | | Property Damage Liability | |
| | each occurrence | aggregate | each occurrence | aggregate |
| ☐ Comprehensive General Liability Insurance | | | | |
| ☐ Owners', Landlords' and Tenants' Liability Insurance | | | | |
|   ☐ Structural Alternations, New Construction, Demolition | | | | |
| ☐ Manufacturers' and Contractors' Liability Insurance | | | | |
|   ☐ Independent Contractors | | | | |
| ☐ Completed Operations and Products Liability Insurance | | | | |
| ☐ Contractual Liability Insurance | | | | |
| ☒ Per special coverage | See Endt#1 and coverage part attached | | See Endt.#1 and coverage part attached | |
| ☐ part attached | | | | |
| ☐ | | | | |

| | Personal Liability | Personal Medical Payments | | |
|---|---|---|---|---|
| | each occurrence | each person | each accident | |
| ☐ Comprehensive Personal Insurance | $ | $ | $ | |
| ☐ Farmer's Comprehensive Personal Insurance | | | | |
| | Physical Damage to Property | Animal Collision—Farmer's Part Only | | |
| | $ each occurrence | Market Value not exceeding $300 each animal | | |
| | each person | | each accident | |
| ☐ Premises Medical Payments Insurance | $ | | $ | |
| | each person aggregate | | general aggregate | |
| ☐ Personal Injury Liability Insurance | $ | | $ | |

Endorsements attached to policy at inception:

See Schedule of endorsements attached

**JTX-4000-2**

During the past three years no insurer has cancelled insurance, issued to the named insured, similar to that afforded hereunder, unless otherwise stated herein.

| TOTAL ADVANCE PREMIUM ► | $742,713.00 | If the Policy Period is more than one year and the premium is to be paid in installments, premium is payable on: |
|---|---|---|
| Effective Date | $ 646.64 New Jersey Surcharge | |
| 1st Anniversary | $ | |
| 2nd Anniversary | $ | |

Countersigned By _____ Authorized Agent

This Declarations and Coverage Part(s), with Policy Standard Provisions and Endorsements, if any, issued to form a part thereof, completes the above numbered policy.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485360
SA 2665

**INA**

▶ Issued by ...................................................................................................................................................................................
(Name of Insurance Company)

This Endorsement, effective          Forms a part of Policy No.          Issued to:

▶                              ▶                              ▶

Insert the policy number. The remainder of the information is to be completed only
when this endorsement is issued subsequent to the preparation of the policy.

## SCHEDULE OF ENDORSEMENTS

ENDT#1 CC-2508 Limits Of Liability
    #2 CC-2508 Composite Rate Schedule Endt.
    #3 LC-578b Interim Premium Payment Endt.
    #4 CC-2508 Deductible Endorsement (Pages 1 & 2)
    #5 CC-2508 Additional Definitions

_____
Authorized Agent

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485361
SA 2666

 **INSURANCE COMPANY OF NORTH AMERICA, PHILADELPHIA, PENNSYLVANIA**

Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions, and other terms of the policy as follows:

Coverage A—Personal Injury Liability
Coverage B—Property Damage Liability
Coverage C—Malpractice Liability

The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of:

A—Personal Injury
B—Property Damage or
C—Malpractice

*ALSO SEE END #19*
*END # 20*

(1) to which this insurance applies, caused by an occurrence and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury, property damage or malpractice, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and, with the written consent of the Named Insured as respects malpractice, such settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements;

(2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

(3) pay all expenses incurred by the insured for such immediate medical and surgical relief to others, except to campers at an established camp where there is a resident physician or registered nurse employed, as shall be imperative at the time of the occurrence;

(4) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request; and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy.

act or condition incident to any of the foregoing, with respect to (1) liability assumed by the Insured under contract, or (2) expenses for immediate medical and surgical relief under the Supplementary Payments provision;

(d) to any obligation for which the Insured or any carrier as his insurer may be liable under any worker's compensation, unemployment compensation or disability benefits law, or under any similar law;

*→ DELETED - SEE END # 12*

(e) to personal injury or property damage resulting from the failure of the Named Insured's products or work completed by or for the Named Insured to perform the function or serve the purpose intended by the Named Insured, if such failure is due to a mistake or deficiency in any design formula, plan, specifications, advertising material or printed instructions prepared or developed by any Insured; but this exclusion does not apply to personal injury or property damage resulting from the active malfunctioning of such products or work;

(f) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of the use of the Named Insured's products or work completed by or for the Named Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein.

## EXCLUSIONS

This insurance does not apply:

(a) to personal injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any aircraft owned or operated by or rented or loaned to the Named Insured, or (2) any automobile owned or leased on a long-term basis by the Named Insured; but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the Named Insured or the ways immediately adjoining, if such automobile is not owned by or rented to the Named Insured or to liability assumed by the Insured under contract;

(b) to personal injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to the Named Insured; but this exclusion does not apply to liability assumed by the Insured under contract;

(c) to personal injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any

## PERSONS OR ENTITIES INSURED

The unqualified word "Insured" includes: *< ALSO SEE END # 3*

(a) The Named Insured, named in the Declarations of this policy.

(b) Scout Officials and employees whether or not registered with the Boy Scouts of America; units and their sponsors (charter organizations), and all volunteer workers working at the request of a scout official whether or not registered with the Boy Scouts of America; any organization or proprietor with respect to real estate management for the Named Insured; as respects Established Camps or Troop Camps, any affiliated troop or council.

(c) any person, organization, trustee, estate or governmental entity to whom or to which the Named Insured is obligated, by virtue of a written contract or by the issuance or existence of a permit, to provide insurance such as is afforded by this policy, but only with respect to operations by or on behalf of the Named Insured or to facilities of, or facilities used by the Named Insured and then only



BSA-PLAN_00485362
**SA 2667**

for the limits of liability specified in such contract, but in no event for limits of liability in excess of the applicable limits of liability of this policy.

(d) any Scout Official as defined herein and any Unit with respect to the use of a non-owned automobile in the scout activities of the Named Insured or any Unit; the donors and owners of non-owned automobiles while being used in the scout activities of the Named Insured or any Unit.

(e) Any vendor of Named Insured's products.

## LIMITS OF LIABILITY

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain personal injury, property damage or malpractice or (3) claims made or suits brought on account of personal injury, property damage or malpractice, the Company's liability is limited as follows:

Personal Injury Liability, Property Damage Liability and Malpractice Liability, the limit of the company's liability for all damages, including damages for care and loss of services, arising out of personal injury, including death at any time resulting therefrom, sustained by one or more persons and for all damages, including damages for loss of use, arising out of injury to or destruction of property, shall not exceed the amount stated in the declarations as a single limit as the result of any one occurrence.

For the purpose of determining the limit of the Company's liability, all personal injury, property damage and malpractice arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

The inclusion in this policy of more than one insured shall not operate to increase the limits of the company's total liability to all insureds covered by this policy beyond the limits set forth in the declarations.

## POLICY TERRITORY

This policy applies only to occurrences which take place during the policy period anywhere in the world outside the Union of Soviet Socialist Republics, Peoples Republic of China and all other countries regarded as being under communist control or domination.

Countries are regarded as being under communist control or domination when listed by the U.S. Government in their list of Sub Group A (Sino-Soviet-bloc countries) under licensing provisions of the Export Control Act.

## WAIVER OF IMMUNITY

The company agrees that it will not use, either in the defense of suits against the insured or in the adjustments of claims, the immunity of the insured from tort liability, unless requested by the insured to interpose such defense. The insured states that the waiver of the defense of immunity shall not subject the company to liability for any portion of a claim, verdict or judgment in excess of the limits of liability stated in the policy.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

### Automobile

Except where stated to the contrary, the word "automobile" means a land motor vehicle or trailer as follows: (1) Owned Automobile—an automobile owned or leased on a long-term basis by the Named Insured; (2) Hired Automobile—an automobile used under contract in behalf of, or loaned to the Named Insured or any Unit provided such automobile is not owned by or leased on a long-term basis or registered in the name of (a) the Named Insured or any Unit or (b) any Scout Official or (c) an employee or agent of the named insured or any Unit who is grante  an operating allowance of any sort for the use of such automobile. (3) Non-Owned Automobile—any other automobile.

### Personal Injury

"Personal Injury" means, (1) bodily injury, sickness, disease, disability, and if arising from any of the foregoing, mental anguish, (2) false arrest, detention or imprisonment, or malicious prosecution; (3) the publication or utterance of a libel or slander or of other defamatory material, or a publication or utterance in violation of an individual's right of privacy, except when any of the foregoing of this part (3) arises from publications or utterances in the course of or related to advertising, broadcasting, or telecasting activities conducted by or on behalf of the Named Insured, (4) wrongful entry or eviction or other invasion of the right of private occupancy.
( ALSo SEE END # 13 )

### Completed Operations Hazard

"Completed Operations Hazard"—includes personal injury and property damage arising out of operation or reliance upon a representation or warranty made at any time with respect thereto, but only if the personal injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured.

### Damages

"Damages", as respect Coverage A and B, includes damages for death and for care and loss of services resulting from personal injury and damages for loss of use of property resulting from property damage; "damages", as respects Coverage C means all damages, including damages for death, which are payable because of injury to which the insurance afforded under Coverage C applies.

### Malpractice

"Malpractice" means injury to any person, other than an employee of any Insured, arising out of the rendering of or failure to render, by an insured as defined under this policy during the policy period, the following professional services; (a) medical, surgical, dental or nursing treatment to such person or the person inflicting the injury, including the furnishing of food or beverages in connection therewith, (b) furnishing or dispensing drugs or medical, dental or surgical supplies or appliances if the injury occurs after the Named Insured has relinquished possession thereof to others, (c) handling of or performing post-mortem examinations on human bodies.

### Mobile Equipment

"Mobile Equipment" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the Named Insured, including the way immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle; power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment.

### Named Insured's Products

"Named Insured's Products" means goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, including any container thereof (other than a vehicle), but "Named Insured's Products" shall not include a vending machine or any property other than such a container, rented to or located for use of others but not sold.

### Occurrence — DELETED - SEE END # 14

"Occurrence" means an injurious exposure to conditions which results, during the policy period, in personal injury, property damage or malpractice-neither expected nor intended from the standpoint of the Insured.

ALSO - SEE END # 2 ¢ END # 16

## CONDITIONS

### Premium Computation

The premium for all Insuring Agreements is based upon the entire registered membership of the named insured and shall be computed by applying to each such member the applicable rate.  Upon delivery of this policy the named insured shall pay the advance premium and at the end of each twelve (12) months of the policy period, shall render

BSA-PLAN_00485363
SA 2668

the company a statement of the membership as hereinbefore defined during that period and the earned premium shall be computed thereon and shall be paid to the company, except that the advance premium shown in the declarations shall be credited against the premium found to be due the company for the last twelve (12) months of the policy period. The company shall, in any event, retain the minimum premium stated in the Declarations.

## Inspection and Audit

The company shall be permitted to inspect the named insured's premises, operations and elevators and to examine and audit the books and records of the Named Insured at all reasonable times during the policy period and within three years after its termination insofar as they are related to this insurance, and the named insured shall render reasonable assistance and cooperation in furnishing the company with such information as it may require.

## Notice of Occurrence

When an occurrence takes place, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of any available witnesses. *⟨ALSO SEE END # 4⟩*

## Notice of Claim or Suit

If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by it or its representatives.

## Assistance and Cooperation of the Insured

The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of injury.

## Arbitration

Except with respect to liability assumed by the insured under a lease of premises, easement agreement, agreement or escalator maintenance agreement, the company shall not be liable under this policy, as respects coverage afforded for assumed liability, for damages awarded in arbitration other than an arbitration proceeding wherein an indemnitee under a written contract or agreement seeks damages against the insured on account thereof and wherein the company is entitled to exercise the insured's rights in the choice of arbitrators and in the conduct of such arbitration proceedings.

## Action Against Company

No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by a final judgment against the insured or by written agreement of the insured, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

Bankruptcy or insolvency of the insured shall not relieve the company of any of its obligations hereunder.

## Other Insurance

If other collectible insurance with any other insurer is available to any insured covering a loss also covered hereunder, except insurance purchased to apply in excess of the limit of liability hereunder, the insurance hereunder shall be in excess of and not contribute with such other insurance; and the amount of the Company's liability under this policy shall not be reduced by the existence of such other insurance.

## Subrogation

In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights, but the company shall have no right of subrogation against any Troop, Cub Pack or Explorer Post coming under the Named Insured's control or chartered by the Named Insured. The insured shall do nothing after loss to prejudice such rights.

## Changes

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or change in any part of this policy or stop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

## Assignment

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Named Insured shall be adjudged bankrupt or insolvent such insurance as is afforded this policy shall apply (1) to the Named Insured's legal representative, as the Named Insured, but only while acting within the scope of his duties as such, and (2) with respect to the property of the Named Insured, to the person having proper temporary custody thereof, as insured, but only until the appointment and qualification of the legal representative.

## Cancellation

This policy may be cancelled by the Named Insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company for any reason except non-payment of premium by mailing to the named insured at the address shown in the declarations written notice stating when no less than sixty (60) days thereafter such *⟨SEE END # 19⟩* cancellation shall be effective. This policy may be cancelled by the company for non-payment of premium by mailing to the named insured at the address shown in the Declarations written notice stating when no less than ten (10) days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice, either by the Named Insured or the company, shall be equivalent to mailing. If the Named Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation. If this policy insures more than one named insured, cancellation may be effected by the first of such Named Insureds for the account of all Named Insureds; notice of cancellation by the company to such first Named Insured shall be deemed notice to all insureds.

## Declarations

By acceptance of this policy, the Named Insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.

BSA-PLAN_00485364

SA 2669

*ORIGINAL - MASTER GENERAL LIABILTY POLICY*

 **INSURANCE COMPANY OF NORTH AMERICA,** PHILADELPHIA, PENNSYLVANIA

Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions, and other terms of the policy as follows:

Coverage A—Personal Injury Liability
Coverage B—Property Damage Liability
Coverage C—Malpractice Liability

The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of:

A—Personal Injury
B—Property Damage or
C—Malpractice

(1) to which this insurance applies, caused by an occurrence and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury, property damage or malpractice, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and, with the written consent of the Named Insured as respects malpractice, such settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements;

(2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

(3) pay all expenses incurred by the insured for such immediate medical and surgical relief to others, except to campers at an established camp where there is a resident physician or registered nurse employed, as shall be imperative at the time of the occurrence;

(4) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request; and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy.

act or condition incident to any of the foregoing, with respect to (1) liability assumed by the Insured under contract, or (2) expenses for immediate medical and surgical relief under the Supplementary Payments provision;

(d) to any obligation for which the Insured or any carrier as his insurer may be liable under any worker's compensation, unemployment compensation or disability benefits law, or under any similar law;

(e) to personal injury or property damage resulting from the failure of the Named Insured to perform the function or serve the purpose intended by the Named Insured, if such failure is due to a mistake or deficiency in any design formula, plan, specifications, advertising material or printed instructions prepared or developed by any Insured; but this exclusion does not apply to personal injury or property damage resulting from the active malfunctioning of such products or work;

(f) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of the use of the Named Insured's products or work completed by or for the Named Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein.

## EXCLUSIONS

This insurance does not apply:

(a) to personal injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any aircraft owned or operated by or rented or loaned to the Named Insured, or (2) any automobile owned or leased on a long-term basis by the Named Insured; but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the Named Insured or the ways immediately adjoining, if such automobile is not owned by or rented to the Named Insured or to liability assumed by the Insured under contract;

(b) to personal injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to the Named Insured; but this exclusion does not apply to liability assumed by the Insured under contract;

(c) to personal injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any

## PERSONS OR ENTITIES INSURED

The unqualified word "Insured" includes:

(a) The Named Insured, named in the Declarations of this policy.

(b) Scout Officials and employees whether or not registered with the Boy Scouts of America; units and their sponsors (charter organizations), and all volunteer workers working at the request of a scout official whether or not registered with the Boy Scouts of America; any organization or proprietor with respect to real estate management for the Named Insured; as respects Established Camps or Troop Camps, any affiliated troop or council.

(c) any person, organization, trustee, estate or governmental entity to whom or to which the Named Insured is obligated, by virtue of a written contract or by the issuance or existence of a permit, to provide insurance such as is afforded by this policy, but only with respect to operations by or on behalf of the Named Insured or to facilities of, or facilities used by the Named Insured and then only

BSA-PLAN_00485365
SA 2670

for the limits of liability specified in such contract, but in no event for limits of liability in excess of the applicable limits of liability of this policy.

(d) any Scout Official as defined herein and any Unit with respect to the use of a non-owned automobile in the scout activities of the Named Insured or any Unit; the donors and owners of non-owned automobiles while being used in the scout activities of the Named Insured or any Unit.

(e) Any vendor of Named Insured's products.

### LIMITS OF LIABILITY

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain personal injury, property damage or malpractice or (3) claims made or suits brought on account of personal injury, property damage or malpractice, the Company's liability is limited as follows:

Personal Injury Liability, Property Damage Liability and Malpractice Liability, the limit of the company's liability for all damages, including damages for care and loss of services, arising out of personal injury, including death at any time resulting therefrom, sustained by one or more persons and for all damages, including damages for loss of use, arising out of injury to or destruction of property, shall not exceed the amount stated in the declarations as a single limit as the result of any one occurrence.

For the purpose of determining the limit of the Company's liability, all personal injury, property damage and malpractice arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

The inclusion in this policy of more than one insured shall not operate to increase the limits of the company's total liability to all insureds covered by this policy beyond the limits set forth in the declarations.

### POLICY TERRITORY

This policy applies only to occurrences which take place during the policy period anywhere in the world outside the Union of Soviet Socialist Republics, Peoples Republic of China and all other countries regarded as being under communist control or domination.

Countries are regarded as being under communist control or domination when listed by the U.S. Government in their list of Sub Group A (Sino-Soviet-bloc countries) under licensing provisions of the Export Control Act.

### WAIVER OF IMMUNITY

The company agrees that it will not use, either in the defense of suits against the insured or in the adjustments of claims, the immunity of the insured from tort liability, unless requested by the insured to interpose such defense.  The insured states that the waiver of the defense of immunity shall not subject the company to liability for any portion of a claim, verdict or judgment in excess of the limits of liability stated in the policy.

### DEFINITIONS

When used in this policy (including endorsements forming a part hereof);

#### Automobile

Except where stated to the contrary, the word "automobile" means a land motor vehicle or trailer as follows: (1) Owned Automobile—an automobile owned or leased on a long-term basis by the Named Insured; (2) Hired Automobile—an automobile used under contract in behalf of, or loaned to the Named Insured or any Unit provided such automobile is not owned by or leased on a long-term basis or registered in the name of (a) the Named Insured or any Unit or (b) any Scout Official or (c) a\ employee or agent of the named insured or any Unit who is grante an operating allowance of any sort for the use of such automobile. (3) Non-Owned Automobile—any other automobile.

#### Personal Injury

"Personal Injury" means, (1) bodily injury, sickness, disease, disability, and if arising from any of the foregoing, mental anguish, (2) false arrest, detention or imprisonment, or malicious prosecution; (3) the publication or utterance of a libel or slander or of other defamatory material, or a publication or utterance in violation of an individual's right of privacy, except when any of the foregoing of this part (3) arises from publications or utterances in the course of or related to advertising, broadcasting, or telecasting activities conducted by or on behalf of the Named Insured, (4) wrongful entry or eviction or other invasion of the right of private occupancy.

#### Completed Operations Hazard

"Completed Operations Hazard"—includes personal injury and property damage arising out of operation or reliance upon a representation or warranty made at any time with respect thereto, but only if the personal injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured.

#### Damages

"Damages", as respect Coverage A and B, includes damages for death and for care and loss of services resulting from personal injury and damages for loss of use of property resulting from property damage: "damages", as respects Coverage C means all damages, including damages for death, which are payable because of injury to which the insurance afforded under Coverage C applies.

#### Malpractice

"Malpractice" means injury to any person, other than an employee of any Insured, arising out of the rendering of or failure to render, by an insured as defined under this policy during the policy period, the following professional services; (a) medical, surgical, dental or nursing treatment to such person or the person inflicting the injury, including the furnishing of food or beverages in connection therewith, (b) furnishing or dispensing drugs or medical, dental or surgical supplies or appliances if the injury occurs after the Named Insured has relinquished possession thereof to others, (c) handling of or performing post-mortem examinations on human bodies.

#### Mobile Equipment

"Mobile Equipment" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the Named Insured, including the way immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle; power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment.

#### Named Insured's Products

"Named Insured's Products" means goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, including any container thereof (other than a vehicle), but "Named Insured's Products" shall not include a vending machine or any property other than such a container, rented to or located for use of others but not sold.

#### Occurrence

"Occurrence" means an injurious exposure to conditions which results, during the policy period, in personal injury, property damage or malpractice neither expected nor intended from the standpoint of the Insured.

### CONDITIONS

#### Premium Computation

The premium for all Insuring Agreements is based upon the entire registered membership of the named insured and shall be computed by applying to each such member the applicable rate.  Upon delivery of this policy the named insured shall pay the advance premium and at the end of each twelve (12) months of the policy period, shall render

the company a statement of the membership as hereinbefore defined during that period and the earned premium shall be computed thereon and shall be paid to the company, except that the advance premium shown in the declarations shall be credited against the premium found to be due the company for the last twelve (12) months of the policy period. The company shall, in any event, retain the minimum premium stated in the Declarations.

## Inspection and Audit

The company shall be permitted to inspect the named insured's premises, operations and elevators and to examine and audit the books and records of the Named Insured at all reasonable times during the policy period and within three years after its termination insofar as they are related to this insurance, and the named insured shall render reasonable assistance and cooperation in furnishing the company with such information as it may require.

## Notice of Occurrence

When an occurrence takes place, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of any available witnesses.

## Notice of Claim or Suit

If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by it or its representatives.

## Assistance and Cooperation of the Insured

The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of injury.

## Arbitration

Except with respect to liability assumed by the insured under a lease of premises, easement agreement, agreement or escalator maintenance agreement, the company shall not be liable under this policy, as respects coverage afforded for assumed liability, for damages awarded in arbitration other than an arbitration proceeding wherein an indemnitee under a written contract or agreement seeks damages against the insured on account thereof and wherein the company is entitled to exercise the insured's rights in the choice of arbitrators and in the conduct of such arbitration proceedings.

## Action Against Company

No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by a final judgment against the insured or by written agreement of the insured, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

Bankruptcy or insolvency of the insured shall not relieve the company of any of its obligations hereunder.

## Other Insurance

If other collectible insurance with any other insurer is available to any insured covering a loss also covered hereunder, except insurance

purchased to apply in excess of the limit of liability hereunder, the insurance hereunder shall be in excess of and not contribute with such other insurance; and the amount of the Company's liability under this policy shall not be reduced by the existence of such other insurance.

## Subrogation

In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and so whatever else is necessary to secure such rights, but the company shall have no right of subrogation against any Troop, Cub Pack or Explorer Post coming under the Named Insured's control or chartered by the Named Insured. The Insured shall do nothing after loss to prejudice such rights.

## Changes

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or change in any part of this policy or stop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

## Assignment

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Named Insured shall be adjudged bankrupt or insolvent such insurance as is afforded this policy shall apply (1) to the Named Insured's legal representative, as the Named Insured, but only while acting within the scope of his duties as such, and (2) with respect to the property of the Named Insured, to the person having proper temporary custody thereof, as Insured, but only until the appointment and qualification of the legal representative.

## Cancellation

This policy may be cancelled by the Named Insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company for any reason except non-payment of premium by mailing to the named insured at the address shown in the declarations written notice stating when no less than sixty (60) days thereafter such cancellation shall be effective. This policy may be cancelled by the company for non-payment of premium by mailing to the named insured at the address shown in the Declarations written notice stating when no less than ten (10) days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice, either by the Named Insured or the company, shall be equivalent to mailing. If the Named Insured cancels, earned permium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation. If this policy insures more than one named insured, cancellation may be effected by the first of such Named Insureds for the account of all Named Insureds; notice of cancellation by the company to such first Named Insured shall be deemed notice to all insureds.

## Declarations

By acceptance of this policy, the Named Insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.

BSA-PLAN_00485367

SA 2672

IN WITNESS WHEREOF, the INSURANCE COMPANY OF NORTH AMERICA has caused this policy to be signed by its President and a Secretary at Philadelphia, Pennsylvania, and countersigned on the Declarations page by a duly Authorized Agent of the Company.

BERTRAM C DEDMAN, Secretary

JOHN R COX, President

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485368

**SA 2673**

IN WITNESS WHEREOF, the INSURANCE COMPANY OF NORTH AMERICA has caused this policy to be signed by its President and a Secretary at Philadelphia, Pennsylvania, and countersigned on the Declarations page by a duly Authorized Agent of the Company.

BERTRAM C DEDMAN, Secretary

JOHN R COX, President

BSA-PLAN_00485369

SA 2674

**INA**

▶ Issued by ............................................................................................................................................................
(Name of Insurance Company)

This Endorsement, effective        Forms a part of Policy No.      Issued to:

▶                     ▶                     ▶

Insert the policy number. The remainder of the information is to be completed only
when this endorsement is issued subsequent to the preparation of the policy.

## LIMITS OF LIABILITY ENDT#1

Combined Single Limit                    $500,000.00 Per Occurrence
Personal Injury Liability
Property Damage Liability
and Malpractice Liability
(Including Non-Owned Auto Liability)

Authorized Agent

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485370

**SA 2675**

**INA**

▶ Issued by.............................................................................................................................................
(Name of Insurance Company)

This Endorsement, effective          Forms a part of Policy No.          Issued to:

▶                                    ▶                                    ▶

Insert the policy number. The remainder of the information is to be completed only
when this endorsement is issued subsequent to the preparation of the policy.

COMPOSITE RATE SCHEDULE ENDT#2

| Premium Basis Membership | Rate per 100. members | Estimated Annual Premium - Minimum Deposit |
|---|---|---|
| Guaranty Association charge, applicable in New Jersey only. | $15.31 | $742,713. |
| GL .005 | | $645.39 |
| Auto .0050 | | $ 1.25 |

Authorized Agent

BSA-PLAN_00485371

SA 2676

# INA

## INTERIM PREMIUM PAYMENT ENDORSEMENT

| Named Insured | |
|---|---|
| Effective | Policy No. |
| Issued by (Name of Insurance Company) | |

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is hereby agreed that the estimated annual premium for the policy is payable as follows:

Deposit Premium        $185,676.00

Interim Premiums      $ 61,893.00      Date Payable    2-1-78
                        61,893.00                      3-1-78
                        61,893.00                      4-1-78
                        61,893.00                      5-1-78
                        61,893.00                      6-1-78
                        61,893.00                      7-1-78
                        61,893.00                      8-1-78
                        61,893.00                      9-1-78
                        61,893.00                     10-1-78

Total Estimated Premium ◆ $ 742,713.00

It is further agreed that the deposit premium shall be paid upon delivery of the policy and the interim premiums on the indicated dates. Upon expiration of the policy the earned premium shall be computed in accordance with the basis of premium as specified in the policy and the deposit premium and interim premiums shall be credited thereto. If the earned premium exceeds the deposit premium plus the interim premiums, the insured shall immediately pay to the company the additional earned premium; if it be less, the company shall return the difference to the insured but shall, in any event, retain the minimum premium stated in the declarations.

ENDT#3

_____
Authorized Agent

LC-578b  1/73  Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485372

SA 2677



▶ Issued by.................................................................................................................................................................
(Name of Insurance Company)

This Endorsement, effective          Forms a part of Policy No.          Issued to:

▶                                    ▶                                   ▶

Insert the policy number. The remainder of the information is to be completed only
when this endorsement is issued subsequent to the preparation of the policy.

<u>DEDUCTIBLE ENDORSEMENT</u>

It is agreed that:

1. (a) The Company's obligation to pay damages on behalf of the Insured under the policy to which this endorsement is attached applies only to damages in excess of the deductible amounts stated in the schedule below.

   (b) However, if the Named Insured, or a Claims Servicing Organization acting on behalf of the Named Insured, fails to pay any damages within the deductible amounts after the legal obligation of the Insured becomes definitely determined, the Company shall pay such damages and the Named Insured shall reimburse the Company promptly for any part of the deductible amount that has been paid by the company.

2. The Company has the option to pay any or all of the Deductible-Per Occurrence amount to effect settlement of any claim or suit and, upon notification of the action taken, the Named Insured shall reimburse the Company promptly for such part of the deductible amount as has been paid by the Company.

3. The Limits of Liability shown in the declarations of the policy to which this endorsement is attached, and as amended or supplemented by any applicable Coverage Parts or endorsements, include the amount for "Deductible-Per Occurrence" stated in the schedule below.

4. Whereas the Named Insured has entered into a written agreement with a qualified claims servicing organization, ESIS Inc. hereinafter called "Claims Servicing Organization", under which the Claims Servicing Organization agrees to provide investigation, defense and settlement services on behalf of the Insured in connection with claims made or suits brought for which insurance is provided by the policy to which this endorsement is attached, it is understood and agreed that the Company has no duty or obligation to provide investigation, defense or settlement services with respect to such claims or suits so long as such agreement with the Claims Servicing Organization remains in effect. The Company has no obligation to pay for or contribute to the fees stipulated in the agreement between the Named Insured and the Claims Servicing Organization.

5. The Company shall have the:
   (A) right to control of; and
   (B) right and opportunity to associate with the Insured in the investiga-tion, defense, and settlement of; any claim or proceeding arising out of any occurrence (1) to which the insurance provided by the policy applies and (2) which is reasonably likely to exceed the applicable "Deductible-Per Occurrence." In such event, the Insured shall cooperate with the Company to the extent required under the conditions of the policy to which this endorsement is attached.

ENDT#4 PAGE1

Authorized Agent

Subject to Protective Order – Highly Confidential



► Issued by...................................................................................................................................................
(Name of Insurance Company)

This Endorsement, effective          Forms a part of Policy No.          Issued to:

►                              ►                              ►

Insert the policy number. The remainder of the information is to be completed only
when this endorsement is issued subsequent to the preparation of the policy.

6. It is further agreed that the deductible - Per Occurrence amount stated in the schedule below shall include any loss adjustment expense incurred as the result of any one occurrence to which this Insurance applies.

7. "Loss Adjustment Expense" shall mean:
   (a) Attorney's fees for claims in suit;
   (b) Court costs and other expenses in connection with investigation, defense or settlement, such as medical examinations, expert testimony, stenographic, witnesses and summons, copies of documents and photographs, premiums on bonds to release attachments, premium on appeal bonds, and interest on judgments.

   "Loss Adjustment Expense" shall not mean salaries of Company employees involved in investigation, defense or settlement nor the Company's other general operating expenses.

8. "Deductible-Per Occurrence" shall mean damages which are to be paid by the Named Insured, and which arise from any one occurrence to which insurance applies under the policy.

9. "Damages", as used in this endorsement, shall include No-fault, Uninsured Motorists and Medical Payment benefits when such coverage or coverages are provided under the policy or any of its endorsements.

10. Except as otherwise provided in this endorsement, the terms of the policy, including the Insured's duties in the event of an occurrence, apply irrespective of the application of the deductible amount.

SCHEDULE

| | Amount |
|---|---|
| A. Deductible-Per Occurrence | $250,000. |

ENDT#4 PAGE 2

Authorized Agent

CC-2508 Printed in U.S.A.
Subject to Protective Order – Highly Confidential

BSA-PLAN_00485374
SA 2679

**INA**

▶ Issued by.............................................................................................................................................................
(Name of Insurance Company)

This Endorsement, effective          Forms a part of Policy No.          Issued to:

▶                                    ▶                                    ▶

Insert the policy number. The remainder of the information is to be completed only
when this endorsement is issued subsequent to the preparation of the policy.

### ADDITIONAL DEFINITIONS ENDT#5

It is agreed that this policy is amended to include the following
definitions:

Unit

The term "Unit", as used in this policy, shall mean any Chartered
Troop, Cub Pack or Explorer Unit (including Sea and Air Scouting)
of the Named Insured.

SCOUT OFFICIAL

The term "Scout Official", as used in this policy, shall mean any
Scout Executive, Counselor, Director, Commissioner, Commiteeman,
Instructor, Cubber, or Scouter of the Named Insured or any unit.

ENDT#5



Authorized Agent

Subject to Protective Order – Highly Confidential

SA 2680



**INTERIM PREMIUM PAYMENT ENDORSEMENT**

---

Named Insured

**Boy Scouts of America**

| Effective | Policy No. |
|---|---|
| 1/1/79 | GLP 706452 |

Issued by (Name of Insurance Company)
**Insurance Co. of North America**

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

---

It is hereby agreed that the estimated annual premium for the policy is payable as follows:

| | | | |
|---|---|---|---|
| Deposit Premium | $ 185,676. | | |
| | 646.64 | New Jersey Surcharge | |
| Interim Premiums | $ 61,893. | Date Payable | 2/1/79 |
| | $ 61,893. | | 3/1/79 |
| | $ 61,893. | | 4/1/79 |
| | $ 61,893. | | 5/1/79 |
| | $ 61,893. | | 6/1/79 |
| | $ 61,893. | | 7/1/79 |
| | $ 61,893. | | 8/1/79 |
| | $ 61,893. | | 9/1/79 |
| | $ 61,893. | | 10/1/79 |

Total Estimated Premium ♦ $ 742,713
646.64    New Jersey Surcharge

It is further agreed that the deposit premium shall be paid upon delivery of the policy and the interim premiums on the indicated dates. Upon expiration of the policy the earned premium shall be computed in accordance with the basis of premium as specified in the policy and the deposit premium and interim premiums shall be credited thereto. If the earned premium exceeds the deposit premium plus the interim premiums, the insured shall immediately pay to the company the additional earned premium; if it be less, the company shall return the difference to the insured but shall, in any event, retain the minimum premium stated in the declarations.

Endt. #6
DH
2/21/79

_____
Authorized Agent

In accordance with Endorsement #4 and in consideration of an additional Premium charge, it is agreed that the policy period shown in Item B of the Declarations Page is extended for an additional annual period effective January 1, 1980 and expiring January 1, 1981.

This endorsement, which forms a part of and is for attachment to the following described policy issued by the company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 6 | DOL 005203854 | Boy Scouts of America, All Local Councils | 1/1/80 |


INSURANCE FROM
**CNA**

Countersigned by_____
                        Authorized Agent

Blank Endorsement
G-33461-F

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485377

**SA 2682**

# INA

**RENEWAL ENDORSEMENT**

Named Insured

Boy Scouts of America

| Effective | Policy No. |
|---|---|
| 1/1/79 | GLP 706452 |

Issued by (Name of Insurance Company)

Insurance Co. of North America

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

In consideration of the payment of an additional advance premium of Seven Hundred, Forty-Two Thousand Seven Hundred & Thirteen 742,713 Dollars it is hereby understood and agreed that the policy to which this endorsement is attached, subject to all its terms, conditions, and limitations, is continued in force for a further period of ............... twelve ( 12 ) months and shall expire on January 1 , 1980 12:01 A.M., Standard Time at the place or places designated in said policy.

Endt. #7
DH
2/21/79

Authorized Agent

LC-372a  Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485378

SA 2683

**INA**

| Named Insured | Endorsement Number |
|---|---|
| Boy Scouts of America National Etal | #8 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| GLP | 706452 | 1/1/78    1/1/80 | 1/1/78 |

Issued By (Name of Insurance Company)

Insurance Company of North America

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is hereby understood and agreed that under definitions in the policy jacket the following is included under occurrence.

"It is agreed that injury or damage resulting from assault and battery committed by or at the direction of the insured for the purpose of protecting persons or property shall not be deemed expected nor intended from the standpoint of the Insured."

8/6/79   MG

_Authorized Agent_ signature

CC-1E15  Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485379

SA 2684

**INA**

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Boy Scouts of America National, Etal | | | #9 |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| GLP | 706452 | 1/1/78    1/1/80 | 1/1/78 |
| Issued By (Name of Insurance Company) | | | |
| Insurance Company of North America | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is hereby understood and agreed that Exclusion E on policy jacket is eliminate and replaced by the following:

E)  To Personal Injury or Property Damage resulting from the
    failure of the named insured's products or work performed
    by or on behalf of the named insured to meet the level
    of performance, quality, fitness or durability warranted
    or represented by the named insured;
    but this exclusion does not apply to loss resulting from
    the sudden and accidental physical injury to or destruction
    of the named insured's products or work performed by or on
    behalf of the named insured after such products or work
    have been put to use by any person or organization other
    than an insured.

8/6/79   MG

_Authorized Agent_

CC-1E15 Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485380

SA 2685

**INA**

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Boy Scouts of America National, Etal | | | #10 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| GLP | 706452 | 1/1/78   1/1/80 | 1/1/78 |

| Issued By (Name of Insurance Company) |
|---|
| Insurance Company of North America |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is hereby understood and agreed that under "Persons or Entities Insured" in the policy jacket the following is included:

F)  Donors of watercraft, vehicles or equipment other than automobiles except aircraft."

8/6/79  MG

Authorized Agent

CC-1E15 Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485381

SA 2686



**EMPLOYEE BENEFITS LIABILITY**

| Named Insured | | |
|---|---|---|
| Boy Scouts of America-National, ETAL. | | ENDT. #11 |
| Policy No. | Policy Period | Effective Date of Endorsement |
| GLP 70 64 52 | 1/1/78   1/1/80 | 1/1/78 |
| Issued by (Name of Insurance Company) | | |
| Insurance Company of North America | | |

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

In consideration of the premium and in reliance upon the Statements in the Application and subject to the terms of this endorsement and of the Policy to which this endorsement is attached, the Company agrees with the Insured named in the Declarations of the Policy:

## INSURING AGREEMENTS

I. **COVERAGE.** To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages on account of any claim made against the Insured by any Employee, Former Employee or the beneficiaries or legal representatives thereof and caused by any negligent act, error or omission of the Insured, or any other person for whose acts the Insured is legally liable, in the administration of the Insured's Employee Benefit Programs as defined herein.

II. It is agreed that $1,000.00 shall be deducted from the total amount paid by the Company as the result of each occurrence covered by this policy and the Company shall be liable for loss only in excess of such amount. All loss arising out of continuous or repeated exposure to the same general conditions shall be considered as arising out of one occurrence. It is further understood and agreed that in event of any claim, irrespective of the amount, notice thereof shall be given to the Company, or any of its authorized agents, by or on behalf of the Insured, in accordance with the terms of the Policy and the Company may at its option, investigate such claim or negotiate or settle any claim, and the Insured agrees, if the Company undertakes to negotiate or settle any such claim, to join the Company in such negotiation or settlement to the extent of the amount to be deducted herein provided, or to reimburse the Company for such deductible amount, if and when such claim is paid by the Company.

III. The DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS provisions of the policy shall apply as respects the insurance hereby afforded, except that the Company shall not make settlement or compromise any claim or suit without the written consent of the Insured.

IV. **POLICY PERIOD & TERRITORY.** As respects the insurance hereby afforded this endorsement applies only to claims under the legal jurisdiction of a court of law or a court of equity within the United States of America, its territories or possessions or Canada, resulting from negligent acts, errors or omissions of the Insured, or any person acting on behalf of the Insured in the administration of Employee Benefit Programs provided such claim is brought against the Named Insured during the policy period and the Named Insured at the effective date of this policy, had no knowledge of or could not have reasonably foreseen any circumstances which might result in a claim or suit.

## DEFINITIONS

1. **INSURED.** The unqualified word "Insured" wherever used in relation to the insurance afforded hereby, includes not only the Named Insured, but also any partner, executive officer, director, stockholder or employee, provided such employee is authorized to act in the administration of the Insured's Employee Benefit Programs.

2. **EMPLOYEE BENEFITS.** The term "Employee Benefits" shall mean group life insurance, group health insurance, profit sharing plans, pensions plans, employee stock subscription plans, employee travel, vacation or savings plans, workmen's compensation, unemployment insurance, social security and disability benefits insurance.

3. **ADMINISTRATION.** As respects the insurance afforded hereby, the unqualified word "Administration", wherever used shall mean:

   (a) Giving counsel to employees with respect to the Employee Benefit Programs;

   (b) Interpreting the Employee Benefit Programs;

   (c) Handling of records in connection with the Employee Benefit Programs;

   (d) Effecting enrollment, termination or cancellation of employees under the Employee Benefit Programs;

   provided all such acts are authorized by the Named Insured.

## EXCLUSIONS

The insurance afforded by this endorsement does not apply:

   (a) To any dishonest, fraudulent, criminal or malicious act, libel, slander, discrimination, or humiliation;

   (b) To bodily injury to, or sickness, disease, or death, of any person, or to injury to or destruction of any tangible property, including the loss of use thereof;

   (c) To any claim for failure of performance of contract by any Insurer;

   (d) To any claim based upon the Insured's failure to comply with any law concerning Workmen's Compensation, Unemployment Insurance, Social Security or Disability Benefits;

   (e) To any claim based upon failure of stock to perform as represented by an Insured;

   (f) To any claim based upon advice given by an Insured to an employee of the Named Insured to participate or not to participate in stock subscription plans.

   (g) To any claim based upon any actual or alleged error or omission or breach of duty, committed or alleged to have been committed by a trustee, in the discharge of fiduciary duties, obligations or responsibilities imposed by the Federal Employee Retirement Income Security Act of 1974."

## CONDITIONS

The conditions of the policy entitled "Insured's Duties in the Event of Occurrence, Claim or Suit", "Action Against Company", "Other Insurance", "Subrogation", "Changes", "Assignment", and "Cancellation" apply to the insurance afforded hereby and the following Conditions apply:

A. **LIMITS OF LIABILITY.** The Limit of Liability stated in the Declarations as applicable to "each claim" is the limit of the Company's liability for all damages incurred on account of any claim covered hereunder; the limit of liability stated in the Declarations as "aggregate" is, subject to the above provision respecting each claim, the total limit of the Company's liability for all claims covered hereunder and occurring during each policy year. The inclusion herein of more than one Insured shall not operate to increase the limits of the Company's liability.

B. **PREMIUM.** The premium stated in the Declarations is an estimated premium only. Upon termination of each annual period of this Policy the Insured, on request will furnish the Company a statement of the total number of employees at the end of the period and the earned premium shall be computed on the average number of employees at the beginning and the end of such period in accordance with the rates set forth in the Declarations. If the earned premium thus computed exceeds the estimated advance premium paid, the Insured shall pay the excess to the Company; if less, the Company shall return to the Insured the unearned portion paid by such Insured subject to the Minimum Premium for this insurance stated in the Declarations.

C. **TERMS OF ENDORSEMENT CONFORMED TO STATUTE.** Terms of this endorsement which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.

Authorized Agent

8/6/79   MG

LC-811d  Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485382

SA 2687


**INA**

| Named Insured | Endorsement Number |
|---|---|
| Boy Scouts of America National, Etal | #12 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| GLP | 706452 | 1/1/78   1/1/80 | 1/1/78 |

| Issued By (Name of Insurance Company) |
|---|
| Insurance Company of NorthAmerica |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is hereby agreed and understood that the notice of occurrence and Notice of Claim or suit conditions of the policy jacket is amended to read as follows:

"Notice will be furnished the carrier as soon as practicable after knowledge of such occurrence, claim or suit by the Local Council Scout Executive or his representative."

*REPLACED*
*SEE AMENDED*
*END # 12A*

8/6/79   MG

_Authorized Agent_

CC-1E15  Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485383
SA 2688



| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Boy Scouts of America-National, Etal. | | | Amended #12 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| GLP | 706452 | 1/1/80-1/1/81 | 5-12-80 |

| Issued By (Name of Insurance Company) |
|---|
| Insurance Company of North America |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

Notice of Occurrence

It is hereby agreed and understood that the Notice of Occurrence and Notice of Claim or Suit Condition of the policy is amended to read:

"Notice will be furnished the carrier as soon as practicable after knowledge of such occurrence, claim or suit is received by a Scout Executive, Director of Insurance, or his representative at the National Office, Boy Scouts of America, Irving, Texas.

jm 6-16-80

D Wayne Eason
Authorized Agent

CC-1E15 Ptd. in U.S.A.

ORIGINAL

OK
GLP

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485384

SA 2689

1



| Named Insured | Boy Scouts of America National, Etal | | Endorsement Number #13 |
|---|---|---|---|
| Policy Symbol GLP | Policy Number 706452 | Policy Period 1/1/78   1/1/80 | Effective Date of Endorsement 1/1/78 |
| Issued By (Name of Insurance Company) | Insurance Company of North America | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is hereby understood and agreed that the Notice of Cancellation is amended to read 90 days in lieu of 60 days.

8/6/79   MG

Authorized Agent

CC-1E15  Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485385

SA 2690



| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Boy Scouts of America National, Etal | | | #14 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| GLP | 706452 | 1/1/78    1/1/80 | 1/1/78 |

Issued By (Name of Insurance Company)
Insurance Company of North America

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## SEVERABILITY OF INTEREST

"The term Insured is used severally and not collectively except with respect to (1) liability assumed by the Insured under any contract or agreement to the extent that such liability is an extension of the liability imposed upon the Insured by statutory or common law or (2) limits of liability and other insurance.

8/6/79  Mg

_____
Authorized Agent

CC-1E15  Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485386

SA 2691

**INA**

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Boy Scouts of America National, Etal | | | #15 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| GLP | 706452 | 1/1/78    1/1/80 | 1/1/78 |

Issued By (Name of Insurance Company)

Insurance Company of North America

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## HOST LIQUOR LAW LIABILITY COVERAGE

Exclusion (H) of Comprehensive General Liability Insurance Form GL-102 does not apply with respect to liability of the insured or his indemnitee arising out of the giving or serving of alcoholic beverages at functions incidental to the named insured's business, provided the named insured is not engaged in the business of manufacturing, distributing, selling or serving of alcoholic beverages.

8/6/79      MG

Alexander & Alexander
505  381732   Comm. NIL

_____
Authorized Agent

CC-1E15  Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485387

SA 2692

## ENDORSEMENT

This endorsement, effective 12:01    A.M.    January 1, 1980    forms a part of

policy No  GLP 706452         issued to Boy Scouts of America, National and all
Local Councils

by Insurance Company of North America


In consideration of an additional premium charge,
it is agreed that the policy period shown on the
Declarations Page is changed to read as follows:


Policy Period: From 1/1/78 until 1/1/81
12:01 A.M Standard Time at Irving Texas


Form 1803

Authorized Representative

INSURANCE COMPANY OF NORTH AMERICA

Subject to Protective Order – Highly Confidential



| Named Insured Boy Scouts of America Etal. | | | Endorsement Number #16 |
|---|---|---|---|
| Policy Symbol GLP | Policy Number 706452 | Policy Period 1/1/80 to 1/1/81 | Effective Date of Endorsement 1/1/80 |
| Issued By (Name of Insurance Company) Insurance Co. of North America | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

In consideration of an additional premium of $521,672, it is agreed that this policy is continued in force for a further period of 12 months and shall expire on January 1, 1981.

### Rating Basis

| Exposure | Composite Rate-per 1,000 scouts | Premium |
|---|---|---|
| 3300 000 scouts | 158.09 | $521,672 |

Payable

| 1/1/80 | $130,418 |
|---|---|
| 4/1/80 | $130,418 |
| 7/1/80 | $130,418 |
| 10/1/80 | $130,418 |

DS 1/3/80

Authorized Agent

CC-1E15 Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

End # 17

## ENDORSEMENT

This endorsement, effective  12:01   A. M.   January 1  1979      forms a part of

policy No. GLP 706452      issued to  Boy Scouts of America, National and all
                                      Local Councils

by Insurance Company of North America

In consideration of an additional premium charge,
it is agreed that the policy period shown on the
Declarations Page is changed to read as follows:

Policy Period: From 1/1/78 until 1/1/80
12:01 A.M. Standard Time at North Brunswick,
New Jersey

REPLACED BY
END # 17
(EFF 1-1-80)

*John T. Chamberlin*
Authorized Representative

INSURANCE COMPANY OF NORTH AMERICA

Form 1803

Subject to Protective Order – Highly Confidential

## ENDORSEMENT

This endorsement, effective 12:01 A.M. January 1, 1980 forms a part of policy No GLP 706452 issued to Boy Scouts of America, National and all Local Councils by Insurance Company of North America


In consideration of an additional premium charge,
it is agreed that the policy period shown on the
Declarations Page is changed to read as follows:


Policy Period: From 1/1/78 until 1/1/81
12:01 A.M Standard Time at Irving Texas


*John T. Chamberlin*

Authorized Representative

INSURANCE COMPANY OF NORTH AMERICA

Form 1803

End #17



| Named Insured | Boy Scouts of America–National Regional and all Local Councils | | Endorsement Number 17 |
|---|---|---|---|
| Policy Symbol GLP | Policy Number 706452 | Policy Period 1-1-80/81 | Effective Date of Endorsement 3-1-80 |
| Issued By (Name of Insurance Company) Insurance Company of North America | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

In consideration of a return premium of $374,311, it is hereby understood and agreed that:

1.  Insured's deductible is amended to read $500,000 each occurrence for all coverages except products which is $450,000. Deductible losses will contribute to policy limits and policy aggregates.

2.  Insured's deductible annual aggregate is amended to $4,800,000.

Installments will read as follows:

        1/1/80        $130,418

        4/1/80        $ 16,943

Alexander & Alexander
comm nil
505-381732
C500

jm 7-1-80

Authorized Agent

CC-1E15  Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485392

SA 2697



## ADDITIONAL INSURED
(Premises Leased to the Named Insured)

Endt. #18

| Named Insured | | |
|---|---|---|
| Boy Scouts of America, Etal | | |
| Policy No. | Policy Period | Effective Date of Endorsement |
| GLP 706452 | 1-1-80/81 | 6-19-80 |
| Issued by (Name of Insurance Company) | | |
| Insurance Company of North America | | |

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
### OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE
### STOREKEEPER'S INSURANCE

It is agreed that the "Persons Insured" provision is amended to include as an Insured the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the Named Insured, and subject to the following additional exclusions:

The insurance does not apply:

1. to any occurrence which takes place after the Named Insured ceases to be a tenant in said premises;

2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Premiums | |
|---|---|---|---|
| | | Bodily Injury Liability | Property Damage Liability |
| Route 28, Town of Forest Tort County of Oneida, New York 13494 | Camp Russell, Incorporated | Incl. | Incl. |

DWayne Eason

Authorized Agent

LC-971 (G109)  7-20-66  Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485393

SA 2698



| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Boy Scouts of America | | | 19 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| GLP | 706452 | 1-1-80/81 | 1-1-80 |

| Issued By (Name of Insurance Company) |
|---|
| Insurance Company of North America |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is agreed Item I of the Policy Declarations shall be amended
as follows:

       Address:   P.O. Box 61030
                   Dallas/Fort Worth Airport, Texas 75261

jm 6-30-80

_DWEason_
Authorized Agent

CC-1E15 Ptd. in U.S.A.

**ORIGINAL**

Subject to Protective Order – Highly Confidential

BSA-PLAN_00485394

**SA 2699**

## ENDORSEMENT

This endorsement, effective 12:01 A.M January 1, 1980 forms a part of
policy No GLP 706452 issued to Boy Scouts of America, National and all
Local Councils
by Insurance Company of North America


In consideration of an additional premium charge,
it is agreed that the policy period shown on the
Declarations Page is changed to read as follows:


Policy Period: From 1/1/78 until 1/1/81
12:01 A.M Standard Time at Irving Texas


Form 1803

Authorized Representative

INSURANCE COMPANY OF NORTH AMERICA

Subject to Protective Order – Highly Confidential

AUDIT REPORT for use with CASUALTY ... Form 8117, and DECL ... TIONS Page Form AL-51-0 ... **COMPANY COPY**

**THE HARTFORD INSURANCE CO.**
- 1 Hartford Fire Insurance Co.
- 2 Hartford Accident & Indemnity
- 3 Hartford Casualty Insurance Co.
- 4 Hartford Fire Insurance Co. of ...
- 6 New York Underwriters Insurance
- 7 Twin City Fire Insurance Co.

| Annual Ac | Monthly |
| Risk Card | Semi-Annual | Semi-Annual | Part-I |
| | Quarterly | Loss Control | Reinsurance |

Co. Code

INSURER → 5

Previous Policy No. 9
10 C A43342E

POLICY NO. 10 CA43349E

**DECLARATIONS**

Items
1. Named Insured and Address
The named insured is: ☐ Individual / Joint Venture   ☐ Partnership  ☒ Corporation   ☐ Other

2. Policy Period ———— From

Producer's Name and Address   Agent Code
WILSON AND ALLEN INC. 25-0480
200 PARK AVE.
NEW YORK, N.Y. 10017

10 C A43359E   UNDERWRITING COPY

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL**
**ROUTE #1**
**NORTH BRUNSWICK, N. J.**

1-1-76 To 1-1-77

RISK CARD

12:01 A.M. standard time at the address of the named insured as stated

SAID

☐ Semi-Annual
☐ Quarterly
☐ Monthly

The ...ance premium for this policy is as stated below. Insurance is afforded by the Coverage Parts forming a part hereof, ...h limits of liability as are stated therein and subject to all the terms of the policy having reference thereto.

**SUMMARY OF ADVANCE PREMIUMS**

| COVERAGE PARTS | ADVANCE PREMIUM |
|---|---|
| Comprehensive General Liability Insurance | $ 72,525. |
| Comprehensive Automobile Liability Insurance | $ 14,976. |
| Automobile Medical Payments Insurance | Included |
| Uninsured Motorists Insurance | Included |
| Automobile Physical Damage Insurance | $ 529.00 |
| Premises Medical Payments Insurance | $ INCLUDED |
| Contractual Liability Insurance | $ INCLUDED |
| Personal Injury Liability Insurance | $ INCLUDED |
| Garage Insurance | $ 1,573. |
| **EMPLOYEE BENEFIT LIABILITY INSURANCE** | $ INCLUDED |
| | $ |

Form Numbers of Coverage Parts and endorsements not listed on Coverage Parts forming part of Policy at issue:

**SEE FORM AL-8-0C**

**TOTAL ADVANCE PREMIUM** 88,514. / 24,276.00

If Policy Period more than one year: Gross Premium $ _____ Discount $ _____ Net Premium $ _____
Premium is payable: On effective date of Policy $ _____ 1st Anniversary $ _____ 2nd Anniversary $ _____

4. Business of the named insured is ———— **EDUCATIONAL DEVELOPMENT**

5. During the past 3 years no Insurer has cancelled insurance, issued to the named insured, similar to that afforded hereunder unless otherwise stated herein.

**GUARANTY UNDERWRITING FUNDS** 25.64 A.L.  5.71 A.L.  65.00 G.L.  196.28

Form AL-51-0 GDR Printed in U.S.A.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

JTX-4000-10

BSA-PLAN_00251749
SA 2701

Stamps: DUPLICATE IN AUDIT DEPT. / DUPLICATE IN CLAIM DEPT. / NOTIFY SPEC. ACCTS. INS. DEPT. OF ANY CHANGE / SPEC. ACCTS. INS. DEPT.

59E

This endorsement forms a part of Policy No. **10 C A433438**
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Named Insured and Address

Effective date.................................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

## EXTENSION TO FORM L-3037-1

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE

IT IS AGREED THAT THE FOLLOWING SCHEDULE APPLIES AS RESPECTS FORM L3037-1
"REAL PROPERTY LIABILITY FIRE:"

| DESC. OF PROPERTY | LIMIT OF LIAB. | RATE PER $100 LIMIT | PREMIUM |
|---|---|---|---|
| 1. 308 FIFTH AVE NEW YORK, N.Y. | 100,000 EA OCCURRENCE | | INCLUDED |
| 2. 300 WEST ADAMS ST. CHICAGO, ILLINOIS | 100,000 EA OCCURRENCE | | |
| 3. 2515 PEACHTREE CENTER BLDG ATLANTA, GA. | 100,000 EA OCCURRENCE | | IN THE |
| 4. POWER & LIGHT BLDG. 14TH BALTIMORE SUITE 2606 KANSAS, CITY, MO. | 100,000 EA OCCURRENCE | | COMPOSITE |
| 5. 44 CARILLON TOWER EAST 13601 PRESTON RD. DALLAS, TEXAS | 100,000 EA OCCURRENCE | | |
| 6. 790 LUCERNE DRIVE, SUNNYVALE, CALIF. | 100,000 EA OCCURRENCE | | RATE |
| 7. 275 BUSH ST., SAN FRANCISCO, CALIF. 94104 | 100,000 EA OCCURRENCE | | |

*BANCROFT BUILDING*
*731 MARKET ST.*
*San Francisco, Cal.*    *100,000 ea. Occurrence*

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes
t as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Form AL-8 C Printed in U.S.A. 10-66 NBCU1

Countersigned by .................................................................
Authorized Agent

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Named Insured and Address

This endorsement forms a part of Policy No. 10  C  A43349E
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date..........................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

## AMENDMENT – LIMITS OF LIABILITY
### (SINGLE LIMIT)

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE

#### SCHEDULE

| COVERAGES | LIMITS OF LIABILITY |
|---|---|
| BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY | $500,000 EACH PERSON $500,000 OCCURENCE |

IT IS AGREED THAT PROVISIONS OF THE POLICY CAPTIONED "LIMITS OF LIABILITY"
RELATING TO BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY ARE
AMENDED TO READ AS FOLLOWS:

LIMITS OF LIABILITY

REGARDLESS OF THE NUMBER OF (1) INSUREDS UNDER THIS POLICY, (2) PERSONS OR
ORGANIZATIONS WHO SUSTAIN BODILY INJURY OR PROPERTY DAMAGE, (3) CLAIMS MADE
OR SUITS BROUGHT ON ACCOUNT OF BODILY INJURY OR PROPERTY DAMAGE OR (4)
AUTOMOBILES OR UNITS OF MOBILE EQUIPMENT TO WHICH THIS POLICY APPLIES,
THE COMPANY'S LIABILITY IS LIMITED AS FOLLOWS:

BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY:

(a) THE LIMIT OF LIABILITY STATED IN THE SCHEDULE AS APPLICABLE TO "EACH
OCCURENCE" IS THE TOTAL LIMIT OF THE COMPANY'S LIABILITY FOR ALL DAMAGES
BECAUSE OF BODILY INJURY OR PROPERTY DAMAGE AS A RESULT OF ANY ONE
OCCURRENCE, PROVIDED THAT WITH RESPECT TO ANY OCCURRENCE FOR WHICH NOTICE
OF THIS POLICY IS GIVEN IN LIEU OF SECURITY OR WHEN THIS POLICY IS
CERTIFIED AS RPPF OF FINANCIAL RESPONSIBILITY UNDER THE PROVISIONS OF THE
MOTOR VEHICLE FINANCIAL RESPONSIBILITY LAW OF ANY STATE OR PROVINCE SUCH
LIMIT OF LIABILITY SHALL BE APPLIED TO PROVIDE THE SEPARATE LIMITS BY
SUCH LAW FOR BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY TO THE
EXTENT OF THE COVERAGE REQUIRED BY SUCH LAW, BUT THE SEPARATE APPLICATION
SUCH LIMIT SHALL NOT INCREASE THE TOTAL LIMIT OF THE COMPANY'S LIABILITY.

(B) FOR THE PURPOSE OF DETERMINING THE LIMIT OF THE COMPANY'S LIABILITY,
ALL BODILY INJURY AND PROPERTY DAMAGE ARISING OUT OF CONTINUOUS OR
REPEATED EXPOSURE TO SUBSTANTIALLY THE SAME GENERAL CONDITIONS SHALL BE
CONSIDERED AS ARISING OUT OF ONE OCCURRENCE.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company and; provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by .......................................
                                    *Authorized Agent*

Printed in U.S.A.  10-'66  NBCU

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

BSA-PLAN_00251751

SA 2703

AMENDMENT—LIMITS OF LIABILITY

( SINGLE LIMIT )

Named Insured and Address

This endorsement forms a part of Policy No. 10 C A43349E
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date ..............................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**CONTRACTUAL LIABILITY INSURANCE**

SCHEDULE

BODILY INJURY LIABILITY AND PROPERTY DAMAGE     $ ~~500~~  ,000 EACH OCCURRENCE
LIABILITY.                                       $ ~~500~~  ,000 AGGREGATE

IT IS AGREED THAT PROVISIONS OF THE POLICY CAPTIONED " LIMITS OF LIABILITY"
RELATING TO BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY ARE
AMENDED TO READ AS FOLLOWS:

LIMITS OF LIABILITY

REGARDLESS OF THE NUMBER OF (1) INSUREDS UNDER THIS POLICY, (2) PERSONS
OR ORGANIZATIONS WHO SUSTAIN BODILY INJURY OR PROPERTY DAMAGE, (3) CLAIMS
MADE OR SUITS BROUGHT ON ACCOUNT OF BODILY INJURY OR PROPERTY DAMAGE OR
(4) AUTOMOBILES OR UNITS OF MOBILE EQUIPMENT TO WHICH THIS POLICY
APPLIES, THE COMPANY'S LIABILITY IS LIMITED AS FOLLOWS:

BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY:

(A)     THE LIMIT OF LIABILITY STATED IN THE SCHEDULE AS APPLICABLE TO
        "EACH OCCURRENCE" IS THE TOTAL LIMIT OF THE COMPANY'S LIABILITY
        FOR ALL DAMAGES BECAUSE OF BODILY INJURY OR PROPERTY DAMAGE AS
        A RESULT OF ANY ONE OCCURRENCE PROVIDED THAT WITH RESPECT TO
        ANY OCCURRENCE FOR WHICH NOTICE OF THIS POLICY IS GIVEN IN LIEU
        OF SECURITY OR WHEN THIS POLICY IS CERTIFIED AS PROOF OF
        FINANCIAL RESPONSIBILITY UNDER THE PROVISIONS OF THE MOTOR
        VEHICLE FINANCIAL RESPONSIBILITY LAW OF ANY STATE OR PROVINCE
        SUCH LIMIT OF LIABILITY SHALL BE APPLIED TO PROVIDE THE SEPARATE
        LIMITS REQUIRED BY SUCH LAW FOR BODILY INJURY LIABILITY AND
        PROPERTY DAMAGE LIABILITY TO THE EXTENT OF THE COVERAGE REQUIRED
        BY SUCH LAW, BUT THE  SEPARATE APPLICATION OF SUCH LIMIT SHALL
        NOT INCREASE  THE TOTAL LIMIT OF THE COMPANY'S LIABILITY.

(B)     SUBJECT TO THE ABOVE PROVISIONS RESPECTING "EACH OCCURRENCE",
        THE TOTAL LIABILITY OF THE COMPANY FOR ALL DAMAGES BECAUSE OF
        ALL BODILY INJURY AND PROPERTY DAMAGE WHICH OCCURS DURING EACH
        ANNUAL PERIOD WHILE THIS POLICY IS IN FORCE COMMENCING FROM ITS
        EFFECTIVE DATE AND IS DESCRIBED IN ANY OF THE NUMBERED SUBPARAGRAPHS
        BELOW SHALL NOT  EXCEED THE LIMIT OF LIABILITY STATED IN THE
        SCHEDULE AS "AGGREGATE".

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company: provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.


THE HARTFORD
INSURANCE GROUP

[Company] designated these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the [...]

Countersigned by .......................................................

( SINGLE LIMIT )

Named Insured and Address

This endorsement forms a part of Policy No. ......... **10 C A43349E**
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date......................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

## AMENDMENT LIMITS OF LIABILITY (SINGLE LIMIT) (CONT'D)

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**CONTRACTUAL LIABILITY INSURANCE**

(1) ALL PROPERTY DAMAGE ARISING OUT OF PREMISES OR OPERATIONS RATED
ON A REMUNERATION BASIS OR CONTRACTOR'S EQUIPMENT RATED ON A
RECEIPTS BASIS, INCLUDING PROPERTY DAMAGE FOR WHICH LIABILITY IS
ASSUMED UNDER ANY INCIDENTAL CONTRACT RELATING TO SUCH PREMISES OR
OPERATIONS, BUT EXCLUDING PROPERTY DAMAGE INCLUDED IN SUBPARAGRAPH
(2) BELOW.

(2) ALL PROPERTY DAMAGE ARISING OUT OF AN OCCURRING IN THE COURSE OF
OPERATIONS PERFORMED FOR THE NAMED INSURED BY INDEPENDENT
CONTRACTORS AND GENERAL SUPERVISION THEREOF BY THE NAMED INSURED,
INCLUDING ANY SUCH PROPERTY DAMAGE FOR WHICH LIABILITY IS ASSUMED
UNDER ANY INCIDENTAL CONTRACT RELATING TO SUCH OPERATIONS, BUT
THIS SUBPARAGRAPH (2) DOES NOT INCLUDE PROPERTY DAMAGE ARISING OUT
OF MAINTENANCE OR REPAIRS AT PREMISES OWNED BY OR RENTED TO THE
NAMED INSURED OR STRUCTURAL ALTERATIONS AT SUCH PREMISES WHICH DO
NOT INVOLVE CHANGING THE SIZE OF OR MOVING BUILDINGS OR OTHER
STRUCTURES;

(3) ALL BODILY INJURY AND PROPERTY DAMAGE INCLUDED WITHIN THE COMPLETED
OPERATIONS HAZARD AND ALL BODILY INJURY AND PROPERTY DAMAGE INCLUDED
WITHIN THE PRODUCTS HAZARD;

(4) ALL PROPERTY DAMAGE FOR WHICH LIABILITY IS ASSUMED UNDER ANY CONTRACT
TO WHICH THE CONTRACTUAL LIABILITY INSURANCE APPLIES.

SUCH AGGREGATE LIMIT SHALL APPLY SEPARATELY:

(I) TO THE PROPERTY DAMAGE DESCRIBED IN SUBPARAGRAPHS (1) AND (2)
SEPARATELY WITH RESPECT TO EACH PROJECT AWAY FROM PREMISES
OWNED BY OR RENTED TO THE NAMED INSURED;

(II) TO THE SUM OF THE DAMAGED FOR ALL BODILY INJURY AND
PROPERTY DAMAGE DESCRIBED IN SUBPARAGRAPH(3); AND

(III) TO THE PROPERTY DAMAGE DESCRIBED IN SUBPARAGRAPH (4)
SEPARATELY WITH RESPECT TO EACH PROJECT AWAY FROM PREMISES
OWNED BY OR RENTED TO THE NAMED INSURED.

(c) FOR THE PURPOSE OF DETERMINING THE LIMIT OF THE COMPANY'S LIABILITY,
ALL BODILY INJURY AND PROPERTY DAMAGE ARISING OUT OF CONTINUOUS OR
REPEATED EXPOSURE TO SUBSTANTIALLY THE SAME GENERAL CONDITIONS SHALL
BE CONSIDERED AS ARISING OUT OF ONE OCCURRENCE.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company: provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.


**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Form AL-8 (C  Printed in U. S. A.  1976  NPCPS

...............................................................
Countersigned by .........................................
*Authorized Agent*

The company located these documents in its
records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

## RESIDE  AGENT COUNTERSIGNATURE EN  RSEMENT



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Co. Code [1] Hartford  re Insurance Company
Co. Code [5] Hartford Accident and Indemnity Company
Co. Code [3] Hartford Casualty Insurance Company

Co. Code [6] New York Und   riters Insurance Company
Co. Code [7] Twin City Fire Insurance Company

Named Insured and Address

This Endorsement forms a part of ☒ Policy No. ☐ *Bond No... **10  C  A43349**  ~~57F~~
issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL**
**NORTH BRUNSWICK, N. J.**

Effective date ............ **1/1/76·77** ............................  Effective hour is the same as stated in the Declarations of the Policy.

*Note:  *If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".*

State for which this endorsement is issued       Producing Agent or Broker

**NEW MEXICO**                          **WILSON AND ALLEN INC. 250480**

The insurer with respect to each coverage shall be as designated by Co. Code Number.

| Co. Code | Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|---|
| 5 | Bodily Injury | $ ~~644.00~~ 5070 | 5 | General Liability | $ ~~5906.00~~ 23298 |
| 5 | Medical Payments | $ ~~904.00~~ nil | | Workmen's Compensation | $ |
| 5 | Property Damage | $ ~~184.00~~ 3198. | | Burglary | $ |
| | Comprehensive | $ | | Glass | $ |
| | Collision | $ | | Bond | $ |
| 5 | Other (specify) **UM** | $ ~~276.00~~ nil | | Other (specify) | $ |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

The countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so far as concerns that portion of the Risk located in the State named above.

Agency Location                         |  Countersigned by (Resident Agent)

Form G-1760-7  Printed in U. S. A.  6-'70

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

BSA-PLAN_00251754
SA 2706



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

# COMPREHENSIVE GENERAL LIABILITY INSURANCE
## COVERAGE PART

This Coverage Part forms a part of Policy No..................................................issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*

This Coverage Part is effective.................................................................(at the hour stated in the policy) and forms a part of the above designated policy issued to .............................................................................................................................................................

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverages | Advance Premiums | | Limits of Liability |
|---|---|---|---|
| A — Bodily Injury Liability | $ | $ | ,000 each occurrence |
| | | $ | ,000 aggregate |
| B — Property Damage Liability | $ | $ | ,000 each occurrence |
| | | $ | ,000 aggregate |

| Rating Classifications | Code No. | Premium Bases | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| Entries herein, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy. | | | B. I. | P. D. | B. I. | P. D. |
| (a) Premises    Operations | | (a) Area (b) Frontage (c) Remuneration (d) Receipts | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration (d) Per $100 of Receipts | | | |
| (b) Escalators | | (e) Landings | (e) Per Landing | | | |
| (c) Independent Contractors | | (f) Cost | (f) Per $100 of Cost | | | |
| (d) Completed Operations | | (g) Receipts | (g) Per $1,000 of Receipts | | | |
| (e) Products | | (h) Sales | (h) Per $1,000 of Sales | | | |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUMS | $ | $ |
|---|---|---|---|

If the Policy Period is more than one year, the Premium is Payable:

On effective date of Policy $                1st Anniversary $                2nd Anniversary $

documents in its

The conditions and provisions printed on pages CGL-2 and CGL-3 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company, provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

these documents constitute a complete and accurate copy of the policy.

Countersigned by ................................................................
*Authorized Agent*

Form L-3503-4   Printed in U. S. A.                CGL-1

## COMPREHENSIVE GENERAL LIABILITY INSURANCE
## COVERAGE PART

*(continued)*

**I.  COVERAGE A — BODILY INJURY LIABILITY**

**COVERAGE B — PROPERTY DAMAGE LIABILITY**

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of

Coverage A — *bodily injury* or

Coverage B — *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking *damages* on account of such *bodily injury* or *property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a) to liability assumed by the *insured* under any contract or agreement except an *incidental contract;* but this exclusion does not apply to a warranty of fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;

(b) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any *automobile* or aircraft owned or operated by or rented or loaned to any *insured*, or

(2) any other *automobile* or aircraft operated by any person in the course of his employment by any *insured;*

but this exclusion does not apply to the parking of an *automobile* on premises owned by, rented to or controlled by the *named insured* or the ways immediately adjoining, if such *automobile* is not owned by or rented or loaned to any *insured;*

(c) to *bodily injury* or *property damage* arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any *mobile equipment* while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or (2) the operation or use of any snowmobile or trailer designed for use therewith;

(d) to *bodily injury* or *property damage* arising out of and in the course of the transportation of *mobile equipment* by an *automobile* owned or operated by or rented or loaned to any *insured;*

(e) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any watercraft owned or operated by or rented or loaned to any *insured*, or

(2) any other watercraft operated by any person in the course of his employment by any *insured;*

but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the *named insured;*

(f) to *bodily injury* or *property damage* arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

(g) to *bodily injury* or *property damage* due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to

(1) liability assumed by the *insured* under an *incidental contract*, or

(2) expenses for first aid under the Supplementary Payments provision;

(h) to *bodily injury* or *property damage* for which the *insured* or an indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes,

if such liability is imposed

(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the *insured* or his indemnitee as an owner or lessor described in (2) above;

(i) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(j) to *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured* or to any obligation of the *insured* to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the *insured* under an *incidental contract;*

(k) to *property damage* to

(1) property owned or occupied by or rented to the *insured*,

(2) property used by the *insured*, or

(3) property in the care, custody or control of the *insured* or as to which the *insured* is for any purpose exercising physical control;

but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of exclusion does not apply with respect to *property damage* (other than to *elevators*) arising out of the use of an *elevator* at premises owned by, rented to or controlled by the *named insured;*

(l) to *property damage* to premises alienated by the *named insured* arising out of such premises or any part thereof;

(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from

(1) a delay in or lack of performance by or on behalf of the *named insured* of any contract or agreement, or

(2) the failure of the *named insured's products* or work performed by or on behalf of the *named insured* to meet the level of performance, quality, fitness or durability warranted or represented by the *named insured;*

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the *named insured's products* or work performed by or on behalf of the *named insured* after such products or work have been put to use by any person or organization other than an *insured;*

(n) to *property damage* to the *named insured's products* arising out of such products or any part of such products;

(o) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(p) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the *named insured's products* or work completed by or for the *named insured* or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(q) to *property damage* included within:

The ꞏꞏꞏ ꞏꞏꞏ the explained hazard in connection with operations identi.. in this policy by a classification code number which indica.. the symbol .. . At this time, the company does not certify that these documents constitute complete and accurate copy of the policy.

Form L-3543-8                                           *CGL2*

 **THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

# COMPREHENSIVE GENERAL LIABILITY INSURANCE
## COVERAGE PART
*(continued)*

(2) the *collapse hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "c".

(3) the *underground property damage hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "u".

## II.  PERSONS INSURED

Each of the following is an *insured* under this insurance to the extent set forth below:

(a) if the *named insured* is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the *named insured* with respect to the conduct of such a business;

(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the *named insured*) or organization while acting as real estate manager for the *named insured*; and

(e) with respect to the operation, for the purpose of locomotion upon a public highway, of *mobile equipment* registered under any motor vehicle registration law,

    (i) an employee of the *named insured* while operating any such equipment in the course of his employment, and

    (ii) any other person while operating with the permission of the *named insured* any such equipment registered in the name of the *named insured* and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;

provided that no person or organization shall be an *insured* under this paragraph (e) with respect to:

(1) *bodily injury* to any fellow employee of such person injured in the course of his employment, or

(2) *property damage* to property owned by, rented to, in charge of or occupied by the *named insured* or the employer of any person described in subparagraph (ii).

This insurance does not apply to *bodily injury* or *property damage* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured*.

## III.  LIMITS OF LIABILITY

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *bodily injury* or *property damage*, or (3) claims made or suits brought on account of *bodily injury* or *property damage*, the company's liability is limited as follows:

**Coverage A** — The total liability of the company for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one or more persons as the result of any one *occurrence* shall not exceed the limit of *bodily injury* liability stated in the schedule as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of (1) all *bodily injury* included within the *completed operations hazard* and (2) all *bodily injury* included within the *products hazard* shall not exceed the limit of *bodily injury* liability stated in the schedule as "aggregate".

**Coverage B** — The total liability of the company for all damages because of all *property damage* sustained by one or more persons or organizations as the result of any one *occurrence* shall not exceed the limit of *property damage* liability stated in the schedule as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of all *property damage* to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of *property damage* liability stated in the schedule as "aggregate":

(1) all *property damage* arising out of premises or operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including *property damage* for which liability is assumed under any *incidental contract* relating to such premises or operations, but excluding *property damage* included in subparagraph (2) below;

(2) all *property damage* arising out of and occurring in the course of operations performed for the *named insured* by independent contractors and general supervision thereof by the *named insured*, including any such *property damage* for which liability is assumed under any *incidental contract* relating to such operations, but this subparagraph (2) does not include *property damage* arising out of maintenance or repairs at premises owned by or rented to the *named insured* or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all *property damage* included within the *products hazard* and all *property damage* included within the *completed operations hazard*.

Such aggregate limit shall apply separately to the *property damage* described in subparagraphs (1), (2) and (3) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the *named insured*.

**Coverages A and B** — For the purpose of determining the limit of the company's liability, all *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence*.

**IV.  POLICY TERRITORY**

This insurance applies only to *bodily injury* or *property damage* which occurs within the policy territory.

The company located these documents in its business records. At this time, the company does not believe that these documents constitute a complete and accurate copy of the policy.

Form L-1503-0   Printed in U. S. A.

CGL-3

Subject to Protective Order – Highly Confidential

54E

This endorsement forms a part of Policy No. ZO C A43349E
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Named Insured and Address

Effective date........................................................12:01 A. M., standard time at the address of the *named in*
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE
PERSONAL INJURY LIABILITY INSURANCE
LIQUOR LIABILITY INSURANCE (HOST COVERAGE)
PREMISES MEDICAL PAYMENTS INSURANCE
EMPLOYEE BENEFIT LIABILITY INSURANCE

FORM NUMBERS OF COVERAGE PARTS AND ENDORSEMENTS NOT LISTED ON COVERAGE
FORMING PART OF POLICY AT ISSUE:

CGL
L-3503-0  COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE PART
L-3523-0  CONTRACTUAL LIABILITY INSURANCE COVERAGE PART
L-3524-0  LIQUOR LIABILITY INSURANCE (HOST COVERAGE)
L-3505-0  PREMISES MEDICAL PAYMENTS INSURANCE COVERAGE PART
L-3525-0  PERSONAL INJURY LIABILITY INSURANCE COVERAGE PART
L-2583-2  EMPLOYEE BENEFIT LIABILITY INSURANCE COVERAGE PART (ALL OTHER)
L-3037-1  REAL PROPERTY, ETC. AND EXTENSION AL-8-0C
L-3012-0  BOATS
L-3243-0  ADDITIONAL INSURED-VENDORS LIMITED FORM
AL-8-0B  INCIDENTAL MALPRACTICE LIAB. ENDT.
AL-8-0C  AMENDMENT LIMITS OF LIAB. (SINGLE LIMIT)
AL-8-0B  ADDITIONAL INSURED (INTERESTS OF TVA & USA (SPECIFIC)
AL-8-0C  WORLD WIDE COVERAGE
L-3600-0  AMENDATORY ENDT.-NOTICE (TEXAS)
AL-64-41  amendment of Casualty Insurance ( Wisconsin )
AS PER DECLARATION PAGE AL-51-0
AL-8-0B  NAMED INSURED ENDT.
AL-57-0  PREMIUM INSTALLMENT
AL-8-0B  ADDITIONAL INSURED (GOLDEN GATE SCOUTING)
AL-8-0B  ADDITIONAL INSURED (US FOUNDATION FOR INT'L SCOUTING)
AL-8-0B  ADDITIONAL INSURED (EMPLOYEES, COUNCIL MEMBERS, ETC.)
AL-8-0B  NOTICE OF OCCURRENCE

L-2853-1  ERRORS  AND OMISSIONS INSURANCE-EMPLOYEE BENEFIT PROGRAM(ILL.,N.J.,N.Y.,OKLA.
L-2853-0  ERRORS AND OMISSIONS INSURANCE -EMPLOYEE BENEFIT PROGRAM(TEXAS)
L-3014-0  EXCLUSION COMPLETED OPERATIONS AND PRODUCTS HAZARDS

AS PER DECLARATION PAGE AL-51-0

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

AL8-1 B NAMED INSURED ENDORSEMENT
AL-8-1 B ADDITIONAL INSURED(EMPLOYEES, COUNCIL MEMBERS, ETC.)
AL-8-1 B NOTICE OF OCCURRENCE
AL-57-1 PREMIUM  INSTALLMENT

BSA-PLAN_00251758
SA 2710

RESIDE: AGENT COUNTERSIGNATURE EN: RSEMENT

**THE HARTFORD**
INSURANCE GROUP
HARTFORD CONNECTICUT

| Co. Code | |
|---|---|
| [1] Hartfor. .ire Insurance Company | [6] New York Und. .riters Insurance Company |
| [5] Hartford Accident and Indemnity Company | [7] Twin City Fire Insurance Company |
| [3] Hartford Casualty Insurance Company | |

Named Insured and Address

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL**
**NORTH BRUNSWICK, N. J.**

This Endorsement forms a part of [X] Policy No. [ ]  *Bond No.  **10 C A43349E**  *SEE*
issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Effective date............. **1/1/76 77**   Effective hour is the same as stated in the Declarations of the Policy.

*Note:   If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".

| State for which this endorsement is issued | Producing Agent or Broker |
|---|---|
| **OKLA.** | **WILSON AND ALLEN INC. 250480** |

The insurer with respect to each coverage shall be as designated by Co. Code Number.

| Co. Code | Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|---|
| | Bodily Injury | $ | 5 | General Liability | $ **1149.00** 1412. |
| | Medical Payments | $ | | Workmen's Compensation | $ |
| | Property Damage | $ | | Burglary | $ |
| | Comprehensive | $ | | Glass | $ |
| | Collision | $ | | Bond | $ |
| | Other (specify) | $ | | Other (specify) | $ |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

The countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so far as concerns that portion of the Risk located in the State named above.

| Agency Location | Countersigned by (Resident Agent) |
|---|---|
| | _[signature]_ |

Form G-1760-7   Printed in U.S.A.   6-'70

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

| OKLAHOMA CITY REG. OFF[ ] | COUNTERSIGNATURE MEMO | LAHOMA CITY, OKLA. 73102 |
|---|---|---|

Insured 1200 CRAVENA BLDG.                    Address

BOY SCOUTS OF AMERICA NATIONAL COUNCIL RT #1 NORTH BRUNSWICK, N.J.

| mpany Office | | Co. Code | Policy No. | | Expiration | Date |
|---|---|---|---|---|---|---|
| MANHATTAN | | 5 | 10 C A43349[ ] | 51 6 | 1/1/7708 | 2/10/76 |

Name and Address of Producer

Please show Countersigning Agent preferred, if any, in block below.

WILSON AND ALLEN INC. 250480
200 PARK AVE.,
NEW YORK, N.Y. 10017

Name and Address of Countersigning Agent

**PRODUCER —**

The risk in caption involves inter-state coverage, which can be effected only by compliance with the respective state's laws. We are glad to be of assistance as intermediary in arranging such countersignature, but cannot be a party to any negotiation with the Countersigning Agent for the payment of the commission or fees. The countersigning fee should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account Current. If you accept an Office Account, you will be billed accordingly.

| States of Insured's Operations | Non-Resident License, If any | |
|---|---|---|
| | Number | Name of Licensee |
| OKLAHOMA | 944658 | Joseph W Allen |

If not licensed, is same desired?  ☐ Yes   ☐ No.  If "Yes", which States:

Producer's Rate of Commission 10.0 %  Premium 1412.        Effective Date 1/1/77

[ ]a G-2669-0   Printed in U. S. A.   8-'67        **COMPANY OFFICE OF PRODUCER**

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00251760

SA 2712

## COUNTERSIGNATURE MEMO

**ALLAS REG OFFICE, P.O. BC**
Insured 927, DALLAS, TX. 7~~ ~1

Address

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL** | RT #1 NORTH BRUNSWICK, N.J.

| ny Office | Co. Code | Policy No. | Expiration | Date |
|---|---|---|---|---|
| MANHATTAN | 5 | 10 C A43349B | 1/1/77 | 2/10/76 |

Name and Address of Producer

Please show Countersigning Agent preferred, if any, in block below.

WILSON AND ALLEN INC. 250480
200 PARK AVE.,
NEW YORK, N.Y. 10017

Name and Address of Countersigning Agent

**PRODUCER —**

The risk in caption involves inter-state coverage, which can be effected only by compliance with the respective state's laws. We are glad to be of assistance as intermediary in arranging such countersignature, but cannot be a party to any negotiation with the Countersigning Agent for the payment of the commission or fees. The countersigning fee should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account Current. If you accept an Office Account, you will be billed accordingly.

| States of Insured's Operations | Non-Resident License, if any | |
|---|---|---|
| | Number | Name of Licensee |
| NEW MEXICO | 419 | FRED C. WILSON |

If not licensed, is same desired?  ☐ Yes   ☐ No.   If "Yes", which States:

Producer's Rate of Commission 0.0 %   Premium $3 258. ~HC      Effective Date 1/1/77
15.0                    8 268. AC
C-2669-0  Printed in U.S.A.  8-'67      COMPANY OFFICE OF PRODUCER

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

BSA-PLAN_00251761

**SA 2713**

RESIDENT AGENT COUNTERSIGNATURE ENDORSEMENT



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Co. Code ☐ 1 Hartford Fire Insurance Company
☐ 5 Hartford Accident and Indemnity Company
☐ 3 Hartford Casualty Insurance Company

Co. Code ☐ 6 New York Underwriters Insurance Company
☐ 7 Twin City Fire Insurance Company

Named Insured and Address

BOY SCOUTS OF AMERICA NATIONAL COUNCIL

NORTH BRUNSWICK, N. J.

This Endorsement forms a part of ☒ Policy No. ☐ *Bond No. 10 C A43349E

*59E*

issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Effective date_____ 1/1/76? ?

Effective hour is the same as stated in the Declarations of the Policy.

*Note: If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".

| State for which this endorsement is issued | Producing Agent or Broker |
|---|---|
| TEXAS | WILSON AND ALLEN INC. 250480 |

The insurer with respect to each coverage shall be designated by Co. Code Number.

| Co. Code | Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|---|
| | Bodily Injury | $ | 5 | General Liability | $ 64.00 — 13 E |
| | Medical Payments | $ | | Workmen's Compensation | $ |
| | Property Damage | $ | | Burglary | $ |
| | Comprehensive | $ | | Glass | $ |
| | Collision | $ | | Bond | $ |
| | Other (specify) | $ | | Other (specify) | $ |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

The countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so far as concerns that portion of the Risk located in the State named above.

| Agency Location | Countersigned by (Resident Agent) |
|---|---|
| | _atte_ |

Form G-1760-7   Printed in U. S. A.   6-'70

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

BSA-PLAN_00251762
SA 2714

HOUSTON REG. OFFICE | COUNTERSIGNATURE MEMO 12? MAIN ST.,

Insured THE MAIN BLDG.

Address P**STON, TX. 77002

BOY SCOUTS OF AMERICA NATIONAL COUNCIL | RT #1 NORTH BRUNSWICK, N.J.

| Company Office | Co. Code | Policy No. | Expiration | Date |
|---|---|---|---|---|
| MANHATTAN | 5 | 10 C A43349E | 1/1/77)F | 2/10/76 |

Name and Address of Producer

Please show Countersigning Agent preferred, if any, in block below.

WILSON AND ALLEN INC. 250480
200 PARK AVE.,
NEW YORK, N.Y. 10017

Name and Address of Countersigning Agent

PRODUCER —

The risk in caption involves inter-state coverage, which can be effected only by compliance with the respective state's laws. We are glad to be of assistance as intermediary in arranging such countersignature, but cannot be a party to any negotiation with the Countersigning Agent for the payment of the commission or fees. The countersigning fee should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account Current. If you accept an Office Account, you will be billed accordingly.

| States of Insured's Operations | Non-Resident License, if any | |
|---|---|---|
| | Number | Name of Licensee |
| TEXAS | 4996 | FRED C. WILSON |

If not licensed, is same desired?  ☐ Yes   ☐ No.   If "Yes", which States:

Producer's Rate of Commission /5.0 %   Premium /64.  OL          Effective Date 1/1/77

76  2669-0   Printed in U.S.A.  8-'67          COMPANY OFFICE OF PRODUCER

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

**COUNTERSIGNATURE MEMO**

MILWAUKEE REG. OFFICE

Insured **P.O. BOX 90299**

MILWAUKEE, WISC. 53202

Address

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL    RT #1 NORTH BRUNSWICK, N.J.**

| Company Office | Co. Code | Policy No. | Expiration | Date |
|---|---|---|---|---|
| MANHATTAN | 5 | 10 C A43349E | 1/1/77 1/8 | 2/10/76 |

Name and Address of Producer

Please show Countersigning Agent preferred, if any, in block below.

**WILSON AND ALLEN INC. 250480**
**200 PARK AVE.,**
**NEW YORK, N.Y. 10017**

Name and Address of Countersigning Agent

**PRODUCER —**

The risk in caption involves inter-state coverage, which can be effected only by compliance with the respective state's laws. We are glad to be of assistance as intermediary in arranging such countersignature, but cannot be a party to any negotiation with the Countersigning Agent for the payment of the commission or fees. The countersigning fee should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account Current. If you accept an Office Account, you will be billed accordingly.

| States of Insured's Operations | Non-Resident License, if any | |
|---|---|---|
| | Number | Name of Licensee |
| **WISC.** | 29555 | J. Allen |

If not licensed, is same desired?   ☐ Yes     ☐ No.   If "Yes", which States:

Producer's Rate of Commission 10.0 %    Premium 166. 2L     Effective Date 1/1/77
                                    15.0              248. AL

22-2669-0  Printed in U. S. A.  8-'67

**COMPANY OFFICE OF PRODUCER**

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

RESIDENT AGENT COUNTERSIGNATURE ENDORSEMENT

**THE HARTFORD**
INSURANCE GROUP
HARTFORD CONNECTICUT

| Co. Code | | Co. Code | |
|---|---|---|---|
| [1] | Hartford Fire Insurance Company | [6] | New York Underwriters Insurance Company |
| [5] | Hartford Accident and Indemnity Company | [7] | Twin City Fire Insurance Company |
| [3] | Hartford Casualty Insurance Company | | |

This Endorsement forms
a part of [X] Policy No. [ ] *Bond No. **10 C A43349E**
issued by THE HARTFORD INSURANCE GROUP company des-
ignated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Named Insured and Address

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL**

**NORTH BRUNSWICK, N. J.**

Effective date................**1/1/7677**

Effective hour is the same as stated in the Declarations of
the Policy.

*Note:   *If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".*

| State for which this endorsement is issued | Producing Agent or Broker |
|---|---|
| **WISC.** | **WILSON AND ALLEN INC. 250480** |

The insurer with respect to each coverage shall be as designated by Co. Code Number.

| Co. Code | Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|---|
| 5 | Bodily Injury | $ ~~51.00~~ 526 | | General Liability | $ 766. |
| 5 | Medical Payments | $ ~~54.00~~ | | Workmen's Compensation | $ |
| 5 | Property Damage | $ ~~12.00~~ 328. | | Burglary | $ |
| 5 | Comprehensive | $ ~~69.00~~ | | Glass | $ |
| | Collision | $ | | Bond | $ |
| 5 | Other (specify)  **UM** | $ ~~9.00~~ | | Other (specify) | $ |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

The countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so
far as concerns that portion of the Risk located in the State named above.

| Agency Location | Countersigned by (Resident Agent) |
|---|---|
| | |

Form G-1760-7   Printed in U.S.A.   6-'70

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

COMM. 10.0%   PREMIUM 35,255.   EFF. DATE 1/1/77
                              2392.

**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Co. Code 5 [1] Hartford Fire Insurance Company        Co. Code 6 [6] New York Underwriters Insurance Company
         5 [5] Hartford Accident and Indemnity Company        7 [7] Twin City Fire Insurance Company
         5 [3] Hartford Casualty Insurance Company

G-2669-0   Printed in U. S. A.   8-'67            PRODUCER'S COPY

---

**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Co. Code [1] Hartford ...          Und...riters Insurance Company
         [5] Hartford Accident and ...        ...in City Fire Insurance Company
         [3] Hartford Casualty Insurance Company

Named Insured and Address

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL**

**NORTH BRUNSWICK, N. J.**

This Endorsement forms
a part of [ ] Policy No. [ ]   10 C A433498
issued by THE HARTFORD INSURANCE GROUP company des-
ignated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.
*Bond No.

Effective date   1/1/76-77    Effective hour is the same as stated in the Declarations of the Policy.

**Note:** *If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".*

for which this endorsement is issued     Producing Agent or Broker
**N.J.**                                  **WILSON AND ALLEN INC. 250480**

The insurer with respect to each coverage shall be as designated by Co. Code Number.

| Co. Code | Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|---|
| 5 | Bodily Injury | $ 2080 / 103.00 | 5 | General Liability | $ 33,255. / 8297.00 |
| 5 | Medical Payments | $ 467.00 | | Workmen's Compensation | $ |
| 5 | Property Damage | $ 7512. / 64.00 | | Burglary | $ |
| | Comprehensive | $ | | Glass | $ |
| | Collision | $ | | Bond | $ |
| 5 | Other (specify) UM | $ 32.00 | | Other (specify) | $ |
| 5 | PIP | $ 6.00 | | | $ |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

The countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so far as concerns that portion of the Risk located in the State named above.

| Agency Location | Countersigned by (Resident Agent) |
|---|---|
| | |

G-1760-7   Printed in U. S. A.   6-'70

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

BSA-PLAN_00251766
SA 2718

## RESIDENT AGENT COUNTERSIGNATURE ENDORSEMENT

**THE HARTFORD INSURANCE GROUP**
HARTFORD CONNECTICUT

- ☐ 1 Hartford Fire Insurance Company
- ☑ 2 Hartford Accident and Indemnity Company
- ☐ 3 Hartford Casualty Insurance Company
- ☐ 6 New York Underwriters Insurance Company
- ☐ 7 Twin City Fire Insurance Company

Named Insured and Address

is Endorsement forms art of ☑ Policy No. ☐ *Bond No. **10 C A43349E**
ued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy ess another effective date is stated herein.

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL**
**NORTH BRUNSWICK, N. J.**

Effective date......... **1/1/1977**

Effective hour is the same as stated in the Declarations of the Policy.

ote:   *If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".*

| te for which this endorsement is issued | Producing Agent or Broker |
|---|---|
| MINNESOTA | **WILSON AND ALLEN INC. 250480** |

e insurer with respect to each coverage shall be as designated by Co. Code Number.

| Code | Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|---|
| 5 | Bodily Injury | $ 260 23.00 | 5 | General Liability | $ 1864. |
| | Medical Payments | $ | | Workmen's Compensation | $ |
| 5 | Property Damage | $ 164. 4.00 | | Burglary | $ |
| | Comprehensive | $ | | Glass | $ |
| | Collision | $ | | Bond | $ |
| 5 5 | Other (specify) PIP Um | $ | | Other (specify) | $ |

thing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other in as herein stated.

e countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so as concerns that portion of the Risk located in the State named above.

| ncy Location | Countersigned by (Resident Agent) |
|---|---|

m G-1760-7   Printed in U.S.A.   6-'70

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

## RESIDENT AGENT COUNTERSIGNATURE ENDORSEMENT

**THE HARTFORD**
INSURANCE GROUP
HARTFORD CONNECTICUT

| Co. Code | | Co. Code | |
|---|---|---|---|
| [1] Hartford Fire Insurance Company | | [6] New York Underwriters Insurance Company | |
| [5] Hartford Accident and Indemnity Company | | [7] Twin City Fire Insurance Company | |
| [3] Hartford Casualty Insurance Company | | | |

Named Insured and Address

This Endorsement forms
part of [5] Policy No. [ ] *Bond No. .......... **10 C A43349E**     *see*
issued by THE HARTFORD INSURANCE GROUP company des-
ignated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL**
**NORTH BRUNSWICK, N.J.**

Effective date ............ **1/1/7617**

Effective hour is the same as stated in the Declarations of the Policy.

*Note: If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".*

State for which this endorsement is issued      **MAINE**

Producing Agent or Broker     **WILSON AND ALLEN INC. 250480**

The insurer with respect to each coverage shall be as designated by Co. Code Number.

| Co. Code | Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|---|
| 5 | Bodily Injury | $ 650.00 | 5 | General Liability | $ 1164 |
| 5 | Medical Payments | $ 40.00 | | Workmen's Compensation | $ |
| 5 | Property Damage | $ 40.00 | | Burglary | $ |
| 5 | Comprehensive | $ 190.00 | | Glass | $ |
| | Collision | $ | | Bond | $ |
| 5 | Other (specify) NM | $ incl | | Other (specify) | $ |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

The countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so far as concerns that portion of the Risk located in the State named above.

Agency Location

Countersigned by (Resident Agent)

Form G-1760-7   Printed in U.S.A.   6-'70

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

OO FRANCE AVE. SO.    COUNTERSIGNATURE MEMO MINNEAPOLIS REG. OFFICE
red EDINA, MINN. 55435                                   Address

OY SCOUTS OF AMERICA NATIONAL COUNCIL   RT #1 NORTH BRUNSWICK, N.J.

| npany Office | | Co. Code | Policy No. | Expiration | Date |
|---|---|---|---|---|---|
| ANHATTAN | | 5 | 10 C A43349E | 1/1/77 | 2/10/76 |

ase show Countersigning Agent preferred, if any,
block below.

WILSON AND ALLEN INC. 250480
200 PARK AVE.,
NEW YORK, N.Y. 10017

Name and Address of Countersigning Agent

**PRODUCER —**

The risk in caption involves inter-state coverage, which can
be effected only by compliance with the respective state's
laws. We are glad to be of assistance as intermediary in
arranging such countersignature, but cannot be a party to
any negotiation with the Countersigning Agent for the pay-
ment of the commission or fees. The countersigning fee
should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account
Current. If you accept an Office Account, you will be
billed accordingly.

| States of Insured's Operations | Non-Resident License, if any | |
|---|---|---|
| | Number | Name of Licensee |
| MINNESOTA | 096498 / 086498 | FRED C WILSON |

ot licensed, is same desired?  ☐ Yes   ☐ No.  If "Yes", which States:

ducer's Rate of Commission 10.0 %  Premium 1964
                              15.0         424.

Effective Date 1/1/77

n G-2649-0  Printed in U.S.A.  8-'67    COMPANY OFFICE OF PRODUCER

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

| RTLAND OFFICE | COUNTERSIGNATURE MEMO | PORTLAND OFFICE, PORTLAND, |
|---|---|---|
| ˢᵉᵈONE MONUMENT SQ. | Address | MAINE 04111 |

SCOUTS OF AMERICA NATIONAL COUNCIL, RT #1 NORTH BRUNSWICK, N.J.

| apany Office | Co. Code | Policy No. | Expiration | Date |
|---|---|---|---|---|
| ANHATTAN | 5 | 10 C A43349E ⁵⁹ᶠ | 1/1/77 | 2/10/76 |

ase show Countersigning Agent preferred, if any,
block below.

Name and Address of Producer

WILSON AND ALLEN INC. 250480
200 PARK AVE.,
NEW YORK, N.Y. 10017

Name and Address of Countersigning Agent

PRODUCER —

The risk in caption involves inter-state coverage, which can be effected only by compliance with the respective state's laws. We are glad to be of assistance as intermediary in arranging such countersignature, but cannot be a party to any negotiation with the Countersigning Agent for the payment of the commission or fees. The countersigning fee should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account Current. If you accept an Office Account, you will be billed accordingly.

| States of Insured's Operations | Non-Resident License, if any | |
|---|---|---|
| | Number | Name of Licensee |
| AINE | 565 NR | Wilson & Allen |

ot licensed, is same desired?  ☐ Yes   ☐ No. If "Yes", which States:

ducer's Rate of Commission 10.0 %   Premium 1164. -SL      Effective Date 1/1/77
                              15.0              1060 AC
m G-2669-0   Printed in U. S. A.   8-'67     COMPANY OFFICE OF PRODUCER

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

## RESIDENT AGENT COUNTERSIGNATURE ENDORSEMENT

**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Co. Code
1 Hartford Fire Insurance Company
2 Hartford Accident and Indemnity Company
3 Hartford Casualty Insurance Company

6 New York Underwriters Insurance Company
7 Twin City Fire Insurance Company

Named Insured and Address

This Endorsement forms part of ☒ Policy No. ☐ *Bond No. **10 C A43349E** issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

*596*

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL**
**NORTH BRUNSWICK, N. J.**

Effective date ... **1/1/76-77** ...

Effective hour is the same as stated in the Declarations of the Policy.

Note: *If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".*

| State for which this endorsement is issued | Producing Agent or Broker |
|---|---|
| **INDIANA** | **WILSON AND ALLEN INC. 250480** |

The insurer with respect to each coverage shall be as designated by Co. Code Number.

| Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|
| Bodily Injury | $ | 5 | General Liability | $ 96 |
| Medical Payments | $ | B | Workmen's Compensation | $ ~~28.00~~ 96 |
| Property Damage | $ | | Burglary | $ |
| Comprehensive | $ | | Glass | $ |
| Collision | $ | | Bond | $ |
| Other (specify) | $ | | Other (specify) | $ |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

The countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so far as concerns that portion of the Risk located in the State named above.

| Agency Location | Countersigned by (Resident Agent) |
|---|---|
| | |

Form G-1760-7   Printed in U. S. A.   6-'70

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

DIANAPOLIS REG OFFICE · COUNTERSIGNATURE MEMO SUITE 1800, INDIANAPOLIS, IND.
red ONE INDIANA SQ. Address 46204

SCOUTS OF AMERICA NATIONAL COUNCIL | RT #1 NORTH BRUNSWICK, N.J.

| mpany Office | Co. Code | Policy No. | Expiration | Date |
|---|---|---|---|---|
| MANHATTAN | 5 | 10 C A43349E 59E | 1/1/77⁸ | 2/10/76 |

Name and Address of Producer

se show Countersigning Agent preferred, if any,
lock below.

WILSON AND ALLEN INC 250480
200 PARK AVE.,
NEW YORK, N.Y. 10017

Name and Address of Countersigning Agent

**PRODUCER —**

The risk in caption involves inter-state coverage, which can
be effected only by compliance with the respective state's
laws. We are glad to be of assistance as intermediary in
arranging such countersignature, but cannot be a party to
any negotiation with the Countersigning Agent for the pay-
ment of the commission or fees. The countersigning fee
should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account
Current. If you accept an Office Account, you will be
billed accordingly.

| States of nsured's Operations | Non-Resident License, if any | |
|---|---|---|
| | Number | Name of Licensee |
| INDIANA | NR 13136 | Joseph W. Allen |

t licensed, is same desired?   ☐ Yes    ☐ No.   If "Yes", which States:

ucer's Rate of Commission 10.0 %   Premium 96. 9L        Effective Date 1/1/77

s G-2669-0   Printed in U. S. A.   8-'67        **COMPANY OFFICE OF PRODUCER**

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

**COUNTERSIGNATURE MEMO**

GO REG. OFFICE
HARTFORD PLAZA, CHIC???, ILL. 60606 Address

SCOUTS OF AMERICA NATIONAL COUNCIL | RT #1 NORTH BRUNSWICK, N.J.

| any Office | Co. Code | Policy No. | 59 F | Expiration | Date |
|---|---|---|---|---|---|
| HATTAN | 5 | 10 C A433495 | | 1/1/77)8 | 2/10/76 |

Name and Address of Producer

: show Countersigning Agent preferred, if any,
ck below.

WILSON AND ALLEN INC. 250480
200 PARK AVE.,
NEW YORK, N. Y. 10017

Name and Address of Countersigning Agent

**PRODUCER —**

The risk in caption involves inter-state coverage, which can be effected only by compliance with the respective state's laws. We are glad to be of assistance as intermediary in arranging such countersignature, but cannot be a party to any negotiation with the Countersigning Agent for the payment of the commission or fees. The countersigning fee should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account Current. If you accept an Office Account, you will be billed accordingly.

| States of ured's Operations | Non-Resident License, if any | |
|---|---|---|
| | Number | Name of Licensee |
| INOIS | 81328 | FRED C. WILSON |

licensed, is same desired?  ☐ Yes  ☐ No. If "Yes", which States:

er's Rate of Commission 10.0 %  Premium 1593-82          Effective Date 1/1/77

-2669-0  Printed in U. S. A.  8-'67          **COMPANY OFFICE OF PRODUCER**

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

## RESIDENT AGENT COUNTERSIGNATURE ENDORSEMENT

**THE HARTFORD**
**INSURANCE GROUP**
HARTFORD CONNECTICUT

Co. Code
[1] Hartford Fire Insurance Company
[2] Hartford Accident and Indemnity Company
[3] Hartford Casualty Insurance Company

Co. Code
[6] New York Underwriters Insurance Company
[7] Twin City Fire Insurance Company

Named Insured and Address

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL**

**NORTH BRUNSWICK, N. J.**

This Endorsement forms part of [ ] Policy No. [ ] *Bond No. **10 C A43349E** 5YF
issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Effective date...................**1/1/76-77**

Effective hour is the same as stated in the Declarations of the Policy.

Note: *If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".*

State for which this endorsement is issued: **GA.**

Producing Agent or Broker: **WILSON AND ALLEN INC. 250480**

The insurer with respect to each coverage shall be as designated by Co. Code Number.

| Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|
| Bodily Injury | $ | 5 | General Liability | $ *174* |
| Medical Payments | $ | 6 | Workmen's Compensation | $ ~~....~~ |
| Property Damage | $ | | Burglary | $ |
| Comprehensive | $ | | Glass | $ |
| Collision | $ | | Bond | $ |
| Other (specify) | $ | | Other (specify) | $ |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

The countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so far as concerns that portion of the Risk located in the State named above.

| Agency Location | Countersigned by (Resident Agent) |
|---|---|
| | *[signature]* |

Form G-1760-7   Printed in U.S.A.   6-'70

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

ANTA REG. OFF.                COUNTERSIGNATURE MEMO P. O. BOX 1720,
red                                                    Address        A     ANTA, GA. 30301

Y SCOUTS OF AMERICA NATIONAL COUNCIL RT #1 NORTH BRUNSWICK, N.J.

| pany Office | Co. Code | Policy No. | *59L* | Expiration | Date |
|---|---|---|---|---|---|
| ANHATTAN | 5 | 10 C A43349 | | 1/1/77 78 | 2/10/76 |

Name and Address of Producer

se show Countersigning Agent preferred, if any,
lock below.

WILSON AND ALLEN INC. 250480
200 PARK AVE.,
NEW YORK, N.Y. 10017

Name and Address of Countersigning Agent

| | Non-Resident License, if any | |
|---|---|---|
| ...ates of asured's Operations | Number | Name of Licensee |
| | 90081 | JOSEPH W. ALLEN |

**PRODUCER —**

The risk in caption involves inter-state coverage, which can be effected only by compliance with the respective state's laws. We are glad to be of assistance as intermediary in arranging such countersignature, but cannot be a party to any negotiation with the Countersigning Agent for the payment of the commission or fees. The countersigning fee should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account Current. If you accept an Office Account, you will be billed accordingly.

t licensed, is same desired?  ☐ Yes    ☐ No.  If "Yes", which States:

...ucer's Rate of Commission *10.0* %   Premium *174. 9L*        Effective Date  *1/1/79*

.. G-2649-0   Printed in U. S. A.  8-'67        COMPANY OFFICE OF PRODUCER

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential          BSA-PLAN_00251775

SA 2727

## RESIDENT AGENT COUNTERSIGNATURE ENDORSEMENT

**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Co. Code
☐ 1 Hartford Fi. Insurance Company
☒ 2 Hartford Accident and Indemnity Company
☐ 3 Hartford Casualty Insurance Company

Co. Code
☐ 6 New York Underw...rs Insurance Company
☒ 7 Twin City Fire Insurance Company

This Endorsement forms a part of ☒ Policy No. ☐ *Bond No. **10 C A43349E** *59E*
issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Named Insured and Address

**BOY SCOUTS OF AMERICA NATIONAL COUNCIL**

**NORTH BRUNSWICK, N. J.**

Effective date **1/1/76 77**

Effective hour is the same as stated in the Declarations of the Policy.

*Note: If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".

| State for which this endorsement is issued | Producing Agent or Broker |
|---|---|
| **DIST OF COLUMBIA** | **WILSON AND ALLEN INC 250480** |

The Insurer with respect to each coverage shall be as designated by Co. Code Number.

| Co. Code | Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|---|
| | Bodily Injury | $ | 5 | General Liability | $ ~~18.00~~ 95. |
| | Medical Payments | $ | | Workmen's Compensation | $ |
| | Property Damage | $ | | Burglary | $ |
| | Comprehensive | $ | | Glass | $ |
| | Collision | $ | | Bond | $ |
| | Other (specify) | $ | | Other (specify) | $ *Allen* |

...ng herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other ...herein stated.

...nature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so ...at portion of the Risk located in the State named above.

Countersigned by (Resident Agent)

business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

| | COUNTERSIGNATURE MEMO | | | |
|---|---|---|---|---|

WASHINGTON REG. OFF.                    COUNTERSIGNATURE MEMO100 NO. PITT ST.
Insured                                                    Address    ALEXANDRIA, VA. 22314

BOY SCOUTS OF AMERICA NATIONAL COUNCIL | RT #1 NORTH BRUNSWICK, N.J.

| Company Office | | Co. Code | Policy No. | Expiration | Date |
|---|---|---|---|---|---|
| MANHATTAN | | 5 | 10 C A43349E | 1/1/7778 | 2/10/76 |

Please show Countersigning Agent preferred, if any,
in block below.

Name and Address of Producer

WILSON AND ALLEN INC. 250480
200 PARK AVE.,
NEW YORK, N. Y. 10017

Name and Address of Countersigning Agent

PRODUCER —

The risk in caption involves inter-state coverage, which can be effected only by compliance with the respective state's laws. We are glad to be of assistance as intermediary in arranging such countersignature, but cannot be a party to any negotiation with the Countersigning Agent for the payment of the commission or fees. The countersigning fee should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account Current. If you accept an Office Account, you will be billed accordingly.

| States of Insured's Operations | Non-Resident License, if any | |
|---|---|---|
| | Number | Name of Licensee |
| DIST OF COLUMBIA | 49350 | FRED. C. WILSON |

If not licensed, is same desired?  ☐ Yes    ☐ No.   If "Yes", which States:

The company located these documents in its business records. At this time, the company cannot confirm that these documents constitute a complete and accurate copy of the policy.

Producer's Rate of Commission     % Premium                    Effective Date

Form G-2669-0   Printed in U. S. A.   3-'67              COMPANY OFFICE OF PRODUCER

BSA-PLAN_00251777
SA 2729

## AMENDME. OF CASUALTY INSURANCE POLI —WISCONSIN

...en this policy is issued or delivered in the State of Wisconsin it is agreed that:

Paragraph (a) of the Condition entitled "Insured's Duties in the Event of Occurrence, Claim or Suit" is amended to read:

**Insured's Duties in the Event of Occurrence, Claim or Suit**

(a) In the event of an *occurrence*, written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company or any of its authorized agents within 20 days following the date of the *occurrence*; provided, that failure to give such notice within the time specified shall not invalidate any claim made by the *insured* if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that such notice was given as soon as reasonably possible.

2. Paragraph (b) of the Automobile Physical Damage Insurance Condition entitled "Named Insured's Duties in Event of Loss" is amended to read:

(b) give notice thereof (i) to the company or any of its authorized agents within 20 days following the date the *loss* occurs, provided that failure to give such notice within the time specified shall not invalidate any claim made by the *named insured* if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that such notice was given as soon as reasonably possible, and also (ii) in the event of theft or larceny, promptly to the police;

3. The Condition entitled "Changes" is amended to read:

**Changes**   The terms of this policy shall not be changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the Company.

Knowledge of an agent of the company at the time this policy is issued or an application made shall be knowledge of the company, and any fact which breaches a condition of the policy and is known to the agent when the policy is issued or the application made shall not void the policy or defeat a recovery thereon in the event of loss.

4. The following paragraph is added to the Condition entitled "Declarations":

No oral or written statement, representation or warranty made by the *insured* or in his behalf in the negotiation of this policy shall be deemed material or defeat or avoid the policy, unless such statement, representation or warranty was false and made with intent to deceive, or unless the matter misrepresented or made a warranty increased the risk or contributed to the loss.   No breach of a warranty in this policy shall defeat or avoid this policy unless the breach of such warranty increased the risk at the time of the loss, or contributed to the loss, or existed at the time of the loss.

With respect only to such insurance as is afforded by the policy for *bodily injury* liability or *property damage* liability arising out of the ownership, maintenance or use of motor vehicles:

(a) The company shall not cancel nor refuse to renew this policy solely because of the age, residence, race, color, creed, national origin, ancestry or occupation of any person who is an *insured* under this policy.

(b) If the *named insured* is an individual, the "Persons Insured" provision is amended to include as an *insured* any person using a motor vehicle owned by the *named insured* which is designed to transport or draw persons or property on the public highways with the permission of an adult member of the *named insured's* household other than a chauffeur or domestic servant, and any other person or organization but only with respect to his or its liability because of acts or omissions of such an *insured*.

6. If an action for *bodily injury* or *property damage* is brought in Wisconsin, the Condition entitled "Action Against Company" is amended to read:

**Action Against Company**   No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance by the *insured* with all of the terms of this policy.

Any person or organization or the legal representative thereof who has secured a judgment against the *insured* shall be entitled to recover under this policy to the extent of the insurance afforded by this policy. Bankruptcy or insolvency of the *insured* or of the *insured's* estate shall not relieve the company of any of its obligations hereunder.

7. The following Conditions are added:

**A. Cancellation by Company Limited**

After this policy has been in effect for sixty days or, if this policy is a renewal, effective immediately, the company shall not exercise its right to cancel the insurance unless the *named insured* fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit.

This agreement shall apply to each successive policy period for which the company consents to renew or continue this policy but nothing herein shall obligate the company to renew or continue this policy beyond the expiration of any annual period commencing with its original effective date; provided that, if this policy is written without a fixed expiration date or for a policy period longer than one year, this policy may be terminated by the company effective on the expiration of any such annual period by mailing to the *insured* named in Item 1 of the declarations at the address shown in this policy, written notice of such termination not less than thirty days prior to the expiration of such annual period.   The mailing of notice as aforesaid shall be sufficient proof of notice.   Delivery of such written notice by the company shall be equivalent to mailing.

Notwithstanding the failure of the company to comply with the foregoing provisions of this Condition, this policy shall terminate on the effective date of any other insurance policy issued as a replacement for any insurance afforded by this policy, with respect to any such insurance to which both such policies apply.

**B. Renewal**

If the company elects not to renew this policy, it shall mail to the *insured* named in Item 1 of the declarations, at the address shown in this policy, written notice of such nonrenewal not less than thirty days prior to the expiration date;   provided that, notwithstanding the failure of the company to comply with the foregoing provisions of this paragraph, this policy shall terminate

business records. At this time, the company does not certify that these documents constitute

BSA-PLAN_00251778

SA 2730

1.  on such expiration date, if

    (a) the *named insured* has failed to discharge when due any of his obligations in connection with the payment of premium for this policy, or for the renewal thereof, or any installment of such premium, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit, or

    (b) the company has by any means manifested its willingness to renew to the *named insured* or his representative, or

    (c) the *named insured* has notified the company or its agent that he does not wish this policy to be renewed; or

2.  on the effective date of any other insurance policy issued as a replacement for any insurance afforded by this policy, with respect to any such insurance to which both such policies apply.

The mailing of notice as aforesaid shall be sufficient proof of notice.   Delivery of such written notice by the company shall be equivalent to mailing.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement forms a part of the policy, issued by THE HARTFORD INSURANCE GROUP company designated therein, which indicates this endorsement forms a part thereof, and takes effect as of the effective date of said policy.



THE HARTFORD
INSURANCE GROUP
HARTFORD, CONNECTICUT

*President*

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-4-4

Subject to Protective Order – Highly Confidential



...mium Installment

**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. 10 C A43349E

issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of
said Policy unless another effective date is stated herein.

Effective date........................................ 12:01 A. M., standard time at the address of the
named insured as stated herein. 88514

It is hereby understood and agreed that the **ORIGINAL** ......................Premium of $ 24,276.00
(Insert "original" or "additional" or "return")

will **BE PAYABLE IN** .............. 12 ................. installments as outlined in "Schedule of Payments."
(insert "be payable in" or "reduce the")

## SCHEDULE OF PAYMENTS

| NO. | DUE DATE OF PAYMENT | BODILY INJURY & PROPERTY DAMAGE LIABILITY EXCEPT AUTO | BODILY INJURY & PROPERTY DAMAGE LIABILITY AUTO | AUTO PHYSICAL DAMAGE | Garage Insurance | TOTAL |
|---|---|---|---|---|---|---|
| | | 7257. | 1447 | | 160. | 8864 |
| 1 | 1-1-76 | 1780.00 | 313.00 | 25.00 | 98.00 | 2216.00 |
| 2 | 2-1-76 | 7252. | 1447. | 24.00 | 157. | 8850. |
| | | 1773.00 | 313.00 | | 96.00 | 2206.00 |
| 3 | 3-1-76 | 7252. | 1447. | 24.00 | 157. | 8850. |
| | | 1773.00 | 313.00 | | 96.00 | 2206.00 |
| 4 | 4-1-76 | 7252. | 1447. | 24.00 | 157. | 8850. |
| | | 1773.00 | 313.00 | | 96.00 | 2206.00 |
| 5 | 5-1-76 | 7252. | 1447. | 24.00 | 157. | 8850. |
| | | 1773.00 | 313.00 | | 96.00 | 2206.00 |
| 6 | 6-1-76 | 7252. | 1447. | 24.00 | 157. | 8850. |
| | | 1773.00 | 313.00 | | 96.00 | 2206.00 |
| 7 | 7-1-76 | 7252. | 1447. | 24.00 | 157. | 8850. |
| | | 1773.00 | 313.00 | | 96.00 | 2206.00 |
| 8 | 8-1-76 | 7252. | 1447. | 24.00 | 157. | 8850. |
| | | 1773.00 | 313.00 | | 96.00 | 2206.00 |
| 9 | 9-1-76 | 7252. | 1447. | 24.00 | 157. | 8850. |
| | | 1773.00 | 313.00 | | 96.00 | 2206.00 |
| 10 | 10-1-76 | 7252. | 1447. | 24.00 | 157. | 8850. |
| | | 1773.00 | 313.00 | | 96.00 | 2206.00 |
| 11 | 11-1-76 | 7252. | 313.00 | 24.00 | 96.00 | 2206.00 |
| | | 1773.00 | | | | |
| 12 | 12-1-76 | 1447. | | | | 88514. |
| **TOTALS** | | 12,525. | 17446 | | 1573. | 88514. |
| | | 19,570.00 | 3,445.00 | 285.00 | 1,050.00 | 24,276.00 |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Countersigned by.................................................... Authorized Agent

The company located these documents in its business records. At this time the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL 576  Printed in U.S.A.

BSA-PLAN_00251780
SA 2732

WILSON & ALLEN



**Change, Elimination or Addition of Automobile**
**Change of Coverage — Amendment of Declarations**

THE HARTF

Named Insured and Address

BOY SCOUTS OF AMERICA NATIONAL COU

NORTH BRUNSWICK, N J

This endorsement forms a part of Policy No. **10 CA 43349E**
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date stated herein.

Effective date **9-1-76**

12:01 A. M., standard time at the address of the
insured as stated herein.

It is agreed that the policy is amended, with respect only to such of the following Items as are indicated by ☒:

1. The named Insured's NAME is amended to read .........................................................
2. The named Insured's ADDRESS is amended to read .......................................
3. **CHANGE OF COVERAGE** — The insurance afforded is amended as indicated by entry in the SCHEDULE of this endorsement.
☐ 4. The CLASSIFICATION for the Automobile designated herein is amended to read as follows:
☐ 5. Automobile DELETED — The insurance with resp to the Automobile designated herein is terminated.

| Year Model Trade Name | Body Type - Truck Size (Truck Load, Gallonage Bus Seating Capacity) | Identification No. | Rating Classification | Year Model Trade Name | Body Type - Truck Size (Truck Load, Gallonage Bus Seating Capacity) | Identification No. |
|---|---|---|---|---|---|---|
| | | | | | | |

☐ 6. Automobile(s) ADDED —    *Purposes of Use (P and B = Pleasure and Business; C = Commercial)

| Year Model Trade Name | Body Type - Truck Size (Truck Load, Gallonage Bus Seating Capacity) | Identification No. | No. of Cyls. Model | Principally Garaged In (Town, State) | *Purpose of Use | Rating Classification |
|---|---|---|---|---|---|---|
| | | | | | | |

| List Price | Actual Cost | Purchased Mo./Yr. New-Used | Symbol | LOSS PAYEE: Any loss under the Physical Damage Coverages (excluding Towing) is payable as interest may appear to the named insured and: |
|---|---|---|---|---|
| 4382 | | | | |

If more than one automobile is insured by the policy and the amendments effected by this endorsement are not to apply to all automobiles insured
by the policy such amendments apply only with respect to the following automobile(s):

A/R 1976 DODGE SPORTS VAN  #B36BF6X136565

**SCHEDULE**

The insurance afforded for the added automobile is only with respect to such and so many of the following coverages, each as defined in the policy,
as are indicated by an additional or return premium or the words "no charge" in the Premiums column. The limit of the company's liability against
each such coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

★(Insert X in applicable column)

| ★Include | X Delete | Amend Limits | COVERAGES | LIMITS OF LIABILITY | | ANNUAL | PREMIUMS ADDITIONAL | RETURN |
|---|---|---|---|---|---|---|---|---|
| | X | | Bodily Injury Liability | $ **500** ,000 each person | | $ **9900** | $ | $ **3300** |
| | X | | | $ **500** ,000 each occurrence | | | | |
| | X | | Medical Payments | $ **5,000** each person | | $ **1800** | $ | $ **600** |
| | X | | Property Damage Liability | $ **500** ,000 each occurrence | | $ **4400** | $ | $ **1500** |
| | X | | Uninsured Motorists | $ **10** ,000 each person | | $ **400** | $ | $ **100** |
| | | | | $ **20** ,000 each accident | | | | |
| X | | | Comprehensive | $ ACV unless amount stated | | $ **3100** | $ **10 00** | $ |
| ★ | | | Collision | ACV less $ deductible | | | | |
| ★ | | | Fire, Lightning or Transportation | $ ACV unless amount stated | | $ | $ | $ |
| ★ | | | Theft | $ ACV unless amount stated | | $ | $ | $ |
| ★ | | | Combined Additional | $ ACV unless amount stated | | $ | $ | $ |
| ★ | | | Towing | $ each disablement | | $ | $ | $ |
| | | | | | TOTALS $ **19900** | $ **10 00** | $ **5500** |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy other
than as herein stated. This endorsement shall not be binding unless countersigned by a duly authorized agent of the company.    P/R, ?

Countersigned by

The company located these documents in its business records, maintained in the ordinary course of business, on its website

COMPOSITE RATING
MEMORANDUM PAYROLL AUDIT DEPARTMENT

INSURED: __BOY SCOUTS OF AMERICA NATIONAL COUNCIL__

POLICY NO. __10 C A43349E__          PRODUCER __WILSON & ALLEN INC. 250480__

POLICY PERIOD: FROM __1/1/76__          TO __1/1/77__

COVERAGE __CGL__          BASIS __13,007,000 W.C. PAYROLL__

COMPOSITE RATE PER __$100 OF W.C. PAYROLL__

RETRO. LIMITS - B.I._____          P.D._____

EXCESS LIMITS - B.I._____          P.D._____

TOTAL POLICY LIMITS - B.I. __500/500   (CSL)__          P.D. __500/500__

The Composite Rates at policy limits are broken down as follows:-

| State | Retro. Limits | | Excess Limits | | Policy Limits | |
|-------|------|------|------|------|------|------|
|       | B.I. | P.D. | B.I. | P.D. | B.I. | P.D. |
| CALIF. |  |  |  |  | .00727 | .00032 |
| D.C. |  |  |  |  | .00613 | .00001 |
| G? |  |  |  |  | .00079 | .00001 |
| ? |  |  |  |  | .00826 | .00062 |
| IND. |  |  |  |  | .00014 | .00001 |
| MO. |  |  |  |  | .00148 | .00001 |
| N.J. |  |  |  |  | .05697 | .00682 |
| N.M. |  |  |  |  | .03686 | .00855 |
| N.Y. |  |  |  |  | .01202 | .00041 |
| OKLA. |  |  |  |  | .00850 | .00033 |
| TEXAS |  |  |  |  | .00048 | .00001 |
|  |  |  |  |  | .13290 | .01710 |

General Liability Coverages include:

O.L. & T.___X___     ; M. & C.___X___     ; Elev._____     ; Prod._____

Cont.___X___     ; O. & C.P._____

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

REMARKS:

Subject to Protective Order – Highly Confidential



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. **10 C A43349E**
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ................................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

### WORLD WIDE COVERAGE

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### CONTRACTUAL LIABILITY INSURANCE

THE DEFINITION OF "POLICY TERRITORY" IS AMENDED BY ADDING THE FOLLOWING THERETO:

(4)  ANYWHERE IN THE WORLD, WITH RESPECT TO THE OPERATIONS OF ANY NAMED INSURED DOMICILED IN THE UNITED STATES OF AMERICA, PROVIDED THAT:

(a)  IF CLAIM IS MADE OR SUIT IS BROUGHT ELSEWHERE THAN WITHIN THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS OR CANADA, THE COMPANY SHALL HAVE THE RIGHT BUT NOT THE DUTY TO INVESTIGATE AND SETTLE SUCH CLAIM AND DEFEND SUCH SUIT AND,

(b)  IN ANY CASE IN WHICH THE COMPANY ELECTS NOT TO INVESTIGATE, SETTLE OR DEFEND, THE INSURED SHALL, UNDER THE SUPERVISION OF THE COMPANY, MAKE OR CAUSE TO BE MADE SUCH INVESTIGATION AND DEFENSE AS ARE REASONABLY NECESSARY, AND SUBJECT TO PRIOR AUTHORIZATION BY THE COMPANY, WILL EFFECT TO THE EXTENT POSSIBLE SUCH SETTLEMENT AS THE COMPANY AND INSURED DEEM PRUDENT.

THE COMPANY SHALL REIMBURSE THE NAMED INSURED FOR THE REASONABLE COST OF SUCH INVESTIGATION SETTLEMENT OR DEFENSE. NOTHING HEREIN SHALL OBLIGATE THE COMPANY TO PAY ANY SUCH CLAIM OR JUDGMENT OR TO DEFEND ANY SUCH SUIT AFTER THE APPLICABLE LIMIT OF THE COMPANY'S LIABILITY HAS BEEN EXHAUSTED BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.
IT IS AGREED THAT SUCH PAYMENTS AS ARE TO BE MADE UNDER THIS ENDORSEMENT SHALL BE PAID IN THE CURRENCY OF THE UNITED STATES OF AMERICA.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect . . . f the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a ... authorized agent of the company shall constitute valid countersignature of this endorsement.

The company located these documents in its business records. At this time, the company ... certify that these documents constitute a complete and accurate copy of the policy.

Countersigned by...............................................
                                        Authorized Agent

Form AI-8-1 B   Printed in U.S.A.   ISO:



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. **10 C A43349E**
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ................................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

**NAMED INSURED ENDORSEMENT**

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE
PERSONAL INJURY LIABILITY INSURANCE
COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
AUTOMOBILE PHYSICAL DAMAGE INSURANCE
PREMISES MEDICAL PAYMENTS INSURANCE
EMPLOYEE BENEFIT INSURANCE**

**NAMED INSURED ENDORSEMENT**

IT IS AGREED THAT ITEM #1, NAMED INSURED SHALL READ AS FOLLOWS:

BOY SCOUTS OF AMERICA, NATIONAL ~~AND REGIONAL~~ COUNCILS

SOUTH CINCINNATI PARKING GARAGE - *Philtower Bldg*

PHILMONT SCOUT RANCH, ~~CIMARRON, N.M.~~

~~PHILTOWER BUILDING, TULSA OKLA.~~

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect on the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Countersigned by .................................................................................
Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8.1 B   Printed in U.S.A.   ISO

BSA-PLAN_00251784

SA 2736



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. 10 C A43349B *59E*
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ................................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

## NOTICE OF OCCURRENCE

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
AUTOMOBILE PHYSICAL DAMAGE INSURANCE
CONTRACTUAL LIABILITY INSURANCE
PERSONAL INJURY LIABILITY INSURANCE

IT IS AGREED THAT NOTICE OF CLAIM OR SUIT TO THE INSURED, IS TO
BE DEEMED EFFECTIVE ONLY WHEN GIVEN TO AN EXECUTIVE OFFICERS OR
THE INSURANCE MANAGER AT B.S.A. NATIONAL HEADQUARTERS, NORTH
BRUNSWICK, N. J.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Countersigned by.................................................................................
                                                         Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8-1 B   Printed in U.S.A.   ISO:



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. **10 G A43349E**
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ...................................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

**INCIDENTAL MALPRACTICE LIABILITY ENDORSEMENT**

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**

**IT IS AGREED THAT:**

1) **THE DEFINITION OF "BODILY INJURY" IS AMENDED TO INCLUDE INJURY ARISING OUT OF THE RENDERING OF OR FAILURE TO RENDER PROFESSIONAL SERVICES BY ANY PHYSICIAN, DENTIST OR NURSE WHILE EMPLOYED BY THE NAMED INSURED TO PROVIDE SUCH SERVICES.**

2) **EXCLUSION (J) DOES NOT APPLY TO INJURY TO THE EMOTIONS OR REPUTATION OF A PERSON ARISING OUT OF THE RENDERING OF SUCH SERVICES.**

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a authorized agent of the company shall constitute valid countersignature of this endorsement.

The company located these documents in its business records. At this time, the company certify that these documents constitute a complete and accurate copy of the policy.

Countersigned by.......................................................
                                          *Authorized Agent*

Form AL-8-1 B   Printed in U.S.A.   ISO:

Subject to Protective Order – Highly Confidential

BSA-PLAN_00251786

SA 2738

# CONTRACTUAL LIABILITY INSURANCE (BLANKET COVERAGE) — COVERAGE PART

COMPANY COPY

| Und. Approved | Confidential Report | Und. Notes |
|---|---|---|
| Quality Control | | |

This Coverage Part forms a part of Policy No. _____ 10 C AA3965_ _____ issued by THE HARTFORD INSURANCE GROUP company designated therein and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*
This Coverage Part is effective _____ (at the hour stated in the policy) and forms a part of the above designated policy issued to _____

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverages | Advance Premiums | Limits of Liability |
|---|---|---|
| YB — Contractual Bodily Injury Liability | $ INCLuded | $ SEE ,000 each occurrence |
| ZB — Contractual Property Damage Liability | $ INCLuded | $ SINGLE $ LIMIT ,000 each occurrence $ ENDT ,000 aggregate |

| Designation of Contracts | Code No. | Premium Bases | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | B. I. | P. D. | B. I. | P. D. |
| THAT PART OF ALL WRITTEN CONTRACTS OTHER THAN AS DEFINED UNDER "INCIDENTAL CONTRACTS" IN THE POLICY DEFINITION IN WHICH THE NAMED INSURED ASSUMES THE LIABILITY OF OTHERS | | (a) Cost (b) Sales | (a) Per $100 of Cost (b) Per $1,000 of Sales | | INCLUDED IN THE COMPOSITE RATE | |

Form Numbers of Endorsements forming part of this Coverage Part at issue:
**ALB-4C (AMENDMENT OF LIMITS OF LIAB.)**

| | |
|---|---|
| TOTAL ADVANCE PREMIUMS | $ |

If the Policy Period is more than one year, the Premium is Payable:
On effective date of Policy $ _____ 1st Anniversary $ _____ 2nd Anniversary $ _____
The following exclusions also apply:
☐ Exclusion (p) — Products and Completed Operations     ☐ Exclusion (q)— z, c & u

## I.   COVERAGE YB—CONTRACTUAL BODILY INJURY LIABILITY

### COVERAGE ZB—CONTRACTUAL PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the *insured* all sums which the *insured*, by reason of *contractual liability* assumed by him under *any written contract of the type* designated in the schedule for this insurance, shall become legally obligated to pay as damages because of

Coverage YB, *bodily injury* or

Coverage ZB, *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any *suit* against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the *suit* are groundless, false or fraudulent, and may make such investigation and settlement of any claim or *suit* as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend

(1) any arbitration proceeding wherein the company is not entitled to exercise the *insured's* rights in the choice of arbitrators and in the conduct of such proceedings, or

(2) any *suit* after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a) to liability assumed by the *insured* under any *incidental contract*;

(b) (1) if the *insured* is an architect, engineer or surveyor, to *bodily injury* or *property damage* arising out of professional services performed by such *insured*, including

(i) the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, and

(ii) supervisory, inspection or engineering services;

(2) if the indemnitee of the *insured* is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

The conditions and provisions printed on pages KB-2 and KB-3 of this form are hereby referred to and made a part hereof.
This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Countersigned by ................................

Authorized Agent

Form L-3523-0   CDR   Printed in U. S. A.   (ISO: KB 1/1/73)

KB-1

Subject to Protective Order – Highly Confidential

PREMISES MEDICAL PAYMENTS INSURANCE — COVERAGE PART

COMPANY COPY

Und. Approved
Quality Control

Confidential

This Coverage Part forms a part of Policy No. **10 C A1303*** issued by the Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective other than at policy inception)*

This Coverage Part is effective........................................................(at the hour stated in the policy)
policy issued to..........................................................

The Company, in consideration of the payment of the premium and subject to all of the provisions ....... agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is with respect to the following coverage as indicated by specific premium charge or charges. The limit of the company's liability against such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverage | Advance Premium | Limits of Liability | |
|---|---|---|---|
| E — Premises Medical Payments | $ **INCLUDED** | $ **250** | each person |
| | | **$10,000** | each accident |

| Description of Hazards | Advance Premiums |
|---|---|
| (a) Premises and Operations<br><br>**ALL LOCATIONS OF THE INSURED** *EXCLUDING CAMPS*<br>~~(FILED WITH COMPANY)~~<br>*AND CANOE BASES*<br>*(ON FILE WITH COMPANY)* | **INCLUDED**<br>**IN**<br>**COMPOSITE**<br>**RATE** |
| (b) Escalators | |
| (c) Sports Activities | |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUM | $ |
|---|---|---|

If the Policy Period is more than one year, the Premium is Payable:
On effective date of Policy $          1st Anniversary $          2nd Anniversary $

The conditions and provisions printed on page MP-2 of this form are hereby referred to and made a part hereof.
This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said by a duly authorized agent of the company shall be valid countersignature of this Coverage Part.

Countersigned by ........................................................          *Authorized A*

MP-1

Subject to Protective Order – Highly Confidential

**PERSONAL INJURY LIABILITY INSURANCE — COVERAGE PART**          COMPANY COPY

This Coverage Part forms a part of Policy No. _____ issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*

This Coverage Part is effective _____ (at the hour stated in the policy) and forms a part of the above designated policy issued to _____

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to personal injury arising out of an offense included within such of the following groups of offenses as are indicated by specific premium charge or charges.

| Coverage | Limits of Liability |
|---|---|
| PI—Personal Injury Liability | 1,000,000 $ 500,000 aggregate |
| | Insured's participation |

| Groups of Offenses | Advance Premium |
|---|---|
| A. False Arrest, Detention or Imprisonment, or Malicious Prosecution | $ INCL. |
| B. Libel, Slander, Defamation or Violation of Right of Privacy | $ INCL. |
| C. Wrongful Entry or Eviction or Other Invasion of Right of Private Occupancy | $ INCL. |
| Minimum Premium $          Total Advance Premium | $ INCL. |

| Location and Description of Exposure | Premium Bases | Rates | Premium |
|---|---|---|---|
| ALL LOCATIONS OF THE INSURED (FILED WITH THE COMPANY) | | | INCL IN COMPOSITE RATE |

Form Numbers of Endorsements forming part of this Coverage Part at issue

If the Policy Period is more than one year (the Premium is payable)
On effective date of Policy $ _____ 1st Anniversary $ _____
The conditions and provisions printed on the reverse side of this Coverage Part
This Coverage Part shall not be binding unless countersigned on the declarations of the Company, if this Coverage Part be issued to take effect as of the effective date of the policy but, at issue of said policy, such countersignature shall not be required in order that this Coverage Part be binding by a duly authorized agent of the company and shall constitute valid ...

Form L-3525-0   CDR   Printed in U.S.A.   (ISO: Advisory: PI 1/1/23)          **PI-1**



This endorsement forms a part of Policy No. **10 C A43349B**
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Named Insured and Address

Effective date........................................................ 12:01 A. M., standard time at the address of the *named insured* as
stated herein.

## ELIMINATION OF EXCLUSION "C"

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### PERSONAL INJURY LIABILITY INSURANCE

IN CONSIDERATION OF THE PREMIUM INCLUDED IN THE COMPOSITE RATE IT IS
AGREED THAT EXCLUSION (C) OF THE PERSONAL INJURY LIABILITY COVERAGE PART
IS DELETED.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company;  provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
**INSURANCE GROUP**
HARTFORD, CONNECTICUT

Countersigned by...................................................................
*Authorized Agent*

Form AL-8-0 A · Printed in U. S. A.  10-'66  NBCU:

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.



With respect to this Insurance, the limit of liability stated in the Schedule as applicable to "each claim" is the total of the company's liability, including liability for all damages and all costs, expenses and premiums for release of attachment or appeal bonds described in the "Supplementary Payments" provision and incurred in accordance therewith, on account of each claim to which this insurance applies.

For the purpose of applying the limits of the company's liability, all damages claimed by one employee as the result of a series of acts or omissions shall be considered as comprising one claim.

$1000 shall be deducted from the total amount of damages, exclusive of such costs, expenses and premiums, on account of each claim. All the terms of this insurance apply irrespective of the application of the deductible amount and the company may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, the insured shall promptly reimburse the company for such part of the deductible amount as has been paid by the company.

(b) effecting or terminating enrollment under Employee Benefit Program; provided all such acts are authorized by the named insured;

"Employee Benefit Programs" means a formal program or programs of employee benefits maintained in connection with the business or operations of the named insured covered by the Bodily Injury and Property Damage Liability Coverages of this policy, such as but not limited to Group Life Insurance, Group Accident or Health Insurance, Pension Plans, Employee Stock Subscription Plans, Workmen's Compensation, Unemployment Insurance, Social Security and Disability Benefits.

## VI. CONDITIONS

1. All of the Conditions of the policy apply to this insurance except "Financial Responsibility Laws" and "Other Insurance".

2. **Excess Insurance** This insurance shall be excess insurance over any other valid and collectible insurance available to the insured, and shall not contribute with any such other insurance.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Employee Benefits
Liabil'
Cov    COVERAGE
    ployee B
SCHED   lity In

Insurance is afforded with respect to the following coverage, subject to the limits of liability stated herein and to all the terms of the policy relating thereto.

| Coverage | Limits of Liability | |
|---|---|---|
| Employee Benefits Liability | $ 500,000 | ,000 each claim |
| | $ 500,000 | ,000 aggregate |

| Estimated Number of Employees | Rate (Each Employee) | | Advance Premium |
|---|---|---|---|
| | First 5,000 | | |
| | Next 5,000 | | INCLUDED |
| | Over 10,000 | | |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUM $ | |
|---|---|---|
| | | IN COMPOSITE RATE |

The conditions and provisions printed on Page EBL-2 of this form are a part hereof.

(For use only if this Coverage Part is effective after the effective date of the Policy)
This Coverage Part is effective_____(at the hour stated in the policy) and forms a part of Policy No._____
issued to _____

Countersigned by _____

*Authorized Agent*

**I.   EMPLOYEE BENEFITS LIABILITY COVERAGE**

The company will pay on behalf of the **Insured** all sums in excess of the deductible amount which the **Insured** shall become legally obligated to pay as damages on account of any claim against the **Insured** arising out of any negligent act or omission within the United States of America, its territories or possessions, or Canada, in the administration of the named Insured's **Employee Benefit Programs**, provided such claim is first made against the **Insured** during the period this insurance is in force and the **Insured** at the effective date of this insurance had no knowledge of or could not have reasonably foreseen any circumstances which might result in a claim or suit.

The company shall have the right and duty to defend any suit against the **Insured** seeking damages on account of such claim, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment, on account of one or more claims to which this insurance applies, of judgments or settlements or of sums described in the "Supplementary Payments" provision, or both.

Exc    ns
Th    ance does not apply to:
(a)    claim arising out of

**II.   PERSONS INSURED**

Each of the following is an **Insured** under this insurance to the extent set forth below:

(a)   if the named **Insured** is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the named **Insured** with respect to the conduct of such a business;

(b)   if the named **Insured** is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c)   if the named **Insured** is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d)   any employee of the named Insured while acting within the scope of his duties in connection with the administration of the named Insured's **Employee Benefit Programs**.

This insurance does not apply to any claim arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in this policy as a named Insu...

Subject to Protective Order – Highly Confidential



With respect to this insurance, the limit of liability stated in the Schedule as applicable to "each claim" is the tot_____ of the company's liability, including liability for all damages ___ or all costs, expenses and premiums for release of attachment or appeal bonds described in the "Supplementary Payments" provision and incurred in accordance therewith, on account of each claim to which this insurance applies.

For the purpose of applying the limits of the company's liability, all damages claimed by one employee as the result of a series of acts or omissions shall be considered as comprising one claim.

$1000 shall be deducted from the total amount of damages, exclusive of such costs, expenses and premiums, on account of each claim. All the terms of this insurance apply irrespective of the application of the deductible amount and the company may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, the **Insured** shall promptly reimburse the company for such part of the deductible amount as has been paid by the company.

(3) effecting or terminating enrollment of any employee of the **named insured** under Employee Benefit _____ em;

provided all such acts are authorized by the **named** ____ed;

**"Employee Benefit Programs"** means a formal program or programs of employee benefits maintained in connection with the business or operations of the **named insured** covered by the Bodily Injury and Property Damage Liability Coverages of this policy, such as but not limited to Group Life Insurance, Group Accident or Health Insurance, Pension Plans, Employee Stock Subscription Plans, Workmen's Compensation, Unemployment Insurance, Social Security and Disability Benefits.

**VI.   CONDITIONS**

1.   All of the Conditions of the policy apply to this insurance except "Financial Responsibility Laws" and "Other Insurance".

2.   **Excess Insurance** This insurance shall be excess insurance over any other valid and collectible insurance available to the **Insured**, and shall not contribute with any such other insurance.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

BSA-PLAN_00251793

SA 2745



Em... ...nefits   WISCONSIN & TEXAS
Lia... ...urance
Coverage Part

**THE HARTFORD**

## SCHEDULE

Insurance is afforded with respect to the following coverage, subject to the limits of liability stated herein and to all the terms of the policy relating thereto.

| Coverage | Limits of Liability | |
|---|---|---|
| Employee Benefits Liability | $ 1,000 ,000 each claim | |
| | $ 1,000 ,000 aggregate | |

| Estimated Number of Employees | Rate (Each Employee) | | Advance Premium |
|---|---|---|---|
| | First 5,000 | | INCLUDED IN |
| | Next 5,000 | | |
| | Over 10,000 | | |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUM $ | COMPOSITE    RATE |
|---|---|---|

The conditions and provisions printed on Page EBL-2 of this form are a part hereof.

**(For use only if this Coverage Part is effective after the effective date of the Policy)**
This Coverage Part is effective_____ (at the hour stated in the policy) and forms a part of Policy No._____
issued to _____

Countersigned by _____

*Authorized Agent*

---

**I.    EMPLOYEE BENEFITS LIABILITY COVERAGE**

The company will pay on behalf of the **Insured** all sums in excess of the deductible amount which the **Insured** shall become legally obligated to pay as damages on account of any claim against the **Insured** arising out of any negligent act or omission within the United States of America, its territories or possessions, or Canada, in the administration of the named **Insured's Employee Benefit Programs**, provided such claim is first made against the **Insured** during the period this insurance is in force and the **Insured** at the effective date of this insurance had no knowledge of or could not have reasonably foreseen any circumstances which might result in a claim or suit.

The company shall have the right and duty to defend any suit against the **Insured** seeking damages on account of such a claim, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment, on account of one or more claims to which this insurance applies, of judgments or settlements or of sums described in the "Supplementary Payments" provision, or both.

**...sions**
...surance does not apply to:
...y claim arising out of...

**II.    PERSONS INSURED**

Each of the following is an **Insured** under this insurance to the extent set forth below:

(a)    if the named **Insured** is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the named **Insured** with respect to the conduct of such a business;

(b)    if the named **Insured** is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c)    if the named **Insured** is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d)    any employee of the named **Insured** while acting within the scope of his duties in connection with the administration of the named **Insured's Employee Benefit Programs**.

This insurance does not apply to any claim arising out of the conduct of any partnership or joint venture of which the **Insured** is a partner or member and which is not designated in this policy as a named **Insured**.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00251794

SA 2746





## ADDITIONAL INSURED
### (Vendors—Limited Form)

Named Insured and Address

This endorsement forms a part of Policy No. **10 C A43349E**
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date...........................................................12:01 A. M., standard time at the address of the named insured as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE

It is agreed that the "Persons Insured" provision is amended to include any person or organization (herein referred to as "Vendor"), as an Insured,
but only with respect to the distribution or sale in the regular course of the Vendor's business of the Named Insured's products subject to the following
additional provisions:

1. The insurance with respect to the Vendor does not apply to:
    (a) any express warranty, or any distribution or sale for a purpose unauthorized by the Named Insured
    (b) bodily injury or property damage arising out of
        (i) any act of the Vendor which changes the condition of the products,
        (ii) any failure to maintain the product in merchantable condition,
        (iii) any failure to make such inspections, adjustments, tests or servicing as the Vendor has agreed to make or normally undertakes to make
            in the usual course of business, in connection with the distribution or sale of the products, or
        (iv) products which after distribution or sale by the Named Insured have been labeled or relabeled or used as a container, part or ingre-
            dient of any other thing or substance by or for the Vendor;
    (c) bodily injury or property damage occurring within the Vendor's premises.

2. This insurance does not apply to any person or organization, as Insured, from whom the Named Insured has acquired such products or any
    ingredient, part or container, entering into, accompanying or containing such products.

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

REAL PROPERTY — LIABILITY — FIRE

10 C A4334QE

Named Insured and Address

This endorsement forms a part of Policy No.......................................
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date..............................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE

It is agreed that the Property Damage Liability Coverage applies to *property damage* to structures or portions thereof rented to or occupied by the *named insured* and described in this endorsement, including fixtures permanently attached thereto, if such *property damage* arises out of fire, subject to the following additional provisions:

1.  With respect to the insurance provided by this endorsement, all of the exclusions of the policy, other than the Nuclear Energy Liability Exclusion (Broad Form), are deleted and replaced by the following:

    This insurance does not apply to liability assumed by the *insured* under any contract or agreement.

2.  The limit of liability stated in this endorsement applies separately to the insurance under this endorsement and is in lieu of any other limit of liability stated in the policy.

| Description of Property | Limit of Liability | Rate (per $100 of Limit) | Premium |
|---|---|---|---|
| | $ | | |
| | each *occurrence* | | |

SEE FORM AL-8-0C

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

COMPREHENSIVE GENERAL LIABILITY INSURANCE—COVERAGE PART          **COMPANY COPY**

| Und. Approved | idential Report | Und. Notes: |
|---|---|---|
| Quality Control | | |

This Coverage Part forms a part of Policy No. 10 C A43349E ......... issued by THE HARTFORD INSURANCE GROUP any designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

| (For use only if this Coverage Part is effective after the effective date of the Policy) |
|---|
| This Coverage Part is effective........................................(at the hour stated in the policy) and forms a part of the above designated policy issued to........................................ |

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverages | Advance Premiums | | Limits of Liability |
|---|---|---|---|
| A — Bodily Injury Liability | $ 17,286.00  43515. | | $ SEE SINGLE ,000 each occurrence  $ LIMIT ,000 aggregate |
| B — Property Damage Liability | $ 2,224.00  29,010. | | $ ENDT ,000 each occurrence  $ ATT ,000 aggregate |

| Rating Classifications | Code No. | Premium Bases | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| Entries herein, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy. | | | B.I. | P.D. | B.I. | P.D. |
| (a) Premises — Operations | | (a) Area  (b) Frontage  (c) Remuneration  (d) Receipts | (a) Per 100 Sq. Ft. of Area  (b) Per Linear Foot  (c) Per $100 of Remuneration  (d) Per $100 of Receipts | | | |
| (b) Escalators | | (e) Landings | (e) Per Landing | | | |
| (c) Independent Contractors | | (f) Cost | (f) Per $100 of Cost | | | |
| (d) Completed Operations | | (g) Receipts | (g) Per $1,000 of Receipts | | | |
| (e) Products | | (h) Sales | (h) Per $1,000 of Sales | | | |
| ALL PREMISES-OPERATIONS OF THE INSURED INCLUDING PRODUCTS-PERSONAL INJURY LIABILITY INSURANCE (EXCLUSION C NOT APPLICABLE), CONTRACTUAL LIABILITY INSURANCE, PREMISES MEDICAL PAYMENTS INSURANCE LIQUOR LIABILITY INSURANCE (HOST COVERAGE) AND EMPLOYEE BENEFITS LIABILITY INSURANCE. | 70050 | 1)PAYROLL  (1)  13,007,000.  14,183,000 | 1)PER $100 OF WORKMEN'S COMP. PAYROLL  .1329  .30681 | .0171  .20454 | 17,286.00  43,515. | 2224.00  29010. |

Form Numbers of Endorsements forming part of this Coverage Part at issue:

SEE FORM AL-8-0C

| | TOTAL ADVANCE PREMIUMS | $3,515.   29010.  $17,286.00 2224.00 |
|---|---|---|

If Policy Period is more than one year, the Premium is Payable:
On Effective date of Policy $ ........... 1st Anniversary $ ........... 2nd Anniversary $ ...........

The conditions and provisions printed on pages CGL-2 and CGL-3 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Countersigned by .......................................

Authorized A

Subject to Protective Order – Highly Confidential



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. ................ **10 C A43349E** ⁵ᵠᶠ
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ............................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

**INCIDENTAL MALPRACTICE LIABILITY ENDORSEMENT**

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**

**IT IS AGREED THAT:**

1) THE DEFINITION OF "BODILY INJURY" IS AMENDED TO INCLUDE INJURY
ARISING OUT OF THE RENDERING OF OR FAILURE TO RENDER PROFESSIONAL
SERVICES BY ANY PHYSICIAN, DENTIST OR NURSE WHILE EMPLOYED BY THE
NAMED INSURED TO PROVIDE SUCH SERVICES.

2) EXCLUSION (J) DOES NOT APPLY TO INJURY TO THE EMOTIONS OR
REPUTATION OF A PERSON ARISING OUT OF THE RENDERING OF SUCH
SERVICES.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Countersigned by ......................................................
                                                    Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8-1 B   Printed in U.S.A.   ISO:




**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. ..................... 10 C A4334 GE
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ................................... 12:01 A. M., standard time
at the address of the *named insured* as stated herein.

## (INTERESTS OF TVA AND USA) – SPECIFIC

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE

IT IS AGREED THAT THE INTEREST OF THE TENNESSEE VALLEY AUTHORITY
AND THE UNITED STATES GOVERNMENT ARE INCLUDED AS ADDITIONAL INSUREDS
WITH RESPECT TO THE USE OF PREMISES IN "LAND BETWEEN THE LAKES" FOR
THE DEVELOPMENT OF A HIGH ADVENTURE SCOUTING PROGRAM BY THE BOY
SCOUTS OF AMERICA. THE INTERESTS OF THE TENNESSEE VALLEY AUTHORITY
AND THE UNITED STATES GOVERNMENT ARE PROTECTED WITH RESPECT TO
LOSSES OR SUITS ARISING OUT OF THE BSA'S ACTIVITIES IN THIS PROGRAM.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Countersigned by ..................................................................
                                                        Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8-1 B   Printed in U.S.A.   ISO:



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. **10 C A4334** *59E*
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ..................................................12:01 A. M., standard time
at the address of the *named insured* as stated herein. **ADDITIONAL INSURED**
**(EMPLOYEES COUNCIL MEMBERS, ETC)**

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

~~COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE~~
**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
~~AUTOMOBILE PHYSICAL DAMAGE INSURANCE~~
**CONTRACTUAL LIABILITY INSURANCE**
**PERSONAL INJURY LIABILITY INSURANCE**

**IT IS AGREED THAT THE ADDITIONAL INSURED OF THE ABOVE MENTIONED POLICY**

**ARE:**

**EMPLOYEES, COUNCIL MEMBERS, EXECUTIVE BOARD MEMBERS, VOLUNTEERS,**
**TRUSTEES SPONSORS,** ~~AND DONORS OF AUTOS OR WATERCRAFT.~~
*and*

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, oth
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes eff
as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy b
duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Countersigned by ..................................................                    ..................................................
                                                                                          *Authorized Ag*

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form AL-8-1 B   Printed in U.S.A.   ISO:

BSA-PLAN_00251800

SA 2752



**THE HARTFORD**



Named Insured and Address

This endorsement forms a part of Policy No. **10 C A43349E**
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ................................................. 12:01 A. M., standard time
at the address of the *named insured* as stated herein. **ADDITIONAL INSURED**
**(U.S. FOUNDATION FOR INTERNATIONAL SCOUTING)**

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**

**ADDITIONAL INSURED**

IN CONSIDERATION OF THE PREMIUM INCLUDED IN THE COMPOSITE RATE IT IS
UNDERSTOOD AND AGREED THAT THE POLICY IS EXTENDED TO INCLUDE THE
INTEREST OF U.S. FOUNDATION FOR INTERNATIONAL SCOUTING AS ADDITIONAL
INSURED.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

The company located these documents in its business records. At this time, the company does not verify that these documents constitute a complete and accurate copy of the policy.

Countersigned by .......................................................
                                                    *Authorized Agent*

Form AL-6-1 B   Printed in U.S.A.   ISO:

BSA-PLAN_00251801

SA 2753

# Comprehensive Automobile Liability Insurance — Coverage Part

**THE HARTFORD**

| | Und. Approved | Confidential Report | Und. Notes: |
|---|---|---|---|
| | Quality Control | | |

This Coverage Part forms a part of Policy No. **10 C A433***** issued by THE HARTFORD INSURANCE GR
Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*

This Coverage Part is effective .............................................(at the hour stated in the policy) and forms a part of the above design
policy issued to ..........................

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified h
agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or cha
The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy hi
reference thereto.

| Coverages | Advance Premiums | Limits of Liability |
|---|---|---|
| C — Bodily Injury Liability | $ ~~1131.00~~  8840 | $ SEE SINGLE each person / $ LIMIT ,000 each occurrence |
| D — Property Damage Liability | $ ~~566.00~~  5576 | $ ENDT ,000 each occurrence |

### Description of Hazards

**1. Owned Automobiles        Premium Basis — Per Automobile**

| Year Model Trade Name | Body Type - Truck Size (Truck Load, Gallonage, Bus Seating Capacity) | Identification No. (I) Serial No. (S) Motor No. (M) | Town and State in which the automobile will be principally garaged | (a) Purpose of Use Classification | Advance Premiums Coverage C | Coverage |
|---|---|---|---|---|---|---|
| | | | | | 952.00 Included | 276.00 Includ |

*see As per schedule on file with the company*

**2. Hired Automobiles        Premium Basis — Total Cost of Hire**

| Types Hired (b) | Locations where automobiles will be principally used | Purposes of Use (a) | Estimated Total Cost of Hire | Rates per $100 Total Cost of Hire Coverage C | Coverage D |
|---|---|---|---|---|---|
| IF ANY | NORTH BRUNSWICK, N.J. COM PPT | | | | |

**3. Non-Owned Automobiles        Premium Basis — Total Number of Employees at all Locations**

Total Number of Employees at all Locations

**900 NORTH BRUNSWICK, N.J.**

| | Included ~~179.00~~ | Includ ~~90.0~~ |
|---|---|---|

Form Numbers of Endorsements forming part of this Coverage Part at issue:

| | TOTAL ADVANCE PREMIUMS | 8840 ~~1131.00~~ | 557 566.0 |
|---|---|---|---|

The conditions and provisions printed on page CAL-2 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part ta
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said pol
by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

(a) P & B = Pleasure and Business; C = Commercial
(b) PP = Private Passenger Automobile; C = Commercial Automobile

Countersigned by.....................................

Authorized Agen

Subject to Protective Order – Highly Confidential

SA 2754

# LIQUOR LIABILITY INSURANCE — COVERAGE PART

| Und. Approved | | Confidential Report | Und. Notes: |
|---|---|---|---|
| Quality Control | | | |

This Coverage Part forms a part of Policy No. **10 C A43349R** issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*

This Coverage Part is effective........................ ......................................(at the hour stated in the policy) and forms a part of the above designated policy issued to............................... .

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is with respect to the following coverage as indicated by specific premium charge.  The limit of the company's liability against such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverage | | Limits of Liability | Advance Premium |
|---|---|---|---|
| X — Liquor Liability | | **SEE SINGLE** $ **LIMIT**,000 each common cause $ **ENDT.**,000 aggregate | $ **INCLUDED** |

| Location of Insured Premises | Code No. | Premium Basis | Rate | Advance Premium |
|---|---|---|---|---|
| | | | Per $100 of Receipts | |
| **LIQUOR HOST LIABILITY** **ALL LOCATIONS OF THE INSURED** **(FILED WITH THE COMPANY)** | | Receipts | | **INCLUDED IN COMPOSITE RATE** |

| Class of Business | → | | TOTAL ADVANCE PREMIUM | $ |
|---|---|---|---|---|

Form Numbers of Endorsements forming part of this Coverage Part at issue:

If the Policy Period is more than one year, the Premium is Payable:

On effective date of Policy $            1st Anniversary $            2nd Anniversary $

## I.    COVERAGE X — LIQUOR LIABILITY

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of injury to which this insurance applies, sustained by any person if such liability is imposed upon the *insured* by reason of the selling, serving or giving of any alcoholic beverage at or from the *insured premises*, and the company shall have the right and duty to defend any suit against the *insured* seeking such *damages*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit *after* the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(b) to *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured* or to any obligation of the *insured* to indemnify another because of *damages* arising out of such injury;

(c) to injury arising out of any alcoholic beverage sold, served given while any license therefor, required by law, is suspended or aft such license expires, is cancelled or revoked;.

(d) to *bodily injury* or *property damage* arising out of the *named i sured's products* or reliance upon a representation or warranty made any time with respect thereto;  but this exclusion does not apply *bodily injury* or *property damage* for which the *insured* or his indemnit may be held liable if such liability is imposed

(1) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoho beverage, or

(2) by reason of the selling, serving or giving of any alcoholic bevera to a minor or to a person under the influence of alcohol or which cau or contributes to the intoxication of any person.

The conditions and provisions printed on page LL-2 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company;  provided that if this Coverage Part tak effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said poli by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Countersigned by ........................ ........................ Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the .....

Form L-3524-0    CDR    Printed in U.S.A.

LL-1

Named Insured and Address

This endorsement forms a part of Policy No. *10 C A 43344 E*
issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Effective date.................................................12:01 A. M., standard time at the address of the *named insured a* stated herein.

## WORLD WIDE COVERAGE

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPRHENSIVE GENERAL LIABILITY INSURANCE CONTRACTUAL LIABILITY INSURANCE.

**X.** "The definition of "policy territory" is amended by adding the following thereto:

   (4)   anywhere in the world, with respect to the operations of any named insured domiciled in the United States of America, provided that:

   (a)   if claim is made or suit is brought elsewhere than within the United States of America, its territories or possessions or Canada, the company shall have the right but not the duty to investigate and settle such claim and defend such suit and,

   (b)   in any case in which the company elects not to investigate, settle or defend, the insured shall, under the supervision of the company, make or cause to be made such investigation and defense as are reasonably necessary, and subject to prior authorization by the company, will effect to the extent possible such settlement as the company and insured deem prudent.

The Company shall reimburse the named insured for the reasonable cost of such investigati settlement or defense. Nothing herein shall obligate the Company to pay any such claim or judgment or to defend any such suit after the applicable limit of the company's liabili has been exhausted by payment of judgments or settlements.

   It is agreed that such payments as are to be made under this endorsement shall be paid in the currency of the United States of America.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, oth than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company: provided that if this endorsement tak effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said poli duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
**INSURANCE GROUP**
HARTFORD, CONNECTICUT



Countersigned by

Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the

Form AL-8-6 (B) Printed in U. S. A.  10-'66  NBCU:

Named Insured and Address

This endorsement forms a part of Policy No. *10.C.A.43549F*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:
**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**CONTRACTUAL LIABILITY INSURANCE**
**PERSONAL INJURY LIABILITY INSURANCE**
**LIQUOR LIABILITY INSURANCE (HOST COVERAGE)**
**PREMISES MEDICAL PAYMENTS INSURANCE**
**EMPLOYEE BENEFIT LIABILITY INSURANCE**

FORM NUMBERS OF COVERAGE PARTS AND ENDORSEMENTS NOT LISTED ON COVERAGE PARTS FORMING PART
OF POLICY AT ISSUE:

CGL
L-3503-0 COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE PART
L-3523-0 CONTRACTUAL LIABILITY INSURANCE COVERAGE PART
L-3524-0 LIQUOR LIABILITY INSURANCE (HOST COVERAGE)
L-3505-0 PREMISES MEDICAL PAYMENTS INSURANCE COVERAGE PART *LL-3505-0*
L-3525-0 PERSONAL INJURY LIABILITY INSURANCE COVERAGE PART
L-2583-2 EMPLOYEE BENEFIT LIABILITY INSURANCE COVERAGE PART
L-3037-1 REAL PROPERTY, ETC. AND EXTENSION AL-8-0 C

L-3012-0 BOATS
L-3243-0 ADDITIONAL INSURED-VENDORS LIMITED FORM
AL-8-0 B INCIDENTAL MALPRACTICE LIAB. ENDT.
AL-8-0 C AMENDMENT LIMITS OF LIAB. (SINGLE LIMIT)
AL-8-0 B ADDITIONAL INSURED (INTERESTS OF TVA & USA (SPECIFIC)
AL-8-0 C WORLD WIDE COVERAGE
*L-3600-0 Amendatory Endt. Notice (Tifoa)*

AS PER DECLARATION PAGE AL-51-0

AL-8-0 B NAMED INSURED ENDT.
AL-57-0 PREMIUM INSTALLMENT
AL-8-0 B ADDITIONAL INSURED
AL-8-0 B ADDITIONAL INSURED
AL-8-0 B ADDITIONAL INSUR
AL-8-0 B WORLD WIDE CO

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

BSA-PLAN_00251805
SA 2757



**THE HARTFORD**                              PREMIUM / COMMISSION  NOTIFICATION  LETTER

JAN. 22, 1976
(Date)

TO: WILSON AND ALLEN INC.                                          250480
(Producer)                                                          (Code)

☐ Commission Breakdown for Premium Discount

☒ Negotiated Commission / Premium Letter

Gentlemen:

Insured: BOY SCOUTS OF AMERICA

NATIONAL COUNCIL

Policy No.: 10 C A43349E   59E

Policy Period: 1-1-76 TO 1-1-77

The premiums and commissions to be applied for the above policy are:

| Line of Business | Premium | | Commission Rate |
|---|---|---|---|
| C.G.L. | $ ~~19,520.00~~ 12,525 | @ | 10.0 % |
| @ AUTOMOBILE LIABILITY | $ ~~3,445.00~~ #/44/6 | @ | 15.0 % |
| A~~~~ | $ ~~~~ 1573 * | @ | ~~~~ 15.0 |
| GARAGE KEEPERS LIABILITY | $ ~~1,050.00~~ * | @ | ~~15.0~~ |
| | $ | @ | ~~15.0~~ % |

Special Premium Instructions:

GUARANTEED UNDERWRITING FUND A.L. - ~~$5.72~~ 25.44   0.0 %

G.L. - ~~869.00~~ 176.28 ✓ 0.0 %

UNDERWRITING DEPARTMENT

All commission rates marked with an asterisk (*) are final rates. Those not marked with an asterisk are tentative rates subject to adjustment at final audit.

Form G-2168-2   Printed in U. S. A   5-72            COMPANY COPY

The company locates documents concerning its business records. At this time, the company does not certify that these documents constitute ...

Subject to Protective Order – Highly Confidential                    BSA-PLAN_00251806

SA 2758

PREMIUM / COMMISSION NOTIFICATION LETTER

11-15-76
(Date)

TO: WILSON & ALLEN INC.                                             25 0480
              (Producer)                                              (Code)

☐ Commission Breakdown for Premium Discount

☒ Negotiated Commission / Premium Letter

Gentlemen:

Insured: BOY SCOUTS OF AMERICA NATIONAL COUNCIL

NORTH BRUNSWICK, N. J.

Policy No.: 10 CA 43349E

Policy Period: 1-1-76 - 1-1-77

The premiums and commissions to be applied for the above policy are:

| Line of Business | Premium | | Commission Rate |
|---|---|---|---|
| PHY DAM | $ A/P $42.00 | @ | 15 % |
| | $ | @ | % |
| | $ | @ | % |
| | $ | @ | % |
| | $ | @ | ? % |

cial Premium Instructions:

UNDERWRITING DEPARTMENT

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

rates marked with an asterisk (*) are final rates. Those not marked with an asterisk are tentative rates subject to adjustment at final.

2168-2   Printed in U. S. A.   5-'72        COMPANY COPY

This Declarations page, with "GENERAL POLICY PROVISIONS" Form 8117, Coverage Parts and endorsements, if any, issued to form a part thereof, completes the below numbered Insurance Policy.

2/10/BJ

**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

[1] Hartford Fire Insurance Company
[2] Hartford Accident and Indemnity Company
[3] Hartford Casualty Insurance Company

[6] New York Underwriters Insurance Company
[7] Twin City Fire Insurance Company

Hartford, Connecticut 06115

| The INSURER shall be the Company designated herein by Co. Code: | Co. Code |
|---|---|
| | 5 |
| Previous Policy No. | |
| 10 C A43342E | |

**DECLARATIONS**

Items
1. Named Insured and Address
   The named insured is: Individual / Joint Venture / Partnership / Other / [X] Corporation

2. Policy Period — From 1-1-76 To 1-1-77
   12:01 A.M., standard time at the address of the *named insured* as stated herein.
   Audit Period: Annual, unless otherwise stated.
   Semi-Annual / Quarterly / Monthly

Producer's Name and Address        Agent Code

WILSON AND ALLEN INC. 25-0480
200 PARK AVE.,
NEW YORK, N.Y. 10017

POLICY NO.   10  C  A43349E

BOY SCOUTS OF AMERICA NATIONAL COUNCIL
ROUTE #1
NORTH BRUNSWICK, N. J.

UNDERWRITING COPY     SAID

3. The advance premium for this policy is as stated below. Insurance is afforded by the Coverage Parts forming a part hereof, subject to such limits of liability as are stated therein and subject to all the terms of the policy having reference thereto.

**SUMMARY OF ADVANCE PREMIUMS**

| COVERAGE PARTS | ADVANCE PREMIUM |
|---|---|
| Comprehensive General Liability Insurance | $19,510.00 |
| Comprehensive Automobile Liability Insurance | $ 1,671.00 |
| Automobile Medical Payments Insurance | $ 1,443.00 |
| Uninsured Motorists Insurance | $ 329.00 |
| Automobile Physical Damage Insurance | $ 265.00 |
| Premises Medical Payments Insurance | $INCLUDED |
| Contractual Liability Insurance | $INCLUDED |
| Personal Injury Liability Insurance | $INCLUDED |
| Garage Insurance | $ 1,058.00 |
| EMPLOYEE BENEFIT LIABILITY INSURANCE | $ INCLUDED |
| | $ |

| Form Numbers of Coverage Parts and endorsements not listed on Coverage Parts forming part of Policy at issue: | TOTAL ADVANCE PREMIUM | |
|---|---|---|
| SEE FORM AL-8-0C | $24,276.00 | |

| If Policy Period more than one year: Gross Premium $ | Discount $ | Net Premium $ |
|---|---|---|
| Premium is payable: On effective date of Policy $ | 1st Anniversary $ | 2nd Anniversary $ |

4. Business of the *named insured* is — EDUCATIONAL DEVELOPMENT

5. During the past 3 years no Insurer has cancelled insurance, issued to the *named insured*, similar to that afforded hereunder unless otherwise stated herein.

GUARANTY UNDERWRITING FUNDS 5.71 A.L.
65.00 G.L.

The company located these documents among its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL.-51-0   DR  Printed in U.S.A.

BSA-PLAN_00251808

SA 2760



# THE HARTFORD

PREMIUM / COMMISSION NOTIFICATION LETTER

JAN. 22, 1976
(Date)

TO: WILSON AND ALLEN INC.                                   250480
(Producer)                                                   (Code)

☐ Commission Breakdown for Premium Discount

☒ Negotiated Commission / Premium Letter

Gentlemen:

Insured: BOY SCOUTS OF AMERICA

NATIONAL COUNCIL

Policy No.: 10 C A43349E

Policy Period: 1-1-76 TO 1-1-77

The premiums and commissions to be applied for the above policy are:

| Line of Business | Premium | | Commission Rate |
|---|---|---|---|
| CGL | $ 19,510.00 | @ | 10.0 % |
| C AUTOMOBILE LIABILITY | $ 3,443.00 | @ | 15.0 % |
| AUTO PHYSICAL DAMAGE | $ 265.00 | @ | 15.0 % |
| GARAGE KEEPERS LIABILITY | $ 1,058.00 | @ | 10.0 % |
|  | $ | @ | 15.0 % |

Special Premium Instructions:

GUARANTEED UNDERWRITING FUND A.L. - $5.71

G.L. - $65.00

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

UNDERWRITING DEPARTMENT

All commission rates marked with an asterisk (*) are final rates. Those not marked with an asterisk are tentative rates subject to adjustment at final audit.

Form G-2138-2   Printed in U. S. A.   5-'72        PREMIUM ACCOUNTING COPY

Subject to Protective Order – Highly Confidential

BSA-PLAN_00251809

SA 2761



**Premium Installment**

**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. 10 C A43349E
issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of
said Policy unless another effective date is stated herein.

Effective date........................................ 12:01 A. M., standard time at the address of the
named insured as stated herein.

It is hereby understood and agreed that the.... ORIGINAL ........................Premium of $ 24,276.00
(Insert "original" or "additional" or "return")

will BE PAYABLE IN ........................ 11 ........................installments as outlined in "Schedule of Payments."
(Insert "be payable in" or "reduce the")

## SCHEDULE OF PAYMENTS

| NO. | DUE DATE OF PAYMENT | BODILY INJURY & PROPERTY DAMAGE LIABILITY EXCEPT AUTO | BODILY INJURY & PROPERTY DAMAGE LIABILITY AUTO | AUTO PHYSICAL DAMAGE | | TOTAL |
|---|---|---|---|---|---|---|
| 1 | 1-1-76 | 1780.00 | 313.00 | 25.00 | 98.00 | 2216.00 |
| 2 | 2-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 3 | 3-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 4 | 4-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 5 | 5-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 6 | 6-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 7 | 7-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 8 | 8-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 9 | 9-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 10 | 10-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 11 | 11-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 12 | | | | | | |
| TOTALS | | 19,510.00 | 3,443.00 | 265.00 | 1,058.00 | 24,276.00 |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the
policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this
endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on
the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this
endorsement.

*Countersigned by* _____

*Authorized Agent*

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form AL-57-0   Printed in U. S. A.

POSITE RATING
MEMORANDUM TO PAYROLL AUDIT DEPARTMENT

INSURED: **BOY SCOUTS OF AMERICA NATIONAL COUNCIL**

POLICY NO. **10 C A43349E**                  PRODUCER **WILSON & ALLEN. INC. 250480**

POLICY PERIOD: FROM __**1/1/76**__            TO __**1/1/77**__

COVERAGE __**CGL**__                         BASIS **13,007,000 W.C. PAYROLL**

COMPOSITE RATE PER __**$100 OF W.C. PAYROLL**__

RETRO. LIMITS - B.I._____ P.D._____

EXCESS LIMITS - B.I._____ P.D._____

TOTAL POLICY LIMITS - B.I. __**500/500  (CSL)**__     P.D. __**500/500**__

The Composite Rates at policy limits are broken down as follows:-

| State | Retro. Limits B.I. | Retro. Limits P.D. | Excess Limits B.I. | Excess Limits P.D. | Policy Limits B.I. | Policy Limits P.D. |
|-------|------|------|------|------|--------|--------|
| CALIF. | | | | | .00727 | .00032 |
| D.C. | | | | | .00613 | .00001 |
| GA. | | | | | .00079 | .00001 |
| ILL. | | | | | .00826 | .00062 |
| IND. | | | | | .00014 | .00001 |
| MO. | | | | | .00148 | .00001 |
| N.J. | | | | | .05697 | .00682 |
| N.M. | | | | | .03686 | .00855 |
| N.Y. | | | | | .01202 | .00041 |
| OKLA. | | | | | .00850 | .00033 |
| TEXAS | | | | | .00048 | .00001 |
| | | | | | .13290 | .01710 |

General Liability Coverages include:

O.L. & T. __X__ ; M. & C. __X__ ; Elev._____ ; Prod._____ ;

Cont. __X__ ; O. & C.P._____

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

REMARKS:

M- 2007

BSA-PLAN_00251811
SA 2763

This endorsement forms a part of Policy No. **10  C  A43349E**
issued by THE HARTFORD INSURANCE GROUP company desig-
nated herein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Named Insured and Address

Effective date..........................................................12:01 A. M., standard time at the address of the *named insured* as stated herein.

## AMENDMENT – LIMITS OF LIABILITY
### (SINGLE LIMIT)

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE

### SCHEDULE

| COVERAGES | LIMITS OF LIABILITY |
|---|---|
| BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY | $500,000 EACH PERSON $500,000 OCCURRENCE |

IT IS AGREED THAT PROVISIONS OF THE POLICY CAPTIONED "LIMITS OF LIABILITY" RELATING TO BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY ARE AMENDED TO READ AS FOLLOWS:

LIMITS OF LIABILITY

REGARDLESS OF THE NUMBER OF (1) INSUREDS UNDER THIS POLICY, (2) PERSONS OR ORGANIZATIONS WHO SUSTAIN BODILY INJURY OR PROPERTY DAMAGE, (3) CLAIMS MADE OR SUITS BROUGHT ON ACCOUNT OF BODILY INJURY OR PROPERTY DAMAGE OR (4) AUTOMOBILES OR UNITS OF MOBILE EQUIPMENT TO WHICH THIS POLICY APPLIES, THE COMPANY'S LIABILITY IS LIMITED AS FOLLOWS:

BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY:

(a)THE LIMIT OF LIABILITY STATED IN THE SCHEDULE AS APPLICABLE TO "EACH OCCURRENCE" IS THE TOTAL LIMIT OF THE COMPANY'S LIABILITY FOR ALL DAMAGES BECAUSE OF BODILY INJURY OR PROPERTY DAMAGE AS A RESULT OF ANY ONE OCCURRENCE, PROVIDED THAT WITH RESPECT TO ANY OCCURRENCE FOR WHICH NOTICE OF THIS POLICY IS GIVEN IN LIEU OF SECURITY OR WHEN THIS POLICY IS CERTIFIED AS RPPF OF FINANCIAL RESPONSIBILITY UNDER THE PROVISIONS OF THE MOTOR VEHICLE FINANCIAL RESPONSIBILITY LAW OF ANY STATE OR PROVINCE SUCH LIMIT OF LIABILITY SHALL BE APPLIED TO PROVIDE THE SEPARATE LIMITS BY SUCH LAW FOR BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY TO THE EXTENT OF THE COVERAGE REQUIRED BY SUCH LAW, BUT THE SEPARATE APPLICATION OF SUCH LIMIT SHALL NOT INCREASE THE TOTAL LIMIT OF THE COMPANY'S LIABILITY.

(B) FOR THE PURPOSE OF DETERMINING THE LIMIT OF THE COMPANY'S LIABILITY, ALL BODILY INJURY AND PROPERTY DAMAGE ARISING OUT OF CONTINUOUS OR REPEATED EXPOSURE TO SUBSTANTIALLY THE SAME GENERAL CONDITIONS SHALL BE CONSIDERED AS ARISING OUT OF ONE OCCURRENCE.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy, and is, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
**INSURANCE GROUP**
HARTFORD, CONNECTICUT

Countersigned by..................................................
..........................................................Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8-0 C   Printed in U. S. A.   10-'66   NBCU:

AMENDMENT—LIMITS OF LIABILITY

( SINGLE LIMIT )

Named Insured and Address

This endorsement forms a part of Policy No... 10 C A43349E
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date..............................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE

SCHEDULE

BODILY INJURY LIABILITY AND PROPERTY DAMAGE        $ 500    ,000 EACH OCCURRENCE
LIABILITY.                                          $ 500    ,000 AGGREGATE

IT IS AGREED THAT PROVISIONS OF THE POLICY CAPTIONED " LIMITS OF LIABILITY"
RELATING TO BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY ARE
AMENDED TO READ AS FOLLOWS:

LIMITS OF LIABILITY

REGARDLESS OF THE NUMBER OF (1) INSUREDS UNDER THIS POLICY, (2) PERSONS
OR ORGANIZATIONS WHO SUSTAIN BODILY INJURY OR PROPERTY DAMAGE, (3) CLAIMS
MADE OR SUITS BROUGHT ON ACCOUNT OF BODILY INJURY OR PROPERTY DAMAGE OR
(4) AUTOMOBILES OR UNITS OF MOBILE EQUIPMENT TO WHICH  THIS POLICY
APPLIES, THE COMPANY'S LIABILITY IS LIMITED AS FOLLOWS:

BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY:

(A)     THE LIMIT OF LIABILITY STATED IN THE SCHEDULE AS APPLICABLE TO
        "EACH OCCURRENCE" IS THE TOTAL LIMIT OF THE COMPANY'S LIABILITY
        FOR ALL DAMAGES BECAUSE OF BODILY INJURY OR PROPERTY DAMAGE AS
        A RESULT OF ANY ONE OCCURRENCE PROVIDED THAT WITH RESPECT TO
        ANY OCCURRENCE FOR WHICH NOTICE OF THIS POLICY IS GIVEN IN LIEU
        OF SECURITY OR WHEN THIS POLICY IS CERTIFIED AS PROOF OF
        FINANCIAL RESPONSIBILITY UNDER THE PROVISIONS  OF THE MOTOR
        VEHICLE FINANCIAL RESPONSIBILITY LAW OF ANY STATE OR PROVINCE
        SUCH LIMIT OF LIABILITY SHALL BE APPLIED TO PROVIDE THE SEPARATE
        LIMITS REQUIRED BY SUCH LAW FOR BODILY INJURY LIABILITY AND
        PROPERTY DAMAGE LIABILITY TO THE EXTENT OF THE COVERAGE REQUIRED
        BY SUCH LAW, BUT THE  SEPARATE APPLICATION OF SUCH LIMIT SHALL
        NOT INCREASE  THE TOTAL LIMIT OF THE COMPANY'S LIABILITY.

(B)     SUBJECT TO THE ABOVE PROVISIONS RESPECTING "EACH OCCURRENCE",
        THE TOTAL LIABILITY OF THE COMPANY FOR ALL DAMAGES BECAUSE OF
        ALL BODILY INJURY AND PROPERTY DAMAGE WHICH OCCURS DURING EACH
        ANNUAL PERIOD WHILE THIS POLICY IS IN FORCE COMMENCING FROM ITS
        EFFECTIVE DATE AND IS DESCRIBED IN ANY OF THE NUMBERED SUBPARAGRAPHS
        BELOW SHALL NOT  EXCEED THE LIMIT OF LIABILITY STATED IN THE
        SCHEDULE AS "AGGREGATE".

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company, or countersigned by this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, counter-signature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

The company located these documents in its
The company located these documents in its
that these documents constitute
a complete and accurate copy of the policy.

THE HARTFORD
INSURANCE GROUP

Countersigned by

Subject to Protective Order – Highly Confidential                    BSA-PLAN_00251813

SA 2765

AMENDMENT—LIMITS OF LIABILITY

( SINGLE LIMIT )

Named Insured and Address

This endorsement forms a part of Policy No. 10 C A43349E
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date........................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

AMENDMENT LIMITS OF LIABILITY (SINGLE LIMIT) (CONT'D)

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE

(1)  ALL PROPERTY DAMAGE ARISING OUT OF PREMISES OR OPERATIONS RATED
     ON A REMUNERATION BASIS OR CONTRACTOR'S EQUIPMENT RATED ON A
     RECEIPTS BASIS, INCLUDING PROPERTY DAMAGE FOR WHICH LIABILITY IS
     ASSUMED UNDER ANY INCIDENTAL CONTRACT RELATING TO SUCH PREMISES OR
     OPERATIONS, BUT EXCLUDING PROPERTY DAMAGE INCLUDED IN SUBPARAGRAPH
     (2) BELOW.

(2)  ALL PROPERTY DAMAGE ARISING OUT OF AN OCCURRING IN THE COURSE OF
     OPERATIONS PERFORMED FOR THE NAMED INSURED BY INDEPENDENT
     CONTRACTORS AND GENERAL SUPERVISION THEREOF BY THE NAMED INSURED,
     INCLUDING ANY SUCH PROPERTY DAMAGE FOR WHICH LIABILITY IS ASSUMED
     UNDER ANY INCIDENTAL CONTRACT RELATING TO SUCH OPERATIONS, BUT
     THIS SUBPARAGRAPH (2) DOES NOT INCLUDE PROPERTY DAMAGE ARISING OUT
     OF MAINTENANCE OR REPAIRS AT PREMISES OWNED BY OR RENTED TO THE
     NAMED INSURED OR STRUCTURAL ALTERATIONS AT SUCH PREMISES WHICH DO
     NOT INVOLVE CHANGING THE SIZE OF OR MOVING BUILDINGS OR OTHER
     STRUCTURES;

(3)  ALL BODILY INJURY AND PROPERTY DAMAGE INCLUDED WITHIN THE COMPLETED
     OPERATIONS HAZARD AND ALL BODILY INJURY AND PROPERTY DAMAGE INCLUDED
     WITHIN THE PRODUCTS HAZARD;

(4)  ALL PROPERTY DAMAGE FOR WHICH LIABILITY IS ASSUMED UNDER ANY CONTRACT
     TO WHICH THE CONTRACTUAL LIABILITY INSURANCE APPLIES.

SUCH AGGREGATE LIMIT SHALL APPLY SEPARATELY:

   (I)   TO THE PROPERTY DAMAGE DESCRIBED IN SUBPARAGRAPHS (1) AND (2)
         SEPARATELY WITH RESPECT TO EACH PROJECT AWAY FROM PREMISES
         OWNED BY OR RENTED TO THE NAMED INSURED;

   (II)  TO THE SUM OF THE DAMAGED FOR ALL BODILY INJURY AND
         PROPERTY DAMAGE DESCRIBED IN SUBPARAGRAPH (3); AND

   (III) TO THE PROPERTY DAMAGE DESCRIBED IN SUBPARAGRAPH (4)
         SEPARATELY WITH RESPECT TO EACH PROJECT AWAY FROM PREMISES
         OWNED BY OR RENTED TO THE NAMED INSURED;

(c)  FOR THE PURPOSE OF DETERMINING THE LIMIT OF THE COMPANY'S LIABILITY,
     ALL BODILY INJURY AND PROPERTY DAMAGE ARISING OUT OF CONTINUOUS OR
     REPEATED EXPOSURE TO SUBSTANTIALLY THE SAME GENERAL CONDITIONS SHALL
     BE CONSIDERED AS ARISING OUT OF ONE OCCURRENCE.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company - provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

counsel has redacted these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.



THE HARTFORD
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by ................................................
                                        *Authorized Agent*



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. **10 C A43349?**
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ................................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE

AUTOMOBILE PHYSICAL DAMAGE INSURANCE

IT IS UNDERSTOOD AND AGREED THAT THE POLICY IS EXTENDED TO COVER
EMPLOYEES OF THE INSURED AS ADDITIONAL INSUREDS WITH RESPECT TO
VEHICLES HIRED IN THEIR OWN NAME FOR USE OF BOY SCOUTS OF AMERICA
BUSINESS, PROVIDED THEY ARE ACTING AT THE DIRECTION OF BOY SCOUTS
OF AMERICA.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Countersigned by ...............................................................

*Authorized Agent*

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8-1 B   Printed-in U.S.A.   ISO:

BSA-PLAN_00251815

**SA 2767**



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. 10 C A43349E
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ..............................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

## INCIDENTAL MALPRACTICE LIABILITY ENDORSEMENT

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE

IT IS AGREED THAT:

1) THE DEFINITION OF "BODILY INJURY" IS AMENDED TO INCLUDE INJURY
   ARISING OUT OF THE RENDERING OF OR FAILURE TO RENDER PROFESSIONAL
   SERVICES BY ANY PHYSICIAN, DENTIST OR NURSE WHILE EMPLOYED BY THE
   NAMED INSURED TO PROVIDE SUCH SERVICES.

2) EXCLUSION (J) DOES NOT APPLY TO INJURY TO THE EMOTIONS OR
   REPUTATION OF A PERSON ARISING OUT OF THE RENDERING OF SUCH
   SERVICES.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Countersigned by...................................................
                                    *Authorized Agent*

Form AL-8-1 B   Printed in U.S.A.   ISO:

Subject to Protective Order – Highly Confidential

Named Insured and Address

This endorsement forms a part of Policy No. 10 C A43349E
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date .................................................... 12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### GARAGEKEEPERS' LEGAL LIABILITY

IT IS HEREBY UNDERSTOOD AND AGREED 1966 TENNANT 86 POWER SWEEPER #90692
IS ADDED TO CAPTIONED POLICY SEE A3013-0.

PREMIUM INCLUDED.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD. CONNECTICUT

Countersigned by ..........................................................

*Authorized Agent*

Form AL-8-0 A  Printed in U. S. A.  10-'66  NBCU:

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

BSA-PLAN_00251817
SA 2769



THE HARTFORD

Named Insured and Address

This endorsement forms a part of Policy No....10 C A43349E
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date .................................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

### CAR POOLING

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE

IT IS HEREBY UNDERSTOOD AND AGREED THAT THIS POLICY IS TO PROVIDE COVERAGE

FOR ALL INDIVIDUALS PARTICIPATING IN CAR POOLING AT THE DIRECTION OF B.S.A.

IT IS FURTHER UNDERSTOOD THAT SUCH COVERAGE IS TO BE EXCESS OVER THE

MINIMUM STATUTORY REQUIREMENTS OF THE VARIOUS STATES; AND THEN EXCESS OVER

ANY OTHER VALID AND COLLECTIBLE INSURANCE.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

The company located these documents in its records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Countersigned by.....................................
                                    Authorized Agent

Form AL-8-1 B   Printed in U.S.A.   ISO:

Subject to Protective Order – Highly Confidential



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No......................10 C A43349E
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ....................................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

## (INTERESTS OF TVA AND USA) - SPECIFIC

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE

IT IS AGREED THAT THE INTEREST OF THE TENNESSEE VALLEY AUTHORITY
AND THE UNITED STATES GOVERNMENT ARE INCLUDED AS ADDITIONAL INSUREDS
WITH RESPECT TO THE USE OF PREMISES IN "LAND BETWEEN THE LAKES" FOR
THE DEVELOPMENT OF A HIGH ADVENTURE SCOUTING PROGRAM BY THE BOY
SCOUTS OF AMERICA, THE INTERESTS OF THE TENNESSEE VALLEY AUTHORITY
AND THE UNITED STATES GOVERNMENT ARE PROTECTED WITH RESPECT TO
LOSSES OR SUITS ARISING OUT OF THE BSA'S ACTIVITIES IN THIS PROGRAM.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Countersigned by.................................................................
                                                    *Authorized Agent*

The company located these documents in its business records. At this time, the company cannot certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8-1 B   Printed in U.S.A.   ISO:

BSA-PLAN_00251819

SA 2771



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. 10 C A43349E
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date ...........................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

WORLD WIDE COVERAGE

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### CONTRACTUAL LIABILITY INSURANCE

THE DEFINITION OF "POLICY TERRITORY" IS AMENDED BY ADDING THE FOLLOWING THERETO:

(4) ANYWHERE IN THE WORLD, WITH RESPECT TO THE OPERATIONS OF ANY NAMED INSURED DOMICILED IN THE UNITED STATES OF AMERICA, PROVIDED THAT:

    (a) IF CLAIM IS MADE OR SUIT IS BROUGHT ELSEWHERE THAN WITHIN THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS OR CANADA, THE COMPANY SHALL HAVE THE RIGHT BUT NOT THE DUTY TO INVESTIGATE AND SETTLE SUCH CLAIM AND DEFEND SUCH SUIT AND,

    (b) IN ANY CASE IN WHICH THE COMPANY ELECTS NOT TO INVESTIGAGE, SETTLE OR DEFEND, THE INSURED SHALL, UNDER THE SUPERVISION OF THE COMPANY, MAKE OR CAUSE TO BE MADE SUCH INVESTIGATION AND DEFENSE AS ARE REASONABLY NECESSARY, AND SUBJECT TO PRIOR AUTHORIZATION BY THE COMPANY, WILL EFFECT TO THE EXTENT POSSIBLE SUCH SETTLEMENT AS THE COMPANY AND INSURED DEEM PRUDENT.

THE COMPANY SHALL REIMBURSE THE NAMED INSURED FOR THE REASONABLE COST OF SUCH INVESTIGATION SETTLEMENT OR DEFENSE. NOTHING HEREIN SHALL OBLIGATE THE COMPANY TO PAY ANY SUCH CLAIM OR JUDGMENT OR TO DEFEND ANY SUCH SUIT AFTER THE APPLICABLE LIMIT OF THE COMPANY'S LIABILITY HAS BEEN EXHAUSTED BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.
IT IS AGREED THAT SUCH PAYMENTS AS ARE TO BE MADE UNDER THIS ENDORSEMENT SHALL BE PAID IN THE CURRENCY OF THE UNITED STATES OF AMERICA.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Countersigned by.........................................................
                                                             Authorized Agent

Form AL-8-1 B   Printed in U.S.A.   ISO:

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

PERSONAL INJURY LIABILITY INSURANCE — COVERAGE PART                    COMPANY COPY

| Und. Approved | Idential Report | Und. Notes: |
|---|---|---|
| Quality Control | | |

This Coverage Part forms a part of Policy No. 10 C A43349E ........................issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*
This Coverage Part is effective............................................................................. (at the hour stated in the policy) and forms a part of the above designated policy issued to............................................................

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to personal injury arising out of an offense included within such of the following groups of offenses as are indicated by specific premium charge or charges.

| Coverage | Limits of Liability |
|---|---|
| PI—Personal Injury Liability | $ 500,000   aggregate |
| | Insured's participation..............................................% |

| Groups of Offenses | Advance Premium |
|---|---|
| A. False Arrest, Detention or Imprisonment, or Malicious Prosecution | $ INCL |
| B. Libel, Slander, Defamation or Violation of Right of Privacy | $ INCL |
| C. Wrongful Entry or Eviction or Other Invasion of Right of Private Occupancy | $ INCL |
| Minimum Premium $          Total Advance Premium | $ INCL |

| Location and Description of Exposure | Premium Bases | Rates | Premium |
|---|---|---|---|
| ALL LOCATIONS OF THE INSURED (FILED WITH THE COMPANY) | | | INCL IN COMPOSITE RATE |

Form Numbers of Endorsements forming part of this Coverage Part at issue:

ELIMINATION OF EXCL. "C" AL-8-0A

If the Policy Period is more than one year, the Premium is Payable:
On effective date of Policy $          1st Anniversary          2nd Anniversary $

The conditions and provisions printed on page PI-2 of this form are hereby referred to and made a part hereof.
This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Form L-3525-0  CDR   Printed in U. S. A.   (ISO: Advisory: PI 1/1/73)          PI-1

does not certify that these documents constitute a complete and accurate copy of the policy.

PREMISES MEDICAL PAYMENTS INSURANCE — COVERAGE PART

COMPANY COPY

| Und. Approved | idential eport | Und. Notes: |
|---|---|---|
| Quality Control | | |

This Coverage Part forms a part of Policy No. 10 C A43349E ...................issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*

This Coverage Part is effective.................................................(at the hour stated in the policy) and forms a part of the above designated policy issued to.........................

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is with respect to the following coverage as indicated by specific premium charge or charges.  The limit of the company's liability against such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverage | Advance Premium | Limits of Liability | |
|---|---|---|---|
| E — Premises Medical Payments | $ INCLUDED | $ 250 | each person |
| | | $10,000 | each accident |

| Description of Hazards | Advance Premiums |
|---|---|
| (a) Premises and Operations<br><br>ALL LOCATIONS OF THE INSURED<br>(FILED WITH COMPANY) | INCLUDED<br><br>IN<br><br>COMPOSITE<br><br>RATE |
| (b) Escalators | |
| (c) Sports Activities | |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUM | $ |
|---|---|---|

If the Policy Period is more than one year, the Premium is Payable:
On effective date of Policy $          1st Anniversary $          2nd Anniversary $

The conditions and provisions printed on page MP-2 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Countersigned by ........................................

Authorized Agent

Form L-3505-0 CDR   Printed in U. S. A.                    MP-1

Subject to Protective Order – Highly Confidential

BSA-PLAN_00251822
SA 2774

Named Insured and Address

This endorsement forms a part of Policy No.......10 C A43349E
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date.............................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

## EXTENSION TO FORM L-3037-1

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE

IT IS AGREED THAT THE FOLLOWING SCHEDULE APPLIES AS RESPECTS FORM L3037-1
"REAL PROPERTY LIABILITY FIRE:"

| DESC OF PROPERTY | LIMIT OF LIAB. | RATE PER $100 LIMIT | PREMIUM |
|---|---|---|---|
| 1. 308 FIFTH AVE<br>NEW YORK, N.Y. | 100,000 EA OCCURRENCE | | INCLUDED |
| 2. 300 WEST ADAMS ST.<br>CHICAGO, ILLINOIS | 100,000 EA OCCURRENCE | | |
| 3. 2515 PEACHTREE CENTER<br>BLDG ATLANTA, GA. | 100,000 EA OCCURRENCE | | IN THE |
| 4. POWER & LIGHT BLDG.<br>14TH BALTIMORE<br>SUITE 2606<br>KANSAS, CITY, MO. | 100,000 EA OCCURRENCE | | COMPOSITE |
| 5. 44 CARILLON TOWER<br>EAST<br>13601 PRESTON RD.<br>DALLAS, TEXAS | 100,000 EA OCCURRENCE | | |
| 6. 790 LUCERNE DRIVE,<br>SUNNYVALE, CALIF. | 100,000 EA OCCURRENCE | | RATE |
| 7. 275 BUSH ST.,<br>SAN FRANCISCO, CALIF.<br>94104 | 100,000 EA OCCURRENCE | | |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by................................................
                                            *Authorized Agent*

Form AL-8-0 C   Printed in U.S.A.   10-'66   NBCUI

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

| Und. Approved | Confidential Report | Und. Notes: |
|---|---|---|
| Quality Control | | |

This Coverage Part forms a part of Policy No. **10 C A43349E** ..............issued by THE HARTFORD INSURANCE GROUP
Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*
This Coverage Part is effective............................................................(at the hour stated in the policy) and forms a part of the above designated
policy issued to...............................

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein,
agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges.
The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having
reference thereto.

| Coverages | Advance Premiums | Limits of Liability |
|---|---|---|
| YB — Contractual Bodily Injury Liability | $ INCL | $ SEE ,000 each occurrence |
| ZB — Contractual Property Damage Liability | $ INCL | $ SINGLE ,000 each occurrence |
| | | $ LIMIT ENDT ,000 aggregate |

| Designation of Contracts | Code No. | Premium Bases | Rates B.I. | P.D. | Advance Premiums B.I. | P.D. |
|---|---|---|---|---|---|---|
| THAT PART OF ALL WRITTEN CONTRACTS OTHER THAN AS DEFINED UNDER "INCIDENTAL CONTRACTS" IN THE POLICY DEFINITION IN WHICH THE NAMED INSURED ASSUMES THE LIABILITY OF OTHERS | | (a) Cost (b) Sales | (a) Per $100 of Cost (b) Per $1,000 of Sales | | INCLUDED IN THE RATE | COMPOSITE |

Form Numbers of Endorsements forming part of this Coverage Part at issue:
**AL8-OC (AMENDMENT OF LIMITS OF LIAB.)**

| | TOTAL ADVANCE PREMIUMS | $ | $ |
|---|---|---|---|

If the Policy Period is more than one year, the Premium is Payable:
On effective date of Policy $         1st Anniversary $         2nd Anniversary $
The following exclusions also apply:
☐ Exclusion (p) — Products and Completed Operations        ☐ Exclusion (q)—x, c & u

**I.   COVERAGE YB—CONTRACTUAL BODILY INJURY LIABILITY**

**COVERAGE ZB—CONTRACTUAL PROPERTY DAMAGE LIABILITY**

The company will pay on behalf of the *insured* all sums which the *insured*, by reason of *contractual liability* assumed by him under any written contract of the type designated in the schedule for this insurance, shall become legally obligated to pay as damages because of —

**Coverage YB,** *bodily injury* or
**Coverage ZB,** *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any *suit* against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the *suit* are groundless, false or fraudulent, and may make such investigation and settlement of any claim or *suit* as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend

(1) any arbitration proceeding wherein the company is not entitled to exercise the *insured's* rights in the choice of arbitrators and in the conduct of such proceedings, or
(2) any *suit* after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**
This insurance does not apply:
(a) to liability assumed by the *insured* under any *incidental contract*;
(b) (1) if the *insured* is an architect, engineer or surveyor, to *bodily injury* or *property damage* arising out of professional services performed by such *insured*, including
     (i) the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, and
     (ii) supervisory, inspection or engineering services;
   (2) if the indemnitee of the *insured* is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

The conditions and provisions printed on pages KB-2 and KB-3 of this form are hereby referred to and made a part hereof.
This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, a countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Countersigned by ................................................
                                                    *Authorized Agent*

business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the...

LIQUOR LIABILITY INSURANCE — COVERAGE PART

COMPANY COPY

| Und. Approved | dential Report | Und. Notes: |
|---|---|---|
| Quality Control | | |

This Coverage Part forms a part of Policy No. 10 C A43349E issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*

This Coverage Part is effective .................................................................. (at the hour stated in the policy) and forms a part of the above designated policy issued to .................................

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is with respect to the following coverage as indicated by specific premium charge. The limit of the company's liability against such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverage | Limits of Liability | Advance Premium |
|---|---|---|
| X — Liquor Liability | SEE SINGLE $ LIMIT ,000 each common cause $ ENDT. ,000 aggregate | $ INCLUDED |

| Location of Insured Premises | Code No. | Premium Basis | Rate | Advance Premium |
|---|---|---|---|---|
| LIQUOR HOST LIABILITY ALL LOCATIONS OF THE INSURED (FILED WITH THE COMPANY) | | Receipts | Per $100 of Receipts | INCLUDED IN COMPOSITE RATE |

Class of Business ————————→

Form Numbers of Endorsements forming part of this Coverage Part at issue:

| | |
|---|---|
| TOTAL ADVANCE PREMIUM | $ |

+ ATTACH FORMS ALONG MARGIN BELOW THIS MARK +

If the Policy Period is more than one year, the Premium is Payable:

On effective date of Policy $ _____ 1st Anniversary $ _____ 2nd Anniversary $ _____

**1.   COVERAGE X — LIQUOR LIABILITY**

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of injury to which this insurance applies, sustained by any person if such liability is imposed upon the *insured* by reason of the selling, serving or giving of any alcoholic beverage at or from the *insured premises*, and the company shall have the right and duty to defend any suit against the *insured* seeking such *damages*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(b) to *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured* or to any obligation of the *insured* to indemnify another because of *damages* arising out of such injury;

(c) to injury arising out of any alcoholic beverage sold, served or given while any license therefor, required by law, is suspended or after such license expires, is cancelled or revoked;

(d) to *bodily injury* or *property damage* arising out of the *named insured's products* or reliance upon a representation or warranty made at any time with respect thereto; but this exclusion does not apply to *bodily injury* or *property damage* for which the *insured* or his indemnitee may be held liable if such liability is imposed

(1) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(2) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person.

The conditions and provisions printed on page LL-2 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Countersigned by ..................................

*Authorized Agent*

Form L-3521-0   CDR   Printed in U. S. A.

LL-1

Subject to Protective Order – Highly Confidential

COMPREHENSIVE GENERAL LIABILITY INSURANCE—COVERAGE PART

| Und. Approved | fidential Report | Und. Notes: |
|---|---|---|
| Quality Control | | |

This Coverage Part forms a part of Policy No. 10 C A43349E ............................issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*
This Coverage Part is effective.......................:.................................(at the hour stated in the policy) and forms a part of the above designated policy issued to...............

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverages | Advance Premiums | Limits of Liability |
|---|---|---|
| A — Bodily Injury Liability | $ 17,286.00 | $ SEE ,000 each occurrence SINGLE $ LIMIT ,000 aggregate |
| B — Property Damage Liability | $ 2,224.00 | $ ENDT ,000 each occurrence $ ATT ,000 aggregate |

| Rating Classifications Entries herein, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy. | Code No. | Premium Bases | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|
| | | | B. I. | P. D. | B. I. | P. D. |
| (a) Premises — Operations | | (a) Area (b) Frontage (c) Remuneration (d) Receipts | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration (d) Per $100 of Receipts | | | |
| (b) Escalators | | (e) Landings | (e) Per Landing | | | |
| (c) Independent Contractors | | (f) Cost | (f) Per $100 of Cost | | | |
| (d) Completed Operations | | (g) Receipts | (g) Per $1,000 of Receipts | | | |
| (e) Products | | (h) Sales | (h) Per $1,000 of Sales | | | |
| ALL PREMISES-OPERATIONS OF THE INSURED INCLUDING PRODUCTS PERSONAL INJURY LIABILITY INSURANCE (EXCLUSION C NOT APPLICABLE), CONTRACTUAL LIABILITY INSURANCE, PREMISES MEDICAL PAYMENTS INSURANCE LIQUOR LIABILITY INSURANCE (HOST COVERAGE) AND EMPLOYEE BENEFITS LIABILITY INSURANCE. | 70050 | 1)PAYROLL (1) 13,007,000. | 1)PER $100 OF WORKMEN'S COMP. PAYROLL .1329 | .0171 | 17,286.00 | 2224.00 |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: SEE FORM AL-8-OC | TOTAL ADVANCE PREMIUMS | $17,286.00 | $2224.00 |
|---|---|---|---|

If the Policy Period is more than one year, the Premium is Payable:
On effective date of Policy $           1st Anniversary $           2nd Anniversary $

The conditions and provisions printed on pages CGL-2 and CGL-3 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Countersigned by................................................

The company has kept documents in its business record. At this time, the company . . . a complete and accurate copy of the policy.

Form L-3503-0   CDR   Printed in U. S. A.                    CGL-1                    Authorized Agent

Subject to Protective Order – Highly Confidential

ATTACH FORMS ALONG MARGIN BELOW THIS MARK +



**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. 10 C A43349R
issued by THE HARTFORD INSURANCE GROUP company designated
therein, and takes effect as of the effective date of said policy unless
another effective date is stated herein.

Effective date .................................................12:01 A. M., standard time
at the address of the *named insured* as stated herein.

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE AUTOMOBILE LIABILITY INS**

**AUTOMOBILE PHYSICAL DAMAGE INS**

---

**ENDORSEMENTS AND COVERAGE PARTS FORMING PART OF POLICY:**

L-3717-0                              AL8-0B (SINGLE LIMIT ENDT)

A-3013-1                              A-2036-3

A-3471-0                              A-2992-2

A-3011-1                              A-3353-0

AL 6-4

A-3351-0

A-3008-1

A-3009-1

A-2991-0

A-2993-0

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect
as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a
duly authorized agent of the company shall constitute valid countersignature of this endorsement.

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Countersigned by ..................................................
                                         *Authorized Agent*

Form AL-8-1 B   Printed in U.S.A.   ISO:

BSA-PLAN_00251827

SA 2779

Named Insured and Address

This endorsement forms a part of Policy No. **10 C A43349E**
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date.....................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE
PERSONAL INJURY LIABILITY INSURANCE
LIQUOR LIABILITY INSURANCE (HOST COVERAGE)
PREMISES MEDICAL PAYMENTS INSURANCE
EMPLOYEE BENEFIT LIABILITY INSURANCE

FORM NUMBERS OF COVERAGE PARTS AND ENDORSEMENTS NOT LISTED ON COVERAGE PARTS
FORMING PART OF POLICY AT ISSUE:

CGL
L-3503-O  COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE PART
L-3523-O  CONTRACTUAL LIABILITY INSURANCE COVERAGE PART
L-3584-O  LIQUOR LIABILITY INSURANCE (HOST COVERAGE)
L-3505-O  PREMISES MEDICAL PAYMENTS INSURANCE COVERAGE PART
L-3525-O  PERSONAL INJURY LIABILITY INSURANCE COVERAGE PART
L-2583-2  EMPLOYEE BENEFIT LIABILITY INSURANCE COVERAGE PART
L-3037-1  REAL PROPERTY, ETC. AND EXTENSION AL-8-OC
L-3012-O  BOATS
L-3243-O  ADDITIONAL INSURED-VENDORS LIMITED FORM
AL-8-OB  INCIDENTAL MALPRACTICE LIAB. ENDT.
AL-8-OC  AMENDMENT LIMITS OF LIAB. (SINGLE LIMIT)
AL-8-OB  ADDITIONAL INSURED (INTERESTS OF TVA & USA (SPECIFIC)
AL-8-OC  WORLD WIDE COVERAGE
L-3600-O  AMENDATORY ENDT. NOTICE (TEXAS)

AS PER DECLARATION PAGE AL-51-O
AL-8-OB  NAMED INSURED ENDT.
AL-57-O  PREMIUM INSTALLMENT
AL-8-OB  ADDITIONAL INSURED (GOLDEN GATE SCOUTING)
AL-8-OB  ADDITIONAL INSURED (US FOUNDATION FOR INT'L SCOUTING)
AL-8-OB  ADDITIONAL INSURED (EMPLOYEES, COUNCIL MEMBERS, ETC.)
AL-8-OB  NOTICE OF OCCURRENCE

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; .provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by..............................................
                                          *Authorized Agent*

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form AL-8-O C  Printed in U.S.A.  10-'66  NBCU:

Subject to Protective Order – Highly Confidential       BSA-PLAN_00251828

**SA 2780**

## Schedule of Automobiles and Covered Automobiles   PAGE #2

This Schedule forms a part of Policy No. 10 C A433498 ........issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Effective date ..........................................
12:01 A. M., Standard time.



**THE HARTFORD**

As respects each *covered automobile* described herein, the insurance afforded applies only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the Company's liability against each such coverage shall be as stated herein, subject to all the terms of this insurance having reference thereto.

| Unit or Entry No. | Year Model Trade Name / Location (Town, State) | Body Type - Truck Size No. of Cyls., Truck Load, Gallonage Bus Seating Capacity / Rating Territory | Identification No. (I) Serial No. (S) Motor No. (M) / Rating Class | *Purpose of Use | Purchased Mo./Yr. New-Used / Original Cost New or Rating Symbol | BI Liab. Prem. / Medical Payments Premium | PD Liab. Prem. / Uninsured Motorist Premium | Non. Coll. Cov. (Insert Applicable Symbols) / Coll. Cov. (Insert Applicable Symbols) | Amt. or "ACV" (Actual Cash Value) / Amt. or "ACV" (Actual Cash Value) | Deductible if any / Deductible if any | Rates / Rates | Premiums (each covered automobile) | Towing and Labor Costs / Premium |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8. | 68 CHEV P/U #CS148T122234 | | | C | | $ 12.00 / $ | 4.00 / $ | $ | $ | $ | $ | $ | $ |
| | MENDHAM, N.J. | 25 | | IND TRK | | $ 26.00 / $ | 2.00 / $ | $ | $ | $ | $ | $ | $ |
| 9. | 68 CHEV P/U #CS148T122265 | | | C | | $ 12.00 / $ | 4.00 / $ | $ | $ | $ | $ | $ | $ |
| | MENDHAM, N.J. | 25 | | IND TRK | | $ 26.00 / $ | 2.00 / $ | $ | $ | $ | $ | $ | $ |
| 10. | 72 CHEV P/U #CCS142B139673 | | | C | | $ 12.00 / $ | 4.00 / $ | $ | $ | $ | $ | $ | $ |
| | MENDHAM, N.J. | 25 | | IND TRK | | $ 26.00 / $ | 2.00 / $ | $ | $ | $ | $ | $ | $ |
| 11. | 64 CHEV STAKE TRK #4C369T132515 | | | C | | $ 12.00 / $ | 4.00 / $ | $ | $ | $ | $ | $ | $ |
| | MENDHAM, N. J. | 25 | | IND TRK | | $ 26.00 / $ | 2.00 / $ | $ | $ | $ | $ | $ | $ |
| 12. | 71 DODGE S/W #B23A41S120542 | | | C | | $ 12.00 / $ | 4.00 / $ | $ | $ | $ | $ | $ | $ |
| | | | | | | $ 5.00 / $ | | | | | | | |
| | MENDHAM, N.J. | 25 | | IND TRK | | $ 1.00 / $ | 2.00 / $ | $ | $ | $ | $ | $ | $ |
| 1_. | 68 FORD TRACTOR #C187425 | | | C | | $ 12.00 / $ | 4.00 / $ | $ | $ | $ | $ | $ | $ |
| | NORTH BRUNSWICK, N.J. | 40 | | IND TRK | | $ 45.00 / $ | 2.00 / $ | $ | $ | $ | $ | $ | $ |
| 14. | 72 FORD ½ T TRK #F50CEM63371 | | | C | | $ 12.00 / $ | 4.00 / $ | $ | $ | $ | $ | $ | $ |
| | NORTH BRUNSWICK, N.J. | 40 | | IND TRK | | $ 45.00 / $ | 2.00 / $ | $ | $ | $ | $ | $ | $ |

†Not Available in California   *P & B = Pleasure and Business; C = Commercial

TOTALS:
$ 84.00 / $ 28.00
$ 6.00 / $
$ 196.00 / $ 14.00

**LOSS PAYEES — IDENTIFY BY UNIT OR ENTRY NO.**

| No. | Name and Address of Loss Payee | No. |
|---|---|---|
| | CSL 9% DISC (.91) INCL | |
| | | |
| | | |

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

A-3471-0   Printed in U. S. A.

SA 2781

## Schedule of Automobiles and Covered Automobiles

**PAGE #3**

10 C AA3349E

This Schedule forms a part of Policy No.................................issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Effective date.........................................
12:01 A. M., standard time.


**THE HARTFORD**

As respects each *covered automobile* described herein, the insurance afforded applies only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the Company's liability against each such coverage shall be as stated herein, subject to all the terms of this insurance having reference thereto.

| Unit or Entry No. | Year Model Trade Name / Location (Town, State) | Body Type – Truck Size No. of Cyls., Truck Load, Tonnage Bus Seating Capacity | Identification No. (I) Serial No. (S) Motor No. (M) / Rating Territory | *Purpose of Use / Rating Class | Purchased Mo./Yr. New-Used / Original Cost New or Rating Symbol | Bi Liab. Prem. PIP Medical Payments | PD Liab. Prem. Uninsured Motorist | Non. Coll. Cov. (Insert Applicable Symbols) Coll. Cov. (Insert Applicable Symbols) | Amt. or "ACV" (Actual Cash Value) Amt. or "ACV" (Actual Cash Value) | Deduc-tible if any Deduc-tible if any | Rates Rates | Premiums (each covered automobile) | †Towing and Labor Costs Premium |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 15. | 72 INTL WAGONEER #A83606490009 | | | C | | $ 12.00 / $ 45.00 | $ 4.00 / $ 2.00 | $ | $ | $ | $ | $ | $ |
| | NORTH BRUNSWICK, N.J. | | 40 | IND TRK. | | | | | | | | | |
| 16. | 68 FORD TR J #F35YEC58580 | | | C | | $ 12.00 / $ 45.00 | $ 4.00 / $ 2.00 | $ | $ | $ | $ | $ | $ |
| | NORTH BRUNSWICK, N.J. | | 40 | IND TRK. | | | | | | | | | |
| 17. | 74 CHEV CARRYALL #CCZ264F180009 | | | C | | $ 14.00 / $ 16.00 | $ 4.00 / $ 3.00 | $ | $ | $ | $ | $ | $ |
| | ORRINGTON, ME. | | 10 | IND TRK. | | | | | | | | | |
| 18. | 75 CHEV SPT VAN #CGY365A118766 | | | C | | $ 14.00 / $ 16.00 | $ 4.00 / $ 3.00 | $ | $ | $ | $ | $ | $ |
| | ORRINGTON, ME. | | 10 | IND TRK. | | | | | | | | | |
| 19. | 74 CHEV CARRYALL #CCZ264F178865 | | | C | | $ 14.00 / $ 16.00 | $ 4.00 / $ 3.00 | $ | $ | $ | $ | $ | $ |
| | ORRINGTON, ME. | | 10 | IND. TRK. | | | | | | | | | |
| 20. | 72 CHEV CARRYALL #CCE262F175642 | | | C | | $ 17.00 / $ 18.00 | $ 4.00 / $ 3.00 | $ | $ | $ | $ | $ | $ |
| | BOULDER JUNCTION, WISC. | | 09 | IND. TRK. | | | | | | | | | |
| 21. | 71 CHEV SUBURBAN #CE361410 2709 | | | C | | $ 17.00 / $ 18.00 | $ 4.00 / $ 3.00 | $ | $ | $ | $ | $ | $ |
| | BOULDER JUNCTION, WISC. | | 09 | IND. TRK. | | | | | | | | | |

†Not Available in California  *P & B = Pleasure and Business; C = Commercial

TOTALS: $ 160.00 / $ 28.00
$ 174.00 / $ 19.00

**LOSS PAYEES – IDENTIFY BY UNIT OR ENTRY NO.**

| No. | Name and Address of Loss Payee | No. |
|---|---|---|
| | CSL DISC 9% (.91) INCL | |
| | | |
| | | |

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

A-3471-0  Printed in U.S.A.

## Schedule of Automobiles and Covered Automobiles.   PAGE #4

This Schedule forms a part of Policy No. **10 C A43349E** ............issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Effective date............................................
12:01 A. M., standard time.



**THE HARTFORD**

As respects each *covered automobile* described herein, the insurance afforded applies only with respect to such of the following coverages as are indicated by specific premium charge or charges.  The limit of the Company's liability against each such coverage shall be as stated herein, subject to all the terms of this insurance having reference thereto.

| Unit or Entry No. | Year Model Trade Name / Body Type - Truck Size No. of Cyls., Truck Load, Gallonage Bus Seating Capacity / Location (Town, State) | Identification No. (I) Serial No. (S) Motor No. (M) / Rating Territory | *Purpose of Use / Rating Class | Purchased Mo./Yr. New-Used / Original Cost New or Rating Symbol | Casualty Coverages — BI Liab. Prem. Medical Payments Premium | PD Liab. Prem. PIP Uninsured Motorist Premium | Non. Coll. Cov. (Insert Applicable Symbols) Cull. Cov. (Insert Applicable Symbols) | Amt. or "ACV" (Actual Cash Value) Amt. or "ACV" (Actual Cash Value) | Deductible if any Deductible if any | Rates Rates | Premiums (each covered automobile) | Towing and Labor Costs Premium |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 22. | 73 INTL TRAVELALL #3H0H0CHB51426 / BOULDER JUNCTION, WISC. | 09 | C / IND. TRK. | | $ 17.00 $ 18.00 | $ 4.00 $ 3.00 | | $ | $ | $ | $ | $ |
| 23. | 71 FORD ECONOLINE #E22GHK50128 / ELY, MINN. | 07 | C / IND. TRK. | | $ 23.00 $ 3.00 | $ 4.00 $ 3.00 | | $ | $ | $ | $41.00 | $ |
| 24. | 72 CHEV CARRYALL #CCE262F174138 / ORRINGTON, ME. | 10 | C / 034986 | 3700. | $ $ | $ $ | O | $ | $ | $ | $ | $ |
| 25. | 72 CHEV CARRYALL #CCE262F162143 / ORRINGTON, ME. | 10 | C / 034986 | 3700. | $ $ | $ $ | O | $ | $ | $ | $41.00 | $ |
| 26. | 73 CHEV CARRYALL #CCZ263F171514 / ORRINGTON, ME. | 10 | C / 034986 | 4000. | $ $ | $ $ | O | $ | $ | $ | $41.00 | $ |
| 27. | 73 CHEV CARRYALL #CCZ263F171671 / ORRINGTON, ME. | 10 | C / 034986 | 4000. | $ $ | $ $ | O | $ | $ | $ | $41.00 | $ |
| 28. | 71 CHEV CARRYALL #CS261F650350 / ORRINGTON, ME. | 10 | C / 034986 | 4252. | $ $ | $ $ | O | $ | $ | $ | $32.00 | $ |

†Not Available in California   *P & B = Pleasure and Business; C = Commercial

| TOTALS | $ 40.00 $ 3.00 $ 18.00 | $ 8.00 $ 6.00 | $196.00 | $ |

**LOSS PAYEES — IDENTIFY BY UNIT OR ENTRY NO.**

| No. | Name and Address of Loss Payee | No. |
|---|---|---|
| | CSL DISC 9% (.91) INCL | |

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

A-3471-0   Printed in U. S. A.