# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| Boy Scouts of America and Delaware BSA, LLC,[1] | Bankruptcy Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | |
| National Union Fire Insurance Co. of Pittsburgh, PA, *et al*., | Lead Case No. 22-cv-01237-RGA |
| Appellants. | Consolidated Case Nos. 22-cv-01238-RGA; |
| v. | 22-cv-01239-RGA; 22-cv-01240-RGA; |
| Boy Scouts of America and Delaware BSA, LLC, *et al*., | 22-cv-01241-RGA; 22-cv-01242-RGA; 22-cv-01243-RGA; |
| Appellees. | 22-cv-01244-RGA; 22-cv-01245-RGA; 22-cv-01246-RGA; 22-cv-01247-RGA; 22-cv-01249-RGA; 22-cv-01250-RGA; 22-cv-01251-RGA; 22-cv-01252-RGA; 22-cv-01258-RGA; 22-cv-01263-RGA |

## DEBTORS-APPELLEES' APPENDIX TO CONSOLIDATED ANSWERING BRIEF: VOLUME 10 (SA 3028 THROUGH SA 3191)

Dated: December 7, 2022

---

[1]  The Debtors, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
Glenn M. Kurtz (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
jessica.lauria@whitecase.com
gkurtz@whitecase.com

WHITE & CASE LLP
Michael C. Andolina
Matthew E. Linder
Laura E. Baccash
Blair M. Warner
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
mandolina@whitecase.com
mlinder@whitecase.com
laura.baccash@whitecase.com
blair.warner@whitecase.com

WHITE & CASE LLP
Ronald K. Gorsich
Doah Kim
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:  (213) 620-7700
rgorsich@whitecase.com
doah.kim@whitecase.com

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
dabbott@morrisnichols.com
aremming@morrisnichols.com
ptopper@morrisnichols.com

*Counsel for Debtors-Appellees and Debtors in Possession*

## INDEX OF SUPPLEMENTAL DOCUMENTS

| BSA Records | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| List of Current Members of the NEB (Exhibit B to Desai Declaration) | 1-191 | SA 0001 – SA 0004 |
| List of Current Members of the NEC (Exhibit E to Desai Declaration) | 1-192 | SA 0005 – SA 0007 |
| BSA Charter and Bylaws (as amended through May 2021) | 468 | SA 0008 – SA 0035 |
| Rules and Regulations of the Boy Scouts of America (September 2020) | 291 | SA 0036 – SA 0059 |
| Local Council Charter Renewals (Excerpt) | 7-3 | SA 0060 – SA 0063 |
| 2010 Articles of Incorporation Template (Mobile Area Council Articles of Incorporation, Art. II. Duration) | 187 | SA 0064 – SA 0067 |
| Form of Annual Unit Charter Agreement (2020) | 264 | SA 0068 – SA 0069 |
| BSA Bylaws (June 1, 2019) | 234 | SA 0070 – SA 0095 |
| Local Council Charter Renewal for Greenwich NR A2 (January 15, 2020) | 2976 | SA 0096 |
| Troop Roster for Troop 172 (Patriots Path Council) (Redacted) | 17 | SA 0097 – SA 0106 |
| Troop Roster for Sanford Troop 37 (Abraham Lincoln Council) (Redacted) | 23 | SA 0107 – SA 0108 |

| | | |
|---|---|---|
| Examples and Templates of Local Council Articles & Bylaws | 7-2 | SA 0109 – SA 0373 |
| Troop Roster for Pack C-3210 (Cape Fear Council) (Redacted) | 43 | SA 0374 – SA 0377 |

| Proofs of Claim | Appendix Page Nos. |
|---|---|
| Proof of Claim No. 8174 | SA 0378 – SA 0387 |
| Proof of Claim No. 639 | SA 0388 – SA 0390 |
| Proof of Claim No. 4971 | SA 0391 – SA 0405 |
| Proof of Claim No. 9558 | SA 0406 – SA 0408 |
| Proof of Claim No. 9430 | SA 0409 – SA 0412 |
| Proof of Claim No. 9511 | SA 0413 – SA 0416 |
| Proof of Claim No. 12203 | SA 0417 – SA 0424 |
| Proof of Claim No. 5113 | SA 0425 – SA 0428 |
| Proof of Claim No. 10390 | SA 0429 – SA 0433 |
| Proof of Claim No. 12530 | SA 0434 – SA 0449 |
| Proof of Claim No. 1248 | SA 0450 – SA 0452 |
| Proof of Claim No. 9123 | SA 0453 – SA 0462 |
| Proof of Claim No. 7826 | SA 0463 – SA 0466 |

| | |
|---|---|
| Proof of Claim No. 343-13 | SA 0467 – SA 0469 |
| Proof of Claim No. 343-26 | SA 0470 – SA 0472 |
| Proof of Claim No. 6346 | SA 0473 – SA 0477 |

| State and Federal Litigation Documents | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Illinois Complaint filed by National Surety | 162 | SA 0478 – SA 0493 |
| Texas Complaint against Century, National Surety and Allianz | 185 | SA 0494 – SA 0515 |
| Texas Complaint against Hartford | 181 | SA 0516 – SA 0528 |
| Third Amended Complaint: *John Does I-XIX v. Boy Scouts of America, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, et al.* (District Court for the District of Idaho, No. 1:13-cv-00275-BLW) | 2912 | SA 0529 – SA 0587 |
| Trial by Jury Demand: *Plaintiffs v. Boy Scouts of America Corporation, Mobile Area Council Boy Scouts of America, et al.* (Circuit Court of Mobile County, Alabama, No. CV-2016) | 2920 | SA 0588 – SA 0617 |
| Notice of Removal: *A.A. v. the Boy Scouts of America, North Florida Council, Inc., Boy Scouts of America, et al.* (District Court for the Middle of District of Florida Ocala Division) | 2921 | SA 0618 – SA 1601 |
| Verified Complaint for Damages and Equitable Relief: *Plaintiff v. Roman Catholic Archbishop, et al.* (Superior Court of Guam, No. CV 0207-17) | 2910 | SA 1602 – SA 1613 |
| Complaint: *John Doe v. Boy Scouts of America; and Central Minnesota Council, Boy Scouts of America* (State of Minnesota County of Stearns, District Court, Seventh Judicial District, No. []) | 2913 | SA 1614 – SA 1638 |

| Documents filed in *In re Archbishop of Agana* ("AOA"), Case No. 19-00010 (Bankr. D. Guam) | AOA Docket No. | Appendix Page Nos. |
|---|---|---|
| Motion for Derivative Standing to Enforce the Automatic Stay and Take Other Actions | 616 | SA 1639 – SA 1659 |

| | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Transcript of Hearing Held September 10, 2021 | 693 | SA 1660 – SA 1681 |
| Third Amended Chapter 11 Plan | 920 | SA 1682 – SA 1818 |
| BSA's Objection and Reservation of Rights to Confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization for the Archbishop of Agana | 948 | SA 1819 – SA 1836 |
| BSA's Objection to and Reservation of Rights to Debtors Motion Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order (1) Approving Settlement Agreement Among the Archdiocese, the AOA Entities, the Official Committee of Unsecured Creditors, and AIG Insurers Entities, (2) Approving the Archdioceses Sale of the Policies Issued to the Debtor Back to AIG Insurers Entities Free and Clear of Claims and Interests, and (3) Enjoining Assertion Of Claims Against AIG Insurers Entities | 989 | SA 1837 – SA 1866 |
| Order Granting 218 Stipulated Motion for Order Directing Mediation and Appointing the Honorable Robert J. Faris to Serve as Mediator | 227 | SA 1867 – SA 1868 |
| Transcript of Hearing Held October 4, 2022 | 1092 | SA 1869 – SA 1924 |
| Fifth Amended Chapter 11 Plan | 1044 | SA 1925 – SA 2116 |
| Order Approving Stipulation By and Between Debtor, Official Committee of Unsecured Creditors and Boy Scouts of America Regarding the BSA Plan Objection and Claim Objection | 1048 | SA 2117 – SA 2126 |
| Order Confirming Fifth Amended Joint Chapter 11 Plan of Reorganization | 1093 | SA 2127 – SA 2139 |
| Minute Entry Regarding September 10 Hearing | 690 | SA 2140 |

| Other Exhibits Admitted at Trial | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Email from Jeff Hunt to Wendy Kurten, et al. | 725 | SA 2141 – SA 2145 |
| Attachment to email: Change-Pro Redline of Claims Allowance Procedures | 502 | SA 2146 – SA 2175 |

| | | |
|---|---|---|
| Attachment to email: Claims Allowance Procedures | 527 | SA 2176 – SA 2195 |
| Email from Debtors regarding BSA - Preliminary Comments on Draft CAP sent to Coalition, FCR, and Mediator | 529 | SA 2196 |
| Attachment to email: BSA Redline of Claims Allowance Procedures (comparing June 8, 2021 version to June 6, 2021 version) | 533 | SA 2197 – SA 2245 |
| Attachment to email: Change-Pro Redline of Claims Allowance Procedures (comparing version 3 and version 4) | 537 | SA 2246 – SA 2466 |
| Attachment to email: Change-Pro Redline of Claims Allowance Procedures (comparing version 3 and version 1) | 539 | SA 2267 – SA 2290 |
| Plaintiff John Doe 4's First Amended Complaint: *John Doe 4 v. Boy Scouts of America, Chicago Area Council, et al.* (Circuit Court of Cook County, Illinois, No. 2018 L 211) | 2911 | SA 2291 – SA 2356 |
| Complaint Fraud and Constructive Fraud: *John Doe XX, et al. v. Boy Scouts of America, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, et al.* (District Court for the District of Idaho) | 2914 | SA 2357 – SA 2380 |
| Redacted Second Revised Complaint: *John Doe #1, et al. v. Boy Scouts of America Corporation, Fairfield County Council of the Boy Scouts of America, et al.* (Superior Court, Connecticut, J.D. of Stamford/Norwalk at Stamford, No. FST-cv-15-5015023-S) | 2916 | SA 2381 – SA 2456 |

| Insurance Policies | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Hartford Pine Tree Council Casualty Insurance Policy No. 04C157992 | 1154 | SA 2457 – SA 2491 |
| Hartford Fire Insurance Co. Policy No. 12CCP500098 | 1155 | SA 2492 – SA 2547 |
| INA Policy No. 15-12-11 | 4000-1 | SA 2548 – SA 2599 |
| Allianz 1980 Umbrella Policy No. UMB 599346 | 10-1 | SA 2600 – SA 2620 |

| | | |
|---|---|---|
| Old Republic Insurance Company Commercial Excess Liability Insurance Policy for period of March 1, 2017 to March 1, 2018 | 10-7 | SA 2621 – SA 2664 |
| INA Policy No. 70-64-52 | 4000-2 | SA 2665 – SA 2700 |
| Hartford Insurance Policy | 4000-10 | SA 2701 – SA 3081 |
| INA Policy No. 07-54-09-4 | 4000-4 | SA 3082 – SA 3164 |
| INA Policy No. 4-84-03 | 4000-6 | SA 3165 – SA 3188 |
| Hartford Insurance Policy No. 10 C A43303 | 4000-8 | SA 3189 – SA 3332 |
| Hartford Insurance Policy | 4000-9 | SA 3333 – SA 3571 |
| Hartford Insurance Policy No. CBP 109170 | 4000-11 | SA 3572 – SA 3644 |
| Hartford Insurance Policy No. 54 C 990478 | 4000-12 | SA 3645 – SA 3673 |
| Hartford Insurance Policy No. 32 HU 380257 | 4000-13 | SA 3674 – SA 3684 |

| Appendix Documents Filed Under Seal | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Initial Hartford Settlement Agreement | 1481 | SA 3685 – SA 3696 |
| Proof of Claim No. 87715 | N/A | SA 3697 – SA 3789 |

| | | |
|---|---|---|
| Illinois Century Answer | 202 | SA 3790 – SA 3821 |

| Multimedia Documents to be Lodged with the Court[2] | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| BSA and Local Council Insurance Policies | 10 | SA 3822 |
| All Proofs of Claim | 14 | SA 3823 |
| Settled and Unsettled Local Council Policy Information (Excel Format) | 2961 | SA 3824 |

---

[2]   The following documents cannot be filed on the Court's docket due to their size or file format. The Appellees will make these documents available to the Court and the parties.  For purposes of citing these documents in the Debtors-Appellees' Consolidated Answering Brief, the Appellees have assigned these documents appendix page numbers in accordance with the "SA___" convention.



**PREMIUM CODING INPUT**

THE HARTFORD
COMPANY COPY

Form OA-577-1B   (4 PART SNAPOUT SET)   Printed in U.S.A.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252076

SA 3028



# PREMIUM CODING INPUT

THE HARTFORD

COMPANY COPY

Form OA-577-18  (4 PART SNAPOUT SET)  Printed in U. S. A.

Part____of____   RISK CARD
Coded by ____
Date: 4·1·76

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252077

SA 3029



**PREMIUM CODING INPUT**

Part 1 of 2
Coded by GB
Date 2-13-76

THE HARTFORD

COMPANY COPY

Form OA-577-1B   (4 PART SNAPOUT SET)   Printed in U.S.A.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252078

SA 3030



Subject to Protective Order – Highly Confidential



PREMIUM C

Part 3 of 4
Coded by 11
Date: 2-13-76

Form OA-577-1B   (4 PART SNAPOUT SET)   Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252080

SA 3032



# PREMIUM CODING INPUT

THE HARTFORD

COMPANY COPY

Part 2 of 4
Coded by 97
Date: 2-13-76

Form OA-577-1B   (4 PART SNAPOUT SET)   Printed in U.S.A.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252081

SA 3033



The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

**PREMIUM CODING INPUT**

COMPANY COPY

THE HARTFORD

COMPANY COPY

Form OA-577-29  (4 PART SNAPOUT SET)  Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252082

SA 3034



The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

PREMIUM CODING INPUT

Part ____ of ____
Coded by ____
Date: 10-11-76

RISK CARD

THE HARTFORD
COMPANY COPY

COMPANY COPY

Form OA-577-1B   (4 PART SNAPOUT SET)   Printed in U. S. A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252083

SA 3035

# PREMIUM CODING INPUT



The company located these documents in its business records. At this time, the company does not certify that these documents constitute complete and accurate copy of the policy.

Part ____ of ____  RISK CARD
Coded by 𝐽𝐽
Date: 9.13.76

THE HARTFORD
COMPANY COPY

Form OA-577-18  (4 PART SNAPOUT SET)  Printed in U.S.A.

COMPANY COPY

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252084

SA 3036



**PREMIUM CODING INPUT**

THE HARTFORD

COMPANY COPY

Form OA-577-1B  (4 PART SNAPOUT SET)  Printed in U.S.A.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute complete and accurate copy of the policy.

Part ____ of ____
Coded by ____  RISK CARD
Date: 9-13-76

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252085

SA 3037

**PREMIUM CODING INPUT**



The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

**THE HARTFORD**
COMPANY COPY

COMPANY COPY

Form OA-577-18  (4 PART SNAPOUT SET)  Printed in U.S.A.

Part ____ of ____
Coded by ____
Date: 9-13-76

RISK CARD

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252086

**SA 3038**

# PREMIUM CODING INPUT



Form OA-577-18   (4 PART SNAPOUT SET)   Printed in U.S.A.

Part____of____ RISK CARD
Coded by____
Date: 2-19-76

THE HARTFORD
COMPANY COPY

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252087

SA 3039



**PREMIUM CODING INPUT**

THE HARTFORD
COMPANY COPY

Form OA-577-18   (4 PART SNAPOUT SET)   Printed in U.S.A.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.



The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form OA-577-1B  (4 PART SNAPOUT SET)  Printed in U.S.A.

THE HARTFORD
COMPANY COPY

Part _____ of _____
Coded by ＋ J
Date: 7-19-76

RISK CARD

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252089

SA 3041



**PREMIUM CODING INPUT**

Part ___ of ___ RISK CARD
Coded by _____
Date: _____

Form OA-577-18   (4 PART SNAPOUT SET)   Printed in U.S.A.

THE HARTFORD
COMPANY COPY

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential



**PREMIUM CODING INPUT**

THE HARTFORD
COMPANY COPY

Form OA-577-1B   (4 PART SNAPOUT SET)   Printed in U.S.A.

Part ____ of ____  RISK CARD
Coded by ____
Date: 7-19-76

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252091

SA 3043



**PREMIUM CODING INPUT**

THE HARTFORD
COMPANY COPY

Form OA-577-1B  (4 PART SNAPOUT SET)  Printed in U.S.A.

Part ____ of ____
Coded by: ____
Date: 2-19-76

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

BSA-PLAN_00252092

SA 3044



PREMIUM CODING INPUT

CA 433.49 BOY SCOUTS OF AMERIC

Part ___ of ___
Coded by ___
Date: 8-3-76

THE HARTFORD
COMPANY COPY

Form OA-577-1B   (4 PART SNAPOUT SET)   Printed in U.S.A.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252093

SA 3045

# PREMIUM CODING INPUT



COMPANY COPY

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Part____of____
Coded by ____
Date: ____

**THE HARTFORD**

COMPANY COPY

Form OA-577-2B   (4 PART SNAPOUT SET)   Printed in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252094

**SA 3046**

# CASUALTY INSURANCE POLICY

**THE HARTFORD**

GENERAL POLICY PROVISIONS     Form 8117

The member company of **THE HARTFORD INSURANCE GROUP** designated on the Declarations page as the Insurer (a stock insurance company, herein called the company)

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the *named insured* as follows:

## COVERAGE

Insurance is afforded by the Coverage Parts forming a part hereof, subject to such limits of liability as are stated therein and subject to all the terms of the policy having reference thereto.

## SUPPLEMENTARY PAYMENTS

The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the *insured* in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy,

and the cost of bail bonds required of the *insured* because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the *insured* for first aid to others at the time of an accident, for *bodily injury* to which this policy applies;

(d) reasonable expenses incurred by the *insured* at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

"*automobile*" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include *mobile equipment*;

"*bodily injury*" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

"*collapse hazard*" includes "structural property damage" as defined herein and *property damage* to any other property at any time resulting therefrom. "Structural property damage" means the collapse of or structural injury to any building or structure due to (1) grading of land, excavating, borrowing, filling, back-filling, tunnelling, pile driving, cofferdam work or caisson work or (2) moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof. The *collapse hazard* does not include *property damage* (1) arising out of operations performed for the *named insured* by independent contractors, or (2) included within the *completed operations hazard* or the *underground property damage hazard*, or (3) for which liability is assumed by the *insured* under an *incidental contract*;

"*completed operations hazard*" includes *bodily injury* and *property damage* arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the *named insured*. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the *named insured* under the contract have been completed,

(2) when all operations to be performed by or on behalf of the *named insured* at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

BSA-PLAN_00252095
SA 3047

The *completed operations hazard* does not include *bodily injury* or *property damage* arising out of

(a) operations in connection with the transportation of property, unless the *bodily injury* or *property damage* arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";

**"elevator"** means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an *automobile* servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

**"explosion hazard"** includes *property damage* arising out of blasting or explosion.  The *explosion hazard* does not include *property damage* (1) arising out of the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) arising out of operations performed for the *named insured* by independent contractors, or (3) included within the *completed operations hazard* or the *underground property damage hazard*, or (4) for which liability is assumed by the *insured* under an *incidental contract*;

**"incidental contract"** means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) *elevator* maintenance agreement;

**"insured"** means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage.  The insurance afforded applies separately to each *insured* against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

**"mobile equipment"** means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the

*named insured*, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle:  power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type);  graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

**"named insured"** means the person or organization named in Item 1. of the declarations of this policy;

**"named insured's products"** means goods or products manufactured, sold, handled or distributed by the *named insured* or by others trading under his name, including any container thereof (other than a vehicle), but "*named insured's products*" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

**"occurrence"** means an accident, including continuous or repeated exposure to conditions, which results in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured*;

**"policy territory"** means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the *bodily injury* or *property damage* does not occur in the course of travel or transportation to or from any other country, state or nation, or

(3) anywhere in the world with respect to damages because of *bodily injury* or *property damage* arising out of a product which was sold for use or consumption within the territory described in paragraph (1) above, provided the original suit for such damages is brought within such territory;

**"products hazard"** includes *bodily injury* and *property damage* arising out of the *named insured's products* or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs away from premises owned by or rented to the *named insured* and after physical possession of such products has been relinquished to others;

**"property damage"** means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an *occurrence* during the policy period;

**"underground property damage hazard"** includes underground property damage as defined herein and *property damage* to any other property at any time resulting therefrom.  "Underground property damage" means *property damage* to wires, conduits, pipes, mains, sewers, tanks, tunnels, any similar property, and any apparatus in connection therewith, beneath the surface of the ground or water, caused by and occurring during the use of mechanical equipment for the purpose of grading land, paving, excavating, drilling, borrowing, filling, back-filling or pile driving.  The *underground property damage hazard* does not include *property damage* (1) arising out of operations performed for the *named insured* by independent contractors, or (2) included within the *completed operations hazard*, or (3) for which liability is assumed by the *insured* under an *incidental contract*.

## DESCRIPTION OF TERMS USED AS PREMIUM BASES

When used as a premium basis for:

(a) Comprehensive General Liability Insurance or Owners', Landlords' and Tenants' Liability Insurance, **"admissions"** means the total number of persons, other than employees of the *named insured*, admitted to the event covered by the insurance or to events conducted on the premises whether on paid admission tickets, complimentary tickets or passes;

(b) Comprehensive General Liability Insurance;  Manufacturers' and Contractors' Liability Insurance;  Owners', Landlords' and Tenants' Liability Insurance;  Owners' and Contractors' Protective Liability Insurance, **"cost"** means the total cost to the *named insured* with respect to operations performed for the *named insured* during the policy period by independent contractors of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or subcontractor, including all fees, allowances, bonuses or commissions made, paid or due;

(c) Comprehensive General Liability Insurance;  Manufacturers' and Contractors' Liability Insurance;  Owners', Landlords' and Tenants' Liability Insurance or Completed Operations and Products Liability Insurance, **"receipts"** means the gross amount of money charged by the *named insured* for such operations by the *named insured* or by others during the policy period as are rated on a receipts basis other than receipts from telecasting, broadcasting or motion pictures, and includes taxes, other than taxes which the named insured collects as a separate item and remits directly to a governmental division;

(d) Comprehensive General Liability Insurance;  Manufacturers' and Contractors' Liability Insurance or Owners', Landlords' and Tenants' Liability Insurance which includes coverage for structural alterations, new construction and demolition operations, **"remuneration"** means the entire remuneration earned during the policy period by proprietors and by all employees of the *named insured*, other than chauffeurs (except operators of *mobile equipment*) and aircraft pilots and co-pilots, subject to any overtime earnings or limitation of remuneration rule applicable in accordance with the manuals in use by the Company;

The information contained in this document is for business use only and does not constitute a complete and accurate copy of the policy.

Form 8117

2

BSA-PLAN_00252096

SA 3048

(e) Comprehensive General Liability Insurance or Completed Operations and Products Liability Insurance, *"sales"* means the gross amount of money charged by the *named insured* or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the *named insured* and such others collect as a separate item and remit directly to a governmental division;

(f) Contractual Liability Insurance, *"cost"* means the total cost to any indemnitee, with respect to any contract which is insured, of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or the subcontractor, including all fees, allowances, bonuses or commissions made, paid or due;

(g) Garage Insurance, *"remuneration"* means (a) the entire remuneration earned during the policy period by each Class A employee and each Class C employee of the *named insured*, subject to an average weekly maximum of $100, and (b) the remuneration of each Class B person at a fixed amount of $2,000 per annum with respect to Dealer Risks (Hazard 1) or $5,200 per annum with respect to Non-Dealer Risks (Hazard 2)

*"Class A"* means all clerical office employees

*"Class B"* means all proprietors and officers active in the business, and inactive proprietors or officers (other than an inactive proprietor or officer who is a spouse of an active proprietor or officer) who customarily drive an *automobile*

owned by the *named insured*; and all salesmen, general managers, service managers and chauffeurs

*"Class C"* means all other employees;

(h) Comprehensive Automobile Liability Insurance,

(1) *"cost of hire"* means the amount incurred for (a) the hire of *automobiles*, including the entire remuneration of each employee of the *named insured* engaged in the operation of such *automobiles* subject to an average weekly maximum remuneration of $100, and for (b) pick-up, transportation or delivery service of property or passengers, other than such services performed by motor carriers which are subject to the security requirements of any motor carrier law or ordinance. The rates for each $100 of *"cost of hire"* shall be 5% of the applicable *hired automobile* rates, provided the owner of such *hired automobile* has purchased *automobile* Bodily Injury Liability and Property Damage Liability insurance covering the interest of the *named insured* on a direct primary basis as respects such *automobile* and submits evidence of such insurance to the *named insured*;

(2) *"Class 1 persons"* means the following persons, provided their usual duties in the business of the *named insured* include the use of *non-owned automobiles*: (a) all employees, including officers, of the *named insured* compensated for the use of such *automobiles* by salary, commission, terms of employment, or specific operating allowance of any sort; (b) all direct agents and representatives of the *named insured*;

(3) *"Class 2 employees"* means all employees, including officers, of the *named insured*, not included in Class 1 persons.

## NUCLEAR ENERGY LIABILITY EXCLUSION

This exclusion modifies the provisions of the policy relating to ALL LIABILITY AND MEDICAL PAYMENTS INSURANCE OTHER THAN COMPREHENSIVE PERSONAL AND FARMERS COMPREHENSIVE PERSONAL INSURANCE.

It is agreed that:

I. The policy does not apply:

A. Under any Liability Coverage, to *bodily injury* or *property damage*

(1) with respect to which an *insured* under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the *insured* is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to *bodily injury* resulting from the *hazardous properties of nuclear material* and arising out of the operation of a *nuclear facility* by any person or organization.

C. Under any Liability Coverage, to *bodily injury* or *property damage* resulting from the *hazardous properties of nuclear material*, if

(1) the *nuclear material* (a) is at any *nuclear facility* owned by, or operated by or on behalf of, an *insured* or (b) has been discharged or dispersed therefrom;

(2) the *nuclear material* is contained in *spent fuel* or *waste* at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an *insured*; or

(3) the *bodily injury* or *property damage* arises out of the furnishing by an *insured* of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any *nuclear*

*facility*, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to *property damage* to such *nuclear facility* and any property thereat.

II. As used in this exclusion:

*"hazardous properties"* include radioactive, toxic or explosive properties;

*"nuclear material"* means *source material*, *special nuclear material* or *byproduct material*;

*"source material"*, *"special nuclear material"*, and *"byproduct material"* have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

*"spent fuel"* means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a *nuclear reactor*;

*"waste"* means any waste material (1) containing *byproduct material* and (2) resulting from the operation by any person or organization of any *nuclear facility* included within the definition of *nuclear facility* under paragraph (a) or (b) thereof;

*"nuclear facility"* means

(a) any *nuclear reactor*,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing *spent fuel*, or (3) handling, processing or packaging *waste*,

(c) any equipment or device used for the processing, fabricating or alloying of *special nuclear material* if at any time the total amount of such material in the custody of the *insured* at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of *waste*,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

*"nuclear reactor"* means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

*"property damage"* includes all forms of radioactive contamination of property.

The reproduction of this document does not constitute an admission that the company does not contend that it does not constitute a complete and accurate copy of the policy.

Form 8117

3

BSA-PLAN_00252097

SA 3049

## CONDITIONS

**1. Premium** All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the *named insured*, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the *named insured* the unearned portion paid by the *named insured*.

The *named insured* shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**2. Inspection and Audit** The company shall be permitted but not obligated to inspect the *named insured's* property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the *named insured* or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

The company may examine and audit the *named insured's* books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**3. Financial Responsibility Laws** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for *bodily injury* liability or for *property damage* liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**4. Insured's Duties in the Event of Occurrence, Claim or Suit**
(a) In the event of an *occurrence*, written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the *insured*, the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The *insured* shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and enforcing any right of contribution or indemnity against any person or organization who may be liable to the *insured* because of injury or damage with respect to which insurance is afforded under this policy; and the *insured* shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The *insured* shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**5. Action Against Company** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the *insured's* obligation to pay shall have been finally determined either by judgment against the *insured* after actual trial or by written agreement of the *insured*, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the *insured* to determine the *insured's* liability, nor shall the company be impleaded by the *insured* or his legal representative. Bankruptcy or insolvency of the *insured* or of the *insured's* estate shall not relieve the company of any of its obligations hereunder.

**6. Other Insurance** The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the *insured* has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits.** If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation** In the event of any payment under this policy, the company shall be subrogated to all the *insured's* rights of recovery therefor against any person or organization and the *insured* shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The *insured* shall do nothing after loss to prejudice such rights.

**8. Changes** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the company.

**9. Assignment** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the *named insured* shall die, such insurance as is afforded by this policy shall apply (1) to the *named insured's* legal representative, as the *named insured*, but only while acting within the scope of his duties as such, and (2) with respect to the property of the *named insured*, to the person having proper temporary custody thereof, as *insured*, but only until the appointment and qualification of the legal representative.

**10. Three Year Policy** If this policy is issued for a period of three years any limit of the company's liability stated in this policy as "aggregate" shall apply separately to each consecutive annual period thereof.

**11. Cancellation** This policy may be cancelled by the *named insured* by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the *named insured* at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the *named insured* or by the company shall be equivalent to mailing.

If the *named insured* cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**12. Declarations** By acceptance of this policy, the *named insured* agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

**In Witness Whereof,** the Company has caused this policy to be signed by its President and a Secretary, but the same shall not be binding unless countersigned on the declarations page by a duly authorized agent of the company.

according to the [company's] business records. At this time, the company does not certify that these documents constitute a complete and accurate copy

*Michael S. Wilder, Secretary*                                        *Donald R. Frahm, President*

Form 8117  Printed in U.S.A.  (ISO: AG-00-01  Ed 1-'73)                    4



**THE HARTFORD INSURANCE GROUP**
HARTFORD, CONNECTICUT

# LIQUOR LIABILITY INSURANCE
## COVERAGE PART

This Coverage Part forms a part of Policy No.............................................issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*

This Coverage Part is effective.................................................(at the hour stated in the policy) and forms a part of the above designated policy issued to..................................

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is with respect to the following coverage as indicated by specific premium charge. The limit of the company's liability against such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverage | Limits of Liability | | Advance Premium |
|---|---|---|---|
| X — Liquor Liability | $ | ,000 each common cause | $ |
| | $ | ,000 aggregate | |

| Location of Insured Premises | Code No. | Premium Basis | Rate | Advance Premium |
|---|---|---|---|---|
| | | Receipts | Per $100 of Receipts | |

| Class of Business ———————→ | | TOTAL ADVANCE PREMIUM | $ |
|---|---|---|---|

Form Numbers of Endorsements forming part of this Coverage Part at issue:

If the Policy Period is more than one year, the Premium is Payable:

On effective date of Policy $     1st Anniversary $     2nd Anniversary $

### 1. COVERAGE X — LIQUOR LIABILITY

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of injury to which this insurance applies, sustained by any person if such liability is imposed upon the *insured* by reason of the selling, serving or giving of any alcoholic beverage at or from the *insured premises*, and the company shall have the right and duty to defend any suit against the *insured* seeking such *damages*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(b) to *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured* or to any obligation of the *insured* to indemnify another because of *damages* arising out of such injury;

(c) to injury arising out of any alcoholic beverage sold, served or given while any license therefor, required by law, is suspended or after such license expires, is cancelled or revoked;

(d) to *bodily injury* or *property damage* arising out of the *named insured's products* or reliance upon a representation or warranty made at any time with respect thereto: but this exclusion does not apply to *bodily injury* or *property damage* for which the *insured* or his indemnitee may be held liable if such liability is imposed

(1) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(2) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person.

The conditions and provisions printed on page LL-2 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-3524-0   Printed in U. S. A.     LL-1     Countersigned by.................................. *Authorized Agent*

Subject to Protective Order – Highly Confidential

# LIQUOR LIABILITY INSURANCE
## COVERAGE PART
### (continued)

## II.  PERSONS INSURED

Each of the following is an *insured* under this insurance to the extent set forth below:

(a) if the *named insured* is designated in the declarations as an individual, the person so designated and his spouse;

(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to injury arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured*.

## III.  LIMITS OF LIABILITY

Regardless of the number of *insureds* under this insurance, the company's liability is limited as follows:

The limit of liability stated in the Schedule as applicable to "each common cause" is the total liability of the company for all *damages* sustained by one or more persons as the result of the selling, serving or giving of any alcoholic beverage to any one person.

The limit of liability stated in the Schedule as "aggregate" is, subject to the above provisions respecting "each common cause", the total limit of the company's liability hereunder for all *damages*. Such aggregate limit of liability shall apply separately to each *insured premises*.

## IV.  POLICY PERIOD; TERRITORY

This insurance applies only to injury which occurs during the policy period within the *policy territory*.

## V.  ADDITIONAL DEFINITIONS

When used in reference to this insurance:

*damages* means all damages, including damages for death, care, loss of services, loss of support, or loss of use of property, which are payable because of injury to which this insurance applies.

*insured premises* means:

(a) the premises designated in the Schedule; and, .

(b) any premises which the *named insured* acquires during the policy period for use in manufacturing, distributing, selling, serving or giving alcoholic beverages if (1) the *named insured* notifies the company within 30 days after such acquisition and (2) the *named insured* has no other valid and collectible insurance applicable to the loss.

## VI.  AMENDED CONDITION

When used in reference to this insurance the Three-Year Policy Condition is amended to read as follows:

**Three-Year Policy.**  If this policy is issued for a period of three years:

(a) The policy period is comprised of three consecutive annual periods;

(b) The rates are subject to amendment for the second and third annual period, in accordance with the company's rules and rating plans.  Amended rates shall be stated by endorsement issued to form a part of this policy;

(c) The aggregate limit of liability shall apply separately to each annual period.

## VII.  ADDITIONAL CONDITIONS

**A.  Insured's Duties in the Event of Injury, Claim or Suit**

When an injury occurs written notice shall be given by or on behalf of the *insured*, in accordance with the "Insured's Duties in the Event of Occurrence, Claim or Suit" Condition.

**B.  Limitation of Coverage — Other Liability Insurance**

The insurance afforded by this Part does not apply to any injury with respect to which insurance is otherwise afforded by, or would be afforded but for the exhaustion of the limits of, the policy.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-3524-0

LL-2

BSA-PLAN_00252100

SA 3052



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

## COMPREHENSIVE GENERAL LIABILITY INSURANCE
### COVERAGE PART

This Coverage Part forms a part of Policy No........................issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*

This Coverage Part is effective.............................................................(at the hour stated in the policy) and forms a part of the above designated policy issued to...........................................................

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

### SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverages | Advance Premiums | Limits of Liability | |
|---|---|---|---|
| A — Bodily Injury Liability | $ | $ | ,000 each occurrence |
| | | $ | ,000 aggregate |
| B — Property Damage Liability | $ | $ | ,000 each occurrence |
| | | $ | ,000 aggregate |

| Rating Classifications — Entries herein, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy. | Code No. | Premium Bases | Rates B. I. | Rates P. D. | Advance Premiums B. I. | Advance Premiums P. D. |
|---|---|---|---|---|---|---|
| (a) Premises — Operations | | (a) Area (b) Frontage (c) Remuneration (d) Receipts | (a) Per 100 Sq. Ft. of Area (b) Per Linear Foot (c) Per $100 of Remuneration (d) Per $100 of Receipts | | | |
| (b) Escalators | | (e) Landings | (e) Per Landing | | | |
| (c) Independent Contractors | | (f) Cost | (f) Per $100 of Cost | | | |
| (d) Completed Operations | | (g) Receipts | (g) Per $1,000 of Receipts | | | |
| (e) Products | | (h) Sales | (h) Per $1,000 of Sales | | | |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUMS | $ | $ |
|---|---|---|---|

If the Policy Period is more than one year, the Premium is Payable:

On effective date of Policy $     1st Anniversary $     2nd Anniversary $

The conditions and provisions printed on pages CGL-2 and CGL-3 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Countersigned by ......................................................
*Authorized Agent*

Form L-3563-0   Printed in U. S. A.        **CGL-1**

Subject to Protective Order – Highly Confidential

## COMPREHENSIVE GENERAL LIABILITY INSURANCE
## COVERAGE PART

*(continued)*

### I.  COVERAGE A — BODILY INJURY LIABILITY
### COVERAGE B — PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of

### Coverage A — *bodily injury* or
### Coverage B — *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking *damages* on account of such *bodily injury* or *property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the *insured* under any contract or agreement except an *incidental contract*;  but this exclusion does not apply to a warranty of fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;

(b) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of
   (1) any *automobile* or aircraft owned or operated by or rented or loaned to any *insured*, or
   (2) any other *automobile* or aircraft operated by any person in the course of his employment by any *insured*;
   but this exclusion does not apply to the parking of an *automobile* on premises owned by, rented to or controlled by the *named insured* or the ways immediately adjoining, if such *automobile* is not owned by or rented or loaned to any *insured*;

(c) to *bodily injury* or *property damage* arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any *mobile equipment* while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or (2) the operation or use of any snowmobile or trailer designed for use therewith;

(d) to *bodily injury* or *property damage* arising out of and in the course of the transportation of *mobile equipment* by an *automobile* owned or operated by or rented or loaned to any *insured*;

(e) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of
   (1) any watercraft owned or operated by or rented or loaned to any *insured*, or
   (2) any other watercraft operated by any person in the course of his employment by any *insured*;
   but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the *named insured*;

(f) to *bodily injury* or *property damage* arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

(g) to *bodily injury* or *property damage* due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to
   (1) liability assumed by the *insured* under an *incidental contract*, or
   (2) expenses for first aid under the Supplementary Payments provision;

(h) to *bodily injury* or *property damage* for which the *insured* or his indemnitee may be held liable
   (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
   (2) if not so engaged, as an owner or lessor of premises used for such purposes,
   if such liability is imposed
   (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
   (ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
   but part (ii) of this exclusion does not apply with respect to liability of the *insured* or his indemnitee as an owner or lessor described in (2) above;

(i) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(j) to *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured* or any obligation of the *insured* to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the *insured* under an *incidental contract*;

(k) to *property damage* to
   (1) property owned or occupied by or rented to the *insured*,
   (2) property used by the *insured*, or
   (3) property in the care, custody or control of the *insured* or as to which the *insured* is for any purpose exercising physical control;
   but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to *property damage* (other than to *elevators*) arising out of the use of an *elevator* at premises owned by, rented to or controlled by the *named insured*;

(l) to *property damage* to premises alienated by the *named insured* arising out of such premises or any part thereof;

(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from
   (1) a delay in or lack of performance by or on behalf of the *named insured* of any contract or agreement, or
   (2) the failure of the *named insured's products* or work performed by or on behalf of the *named insured* to meet the level of performance, quality, fitness or durability warranted or represented by the *named insured*;
   but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the *named insured's products* or work performed by or on behalf of the *named insured* after such products or work have been put to use by any person or organization other than an *insured*;

(n) to *property damage* to the *named insured's products* arising out of such products or any part of such products;

(o) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(p) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the *named insured's products* or work completed by or for the *named insured* or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(q) to *property damage* included within:
   (1) the *explosion hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "x",

The company is collecting this document from its business files. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-3503-0

COL-1



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

# COMPREHENSIVE GENERAL LIABILITY INSURANCE
## COVERAGE PART
### (continued)

(2) the *collapse hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "c",

(3) the *underground property damage hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "u".

## II.  PERSONS INSURED

Each of the following is an *insured* under this insurance to the extent set forth below:

(a) if the *named insured* is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the *named insured* with respect to the conduct of such a business;

(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the *named insured*) or organization while acting as real estate manager for the *named insured*; and

(e) with respect to the operation, for the purpose of locomotion upon a public highway, of *mobile equipment* registered under any motor vehicle registration law,

   (i) an employee of the *named insured* while operating any such equipment in the course of his employment, and

   (ii) any other person while operating with the permission of the *named insured* any such equipment registered in the name of the *named insured* and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;

   provided that no person or organization shall be an *insured* under this paragraph (e) with respect to:

   (1) *bodily injury* to any fellow employee of such person injured in the course of his employment, or

   (2) *property damage* to property owned by, rented to, in charge of or occupied by the *named insured* or the employer of any person described in subparagraph (ii).

This insurance does not apply to *bodily injury* or *property damage* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured*.

## II.  LIMITS OF LIABILITY

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *bodily injury* or *property damage*, or (3) claims made or suits brought on account of *bodily injury* or *property damage*, the company's liability is limited as follows:

Coverage A — The total liability of the company for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one or more persons as the result of any one *occurrence* shall not exceed the limit of *bodily injury* liability stated in the schedule as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of (1) all *bodily injury* included within the *completed operations hazard* and (2) all *bodily injury* included within the *products hazard* shall not exceed the limit of *bodily injury* liability stated in the schedule as "aggregate".

Coverage B — The total liability of the company for all damages because of all *property damage* sustained by one or more persons or organizations as the result of any one *occurrence* shall not exceed the limit of *property damage* liability stated in the schedule as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of all *property damage* to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of *property damage* liability stated in the schedule as "aggregate":

(1) all *property damage* arising out of premises or operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including *property damage* for which liability is assumed under any *incidental contract* relating to such premises or operations, but excluding *property damage* included in subparagraph (2) below;

(2) all *property damage* arising out of and occurring in the course of operations performed for the *named insured* by independent contractors and general supervision thereof by the *named insured*, including any such *property damage* for which liability is assumed under any *incidental contract* relating to such operations, but this subparagraph (2) does not include *property damage* arising out of maintenance or repairs at premises owned by or rented to the *named insured* or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all *property damage* included within the *products hazard* and all *property damage* included within the *completed operations hazard*.

Such aggregate limit shall apply separately to the *property damage* described in subparagraphs (1), (2) and (3) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the *named insured*.

Coverages A and B — For the purpose of determining the limit of the company's liability, all *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence*.

## IV.  POLICY TERRITORY

This insurance applies only to *bodily injury* or *property damage* which occurs within the *policy territory*.

The company located these documents in its business files. At this time, the company does not have and is unable to locate a complete copy of the policy.

Form L-3503-0   Printed in U.S.A.                                    CGL-3

Subject to Protective Order – Highly Confidential

GENERAL LIABILITY
Amendatory Endorsement — Notice
(TEXAS)

 THE HARTFORD

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
COMPREHENSIVE PERSONAL INSURANCE
CONTRACTUAL LIABILITY INSURANCE
FARMER'S COMPREHENSIVE PERSONAL INSURANCE
FARM EMPLOYERS' LIABILITY AND FARM EMPLOYEES'
MEDICAL PAYMENTS INSURANCE
FARMERS MEDICAL PAYMENTS INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE
PREMISES MEDICAL PAYMENTS INSURANCE
STOREKEEPER'S INSURANCE
HOSPITAL PROFESSIONAL LIABILITY INSURANCE

As respects *bodily injury* liability coverage and *property damage* liability coverage, unless the company is prejudiced by the *insured's* failure to comply with the requirement, any provision of this policy requiring the *insured* to give notice of action, *occurrence* or loss, or requiring the *insured* to forward demands, notices, summons or other legal process, shall not bar liability under this policy.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy other than as herein stated.

This endorsement forms a part of the policy, issued by THE HARTFORD INSURANCE GROUP company designated therein, which indicates an endorsement forms a part thereof, and takes effect as of the effective date of said policy.

*President*

L-3600-0  Printed in U.S.A.    (ISO-G525)

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential



## PREMISES MEDICAL PAYMENTS INSURANCE
### COVERAGE PART

This Coverage Part forms a part of Policy No._____issued by the Company designated in the Declarations of the policy to which this Coverage Part applies, and takes effect as of the effective date of said policy unless otherwise stated herein.

---
*(For use only if this Coverage Part is effective after the effective date of the Policy)*
This Coverage Part is effective.............................................................................(at the hour stated in the policy) and forms a part of the above designated policy issued to............................................................
---

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is with respect to the following coverage as indicated by specific premium charge or charges.  The limit of the company's liability against such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverage | Advance Premium | Limits of Liability | |
|---|---|---|---|
| E — Premises Medical Payments | $ | $ | each person |
| | | $ | each accident |

| Description of Hazards | Advance Premiums |
|---|---|
| (a) Premises and Operations | |
| (b) Escalators | |
| (c) Sports Activities | |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUM | $ |
|---|---|---|

If the Policy Period is more than one year, the Premium is Payable:
On effective date of Policy $_____     1st Anniversary $_____     2nd Anniversary $_____

The conditions and provisions printed on page MP-2 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Countersigned by _____

MP-1                                                  *Authorized Agent*

Form L-3505-0 (PIC)   Printed in U.S.A. (ISO: GL 0015 0175)

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

BSA-PLAN_00252105
SA 3057

# PREMISES MEDICAL PAYMENTS INSURANCE
## COVERAGE PART
*(continued)*



## I. COVERAGE E — PREMISES MEDICAL PAYMENTS

The company will pay to or for each person who sustains *bodily injury* caused by accident all reasonable *medical expense* incurred within one year from the date of the accident on account of such *bodily injury*, provided such *bodily injury* arises out of (a) a condition in the *insured premises* or (b) operations with respect to which the *named insured* is afforded coverage for *bodily injury* liability under this policy.

### Exclusions

This insurance does not apply:

(a) to *bodily injury*

(1) arising out of the ownership, maintenance, operation, use, loading or unloading of

   (i) any *automobile* or aircraft owned or operated by or rented or loaned to any *insured*, or

   (ii) any other *automobile* or aircraft operated by any person in the course of his employment by any *insured*;

   but this exclusion does not apply to the parking of an *automobile* on the *insured premises*, if such *automobile* is not owned by or rented or loaned to any *insured*;

(2) arising out of (i) the ownership, maintenance, operation, use, loading or unloading of any *mobile equipment* while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or (ii) the operation or use of any snowmobile or trailer designed for use therewith;

(3) arising out of the ownership, maintenance, operation, use, loading or unloading of

   (i) any watercraft owned or operated by or rented or loaned to any *insured*, or

   (ii) any other watercraft operated by any person in the course of his employment by any *insured*;

   but this exclusion does not apply to watercraft while ashore on the *insured premises*; or

(4) arising out of and in the course of the transportation of *mobile equipment* by an *automobile* owned or operated by or rented or loaned to any *insured*;

(b) to *bodily injury*

(1) included within the *completed operations hazard* or the *products hazard*;

(2) arising out of operations performed for the *named insured* by independent contractors other than (i) maintenance and repair of the *insured premises* or (ii) structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) resulting from the selling, serving or giving of any alcoholic beverage (i) in violation of any statute, ordinance or regulation, (ii) to a minor, (iii) to a person under the influence of alcohol or (iv) which causes or contributes to the intoxication of any person, if the *named insured* is a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or, if not so engaged, is an owner or lessor of premises used for such purposes but only part (i) of this exclusion (b) (3) applies when the *named insured* is such an owner or lessor;

(4) due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(c) to *bodily injury*

(1) to the *named insured*, any partner therein, any tenant or other person regularly residing on the *insured premises* or any employee of any of the foregoing if the *bodily injury* arises out of and in the course of his employment therewith;

(2) to any other tenant if the *bodily injury* occurs on that part of the *insured premises* rented from the *named insured* or to any employee of such a tenant if the *bodily injury* occurs on the tenant's part of the *insured premises* and arises out of and in the course of his employment for the tenant;

(3) to any person while engaged in maintenance and repair of the *insured premises* or alteration, demolition or new construction at such premises;

(4) to any person if any benefits for such *bodily injury* are payable or required to be provided under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(5) to any person practicing, instructing or participating in any physical training, sport, athletic activity or contest unless a premium charge is entered for such activities in the policy with respect to Premises Medical Payments Coverage;

(d) to any *medical expense* for services by the *named insured*, any employee thereof or any person or organization under contract to the *named insured* to provide such services.

## II. LIMITS OF LIABILITY

The limit of liability for Premises Medical Payments Coverage stated in the schedule as applicable to "each person" is the limit of the company's liability for all *medical expense* for *bodily injury* to any one person as the result of any one accident; but subject to the above provision respecting "each person", the total liability of the company under Premises Medical Payments Coverage for all *medical expense* for *bodily injury* to two or more persons as the result of any one accident shall not exceed the limit of liability stated in the schedule as applicable to "each accident".

When more than one medical payments coverage afforded by this policy applies to the loss, the company shall not be liable for more than the amount of the highest applicable limit of liability.

## III. ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

"*insured premises*" means all premises owned by or rented to the *named insured* with respect to which the *named insured* is afforded coverage for *bodily injury* liability under this policy, and includes the ways immediately adjoining on land;

"*medical expense*" means expenses for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services.

## IV. POLICY PERIOD; TERRITORY

This insurance applies only to accidents which occur during the policy period within the United States of America, its territories or possessions, or Canada.

## V. ADDITIONAL CONDITION
### Medical Reports; Proof and Payment of Claim

As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require. The company may pay the injured person or any person or organization rendering the services, and the payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute an admission of liability of any person or, except hereunder, of the company.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-3505-0 (PIC)   Printed in U.S.A. (ISO: GL 0013 0173)                MP-2

Subject to Protective Order – Highly Confidential

## Contractual Liability Insurance
## Coverage Part (Blanket Coverage)

This Coverage Part forms a part of Policy No. .................................................................................................issued by THE HARTFORD INSURANCE GROUP
Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

| *(For use only if this Coverage Part is effective after the effective date of the Policy)* |
|---|
| This Coverage Part is effective.................................................................(at the hour stated in the policy) and forms a part of the above designated policy issued to................................................ |

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

### SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverages | Advance Premiums | Limits of Liability |
|---|---|---|
| YB — Contractual Bodily Injury Liability | $ | $ ,000 each occurrence |
| ZB — Contractual Property Damage Liability | $ | $ ,000 each occurrence |
| | | $ ,000 aggregate |

| Designation of Contracts | Code No. | Premium Bases | Rates B. I. | Rates P. D. | Advance Premiums B. I. | Advance Premiums P. D. |
|---|---|---|---|---|---|---|
| | | (a) Cost | (a) Per $100 of Cost | | | |
| | | (b) Sales | (b) Per $1,000 of Sales | | | |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUMS $ | $ |
|---|---|---|

If the Policy Period is more than one year, the Premium is Payable:

On effective date of Policy $     1st Anniversary $     2nd Anniversary $

The following exclusions also **apply**:

☐ Exclusion (p) — Products and Completed Operations    ☐ Exclusion (q)—x, c & u

### I. COVERAGE YB—CONTRACTUAL BODILY INJURY LIABILITY

### COVERAGE ZB—CONTRACTUAL PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the *insured* all sums which the *insured*, by reason of *contractual liability* assumed by him under any written contract of the type designated in the schedule for this insurance, shall become legally obligated to pay as damages because of

**Coverage YB.** *bodily injury* or

**Coverage ZB.** *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any *suit* against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the *suit* are groundless, false or fraudulent, and may make such investigation and settlement of any claim or *suit* as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend

(1) any arbitration proceeding wherein the company is not entitled to exercise the *insured's* rights in the choice of arbitrators and in the conduct of such proceedings, or

(2) any *suit* after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a) to liability assumed by the *insured* under any *incidental contract*;

(b) (1) if the *insured* is an architect, engineer or surveyor, to *bodily injury* or *property damage* arising out of professional services performed by such *insured*, including

    (i) the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, and

    (ii) supervisory, inspection or engineering services;

(2) if the indemnitee of the *insured* is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

The conditions and provisions printed on pages KB-2 and KB-3 of this form are hereby referred to and made a part hereof. This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company, provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of such policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Countersigned by ........................................................

Authorized Agent

Form L-3523-0   (HS)   Printed in U.S.A.   (NS)      **KB-1**

does not certify that these documents constitute a complete and accurate copy of the policy.

# CONTRACTUAL LIABILITY INSURANCE
# COVERAGE PART

#### (Blanket Coverage)
#### (Continued)

(i) the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs, or specifications, or

(ii) the giving of or the failure to give directions or instructions by the indemnitee, his agents or employees, provided such giving or failure to give is the primary cause of the *bodily injury* or *property damage;*

(c) to *bodily injury* or *property damage* due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing;

(d) to *bodily injury* or *property damage* for which the indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes,

if such liability is imposed

(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the indemnitee as an owner or lessor described in (2) above;

(e) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(f) to any obligation for which the *insured* may be held liable in an action on a contract by a third party beneficiary for *bodily injury* or *property damage* arising out of a project for a public authority; but this exclusion does not apply to action by the public authority or any other person or organization engaged in the project;

(g) to *property damage* to

(1) property owned or occupied by or rented to the *insured,*

(2) property used by the *insured,* or

(3) property in the care, custody or control of the *insured* or as to which the *insured* is for any purpose exercising physical control;

(h) to *property damage* to premises alienated by the *named insured* arising out of such premises or any part thereof;

(i) to loss of use of tangible property which has not been physically injured or destroyed resulting from

(1) a delay in or lack of performance by or on behalf of the *named insured* of any contract or agreement, or

(2) the failure of the *named insured's products* or work performed by or on behalf of the *named insured* to meet the level of performance, quality, fitness or durability warranted or represented by the *named insured;*

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the *named insured's products* or work performed by or on behalf of the *named insured* after such products or work have been put to use by any person or organization other than an *insured;*

(j) to *property damage* to the *named insured's products* arising out of such products or any part of such products;

(k) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(l) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the *named insured's products* or work completed by or for the *named insured* or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(m) As respects any agreement relating to construction operations, to *bodily injury* or *property damage* arising out of

(1) construction, maintenance or repair of watercraft or loading or unloading thereof, or

(2) operations within fifty feet of any railroad property affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

(n) to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of any *mobile equipment* while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity;

(o) to *bodily injury* or *property damage* arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

When stated in the schedule as applicable, the following exclusions also apply to *contractual liability* assumed by the *insured.*

This insurance does not apply:

(p) to *bodily injury* or *property damage* included within the *completed operations hazard* or the *products hazard;*

(q) to *property damage* included within

(1) the *explosion hazard,*

(2) the *collapse hazard,* or

(3) the *underground property damage hazard.*

## II.   PERSONS INSURED

Each of the following is an *insured* under this insurance to the extent set forth below:

(a) if the *named insured* is designated in the declarations as an individual, the person so designated and his spouse;

(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to *bodily injury* or *property damage* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured.*

## III.   LIMITS OF LIABILITY

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *bodily injury* or *property damage,* or (3) claims made or *suits* brought on account of *bodily injury* or *property damage,* the company's liability is limited as follows:

**Coverage YB** — The total liability of the company for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one or more persons as the result of any one *occurrence* shall not exceed the limit of *bodily injury* liability stated in the schedule as applicable to "each *occurrence*".

**Coverage ZB** — The total liability of the company for all damages because of all *property damage* sustained by one or more persons or organizations as the result of any one *occurrence* shall not exceed the limit of *property damage* liability stated in the schedule as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all damages because of all *property damage* to which this coverage applies shall not exceed the limit of *property damage* liability stated in the schedule as "aggregate". Such aggregate limit of liability applies separately with respect to each project away from premises owned by or rented to the *named insured.*

Coverages YB and ZB — For the purpose of determining the limit of the company's liability, all *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence.*

Form L-3523-0   (HS)

Subject to Protective Order – Highly Confidential

KB-2

## CONTRACTUAL LIABILITY INSURANCE
## COVERAGE PART

**(Blanket Coverage)**
*(Continued)*

### IV.  ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

*"contractual liability"* means liability expressly assumed under a written contract or agreement;  provided, however, that *contractual liability* shall not be construed as including liability under a warranty of the fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;

*"suit"* includes an arbitration proceeding to which the *insured* is required to submit or to which the *insured* has submitted with the company's consent.

### V.  POLICY TERRITORY

This insurance applies only to *bodily injury* or *property damage* which occurs within the *policy territory*.

### VI.  ADDITIONAL CONDITIONS
**Arbitration**

The company shall be entitled to exercise all of the *insured's* rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

### Premium

When used as a premium basis:

1.  the word *"cost"* means the total cost of all work in connection with all contracts of the type designated in the schedule for this insurance with respect to which *"cost"* is the basis of premium, regardless of whether any liability is assumed under such contracts by the *insured*.  It includes the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the *insured*, or others including all fees, allowances, bonuses or commissions made, paid or due.  It shall not include the cost of any operations to which exclusion (m) applies.

2.  the word *"sales"* means the gross amount of money charged by the *named insured* or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair and includes taxes, other than taxes which the *named insured* and such others collect as a separate item and remit directly to a governmental division.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-3523-0  (HS)   Printed in U.S.A.  (NS)                     KB-3

## PERSONAL INJURY LIABILITY INSURANCE
## COVERAGE PART

This Coverage Part forms a part of Policy No.................................................................issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*
This Coverage Part is effective...................................................................(at the hour stated in the policy) and forms a part of the above designated policy issued to..........................

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

### SCHEDULE

**The insurance afforded is only with respect to personal injury arising out of an offense included within such of the following groups of offenses as are indicated by specific premium charge or charges.**

| Coverage | Limits of Liability |
|---|---|
| P1—Personal Injury Liability | $              ,000 aggregate |
|  | Insured's participation...................................% |

| Groups of Offenses | Advance Premium |
|---|---|
| A. False Arrest, Detention or Imprisonment, or Malicious Prosecution | $ |
| B. Libel, Slander, Defamation or Violation of Right of Privacy | $ |
| C. Wrongful Entry or Eviction or Other Invasion of Right of Private Occupancy | $ |

| Minimum Premium $ | Total Advance Premium $ |
|---|---|

| Location and Description of Exposure | Premium Bases | Rates | Premium |
|---|---|---|---|
| | | | |

Form Numbers of Endorsements forming part of this Coverage Part at issue:

**If the Policy Period is more than one year, the Premium is Payable:**
**On effective date of Policy $              1st Anniversary $              2nd Anniversary $**
The conditions and provisions printed on page PI-2 of this form are hereby referred to and made a part hereof.
This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

Countersigned by....................................................
*Authorized Agent*

Form L-3525-0  (HS)  Printed in U.S.A.  (ISO: Advisory: PI 1/1/73)        PI-1

at this time, the company does not certify that these documents constitute a complete and accurate copy of the policy

BSA-PLAN_00252110
SA 3062

# PERSONAL INJURY LIABILITY INSURANCE
## COVERAGE PART
*(continued)*

## I. COVERAGE PI — PERSONAL INJURY LIABILITY

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of injury (herein called *"personal injury"*) sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the *named insured's* business:

Group A — false arrest, detention or imprisonment, or malicious prosecution;

Group B — the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy;

Group C — wrongful entry or eviction, or other invasion of the right of private occupancy;

if such offense is committed during the policy period within the United States of America, its territories or possessions, or Canada, and the company shall have the right and duty to defend any suit against the *insured* seeking *damages* on account of such *personal injury* even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the *insured* under any contract or agreement;

(b) to *personal injury* arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of any *insured;*

(c) to *personal injury* sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the *named insured;*

(d) to *personal injury* arising out of any publication or utterance described in Group B, if the first injurious publication or utterance of the same or similar material by or on behalf of the *named insured* was made prior to the effective date of this insurance;

(e) to *personal injury* arising out of any publication or utterance described in Group B concerning any person, organization or business enterprise, or his or its products or services, made by or at the direction of any *insured* with knowledge of the falsity thereof;

(f) to *personal injury* arising out of any publication or utterance described in Group B made in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the *named insured.*

## II. PERSONS INSURED

Each of the following is an *insured* under this insurance to the extent set forth below:

(a) if the *named insured* is designated in the declarations as an individual, the person so designated and his spouse;

(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to *personal injury* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured.*

## III. LIMITS OF LIABILITY — INSURED'S PARTICIPATION

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *personal injury*, or (3) claims made or suits brought on account of *personal injury*, the total limit of the company's liability under this coverage for all *damages* shall not exceed the limit of *personal injury* liability stated in the schedule as "aggregate".

If a participation percentage is stated in the schedule for the *insured*, the company shall not be liable for a greater proportion of any loss than the difference between such percentage and one hundred percent and the balance of the loss shall be borne by the *insured;* provided, the company may pay the *insured's* portion of a loss to effect settlement of the loss, and, upon notification of the action taken, the *named insured* shall promptly reimburse the company therefor.

## IV. ADDITIONAL DEFINITION

When used in reference to this insurance:

*"damages"* means only those damages which are payable because of *personal injury* arising out of an offense to which this insurance applies.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Subject to Protective Order – Highly Confidential                    BSA-PLAN_00252111

SA 3063

Named Insured and Address

This endorsement forms a part of Policy No. *10 C A 433 44 E*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date ........................................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

## WORLD WIDE COVERAGE

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE.

"The definition of "policy territory" is amended by adding the following thereto:

(4)   anywhere in the world, with respect to the operations of any
named insured domiciled in the United States of America, provided
that:

(a)   if claim is made or suit is brought elsewhere than within
the United States of America, its territories or possessions
or Canada, the company shall have the right but not the duty
to investigate and settle such claim and defend such suit
and,

(b)   in any case in which the company elects not to investigate,
settle or defend, the insured shall, under the supervision
of the company, make or cause to be made such investigation
and defense as are reasonably necessary, and subject to
prior authorization by the company, will effect to the
extent possible such settlement as the company and insured
deem prudent.

The Company shall reimburse the named insured for the reasonable cost of such investigation
settlement or defense. Nothing herein shall obligate the Company to pay any such claim
or judgment or to defend any such suit after the applicable limit of the company's liability
as been exhausted by payment of judgments or settlements.

It is agreed that such payments as are to be made under this endorsement shall be paid in
the currency of the United States of America.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



THE HARTFORD
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by ...................................................................
Authorized Agent

Form AL-8-0 (B)   Printed in U. S. A.   10-'66   NBCU:

The company located these documents in its
business records. At this time, the company
cannot certify that these documents constitute
a complete and accurate copy of the policy.



Named Insured and Address

This endorsement forms a part of Policy No. *10CA43549E*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date.....................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE
PERSONAL INJURY LIABILITY INSURANCE
LIQUOR LIABILITY INSURANCE (HOST COVERAGE)
PREMISES MEDICAL PAYMENTS INSURANCE
EMPLOYEE BENEFIT LIABILITY INSURANCE

FORM NUMBERS OF COVERAGE PARTS AND ENDORSEMENTS NOT LISTED ON COVERAGE PARTS FORMING PART
OF POLICY AT ISSUE:

CGL
L-3503-0 COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE PART
L-3523-0 CONTRACTUAL LIABILITY INSURANCE COVERAGE PART
L-3524-0 LIQUOR LIABILITY INSURANCE (HOST COVERAGE)
L-3505-0 PREMISES MEDICAL PAYMENTS INSURANCE COVERAGE PART *LL-3505-0*
L-3525-0 PERSONAL INJURY LIABILITY INSURANCE COVERAGE PART
L-2583-2 EMPLOYEE BENEFIT LIABILITY INSURANCE COVERAGE PART
L-3037-1 REAL PROPERTY, ETC. AND EXTENSION AL-8-0 C

L-3012-0 BOATS
L-3243-0 ADDITIONAL INSURED-VENDORS LIMITED FORM
AL-8-0 B INCIDENTAL MALPRACTICE LIAB. ENDT.
AL-8-0 C AMENDMENT LIMITS OF LIAB. (SINGLE LIMIT)
AL-8-0 B ADDITIONAL INSURED (INTERESTS OF TVA & USA (SPECIFIC)
AL-8-0 (C) WORLD WIDE COVERAGE
*L-3600-0 Amendatory Endt. Notice (Texas)*

AS PER DECLARATION PAGE AL-51-0

AL-8-0 B NAMED INSURED ENDT.
AL-57-0 PREMIUM INSTALLMENT
AL-8-0 B ADDITIONAL INSURED (GOLDEN GATE SCOUTING)
AL-8-0 B ADDITIONAL INSURED (US FOUNDATION FOR INT'L SCOUTING)
AL-8-0 B ADDITIONAL INSURED (EMPLOYEES, COUNCIL MEMBERS, ETC.)
AL-8-0 B WORLD WIDE COVERAGE *Notice of Occurrence*

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by.......................................
Authorized Agent

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form AL-8-0 C   Printed in U.S.A.   10-'66   NBCU

**Premium Installment**

  

**THE HARTFORD**

Named Insured and Address

This endorsement forms a part of Policy No. *LCA 42549E*
issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of
said Policy unless another effective date is stated herein.

Effective date..................................................... 12:01 A. M., standard time at the address of the
named insured as stated herein.

It is hereby understood and agreed that the....*Original*...................Premium of $. *24,276.00*
(Insert "original" or "additional" or "return")

will ......*be payable in*................................................. *11*..................installments as outlined in "Schedule of Payments."
(Insert "be payable in" or "reduce the")

### SCHEDULE OF PAYMENTS

| NO. | DUE DATE OF PAYMENT | BODILY INJURY & PROPERTY DAMAGE LIABILITY EXCEPT AUTO | BODILY INJURY & PROPERTY DAMAGE LIABILITY AUTO | AUTO PHYSICAL DAMAGE | | TOTAL |
|---|---|---|---|---|---|---|
| 1 | 1-1-76 | 1780.00 | 313.00 | 25.00 | 98.00 - | 2216.00 |
| 2 | 2-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 3 | 3-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 4 | 4-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 5 | 5-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 6 | 6-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 7 | 7-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 8 | 8-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 9 | 9-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 10 | 10-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 11 | 11-1-76 | 1773.00 | 313.00 | 24.00 | 96.00 | 2206.00 |
| 12 | | | | | | |
| TOTALS | | 19,510.00 | 3443.00 | 265.00 | 1058.00 | 24,276.00 |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the
policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this
endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on
the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this
endorsement.

Countersigned by.........................................................................
Authorized Agent

company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form AL-57-0   Printed in U.S.A.

Subject to Protective Order – Highly Confidential

# PREMISES MEDICAL PAYMENTS INSURANCE — COVERAGE PART

| Recorded | Indexed | Experience Group | Conf. Rep't Ordered | Approved | Notes to Underwriter |
|---|---|---|---|---|---|
| | Noted by Eng. Dept. | Rates Checked | Registered | Basis of Rating | |

This Coverage Part forms a part of Policy No. *10 C A43399E* ...................................issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

| *(For use only if this Coverage Part is effective after the effective date of the Policy)* |
|---|
| This Coverage Part is effective...................................................................(at the hour stated in the policy) and forms a part of the above designated policy issued to............................................................................................................................... |

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is with respect to the following coverage as indicated by specific premium charge or charges.  The limit of the company's liability against such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverage | Advance Premium | Limits of Liability | |
|---|---|---|---|
| E — Premises Medical Payments | $ *included* | $ *250* | each person |
| | | $ *10,000* | each accident |

| Description of Hazards | Advance Premiums |
|---|---|
| (a) Premises and Operations | |
| *All Locations of this Insured (Filed with Company)* | *included in composite rate* |
| (b) Elevators | |
| (c) Sports Activities | |
| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUM $ |

If the Policy Period is more than one year, the Premium is Payable:

On effective date of Policy $          1st Anniversary $          2nd Anniversary $

The conditions and provisions printed on page MP-2 of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company, provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof; countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

*L-3505-1*

Countersigned by.................................................................

Form L-3075-0 DR   Printed in U.S.A.   6-'66          MP-1                                    *Authorized Agent*

the company located these documents in its
a complete and accurate copy of the policy.
these documents constitute



Named Insured and Address

This endorsement forms a part of Policy No. *10 CA4 3349E*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date........................................ 12:01 A. M., standard time at the address of the *named insured* as
stated herein.

*Additional Insured*

*(Employees Council members, etc.)*

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

*Comprehensive Automobile Liability Insurance*
*Comprehensive General Liability Insurance*
*Automobile Physical Damage Insurance*
*Contractual Liability Insurance*
*Personal Injury Liability Insurance*

*It is agreed that the additional insured of the above mentioned policy are:*

*Employees, Council members, executive*
*Board members, volunteers, trustees*
*sponsors and donors of autos or watercraft*

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company: provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by...........................................
Authorized Agent

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form AL-8-0 B  Printed in U. S. A.  10-'66  NBCU:

AUTOMOBILE



## NEW JERSEY ADDITIONAL PERSONAL INJURY PROTECTION

Named Insured and Address

This endorsement forms a part of Policy No. *10CAV33V9C*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date.................................................................. 12:01 A. M., standard time at the address of the named insured
as stated herein.

### SCHEDULE

1. Each of the following persons is a Person Insured for Additional Personal Injury Protection Coverage:
   (1) The **named insured** and his spouse if a resident of the same household.
   (2) ....................................................................(3)................................

2. The applicable limits of the Company's liability under the Basic Protection Endorsement for **income continuation benefits**, **essential services benefits** and additional **survivor** benefits shall be as stated herein, subject to all the terms of the policy having reference thereto.

| COVERAGE | MAXIMUM | MAXIMUM TOTAL | AUTO NO. | PREMIUMS |
|---|---|---|---|---|
| Income Continuation Benefits | A. $ *36,400* Weekly | B. $ | | $ *129.00* |
| | | | | $ |
| Essential Services Benefits | C. $ *10,220* Per Day | D. $ | | $ |
| | | | | $ |
| Added Death Benefit to Survivors | | E. $10,000 | | $ |
| | | | TOTAL PREMIUM $ *129.00* | |

It is agreed that the New Jersey Basic Personal Injury Protection Endorsement, hereinafter called the Basic Protection Endorsement, is amended as follows, but only with respect to any amounts payable thereunder because of **bodily injury** to an **eligible injured person** who is specifically designated herein as a Person Insured for Additional Personal Injury Protection Coverage:

1. The weekly and total limits applicable to **income continuation benefits** as stated in the Basic Protection Endorsement are amended by sub-stituting therefor, respectively, the amounts shown opposite A. and B. in the Schedule above.

2. The per day and total limits applicable to **essential service benefits** as stated in the Basic Protection Endorsement are amended by substituting therefor, respectively, the amount shown opposite C. and D. in the Schedule above.

3. The Company will pay as additional **survivor benefits** the amount shown opposite E. in the Schedule above to the **dependent survivors** of a Person Insured for Additional Personal Injury Coverage if his death occurs within 90 days of the accident.

4. Subject to the limits of liability shown in the Schedule, the Company shall not be liable for more than 75% of weekly **income** in excess of $100, provided, however, that after $5,200 has been paid as **income continuation benefits** at the rate specified in the Basic Protection Endorsement the Company shall not be liable for more than 75% of weekly **income** thereafter.

5. The additional **income continuation benefits**, and the additional **essential services benefits,** provided by this endorsement, shall not be payable with respect to loss or expense incurred after the **eligible injured person** reaches the age of 65.

6. This endorsement is subject to all the terms and provisions of the Basic Protection Endorsement not expressly modified herein.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



## THE HARTFORD
### INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by.................................................
                                    *Authorized Agent*

This company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form A-2992-0  Term   Printed in U. S. A.   11-'72   (ISO: A 990)

**Additional Personal Injury Protection Endorsement (Minnesota)**

 

**THE HARTFORD**

This endorsement forms a part of Policy No. *10CA43349E*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Named Insured and Address

Effective date..............................................12:01 A. M., standard
time at the address of the named insured as stated herein.

**SCHEDULE**

SCHEDULE OF BENEFITS—ADDITIONAL PERSONAL INJURY PROTECTION COVERAGE
The Company will pay up to the limit indicated for each of the benefits shown.

| A. MEDICAL EXPENSES | B. WORK LOSS | C. ESSENTIAL SERVICES EXPENSES | D. FUNERAL EXPENSES | E. SURVIVORS' LOSS | AUTO No. | PREMIUM |
|---|---|---|---|---|---|---|
| $ *10,000* per person | $ *50,000* per week | $ *25,000* per day | $ *incl* per person | $ *400* per week | *23* | $ *36·00* |
| | | | | | | $ |
| | AGGREGATE LIMIT FOR BENEFITS B, C, D AND E $ | | | | | $ |
| TOTAL AGGREGATE LIMIT FOR ALL PERSONAL INJURY PROTECTION BENEFITS $ | | | | | | $ |
| | | | | TOTAL PREMIUM $ | | *36·00* |

Named Individual(s):

It is agreed that such insurance as is afforded with respect to **bodily injury** sustained by the **named insured** or a **relative** under the Personal Injury Protection Endorsement (Minnesota) is extended to apply as follows:

1. Such limits as are stated in the Schedule of this endorsement shall apply in lieu of, and not in addition to, those stated in the Schedule and in the "Limits of Liability" provision of the Personal Injury Protection Endorsement (Minnesota).

2. The insurance so afforded and the insurance as extended by this endorsement also apply with respect to **bodily injury** sustained by an individual specifically named in the Schedule hereof as though he were the **named insured**, or by a spouse or any other person related to such named individual by blood, marriage or adoption (including a ward, foster child, or minor in the custody of such named individual or such related person) who is a resident of the same household as such named individual, or who usually makes his home in the same household but temporarily lives elsewhere, as though such person were a **relative**.

3. This insurance does not apply to **bodily injury** sustained by any person while **occupying**, or while a pedestrian through being struck by, a **motor vehicle** owned by such person with respect to which additional personal injury protection coverage is not in effect.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Countersigned by...............................................................

*Authorized Agent*

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form A-3353-0 Term   Printed in U.S.A.

**Employee Benefits
Liability Insurance
Coverage Part**

 

**THE HARTFORD**

**SCHEDULE**        *11 C A43349E*

Insurance is afforded with respect to the following coverage, subject to the limits of liability stated herein and to all the terms of the policy relating thereto.

| Coverage | Limits of Liability | |
|---|---|---|
| Employee Benefits Liability | $ *500,000* ,000 each claim | |
| | $ *500,000* ,000 aggregate | |

| | Estimated Number of Employees | Rate (Each Employee) | Advance Premium |
|---|---|---|---|
| | | First 5,000 | |
| | | Next 5,000 | |
| | | Over 10,000 | *included* |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUM $ |
|---|---|
| | *in composite* |

The conditions and provisions printed on Page EBL-2 of this form are a part hereof.

**(For use only if this Coverage Part is effective after the effective date of the Policy)**

This Coverage Part is effective_____(at the hour stated in the policy) and forms a part of Policy No._____

issued to _____

Countersigned by _____
                                         *Authorized Agent*

---

**I.  EMPLOYEE BENEFITS LIABILITY COVERAGE**

The company will pay on behalf of the **insured** all sums in excess of the deductible amount which the **insured** shall become legally obligated to pay as damages on account of any claim against the **insured** arising out of any negligent act or omission within the United States of America, its territories or possessions, or Canada, in the **administration** of the **named insured's Employee Benefit Programs**, provided such claim is first made against the **insured** during the period this insurance is in force and the **insured** at the effective date of this insurance had no knowledge of or could not have reasonably foreseen any circumstances which might result in a claim or suit.

The company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such a claim, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment, on account of one or more claims to which this insurance applies, of judgments or settlements or of sums described in the "Supplementary Payments" provision, or both.

**Exclusions**

This insurance does not apply to:

(a) any claim arising out of
   (1) **bodily injury** or **property damage**;
   (2) any dishonest, fraudulent, criminal or malicious act or out of libel, slander, discrimination or humiliation;
   (3) the failure of any investment or savings program to perform as represented by an **insured**;
   (4) advice given by an **insured** to an employee to participate or not to participate in any investment or savings program;

(b) any claim arising out of the failure of the **insured**, or any insurer, fiduciary, trustee or fiscal agent, to perform any of their obligations or to fulfill any of their guarantees with respect to (i) the payment of benefits under **Employee Benefit Programs** or (ii) the providing, handling or investment of funds related thereto.

**II.  PERSONS INSURED**

Each of the following is an **Insured** under this insurance to the extent set forth below:

(a) if the **named insured** is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the **named insured** with respect to the conduct of such a business;

(b) if the **named insured** is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the **named insured** is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any employee of the **named insured** while acting within the scope of his duties in connection with the **administration** of the **named insured's Employee Benefit Programs**.

This insurance does not apply to any claim arising out of the conduct of any partnership or joint venture of which the **insured** is a partner or member and which is not designated in this policy as a **named insured**.

**III.  SUPPLEMENTARY PAYMENTS**

With respect only to the insurance under the Employee Benefits Liability Coverage, the "Supplementary Payments" provision is amended to read as follows:

**Supplementary Payments**

The company will pay, as part of and not in addition to, the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the **insured** in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon.

The complete . . . business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-2853-2  CDR  Printed in U.S.A.  (NS)                    EBL-1                    Company C

(b) premiums on appeal bonds required in any such suit, and premiums on bonds to release attachments in any such suit, for an amount not in excess of the applicable limit of liability of this insurance, but the company shall have no obligation to apply for or furnish any such bonds;

(c) reasonable expenses incurred by the **insured** at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

## IV. LIMITS OF LIABILITY — DEDUCTIBLE

Regardless of the number of (1) **insureds** under this policy, or (2) claims made or suits brought on account of alleged acts or omissions by an **insured, the** company's liability is limited as follows:

With respect to this insurance, the limit of liability stated in the Schedule as applicable to "each claim" is the total limit of the company's liability, including liability for all damages and for all costs, expenses and premiums for release of attachment or appeal bonds described in the "Supplementary Payments" provision and incurred in accordance therewith, on account of each claim to which this insurance applies.

For the purpose of applying the limits of the company's liability, all damages claimed by one employee as the result of a series of acts or omissions shall be considered as comprising one claim.

$1000 shall be deducted from the total amount of damages, exclusive of such costs, expenses and premiums, on account of each claim. All the terms of this insurance apply irrespective of the application of the deductible amount and the company may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, the **insured** shall promptly reimburse the company for such part of the deductible amount as has been paid by the company.

The limit of liability stated in the Schedule as "aggregate" is, subject to the above provision respecting "each claim", the total limit of the company's liability, including liability for all damages and for all costs, expenses and bond premiums incurred, on account of all claims to which this insurance applies.

## V. ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

"**administration**" means

(1) giving counsel to employees of the **named insured** including the employees' dependents and beneficiaries with respect to eligibility in or scope of **Employee Benefit Programs** available to such employee by virtue of his employment by the **named insured**;

(2) handling of records in connection with **Employee Benefit Programs**;

(3) effecting or terminating enrollment of any employee of the **named insured** under **Employee Benefit Program**;

provided all such acts are authorized by the **named insured**;

"**Employee Benefit Programs**" means a formal program or programs of employee benefits maintained in connection with the business or operations of the **named insured** covered by the Bodily Injury and Property Damage Liability Coverages of this policy, such as but not limited to Group Life Insurance, Group Accident or Health Insurance, Pension Plans, Employee Stock Subscription Plans, Workmen's Compensation, Unemployment Insurance, Social Security and Disability Benefits.

## VI. CONDITIONS

1. All of the Conditions of the policy apply to this insurance except "Financial Responsibility Laws" and "Other Insurance".

2. **Excess Insurance** This insurance shall be excess insurance over any other valid and collectible insurance available to the **insured**, and shall not contribute with any such other insurance.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-2853-2

EBL-2

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252120

SA 3072



 **THE HARTFORD**



PREMIUM / COMMISSION NOTIFICATION LETTER

_____
(Date)

TO: _Ulrich & Alben Inc_ ........................
(Producer)

_250486_
(Code)

☐ Commission Breakdown for Premium Discount

☑ Negotiated Commission / Premium Letter

Gentlemen:

Insured: _Boy Scouts of America_ ................

.......... _Nat'l Council_ ..................

Policy No.: .......... _10 C  AV32498_

Policy Period: .................. _1-1-76 to 1-1-77_

The premiums and commissions to be applied for the above policy are:

| Line of Business | Premium | | Commission Rate | |
|---|---|---|---|---|
| _CGL_ | $ _19,510.00_ | @ | _10.0_ | % |
| _C. Automobile Liability_ | $ _3,443.00_ | @ | _15.0_ | % |
| _Auto Physical Damage_ | $ _265.00_ | @ | _15.0_ | % |
| _Garage Keeper Liability_ | $ _1258.00_ | @ | _10.0_ | % |
| | $ | @ | _15.0_ | % |

Special Premium Instructions: _Guaranteed Underwriting Fund P.L. -$71_

_G.L. 6%_

_____

_____

_____

UNDERWRITING DEPARTMENT

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

All commission rates marked with an asterisk (*) are **final rates.** Those not marked with an asterisk are tentative rates subject to adjustment at final audit.

Form G-2168-2   Printed in U. S. A.   5-'72       **PREMIUM AUDIT COPY**

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252121
SA 3073

## BOATS

Named Insured and Address

This endorsement forms a part of Policy No. *I.O.C. A 43349 E*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date ................................................................ 12:01 A.M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE
SMP LIABILITY INSURANCE

It is agreed that:

1. The exclusion relating to watercraft does not apply to the watercraft described below.
2. The "Persons Insured" provision includes any person or organization legally responsible for the use of any such watercraft owned by the *named insured*, provided the actual use thereof is with the permission of the *named insured*.
3. The insurance with respect to any watercraft subject to this endorsement does not apply while the watercraft is rented to others or is used for carrying any passenger for a consideration unless this exclusion is stated in the schedule below to be inapplicable.

## SCHEDULE

| DESCRIPTION OF WATERCRAFT | CLASSIFICATION OF WATERCRAFT | CODE NUMBER | PREMIUM BASIS NUMBER OF WATERCRAFT | RATES EACH WATERCRAFT | | ADVANCE PREMIUM | |
|---|---|---|---|---|---|---|---|
| | | | | B.I.L. | P.D.L. | B.I.L. | P.D.L. |
| 1) CANOES | | | 300 | incl. in composite rate | | | |
| 2) ANY VESSEL NOT EXCEEDING 50 FEET IN LENGTH AND REPORTED TO THE COMPANY WITHIN 60 DAYS OF ACQUISITION | | | if any | | | | |

Minimum Premium $.............................................Bodily Injury Liability   $.............................................Property Damage Liability

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
**INSURANCE GROUP**
HARTFORD, CONNECTICUT

Hartford Fire Insurance Company       New York Underwriters Insurance Company
Hartford Accident and Indemnity Company       Twin City Fire Insurance Company
Citizens Insurance Company of New Jersey

Countersigned by ...........................................
                                              *Authorized Agent*

The Company hereby certifies that these documents are not its records. At this time, the company does not certify that these documents constitute a complete and accurate copy of this policy.

Form L-3012-0   Printed in U. S. A.   7-'66   (NBCU: G 202)

 

Named Insured and Address

This endorsement forms a part of Policy No.
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Policy No. *10CA433Z9E*

Effective date.................................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

## CAR POOLING

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE

IT IS HEREBY UNDERSTOOD AND AGREED THAT THIS POLICY IS TO PROVIDE COVERAGE FOR
ALL INDIVIDUALS PARTICIPATING IN CAR POOLING AT THE DIRECTION OF B.S.A.
IT IS FURTHER UNDERSTOOD THAT SUCH COVERAGE IS TO BE EXCESS OVER THE
~~MINIMUM~~ MINIMUM STATUTORY REQUIREMENTS OF THE VARIOUS STATES;   AND THEN
EXCESS OVER ANY OTHER VALID AND COLLECTIBLE INSURANCE.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by..........................................................

Authorized Agent

The company located these documents in its business records. At this time, the does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8-0 B   Printed in U. S. A.   10-'66   NBCU:

BSA-PLAN_00252123

SA 3075

Named Insured and Address

This endorsement forms a part of Policy No. *10CAY3349=*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date .................... *1/1/76* ................ 12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

*Garagekeepers' Legal Liability*

*It is hereby understood and agreed 1766*
*Tennant 5% Power Sweeper b 90.00*
*It sap tend-pahr Ins. 3040 Prem. D. C.*

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company;  provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

*Countersigned by* .................................................... *Authorized Agent*

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

**Form AL-8-0 A**  Printed in U. S. A.  10-'66  NBCU:

Subject to Protective Order – Highly Confidential

 **THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT



# GARAGE INSURANCE
# COVERAGE PART



This Coverage Part forms a part of Policy No. *10CA 433 49E* ................................................................issued by THE HARTFORD INSURANCE GROUP
Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*

This Coverage Part is effective.................................................................................(at the hour stated in the policy) and forms a part of the above designated
policy issued to..............................................................................................................................................................................................................

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein,
agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to such of the following coverages and hazards thereunder as are indicated by specific
premium charge or charges.  The limit of the company's liability against each such coverage shall be as stated herein, subject to all
the terms of this policy having reference thereto.

| Coverages | Limits of Liability | Hazards | | Advance Premiums |
|---|---|---|---|---|
| **GARAGE LIABILITY** | | *Garage operations* including | | |
| G. Bodily Injury Liability | $.............,000 each person | | *Automobile Hazard 1* | $ |
| | | | *Automobile Hazard 2* | $ |
| | $.............,000 each occurrence | | *Escalators* | $ |
| H. Property Damage Liability | $.............,000 each occurrence subject to $100 deductible as set forth in Limits of Liability provision. | *Garage operations* including | | |
| | | | *Automobile Hazard 1* | $ |
| | | | *Automobile Hazard 2* | $ |
| | | | *Escalators* | $ |
| **EXPENSES FOR MEDICAL SERVICES** | | Premium Rate | | |
| I. Automobile Medical Payments | $........... each person | ...........% of Coverage G Premium | | |
| I. and J. Automobile and Premises Medical Payments | | ...........% of Coverage G Premium | | |
| **GARAGEKEEPERS' LEGAL LIABILITY** | Limits of Liability — each location | Less Deductible | | |
| K-1. Fire and Explosion | As stated below | | | *Incl* |
| K-2. Theft of the Entire Automobile | As stated below | | | *Incl* |
| K-3. Riot, Civil Commotion, Malicious Mischief and Vandalism | As stated below | $25 each *loss* caused by malicious mischief or vandalism | | *Incl* |
| K-4. Collision or Upset | As stated below.  If Coverage K-4 is afforded, the limit stated below for each location includes $5,000 limit for *loss* to property other than *automobiles*. | $..50.... each *loss* caused by Collision or Upset | | |
| Form Numbers of Endorsements forming part of this Coverage Part at issue: | | Advance Prem. for Endorsements | | $ |
| | | TOTAL ADVANCE PREMIUMS | | $ |

The following are the addresses of all premises where the named insured conducts garage operations.

| Loca-tion No. | Address (Show main sales location, if any, as Location No. 1) | GARAGE LIABILITY -- Premium Basis (1) (2) (3): Remuneration (4): Total Number (5): Total Number | GARAGE LIABILITY — Rates (1) (2) (3): Per $100 Remuneration (4): Per Automobile (5): Per Escalator | | GARAGEKEEPERS' LEGAL LIABILITY | |
|---|---|---|---|---|---|---|
| | | | Coverage G | Coverage H | Limit of Liability | Maximum No. of Customers' Automobiles Stored |
| 1 | | (1) Class A $ | | | | |
| | | (2) Class B $ | | | | |
| | Description of Escalator Location in Building      Code No. | (3) Class C $ | | | $ | |
| | | (4) Furnished *Automobiles* | | | | |
| | | (5) *Escalators* | | | | |
| 2 | | (1) Class A $ | | | | |
| | | (2) Class B $ | | | | |
| | Description of Escalator Location in Building      Code No. | (3) Class C $ | | | $ | |
| | | (4) Furnished *Automobiles* | | | | |
| | | (5) *Escalators* | | | | |

All *automobiles* owned by the *named insured* are used principally in *garage operations* of the *named insured*, except *automobiles* (1) assigned to the
*named insured*, a partner therein or a member thereof, or an executive officer thereof, or, if a resident of the same household, the spouse of any of them
or (2) furnished to any person or organization named below.

*Automobiles* owned by the *named insured* are furnished to the following persons or organizations for their regular use for other business purposes or for non-business purposes (do not list the *named insured*, any partner, member, executive officer or, if a resident of the same household, the spouse of any of them, unless more than one *automobile* is furnished concurrently to such person and then show only the number of *automobiles* so furnished in excess of one):

| Name: | Number of Such Automobiles: |
|---|---|
| | |

The conditions and provisions printed on pages GAR-2, GAR-3 and GAR-4 are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this Coverage Part takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

The company located these documents in its ... the company ... accurate copy of the policy.

Form A-30134    DR    Printed in U. S. A.                                        GAR-1

Subject to Protective Order – Highly Confidential

BSA-PLAN_00252125

SA 3077

**Comprehensive Automobile Liability Insurance — Coverage Part**

COMPANY COPY

THE HARTFORD

| Und. Approved | Confidential Report | Und. Notes: |
|---|---|---|
| Quality Control | | |

This Coverage Part forms a part of Policy No. *10 CAY 3349 E* issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*

This Coverage Part is effective.................................................................(at the hour stated in the policy) and forms a part of the above designated policy issued to.........

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverages | Advance Premiums | Limits of Liability |
|---|---|---|
| C — Bodily Injury Liability | $ *1131.00* | $ *see* ,000 each person |
| | | $ *Single* ,000 each occurrence |
| D — Property Damage Liability | $ *366.00* | $ *Limit* ,000 each occurrence |
| | Description of Hazards | *Endt* |

**1.  Owned Automobiles          Premium Basis — Per Automobile**

| Year Model Trade Name | Body Type · Truck Size (Truck Load, Gallonage, Bus Seating Capacity) | Identification No. (I) Serial No. (S) Motor No. (M) | Town and State in which the automobile will be principally garaged | (a) Purpose of Use Classification | Advance Premiums Coverage C | Advance Premiums Coverage D |
|---|---|---|---|---|---|---|
| | *See Schedule attached* | | | | *952.00* | *276.00* |

**2.  Hired Automobiles          Premium Basis—Total Cost of Hire**

| Types Hired (b) | Locations where automobiles will be principally used | Purposes of Use (a) | Estimated Total Cost of Hire | Rates per $100 Total Cost of Hire Coverage C | Rates per $100 Total Cost of Hire Coverage D |
|---|---|---|---|---|---|
| *If any* | *North Brunswick NJ* | *Com PPT* | | | |

**3.  Non-Owned Automobiles          Premium Basis—Total Number of Employees at all Locations**

Total Number of Employees at all Locations

*900   North Brunswick NJ*          *179.00*   *90.00*

Form Numbers of Endorsements forming part of this Coverage Part at issue:

| | TOTAL ADVANCE PREMIUMS | $ *1131.00* | $ *366.00* |
|---|---|---|---|

The conditions and provisions printed on page **CAL-2** of this form are hereby referred to and made a part hereof.

This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company, provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

at this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Countersigned by.......................................................

Authorized Agent

(a)  *P & B = Pleasure and Business; C = Commercial*
(b)  *PP = Private Passenger Automobile; C = Commercial Automobile*

Form A-3717-0   CDR   Printed in U. S. A.   (ISO: CP-00-10)   Ed. 10-'75          **CAL-1**

ATTACH FORMS ALONG MARGIN BELOW THIS MARK +

Subject to Protective Order – Highly Confidential

 

## ADDITIONAL INSURED
(Vendors—Limited Form)

Named Insured and Address

This endorsement forms a part of Policy No. *IPC A43249E*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date .................................................................12:01 A. M., standard time at the address of the named insured as
stated herein.

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE

---

It is agreed that the "Persons Insured" provision is amended to include any person or organization (herein referred to as "Vendor"), as an Insured,
but only with respect to the distribution or sale in the regular course of the Vendor's business of the Named Insured's products subject to the following
additional provisions:

1.  The insurance with respect to the Vendor does not apply to:

    (a) any express warranty, or any distribution or sale for a purpose, unauthorized by the Named Insured

    (b) bodily injury or property damage arising out of

       (i) any act of the Vendor which changes the condition of the products,

       (ii) any failure to maintain the product in merchantable condition,

       (iii) any failure to make such inspections, adjustments, tests or servicing as the Vendor has agreed to make or normally undertakes to make
       in the usual course of business, in connection with the distribution or sale of the products, or

       (iv) products which after distribution or sale by the Named Insured have been labeled or relabeled or used as a container, part or ingre-
       dient of any other thing or substance by or for the Vendor;

    (c) bodily injury or property damage occurring within the Vendor's premises.

2.  This insurance does not apply to any person or organization, as Insured, from whom the Named Insured has acquired such products or any
    ingredient, part or container, entering into, accompanying or containing such products.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company;  provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



## THE HARTFORD
### INSURANCE GROUP
HARTFORD, CONNECTICUT

*attat*

Countersigned by

*Authorized Agent*

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form L-3243-0   Printed in U. S. A.   10-'68   (NBCU: G-114)

BSA-PLAN_00252127

**SA 3079**

Named Insured and Address

This endorsement forms a part of Policy No. *10 C A 43344 E*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date............................................................................12:01 A. M., standard time at the address of the *named insured* a
stated herein.

## WORLD WIDE COVERAGE

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

## COMPREHENSIVE GENERAL LIABILITY INSURANCE
## CONTRACTUAL LIABILITY INSURANCE

"The definition of "policy territory" is amended by adding the following thereto:

   (4)  anywhere in the world, with respect to the operations of any
      named insured domiciled in the United States of America, provided
      that:

        (a)  if claim is made or suit is brought elsewhere than within
           the United States of America, its territories or possessions
           or Canada, the company shall have the right but not the duty
           to investigate and settle such claim  and defend such suit
           and,

        (b)  in any case in which the company elects not to investigate,
           settle or defend, the insured shall, under the supervision
           of the company, make or cause to be made such investigation
           and defense as are reasonably necessary, and subject to
           prior authorization by the company, will effect to the
           extent possible such settlement as the company and insured
           deem prudent.

The Company shall reimburse the named insured for the reasonable cost of such investigati
settlement or defense.  Nothing herein shall obligate the Company to pay any  such claim
or judgment or to defend any such suit after the applicable limit of the company's liabili
has been exhausted by payment of judgments or settlements.  .

    It is agreed that such payments as are to be made under this endorsement shall be paid in
    the currency of the United States of America.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, oth
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company;  provided that if this endorsement tak
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said poli
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.


THE HARTFORD
INSURANCE GROUP
HARTFORD, CONNECTICUT



The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Countersigned by..............................................
                                      *Authorized Agent*

Form AL-8-0® Printed in U. S. A.  10-'66  NBCU:

Named Insured and Address

This endorsement forms a part of Policy No. *10 C P 435496*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date ........................................... 12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:
**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**CONTRACTUAL LIABILITY INSURANCE**
**PERSONAL INJURY LIABILITY INSURANCE**
**LIQUOR LIABILITY INSURANCE (HOST COVERAGE)**
**EMPLOYEE BENEFIT LIABILITY INSURANCE**

FORM NUMBERS OF COVERAGE PARTS AND ENDORSEMENTS NOT LISTED ON COVERAGE PARTS FORMING PART
OF POLICY AT ISSUE:

<u>CGL</u>

L-3503-0 COMPREHENSIVE GENERAL LIABILITY INSURANCE COVERAGE PART
L-3523-0 CONTRACTUAL LIABILITY INSURANCE COVERAGE PART
L-3524-0 LIQUOR LIABILITY INSURANCE (HOST COVERAGE)
L-3505-0 PREMISES MEDICAL PAYMENTS INSURANCE COVERAGE PART *LL-3505-0*
L-3525-0 PERSONAL INJURY LIABILITY INSURANCE COVERAGE PART
L-2583-2 EMPLOYEE BENEFIT LIABILITY INSURANCE COVERAGE PART
L-3037-1 REAL PROPERTY, ETC. AND EXTENSION AL-8-0 C

L-3012-0 BOATS
L-3243-0 ADDITIONAL INSURED-VENDORS LIMITED FORM
AL-8-0 B INCIDENTAL MALPRACTICE LIAB. ENDT.
AL-8-0 B AMENDMENT LIMITS OF LIAB. (SINGLE LIMIT)
AL-8-0 B ADDITIONAL INSURED (INTERESTS OF TVA & USA (SPECIFIC)
AL-8-0 B WORLD WIDE COVERAGE
*L-3243-0   Amending Endt. Notice (Tifus) +*

AS PER DECLARATION PAGE AL-51-0

AL-8-0 B NAMED INSURED ENDT.
AL-57-0 PREMIUM INSTALLMENT
AL-8-0 B: ADDITIONAL INSURED (GOLDEN GATE SCOUTING)
AL-8-0 B: ADDITIONAL INSURED (US FOUNDATION FOR INT'L SCOUTING)
AL-8-0 B: ADDITIONAL INSURED (EMPLOYEES, COUNCIL MEMBERS, ETC.)
AL-8-0 B: WORLD WIDE COVERAGE *notice of Occurrence +*

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

**THE HARTFORD**
**INSURANCE GROUP**
HARTFORD, CONNECTICUT

Countersigned by ...........................................
*Authorized Agent*

Form AL-8-0 C   Printed in U. S. A.   10-66  NBCU:

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

BSA-PLAN_00252129

SA 3081

**INSURANCE COMPANY OF NORTH AMERICA, PHILADELPHIA, PENNSYLVANIA**

| GENERAL LIABILITY POLICY | DECLARATIONS |
|---|---|

Named Insured: Boy Scouts of America, National and all Local Councils

Address: 1325 Walnut Hill Lane
Irving, TX  75062

HDO G1 07 54 09-4

The Named Insured is:
☐ Individual ☐ Partnership ☐ Corporation
☐ Joint Venture ☒ (Other) non-profit organization

Policy Period: From  3/1/90  to  3/1/91

12:01 A.M., standard time at the address of the Named Insured as stated herein.

Occupation:  National Scouting Organization

Audit Period: Annual, unless otherwise stated   Not Auditable

The insurance afforded is only with respect to such of the following Parts and Coverages therein as are indicated by ☒. The limit of the Company's liability against each such Coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

| COVERAGE PARTS | LIMITS OF LIABILITY | | | |
|---|---|---|---|---|
| | **Bodily Injury Liability** | | **Property Damage Liability** | |
| | each occurrence | aggregate | each occurrence | aggregate |
| ☐ Comprehensive General Liability Insurance | | | | |
| ☐ Owners', Landlords' and Tenants' Liability Insurance | | See Endorsement GL-9916 | | |
|   ☐ Structural Alternations, New Construction, Demolition | | | | |
| ☐ Manufacturers' and Contractors' Liability Insurance | | | | |
|   ☐ Independent Contractors | | | | |
| ☐ Completed Operations and Products Liability Insurance | | | | |
| ☐ Contractual Liability Insurance | | | | |
| ☐ | | | | |
| ☐ | | | | |
| ☒ Per Special Coverage Part Attached | | | | |

| | Personal Liability | | Personal Medical Payments | |
|---|---|---|---|---|
| | each occurrence | | each person | each accident |
| ☐ Comprehensive Personal Insurance | $ | | | |
| ☐ Farmer's Comprehensive Personal Insurance | | | | |
| | **Physical Damage to Property** | | **Auto Collision—Farmer's Part Only.** | |
| | $ | each occurrence | Market Value not exceeding $300 each animal | |

| | each person | each accident |
|---|---|---|
| ☐ Premises Medical Payments Insurance | $ | $ |

| | each person aggregate | general aggregate |
|---|---|---|
| ☐ Personal Injury Liability Insurance | $ | $ |

Endorsements attached to policy at inception:
LC-939; CC-1E15; GL-9916; SP-23; LC-811d; LC-578d

JTX-4000-4

During the past three years no insurer has cancelled insurance, issued to the named insured, similar to that afforded hereunder, unless otherwise stated herein:

| TOTAL ADVANCE PREMIUM ► | $ 185,000. |
|---|---|
| Effective Date | $ |
| 1st Anniversary | $ |
| 2nd Anniversary | $ |

If the Policy Period is more than one year and the premium is to be paid in installments, premium is payable on:
FK 3-15-90

Countersigned By _____
Authorized Agent

This Declarations and Coverage Part(s), with Policy Standard Provisions and Endorsements, if any, issued to form a part thereof, completes the above numbered policy.

LD-2E02 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

**INA**

## DECLARATIONS CONTINUED

Policy No. HDO G1 075409-4

The insurance afforded is only with respect to such of the following Parts and Coverages therein as are indicated by ☒. The limit of the Company's liability against each such Coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

| COVERAGE PARTS | LIMITS OF LIABILITY | |
|---|---|---|
| | each claim | aggregate |
| ☐ Physicians', Surgeons' and Dentists' Professional Liability Insurance | | |
| ☐ Hospital Professional Liability Insurance | | |
| ☐ Druggists' Liability Insurance | | |
| ☒ Employee Benefits Liability | 1,000,000. | 1,000,000. |
| ☐ | | |
| ☐ | | |
| ☐ | | |

| | Liability Limit | Medical Payments Limits | |
|---|---|---|---|
| | each occurrence | each person | each accident |
| ☐ Storekeeper's Insurance | $ | $ | $ |
| ☐ Elevator Collision Insurance | $ | each elevator collision | |

The insurance afforded is only with respect to Coverage(s) for which a limit of liability is shown. The limit of the Company's liability against each such Coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

| COVERAGE(S) | LIMIT OF LIABILITY | BASIS UPON WHICH EACH LIMIT APPLIES |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |

LC-939 50M 1-18-68 Printed in U.S.A.

Subject to Protective Order – Highly Confidential

**SA 3083**

## INSURANCE COMPANY OF NORTH AMERICA, PHILADELPHIA, PENNSYLVANIA

Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions, and other terms of the policy as follows:

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of:

A – Personal Injury
B – Property Damage or
C – Malpractice

(1) to which this insurance applies, caused by an occurrence and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury, property damage or malpractice, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and, with the written consent of the Named Insured as respects malpractice, such settlement of any claim or suit as it deems expedient, but the Company, shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements;

(2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

(3) pay all expenses incurred by the insured for such immediate medical and surgical relief to others, except to campers at an established camp where there is a resident physician or registered nurse employed, as shall be imperative at the time of the occurrence;

(4) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request; and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy.

### EXCLUSIONS

This insurance does not apply:

(a) to personal injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any aircraft owned or operated by or rented or loaned to the Named Insured, or (2) any automobile owned or leased on a long-term basis by the Named Insured; but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the Named Insured or the ways immediately adjoining, if such automobile is not owned by or rented to the Named Insured or to liability assumed by the Insured under contract;

(b) to personal injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to the Named Insured; but this exclusion does not apply to liability assumed by the Insured under contract;

(c) to personal injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to (1) liability assumed by the Insured under contract, or (2) expenses for immediate medical and surgical relief;

(d) to any obligation for which the Insured or any carrier as his insurer may be liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law;

(e) to loss of use of tangible property resulting from the failure of the Named Insured's products or work completed by or for the Named Insured to perform the function or serve the purpose intended by the Named Insured, if such failure of the Named Insured's products or work performed by or on behalf of the Named Insured fails to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured; provided, this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the Named Insured's products or work performed by or on behalf of the Named Insured after such products or work have been put to use by any person or organization of the Named Insured.

(f) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of the use of the Named Insured's products or work completed by or for the Named Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein.

### PERSONS OR ENTITIES INSURED

The unqualified word "Insured" includes:

(a) The Named Insured, named in the Declarations of this policy.

(b) Scout Officials and employees; units and their sponsors (charter organizations), and all volunteer workers working at the request of a scout official, in the scope of their duties as such, whether or not registered with the Boy Scouts of America; any organization or proprietor with respect to real estate management for the Named Insured; as respects Established Camps or Troop Camps, any affiliated troop or council.

(c) any person, organization, trustee, estate or governmental entity to whom or to which the Named Insured is obligated, by virtue of a written contract or by the issuance or existence of a permit, to provide insurance such as is afforded by this policy, but only with respect to operations by or on behalf of the Named Insured or to facilities of, or facilities used by the Named Insured and then only for the limits of liability specified in such contract, but in no event for limits of liability in excess of the applicable limits of liability of this policy.

(d) any Scout Official as defined herein and any Unit with respect to the use of a non-owned automobile in the scout activities of the Named Insured or any Unit; the donors, loaners or owners of non-owned automobiles while being used in the scout activities of the Named Insured or any Unit.

(e) any vendor of Named Insured's products.

(f) "Donors or owners of watercraft, vehicles or equipment other than automobiles except aircraft."

UW-19239a Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

## LIMITS OF LIABILITY

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain personal injury, property damage or malpractice or (3) claims made or suits brought on account of personal injury, property damage or malpractice, the Company's liability is limited as follows:

Personal Injury Liability, Property Damage Liability and Malpractice Liability, the limit of the company's liability for all damages, including damages for care and loss of services, arising out of personal injury, including death at any time resulting therefrom, sustained by one or more persons and for all damages, including damage for loss of use, arising out of injury to or destruction of property, shall not exceed the amount stated in the declarations as a single limit as the result of any one occurrence.

For the purpose of determining the limit of the Company's liability, all personal injury, property damage and malpractice arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

The inclusion in this policy of more than one insured shall not operate to increase the limits of the company's total liability to all insureds covered by this policy beyond the limits set forth in the declarations.

## POLICY TERRITORY

This policy applies only to occurrences which take place during the policy period anywhere in the world.

## WAIVER OF IMMUNITY

The company agrees that it will not use, either in the defense of suits against the insured or in the adjustments of claims, the immunity of the insured from tort liability, unless requested by the insured to interpose such defense. The insured states that the waiver of the defense of immunity shall not subject the company to liability for any portion of a claim, verdict or judgment in excess of the limits of liability stated in the policy.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

### Automobile

Except where stated to the contrary, the word "automobile" means a land motor vehicle or trailer as follows: (1) Owned Automobile—an automobile owned or leased on a long-term basis by the Named Insured; (2) Hired Automobile—an automobile used under contract in behalf of, or loaned to the Named Insured or any Unit provided such automobile is not owned by or leased on a long-term basis or registered in the name of (a) the Named Insured or any Unit or (b) any Scout Official or (c) an employee or agent of (a) the Named Insured or any Unit or (b) any Scout Official or (c) an employee or agent of the named insured or any Unit who is granted an operating allowance of any sort for the use of such automobile; (3) Non-Owned Automobile—any other automobile.

### Personal Injury

"Personal Injury" means, (1) bodily injury, sickness, disease, disability, and if arising from any of the foregoing, mental anguish; (2) false arrest, detention or imprisonment, or malicious prosecution; (3) the publication or utterance of a libel or slander or of other defamatory material, or a publication or utterance in violation of an individual's right of privacy, except when any of the foregoing of this part (3) arises from publications or utterances in the course of or related to advertising, broadcasting, or telecasting activities conducted by or on behalf of the Named Insured; (4) wrongful entry or eviction or other invasion of the right or private occupancy; (5) death, discrimination (unless insurance is prohibited by law); shock, fright; mental anguish (arising out of any cause); humiliation; disparaging statements concerning the condition, value, quality, or use of real or personal property; loss of means of support.

### Completed Operations Hazard

"Completed Operations Hazard" - includes personal injury and property damage arising out of operation or reliance upon a representation or warranty made at any time with respect thereto, but only if the personal injury or property damage arises after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured.

### Damages

"Damages" as respects Coverage A and B, includes damages for death and for care and loss of services resulting from personal injury and damages for loss of use of property resulting from property damage: "damages", as respects Coverage C means all damages, including damages for death, which are payable because of injury to which the insurance afforded under Coverage C applies.

### Malpractice

"Malpractice" means Medical Malpractice, Lawyer's Malpractice, Architect's Malpractice, Engineer's Malpractice as defined in the policy.

### Medical Malpractice

"Medical Malpractice" means injury to any person, arising out of the rendering of or failure to render, by an insured as defined under this policy during the policy period, the following professional services; (a) medical, surgical, dental or nursing treatment, including the furnishing of or failure to furnish food or beverages in connection therewith, (b) furnishing or dispensing or failure to furnish or dispense drugs or medical, dental or surgical supplies or appliances if the injury occurs after the Named Insured has relinquished possession thereof to others, (c) handling of or performing post-mortem examinations on human bodies.

### Mobile Equipment

"Mobile Equipment" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the Named Insured, including the way immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle; power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment.

### Named Insured's Products

"Named Insured's Products" means goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, including any container thereof (other than a vehicle), but "Named Insured's Products" shall not include a vending machine or any property other than such a container, rented to or located for use of others but not sold.

### Occurrence

"Occurrence" means an accident or event including continuous or repeated exposure to conditions, which results in Personal Injury, Property Damage or Malpractice during the policy period neither expected nor intended from the standpoint of the insured (injury or damage committed to prevent or eliminate danger or to protect persons(s) or property shall be deemed neither expected nor intended from the standpoint of the insured), and providing that all loss covered under this policy arising out of exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

### Property Damage

"Property Damage" means injury to or destruction of property, including consequential loss and expenses resulting therefrom; and loss of use of or reduction of value of property which has not been physically injured or destroyed.

### Lawyer's Malpractice Injury

"Lawyer's Malpractice Injury" means injury because of any act, error or omission of the insured or of any other person for whose acts or omission the insured is legally responsible and arising out of the performance of professional legal services for others during the policy period for or on behalf of the Named Insured.

### Architect's Malpractice Injury

"Architect's Malpractice Injury" means injury because of any act, error or omission committed or alleged to have been committed by the insured, but solely while in the performance or architectural professional services for or on behalf of the Named Insured during the policy period.

BSA-PLAN_00486961

SA 3085

## Engineer's Malpractice Injury

"Engineer's Malpractice Injury" means injury because of any act, error or omission committed or alleged to have been committed by the Insured. But solely while in the performance of engineering professional services for or on behalf of the Named Insured during the policy period.

## Unit

The term "Unit", as used in this policy, shall mean any Chartered Troop, Cub Pack or Explorer Unit (including Sea and Air Scouting) of the Named Insured.

## Scout Official

The term "Scout Official", as used in this policy, shall mean any Scout Executive, Counselor, Director, Commissioner, Commiteeman, Instructor, Cubber, or Scouter of the Named Insured or any unit.

## CONDITIONS

### Inspection and Audit

The company shall be permitted to inspect the Named Insured's premises, operations and elevators and to examine and audit the books and records of the Named Insured at all reasonable times during the policy period and within three years after its termination insofar as they are related to this insurance, and the Named Insured shall render reasonable assistance and cooperation in furnishing the company with such information as it may require.

### Notice of Occurrence

When an occurrence takes place, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of any available witnesses.

### Notice of Claim or Suit

Notice will be furnished the carrier as soon as practicable after knowledge of such occurrence, claim or suit is received by a Scout Executive, Director of Insurance, or his representative at the National Office, Boy Scouts of America, Irving, Texas.

### Assistance and Cooperation of the Insured

The insured shall cooperate with the company and, upon the company's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of injury.

### Arbitration

Except with respect to liability assumed by the insured under a lease of premises, easement agreement, agreement or escalator maintenance agreement, the company shall not be liable under this policy, as respects coverage afforded for assumed liability, for damages awarded in arbitration other than an arbitration proceeding wherein an indemnitee under a written contract or agreement seeks damages against the insured on account thereof and wherein the company is entitled to exercise the insured's rights in the choice of arbitrators and in the conduct of such arbitration proceedings.

### Action Against Company

No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by a final judgement against the insured or by written agreement of the insured, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgement or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

Bankruptcy or insolvency of the insured shall not relieve the company of any of its obligations hereunder.

### Other Insurance

This policy shall be excess of and shall not contribute with insurance provided to the Insureds as defined in "Persons or Entities Insured" (b), (c), (d), (e), (f) under any other policy available to such insured including but not limited to Homeowners Insurance, Personal and Catastrophe Liability, Personal Automobile, General Liability and any other Automobile policy. In absence of such other insurance this insurance shall apply as primary. Amounts payable on behalf of the Named Insured or an Insured under such other insurance shall reduce the limit of liability of this policy. 

### Subrogation

In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and so whatever else is necessary to secure such rights, but the company shall have no right of subrogation against any Troop, Cub Pack or Explorer Post coming under the Named Insured's control or chartered by the Named Insured. The Insured shall do nothing after loss to prejudice such rights.

### Changes

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or change in any part of this policy or stop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

### Assignment

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Named Insured shall be adjudged bankrupt or insolvent such insurance as is afforded this policy shall apply (1) to the Named Insured's legal representative, as the Named Insured, but only while acting within the scope of his duties as such, and (2) with respect to the property of the Named Insured, to the person having proper temporary custody thereof, as Insured, but only the appointment and qualification of the legal representative.

### Cancellation

This policy may be cancelled by the Named Insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company for any reason except non-payment of premium by mailing to the Named Insured at the address shown in the declarations written notice stating when no less than ninety (90) days thereafter such cancellation shall be effective. This policy may be cancelled by the company for non-payment of premium by mailing to the Named Insured at the address shown in the Declarations written notice stating when no less than ten (10) days thereafter such cancellation shall be effective. The mailing of notice as foresaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice, either by the Named Insured or the company, shall be equivalent to mailing. If the Named Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effective or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation. If this policy insures more than one Named Insured, cancellation may be effected by the first of such Named Insureds for the account of all Named Insureds; notice of cancellation by the company to such first Named Insured shall be deemed notice to all insureds.

BSA-PLAN_00486962

SA 3086

Declarations
_____

By acceptance of this policy, the Named Insured agrees that the state-
ments in the declarations are his agreements and representations, that

this policy is issued in reliance upon the truth of such representations and
that this policy embodies all agreements existing between himself and the
Company or any of its agents relating to this insurance.

In WITNESS WHEREOF, the Insurance Company has caused this policy to be signed by its President and a Secretary at Philadelphia, Pennsylvania and
countersigned on the Declarations page by a duly Authorized Agent of the Company.

HARRY E. HOYT, Secretary

CALEB L. FOWLER, President

BSA-PLAN_00486963

SA 3087

| Named Insured | | | Endorsement Number | |
|---|---|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement | |
| HDO | Gl 075409-4 | | | |
| Issued By (Name of Insurance Company) | | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### SCHEDULE OF ENDORSEMENTS

1.  Employee Benefits Liability
2.  Deductible Endorsement
3.  Explanatory Endorsement
4.  Amendment of Exclusions
5.  Chartered Organizations
6.  Other Insurance
7.  Amendment to Definitions
8.  Amendment - Limits Of Liability
9.  Interim Premium Payment Endorsement
10. Protection and Indemnity
11. Amendment To Protection And Indemnity
12. Asbestos Exclusion
13. Contamination or Pollution Exclusion - Absolute
14. Contractual Liability Endorsement
15. Additional Insured
16. Additional Insured
17. Additional Insured
18. Additional Insured
19. Additional Insured
20. Additional Insured
21. Policy Endorsement
22. Policy Endorsement
23. Additional Insured
24. Cancellation Provision
25. Additional Insured
26. Additional Insured
27. Additional Insured
28. Additional Insured
29. Additional Insured
30. Additional Insured
31. Additional Insured
32. Additional Insured
33. Additional Insured
34. Additional Insured
35. Additional Insured
36. Additional Insured
37. Additional Insured

fk 03/15/90

Authorized Agent

CC-1E15  Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486964

**SA 3088**

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| **Policy Symbol** HDO | **Policy Number** G1 075409-4 | **Policy Period** | **Effective Date of Endorsement** |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## Schedule Of Endorsements (Continued)

```
38. Additional Insured
39. Additional Insured
40. Additional Insured
41. Additional Insured
42. Additional Insured
43. Additional Insured
44. Additional Insured
45. Additional Insured
46. Cancellation Provision
47. Additional Insured
48. Additional Insured
```

fk 3-15-90

_Authorized Agent_

ORIGINAL

CC-1E15 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486965

**SA 3089**

# EMPLOYEE BENEFITS LIABILITY

| Named Insured | | | | Endorsement Number<br>1 |
| --- | --- | --- | --- | --- |
| Policy Symbol<br>HDO | Policy Number<br>G1 07 54 09-4 | Policy Period | | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | | |

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

In consideration of the premium and in reliance upon the Statements in the Application and subject to the terms of this endorsement and of the Policy to which this endorsement is attached, the Company agrees with the Insured named in the Declarations of the Policy:

## INSURING AGREEMENTS

I. **COVERAGE.** To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages on account of any claim made against the Insured by any Employee, Former Employee or the beneficiaries or legal representatives thereof and caused by any negligent act, error or omission of the Insured, or any other person for whose acts the Insured is legally liable, in the administration of the Insured's Employee Benefit Programs as defined herein.

II. It is agreed that $1,000.00 shall be deducted from the total amount paid by the Company as the result of each occurrence covered by this policy and the Company shall be liable for loss only in excess of such amount. All loss arising out of continuous or repeated exposure to the same general conditions shall be considered as arising out of one occurrence. It is further understood and agreed that in event of any claim, irrespective of the amount, notice thereof shall be given to the Company, or any of its authorized agents, by or on behalf of the Insured, in accordance with the terms of the Policy and the Company may at its option, investigate such claim or negotiate or settle any claim, and the Insured agrees, if the Company undertakes to negotiate or settle any such claim, to join the Company in such negotiation or settlement to the extent of the amount to be deducted herein provided, or to reimburse the Company for such deductible amount, if and when such claim is paid by the Company.

III. The DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS provisions of the policy shall apply as respects the insurance hereby afforded, except that the Company shall not make settlement or compromise any claim or suit without the written consent of the Insured.

IV. **POLICY PERIOD & TERRITORY.** As respects the insurance hereby afforded this endorsement applies only to claims under the legal jurisdiction of a court of law or a court of equity within the United States of America, its territories or possessions or Canada, resulting from negligent acts, errors or omissions of the Insured, or any person acting on behalf of the Insured in the administration of Employee Benefit Programs provided such claim is brought against the Named Insured during the policy period and the Named Insured at the effective date of this policy, had no knowledge of or could not have reasonably foreseen any circumstances which might result in a claim or suit.

## DEFINITIONS

1. **INSURED.** The unqualified word "Insured" wherever used in relation to the insurance afforded hereby, includes not only the Named Insured, but also any partner, executive officer, director, stockholder or employee, provided such employee is authorized to act in the administration of the Insured's Employee Benefit Programs.

2. **EMPLOYEE BENEFITS.** The term "Employee Benefits" shall mean group life insurance, group health insurance, profit sharing plans, pensions plans, employee stock subscription plans, employee travel, vacation or savings plans, workmen's compensation, unemployment insurance, social security and disability benefits insurance.

3. **ADMINISTRATION.** As respects the insurance afforded hereby, the unqualified word "Administration", wherever used shall mean:

   (a) Giving counsel to employees with respect to the Employee Benefit Programs;

   (b) Interpreting the Employee Benefit Programs;

   (c) Handling of records in connection with the Employee Benefit Programs;

   (d) Effecting enrollment, termination or cancellation of employees under the Employee Benefit Programs;

   provided all such acts are authorized by the Named Insured.

## EXCLUSIONS

The insurance afforded by this endorsement does not apply:

(a) To any dishonest, fraudulent, criminal or malicious act, libel, slander, discrimination, or humiliation;

(b) To bodily injury to, or sickness, disease, or death, of any person, or to injury to or destruction of any tangible property, including the loss of use thereof;

(c) To any claim for failure of performance of contract by any insurer;

(d) To any claim based upon the Insured's failure to comply with any law concerning Workmen's Compensation, Unemployment Insurance, Social Security or Disability Benefits;

(e) To any claim based upon failure of stock to perform as represented by an Insured;

(f) To any claim based upon advice given by an Insured to an employee of the Named Insured to participate or not to participate in stock subscription plans.

(g) To any claim based upon any actual or alleged error or omission or breach of duty, committed or alleged to have been committed by a trustee, in the discharge of fiduciary duties, obligations or responsibilities imposed by the Federal Employee Retirement Income Security Act of 1974."

## CONDITIONS

The conditions of the policy entitled "Insured's Duties in the Event of Occurrence, Claim or Suit", "Action Against Company", "Other Insurance", "Subrogation", "Changes", "Assignment", and "Cancellation" apply to the insurance afforded hereby and the following Conditions apply:

A. **LIMITS OF LIABILITY.** The Limit of Liability stated in the Declarations as applicable to "each claim" is the limit of the Company's liability for all damages incurred on account of any claim covered hereunder; the limit of liability stated in the Declarations as "aggregate" is, subject to the above provisions respecting each claim, the total limit of the Company's liability for all claims covered hereunder and occurring during each policy year. The inclusion herein of more than one insured shall not operate to increase the limits of the Company's liability.

B. **PREMIUM.** The premium stated in the Declarations is an estimated premium only. Upon termination of each annual period of this Policy the Insured, on request will furnish the Company a statement of the total number of employees at the end of the period and the earned premium shall be computed on the average number of employees at the beginning and the end of such period in accordance with the rates set forth in the Declarations. If the earned premium thus computed exceeds the estimated advance premium paid, the Insured shall pay the excess to the Company; if less, the Company shall return to the Insured the unearned portion paid by such Insured subject to the Minimum Premium for this insurance stated in the Declarations.

C. **TERMS OF ENDORSEMENT CONFORMED TO STATUTE.** Terms of this endorsement which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.

_John M Helsh_
Authorized Agent

LC-811d   Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486966

SA 3090

| Named Insured | | | | Endorsement Number 2 | |
|---|---|---|---|---|---|
| Policy Symbol HDO | Policy Number Gl 075409-4 | | Policy Period | Effective Date of Endorsement | |
| Issued By (Name of Insurance Company) | | | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### DEDUCTIBLE ENDORSEMENT

It is agreed that:

1. (a) The Company's obligation to pay damages on behalf of the Insured under the policy to which this endorsement is attached applies only to damages in excess of the deductible amounts stated in the schedule below.

   (b) However, if the Named Insured or a Claims Servicing Organization acting on behalf of the Named Insured, fails to pay any damages within the deductible amounts after the legal obligation of the Insured becomes definitely determined, the Company shall pay such damages and the Named insured shall reimburse the Company promptly for any part of the deductible amount that has been paid by the Company.

2. The Company has the option to pay any or all of the "Deductible-Per Occurrence" amount to effect settlement of any claim or suit and, upon notification of the action taken, the Named Insured shall reimburse the Company promptly for such part of the deductible amount that has been paid by the Company.

3. The Limits of Liability shown in the Declarations of the policy to which this endorsement is attached, and as amended or supplemented by any applicable Coverage Parts or endorsements, include the amounts for (a) "Deductible-Per Occurrence" and (b) "Deductible-Annual Aggregate" as stated in the schedule below.

4. It is the obligation of the Named Insured to pay the damages covered under the policy up to the "Deductible-Per Occurrence" amount stated in the schedule below; provided however the Named Insured's total annual obligation for such damages shall be limited to the amount stated in the schedule below as "Deductible-Annual Aggregate." In the event such "Deductible-Annual Aggregate" is exhausted by reason of the payment of damages, the Company will pay all subsequent damages covered by the policy and will not require reimbursement for such payments during the remainder of the applicable annual policy period.

fk 3/16/90

Authorized Agent

CC-1E15 Ptd. In U.S.A.

**ORIGINAL**

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486967

**SA 3091**

| Named Insured | | Endorsement Number<br>2   (continued) |
|---|---|---|
| **Policy Symbol**<br>HDO | **Policy Number**<br>Gl 075409-4 | **Policy Period** | **Effective Date of Endorsement** |
| **Issued By** (Name of Insurance Company) | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

If the policy is extended for a period of less than (12) months beyond the annual term set forth in the Declarations:

(a)  The Aggregate Limits of Liability stated in the Declarations, as amended or supplemented by any applicable Coverage Parts or endorsements, and the "Deductible-Per Occurrence" amount stated in the schedule of this endorsement shall apply for the total annual period plus such extension period;

(b)  The "Deductible-Annual Aggregate" amount stated in the schedule of this endorsement, unless amended by any endorsement forming a part of this policy, shall be reinstated to the full amount stated in the schedule.

Termination or cancellation of the policy to which this endorsement is attached shall not reduce the "Deductible-Annual Aggregate amount.

5. Whereas the Named Insured has entered into a written agreement with a qualified claims servicing organization, ESIS, INC., hereinafter called "Claims Servicing Organization", under which the Claims Servicing Organization agrees to provide investigation, defense and settlement services on behalf of the Insured in connection with claims made or suits brought for which insurance is provided by the policy to which this endorsement is attached, it is understood and agreed that the Company has no duty or obligation to provide investigation, defense or settlement services with respect to such claims or suits so long as such agreement with the Claims Servicing Organization remains in effect.  The Company has no obligation to pay or contribute to the fees stipulated in the agreement between the Named Insured and the Claims Servicing Organization.

6. The Company shall have the:

(a)  right to control of; and

(b)  right and opportunity to associate with the Insured in the investigation, defense, and settlement of any claim or proceeding arising out of any occurrence (1) to which the insurance provided by the policy applies and (2) which is reasonable likely to exceed the applicable "Deductible-Per Occurrence".  In such event, the Insured shall cooperate with the Company to the extent required under the conditions of the policy to which this endorsement is attached.

fk 3/16/90

_____
Authorized Agent

**ORIGINAL**

CC-1E15 Ptd. In U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486968
**SA 3092**

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| | | | 2 (continued) |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| HDO | G1 075409-4 | | |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

7. All Loss Adjustment Expense incurred as the result of any occurrence to which this insurance applies shall be apportioned between the Insured and the Company as follows:

   (a) If the amount of the judgment or settlement does not exceed the "Deductible-Per Occurrence" amount stated in the schedule below that portion of the Total "Loss Adjustment Expense" in connection with the occurrence shall be added to the amount of the judgement or settlement until the "Deductible-Per Occurrence" amount is equaled. Such combined amount shall contribute to the exhaustion of the "Deductible-Annual Aggregate" amount stated in the schedule below.

   (b) If a claim of suit is settled without payment of damages, the "Loss Adjustment Expense" in connection therewith shall be borne solely by the Insured, up to the amount of the "Deductible-Per Occurrence" amount. Such "Loss Adjustment Expense" as is borne by the Insured shall contribute to the exhaustion of the "Deductible-Annual Aggregate" amount stated in the schedule below.

   (c) If the "Deductible-Annual Aggregate" amount stated in the schedule below is exhausted, "Loss Adjustment Expense" shall be borne entirely by the Company.

8. "Loss Adjustment Expense" shall mean:

   (a) Attorney's fees for claims in suit;

   (b) Court costs and other expenses in connection with investigation, defense or settlement, such as medical examinations, expert testimony, stenographic, witnesses and summons, copies of documents and photographs, premiums on bond to release attachments premium on appeal bonds, and interest on judgements.

   "Loss Adjustment Expense" shall not mean salaries of Company employees involved in investigation, defense or settlement not the Company's other general operating expenses.

9. "Deductible-Per Occurrence" shall mean damages which are to be paid by the Named Insured, and which arise from any one occurrence to which insurance applies under policy.

fk 3/16/90

_____
Authorized Agent

CC-1E15  Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486969

SA 3093

| Named Insured | | | Endorsement Number<br>2  (continued) |
|---|---|---|---|
| Policy Symbol<br>HDO | Policy Number<br>Gl  075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

10. "Deductible-Annual Aggregate" shall mean, subject to the limit applicable to the "Deductible-Per Occurrence", the total damages to be paid by the Named Insured arising out of all occurrences to which insurance applies during each annual period of this policy, or any extension thereof for less than twelve (12) months.

11. "Damages", as used in this endorsement, shall include No-fault, Uninsured Motorists and Medical Payment benefits when such coverage or coverages are provided under the policy or any of its endorsements.

12. Except as otherwise provided in this endorsement, the terms of the policy, including the Insured's duties in the event of an occurrences, apply irrespective of the application of the deductible amount.

## SCHEDULE

### Amount

Deductible-Per Occurrence    $1,000,000.
Deductible-Annual Aggregate  $1,000,000.

fk 3/16/90

Authorized Agent

CC-1E15 Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486970

SA 3094

| Named Insured<br>**Boy Scouts of America** | | Endorsement Number<br>**2 (Revised)** |
|---|---|---|
| Policy Symbol<br>**HD0** | Policy Number<br>**G1 07 54 09-4** | Policy Period<br>**3-1-90/91** | Effective Date of Endorsement<br>**3-1-90** |

Issued By (Name of Insurance Company)
**Insurance Company of North America**

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## DEDUCTIBLE ENDORSEMENT

It is agreed that:

1.  (a)  The Company's obligation to pay damages on behalf of the Insured under the policy to which this endorsement is attached applies only to damages in excess of the deductible amounts stated in the schedule below.

    (b)  However, if the Named Insured or a Claims Servicing Organization acting on behalf of the Named Insured, fails to pay any damages within the deductible amounts after the legal obligation of the Insured becomes definitely determined, the Company shall pay such damages and the Named Insured shall reimburse the Company promptly for any part of the deductible amount that has been paid by the Company.

2.  The Company has the option to pay any or all of the "Deductible-Per Occurrence" amount to effect settlement of any claim or suit and, upon notification of the action taken, the Named Insured shall reimburse the Company promptly for such part of the deductible amount that has been paid by the Company.

3.  The Limits of Liability shown in the Declarations of the policy to which this endorsement is attached, and as amended or supplemented by any applicable Coverage Parts or endorsements, include the amounts for (a) "Deductible-Per Occurrence" and (b) "Deductible-Annual Aggregate" as stated in the schedule below.

4.  It is the obligation of the Named Insured to pay the damages covered under the policy up to the "Deductible-Per Occurrence" amount stated in the schedule below; provided however the Named Insured's total annual obligation for such damages shall be limited to the amount stated in the schedule below as "Deductible-Annual Aggregate." In the event such "Deductible-Annual Aggregate" is exhausted by reason of the payment of damages, the Company will pay all subsequent damages covered by the policy and will not require reimbursement for such payments during the remainder of the applicable annual policy period.

mb/5-28-91

*Scott C. McClure*
Authorized Agent

CC 1E15 Ptd. In U.S.A.

Subject to Protective Order – Highly Confidential

| Named Insured<br>**Boy Scouts of America** | | | Endorsement Number<br>**2 (continued) (Revised)** |
|---|---|---|---|
| Policy Symbol<br>**HD0** | Policy Number<br>**G1 07 54 09-4** | Policy Period<br>**3-1-90/91** | Effective Date of Endorsement<br>**3-1-90** |
| Issued By (Name of Insurance Company)<br>**Insurance Company of North America** | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

If the policy is extended for a period of less than (12) months beyond the annual term set forth in the Declarations:

(a)   The Aggregate Limits of Liability stated in the Declarations, as amended or supplemented by any applicable Coverage Parts or endorsements, and the "Deductible-Per Occurrence" amount stated in the schedule of this endorsement shall apply for the total annual period plus such extension period;

(b)   The "Deductible-Annual Aggregate" amount stated in the schedule of this endorsement, unless amended by any endorsement forming a part of this policy, shall be reinstated to the full amount stated in the schedule.

Termination or cancellation of the policy to which this endorsement is attached shall not reduce the "Deductible-Annual Aggregate amount.

5.   Whereas the Named Insured has entered into a written agreement with a qualified claims servicing organization, ESIS, INC.., hereinafter called "Claims Servicing Organization", under which the Claims Servicing Organization agrees to provide investigation, defense and settlement services on behalf of the Insured in connection with claims made or suits brought for which insurance is provided by the policy to which this endorsement is attached, it is understood and agreed that the Company has no duty or obligation to provide investigation, defense or settlement services with respect to such claims or suits so long as such agreement with the Claims Servicing Organization remains in effect.  The Company has no obligation to pay or contribute to the fees stipulated in the agreement between the Named Insured and the Claims Servicing Organization.

6.   The Company shall have the:

(a)   right to control of; and

(b)   right and opportunity to associate with the Insured in the investigation, defense, and settlement of any claim or proceeding arising out of any occurrence (1) to which the insurance provided by the policy applies and (2) which is reasonable likely to exceed the applicable "Deductible-Per Occurrence".  In such event, the Insured shall cooperate with the Company to the extent required under the conditions of the policy to which this endorsement is attached.

mb/5-28-91

*Scott C. McClure*
Authorized Agent

CC 1E15 Ptd. in U.S.A.

BSA-PLAN_00486972<br>**SA 3096**

| Named Insured<br>**Boy Scouts of America** | | | Endorsement Number<br>**2 (continued) (Revised)** |
|---|---|---|---|
| Policy Symbol<br>**HD0** | Policy Number<br>**G1 07 54 09-4** | Policy Period<br>**3-1-90/91** | Effective Date of Endorsement<br>**3-1-90** |
| Issued By (Name of Insurance Company)<br>**Insurance Company of North America** | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

7.   All Loss Adjustment Expense incurred as the result of any occurrence to which this insurance applies shall be apportioned between the Insured and the Company as follows:

   (a)   If the amount of the judgment or settlement does not exceed the "Deductible-Per Occurrence" amount stated in the schedule below that portion of the Total "Loss Adjustment Expense" in connection with the occurrence shall be added to the amount of the judgement or settlement until the "Deductible-Per Occurrence" amount is equaled.   Such combined amount shall contribute to the exhaustion of the "Deductible-Annual Aggregate" amount stated in the schedule below.

   (b)   If a claim of suit is settled without payment of damages, the "Loss Adjustment Expense" in connection therewith shall be borne solely by the Insured, up to the amount of the "Deductible-Per Occurrence" amount.   Such "Loss Adjustment Expense" as is borne by the Insured shall contribute to the exhaustion of the "Deductible-Annual Aggregate" amount stated in the schedule below.

   (c)   If the "Deductible-Annual Aggregate" amount stated in the schedule below is exhausted, "Loss Adjustment Expense" shall be borne entirely by the Company.

8.   "Loss Adjustment Expense" shall mean:

   (a)   Attorney's fees for claims in suit;

   (b)   Court costs. and other expenses in connection with investigation, defense or settlement, such as medical examinations, expert testimony, stenographic, witnesses and summons, copies of documents and photographs, premiums on bond to release attachments premium on appeal bonds, and interest on judgements.

   "Loss Adjustment Expense" shall not mean salaries of Company employees involved in investigation, defense or settlement not the Company's other general operating expenses.

9.   "Deductible-Per Occurrence" shall mean damages which are to be paid by the Named Insured, and which arise from any one occurrence to which insurance applies under policy.

mb/5-28-91

*Scott C. McClure*
Authorized Agent

CC 1E15 Ptd. in U.S.A.

BSA-PLAN_00486973

SA 3097

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| **Boy Scouts of America** | | | **2 (continued) (Revised)** |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| **HD0** | **G1 07 54 09-4** | **3-1-90-91** | **3-1-90** |
| Issued By (Name of Insurance Company) | | | |
| **Insurance Company of North America** | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

10.   "Deductible-Annual Aggregate" shall mean, subject to the limit applicable to the "Deductible-Per Occurrence", the total damages to be paid by the Named Insured arising out of all occurrences to which insurance applies during each annual period of this policy, or any extension thereof for less than twelve (12) months.

11.   "Damages", as used in this endorsement, shall include No-fault, Uninsured Motorists and Medical Payment benefits when such coverage or coverages are provided under the policy or any of its endorsements.

12.   Except as otherwise provided in this endorsement, the terms of the policy, including the Insured's duties in the event of an occurrences, apply irrespective of the application of the deductible amount.

### SCHEDULE

|  | Amount |
|---|---|
| Deductible-Per Occurrence | $1,000,000. |
| Deductible-Annual Aggregate | NIL |

mb/3-28-91

*Scott C. McClure*
Authorized Agent

CC 1E15 Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486974

**SA 3098**

| Named Insured | | | Endorsement Number 3 | |
|---|---|---|---|---|
| Policy Symbol HDO | Policy Number G1 075409-4 | Policy Period | Effective Date of Endorsement | |
| Issued By (Name of Insurance Company) | | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### EXPLANATORY ENDORSEMENT

It is agreed that the term "damages" as used in the Limits of Liability section shall include "Loss Adjustment Expense" as defined in the Deductible Endorsement.

fk 3/15/90

_Authorized Agent_

CC-1E15  Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486975

**SA 3099**

| Named Insured | | | Endorsement Number<br>4 | |
|---|---|---|---|---|
| Policy Symbol<br>HDO | Policy Number<br>G1 075409-4 | Policy Period | Effective Date of Endorsement | |
| Issued By (Name of Insurance Company) | | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## AMENDMENT OF EXCLUSIONS

1.  Exclusion (a) is amended to read:

    (a) to personal injury or property damage arising out of the ownership, mainte-
    nance, operation, use, loading or unloading of (1) any aircraft owned or
    operated by or rented or loaned to the named insured, or (2) any automobile
    owned or leased on a long term basis by the Local Councils for the first
    $500,000. of Automobile Liability, and to Non-Owned Liability of employees of
    Local Councils for the first $500,000. of Automobile Liability, or (3) any
    automobile owned or leased on a long term basis by the named insured (other
    than Local Councils referred to in (2) above), but this exclusion does not
    apply to the parking of an automobile on premises owned by, rented to, or
    controlled by the named insured or the ways immediately adjoining, if such
    automobile is not owned by or rented to the named insured or to liability
    assumed by the insured under contract.


fk 3/15/90

_____
                          Authorized Agent

CC-1E15  Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486976

**SA 3100**

| Named Insured | | | Endorsement Number 5 |
|---|---|---|---|
| Policy Symbol HDO | Policy Number Gl 075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### CHARTERED ORGANIZATIONS

### PRIMARY INSURANCE ENDORSEMENT

Anything in the policy to the contrary notwithstanding it is hereby understood and agreed that, as respects liability arising out of their sponsorship of any scouting activity, this policy shall be primary insurance to any other insurance or self-insurance scheme arranged or purchased by or available to any chartered organization of Boy Scouts of America, as described below; except with respect to such insurance, not directly acquired or arranged on behalf of the chartered organization, as may be available to a chartered organization for loss arising out of a non-owned automobile. And it is further agreed that this insurance is excess of any insurance carried on owned automobiles of the chartered organizations.

### DESCRIBED CHARTERED ORGANIZATION

All Chartered Organizations, as on file at the National Office of the Boy Scouts of America,

Chartered Organization shall be defined as "The Chartered Organization, its board of directors or trustees, its officers and employees, as their official and individual capacity. This definition shall also include a specific position: Chartered Organization Representative.

fk 3/15/90

_____
Authorized Agent

CC-1E15 Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486977

**SA 3101**

| Named Insured | | | Endorsement Number 6 |
|---|---|---|---|
| Policy Symbol HDO | Policy Number Gl 075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is understood and agreed that condition, other insurance, of this policy is amended to read as follows:

**Other Insurance**

This policy shall be excess of and shall not contribute with insurance, self-insurance plan, fund or scheme provided to the insureds as defined in "persons or entities insured" (b), (c), (d), (e), (f) under any insurance policy, self-insurance plan, fund or scheme available to such insured including but not limited to Home-owner's Insurance, Automobile Liability Insurance, General Liability Insurance, Automobile Liability Insurance and any other applicable insurance, in the absence of such other insurances, self-insurance, fund or scheme, this insurance shall apply as primary. Amounts payable on behalf of the named insured or an insured undersuch other insurance, self-insurance, fund or scheme shall reduce the limits of liability of this policy.

fk 3/15/90

_____
Authorized Agent

CC-1E15 Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486978

**SA 3102**

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| | | | 7 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HDO | G1 075409-4 | | |

Issued By (Name of Insurance Company)

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### AMENDMENT TO DEFINITIONS

It is hereby agreed and understood that the definition of Personal Injury is amended to read:

"Personal Injury" means, but is not limited to (1) bodily injury, sickness, disease, disability, and if arising from any of the foregoing, mental anguish; (2) false arrest detention or imprisonment, or malicious prosecution; (3) the publication or utterance of a libel or slander or of other defamatory material, or a publication or utterance in violation of an individual's right of privacy, except when any or the foregoing of this part (3) arises from publications or utterances in the course of or related to advertising, broadcasting, or telecasting activities conducted by or on behalf of the Named Insured; (4) wrongful entry or eviction or other invasion of the right or private occupancy; (5) death, discrimination (unless insurance is prohibited by law); shock, fright; mental anguish (arising out of any cause); humiliation; disparaging statements concerning the condition, value, quality, or use of real or personal property; loss of means of support; wrongful dismissal or termination.

fk 3/15/90

Authorized Agent

CC-1E15 Ptd. in U.S.A.

ORIGINAL

BSA-PLAN_00486979

SA 3103



GL 99 16
(Ed. 03 81)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective     Policy No. HDO G1075409-4     Endorsement No. 8
Named Insured

Countersigned by _John M. Helsh_
(Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE**
**CONTRACTUAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**

---

**AMENDMENT—LIMITS OF LIABILITY**
(Single Limit)

(Policy Aggregate Limit)

**SCHEDULE**

| Coverages | Limits of Liability |
|---|---|
| Bodily Injury Liability and Property Damage Liability | $1,000,000 each **occurrence**<br>$1,000,000 aggregate |

It is agreed that the provisions of the policy captioned **"LIMITS OF LIABILITY"** relating to Bodily Injury Liability and Property Damage Liability are amended to read as follows:

**LIMITS OF LIABILITY**

Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, or (3) claims made or suits brought on account of **bodily injury** or **property damage**, the Company's liability is limited as follows:

**Bodily Injury Liability and Property Damage Liability:**

(a) The limit of liability stated in the Schedule of this endorsement as applicable to "each **occurrence**" is the total limit of the company's liability for all damages including damages for care and loss of services because of **bodily injury and property damage** sustained by one or more persons or organizations as a result of any one occurrence, provided that with respect to any **occurrence** for which notice of this policy is given in lieu of security, or when this policy is certified as proof of financial responsibility under the provisions of the Motor Vehicle Financial Responsibility Law of any state or province, such limit of liability shall be applied to provide the separate limits required by such law for Bodily Injury Liability and Property Damage Liability to the extent of the coverage required by such law, but the separate application of such limit shall not increase the total limit of the company's liability.

(b) If an aggregate amount is stated in the Schedule, then, subject to the above provision respecting "each **occurrence**", the total liability of the company for all damages because of all **bodily injury and property damage** which occurs during each annual period while this policy is in force commencing from its effective date, shall not exceed the limit of liability stated in the Schedule of this endorsement as "aggregate".

(c) For the purpose of determining the limit of the company's liability, all **bodily injury** and **property damage** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

**GL 99 16 03 81**

BSA-PLAN_00486980
SA 3104

# INA   INTERIM PREMIUM PAYMENT ENDORSEMENT

| Named Insured | | | Endorsement Number 9 |
|---|---|---|---|
| Policy Symbol HDO | Policy Number G1 07 54 09–4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is hereby agreed that the estimated annual premium for the policy is payable as follows:

Deposit Premium               $ 46,250.

Interim Premiums           $ 46,250.        Date Payable    6/1/90

                                  46,250.                         9/1/90

                                  46,250.                        12/1/90

**Total Estimated Premium**   $ 185,000.

It is further agreed that the deposit premium shall be paid upon delivery of the policy and the interim premiums on the indicated dates. Upon expiration of the policy the earned premium shall be computed in accordance with the basis of premium as specified in the policy and the deposit premium and interim premiums shall be credited thereto. If the earned premium exceeds the deposit premium plus the interim premiums, the insured shall immediately pay to the company the additional earned premium; if it be less, the company shall return the difference to the insured but shall, in any event, retain the minimum premium stated in the declarations.

Authorized Agent

LC-578d 1/73   Ptd. in U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486981

**SA 3105**

**PROTECTION AND INDEMNITY**

Endorsement #10 (Revised)

SP-23 (Revised 1/56)

Amount Insured $ ......1,000,000....each occurrence

Premium $ ..........1,000,000. aggregate

Rate .............Incl.

No. P.I.

*this typical of end. 10 + over provision* (handwritten)

Boy Scouts of America

1325 Walnut Hill Lane, Irving, Texas ........................... hereinafter called the Assured;

**Loss, if any, payable to** ........Claimants ........... *JA* (handwritten)

............................................................................................ or order

**In the sum of** ....One Million ............................................................. Dollars

at and from the .....1st..... day of ....March........., 1990. at .12:01 a.m., Dallas, Texas.. time

until the .......1st..... day of ....March........., 1991. at .12:01 a.m., Dallas, Texas.. time.

against the liabilities of the Assured as hereinafter described, and subject to the terms and conditions hereinafter set forth,

in respect of the vessel called the ...All Vessels Owned by..................
........the Insured............. (Tonnage..................... ) or by whatsoever other names the

said vessel is or shall be named or called.

In consideration of the Stipulations Herein Named and of ....Included...............

...................................... Dollars, being Premium at the rate of ......Included.........

The Assurer hereby undertakes to make good to the Assured or the Assured's executors, administrators and/or successors, all such loss and/or damage and/or expense as the Assured shall as owners of the vessel named herein have become liable to pay and shall pay on account of the liabilities, risks, events and/or happenings herein set forth:

Loss of Life, injury and illness
(1) Liability for loss of life of, or personal injury to, or illness of, any person, excluding, however, unless otherwise agreed by endorsement hereon, liability under any Compensation Act to any employee of the Assured, (other than a seaman) or in case of death to his beneficiaries or others.

Protection hereunder for loss of life or personal injury arising in connection with the handling of cargo of the vessel named herein shall commence from the time of receipt by the Assured of the cargo on dock or wharf or on craft alongside the said vessel for loading thereon and shall continue until delivery thereof from dock or wharf of discharge or until discharge from the said vessel on to another vessel or craft.

Hospital, medical, or other expenses
(2) Liability for hospital, medical, or other expenses necessarily and reasonably incurred in respect of loss of life of, personal injury to, or illness of any member of the crew of the vessel named herein or any other person. Liability hereunder shall also include burial expenses not exceeding Two Hundred ($200) Dollars, when necessarily and reasonably incurred by the Assured for the burial of any seaman of said vessel.

Repatriation expenses
(3) Liability for repatriation expenses of any member of the crew of the vessel named herein, necessarily and reasonably incurred, under statutory obligation, excepting such expenses as arise out of or ensue from the termination of any agreement in accordance with the terms thereof, or by mutual consent, or by sale of the said vessel, or by other act of the Assured. Wages shall be included in such expenses when payable under statutory obligation, during unemployment due to the wreck or loss of the said vessel.

Damage to other vessel or property on board caused by collision
(4) Liability for loss of, or damage to, any other vessel or craft, or to the freight thereof, or property on such other vessel or craft, caused by collision with the vessel named herein, insofar as such liability would not be covered by full insurance under the ...............................................................................

Principle of cross-liabilities to prevail
.......................................... (including the four-fourths running-down clause).

(a) Claims under this clause shall be settled on the principle of cross-liabilities to the same extent only as provided in the running-down clause above mentioned.

(b) Claims under this clause shall be divided among the several classes of claims enumerated in this policy and each class shall be subject to the deduction and special conditions applicable in respect of such class.

(c) Notwithstanding the foregoing, if any one or more of the various liabilities arising from such collision has been compromised, settled or adjusted without the written consent of the Assurer, the Assurer shall be relieved of liability for any and all claims under this clause.

Damage to other vessel or property on board not caused by collision
(5) Liability for loss of or damage to any other vessel or craft, or to property on such other vessel or craft, not caused by collision, provided such liability does not arise by reason of a contract made by the assured.

Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Assured, the Assurer shall be liable as if such damaged property belonged to another, but only for the excess over any amount recoverable under any other insurance applicable on the property.

Damage to docks, piers, etc.
(6) Liability for damage to any dock, pier, harbor, bridge, jetty, buoy, lighthouse, breakwater, structure, beacon, cable, or to any fixed or movable object or property whatsoever, except another vessel or craft, or property on another vessel or craft.

Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Assured, the Assurer shall be liable as if such damaged property belonged to another, but only for the excess over any amount recoverable under any other insurance applicable on the property.

Removal of wreck
(7) Liability for cost or expenses of, or incidental to, the removal of the wreck of the vessel named herein when such removal is compulsory by law, provided, however, that:
(a) There shall be deducted from such claim for cost or expenses, the value of any salvage from or which might have been recovered from the wreck, inuring, or which might have inured, to the benefit of the Assured.
(b) The Assurer shall not be liable for such costs or expenses which would be covered by full insurance under the .............................................................................................
or claims arising out of hostilities or war-like operations, whether before or after declaration of war.

tion 8 (bb) the Assurer's lia 'lty hereunder shall be limited to such as wou'' exist if such clause were contained therein.

(14) Costs, charges, and expens         sonably incurred and paid by the Assured in          against any liabilities insured against hereunder in respec. of the vessel named herein, subject to the agree . deductibles applicable, and subject further to the conditions and limitations hereinafter provided.

## GENERAL CONDITIONS AND/OR LIMITATIONS

**Prompt notice of claim**

Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Assurer is or may become liable, the Assured will use due diligence to give prompt notice thereof and forward to the Assurer as soon as practicable after receipt thereof, all communications, processes, pleadings and other legal papers or documents relating to such occurrences.

**Settlement of claims**

The Assured shall not make any admission of liability, either before or after any occurrence which may result in a claim for which may be liable. The Assured shall not interfere in any negotiations of the Assurer, for settlement of any legal proceedings in respect of any occurrences for which the Assurer is liable under this policy; provided, however, that in respect of any occurrence likely to give rise to a claim under this policy, the Assured are obligated to and shall take steps to protect their (and/or the Assurer's) interests as would reasonably be taken in the absence of this or similar insurance. If the Assured shall fail or refuse to settle any claim as authorized by Assurer, the liability of the Assurer to the Assured shall be limited to the amount for which settlement could have been made.

**Assured to assist with evidence in defense, etc.**

Whenever required by the Assurer the Assured shall aid in securing information and evidence and in obtaining witnesses and shall cooperate with the Assurer in the defense of any claim or suit or in the appeal from any judgment, in respect of any occurrence as hereinbefore provided.

**Law costs**

The Assurer shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with the written consent of the Assurer, or the Assurer shall be satisfied that such approval could not have been obtained under the circumstances without unreasonable delay, or that such costs and charges were reasonably and properly incurred, such cost or expense being subject to the deductible. The cost and expense of prosecuting any claim in which the Assurer shall have an interest by subrogation or otherwise, shall be divided between the Assured and the Assurer, proportionately to the amounts which they would be entitled to receive respectively, if the suit should be successful.

The Assurer shall be liable for the excess where the amount deductible under this policy is exceeded by 'A' the cost of investigating and/or successfully defending any claim or suit against the Assured based on a liability or an alleged liability of the Assured covered by this insurance, or (B) the amount paid by the Assured either under a judgment or an agreed settlement based on the liability covered herein including all costs, expenses of defense and taxable disbursements.

**Subrogation**

The Assurer shall be subrogated to all the rights which the Assured may have against any other person or entity, in respect of any payment made under this policy, to the extent of such payment, and the Assured shall, upon the request of the Assurer, execute all documents necessary to secure to the Assurer such rights.

The Assurer shall be entitled to take credit for any profit accruing to the Assured by reason of any negligence or wrongful act of the Assured's servants or agents, up to the measure of their loss, or to recover for their own account from third parties any damage that may be provable by reason of such negligence or wrongful act.

**Other insurance**

Provided that where the Assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by the Assurer, under this policy, there shall be no contribution by the Assurer on the basis of double insurance or otherwise.

**Assignments**

No claim or demand against the Assurer under this policy shall be assigned or transferred, and no person, excepting a legally appointed receiver of the property of the Assured, shall acquire any right against the Assurer by virtue of this insurance without the expressed consent of the Assurer.

**Actions against Assurers**

No action shall lie against the Assurer for the recovery of any loss sustained by the Assured unless such action is brought against the Assurer within one year after the final judgment or decree is entered in the litigation against the Assured, or in case the claim against the Assurer accrues without the entry of such final judgment or decree, unless such action is brought within one year from the date of the payment of such claim.

**Time limitation**

The Assurer shall not be liable for any claim not presented to the Assurer with proper proofs of loss within six (6) months after payment thereof by the Assured.

**Lay-up clauses**

At the expiration of this policy, the Assurer is to return.................for each thirty (30) consecutive days during the term of this insurance the vessel may be laid up in a safe port; or .................... for each thirty (30) consecutive days during the term of this insurance the vessel may be laid up in a safe port without loading and/or discharging and without crew or cargo on board, provided the Assured give written notice to the Assurer as soon as practicable after the commencement and the termination of such lay-up period.

**Cancellation provisions:**

(a) If the vessel named herein should be sold or requisitioned and this policy be cancelled and surrendered, the Assurer to return.................for each thirty (30) consecutive days of the unexpired term of this insurance.

(b) In the event of non-payment of premium within sixty (60) days after attachment, this policy may be cancelled by the Assurer upon five (5) days' written notice being given the Assured.

(c) In the event that Sections 182 to 189, both inclusive, of U. S. Code. Title 46, or any other existing law or laws determining or limiting liability of shipowners and carriers, or any of them, shall, while this policy is in force, be modified, amended or repealed, or the liabilities of shipowners or carriers be increased in any respect by legislative enactment, the Assurer shall have the right to cancel said insurance upon giving thirty (30) days' written notice of their intention so to do, and in the event of such cancellation, make return of premium upon a pro rata daily basis.

**Notwithstanding anything to the contrary contained in this policy, no liability attaches to the Assurer:**

For any loss, damage, or expense which would be payable under the terms of the ...................................... ...................... form of policy on hull and machinery, etc., if the vessel were fully covered by such insurance sufficient in amount to pay such loss, damage, or expense.

For any loss, damage or expense sustained by reason of capture, seizure, arrest, restraint or detainment, or the consequence thereof or of any attempt thereat; or sustained in consequence of military, naval or air action by force of arms, including mines and torpedoes or other missiles or engines of war, whether of enemy or friendly origin; or sustained in consequence of placing the vessel in jeopardy as an act or measure of war taken in the actual process of a military engagement, including embarking or disembarking troops or material of war in the immediate zone of such engagement; and any such loss, damage and expense shall be excluded from this policy without regard to whether the Assured's liability therefor is based on negligence or otherwise, and whether before or after a declaration of war.

For any loss, damage, or expense arising from the cancellation or breach of any charter, bad debts, fraud of agents, insolvency, loss of freight hire or demurrage, or as a result of the breach of any undertaking to load any cargo, or in respect of the vessel named herein engaging in any unlawful trade or performing any unlawful act, with the knowledge of the Assured.

Subject to Protective Order – Highly Confidential

**Cargo**

(8) Liability for loss of, or damage to, or in connection with cargo or other property, excluding mail and parcel post, including baggage and personal effects of passengers, to be carried, carried, or which has been carried on board the vessel named herein:

Provided, however, that no liability shall exist under this provision for:

**Specie, bullion, precious stones, etc.**

(a) Loss, damage or expense arising out of or in connection with the custody, care, carriage or delivery of specie, bullion, precious stones, precious metals, jewelry, silks, furs, bank notes, bonds or other negotiable documents or similar valuable property, unless specially agreed to and accepted for transportation under a form of contract approved, in writing, by the Assurer.

**Refrigeration**

(b) Loss of, or damage to, or in connection with cargo requiring refrigeration unless the space, apparatus and means used for the care, custody, and carriage thereof have been surveyed by a classification surveyor or other competent disinterested surveyor under working conditions before the commencement of each voyage and found in all respects fit, and unless accepted for transportation under a form of contract approved, in writing, by the Assurer.

**Passengers' effects**

(c) Loss, damage, or expense in connection with any passenger's baggage or personal effects, unless the form of ticket issued to the passenger shall have been approved, in writing, by the Assurer.

**Stowage in improper places**

(d) Loss, damage, or expense arising from stowage of underdeck cargo on deck or stowage of cargo in spaces not suitable for its carriage, unless the Assured shall show that every reasonable precaution has been taken by him to prevent such improper stowage.

**Deviation**

(e) Loss, damage, or expense arising from any deviation, or proposed deviation, not authorized by the contract of affreightment, known to the Assured in time to insure specifically the liability therefor, unless notice thereof is given to the Assurer and the Assurer agrees, in writing, that such insurance is unnecessary.

**Freight on cargo short delivered**

(f) Freight on cargo short delivered, whether or not prepaid or whether or not included in the claim and paid by the Assured.

**Misdescription of Goods**

(g) Loss, damage, or expense arising out of or as a result of the issuance of Bills of Lading which, to the knowledge of the Assured, improperly describe the goods or their containers as to condition or quantity.

**Failure to surrender Bill of Lading**

(h) Loss, damage, or expense arising out of delivery of cargo without surrender of Bill of Lading.

And provided further that

(aa) Liability hereunder shall in no event exceed that which would be imposed by law in the absence of contract.

**Protective clauses required in contract of affreightment**

(bb) Liability hereunder shall be limited to such as would exist if the Charter Party, Bill of Lading or Contract of Affreightment contained the following clause (in substitution for the clause commonly known as the Jason Clause):

"In the event of accident, danger, damage or disaster before or after commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequences of which, the shipowner is not responsible, by statute or contract or otherwise, the shippers, consignees or owners of the cargo shall contribute with the shipowner in general average to the payment of any sacrifices, losses or expenses of a general average nature that may be made or incurred, and shall pay salvage and special charges incurred in respect of the cargo."

When cargo is carried by the vessel named herein under a bill of lading or similar document of title subject or made subject to the Carriage of Goods by Sea Act, April 16, 1936, liability hereunder shall be limited to such as is imposed by said Act, and if the Assured or the vessel named herein assumes any greater liability or obligation than the minimum liabilities and obligations imposed by said Act, such greater liability or obligation shall not be covered hereunder.

When cargo is carried by the vessel named herein under a charter party, bill of lading or contract of affreightment not subject or made subject to the Carriage of Goods by Sea Act, April 16, 1936, liability hereunder shall be limited to such as would exist if said charter party, bill of lading, or contract of affreightment contained the following clauses: a clause limiting the Assured's liability for total loss or damage to goods shipped to Two Hundred and Fifty ($250) Dollars per package, or in case of goods not shipped in packages, per customary freight unit, and providing for pro rata adjustment on such basis for partial loss or damage; a clause exempting the Assured and the vessel named herein from liability for losses arising from unseaworthiness, even though existing at the beginning of the voyage, provided that due diligence shall have been exercised to make the vessel seaworthy and properly manned, equipped, and supplied; a clause providing that the carrier shall not be liable for claims in respect of cargo unless notice of claim is given within the time limited in such Bill of Lading and suit is brought thereon within the limited time prescribed therein; and such other protective clauses as are commonly in use in the particular trade; provided the incorporation of such clauses is not contrary to law.

The foregoing provisions as to the contents of the Bill of Lading and the limitation of the Assurer's liability may, however, be waived or altered by the Assurers on terms agreed, in writing.

**Assured's own cargo**

(cc) Where cargo on board the vessel named herein is the property of the Assured, such cargo shall be deemed to be carried under a contract containing the protective clauses described in the preceding paragraph, and such cargo shall be deemed to be fully insured under the usual form of cargo policy, and in case of loss thereof or damage thereto the Assured shall be insured hereunder in respect of such loss or damage only to the extent that they would have been covered if said cargo had belonged to another, but only in the event and to the extent that the loss or damage would not be recoverable under a cargo policy as hereinbefore specified.

**Cotton Bills of Lading**

(dd) The Assured's liability for claims under Custody Cotton Bills of Lading issued under the conditions laid down by the Liverpool Bill of Lading Conference Committee, is covered subject to previous notice of contract and payment of an extra premium of two (2¢) cents per ton gross register per voyage, but such additional premium shall be waived provided every bale is re-marked at port of shipment on another portion of the bale.

**Land transportation not included**

(ee) No liability shall exist hereunder for any loss, damage or expense in respect of cargo or other property being transported on land or on another vessel.

No liability shall exist hereunder for any loss, damage or expense in respect of cargo before loading on or after discharge from the vessel named herein caused by flood, tide, windstorm, earthquake, fire, explosion, heat, cold, deterioration, collapse of wharf, leaky shed, theft or pilferage unless such loss, damage or expense is caused directly by the vessel named herein, her master, officers or crew.

**Customs, immigration or other fines or penalties**

(9) Liability for fines and penalties, including expenses necessarily and reasonably incurred in avoiding or mitigating same, for the violation of any of the laws of the United States, or of any State thereof, or of any foreign country; provided, however, that the Assurer shall not be liable to indemnify the Assured against any such fines or penalties resulting directly or indirectly from the failure, neglect, or default of the Assured or his managing officers or managing agents to exercise the highest degree of diligence to prevent a violation of any such laws.

**Mutiny or other misconduct**

(10) Expenses incurred in resisting any unfounded claim by the master or crew or other persons employed on the vessel named herein, or in prosecuting such persons in case of mutiny or other misconduct.

**Extraordinary expenses in case of quarantine, etc.**

(11) Liability for extraordinary expenses resulting from outbreak of plague or other contagious disease, including such expenses incurred for disinfection of the vessel named herein or persons on board, or for quarantine, but excluding the ordinary expenses of loading and/or discharging, and the wages and provisions of crew and passengers; each claim under this provision is subject to a deduction of Two Hundred ($200) Dollars. It is provided further, however, that if the vessel named herein be ordered to proceed to a port when it is or should be known that calling there will subject the vessel to the extraordinary expenses above mentioned, or to quarantine or disinfection there or elsewhere, the Assurer shall be under no obligation to indemnify the Assured for any such expenses.

**Deviation for purpose of landing injured**

(12) Net loss due to deviation incurred solely for the purpose of landing an injured or sick seaman in respect of port charges incurred, insurance, bunkers, stores, and provisions consumed as a result of the deviation.

BSA-PLAN_00486984

SA 3108

For any loss, damage, expense, or claim arising out of or having relation to the towage of any other vessel or craft, whether under agreement or not, unless such towage was to assist such other vessel or craft in distress to a port or place of safety, provided, however, that this clause shall not apply to claims under this policy for loss of life or personal injury to passengers and/or members of the crew of the vessel named herein arising as a result of towing.

For any claim for loss of life or personal injury in relation to the handling of cargo where such claim arises under a contract of indemnity between the Assured and his sub-contractor.

It is expressly understood and agreed if and when the Assured under this policy has any interest other than as a shipowner in the vessel or vessels named herein, in no event shall the Assurer be liable hereunder to any greater extent than if such Assured were the owner and were entitled to all the rights of limitation to which a shipowner is entitled.

Unless otherwise agreed by endorsement to this policy, liability hereunder shall in no event exceed that which would be imposed on the Assured by law in the absence of contract.

Liability hereunder in respect of any one accident or occurrence is limited to the amount hereby insured.

Attached to and forming part of Policy No.                    of

**PROTECTION AND INDEMNITY**          Endorsement #10                    SP-23 (Revised 1/56)

Amount Insured $....1,000,000.. each occurrence          No.P.I.

Premium $........1,000,000.. aggregate

Rate ................Incl.

Boy Scouts of America

1325 Walnut Hill Lane, Irving, Texas _____ hereinafter called the Assured;

**Loss, if any, payable to** ___Claimants_____

_____ or order

**In the sum of** ___One Million_____ Dollars

at and from the ____1st____ day of ___March_____, 19 90 at 12:01 a.m., Dallas, Texas ____ time

until the ____1st____ day of ___March_____, 19 91 at 12:01 a.m., Dallas, Texas ____ time

against the liabilities of the Assured as hereinafter described, and subject to the terms and conditions hereinafter set forth,

in respect of the vessel called the ___All Vessels Owned by the Insured___ (Tonnage _____) or by whatsoever other names the said vessel is or shall be named or called.

In consideration of the Stipulations Herein Named and of ___Included_____

_____ Dollars, being Premium at the rate of ___Included_____

The Assurer hereby undertakes to make good to the Assured or the Assured's executors, administrators and/or successors, all such loss and/or damage and/or expense as the Assured shall as owners of the vessel named herein have become liable to pay and shall pay on account of the liabilities, risks, events and/or happenings herein set forth:

**Loss of Life, injury and illness**
(1) Liability for loss of life of, or personal injury to, or illness of, any person, excluding, however, unless otherwise agreed by endorsement hereon, liability under any Compensation Act to any employee of the Assured, (other than a seaman) or in case of death to his beneficiaries or others.

Protection hereunder for loss of life or personal injury arising in connection with the handling of cargo of the vessel named herein shall commence from the time of receipt by the Assured of the cargo on dock or wharf or on craft alongside the said vessel for loading thereon and shall continue until delivery thereof from dock or wharf or discharge or until discharge from the said vessel on to another vessel or craft.

**Hospital, medical, or other expenses**
(2) Liability for hospital, medical, or other expenses necessarily and reasonably incurred in respect of loss of life of, personal injury to, or illness of any member of the crew of the vessel named herein or any other person. Liability hereunder shall also include burial expenses not exceeding Two Hundred ($200) Dollars, when necessarily and reasonably incurred by the Assured for the burial of any seaman of said vessel.

**Repatriation expenses**
(3) Liability for repatriation expenses of any member of the crew of the vessel named herein, necessarily and reasonably incurred, under statutory obligation, excepting such expenses as arise out of or ensue from the termination of any agreement in accordance with the terms thereof, or by mutual consent, or by sale of the said vessel, or by other act of the Assured. Wages shall be included in such expenses when payable under statutory obligation, during unemployment due to the wreck or loss of the said vessel.

**Damage to other vessel or property on board caused by collision**
(4) Liability for loss of, or damage to, any other vessel or craft, or to the freight thereof, or property on such other vessel or craft, caused by collision with the vessel named herein, insofar as such liability would not be covered by full insurance under the ..............................................................................

**Principle of cross-liabilities to prevail**
................................................................(including the four-fourths running-down clause).
(a) Claims under this clause shall be settled on the principle of cross-liabilities to the same extent only as provided in the running-down clause above mentioned.
(b) Claims under this clause shall be divided among the several classes of claims enumerated in this policy and each class shall be subject to the deduction and special conditions applicable in respect of such class.
(c) Notwithstanding the foregoing, if any one or more of the various liabilities arising from such collision has been compromised, settled or adjusted without the written consent of the Assurer, the Assurer shall be relieved of liability for any and all claims under this clause.

**Damage to other vessel or property on board not caused by collision**
(5) Liability for loss of or damage to any other vessel or craft, or to property on such other vessel or craft, not caused by collision, provided such liability does not arise by reason of a contract made by the assured.
Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Assured, the Assurer shall be liable as if such damaged property belonged to another, but only for the excess over any amount recoverable under any other insurance applicable on the property.

**Damage to docks, piers, etc.**
(6) Liability for damage to any dock, pier, harbor, bridge, jetty, buoy, lighthouse, breakwater, structure, beacon, cable, or to any fixed or movable object or property whatsoever, except another vessel or craft, or property on another vessel or craft.
Where there would be a valid claim hereunder but for the fact that the damaged property belongs to the Assured, the Assurer shall be liable as if such damaged property belonged to another, but only for the excess over any amount recoverable under any other insurance applicable on the property.

**Removal of wreck**
(7) Liability for cost or expense of, or incidental to, the removal of the wreck of the vessel named herein when such removal is compulsory by law, provided, however, that:
(a) There shall be deducted from such claim for cost or expenses, the value of any salvage from or which might have been recovered from the wreck, inuring, or which might have inured, to the benefit of the Assured.
(b) The Assurer shall not be liable for such costs or expenses which would be covered by full insurance under the ..............................................................................
or claims arising out of hostilities or war-like operations, whether before or after declaration of war.

**Cargo**

(8) Liability for loss of, or damage to, or in connection with cargo or other property, excluding mail and parcel post, including baggage and personal effects of passengers, to be carried, carried, or which has been carried on board the vessel named herein:

Provided, however, that no liability shall exist under this provision for:

**Specie, bullion, precious stones, etc.**

(a) Loss, damage or expense arising out of or in connection with the custody, care, carriage or delivery of specie, bullion, precious stones, precious metals, jewelry, silks, furs, bank notes, bonds or other negotiable documents or similar valuable property, unless specially agreed to and accepted for transportation under a form of contract approved, in writing, by the Assurer.

**Refrigeration**

(b) Loss of, or damage to, or in connection with cargo requiring refrigeration unless the space, apparatus and means used for the care, custody, and carriage thereof have been surveyed by a classification surveyor or other competent disinterested surveyor under working conditions before the commencement of each voyage and found in all respects fit, and unless accepted for transportation under a form of contract approved, in writing, by the Assurer.

**Passengers' effects**

(c) Loss, damage, or expense in connection with any passenger's baggage or personal effects, unless the form of ticket issued to the passenger shall have been approved, in writing, by the Assurer.

**Stowage in improper places**

(d) Loss, damage, or expense arising from stowage of underdeck cargo on deck or stowage of cargo in spaces not suitable for its carriage, unless the Assured shall show that every reasonable precaution has been taken by him to prevent such improper stowage.

**Deviation**

(e) Loss, damage, or expense arising from any deviation, or proposed deviation, not authorized by the contract of affreightment, known to the Assured in time to insure specifically the liability therefor, unless notice thereof is given to the Assurer and the Assurer agrees, in writing, that such insurance is unnecessary.

**Freight on cargo short delivered**

(f) Freight on cargo short delivered, whether or not prepaid or whether or not included in the claim and paid by the Assured.

**Misdescription of Goods**

(g) Loss, damage, or expense arising out of or as a result of the issuance of Bills of Lading which, to the knowledge of the Assured, improperly describe the goods or their containers as to condition or quantity.

**Failure to surrender Bill of Lading**

(h) Loss, damage, or expense arising out of delivery of cargo without surrender of Bill of Lading.

And provided further that

**Protective clauses required in contract of affreightment**

(aa) Liability hereunder shall in no event exceed that which would be imposed by law in the absence of contract.

(bb) Liability hereunder shall be limited to such as would exist if the Charter Party, Bill of Lading or Contract of Affreightment contained the following clause (in substitution for the clause commonly known as the Jason Clause) :

"In the event of accident, danger, damage or disaster before or after commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequences of which, the shipowner is not responsible, by statute or contract or otherwise, the shippers, consignees or owners of the cargo shall contribute with the shipowner in general average to the payment of any sacrifices, losses or expenses of a general average nature that may be made or incurred, and shall pay salvage and special charges incurred in respect of the cargo."

When cargo is carried by the vessel named herein under a bill of lading or similar document of title subject or made subject to the Carriage of Goods by Sea Act, April 16, 1936, liability hereunder shall be limited to such as is imposed by said Act, and if the Assured or the vessel named herein assumes any greater liability or obligation than the minimum liabilities and obligations imposed by said Act, such greater liability or obligation shall not be covered hereunder.

**Limit per package**

When cargo is carried by the vessel named herein under a charter party, bill of lading or contract of affreightment not subject or made subject to the Carriage of Goods by Sea Act, April 16, 1936, liability hereunder shall be limited to such as would exist if said charter party, bill of lading, or contract of affreightment contained the following clauses: a clause limiting the Assured's liability for total loss or damage to goods shipped to Two Hundred and Fifty ($250) Dollars per package, or in case of goods not shipped in packages, per customary freight unit, and providing for pro rata adjustment on such basis for partial loss or damage; a clause exempting the Assured and the vessel named herein from liability for losses arising from unseaworthiness, even though existing at the beginning of the voyage, provided that due diligence shall have been exercised to make the vessel seaworthy and properly manned, equipped, and supplied; a clause providing that the carrier shall not be liable for claims in respect of cargo unless notice of claim is given within the time limited in such Bill of Lading and suit is brought thereon within the limited time prescribed therein; and such other protective clauses as are commonly in use in the particular trade; provided the incorporation of such clauses is not contrary to law.

The foregoing provisions as to the contents of the Bill of Lading and the limitation of the Assurer's liability may, however, be waived or altered by the Assurers on terms agreed, in writing.

**Assured's own cargo**

(cc) Where cargo on board the vessel named herein is the property of the Assured, such cargo shall be deemed to be carried under a contract containing the protective clauses described in the preceding paragraph, and such cargo shall be deemed to be fully insured under the usual form of cargo policy, and in case of loss thereof or damage thereto the Assured shall be insured hereunder in respect of such loss or damage only to the extent that they would have been covered if said cargo had belonged to another, but only in the event and to the extent that the loss or damage would not be recoverable under a cargo policy as hereinbefore specified.

**Cotton Bills of Lading**

(dd) The Assured's liability for claims under Custody Cotton Bills of Lading issued under the conditions laid down by the Liverpool Bill of Lading Conference Committee, is covered subject to previous notice of contract and payment of an extra premium of two (2¢) cents per ton gross register per voyage, but such additional premium shall be waived provided every bale is re-marked as part of shipment on another portion of the bale.

**Land transportation not included**

(ee) No liability shall exist hereunder for any loss, damage or expense in respect of cargo or other property being transported on land or on another vessel.

No liability shall exist hereunder for any loss, damage or expense in respect of cargo before loading on or after discharge from the vessel named herein caused by flood, tide, windstorm, earthquake, fire, explosion, heat, cold, deterioration, collapse of wharf, leaky shed, theft or pilferage unless such loss, damage or expense is caused directly by the vessel named herein, her master, officers or crew.

**Customs, immigration or other fines or penalties**

(9) Liability for fines and penalties, including expenses necessarily and reasonably incurred in avoiding or mitigating same, for the violation of any of the laws of the United States, or of any State thereof, or of any foreign country; provided, however, that the Assurer shall not be liable to indemnify the Assured against any such fines or penalties resulting directly or indirectly from the failure, neglect, or default of the Assured or his managing officers or managing agents to exercise the highest degree of diligence to prevent a violation of any such laws.

**Mutiny or other misconduct**

(10) Expenses incurred in resisting any unfounded claim by the master or crew or other persons employed on the vessel named herein, or in prosecuting such persons in case of mutiny or other misconduct.

**Extraordinary expenses in case of quarantine, etc.**

(11) Liability for extraordinary expenses resulting from outbreak of plague or other contagious disease, including such expenses incurred for disinfection of the vessel named herein or persons on board, or for quarantine, but excluding the ordinary expenses of loading and/or discharging, and the wages and provisions of crew and passengers; each claim under this provision is subject to a deduction of Two Hundred ($200) Dollars. It is provided further, however, that if the vessel named herein be ordered to proceed to a port when it is or should be known that calling there will subject the vessel to the extraordinary expenses above mentioned, or to quarantine or disinfection there or elsewhere, the Assurer shall be under no obligation to indemnify the Assured for any such expenses.

**Deviation for purpose of landing injured seaman**

(12) Net loss due to deviation incurred solely for the purpose of landing an injured or sick seaman in respect of port charges incurred, insurance, bunkers, stores, and provisions consumed as a result of the deviation.

BSA-PLAN_00486987

SA 3111

tion of general average

cannot recover same from any other source; subject however, to the exclusions of Section (6) and provided, that if the Charter Party, Bill of Lading, or Contract of Affreightment does not contain the quoted clause under Section 8 (bb) the Assurer's liability hereunder shall be limited to such as would exist if such clause were contained therein.

Costs and charges

(14)  Costs, charges, and expense.   reasonably incurred and paid by the Assured in c . . se against any liabilities insured against hereunder in respect of the vessel named herein, subject to the agreed deductibles applicable, and subject further to the conditions and limitations hereinafter provided.

## GENERAL CONDITIONS AND/OR LIMITATIONS

Prompt notice of claim

Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Assurer is or may become liable, the Assured will use due diligence to give prompt notice thereof and forward to the Assurer as soon as practicable after receipt thereof, all communications, processes, pleadings and other legal papers or documents relating to such occurrences.

Settlement of claims

The Assured shall not make any admission of liability, either before or after any occurrence which may result in a claim for which the Assurer may be liable. The Assured shall not interfere in any negotiations of the Assurer, for settlement of any legal proceedings in respect of any occurrences for which the Assurer is liable under this policy; provided, however, that in respect of any occurrence likely to give rise to a claim under this policy, the Assured are obligated to and shall take steps to protect their (and/or the Assurer's) interests as would reasonably be taken in the absence of this or similar insurance. If the Assured shall fail or refuse to settle any claim as authorized by Assurer, the liability of the Assurer to the Assured shall be limited to the amount for which settlement could have been made.

Assured to assist with evidence in defense, etc.

Whenever required by the Assurer the Assured shall aid in securing information and evidence and in obtaining witnesses and shall cooperate with the Assurer in the defense of any claim or suit or in the appeal from any judgment, in respect of any occurrence as hereinbefore provided.

Law costs

The Assurer shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with the written consent of the Assurer, or the Assurer shall be satisfied that such approval could not have been obtained under the circumstances without unreasonable delay, or that such costs and charges were reasonably and properly incurred, such cost or expense being subject to the deductible. The cost and expense of prosecuting any claim in which the Assurer shall have an interest by subrogation or otherwise, shall be divided between the Assured and the Assurer, proportionately to the amounts which they would be entitled to receive respectively, if the suit should be successful.

The Assurer  shall be liable for the excess where the amount deductible under this policy is exceeded by (A) the cost of investigating and/or successfully defending any claim or suit against the Assured based on a liability or an alleged liability of the Assured covered by this insurance, or (B) the amount paid by the Assured either under a judgment or an agreed settlement based on the liability covered herein including all costs, expenses of defense and taxable disbursements.

ucrogation

The Assurer shall be subrogated to all the rights which the Assured may have against any other person or entity, in respect of any payment made under this policy, to the extent of such payment, and the Assured shall, upon the request of the Assurer, execute all documents necessary to secure to the Assurer such rights.

The Assurer shall be entitled to take credit for any profit accruing to the Assured by reason of any negligence or wrongful act of the Assured's servants or agents, up to the measure of their loss, or to recover for their own account from third parties any damage that may be provable by reason of such negligence or wrongful act.

over lsewhere

Provided that where the Assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by the Assurer, under this policy, there shall be no contribution by the Assurer on the basis of double insurance or otherwise.

Assignments

No claim or demand against the Assurer under this policy shall be assigned or transferred, and no person, excepting a legally appointed receiver of the property of the Assured, shall acquire any right against the Assurer by virtue of this insurance without the expressed consent of the Assurer.

Actions against assurers

No action shall lie against the Assurer for the recovery of any loss sustained by the Assured unless such action is brought against the Assurer within one year after the final judgment or decree is entered in the litigation against the Assured, or in case the claim against the Assurer accrues without the entry of such final judgment or decree, unless such action is brought within one year from the date of the payment of such claim.

Time limitation

The Assurer shall not be liable for any claim not presented to the Assurer with proper proofs of loss within six (6) months after payment thereof by the Assured.

Lay-up returns

At the expiration of this policy, the Assurer is to return.................for each thirty (30) consecutive days during the term of this insurance the vessel may be laid up in a safe port; or ....................for each thirty (30) consecutive days during the term of this insurance the vessel may be laid up in a safe port without loading and/or discharging and without crew or cargo on board, provided the Assured give written notice to the Assurer as soon as practicable after the commencement and the termination of such lay-up period.

## Cancellation provisions:

(a)  If the vessel named herein should be sold or requisitioned and this policy be cancelled and surrendered, the Assurer to return....................for each thirty (30) consecutive days of the unexpired term of this insurance.

(b)  In the event of non-payment of premium within sixty (60) days after attachment, this policy may be cancelled by the Assurer upon five (5) days' written notice being given the Assured.

(c)  In the event that Sections 182 to 189, both inclusive, of U. S. Code, Title 46, or any other existing law or laws determining or limiting liability of shipowners and carriers, or any of them, shall, while this policy is in force, be modified, amended or repealed, or the liabilities of shipowners or carriers be increased in any respect by legislative enactment, the Assurer shall have the right to cancel said insurance upon giving thirty (30) days' written notice of their intention so to do, and in the event of such cancellation, make return of premium upon a pro rata daily basis.

## Notwithstanding anything to the contrary contained in this policy, no liability attaches to the Assurer:

For any loss, damage, or expense which would be payable under the terms of the ...................................... ..................................form of policy on hull and machinery, etc., if the vessel were fully covered by such insurance sufficient in amount to pay such loss, damage, or expense.

For any loss, damage or expense sustained by reason of capture, seizure, arrest, restraint or detainment, or the consequence thereof or of any attempt thereat; or sustained in consequence of military, naval or air action by force of arms, including mines and torpedoes or other missiles or engines of war, whether of enemy or friendly origin; or sustained in consequence of placing the vessel in jeopardy as an act or measure of war taken in the actual process of a military engagement, including embarking or disembarking troops or material of war in the immediate zone of such engagement; and any such loss, damage and expense shall be excluded from this policy without regard to whether the Assured's liability therefor is based on negligence or otherwise, and whether before or after a declaration of war.

For any loss, damage, or expense arising from the cancellation or breach of any charter, bad debts, fraud of agents, insolvency, loss of freight hire or demurrage, or as a result of the breach of any undertaking to load any cargo, or in respect of the vessel named herein engaging in any unlawful trade or performing any unlawful act, with the knowledge of the Assured.

BSA-PLAN_00486988

SA 3112

For any loss, damage, expense, or claim arising out of or having relation to the towage of any other vessel or craft, whether under agreement or not, unless such towage was to assist such other vessel or craft in distress to a port or place of safety, provided, however, that this clause shall not apply to claims under this policy for loss of life or personal injury to passengers and/or members of the crew of the vessel named herein arising as a result of towing.

For any claim for loss of life or personal injury in relation to the handling of cargo where such claim arises under a contract of indemnity between the Assured and his sub-contractor.

It is expressly understood and agreed if and when the Assured under this policy has any interest other than as a shipowner in the vessel or vessels named herein, in no event shall the Assurer be liable hereunder to any greater extent than if such Assured were the owner and were entitled to all the rights of limitation to which a shipowner is entitled.

Unless otherwise agreed by endorsement to this policy, liability hereunder shall in no event exceed that which would be imposed on the Assured by law in the absence of contract.

Liability hereunder in respect of any one accident or occurrence is limited to the amount hereby insured.

Attached to and forming part of Policy No.                of

Subject to Protective Order – Highly Confidential

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| | | | 11 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HDO | G1 075409-4 | | |

| Issued By (Name of Insurance Company) |
|---|
| |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## AMENDMENT TO PROTECTION & INDEMNITY FORM SP-23

It is agreed that all wording in Coverage Part Protection & Indemnity Form SP-23 stating that Assurer will "indemnify" or "make good to" the Assured is amended to read "pay on behalf of".

fk 3/15/90

_____
Authorized Agent

CC-1E15 Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486990

**SA 3114**

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| | | | 12 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HDO | Gl 075409-4 | | |

| Issued By (Name of Insurance Company) |
|---|
| |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### ASBESTOS EXCLUSION

In consideration of the premium charged, this policy does not apply to any loss, demand, claim or suit arising out of or related in any way to asbestos or asbestos-containing materials.

The Company shall have no duty of any kind with respect to any such loss, demand, claim or suit.

This endorsement applies to all coverages under this policy.

fk 3-15-90

Authorized Agent

CC-1E15  Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486991

**SA 3115**

| Named Insured | | | Endorsement Number 13 |
|---|---|---|---|
| Policy Symbol HDO | Policy Number Gl 075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## CONTAMINATION OR POLLUTION EXCLUSION - ABSOLUTE

This Policy does not apply:

to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water.

This insurance also does not apply to any cost or expense arising out of any demand or request that an Insured test for, assess, monitor, clean up, remove, contain, treat, detoxify, or neutralize any pollutants. This includes demands, directives, complaints, suits, or requests brought by any governmental entity or by any person or group of persons.

INA shall not have the duty to defend any claim or suit seeking to impose such costs, expenses, liability for such damages or any other relief.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including, but not limited to smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste, including materials to be recycled, reconditioned, or reclaimed.

fk 03-15-90

_Authorized Agent_

CC-1E15  Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486992
SA 3116

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| | | | 14 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HDO | Gl 075409-4 | | |

Issued By (Name of Insurance Company)

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## CONTRACTUAL LIABILITY ENDORSEMENT

In consideration for an additional deposit of $ NA, the insuring agreements of the policy to which this Contractual Liability Endorsement is attached are hereby extended to cover the liability for bodily injuries, including resulting death and damage to property, which liability the insured has assumed by virtue of the following wording contained in an agreement entered into between the Insured and Burlington Northern Railroad Company, numbered 221.296 and dated April 1st, 1976.

Permittee shall and hereby does release and discharge Railroad of and from any and all liability for damage to or destruction of the said facility, or any property of Permittee thereon; and shall and hereby does assume any and all liability for injury to or death of persons, or loss of or damage to property in any manner arising from or during the construction, use, maintenance, repair or removal of said facility, however such injury, death, loss, damage or destruction aforesaid may occur or be caused; and shall and hereby does indemnify and save harmless Railroad of and from any and all claims, demands, suits, actions, damages, recoveries, judgments, costs or expenses arising or growing out of or in connection with any such injury, death, loss, damage or destruction aforesaid. Permittee further agrees to appear and defend in the name of Railroad any suits or actions at law brought against it on account of any such personal injuries, death or damage to property, and to pay and satisfy any final judgment that may be rendered against the Railroad in any such suit or action. The liability assumed by Permittee herein shall not be affected or diminished by the fact, if it be a fact, that any such suit or action brought against Railroad may arise out of negligence of Railroad, its officers, agents, or employees, or be contributed to by such negligence.

This endorsement is issued subject to all agreements, exclusions, conditions, declarations and other terms contained in the policy, except as modified by this endorsement.

Ten days written notice shall be given to Burlington Northern Railroad Company, addressed to the Division Superintendent, 1670 South Henderson Street, Galesburg, Illinois 61401, of any cancellation of Policy No. HDO Gl 075409-4 if cancelled at any time prior to the expiration date of the stated policy period.

This endorsement forms a part of Policy No. HDO Gl 075409-4 issued to the Boy Scouts of America, National and all Local Councils by the Insurance Company of North America and is effective 12:01 a.m. March 1st, 1990 until 12:01 a.m. March 1st, 1991, Standard Time.

_____
President

Countersigned

_____
Authorized Agent

fk 3-15-90

CC-IE15  Ptd. in U.S.A.

ORIGINAL



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective   3/1/90        Policy No.  HDO G1 075409-4        Endorsement No.   15

Named Insured    Boy Scouts of America, National and Local Councils

Additional Premium $ ____NIL____                    Countersigned by _____
                                                              (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
### OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE
### SMP LIABILITY INSURANCE
### STOREKEEPERS INSURANCE

---

### ADDITIONAL INSURED
**(Premises Leased to the Named Insured)**

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Premises at Terminal 107 at Port of Seattle Leased by Chief Seattle Council | Port of Seattle P.O. Box 1209 Seattle, WA 98111 Attn: Marine Terminals | Incl | Incl |

**GL 20 11 07 66**

Subject to Protective Order – Highly Confidential



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
(The following information is required only when this endorsement is issued subsequent to preparation of policy.)

Endorsement effective   3-1-90          Policy No.  HDO G1 075409-4          Endorsement No.  16

Named Insured   Boy Scouts of America, National and Local Councils

Additional Premium $ ___NIL___          Countersigned by _____
                                                                                    (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

### ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1.   to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2.   to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Premises of Huntington Beach Union High School District for all scouting activities | Huntington Beach Union High School District 10251 Yorktown Huntington Beach, CA 92646 | Incl | Incl |

**GL 20 11 07 66**

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486995

**SA 3119**

| Named Insured | | | Endorsement Number 17 | |
|---|---|---|---|---|
| Policy Symbol HDO | Policy Number Gl 075409-4 | Policy Period | Effective Date of Endorsement | |
| Issued By (Name of Insurance Company) | | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### ADDITIONAL INSURED

The U.S. Forest Service, USDA is included as an Additional Insured as respects all scouting activities in all National Forests.

fk 3/15/90

_Authorized Agent_

CC-1E15  Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486996

**SA 3120**

| Named Insured | | | Endorsement Number 18 |
|---|---|---|---|
| Policy Symbol HDO | Policy Number G1 075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### ADDITIONAL INSURED

The United States of America (Department of the Navy is added as an Additional Insured in operations of the policyholder at or from the premises licensed from the United States.

This insurance shall not be cancelled, limited in scope of coverage, or non-renewed until after 30 days written notice has been given to the Local Government Representative listed on the license.

Loss, if any, under this policy shall be adjusted with the policyholder and the proceeds, at the election of the Government, shall be payable to the policyholder. Any proceeds not paid to the policyholder shall be payable to the Treasurer of the United States of America.

The insurer waives rights of subrogation against the Government which might arise by reason of any payment made under this policy.

This applies in respect to the Marine Corps Base Camp Pendleton - 112 acres within the 28 area of the Marine Corps Base Camp Pendleton for Boy Scouts of America, San Diego County Council only.

fk 03/15/90

_Authorized Agent_

CC-1E15 Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486997

SA 3121



**GL 20 16**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective   March 1, 1990   Policy No. HDO G1 075409-4   Endorsement No.  19

Named Insured   Boy Scouts of America, National and Local Councils

Additional Premium $ _____   Countersigned by _____
(Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**

---

**ADDITIONAL INSURED**
**(Vendors—Limited Form)**

It is agreed that the "Persons Insured" provision is amended to include any person or organization designated below (herein referred to as "vendor"), as an **insured**, but only with respect to the distribution or sale in the regular course of the vendor's business of the **named insured's products** designated below subject to the following additional provisions:

1.  The insurance with respect to the vendor does not apply to:

    (a)  any express warranty, or any distribution or sale for a purpose, unauthorized by the **named insured;**

    (b)  **bodily injury** or **property damage** arising out of

       (i)  any act of the vendor which changes the condition of the products,

       (ii)  any failure to maintain the product in merchantable condition,

       (iii)  any failure to make such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products, or

       (iv)  products which after distribution or sale by the **named insured** have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor;

    (c)  **bodily injury** or **property damage** occurring within the vendor's premises.

2.  The insurance does not apply to any person or organization, as **insured**, from whom the **named insured** has acquired such products or any ingredient, part or container, entering into, accompanying or containing such products.

| Name of Vendor(s) | Description of Product(s) |
|---|---|
| Sears, Roebuck and Company | Product sold by Sears, Roebuck and Company |

**GL 20 16 07 66**

Subject to Protective Order – Highly Confidential

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| | | | 20 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HDO | Gl 075409-4 | | |

| Issued By (Name of Insurance Company) |
|---|
| |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### ADDITIONAL INSURED ENDORSEMENT

The City of Huntington Beach and its City council, and/or all City Council appointed groups, committees, commissions, boards, and any other City Council appointed body, and/or elective and appointive officers, servants or employees of the city of Huntington Beach when acting as such are additional Insureds hereunder, but only as respects the activities of the Boy Scouts of America.

This Insurance is Primary, and not excess or contributing to any other Insurance of the City of Huntington Beach.

fk 03/15/90

_____
Authorized Agent

CC-1E15 Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00486999

SA 3123

| Named Insured | | | Endorsement Number 21 |
|---|---|---|---|
| Policy Symbol HDO | Policy Number Gl 075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## POLICY ENDORSEMENT

Effective on and after <u>March 1st, 1990 12:01 a.m.</u> Standard Time this endorsement forms part of Policy No. <u>HDO Gl 075409-4</u>

Expiration Date <u>March 1st, 1991</u>

Issued to <u>Boy Scouts of America, National and Local Councils</u>

By <u>Insurance Company of North America</u> Company

It is agreed that this policy is hereby amended as follows:

(1) "County of Sonoma and Sonoma County Water Agency are named as additional insured for all liability arising out of the activities conducted by, on behalf of, or by persons taking part in this activity being sponsored by the Named Insured, and this policy protects the additional insured, its officers, agents, and employees against liability for bodily injuries, deaths, or property damage or destruction arising in any respect, directly or indirectly, from the activities which are the subject of this Use Permit/License Agreement/Contract Agreement.

(2) The insurance provided herein is primary and no insurance held or owned by the County of Sonoma shall be called upon to contribute to a loss.

(3) Coverage provided by this policy shall not be reduced or cancelled without thirty (30) days written notice given to the County of Sonoma by certified mail.

(4) The inclusion of more than one insured shall not operate to impair the rights of one insured against another insured, and the coverages afforded shall apply as though separate policies had been issued to each insured."

Not valid until countersigned by an authorized agent of the Company.

fk 03/15/90

Authorized Agent

CC-1E15 Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487000

SA 3124

| Named Insured | | | Endorsement Number 22 |
|---|---|---|---|
| Policy Symbol HDO | Policy Number Gl 075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) Insurance Company of North America | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

Effective on and after March 1, 19 90 12:01 a.m. Standard Time, this endorsement forms part of policy No. HDO Gl 075409-4, Expiration Date 3/1/91, Issued to County of Sonoma, Its Officers, Agents and Employees, Sonoma County Regional Parks, By Insurance Company of North America Company

It is agreed that this policy is hereby amended as follows:

(1) "County of Sonoma is named as additional insured for all liability arising out of the activities conducted by, on behalf of, or by persons taking part in this activity being sponsored by the Named Insured, and this policy protects the additional insured, its officers, agents, and employees against liability for bodily injuries, deaths, or property damage or destruction arising in any respect, directly or indirectly, from the activities which are the subject of this Use Permit/License Agreement/Contract Agreement.

(2) The insurance provided herein is primary and no insurance held or owned by the County of Sonoma shall be called upon to contribute to a loss.

(3) Coverage provided by this policy shall not be reduced or cancelled without thirty (30) days written notice given to Permit Coordinator, County of Sonoma, Regional Parks Department, 2403 Professional Drive, Suite 100, Santa Rosa, CA 95403, by certified mail.

(4) The inclusion of more than one insured shall not operate to impair the rights of one insured against another insured, and the coverages afforded shall apply as though separate policies had been issued to each insured."

Not valid until countersigned by an authorized agent of the Company.

fk 03/15/90

Authorized Agent

CC-1E15 Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487001

SA 3125



GL 20 11
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective  3/1/90          Policy No.   HDO G1 075409-4          Endorsement No.   23

Named Insured

Additional Premium $ ___          Countersigned by _____
                                                    (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

## ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums | |
|---|---|---|---|
| | | Bodily Injury Liability | Property Damage Liability |
| Amityville Union Free School District Buildings/Premises | Amityville Union Free School District Park Avenue and Ireland Place Amityville, NY  11701 | | |

GL 20 11 07 66

BSA-PLAN_00487002

SA 3126

| Named Insured | | | Endorsement Number 24 |
| --- | --- | --- | --- |
| Policy Symbol HDO | Policy Number Gl 075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### CANCELLATION PROVISION

It is agreed, that in the event of cancellation of this policy, INA will mail 30 (thirty) days advance notice thereof, to:

Amityville Union Free School District
Park Avenue and Ireland Place
Amityville, New York, 11701

Except in the event of Non-Payment of premium, in which case 10 (ten) days notice will be given.

fk 3/15/90

Authorized Agent

CC-1E15 Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487003

SA 3127



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective _____ Policy No. HDO G1 075409-4 _____ Endorsement No. 25

Named Insured  Boy Scouts of America, National Council and Local Council Named Herein

Additional Premium $ _____ NIL _____    Countersigned by _____
(Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

**ADDITIONAL INSURED**
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

**SCHEDULE**

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Premises of Alta-Dutch Flat Union School District used by Boy Scout Troop #259 | Alta-Dutch Flat Union School District P. O. Box 958 Alta, CA 95701 | ---- | ---- |

**GL 20 11 07 66**

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487004
**SA 3128**



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
(The following information is required only when this endorsement is issued subsequent to preparation of policy.)

Endorsement effective                    Policy No. HDO G1 075409-4              Endorsement No.   26

Named Insured   Boy Scouts of America, etal

Additional Premium $ ___NIL___                                    Countersigned by _____
                                                                      (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

### ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1.  to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

|  |  | Annual Premiums | |
| --- | --- | --- | --- |
| **Designation of Premises**<br>(Part Leased to Named Insured) | **Name of Person or Organization**<br>(Additional Insured) | Bodily<br>Injury<br>Liability | Property<br>Damage<br>Liability |
| Premises of Pleasant Valley School District used by Boy Scout of America, National and Local Councils. | Pleasant Valley School District<br>14685 Pleasant Valley Rd.<br>Penn Valley, CA  95946 | ---- | ---- |

**GL 20 11 07 66**

BSA-PLAN_00487005
**SA 3129**



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective       Policy No. HDO G1 075409-4       Endorsement No. 27

Named Insured   Boy Scouts of America, National and all local Councils

Additional Premium $ _____       Countersigned by _____
                                             (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

**ADDITIONAL INSURED**
**(Premises Leased to the Named Insured)**

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

   1.   to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

   2.   to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

**SCHEDULE**

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| All official Scouting Activities taking place on their property. | Rancho Simi Park Recreation Department, Ventura County Council #57 1692 Sycamore Dr. Simi Valley, CA 93065 | ---- | ---- |

**GL 20 11 07 66**

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487006
**SA 3130**



GL 20 11
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective              Policy No. HDO G1 075409-4          Endorsement No.    28

Named Insured  Boy Scouts of America, National and all local Councils

Additional Premium $ _ _ _ _ _                           Countersigned by _____
                                                                    (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
### OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE
### SMP LIABILITY INSURANCE
### STOREKEEPERS INSURANCE

---

## ADDITIONAL INSURED
### (Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Premises of Auburn Union School District, whilst being used by Boy Scouts of America, Add Country District Packs and Troops. | Auburn Union School District 1225 Lincoln Way Auburn, CA 95603 | _ _ _ _ _ | _ _ _ _ _ |

**GL 20 11 07 66**

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487007
**SA 3131**



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective                    Policy No. HDO Gl 075409-4                    Endorsement No.    29

Named Insured    Boy Scouts of America, etal

Additional Premium $ ___Included___                    Countersigned by _____
                                                                    (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

### ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1.  to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Premises of Lincoln Unified School District | Lincoln Unified School District 2010 West Swain Road Stockton, CA 95207 | ----- | ----- |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487008

SA 3132



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective                    Policy No. HDO G1 075409-4                    Endorsement No.    30

Named Insured  Boy Scouts of America, National and Local Councils

Additional Premium $ ___Incl._____                    Countersigned by _____
                                                                              (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
### OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE
### SMP LIABILITY INSURANCE
### STOREKEEPERS INSURANCE

---

### ADDITIONAL INSURED
**(Premises Leased to the Named Insured)**

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured,** and subject to the following additional exclusions:

The insurance does not apply:

1.  to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| City of San Clemente, California while used in connection with the activities of the Boy Scouts of America. | City of San Clemente and San Clemente Redevelopment Agency | Incl | Incl |

**GL 20 11 07 66**

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487009
**SA 3133**



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective                    Policy No. HDO G1075409-4                    Endorsement No.   31

Named Insured  Boy Scouts of America, National and Local Councils

Additional Premium $ __Incl.__                                    Countersigned by _____
                                                                                        (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

### ADDITIONAL INSURED
**(Premises Leased to the Named Insured)**

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured,** and subject to the following additional exclusions:

The insurance does not apply:

   1.  to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

   2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums | |
|---|---|---|---|
| | | Bodily Injury Liability | Property Damage Liability |
| Tamalpias Community Services District 305 Bell Lane, Mill Valley, CA 94941 While used in connection with the activities of the Boy Scouts of America | Tamalpias Community Services District | Incl. | Incl. |

---

**GL 20 11 07 66**

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487010
**SA 3134**



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
(The following information is required only when this endorsement is issued subsequent to preparation of policy.)

Endorsement effective                    Policy No. HDO G1075409-4                    Endorsement No.   32

Named Insured  Boy Scouts of America, National and Local Councils

Additional Premium $ __Incl__                                          Countersigned by
                                                                        (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

### ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1.  to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Premises of Ready Springs Union School District, used in connection with the activities of the Boy Scouts of America. | Ready Springs Union School District P. O. Box 109 Rough and Ready, CA  95975 | Incl | Incl |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487011

**SA 3135**



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective                           Policy No. HDO G1075409-4                    Endorsement No.   33

Named Insured  Boy Scouts of America, National and Local Councils

Additional Premium $ _____                  Countersigned by _____
                                                                                      (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

## ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured,** and subject to the following additional exclusions:

The insurance does not apply:

1.  to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Premises of City of Grass Valley used in connection with the Scouting activities of Golden Empire Council #47. | City of Grass Valley Public Works Department Attn: Mickey McCoy 125 E. Main Street Grass Valley, CA  95945 | — | — |

GL 20 11 07 66



GL 20 11
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective        Policy No. HDO G1075409-4       Endorsement No.   34

Named Insured   Boy Scouts of America, National and Local Councils

Additional Premium $ _____       Countersigned by _____
                                                                 (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

## COMPREHENSIVE GENERAL LIABILITY INSURANCE
## MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
## OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE
## SMP LIABILITY INSURANCE
## STOREKEEPERS INSURANCE

---

## ADDITIONAL INSURED
### (Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

    1.   to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

    2.   to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises<br>(Part Leased to Named Insured) | Name of Person or Organization<br>(Additional Insured) | Annual Premiums | |
|---|---|---|---|
| | | Bodily<br>Injury<br>Liability | Property<br>Damage<br>Liability |
| Premises of Union Hill School, used in connection with the scouting activities of Golden Empire Council #47 | Union Hill School<br>11638 Colfax Highway<br>Grass Valley, CA 95945 | — | — |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential



GL 20 11
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective                    Policy No. HDO G1075409-4                    Endorsement No. 35

Named Insured    Boy Scouts of America, National and Local Councils

Additional Premium $ _____                    Countersigned by _____
                                                                                                        (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

### ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1.  to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

|  |  | Annual Premiums | |
|---|---|---|---|
| **Designation of Premises** (Part Leased to Named Insured) | **Name of Person or Organization** (Additional Insured) | **Bodily Injury Liability** | **Property Damage Liability** |
| Premises of Nevada Union High School used in connection with the Scouting activities of Golden Empire Council #47 | Nevada Union High School 11761 Ridge Road Grass Valley, CA   95945 | -- | -- |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| | | | 36 |
| **Policy Symbol** HDO | **Policy Number** G1 075409-4 | **Policy Period** | **Effective Date of Endorsement** |
| **Issued By (Name of Insurance Company)** | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### ADDITIONAL INSURED

It is agreed that the "Persons Insured" provision is amended to include as an additional insured:

       Phillips Pipeline Company
       101 N. Robinson
       Oklahoma City, Oklahoma  73102

but only as respects liability arising out of the easement agreement with the St. Louis Area Council of the Boy Scouts of America in respect of the Beaumont Scout Reservation.

fk March 15, 1990

_John M Helsh_
                           Authorized Agent

CC-1E15  Ptd. in U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487015

**SA 3139**



GL 20 11
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
(The following information is required only when this endorsement is issued subsequent to preparation of policy.)

Endorsement effective                        Policy No.  HDO G1075409-4                    Endorsement No.  37

Named Insured  Boy Scouts of America, National and all Councils

Additional Premium $ __Incl__                                         Countersigned by _John M Selek_
                                                                              (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

## ADDITIONAL INSURED
### (Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

|  |  | Annual Premiums | |
| --- | --- | --- | --- |
| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Bodily Injury Liability | Property Damage Liability |
| Flowing Lake Park Snohomish County, WA used in connection with the activities of the Boy Scouts of America | Snohomish County Parks and Recreation Department 3001 Rockefeller Everett, WA 98201 | Incl | Incl |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| | | | 38 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HDO | GL 075409-4 | | |

Issued By (Name of Insurance Company)

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## ADDITIONAL INSURED

It is agreed that the "Persons Insured" provision is amended to include as an additional insured:

    Home Builders Association of Greater Kansas City
    600 East 103rd Street
    Kansas City, Missouri  64131

but only as respects liability arising out of the agreement with Heart of America Council, Boy Scouts of America.

fk 3/16/90

Authorized Agent

CC-1E15  Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487017

**SA 3141**

| Named Insured | | | Endorsement Number 39 |
|---|---|---|---|
| Policy Symbol HDO | Policy Number Gl 075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### ADDITIONAL INSURED

The State of California, its officers, servants and employees, but only as respects the contract between the Department of Beaches and Western Los Angeles County Council #51, Boy Scouts of America, is concerned.

It is further agreed that in the event of cancellation of this policy, 30 days prior notice will be mailed to:

        The State of California
        Department of Beaches
        Bolsa Chica State Beach
        Bolsa Chica, California

except in the event of non-payment of premium in which case 10 days notice will be given.

fk 3/15/90

Authorized Agent

CC-1E15 Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487018

SA 3142



GL 20 11
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective       Policy No. HDO G1075409-4       Endorsement No. 40

Named Insured   Boy Scouts of America, National and All Local Councils

Additional Premium $   Included          Countersigned by                           
(Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
### OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE
### SMP LIABILITY INSURANCE
### STOREKEEPERS INSURANCE

---

## ADDITIONAL INSURED
### (Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| North Seal Beach Community Center for use by Boy Scouts of America, Orange County Council #39 for First Aid Course | City of Seal Beach 211 8th Street Seal Beach, CA 90740 | INCL | INCL |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487019

SA 3143

| Named Insured | | | Endorsement Number 41 |
|---|---|---|---|
| Policy Symbol HDO | Policy Number Gl 075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### ADDITIONAL INSURED

The City of Meridian, P. O. Box 1430, Meridian, Mississippi 39301, as respects the use of city vehicles by the Boy Scouts of America during Sanctioned Scouting activities.

fk 3/16/90

*Authorized Agent*

CC-1E15 Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487020

SA 3144



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective                     Policy No. HDO G1075409-4                   Endorsement No.    42

Named Insured   Boy Scouts of America, National and Local Councils

Additional Premium $   Incl.                                        Countersigned by _____
                                                                              (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE
MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE
SMP LIABILITY INSURANCE
STOREKEEPERS INSURANCE**

---

### ADDITIONAL INSURED
**(Premises Leased to the Named Insured)**

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1.   to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2.   to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Northpoint Shopping Center while being used in connection with all Scout Meetings and activities held on these premises. | Joseph J. Freed & Associates, Inc., Northpoint Shopping Center Lasalle, National Bank as Trustee under Trust No. 28684 and the beneficiaries, Partners of beneficiaries, officers, agents and employees thereof. | Incl. | Incl. |

**GL 20 11 07 66**



GL 20 11
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective                                    Policy No. HDO  G1075409-4                    Endorsement No.  43

Named Insured   Boy Scouts of America, National and Local Councils

Additional Premium $   Incl.                                                   Countersigned by
                                                                                                      (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

## ADDITIONAL INSURED
### (Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1.  to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Premises of Teaque Park, Ebell Park, and Mill Park located in the City of Santa Paula, California while used in connection with the activities of the Boy Scouts of America. | City of Santa Paula, California | Incl | Incl |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential



GL 20 11
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
(The following information is required only when this endorsement is issued subsequent to preparation of policy.)

Endorsement effective                 Policy No.  HDO G1075409-4               Endorsement No.   44

Named Insured    Boy Scouts of America, national and Local Councils

Additional Premium $  Incl.                                      Countersigned by _____
                                                                        (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

## ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

|  |  | Annual Premiums | |
|---|---|---|---|
| **Designation of Premises**<br>(Part Leased to Named Insured) | **Name of Person or Organization**<br>(Additional Insured) | **Bodily Injury Liability** | **Property Damage Liability** |
| City of Live Oak, California while used in connection with the activities of the Boy Scouts of America | City of Live Oak, | Incl | Incl |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective                    Policy No.  HDO G1075409-4                 Endorsement No.    45

Named Insured  Boy Scouts of America, National and Local Councils

Additional Premium $   Incl.                                      Countersigned by
                                                                                                          (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

### ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1.  to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Scholl Canyon Park while used in connection with the activities of The Boy Scouts of America | City of Glendale, California and its officers, agents and employees. | Incl. | Incl. |

— This Insurance is primary to the coverage of the City of Glendale.

GL 20 11 07 66

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487024
**SA 3148**

| Named Insured | | | Endorsement Number 46 |
|---|---|---|---|
| Policy Symbol HDO | Policy Number G1 075409-4 | Policy Period | Effective Date of Endorsement |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## CANCELLATION PROVISION

It is agreed that in the event of cancellation of this policy, before the expiration date thereof, the issuing company will mail 10 days written notice of such cancellation to:

> City of Redding
> 760 Parkview Avenue
> Redding, CA  96001-3396

fk 03/15/90

_Authorized Agent_

CC-1E15 Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487025

SA 3149



GL 20 11
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective      Policy No. HDO G1075409-4      Endorsement No.   47

Named Insured   Boy Scouts of America, National and Local Councils

Additional Premium $   Incl.        Countersigned by _____
                                                  (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
### OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE
### SMP LIABILITY INSURANCE
### STOREKEEPERS INSURANCE

---

## ADDITIONAL INSURED
### (Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured,** and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Premises of Unified School District for all Scouting Activities | Irvine Unified School District 5050 Barranca Parkway Irvine, CA  92714 | Inc. | Incl. |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487026
SA 3150



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
(The following information is required only when this endorsement is issued subsequent to preparation of policy.)

Endorsement effective                                  Policy No. HDO  G1075409-4                          Endorsement No.        48

Named Insured  Boy Scouts of America, National and Local Councils

Additional Premium $    Incl.                                            Countersigned by

                                                                                        (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

## COMPREHENSIVE GENERAL LIABILITY INSURANCE
## MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
## OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE
## SMP LIABILITY INSURANCE
## STOREKEEPERS INSURANCE

---

### ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1.   to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2.   to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Premises of Congregation Beth Shalom For All Scouting Activities | Congregation Beth Shalom 1211 Thannisch Dr. Arlington, TX  76013 | Incl. | Incl. |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487027
**SA 3151**



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.
**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective  March 1, 1990   Policy No. HDO G10754094      Endorsement No. 49

Named Insured   Boy Scouts of America, National and all local Councils

Additional Premium $ NIL                    Countersigned by _____
                                                           (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

**ADDITIONAL INSURED**
**(Premises Leased to the Named Insured)**

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured,** and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

**SCHEDULE**

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| All Premises used for all Scouting activities during policy year. | Calcasieu Parish School Board P.O. Box 800 Lake Charles, LA  70602-0800 | INCL | INCL |

GL 20 11 07 66

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487028

**SA 3152**

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Boy Scouts of America | | | 50 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HDO | G1 075409-4 | 3-1-90/91 | 3-1-90 |

| Issued By (Name of Insurance Company) |
|---|
| Insurance Company of North America |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

*P & I*

It is agreed that Endorsement 10 is amended to include non-owned vessels in the control of the Boy Scouts of America.

*Include in 10*

pm April 3, 1990

Authorized Agent

ORIGINAL

CC-1E15  Ptd. In U.S.A.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487029

**SA 3153**

PLEASE HAVE YOUR AUTHOR͟ ͟ED INSURANCE AGENT COMPLETE. S͟  ͟ AND RETURN THIS FORM
WITH A CERTIFICATE OF INSURANCE.  COMPLETION OF THIS FORM IS NECESSARY IN ORDER
TO COMPLY WITH THE INSURANCE REQUIREMENTS OF THE COUNTY.

# POLICY ENDORSEMENT

### Sonoma County Regional Parks Department

### INSURANCE POLICY ENDORSEMENT FORM

Effective on and after ___March 01___ . 19 _90_ . _12:01AM_ Standard Time. this

endorsement forms part of Policy No. _HDOG10754094_  Expiration Date _03/01/91_

Issued to  BOY SCOUTS OF AMERICA, NATIONAL AND ALL LOCAL COUNCILS

By   INSURANCE COMPANY OF NORTH AMERICA                               Company

It is agreed that this policy is hereby amended as follows:

(1)  "The County of Sonoma. and Sonoma County Water Agency (for Spring Lake
     activities). their officers and employees. are named as additional
     insured for all liability arising out of the activities conducted by.
     on behalf of, or by persons taking part in this activity being
     sponsored by the named insured. which are the subject of this Use
     Permit/License Agreement/Contract Agreement.

(2)  The insurance provided herein is primary and no insurance held or
     owned by the County of Sonoma shall be called upon to contribute to a
     loss.

(3)  Coverage provided by this policy shall not be reduced. cancelled. or
     materially changed without thirty (30) days written notice given to
     the Permit Coordinator. County of Sonoma. Regional Parks Department.
     2403 Professional Drive. Suite 100. Santa Rosa. CA 95403. by certified
     mail.

(4)  The inclusion of more than one insured shall not operate to impair the
     rights of one insured against another insured. and the coverages
     afforded shall apply as though separate policies had been issued to
     each insured. but the inclusion of more than one insured shall not
     operate to increase the limits of the company's liability.

Not valid until countersigned by an authorized agent of the Company.

JARDINE INSURANCE BROKERS DALLAS INC.
BY _____
                    Authorized Agent

#41

Address:   3811 Turtle Creek Blvd - Suite 200

           Dallas, Texas  95219-4419

(5/24/83)
12/1/88 REV.

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487030
**SA 3154**

City of Los Angeles
Risk Management Section

### GENERAL LIABILITY — ADDITIONAL INSURED ENDORSEMENT

In consideration of the premium charged and notwithstanding any inconsistent statement in the policy to which this endorsement is attached or any endorsement now or hereafter attached thereto, it is agreed as follows:

1. **ADDITIONAL INSURED.** The City of Los Angeles Harbor Department, its officers, agents and employees are included as additional insureds with regard to liability and defense of claims arising from the operations and uses performed by or on behalf of the named insured regardless of whether liability is attributable to the named insured or a combination of the named and the additional insured.

2. **CONTRIBUTION NOT REQUIRED.** Any other insurance maintained by the City of Los Angeles Harbor Department shall be excess of this insurance and shall not contribute with it.

3. **SEVERABILITY OF INTEREST.** This insurance applies separately to each insured against whom claim is made or suit is brought except with respect to the company's limits of liability. The inclusion of any person or organization as an insured shall not affect any right which such person or organization would have as a claimant if not so included.

4. **CANCELLATION NOTICE.** With respect to the interest of the additional insured the insurance shall not be cancelled, changed in coverage, reduced in limits or non-renewed except after thirty (30) days prior written notice by Certified Mail Return Receipt Requested has been given to both the City Attorney of Los Angeles and the Board of Harbor Commissioners addressed as follows:

| City Attorney | Board of Harbor Commissioners |
|---|---|
| Harbor Division | Post Office Box 151 |
| Post Office Box 151 | San Pedro, CA 90733-0151 |
| San Pedro, CA 90733-0151 | Attn: Risk Manager |

5. **APPLICABILITY.** This insurance pertains to the operations and/or tenancy of the named insured under (check which):

   ☐ All written agreements in force with the City of Los Angeles Harbor Department.

   ☒ The following specific agreements with the City of Los Angeles Harbor Department:  LEASE 448

Except as stated above nothing herein shall be held to waive, alter or extend any of the limits, conditions, agreements or exclusions of the policy to which this endorsement is attached.

I Scott C. McClure _____ (print/type name), warrant that I have authority to bind the below-listed insurance company and by my signature hereon do so bind this company.

Signature: _____

Authorized Representative (original signature required on copy furnished to the Board of Harbor Commissioners)

TITLE: Executive Vice President

ORGANIZATION: Jardine Insurance Brokers Dallas Inc.

ADDRESS: 3811 Turtle Creek Blvd., Suite 200

Dallas, Texas  75219-4419

TELEPHONE: (214) 522-2244

Report claims pursuant to this insurance to:
(name, address, telephone)

Mr. Arthur Corrie

Regional Claims Vice President

600 E. Las Colinas Blvd., Irving, TX
75039

Includes (check as applicable):

☒ Broad Form Property Damage
☒ Personal Injury
☒ Independent Contractors
☒ Premises-Operations
☐ Explosion-Collapse Hazard
☒ Underground Hazard
☐ Products/Completed Operations

☒ Contractual Liability
☐ Owned Automobiles
☐ Non-Owned Automobiles
☐ Hired Automobiles
☒ Fire Legal Liability

| Type of Coverage | Limits of Liability | Policy Period From | To | Deductible $ 1,000,000 Self-Insured Retention $ |
|---|---|---|---|---|
| Comprehensive General Liab | $1,000,000 | 3/1/90 | 3/1/91 | For (Coverage) ☐ Per Claim  ☒ Per Occurrence |

Other conditions: EXCLUSIONS:  Pollution or Contamination (Absolute)
Asbestos

| Named Insured and Address | BOY SCOUTS OF AMERICA, National and All Local Councils 1325 W. Walnut Hill Lane, Irving, TX 75038-3096 | | |
|---|---|---|---|
| Insurance Company | Policy Number | Endorsement Number | Effective Date of Endorsement |
| Insurance Company of North America | HDO G1 075409-4 | 52 | 3/1/90 |

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487031

SA 3155

City of Los Angeles
Risk Management Section

## AUTOMOBILE LIABILITY — ADDITIONAL INSURED ENDORSEMENT

In consideration of the premium charged and notwithstanding any inconsistent statement in the policy to which this endorsement is attached or any endorsement now or hereafter attached thereto, it is agreed as follows:

**ADDITIONAL INSURED.** The City of Los Angeles Harbor Department, its officers agents and employees are included as additional insureds with regard to liability and defense of claims arising from the ownership, maintenance or use of the insured vehicles being operated by or on behalf of the named insured regardless of whether liability is attributable to the named insured or a combination of the named and the additional insured.

**CONTRIBUTION NOT REQUIRED.** Any other insurance maintained by the City of Los Angeles Harbor Department shall be excess of this insurance and shall not contribute with it.

**SEVERABILITY OF INTEREST.** This insurance applies separately to each insured against whom claim is made or suit is brought except with respect to the company's limits of liability. The inclusion of any person or organization as an insured shall not affect any right which such person or organization would have as a claimant if not so included.

**CANCELLATION NOTICE.** The insurance shall not be cancelled, changed in coverage, reduced in limits or non-renewed except after thirty (30) days prior written notice by Certified Mail Return Receipt Requested has been given to both the City Attorney of Los Angeles and the Board of Harbor Commissioners addressed as follows:

City Attorney
Harbor Division
Post Office Box 151
San Pedro, CA 90733-0151

Board of Harbor Commissioners
Post Office Box 151
San Pedro, CA 90733-0151
Attn: Risk Manager

**APPLICABILITY.** This insurance pertains to the operations and/or tenancy of the named insured under (check which):

☐ All written agreements in force with the City of Los Angeles Harbor Department.
☒ The following specific agreements with the City of Los Angeles Harbor Department: LEASE 448

Except as stated above nothing herein shall be held to waive, alter or extend any of the limits, conditions, agreements or exclusions of the policy to which this endorsement is attached.

Scott C. McClure (print/type name), warrant that I have authority to bind the below-listed insurance company and by my signature here on do so bind this company.

Signature:

Authorized Representative (original signature required on copy furnished to the Board of Harbor Commissioners)

TITLE: Executive Vice President

ORGANIZATION: Jardine Insurance Brokers Dallas Inc

ADDRESS: 3811 Turtle Creek Blvd., Suite 200
Dallas, Texas 75219-4419

TELEPHONE: (214) 522-2244

Report Claims pursuant to this insurance to: (name, address, telephone)

Mr. Arthur Corrie

Regional Claims Vice President

600 E. Las Colinas Blvd., Irving, TX 75039

Includes (check as applicable):
☐ Owned Automobile          XX☒ Hired Automobile
X☒ Non-owned Automobile     ☐

| Type of Coverage | Limits of Liability | Policy Period To | From | |
|---|---|---|---|---|
| Non-Owned Auto Liab. | $1,000,000 | 3/1/90 | 3/1/91 | |

Deductible $ 1,000,000
Self-insured Rentention $ _____
For _____
(Coverage)

☐ Per Claim     XX☒ Per Occurrence

Other conditions:

| Named Insured and Address | |
|---|---|
| BOY SCOUTS OF AMERICA, National and All Local Councils 1325 W. Walnut Hill Lane, Irving, TX 75038-3096 | |

| Insurance Company | Policy Number | Endorsement Number | Effective Date |
|---|---|---|---|
| Insurance Company of North America | HDO G1 075409-4 | 51 | 3/1/90 |

BSA-PLAN_00487032
SA 3156



GL 20 11
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

(The following information is required only when this endorsement is issued subsequent to preparation of policy.)

Endorsement effective    4/20/90          Policy No.    HDO G1 075409-4          Endorsement No.    51

Named Insured    Boy Scouts of America

Additional Premium $    Nil                                                    Countersigned by _____
                                                                                        (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

### ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1.  to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;
2.  to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| All Scout meetings and activities held in Dennison Conference Center | Metro West United Way 276 Union Avenue Farmingham, Massachusetts 01701 | incl. | incl. |

#241

GL 20 11 07 66

Subject to Protective Order – Highly Confidential

# I N A

## EMPLOYERS' LIABILITY ENDORSEMENT

### (STOP-GAP COVERAGE)

## (REVISED)

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

| Named Insured | | |
|---|---|---|
| Boy Scouts of America, National and All Local Councils *renew* | | |

| Policy No. | Policy Period | Effective Date |
|---|---|---|
| HDO G1075409-4 | 3/1/90-91 | 6/1/90 |

| Issued by (Name of Insurance Company) | | |
|---|---|---|
| Insurance Company of North America | | |

*As respects the operations of Local Councils in the State(s) of Nevada, North Dakota, Ohio, Washington, West Virginia and Wyoming*

*it is agreed that the policy is amended by adding thereto an additional coverage, subject to the following:*

### Insurance Agreements

1. **Coverage Y - Employers' Liability.** To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, Canada, the U.S. Virgin Islands and Puerto Rico, by any employee of the insured arising out of and in the course of his employment by the insured either in a State named in this endorsement or in operations necessary or incidental thereto.

2. **LIMITS OF LIABILITY - Coverage Y -** The words "damages because of bodily injury by accident or disease, including death at any time resulting therefrom", in Coverage Y include damages for care and loss of services and damages for which the insured is liable by reason of suits or claims brought against the insured by others to recover the damages obtained from such others because of such bodily injury sustained by employees of the insured arising out of and in the course of their employment. The limit of the company's liability under Coverage Y is $500,000 for all damages because of bodily injury by accident, including death at any time resulting therefrom, sustained by one employee in any one accident; and, subject to the foregoing provision respecting each employee, the total limit of the company's liability is $500,000 for all damages because of bodily injury by accident, including death at any time resulting therefrom, sustained by two or more employees in any one accident. The limit of the company's liability under Coverage Y is $500,000 for all damages because of bodily injury by disease, including death at any time resulting therefrom, sustained by one employee; and, subject to the foregoing provision respecting each employee, the total limit of the Company's liability for all damages because of bodily injury by disease, including death at any time resulting therefrom sustained by employees in a State named in this endorsement or in operations necessary or incidental thereto, is $500,000. The limits of liability herein stated shall not be cumulative with any limit of liability stated elsewhere in this policy.

   Losses under Coverage Y shall contribute towards the exhaustion of the Deductible - Annual Aggregate established for the policy in Endorsement #2 and the Policy Aggregate Limit established in Endorsement #8.

3. The insurance afforded by this endorsement shall not apply to the insured's operations in any State named in this endorsement or any operations necessary or incidental thereto during any period in which the insured is subject to the workers' compensation or occupational disease law of any such State and is neither a legally qualified self-insurer nor a member or subscriber in good standing in the State Fund in any such State.

EMPLIABEND (Revised 7/90)

-1-

Subject to Protective Order – Highly Confidential

4. *As respects the insurance afforded by this endorsement the company shall:*

   (a) *defend any proceeding against the insured seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof, even if such proceeding or suit is groundless, false or fraudulent; but the company may make such investigation negotiation and settlement of any claim or suit as it deems expedient;*

   (b) *pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this coverage, all premiums on appeal bonds required in any such defended proceeding or suit, but without any obligation to apply for or furnish any such bonds;*

   (c) *pay all expenses incurred by the company, all costs taxed against the insured in any such proceeding or suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;*

   (d) *reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request.  The amounts incurred hereunder, except settlements of claims and suits, are payable by the company in addition to the amounts payable under the applicable limit of liability under Coverage Y.*

5. **Definitions:**

   (a) *Workers' Compensation Law.  The unqualified term "workers' compensation law" means the workers' compensation law and any occupational disease law of a state designated above, but does not include those provisions of any such law which provide non-occupational disability benefits.*

   (b) *State.  The word "state" means any State or Territory of the United States of America and the District of Columbia.*

   (c) *Bodily injury by Accident; Bodily Injury by Disease.  The contraction of disease is not an accident within the meaning of the word "accident" in the term "bodily injury by accident" and only such disease as results directly from a bodily injury by accident is included within the term "bodily injury by accident".  The term "bodily injury by disease" includes only such disease as is not included within the term "bodily injury by accident."*

   (d) *Assault and Battery.  Under Coverage Y, assault and battery shall be deemed an accident unless committed by or at the direction of the insured.*

6. **Application:**  *This endorsement applies only to bodily injury (1) by accident occurring during the policy period, or (2) by disease caused or aggravated by the conditions of employment.  The employees last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.*

**Exclusions**

*The insurance afforded by this endorsement does not apply:*

   (a) *to liability assumed by the insured under any contract or agreement,*

   (b) *to punitive or exemplary damages on account of bodily injury to or death of any employee employed in violation of law.*

   (c) *with respect to any employee employed in violation of law with the knowledge or acquiescence of the insured or any executive officer thereof,*

   (d) *to any obligation for which the insured or any carrier or his insurer may be held liable under the workers' compensation or occupational disease law, any unemployment compensation or disability benefits law or under any similar law,*

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487035

**SA 3159**

(e) *to any claim with respect to which the insured is deprived to any defense or defenses or is otherwise subject to penalty because of default in premium payment or any other failure to comply with the provisions of the workers' compensation laws of the states indicated above.*

### Conditions

1. *None of the conditions of the policy shall apply to the insurance under this endorsement except those respecting "Inspection and Audit", "Notice of Occurrence or Accident", "Assistance and Cooperation of the Insured", "Action Against Company", "Other Insurance", "Subrogation", "Changes", "Assignments", "Cancellation", and "Severability of Interest".*

2. *Long Term Policy: If this policy is written for a period longer than one year, all the provisions of this endorsement shall apply separately to each consecutive twelve months period, or, if the first or last consecutive period is less than twelve months, to such period of less than twelve months, in the same manner as if a separate policy had been written for each consecutive period.*

3. *Partnership or Joint Venture as Insured: If the insured is a partnership or joint venture, such insurance as is afforded by this endorsement applies to each partner or member thereof as an insured only where he is acting within the scope of his duties as such partner or member.*

### Premium

*Th premium for this endorsement $ Included in policy premium.*

Authorized Agent

Subject to Protective Order – Highly Confidential

6ND-SOUTHDIV-7-11011-23 (Rev. 1/71)

NAS Pensecola, FL

# ENDORSEMENT

(This endorsement to be attached to all insurance policies
covering property of the United States of America (Department
of the Navy) under License)

JARDINE INSURANCE SERVICES DALLAS Agency, ___9/04/_ 19_00_

a.  CANCELLATION CLAUSE:  It is understood and agreed that in
the event of cancellation of this policy by the Company, the Company
agrees to notify in writing the Commanding Officer, Southern Division,
Naval Facilities Engineering Command, 2144 Melbourne Street, P. O. Box
10068, Charleston, South Carolina, 29411, not less than 30 days prior to
the effective date of cancellation. . . . . .

b.  WAIVER OF RIGHT OF SUBROGATION:  The insurer waives any right
of subrogation against the United States of America which might arise
by reason of any payment made under this policy.

c.  It is understood and agreed that the United States of America
(Department of the Navy) is not responsible for payment of any
premium now due or to become due under this policy.

d.  Loss, if any, under this policy, shall be adjusted with _____
_____ and the proceeds, at the direction of
the United States of America, shall be payable to_____
_____ and proceeds not paid to_____
_____shall be payable to the Treasurer of the United States
of America.   (THIS CLAUSE APPLIES ONLY TO FIRE AND EXTENDED COVERAGE
INSURANCE.)

e.  It is understood and agreed that this policy of insurance
shall indemnify and save harmless the United States of America
(Department of the Navy), its officers, agents, servants and employees
from all liability under the Federal Tort Claim Act (62 Stat. 869,
982:28 U.S.C. Sec 2671, 2680) or otherwise for death or injury to
all persons or loss or damage to the property of all persons resulting
from the use of the premises by the licensee.  (THIS CLAUSE DOES NOT
APPLY TO FIRE AND EXTENDED COVERAGE INSURANCE.)

Attached to and forming a part of Policy No. _HDO-G1-075409-4_
of the  Insurance Company of North America
Insurance Company of _____
Issued at its _____Dallas, Texas_____
Agency.

JARDINE INSURANCE SERVICES DALLAS, INC
BY _____   Agent
(To be signed in ink.)

#773

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487037

SA 3161



**GL 20 11**
(Ed. 07 66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective   June 23,25,26&27 1990   Policy No.   HDO G1 075409-4   Endorsement No. 52
                        July 9th thru 13th, 1990

Named Insured   Boy Scouts of America

Additional Premium $   Nil                          Countersigned by _____
                                                                    (Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

**ADDITIONAL INSURED**
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured**, and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

**SCHEDULE**

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| Buena Vista Park Burbank, California | City of Burbank, its officers, employees, agents, and representatives | Incl. | Incl. |

*retain this #65 on new policy*

GL 20 11 07 66

BSA-PLAN_00487038

**SA 3162**

# GENERAL LIABILITY SPECIAL ENDORSEMENT
## FOR THE CITY OF LOS ANGELES
Form Gen. 135(GL)R 4-881

SUBMIT IN DUPLICATE

| 1. ENDORSEMENT NO. | 2. ISSUE DATE (MM/DD/YY) |
|---|---|
| 53 | 5/29/90 |

**3. PRODUCER**

JARDINE INSURANCE SERVICES DALLAS INC.
3811 Turtle Creek Blvd.
Suite 200
Dallas, Texas   75219-4419

Telephone

**4. INSURED**

Western Los Angeles County Council, Inc.
Boy Scouts of America
14140 Ventura Blvd.
Sherman Oaks, California  91423

**5. POLICY INFORMATION:**

Carrier: INSURANCE COMPANY OF NORTH AMERICA
Policy No.: HDO G1 075409-4
Policy Period:  03/01/90 - 03/01/91
COVERAGE TRIGGER (check which): XX Occurrence ☐ Claims Made
LOSS ADJUSTMENT EXPENSE ☒ Included in Limits
☐ In Addition to Limits

**6.** ☒ Deductible ☐ Self-Insured Retention (check which) of $ 1,000,000
with an Aggregate of $ 1,000,000 _____ applies to
coverage. ☒ Per Occurrence ☐ Per Claim. _____ (which)

**7. APPLICABILITY.** This insurance pertains to the operations and/or tenancy of the named insured under all written agreements and permits in force with the City of Los Angeles unless checked here ☐ in which case only the following specific agreements and permits with the City of Los Angeles are covered:
CITY AGREEMENTS/PERMITS All official Scouting Activities of Western Los Angeles County Council held on Certificate-Holders Property

**8. TYPE OF INSURANCE**

GENERAL LIABILITY

| | |
|---|---|
| XX | COMMERCIAL GENERAL LIABILITY |
| XX | COMPREHENSIVE FORM (RETROACTIVE DATE) |

**9. COVERAGES**

| | LIABILITY LIMITS IN THOUSANDS $ | |
|---|---|---|
| | EACH OCCURRENCE | AGGREGATE |
| XX PREMISES/OPERATIONS | $1,000 | $1,000 |
| UNDERGROUND & COLLAPSE HAZARD | | |
| XX PRODUCTS/COMPLETED OPERATIONS | $1,000 | $1,000 |
| XX CONTRACTUAL | $1,000 | $1,000 |
| XX INDEPENDENT CONTRACTORS | $1,000 | $1,000 |

**10. OTHER PROVISIONS**

**11. CLAIMS:** Underwriter's representative for claims pursuant to this insurance.

Mr. Arthur Corrie
Regional Claims Vice President
600 E. Las Colinas Blvd
Irving, Texas  75039

In consideration of the premium charged and notwithstanding any inconsistent statement in the policy to which this endorsement is attached or any endorsement now or hereafter attached thereto, it is agreed as follows:

12. **ADDITIONAL INSURED.** The City of Los Angeles and its respective officers, agents and employees are included as additional insureds with regard to liability and defense of suits arising from the operations and uses performed by or on behalf of the named insured.

13. **CONTRIBUTION NOT REQUIRED.** The insurance program of the City of Los Angeles shall be excess of this insurance and shall not contribute with it.

14. **SEVERABILITY OF INTEREST.** This insurance applies separately to each insured against whom claim is made or suit is brought except with respect to the company's limits of liability. The inclusion of any person or organization as an insured shall not affect any right which such person or organization would have as a claimant if not so included.

15. **CANCELLATION NOTICE.** With respect to the interests of the City of Los Angeles, this insurance shall not be cancelled, or material reduced in coverage or limits except after thirty (30) days prior written notice by receipted delivery has been given to the City Attorney of Los Angeles addressed as follows: office of the City Attorney, Attn: Insurance and Bonds, 1800 City Hall East, 200 N. Main St., Los Angeles, CA 90012-4168.

Except as stated above nothing herein shall be held to waive, alter or extend any of the limits, conditions, agreements or exclusions of the policy to which this endorsement is attached.

**ENDORSEMENT HOLDER**

**16. CITY DEPARTMENT/BUREAU**

City of Los Angeles
Street Use Department
1576 City Hall East
200 N. Main
Los Angeles, CA  90012

ATTENTION:  David Torrez

**17. AUTHORIZED REPRESENTATIVE** ☒ Broker/Agent ☐ Underwriter ☐ _____

I ___John M. Hilsher___ (print/type name), warrant that I have authority to bind the above-mentioned insurance company and by my signature hereon do so bind this company to this endorsement.

Signature _John M Helsh_

(original signature required on copy furnished to the City Attorney)

Telephone: (214 ) 522-2244   Date Signed 5/29/90

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487039

SA 3163

| Named Insured | | Endorsement Number |
|---|---|---|
| Boy Scouts of America, National and all Local Councils | | 55 |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| HDO | Gl 07 54 09-4 | 3/1/90-91 | 7/1/90 |

| Issued By (Name of Insurance Company) |
|---|
| Insurance Company of North America |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

### ADDITIONAL INSURED

It is agreed that the following is added as an additional insured:

The National Museum of the Boy Scouts of America, Murray, Kentucky.

pm December 7, 1990

Authorized Agent

CC-1E15 Ptd. In U.S.A.

ORIGINAL

Subject to Protective Order – Highly Confidential

BSA-PLAN_00487040

SA 3164

 **INSURANCE COMPANY OF NORTH AMERICA, PHILADELPHIA, PENNSYLVANIA**

BLANKET LIABILITY POLICY **ACCTG - STAT COPY** DECLARATIONS

*Code #*
*511- 160292*

Old Policy No. **LB 4 21 48**                    **ALB 4 84 03**

Named Insured

**KEYSTONE AREA COUNCIL BOY SCOUTS OF AMERICA**

Address

**219A South Front Street**
**Harrisburg, Pennsylvania**

The business of the Named Insured is **Scout Council**

Policy Period: From **October 20, 1967** to **October 20, 1970**   12:01 A.M., standard time at the address of the Named Insured as stated herein.

Audit Period: Annual, unless otherwise stated

LIMITS OF LIABILITY

**Bodily** Injury Liability
$ **250,000.** each person
$ **500,000.** each occurrence
$ **500,000.** aggregate products or completed operations or both combined

Property Damage Liability
$ **100,000.** each occurrence
$ **300,000.** aggregate products or completed operations or both combined

: USA.

| SERVICE | AGENCY NUMBER | SYMBOL | POL' |
|---------|---------------|--------|------|

PREMIUM COMPUTATION

| Estimated | Rate per | Total Advance Premium |
|-----------|----------|-----------------------|

**Not Applicable**

Flat Charge                          $2,523.00
Payable:
October 20, 1967                        841.00
October 20, 1968                        841.00
October 20, 1969                        841.00

MINIMUM PREMIUM $ **170.00 per annum**

**JTX-4000-6**

Countersigned By _____
                          Authorized Agent

LC-1069 (Split Limits)   10M   12-9-66   Printed in U.S.A.

Confidential                                                                    ABC000056253
                                                                                SA 3165

A STOCK INSURANCE COMPANY herein called INA

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the Named Insured as follows:

I.   COVERAGE A – BODILY INJURY LIABILITY
     COVERAGE B – PROPERTY DAMAGE LIABILITY

     INA will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of

          A. bodily injury or

          B. property damage

     to which this insurance applies, caused by an occurrence and INA shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but INA shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of INA's liability has been exhausted by payment of judgments or settlements.

Confidential

2.

## EXCLUSIONS

This insurance does not apply:

(a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or aircraft owned or operated by or rented or loaned to the Named Insured, or (2) any other automobile or aircraft operated by any person in the course of his employment by the Named Insured; but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the Named Insured or the ways immediately adjoining, if such automobile is not owned by or rented or loaned to the Named Insured or to liability assumed by the Insured under contract;

(b) to bodily injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to the Named Insured; but this exclusion does not apply to liability assumed by the Insured under contract;

(c) to bodily injury or property damage arising out of ownership, maintenance, operation, use, loading or unloading of any watercraft, if the bodily injury or property damage occurs away from premises owned by, rented to or controlled by the Named Insured; but this exclusion does not apply to bodily injury or property damage included within the products hazard or the completed operations hazard or resulting from operations performed for the Named Insured by independent contractors or to liability assumed by the Insured under contract;

Confidential

3.

(d) to bodily injury or property damage due to war, whether
or not declared, civil war, insurrection, rebellion or revolution
or to any act or condition incident to any of the foregoing,
with respect to (1) liability assumed by the Insured under
contract, or (2) expenses for immediate medical and surgical
relief under the Supplementary Payments provision;

(e) to any obligation for which the Insured or any carrier as
his insurer may be held liable under any workmen's compensation,
unemployment compensation or disability benefits law, or under
any similar law;

(f) to bodily injury to any employee of the Insured arising out
of and in the course of his employment by the Insured; but this
exclusion does not apply to liability of others assumed by the
Insured under contract;

(g) to property damage to property, (1) owned or occupied by
or rented to the Insured, (2) used by the Insured, or (3) in
the care, custody or control of the Insured or as to which the
Insured is for any purpose exercising physical control; but
parts (2) and (3) of this exclusion do not apply with respect
to liability under a sidetrack agreement and part (3) of this
exclusion does not apply with respect to property damage (other
than to elevators) arising out of the use of an elevator at
premises owned by, rented to or controlled by the Named Insured;

(h) to bodily injury or property damage resulting from the
failure of the Named Insured's products or work completed by
or for the Named Insured to perform the function or serve the
purpose intended by the Named Insured, if such failure is due

Confidential

ABC000056256
SA 3168

4.

to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any Insured; but this exclusion does not apply to bodily injury or property damage resulting from the active malfunctioning of such products or work;

(i) to property damage to the Named Insured's products arising out of such products or any part of such products;

(j) to property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(k) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of the use of the Named Insured's products or work completed by or for the Named Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(l) to bodily injury resulting from assault and battery committed by or at the direction of the Insured unless committed for the purpose of protecting persons or property;

(m) to bodily injury or property damage for which the Insured or his indemnitee may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcoholic beverage (1) in violation of any statute, ordinance or regulation, (2) to a minor, (3) to a

Confidential

5.

person under the influence of alcohol, or (4) which causes
or contributes to the intoxication of any person;

(n) to mariner scouting or sea scouting, provided such activities
are conducted by a duly organized mariner scout or sea scout
troop, unless specifically endorsed on the policy and a premium
charged therefore;

(o) to any person practicing, instructing or participating in
any physical training, sport, athletic activity or contest.

### NUCLEAR ENERGY LIABILITY EXCLUSION

This policy does not apply:

a. Under any Liability Coverage, to bodily injury or property
damage:

(1) with respect to which an Insured under the policy is
also an Insured under a nuclear energy liability policy
issued by Nuclear Energy Liability Insurance Association,
Mutual Atomic Energy Liability Underwriters, or Nuclear
Insurance Association of Canada, or would be an Insured
under any such policy but for its termination upon
exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear
material and with respect to which (a) any person or organi-
zation is required to maintain financial protection pursuant
to the Atomic Energy Act of 1954, or any law amendatory
thereof, or (b) the Insured is, or had this policy not been
issued would be, entitled to indemnity from the United States
of America, or any agency thereof, under any agreement

Confidential

entered into by the United States of America, or any agency thereof, with any person or organization;

b. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization;

c. Under any Liability Coverage to bodily injury or property damage resulting from the hazardous properties of nuclear material, if:

(1) the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of an Insured, or (b) has been discharged or dispersed therefrom;

(2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

(3) the bodily injury or property damage arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat;

d. As used in this exclusion:

(1) "Hazardous properties" include radioactive, toxic, or explosive properties;

Confidential

7.

(2) "Nuclear material" means source material, special nuclear material or byproduct material;

(3) "Source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

(4) "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

(5) "Waste" means any waste material (a) containing byproduct material and (b) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (6), (a) or (b) thereof;

(6) "Nuclear facility" means:  (a) any nuclear reactor; (b) any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing, or packaging waste; (c) any equipment or device used for the processing, fabricating, or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and (e) includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations;

Confidential

8.

(7) "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

(8) "Property damage" includes all forms of radioactive contamination of property.

## II. PERSONS OR ENTITIES INSURED

Each of the following is an Insured under this policy to the extent set forth:

(a) the organization designated in the declarations as Named Insured and shall also include its executive officers, executive members of the council, troop committee members, whether volunteer or paid staff, camp directors, supervisors and leaders, council directors, supervisors and leaders and are registered scouters, individually or collectively, in respect of liability arising out of the performance of their duties as such;

(b) any person (other than an employee of the Named Insured) or organization while acting as a real estate manager for the Named Insured; and

(c) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law, (1) an employee of the Named Insured while operating any such equipment in the course of his employment, and (ii) any other person while operating with the permission of the Named Insured any such equipment regis-tered in the name of the Named Insured and any other person

Confidential

9.

legally responsible for such operation, but only if there is
no other valid and collectible insurance available, either on
a primary or excess basis, to such person or organization;
provided that no person or organization shall be an Insured
under this paragraph (c) with respect to:

(1) bodily injury to any fellow employee of such person
     injured in the course of his employment, or

(2) property damage to property owned by, rented to, in
     charge of or occupied by the Named Insured or the
     employer of any person described in subparagraph (11)
     hereof.

This insurance does not apply to bodily injury or property damage
arising out of the conduct of any partnership or joint venture
of which the Insured is a partner or member and which is not
designated in this policy as a Named Insured.

III. LIMITS OF LIABILITY

Regardless of the number of (1) Insureds under this policy, (2)
persons or organizations who sustain bodily injury or property
damage or (3) claims made or suits brought on account of bodily
injury or property damage, INA's liability is limited as follows:
With respect to Bodily Injury Liability, the limit of liability
stated in the declarations as applicable to "each person" is the
limit of INA's liability for all damages because of bodily injury
sustained by one person as the result of any one occurrence; but
subject to the above provision respecting "each person," the
total liability of INA for all damages because of bodily injury

Confidential

10.

sustained by two or more persons as the result of any one occur-
rence shall not exceed the limit of bodily injury liability stated
in the declarations as applicable to "each occurrence".
With respect to Property Damage Liability, the total liability
of INA for all damages because of all property damage sustained
by one or more persons or organizations as the result of any one
occurrence shall not exceed the limit of property damage liability
stated in the declarations as applicable to "each occurrence".
Subject to the above provisions respecting "each person" and
"each occurrence," the limits of Bodily Injury Liability and
Property Damage Liability stated in the declarations as "aggregate",
are respectively the total liability of INA for all damages
because of bodily injury and property damage included within
(1) the completed operations and (2) the products hazards, or
both combined.
For the purpose of determining the limit of INA's liability,
all bodily injury and property damage arising out of continuous
or repeated exposure to substantially the same general conditions
shall be considered as arising out of one occurrence.

IV.   POLICY PERIOD; TERRITORY

This insurance applies only to bodily injury or property damage
which occurs during the policy period within the policy territory.

SUPPLEMENTARY PAYMENTS

INA will pay, in addition to the applicable limit of liability:
(a) all expenses incurred by INA, all costs taxed against the Insured
in any suit defended by INA and all interest on the entire amount

Confidential

ABC000056263
SA 3175

11.

of any judgment therein which accrues after entry of the judgment
and before INA has paid or tendered or deposited in court that part
of the judgment which does not exceed the limit of INA's liability
thereon;

(b) premiums on appeal bonds required in any such suit, premiums on
bonds to release attachments in any such suit for an amount not in
excess of the applicable limit of liability of this policy, and the
cost of bail bonds required of the Insured because of accident or
traffic law violation arising out of the use of any vehicle to which
this policy applies, not to exceed $250 per bail bond, but INA shall
have no obligation to apply for or furnish any such bonds;

(c) reasonable expenses incurred by the Insured, in connection with
bodily injury to which this insurance applies, for such immediate
medical and surgical relief to others as shall be imperative at the
time of the occurrence;

(d) reasonable expenses incurred by the Insured at INA's request,
including actual loss of wages or salary (but not loss of other
income) not to exceed $50 per day for such loss of wages or salary
because of his attendance at hearings or trials at such request.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

AUTOMOBILE - "automobile" means a land motor vehicle, trailer or semi-
trailer designed for travel on public roads (including any machinery or
apparatus attached thereto), but does not include mobile equipment;

Confidential

12.

BODILY INJURY - "bodily injury" means bodily injury, sickness or
disease sustained by any person;

COMPLETED OPERATIONS HAZARD - "completed operations hazard" includes
bodily injury and property damage arising out of operations or
reliance upon a representation or warranty made at any time with
respect thereto, but only if the bodily injury or property damage
occurs after such operations have been completed or abandoned and
occurs away from premises owned by or rented to the Named Insured.
"Operations" include materials, parts or equipment furnished in
connection therewith.  Operations shall be deemed completed at the
earliest of the following times:

(a) when all operations to be performed by or on behalf of the Named
    Insured under the contract have been completed,

(b) when all operations to be performed by or on behalf of the Named
    Insured at the site of the operations have been completed, or

(c) when the portion of the work out of which the injury or damage
    arises has been put to its intended use by any person or organi-
    zation other than another contractor or subcontractor engaged in
    performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or
correction, repair or replacement because of any defect or deficiency,
but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury or
property damage arising out of:

(a) operations in connection with the transportation of property, unless
    the bodily injury or property damage arises out of a condition in
    or on a vehicle created by the loading or unloading thereof,

Confidential

ABC000056265
SA 3177

13.

(b) the existence of tools, uninstalled equipment or abandoned or
     unused materials;

DAMAGES - "damages" includes damages for death and for care and loss
of services resulting from bodily injury and damages for loss of use
of property resulting from property damage;

INSURED - "Insured" means any person or organization qualifying as
an Insured under "Persons or Entities Insured" Section of this policy.
The insurance afforded applies separately to each Insured against
whom claim is made or suit is brought, except with respect to the
limits of INA's liability;

MOBILE EQUIPMENT - "mobile equipment" means a land vehicle (including
any machinery or apparatus attached thereto), whether or not self-
propelled, (1) not subject to motor vehicle registration, or
(2) maintained for use exclusively on premises owned by or rented
to the Named Insured, including the ways immediately adjoining,
or (3) designed for use principally off public roads, or (4) designed
or maintained for the sole purpose of affording mobility to equipment
of the following types forming an integral part of or permanently
attached to such vehicle:  power cranes, shovels, loaders, diggers
and drills; concrete mixers (other than the mix-in-transit type);
graders, scrapers, rollers and other road construction or repair
equipment; air-compressors, pumps and generators, including spraying,
welding and building cleaning equipment; and geophysical exploration
and well servicing equipment;

NAMED INSURED - "Named Insured" means the organization named in the
declarations of this policy and shall include any of its subsidiaries
and any other company of which it assumes active management;

Confidential

ABC000056266
SA 3178

14.

NAMED INSURED'S PRODUCTS - "Named Insured's products" means goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, including any container thereof (other than a vehicle), but "Named Insured's products" shall not include a vending machine or any property other than such a container, rented to or located for use of others but not sold;

OCCURRENCE - "occurrence", as respects Coverage B, Property Damage Liability, means an accident, including injurious exposure to conditions, which results, during the policy period, in property damage neither expected nor intended from the standpoint of the Insured;

POLICY TERRITORY - "policy territory" means:

(a) the United States of America, its territories or possessions, or Canada, or

(b) international waters or air space, provided the bodily injury or property damage does not occur in the course of travel or trans- portation to or from any other country, state or nation, or

(c) anywhere in the world with respect to damages because of bodily injury or property damage arising out of a product which was sold for use or consumption within the territory described in (a) above, provided the original suit for damages is brought within such territory;

PRODUCTS HAZARD - "products hazard" includes bodily injury and property damage arising out of the Named Insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage

Confidential

15.

occurs away from premises owned by or rented to the Named Insured and after physical possession of such products has been relinquished to others;

PROPERTY DAMAGE - "property damage" means injury to or destruction of tangible property.

## CONDITIONS

1.  Premium

    The premium for this policy is a flat charge and is payable as shown in the declarations.

2.  Inspection

    INA shall be permitted but not obligated to inspect the Named Insured's property and operations at any time. Neither INA's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Named Insured or others, to determine or warrant that such property or operations are safe.

3.  Financial Responsibility Laws

    When this policy is certified as proof of financial responsi-bility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The Insured agrees to reimburse INA for any payment

Confidential

16.

made by INA which it would not have been obligated to make
under the terms of this policy except for the agreement contained
in this paragraph.

4.   **Insured's Duties in the Event of Occurrence, Claim or Suit**

(a) In the event of an occurrence, written notice containing
particulars sufficient to identify the Insured and also reason-
ably obtainable information with respect to the time, place and
circumstances thereof, and the names and addresses of the
injured and of available witnesses, shall be given by or for
the Insured to INA or any of its authorized agents as soon as
practicable.   The Named Insured shall promptly take at his
expense all reasonable steps to prevent other bodily injury
or property damage from arising out of the same or similar
conditions, but such expense shall not be recoverable under
this policy.

(b) If claim is made or suit is brought against the Insured,
the Insured shall immediately forward to INA every demand, notice,
summons or other process received by him or his representative.

(c) The Insured shall cooperate with INA and, upon INA's
request, assist in making settlements, in the conduct of suits
and in enforcing any right of contribution or indemnity against
any person or organization who may be liable to the Insured
because of bodily injury or property damage with respect to
which insurance is afforded under this policy; and the Insured
shall attend hearings and trials and assist in securing and
giving evidence and obtaining the attendance of witnesses.

Confidential

17.

The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief as shall be imperative at the time of the accident.

5.   Action Against INA

No action shall lie against INA unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and INA. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy.   No person or organization shall have any right under this policy to join INA as a party to any action against the Insured to determine the Insured's liability, nor shall INA be impleaded by the Insured or his legal representative.   Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve INA of any of its obligations hereunder.

6.   Other Insurance

The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance.   When this insurance is

Confidential

18.

primary and the Insured has other insurance which is stated
to be applicable to the loss on an excess or contingent basis,
the amount of INA's liability under this policy shall not be
reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss
on the same basis, whether primary, excess or contingent, INA
shall not be liable under this policy for a greater proportion
of the loss than stated in the applicable contribution provision
below:

(a) Contribution by Equal Shares.  If all of such other valid
and collectible insurance provides for contribution by equal
shares, INA shall not be liable for a greater proportion of
such loss than would be payable if each insurer contributes
an equal share until the share of each insurer equals the
lowest applicable limit of liability under any one policy or
the full amount of the loss is paid, and with respect to any
amount of loss not so paid the remaining insurers then continue
to contribute equal shares of the remaining amount of the loss
until each insurer has paid its limit in full or the full amount
of the loss is paid.

(b) Contribution by Limits.  If any of such other insurance
does not provide for contribution by equal shares, INA shall
not be liable for a greater proportion of such loss than the
applicable limit of liability under this policy for such loss
bears to the total applicable limit of liability of all valid
and collectible insurance against such loss.

Confidential

19.

7.  Subrogation

In the event of any payment under this policy, INA shall be
subrogated to all the Insured's rights of recovery therefor
against any person or organization and the Insured shall execute
and deliver instruments and papers and do whatever else is
necessary to secure such rights, but INA shall have no right
of subrogation against any subsidiary company of the Named
Insured or any company coming under the Named Insured's control
of which it assumes active management.  The Insured shall do
nothing after loss to prejudice such rights.

8.  Changes

Notice to any agent or knowledge possessed by any agent or by
any other person shall not effect a waiver or a change in any
part of this policy or estop INA from asserting any right under
the terms of this policy; nor shall the terms of this policy be
waived or changed, except by endorsement issued to form a part
of this policy.

9.  Assignment

Assignment of interest under this policy shall not bind INA
until its consent is endorsed hereon; if, however, the Named
Insured shall die, such insurance as is afforded by this policy
shall apply (1) to the Named Insured's legal representative,
as the Named Insured, but only while acting within the scope
of his duties as such, and (2) with respect to the property
of the Named Insured, to the person having proper temporary

Confidential

20.

custody thereof, as Insured, but only until the appointment
and qualification of the legal representative.

10. **Three Year Policy**

If this policy is issued for a period of three years, the limits
of INA's liability shall apply separately to each consecutive
annual period thereof.

11. **Cancellation**

This policy may be cancelled by the Named Insured by surrender
thereof to INA or any of its authorized agents or by mailing
to INA written notice stating when thereafter the cancellation
shall be effective.  This policy may be cancelled by INA by
mailing to the Named Insured at the address shown in this policy,
written notice stating when not less than thirty days thereafter
such cancellation shall be effective.  The mailing of notice
as aforesaid shall be sufficient notice.  The time of surrender
or the effective date and hour of cancellation stated in the
notice shall become the end of the policy period.  Delivery of
such written notice either by the Named Insured or by INA
shall be equivalent to mailing.

If the Named Insured cancels, earned premium shall be computed
in accordance with the customary short rate table and procedure.
If INA cancels, earned premium shall be computed pro rata.
Premium adjustment may be made either at the time cancellation
is effected or as soon as practicable after cancellation becomes
effective, but payment or tender of unearned premium is not a
condition of cancellation.

ABC000056273
SA 3185

21.

12. Declarations

By acceptance of this policy, the Named Insured agrees that the
statements in the declarations are his agreements and represen-
tations, that this policy is issued in reliance upon the truth
of such representations and that this policy embodies all
agreements existing between himself and INA or any of its
agents relating to this insurance.

ABC000056274
SA 3186

 PANY OF NORTH AMERICA

ENDORSEMENT #1

In consideration of the premium charged it is understood
and agreed that exclusion (n) is removed from this policy.

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | October 20, 1967 | at the hour specified in the policy. | Part of Policy No. ALB 4 84 03 |
|---|---|---|---|
| Issued to | KEYSTONE AREA COUNCIL BOY SCOUTS OF AMERICA | | |

Authorized Agent
Albert L. Allen Co., Inc.                    sea
Not valid unless countersigned by a duly authorized agent of the
INSURANCE COMPANY OF NORTH AMERICA

C-1762 200M 7-27-65 Ptd. in U.S.A.

*President*

**COMPANY REGISTRATION COPY**

Confidential

ABC000056275

SA 3187



OCT 9 1967

PRPC CANC.END. OCT 11 1967

Confidential

ABC000056276

**SA 3188**

COMPANY COPY

DAILY REPORT for use with CASUALTY INSURANCE POLICY Form 8089, and DECLARATIONS Page Form A-2135-0
THE HARTFORD INSURANCE GROUP
[1] Hartford Fire Insurance Co.
[2] Hartford Accident and Indemnity Co.
[3] Citizens Insurance Co. of New Jersey
[6] New York Underwriters Insurance Co.
[9] Northwestern Underwriters of Citizens
[7] Twin City Fire Insurance Co.

| INSURER→ | Co. Code | POLICY NO. 10 | C | A43303 |
|---|---|---|---|---|

INSURER→ **5**

**DECLARATIONS**
Items
1.  Named Insured and Address
The *named*    | Individual    | Partnership | X | Corporation
*insured* is:    | Joint Venture | Other

2.  Policy Period→ From

Previous Policy No.
**NEW**

**BOY SCOUTS OF AMERICA
ROUTE #1
NORTH BRUNSWICK, N J**

‖ ‖ 72      To ‖ ‖ 73
12:01 A.M., standard time at the address of the *named insured* as stated herein.

Audit Period: Annual, unless otherwise stated.

| Producer's Name and Address | Agent Code |
|---|---|
| WILSON & ALLEN 200 PARK AVENUE NEW YORK, N Y | 250480 |

| | |
|---|---|
| | Semi-Annual |
| X | Quarterly |
| | Monthly |

3.  The advance premium for this policy is as stated below.  Insurance is afforded by the Coverage Parts forming a part hereof, subject to such limits of liability as are stated therein and subject to all the terms of the policy having reference thereto.

SUMMARY OF ADVANCE PREMIUMS

| COVERAGE PARTS | ADVANCE PREMIUM |
|---|---|
| Comprehensive General Liability Insurance | $ 32,540.00 |
| Comprehensive Automobile Liability Insurance | $ |
| Automobile Medical Payments Insurance | $ |
| Uninsured Motorists Insurance | $ |
| Automobile Physical Damage Insurance | $ |
| Premises Medical Payments Insurance | $ |
| Contractual Liability Insurance | $ |
| Personal Injury Liability Insurance | $ |
| Garage Insurance | $ |
| | $ |
| | $ |

Form Numbers of Coverage Parts and endorsements not listed on Coverage Parts forming part of Policy at issue:
L3334-0
G2240-0-B (COMP RT END'T) AL-8-0-B (SL) G2240-0-B (PREM PAYMT)

| | TOTAL ADVANCE PREMIUM | $ 32,540.00 |
|---|---|---|

If Policy Period more than one year: Gross Premium $          Discount $          Net Premium $
Premium is payable: On effective date of Policy $          1st Anniversary $          2nd Anniversary $

4.  Business of the *named insured* is→          **EDUCATION DEVELOPMENT**

5.  During the past 3 years no Insurer has cancelled insurance, issued to the *named insured*, similar to that afforded hereunder unless otherwise stated herein.

‖ 15 DS/‖ 18 FO

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form A-2135-0  CDR  Printed in U. S. A.  6-'66

JTX-4000-8

Confidential - Subject to Protective Order

HFBKPLAN016196

SA 3189



## CASUALTY INSURANCE POLICY

GENERAL POLICY PROVISIONS    Form 8089

**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

# HARTFORD ACCIDENT AND INDEMNITY COMPANY

690 Asylum Avenue
Hartford, Connecticut  06115

(A stock insurance company, herein called the company)

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the *named insured* as follows:

## COVERAGE

Insurance is afforded by the Coverage Parts forming a part hereof, subject to such limits of liability as are stated therein and subject to all the terms of the policy having reference thereto.

## SUPPLEMENTARY PAYMENTS

The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the *insured* in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy,

and the cost of bail bonds required of the *insured* because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the *insured* for first aid to others at the time of an accident, for *bodily injury* to which this policy applies;

(d) reasonable expenses incurred by the *insured* at the company's request, including actual loss of wages or salary (but not loss of other income) not to exceed $25 per day because of his attendance at hearings or trials at such request.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

"*automobile*" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include *mobile equipment*;

"*bodily injury*" means bodily injury, sickness or disease sustained by any person;

"*collapse hazard*" includes "structural property damage" as defined herein and *property damage* to any other property at any time resulting therefrom. "Structural property damage" means the collapse of or structural injury to any building or structure due to (1) grading of land, excavating, borrowing, filling, back-filling, tunnelling, pile driving, cofferdam work or caisson work or (2) moving, shoring, underpinning, raising or demolition of any building structure or removal or rebuilding of any structural support thereof. The *collapse hazard* does not include *property damage* (1) arising out of operations performed for the *named insured* by independent contractors, or (2) included within the *completed operations hazard* or the *underground property damage hazard*, or (3) for which liability is assumed by the *insured* under an *incidental contract*;

"*completed operations hazard*" includes *bodily injury* and *property damage* arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the *named insured*. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the *named insured* under the contract have been completed,

(2) when all operations to be performed by or on behalf of the *named insured* at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

*property damage* arising out of

(a) operations in connection with the transportation of property, unless the *bodily injury* or *property damage* arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";

"*damages*" includes damages for death and for care and loss of services resulting from *bodily injury* and damages for loss of use of property resulting from *property damage*;

"*elevator*" means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hostway, stairway, runway, power equipment and machinery; but does not include an *automobile* servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

"*explosion hazard*" includes *property damage* arising out of blasting or explosion. The *explosion hazard* does not include *property damage* (1) arising out of the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) arising out of operations performed for the *named insured* by independent contractors, or (3) included within the *completed operations hazard* or the *underground property damage hazard*, or (4) for which liability is assumed by the *insured* under an *incidental contract*;

"*Incidental contract*" means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) *elevator* maintenance agreement;

"*insured*" means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each *insured* against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the *named insured*, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

"*named insured*" means the person or organization named in Item 1. of the declarations of this policy;

"*named insured's products*" means goods or products manufactured, sold, handled or distributed by the *named insured* or by others trading under his name, including any container thereof (other than a vehicle), but "*named insured's products*" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

"*occurrence*" means an accident, including injurious exposure to conditions, which results, during the policy period, in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured*;

"*policy territory*" means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the *bodily injury* or *property damage* does not occur in the course of travel or transportation to or from any other country, state or nation, or

(3) anywhere in the world with respect to *damages* because of *bodily injury* or *property damage* arising out of a product which was sold for use or consumption within the territory described in paragraph (1) above, provided the original suit for such damages is brought within such territory;

"*products hazard*" includes *bodily injury* and *property damage* arising out of the *named insured's products* or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs away from premises owned by or rented to the *named insured* and after physical possession of such products has been relinquished to others;

"*property damage*" means injury to or destruction of tangible property;

"*underground property damage hazard*" includes underground property damage as defined herein and *property damage* to any other property at any time resulting therefrom. "Underground property damage" means *property damage* to wires, conduits, pipes, mains, sewers, tanks, tunnels, any similar property, and any apparatus in connection therewith, beneath the surface of the ground or water, caused by and occurring during the use of mechanical equipment for the purpose of grading land, paving, excavating, drilling, borrowing, filling, back-filling or pile driving. The *underground property damage hazard* does not include *property damage* (1) arising out of operations performed for the *named insured* by independent contractors, or (2) included within the *completed operations hazard*, or (3) for which liability is assumed by the *insured* under an *incidental contract*.

## DESCRIPTION OF TERMS USED AS PREMIUM BASES

When used as a premium basis for:

(a) Comprehensive General Liability Insurance or Owners', Landlords' and Tenants' Liability Insurance, "*admissions*" means the total number of persons, other than employees of the *named insured*, admitted to the event covered by the insurance or to events conducted on the premises whether on paid admission tickets, complimentary tickets or passes;

(b) Comprehensive General Liability Insurance; Manufacturers' and Contractors' Liability Insurance; Owners', Landlords' and Tenants' Liability Insurance; Owners' and Contractors' Protective Liability Insurance, "*cost*" means the total cost to the *named insured* with respect to operations performed for the *named insured* during the policy period by independent contractors of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or subcontractor, including all fees, allowances, bonuses or commissions made, paid or due;

(c) Comprehensive General Liability Insurance; Manufacturers' and Contractors' Liability Insurance; Owners', Landlords' and Tenants' Liability Insurance or Completed Operations and Products Liability Insurance, "*receipts*" means the gross amount of money charged by the *named insured* for such operations by the *named insured* or by others during the policy period as are rated on a receipts basis other than receipts from telecasting, broadcasting or motion pictures, and includes taxes, other than taxes which the named insured collects as a separate item and remits directly to a governmental division;

(d) Comprehensive General Liability Insurance; Manufacturers' and Contractors' Liability Insurance or Owners', Landlords' and Tenants' Liability Insurance which includes coverage for structural alterations, new construction and demolition operations, "*remuneration*" means the entire remuneration earned during the policy period by proprietors and by all employees of the *named insured* (other than chauffeurs (except operators of *mobile equipment*) and aircraft pilots and co-pilots, subject to any overtime earnings or limitation of remuneration rule applicable in accordance with the manuals in use by the Company;

Form 8089

2

The co... busines... does n... a complete and accurate copy of the policy.