# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| Boy Scouts of America and Delaware BSA, LLC,[1] | Bankruptcy Case No. 20-10343 (LSS) (Jointly Administered) |
|         Debtors. | |
| | Lead Case No. 22-cv-01237-RGA |
| National Union Fire Insurance Co. of Pittsburgh, PA, *et al.*, | Consolidated Case Nos. 22-cv-01238-RGA; |
|         Appellants. | 22-cv-01239-RGA; 22-cv-01240-RGA; |
|  v. | 22-cv-01241-RGA; 22-cv-01242-RGA; |
| Boy Scouts of America and Delaware BSA, LLC, *et al.*, | 22-cv-01243-RGA; 22-cv-01244-RGA; 22-cv-01245-RGA; |
|         Appellees. | 22-cv-01246-RGA; 22-cv-01247-RGA; 22-cv-01249-RGA; 22-cv-01250-RGA; 22-cv-01251-RGA; 22-cv-01252-RGA; 22-cv-01258-RGA; 22-cv-01263-RGA |

## DEBTORS-APPELLEES' APPENDIX TO CONSOLIDATED ANSWERING BRIEF: VOLUME 11 (SA 3192 THROUGH SA 3226)

Dated: December 7, 2022

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

WHITE & CASE LLP
Jessica C. Lauria (admitted *pro hac vice*)
Glenn M. Kurtz (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
jessica.lauria@whitecase.com
gkurtz@whitecase.com

WHITE & CASE LLP
Michael C. Andolina
Matthew E. Linder
Laura E. Baccash
Blair M. Warner
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
mandolina@whitecase.com
mlinder@whitecase.com
laura.baccash@whitecase.com
blair.warner@whitecase.com

WHITE & CASE LLP
Ronald K. Gorsich
Doah Kim
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:  (213) 620-7700
rgorsich@whitecase.com
doah.kim@whitecase.com

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
dabbott@morrisnichols.com
aremming@morrisnichols.com
ptopper@morrisnichols.com

*Counsel for Debtors-Appellees and Debtors in Possession*

## INDEX OF SUPPLEMENTAL DOCUMENTS

| BSA Records | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| List of Current Members of the NEB (Exhibit B to Desai Declaration) | 1-191 | SA 0001 – SA 0004 |
| List of Current Members of the NEC (Exhibit E to Desai Declaration) | 1-192 | SA 0005 – SA 0007 |
| BSA Charter and Bylaws (as amended through May 2021) | 468 | SA 0008 – SA 0035 |
| Rules and Regulations of the Boy Scouts of America (September 2020) | 291 | SA 0036 – SA 0059 |
| Local Council Charter Renewals (Excerpt) | 7-3 | SA 0060 – SA 0063 |
| 2010 Articles of Incorporation Template (Mobile Area Council Articles of Incorporation, Art. II. Duration) | 187 | SA 0064 – SA 0067 |
| Form of Annual Unit Charter Agreement (2020) | 264 | SA 0068 – SA 0069 |
| BSA Bylaws (June 1, 2019) | 234 | SA 0070 – SA 0095 |
| Local Council Charter Renewal for Greenwich NR A2 (January 15, 2020) | 2976 | SA 0096 |
| Troop Roster for Troop 172 (Patriots Path Council) (Redacted) | 17 | SA 0097 – SA 0106 |
| Troop Roster for Sanford Troop 37 (Abraham Lincoln Council) (Redacted) | 23 | SA 0107 – SA 0108 |

| Examples and Templates of Local Council Articles & Bylaws | 7-2 | SA 0109 – SA 0373 |
| Troop Roster for Pack C-3210 (Cape Fear Council) (Redacted) | 43 | SA 0374 – SA 0377 |

| Proofs of Claim | Appendix Page Nos. |
| --- | --- |
| Proof of Claim No. 8174 | SA 0378 – SA 0387 |
| Proof of Claim No. 639 | SA 0388 – SA 0390 |
| Proof of Claim No. 4971 | SA 0391 – SA 0405 |
| Proof of Claim No. 9558 | SA 0406 – SA 0408 |
| Proof of Claim No. 9430 | SA 0409 – SA 0412 |
| Proof of Claim No. 9511 | SA 0413 – SA 0416 |
| Proof of Claim No. 12203 | SA 0417 – SA 0424 |
| Proof of Claim No. 5113 | SA 0425 – SA 0428 |
| Proof of Claim No. 10390 | SA 0429 – SA 0433 |
| Proof of Claim No. 12530 | SA 0434 – SA 0449 |
| Proof of Claim No. 1248 | SA 0450 – SA 0452 |
| Proof of Claim No. 9123 | SA 0453 – SA 0462 |
| Proof of Claim No. 7826 | SA 0463 – SA 0466 |

| | |
|---|---|
| Proof of Claim No. 343-13 | SA 0467 – SA 0469 |
| Proof of Claim No. 343-26 | SA 0470 – SA 0472 |
| Proof of Claim No. 6346 | SA 0473 – SA 0477 |

| State and Federal Litigation Documents | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Illinois Complaint filed by National Surety | 162 | SA 0478 – SA 0493 |
| Texas Complaint against Century, National Surety and Allianz | 185 | SA 0494 – SA 0515 |
| Texas Complaint against Hartford | 181 | SA 0516 – SA 0528 |
| Third Amended Complaint: *John Does I-XIX v. Boy Scouts of America, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, et al.* (District Court for the District of Idaho, No. 1:13-cv-00275-BLW) | 2912 | SA 0529 – SA 0587 |
| Trial by Jury Demand: *Plaintiffs v. Boy Scouts of America Corporation, Mobile Area Council Boy Scouts of America, et al.* (Circuit Court of Mobile County, Alabama, No. CV-2016) | 2920 | SA 0588 – SA 0617 |
| Notice of Removal: *A.A. v. the Boy Scouts of America, North Florida Council, Inc., Boy Scouts of America, et al.* (District Court for the Middle of District of Florida Ocala Division) | 2921 | SA 0618 – SA 1601 |
| Verified Complaint for Damages and Equitable Relief: *Plaintiff v. Roman Catholic Archbishop, et al.* (Superior Court of Guam, No. CV 0207-17) | 2910 | SA 1602 – SA 1613 |
| Complaint: *John Doe v. Boy Scouts of America; and Central Minnesota Council, Boy Scouts of America* (State of Minnesota County of Stearns, District Court, Seventh Judicial District, No. []) | 2913 | SA 1614 – SA 1638 |

| Documents filed in *In re Archbishop of Agana* ("AOA"), Case No. 19-00010 (Bankr. D. Guam) | AOA Docket No. | Appendix Page Nos. |
|---|---|---|
| Motion for Derivative Standing to Enforce the Automatic Stay and Take Other Actions | 616 | SA 1639 – SA 1659 |

5

| | | |
|---|---|---|
| Transcript of Hearing Held September 10, 2021 | 693 | SA 1660 – SA 1681 |
| Third Amended Chapter 11 Plan | 920 | SA 1682 – SA 1818 |
| BSA's Objection and Reservation of Rights to Confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization for the Archbishop of Agana | 948 | SA 1819 – SA 1836 |
| BSA's Objection to and Reservation of Rights to Debtors Motion Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order (1) Approving Settlement Agreement Among the Archdiocese, the AOA Entities, the Official Committee of Unsecured Creditors, and AIG Insurers Entities, (2) Approving the Archdiocese Sale of the Policies Issued to the Debtor Back to AIG Insurers Entities Free and Clear of Claims and Interests, and (3) Enjoining Assertion Of Claims Against AIG Insurers Entities | 989 | SA 1837 – SA 1866 |
| Order Granting 218 Stipulated Motion for Order Directing Mediation and Appointing the Honorable Robert J. Faris to Serve as Mediator | 227 | SA 1867 – SA 1868 |
| Transcript of Hearing Held October 4, 2022 | 1092 | SA 1869 – SA 1924 |
| Fifth Amended Chapter 11 Plan | 1044 | SA 1925 – SA 2116 |
| Order Approving Stipulation By and Between Debtor, Official Committee of Unsecured Creditors and Boy Scouts of America Regarding the BSA Plan Objection and Claim Objection | 1048 | SA 2117 – SA 2126 |
| Order Confirming Fifth Amended Joint Chapter 11 Plan of Reorganization | 1093 | SA 2127 – SA 2139 |
| Minute Entry Regarding September 10 Hearing | 690 | SA 2140 |

| Other Exhibits Admitted at Trial | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Email from Jeff Hunt to Wendy Kurten, et al. | 725 | SA 2141 – SA 2145 |
| Attachment to email: Change-Pro Redline of Claims Allowance Procedures | 502 | SA 2146 – SA 2175 |

| | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Attachment to email: Claims Allowance Procedures | 527 | SA 2176 – SA 2195 |
| Email from Debtors regarding BSA - Preliminary Comments on Draft CAP sent to Coalition, FCR, and Mediator | 529 | SA 2196 |
| Attachment to email: BSA Redline of Claims Allowance Procedures (comparing June 8, 2021 version to June 6, 2021 version) | 533 | SA 2197 – SA 2245 |
| Attachment to email: Change-Pro Redline of Claims Allowance Procedures (comparing version 3 and version 4) | 537 | SA 2246 – SA 2466 |
| Attachment to email: Change-Pro Redline of Claims Allowance Procedures (comparing version 3 and version 1) | 539 | SA 2267 – SA 2290 |
| Plaintiff John Doe 4's First Amended Complaint: *John Doe 4 v. Boy Scouts of America, Chicago Area Council, et al.* (Circuit Court of Cook County, Illinois, No. 2018 L 211) | 2911 | SA 2291 – SA 2356 |
| Complaint Fraud and Constructive Fraud: *John Doe XX, et al. v. Boy Scouts of America, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, et al.* (District Court for the District of Idaho) | 2914 | SA 2357 – SA 2380 |
| Redacted Second Revised Complaint: *John Doe #1, et al. v. Boy Scouts of America Corporation, Fairfield County Council of the Boy Scouts of America, et al.* (Superior Court, Connecticut, J.D. of Stamford/Norwalk at Stamford, No. FST-cv-15-5015023-S) | 2916 | SA 2381 – SA 2456 |

| Insurance Policies | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Hartford Pine Tree Council Casualty Insurance Policy No. 04C157992 | 1154 | SA 2457 – SA 2491 |
| Hartford Fire Insurance Co. Policy No. 12CCP500098 | 1155 | SA 2492 – SA 2547 |
| INA Policy No. 15-12-11 | 4000-1 | SA 2548 – SA 2599 |
| Allianz 1980 Umbrella Policy No. UMB 599346 | 10-1 | SA 2600 – SA 2620 |

| | | |
|---|---|---|
| Old Republic Insurance Company Commercial Excess Liability Insurance Policy for period of March 1, 2017 to March 1, 2018 | 10-7 | SA 2621 – SA 2664 |
| INA Policy No. 70-64-52 | 4000-2 | SA 2665 – SA 2700 |
| Hartford Insurance Policy | 4000-10 | SA 2701 – SA 3081 |
| INA Policy No. 07-54-09-4 | 4000-4 | SA 3082 – SA 3164 |
| INA Policy No. 4-84-03 | 4000-6 | SA 3165 – SA 3188 |
| Hartford Insurance Policy No. 10 C A43303 | 4000-8 | SA 3189 – SA 3332 |
| Hartford Insurance Policy | 4000-9 | SA 3333 – SA 3571 |
| Hartford Insurance Policy No. CBP 109170 | 4000-11 | SA 3572 – SA 3644 |
| Hartford Insurance Policy No. 54 C 990478 | 4000-12 | SA 3645 – SA 3673 |
| Hartford Insurance Policy No. 32 HU 380257 | 4000-13 | SA 3674 – SA 3684 |

| Appendix Documents Filed Under Seal | Joint Trial Exhibit No. | Appendix Page Nos. |
|---|---|---|
| Initial Hartford Settlement Agreement | 1481 | SA 3685 – SA 3696 |
| Proof of Claim No. 87715 | N/A | SA 3697 – SA 3789 |

| Illinois Century Answer | 202 | SA 3790 – SA 3821 |
| --- | --- | --- |

| Multimedia Documents to be Lodged with the Court[2] | Joint Trial Exhibit No. | Appendix Page Nos. |
| --- | --- | --- |
| BSA and Local Council Insurance Policies | 10 | SA 3822 |
| All Proofs of Claim | 14 | SA 3823 |
| Settled and Unsettled Local Council Policy Information (Excel Format) | 2961 | SA 3824 |

---

[2]   The following documents cannot be filed on the Court's docket due to their size or file format. The Appellees will make these documents available to the Court and the parties. For purposes of citing these documents in the Debtors-Appellees' Consolidated Answering Brief, the Appellees have assigned these documents appendix page numbers in accordance with the "SA___" convention.

(e) Comprehensive General Liability Insurance or Completed Operations and Products Liability Insurance, **"sales"** means the gross amount of money charged by the *named insured* or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the *named insured* and such others collect as a separate item and remit directly to a governmental division;

(f) Contractual Liability Insurance, **"cost"** means the total cost to any indemnitee, with respect to any contract which is insured, of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or the subcontractor, including all fees, allowances, bonuses or commissions made, paid or due;

(g) Garage Insurance, **"remuneration"** means (a) the entire remuneration earned during the policy period by each Class A employee and each Class C employee of the *named insured*, subject to an average weekly maximum of $100, and (b) the remuneration of each Class B person at a fixed amount of $2,000 per annum

    **"Class A"** means all clerical office employees

    **"Class B"** means all proprietors and officers active in the business, and inactive proprietors or officers (other than an inactive proprietor or officer who is a spouse of an active proprietor or officer) who customarily drive an automobile

owned by the *named insured;* and all salesmen, general managers, service managers and chauffeurs

    **"Class C"** means all other employees;

(h) Comprehensive Automobile Liability Insurance,

(1) **"cost of hire"** means the amount incurred for (a) the hire of *automobiles*, including the entire remuneration of each employee of the *named insured* engaged in the operation of such automobiles subject to an average weekly maximum remuneration of $100, and for (b) pick-up, transportation or delivery service of property or passengers, other than such services performed by motor carriers which are subject to the security requirements of any motor carrier law or ordinance. The rates for each $100 of **"cost of hire"** shall be 5% of the applicable *hired automobile* rates, provided the owner of such *hired automobile* has purchased *automobile* Bodily Injury Liability and Property Damage Liability insurance covering the interest of the *named insured* on a direct primary basis as respects such *automobile* and submits evidence of such insurance to the *named insured;*

(2) **"Class 1 persons"** means the following persons, provided their usual duties in the business of the *named insured* include the use of *non-owned automobiles:* (a) all employees, including officers, of the *named insured* compensated for the use of such *automobiles* by salary, commission, terms of employment, or specific operating allowance of any sort; (b) all direct agents and representatives of the *named insured;*

(3) **"Class 2 employees"** means all employees, including officers, of the *named insured*, not included in Class 1 persons.

## NUCLEAR ENERGY LIABILITY EXCLUSION

This exclusion modifies the provisions of the policy relating to ALL LIABILITY AND MEDICAL PAYMENTS INSURANCE OTHER THAN COMPREHENSIVE PERSONAL AND FARMERS COMPREHENSIVE PERSONAL INSURANCE.

It is agreed that:

I. The policy does not apply:

A. Under any Liability Coverage, to *bodily injury* or *property damage*

(1) with respect to which an *insured* under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the *insured* is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to *bodily injury* resulting from the *hazardous properties* of nuclear material and arising out of the operation of a *nuclear facility* by any person or organization.

C. Under any Liability Coverage, to *bodily injury* or *property damage* resulting from the *hazardous properties* of nuclear *material*, if

(1) the *nuclear material* (a) is at any *nuclear facility* owned by, or operated by or on behalf of, an *insured* or (b) has been discharged or dispersed therefrom;

(2) the *nuclear material* is contained in *spent fuel* or *waste* at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an *insured;* or

(3) the *bodily injury* or *property damage* arises out of the furnishing by an *insured* of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any *nuclear*

*facility*, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to *property damage* to such *nuclear facility* and any property therein thereat.

II. As used in this exclusion:

    **"hazardous properties"** include radioactive, toxic or explosive properties;

    **"nuclear material"** means *source material, special nuclear material* or *byproduct material;*

    **"source material"**, **"special nuclear material"**, and **"byproduct material"** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

    **"spent fuel"** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a *nuclear reactor;*

    **"waste"** means any waste material (1) containing *byproduct material* and (2) resulting from the operation by any person or organization of any *nuclear facility* included within the definition of *nuclear facility* under paragraph (a) or (b) thereof;

    **"nuclear facility"** means

(a) any *nuclear reactor*,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing *spent fuel*, or (3) handling, processing or packaging *waste*,

(c) any equipment or device used for the processing, fabricating or alloying of *special nuclear material* if at any time the total amount of such material in the custody of the *insured* at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of *waste*,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

    **"nuclear reactor"** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

    **"property damage"** includes all forms of radioactive contamination of property.

The company located these documents in its business records, and the documents constitute a company business record.

Form 8089

1

CONDITIONS

**1. Premium**  All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period.  At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the *named insured*, shall become due and payable.  If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the *named insured* the unearned portion paid by the *named insured*.

The *named insured* shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**2. Inspection and Audit**  The company shall be permitted but not obligated to inspect the *named insured's* property and operations at any time.  Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the *named insured* or others, to determine or warrant that such property or operations are safe.

The company may examine and audit the *named insured's* books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**3. Financial Responsibility Laws**  When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for *bodily injury* liability or for *property damage* liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The *insured* agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**4. Insured's Duties in the Event of Occurrence, Claim or Suit**
(a) In the event of an *occurrence*, written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company or any of its authorized agents as soon as practicable.  The *named insured* shall promptly take at his expense all reasonable steps to prevent other *bodily injury* or *property damage* from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy.
(b) If claim is made or suit is brought against the *insured*, the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
(c) The *insured* shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the *insured* because of *bodily injury* or *property damage* with respect to which insurance is afforded under this policy; and the *insured* shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses.  The *insured* shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**5. Action Against Company**  No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the *insured's* obligation to pay shall have been finally determined either by judgment against the *insured* after actual trial or by written agreement of the *insured*, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy.  No person or organization shall have any right under this policy to join the company as a party to any action against the *insured* to determine the *insured's* liability, nor shall the company be impleaded by the *insured* or his legal representative.  Bankruptcy or insolvency of the *insured* or of the *insured's* estate shall not relieve the company of any of its obligations hereunder.

**6. Other Insurance**  The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance.  When this insurance is primary and the *insured* has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:
(a) **Contribution by Equal Shares.**  If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.
(b) **Contribution by Limits.**  If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation**  In the event of any payment under this policy, the company shall be subrogated to all the *insured's* rights of recovery therefor against any person or organization and the *insured* shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.  The *insured* shall do nothing after loss to prejudice such rights.

**8. Changes**  Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy;  nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the company.

**9. Assignment**  Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the *named insured* shall die, such insurance as is afforded by this policy shall apply (1) to the *named insured's* legal representative, as the *named insured*, but only while acting within the scope of his duties as such, and (2) with respect to the property of the *named insured*, to the person having proper temporary custody thereof, as *insured*, but only until the appointment and qualification of the legal representative.

**10. Three Year Policy**  If this policy is issued for a period of three years, the limits of the company's liability shall apply separately to each consecutive annual period thereof.

**11. Cancellation**  This policy may be cancelled by the *named insured* by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective.  This policy may be cancelled by the company by mailing to the *named insured* at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective.  The mailing of notice as aforesaid shall be sufficient proof of notice.  The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period.  Delivery of such written notice either by the *named insured* or by the company shall be equivalent to mailing.

If the *named insured* cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata.  Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**12. Declarations**  By acceptance of this policy, the *named insured* agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

**In Witness Whereof,** the HARTFORD ACCIDENT AND INDEMNITY COMPANY has caused this policy to be signed by its President and a Secretary, but the same shall not be binding unless countersigned on the declarations page by a duly authorized agent of the company.

*Secretary*

*President*

Form 8089-5  Printed in U. S. A.  2-'66  (NBCU-3767)                    4

This document is currently unavailable in its native format and does not certify that these documents constitute a complete and accurate copy of the record

## COMPREHENSIVE GENERAL LIABILITY INSURANCE

### COVERAGE PART

*(continued)*

### I.  COVERAGE A — BODILY INJURY LIABILITY

### COVERAGE B — PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of

#### Coverage A — *bodily injury* or

#### Coverage B — *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking *damages* on account of such *bodily injury* or *property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a)  to liability assumed by the *insured* under any contract or agreement except an *incidental contract;* but this exclusion does not apply to a warranty of fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;

(b)  to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of

(1)  any *automobile* or aircraft owned or operated by or rented or loaned to the *named insured*, or

(2)  any other *automobile* or aircraft operated by any person in the course of his employment by the *named insured;*

but this exclusion does not apply to the parking of an *automobile* on premises owned by, rented to or controlled by the *named insured* or the ways immediately adjoining, if such *automobile* is not owned by or rented or loaned to the *named insured;*

(c)  to *bodily injury* or *property damage* arising out of and in the course of the transportation of *mobile equipment* by an *automobile* owned or operated by or rented or loaned to the *named insured;*

(d)  to *bodily injury* or *property damage* arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft, if the *bodily injury* or *property damage* occurs away from premises owned by, rented to or controlled by the *named insured;* but this exclusion does not apply to *bodily injury* or *property damage* included within the *products hazard* or the *completed operations hazard* or resulting from operations performed for the *named insured* by independent contractors or to liability assumed by the *insured* under an *incidental contract;*

(e)  to *bodily injury* or *property damage* due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to

(1)  liability assumed by the *insured* under an *incidental contract,* or

(2)  expenses for first aid under the Supplementary Payments provision;

(f)  to *bodily injury* or *property damage* for which the *insured* or his indemnitee may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcoholic beverage

(1)  in violation of any statute, ordinance or regulation,

(2)  to a minor,

(3)  to a person under the influence of alcohol, or

(4)  which causes or contributes to the intoxication of any person;

(g)  to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(h)  to *bodily injury* to any employee of the *insured* arising out of and in the course of his employment by the *insured;* but this exclusion does not apply to liability assumed by the *insured* under an *incidental contract;*

(i)  to *property damage* to

(1)  property owned or occupied by or rented to the *insured*,

(2)  property used by the *insured*, or

(3)  property in the care, custody or control of the *insured* or as to which the *insured* is for any purpose exercising physical control;

but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to *property damage* (other than to *elevators*) arising out of the use of an *elevator* at premises owned by, rented to or controlled by the *named insured;*

(j)  to *property damage* to premises alienated by the *named insured* arising out of such premises or any part thereof;

(k)  to *bodily injury* or *property damage* resulting from the failure of the *named insured's products* or work completed by or for the *named insured* to perform the function or serve the purpose intended by the *named insured*, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any *insured;* but this exclusion does not apply to *bodily injury* or *property damage* resulting from the active malfunctioning of such products or work;

(l)  to *property damage* to the *named insured's products* arising out of such products or any part of such products;

(m)  to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(n)  to *damages* claimed for the withdrawal, inspection, repair, replacement, or loss of use of the *named insured's products* or work completed by or for the *named insured* or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(o)  to *property damage* included within:

(1)  the *explosion hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "x",

This company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Confidential - Subject to Protective Order

HFBKPLAN016201

SA 3194


**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**

**COVERAGE PART**

*(continued)*

(2) the *collapse hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "c",

(3) the *underground property damage hazard* in connection with operations identified in this policy by a classification code number which includes the symbol "u".

## II.  PERSONS INSURED

Each of the following is an *insured* under this insurance to the extent set forth below:

(a) if the *named insured* is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor;

(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the *named insured*) or organization while acting as real estate manager for the *named insured;* and

(e) with respect to the operation, for the purpose of locomotion upon a public highway, of *mobile equipment* registered under any motor vehicle registration law,

   (i) an employee of the *named insured* while operating any such equipment in the course of his employment, and

   (ii) any other person while operating with the permission of the *named insured* any such equipment registered in the name of the *named insured* and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;

provided that no person or organization shall be an *insured* under this paragraph (e) with respect to:

(1) *bodily injury* to any fellow employee of such person injured in the course of his employment, or

(2) *property damage* to property owned by, rented to, in charge of or occupied by the *named insured* or the employer of any person described in subparagraph (ii).

This insurance does not apply to *bodily injury* or *property damage* arising out of the conduct of any partnership or joint venture of which the *insured* is a partner or member and which is not designated in this policy as a *named insured.*

## III.  LIMITS OF LIABILITY

Regardless of the number of (1) *insureds* under this policy, (2) persons or organizations who sustain *bodily injury* or *property damage,* or (3) claims made or suits brought on account of *bodily injury* or *property damage,* the company's liability is limited as follows:

Coverage A — The limit of *bodily injury* liability stated in the schedule as applicable to "each person" is the limit of the company's liability for all *damages* because of *bodily injury* sustained by one person as the result of any one *occurrence;* but subject to the above provision respecting "each person", the total liability of the company for all *damages* because of *bodily injury* sustained by two or more persons as the result of any one *occurrence* shall not exceed the limit of *bodily injury* liability stated in the schedule as applicable to "each *occurrence*".

Subject to the above provisions respecting "each person" and "each *occurrence*", the total liability of the company for all *damages* because of (1) all *bodily injury* included within the *completed operations hazard* and (2) all *bodily injury* included within the *products hazard* shall not exceed the limit of *bodily injury* liability stated in the schedule as "aggregate".

Coverage B — The total liability of the company for all *damages* because of all *property damage* sustained by one or more persons or organizations as the result of any one *occurrence* shall not exceed the limit of *property damage* liability stated in the schedule as applicable to "each *occurrence*".

Subject to the above provision respecting "each *occurrence*", the total liability of the company for all *damages* because of all *property damage* to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of *property damage* liability stated in the schedule as "aggregate":

(1) all *property damage* arising out of premises or operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including *property damage* for which liability is assumed under any *incidental contract* relating to such premises or operations, but excluding *property damage* included in subparagraph (2) below;

(2) all *property damage* arising out of and occurring in the course of operations performed for the *named insured* by independent contractors and general supervision thereof by the *named insured,* including any such *property damage* for which liability is assumed under any *incidental contract* relating to such operations, but this subparagraph (2) does not include *property damage* arising out of maintenance or repairs at premises owned by or rented to the *named insured* or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all *property damage* included within the *products hazard* and all *property damage* included within the *completed operations hazard.*

Such aggregate limit shall apply separately to the *property damage* described in subparagraphs (1), (2) and (3) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the *named insured.*

Coverages A and B — For the purpose of determining the limit of the company's liability, all *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence.*

## IV.  POLICY PERIOD; TERRITORY

This insurance applies to *bodily injury* or *property damage* which occurs during the policy period within the policy territory.

documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-3003-0   Printed in U. S. A.   6-'66      CGL-3

Confidential - Subject to Protective Order



Named Insured and Address

*Boy Scouts of America*

This endorsement forms a part of Policy No. **10  C  A43303**
issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of said
policy unless another effective date is stated herein.

Effective date.................................................................... Effective hour is the same as stated in the Declarations of the
Policy.

## PREMIUM PAYMENT

| 1 1 72  | $8,130.00 |
| 2 1 72  | 2,441.00 |
| 3 1 72  | 2,441.00 |
| 4 1 72  | 2,441.00 |
| 5 1 72  | 2,441.00 |
| 6 1 72  | 2,441.00 |
| 7 1 72  | 2,441.00 |
| 8 1 72  | 2,441.00 |
| 9 1 72  | 2,441.00 |
| 10 1 72 | 2,441.00 |
| 11 1 72 | 2,441.00 |

*Broker is paying
Full amounts. No
installments — as
per J. Allen*

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect
as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a
duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by..............................................
Authorized Agent

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form G-2240-0 B   Printed in U.S.A.   2-'64

Confidential - Subject to Protective
Order

HFBKPLAN016203

SA 3196

## RESIDENT AGENT COUNTERSIGNATURE ENDORSEMENT




**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Named Insured and Address

This Endorsement forms
a part of ☑ Policy No. ☐ *Bond No...... **10 C A 3303** Company des-
issued by THE HARTFORD INSURANCE GROUP Company des-
ignated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

**Boy Scouts of America
Route No. 1
North Brunswick, N.J.**

Effective date.............. **1-1-72** ..............

Effective hour is the same as stated in the Declarations of
the Policy.

*Note:  *If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".*

| State for which this endorsement is issued | Producing Agent or Broker |
|---|---|
| **Alaska** | **Wilson and Allen    25-0480** |

The insurer with respect to each coverage shall be as designated by Co. Code Number.

| Co. Code | Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|---|
| | Bodily Injury | $ | **5** | General Liability | $ **727.00** |
| | Medical Payments | $ | | Workmen's Compensation | $ |
| | Property Damage | $ | | Burglary | $ |
| | Comprehensive | $ | | Glass | $ |
| | Collision | $ | | Bond | $ |
| | Other (specify) | $ | | Other (specify) | $ |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

The countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so far as concerns that portion of the Risk located in the State named above.

| Agency Location | Countersigned by (Resident Agent) |
|---|---|
| | |

Form G-1760-6   Printed in U. S. A.   8-'64

The company located these documents in its business records. At this time, the company does not certify that these documents constitute complete and accurate copy of the policy.

Confidential - Subject to Protective Order

HFBKPLAN016204

SA 3197

**San Francisco, Cal** COUNTERSIGNATURE MEMO

Regional Att Agency Supt.

| Insured | | | Address | | |
|---|---|---|---|---|---|
| Boy Scout of America | | | Route No. 1 New Brunswick, N.J. | | |

| Company Office | Co. Code | Policy No. | | Expiration | Date |
|---|---|---|---|---|---|
| New York | 5 | 10 C A43303 | 1-1-73 | 8-3-72 | |

Name and Address of Producer

Please show Countersigning Agent preferred, if any, in block below.

Wilson & Allen    25-0480
200 Park Avenue
New York, New York

Name and Address of Countersigning Agent

**PRODUCER —**

The risk in caption involves inter-state coverage, which can be effected only by compliance with the respective state's laws. We are glad to be of assistance as intermediary in arranging such countersignature, but cannot be a party to any negotiation with the Countersigning Agent for the payment of the commission or fees. The countersigning fee should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account Current. If you accept an Office Account, you will be billed accordingly.

| States of Insured's Operations | Non-Resident License, if any | |
|---|---|---|
| | Number | Name of Licensee |
| Alaska | 776 | Joseph W. Allen |

If not licensed, is same desired?   ☐ Yes   ☐ No. If "Yes", which States.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Producer's Rate of Commission   **5 %**   Premium   **727.00**

Effective Date

Form G-2669-0   Printed in U.S.A.   8-'67

*Wilson Allen Inc*
25-0480

*Poldate 1-1-72/74*

This endorsement forms a part of Policy No. **10 C A43303**
issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of said
policy unless another effective date is stated herein.

Named Insured and Address

**BOY SCOUTS OF AMERICA
ROUTE NO. 1
NORTH BRUNSWICK, N.J.**

Effective date ........ **1-1-73** ........ Effective hour is the same as stated in the Declarations of the Policy.

## ADDITIONAL PREMIUM $217,390.00

IT IS UNDERSTOOD AND AGREED THAT IN CONSIDERATION OF AN ADDITIONAL
ESTIMATED PREMIUM OF $217,390.00  THIS POLICY IS EXTENDED TO JANUARY 1, 1974.

THE A/P IS DUE AND PAYABLE AS FOLLOWS:

|                   | B.I.        | P.D.       | TOTAL       |
|-------------------|-------------|------------|-------------|
| JAN. 1, 1973      | $ 30,435.00 | $ 13,043.00| $ 43,478.00 |
| FEB. 1, 1973      | 12,172.00   | 5,221.00   | 17,393.00   |
| MARCH 1, 1973     | 12,174.00   | 5,217.00   | 17,391.00   |
| APRIL 1, 1973     | 12,174.00   | 5,217.00   | 17,391.00   |
| MAY 1, 1973       | 12,174.00   | 5,217.00   | 17,391.00   |
| JUNE 1, 1973      | 12,174.00   | 5,217.00   | 17,391.00   |
| JULY 1, 1973      | 12,174.00   | 5,217.00   | 17,391.00   |
| AUGUST 1, 1973    | 12,174.00   | 5,217.00   | 17,391.00   |
| SEPTEMBER 1, 1973 | 12,174.00   | 5,217.00   | 17,391.00   |
| OCTOBER 1, 1973   | 12,174.00   | 5,217.00   | 17,391.00   |
| NOVEMBER 1, 1973  | 12,174.00   | 5,217.00   | 17,391.00   |
| TOTALS:           | $ 152,173.00| $ 65,217.00| $ 217,390.00|

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect
as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a
duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

JMB/1/16-72

WILSON AND ALLEN, INC.  250480

Countersigned by ........................
Authorized Agent

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form G-2240-0 B  Printed in U.S.A.  2-'64

Confidential - Subject to Protective
Order

HFBKPLAN016206

SA 3199

| Subit | (Mass Auto Only) | | | AT 2 | Inst. 11 | Type 3 | Tran. 1 | **CASUALTY AND MARINE CODING APRON** | | | | | | | | | | | | Original Premium (Type X Only) | |

| State | PIP | Tax Loc. Code | Dev. | Primary Premiums | Comm. | Major Line | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 | 70 | 71 | Secondary Premium | Primary | Sec- ondary |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | | | | 152,173.⁰⁰ | 050 | 044⁰ | | | | 9 | 9 | 0 | | | | | | | | 9 | 1 | 8 | 0 | 65217.⁰⁰ | | |
| | | | | | 160 | | | | | | | | | | | | | | | | | | | | | |

*see you comm*

| Effective Dates | Premium | Comm. | Effective Dates | Premium | Comm. | Col period 1-1-73-74 |
|---|---|---|---|---|---|---|
| 1-73 | 43,478⁰⁰ | 050 | 7-73 | 17,391.⁰⁰ | 050 | |
| 2-73 | 17,398⁰⁰ | 050 | 8-73 | 17,391⁰⁰ | 050 | |
| 3-73 | 17,391⁰⁰ | 050 | 9-73 | 17,391 | 050 | |
| 4-73 | 17,391⁰⁰ | 050 | 10-73 | 17,391⁰⁰ | 050 | |
| 5-73 | 17,391⁰⁰ | 050 | 11-73 | 17,391⁰⁰ | 050 | |
| 6-73 | 17,391⁰⁰ | 050 | | | | MGR |

The company located these documents in its business records. At the time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form OA-448-0   Printed in U. S. A.   7-'71

HFBKPLAN016207

SA 3200

Mallia

Boy Scouts of America

Location

S.P.D.

Date

Re : 10 C A4330₃

This policy was Corbel

for 5.0% Commission

it should have been

**Reply Message**

10.0 %

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

From

Location

Date

Printed in U. S. A.  11-'68

Confidential - Subject to Protective Order

HFBKPLAN016208

SA 3201

| A.T. | Inst. | Type | Tran. | | CASUALTY AND MARINE CODING APRON | | Original Premium (Type X Only) |
|---|---|---|---|---|---|---|---|
| 2 | 11 | 1 | 1 | | | | |

| Loc. Code | Dev. | Primary Premiums | Comm. | Major Line | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 | 70 | 71 | Secondary Premium | Primary | Secondary |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 217,390 00 | 100 | 0440 | 5/C | | | X | | | | | | | | | | | | | | | | |
| | | 217,390 00 C | 050 | 0440 | 5/C | | | X | | | | | | | | | | | | | | | | |
| | | | | | | Collection Purpose → | | | | | @ 100 | | | | | → | @ 050 | | | | | | |
| | | | | | | | | | | 1-73 | 43,478 00 | | | | | | 43,478 00 C | | | | | | |
| | | | | | | | | | | 2-73 | 17,373 00 | | | | | | 17,373 00 C | | | | | | |
| | | | | | | | | | | 3-73 | 17,391 00 | | | | | | 17,391 00 C | | | | | | |
| | | | | | | | | | | 4-73 | 17391 00 | | | | | | 17391 00 C | | | | | | |
| | | | | | | | | | | 5-73 | 17391 00 | | | | | | 17391 00 C | | | | | | |
| | | | | | | | | | | 6-73 | 17391 00 | | | | | | 17391 00 C | | | | | | |
| | | | | | | | | | | 7-73 | 17391 00 | | | | | | 17391 00 C | | | | | | |
| | | | | | | | | | | 8-73 | 17391 00 | | | | | | 17391 00 C | | | | | | |
| | | | | | | | | | | 9-73 | 17391 00 | | | | | | 17391 00 C | | | | | | |
| | | | | | | | | | | 10-73 | 17391 00 | | | | | | 17391 00 C | | | | | | |
| | | | | | | | | | | 11-73 | 17391 00 | | | | | | 17391 00 C | | | | | | |

| Effective Dates | Premium | Comm. | Effective Dates | Premium | Comm. |
|---|---|---|---|---|---|
| | | | F/S 248 FEB '73 | | Revising Comm |
| | | | | | |

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy

Form OA-448-0   Printed in U.S.A.   7-'71

Confidential - Subject to Protective Order

## RESIDENT AGENT COUNTERSIGNATURE ENDORSEMENT

 **THE HARTFORD** INSURANCE GROUP HARTFORD, CONNECTICUT

Co. Code
[1] Hartford Fire Insurance Company
[5] Hartford Accident and Indemnity Company
[3] Citizens Insurance Company of New Jersey

Co. Code
[6] New York Underwriters Insurance Company
[7] Twin City Fire Insurance Company

This Endorsement forms a part of ☒ Policy No. ☐ *Bond No. **10 C A43303** issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Named Insured and Address

**BOY  SCOUTS OF AMERICA
ROUTE NO. 1
NEW BRUNSWICK, N.J.**

Effective date.... **1-1-73**

Effective hour is the same as stated in the Declarations of the Policy.

*Note:   If this endorsement is issued to form a part of a bond, the word "Policy" as used herein means "Bond".

| State for which this endorsement is issued | Producing Agent or Broker |
|---|---|
| **MISSISSIPPI** | **WILSON AND ALLEN, INC. 250480** |

The insurer with respect to each coverage shall be as designated by Co. Code Number.

| Co. Code | Coverages (Automobile) | Premium For State | Co. Code | Coverages (other than Automobile) | Premium For State |
|---|---|---|---|---|---|
| **5** | Bodily Injury | $ **2389.67** | | General Liability | $ |
| | Medical Payments | $ | | Workmen's Compensation | $ |
| **5** | Property Damage | $ **1024.60** | | Burglary | $ |
| | Comprehensive | $ | | Glass | $ |
| | Collision | $ | | Bond | $ |
| | Other (specify) | $ | | Other (specify) | $ |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

The countersignature hereto, by a duly authorized agent of the company, is to be considered the valid countersignature to the above policy, in so far as concerns that portion of the Risk located in the State named above.

| Agency Location | Countersigned by (Resident Agent) |
|---|---|
| | |

Form G-1760-7   Printed in U.S.A.   6-'70

The company located these documents in its possession, but does not certify that these documents constitute a complete and accurate copy of the policy.

# NEW ORLEANS REGIONAL — COUNTERSIGNATURE MEMO

| Insured | Address |
|---|---|
| **BOY SCOUTS OF AMERICA** | **ROUTE NO. 1**<br>**NEW BRUNSWICK, NEW JERSEY** |

| Company Office | Co. Code | Policy No. | Expiration | Date |
|---|---|---|---|---|
| **NEW YORK** | **5** | **10 C A43303** | **1-1-74** | **5-25-73** |

Please show Countersigning Agent preferred, if any, in block below.

Name and Address of Producer

**WILSON AND ALLEN, INC.**
**200 PARK AVENUE,**
**NEW YORK, NEW YORK**

Name and Address of Countersigning Agent

**COMMERCIAL AGENCY INC.**
**JACKSON, MISS.**

**PRODUCER —**

The risk in caption involves inter-state coverage, which can be effected only by compliance with the respective state's laws. We are glad to be of assistance as intermediary in arranging such countersignature, but cannot be a party to any negotiation with the Countersigning Agent for the payment of the commission or fees. The countersigning fee should be remitted directly to the Countersigning Agent.

Please enter the premium, less commission, in your Account Current. If you accept an Office Account, you will be billed accordingly.

| States of Insured's Operations | Non-Resident License, if any | |
|---|---|---|
| | Number | Name of Licensee |
| **MISSISSIPPI** | **9206** | **Fred C. Wilson** |

If not licensed, is same desired?  ☐ Yes   ☐ No.  If "Yes", which States?

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Producer's Rate of Commission ____ %  Premium _____  Effective Date _____

Form G-2669-0   Printed in U. S. A.   8-'67        **COMPANY OFFICE OF PRODUCER**

Confidential - Subject to Protective Order

RW-6-4-AVD.   250480
WILSON & ALLEN 250480

A/P: $56,177.00

1-1-72/74

TO C A43303

Named Insured and Address

BOY SCOUTS OF AMERICA.

NO. BRUNSWICK, NJ

This endorsement forms a part of Policy No.
issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of said
policy unless another effective date is stated herein.

1-1-73.

250480   Effective date...................   Effective hour is the same as stated in the Declarations of the

ADDITIONAL PREMIUM$56,177.00

IT IS AGREED THERE SHALL BE AN ESTIMATED ADDITIONAL PREMIUM OF $56,177.00 CHANGING THE TOTAL ESTIMATED ADDITIONAL PREMIUM CHARGED THE INSURED FROM $217,390.00 TO $273,567.00.

THE REVISED TOTAL ESTIMATED ADDITIONAL PREMIUM IS BASED ON EXPOSURES FOUND IN REPORT #1, EFF: 1-1-73 TO 1-1-73  AND REPORT #2 EFF: 2-1-73 TO 2-15-73.

THE REVISED A/P IS DUE AND PAYABLE AS FOLLOWS:

|  | BI | PD | TOTAL |
|---|---|---|---|
| JANUARY 1,1973 | 38,301.00 | 16,416.00 | 54,717.00 |
| FEB. 1,1973 | 15,320.00 | 6,565.00 | 21,885.00 |
| MARCH 1,1973 | 15,320.00 | 6,565.00 | 21,885.00 |
| APRIL 1,1973 | 15,320.00 | 6,565.00 | 21,885.00 |
| MAY 1,1973 | 15,320.00 | 6,565.00 | 21,885.00 |
| JUNE 1,1973 | 15,320.00 | 6,565.00 | 21,885.00 |
| JULY 1,1973 | 15,320.00 | 6,565.00 | 21,885.00 |
| AUG. 1,1973 | 15,320.00 | 6,565.00 | 21,885.00 |
| SEPT. 1,1973 | 15,320.00 | 6,565.00 | 21,885.00 |
| OCT. 1,1973 | 15,320.00 | 6,565.00 | 21,885.00 |
| NOV. 1,1973 | 15,320.00 | 6,565.00 | 21,885.00 |
| TOTALS: | $191,501.00 | $82,066.00 | $273,567.00 |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



THE HARTFORD
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by.....................
Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form G-2240-0 B  Printed in U. S. A.  2-'64

Confidential - Subject to Protective Order

HFBKPLAN016212

SA 3205

Named Insured and Address

**Boy Scouts of America**
**Route 1**
**North Brunswick, New Jersey**

This endorsement forms a part of Policy No. **10 CA 43303**
issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of said
policy unless another effective date is stated herein.

Effective date............**1/1/72**............................................Effective hour is the same as stated in the Declarations of the
Policy.

## PREMIUM:

IT IS AGREED THAT THE PREMIUM INDICATED IN THE POLICY IS A DEPOSIT PREMIUM ONLY
AND THAT THE PREMIUM FOR THE POLICY IS BASED ON AN ANNUAL RATE OF .10 PER REGISTERED
SCOUT AND SCOUTER BASED ON DECEMBER 31, ~~1971~~ *1973* MEMBERSHIP OF COUNCILS INCLUDED IN THE
POLICY.

MONTHLY REPORTS SHALL BE RENDERED TO THE COMPANY INDICATING NAME OF COUNCIL,
LOCATION, EFFECTIVE DATE OF COVERAGE TOTAL MEMBERSHIP AND THE PREMIUM FOR EACH
COUNCIL INCLUDED COMPUTED AT A TOTAL RATE OF .0833 PER REGISTERED MEMBER PER MONTH
THAT COVERAGE IS AFFORDED. COUNCILS ADDED FROM THE 1ST DAY THROUGH THE 15TH DAY OF
THE MONTH WILL BE CHARGED FOR THE FULL MONTH THAT COVERAGE IS EFFECTIVE AND THOSE
ADDED FROM THE 16TH THROUGH THE END OF THE MONTH WILL NOT BE CHARGED UNTIL THE
FOLLOWING MONTH.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

**5/4/72**

Countersigned by ................................................................
*Authorized Agent*

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form G-2240-0 B   Printed in U. S. A.   2-'64

Confidential - Subject to Protective
Order

## CASUALTY CODING APRON (Other than Automobile)

| | Date | | AT | Inst. | Type | Tran | Prev – Temp | | | Original Premium (Type X Only) | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 5 | 1-1-72 | 2 | 11 | 1 | 1 | | | | | |

| State | FTC | Dev | Primary Premiums | Comm | Line | Terr | Limits or Pol Fm | KE D | Exposure | | Class | Secondary Premium | Primary | Secondary |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Exposure | Fm Cv | | | | |
| 29 | | 22 | 778.00 | 050 | 0440 | 00 | 9-9 | 0 | 0 | | 9180 | 9762.00 | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | 1-1-72 | 8130.00 | | | | 7-1-72 | | 2441.00 | | | | | |
| | | 2-1-72 | 2441.00 | | | | 8-1-72 | | 2441.00 | | | | | |
| | | 3-1-72 | 2441.00 | | | | 9-1-72 | | 2441.00 | | | | | |
| | | 4-1-72 | 2441.00 | | | | 10-1-72 | | 2441.00 | | | | | |
| | | 5-1-72 | 2441.00 | | | | 11-1-72 | | 2441.00 | | | | | |
| | | 6-1-72 | 2441.00 | | | | | | | | | | | |

F|S 23 FEB 72

**TOTAL $**

Form OA-247-0   Printed in U. S. A.   11-'68

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Confidential - Subject to Protective Order

HFBKPLAN016214

SA 3207

| ate (Mass Auto Only) | | AT | Inst. | Type | Tran. | CASUALTY AND MARINE CODING APRON | | | | | | | | | | | | | | | | | | Original Premium (Type X Only) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 2 | 11 | 1 | 1 | | | | | | | | | | | | | | | | | | | | | |
| PIP | Tax Loc. Code | Dev. | Primary Premiums | Comm. | Major Line | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 | 70 | 71 | Secondary Premium | | Primary | Sec- ondary |
| 9 | ● | 39,328 00 | | 100 | 0440 | | | | 9 | 9 | 0 | | | | | | | | 9 | 1 | 8 | 0 | 16849 00 | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | F/S | 2 | 0 | 0 | JUN '73 | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | |

Pol period 1-1-73-74

| Effective Dates | Premium | Comm. | Effective Dates | Premium | Comm. | | | |
|---|---|---|---|---|---|---|---|---|
| 1-73 | 11,239 00 | 100 | 7-73 | 4494 00 | 100 | | | |
| 2-73 | 4492 00 | 100 | 8-73 | 4494 00 | 100 | | | |
| 3-73 | 4494 00 | 100 | 9-73 | 4494 00 | 100 | | | |
| 4-73 | 4494 00 | 100 | 10-73 | 4494 00 | | | | |
| 5-73 | 4494 00 | 100 | 11-73 | 4494 00 | | | | |
| 6-73 | 4494 00 | 100 | | | | | | |

Form OA-448-0   Printed in U. S. A.   7-'71

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the CARD.

RISK MGR

6/12/73

COMPANY COPY

DAILY REPORT *for use with* CASUALTY INSURANCE POLICY *Form 8089, and* DECLARATIONS *Page Form A-2135-0*
THE HARTFORD INSURANCE GROUP

- [1] Hartford Fire Insurance Co.
- [5] Hartford Accident and Indemnity Co.
- [3] Citizens Insurance Co. of New Jersey
- [6] New York Underwriters Insurance Co.
- [9] Northwestern Underwriters of Citizens
- [7] Twin City Fire Insurance Co.

CRTC. ACCTS. INS. DEPT.

DUPLICATE IN AUDIT DEPT.

POLICY NO.   10   C   A43303

**DECLARATIONS**

Items

1. Named Insured and Address

   The named insured is: [ ] Individual [ ] Joint Venture [ ] Partnership [X] Corporation [ ] Other

2. Policy Period ———— From 1 1 74 To 1 1 75

   BOY SCOUTS OF AMERICA
   ROUTE #1
   NORTH BRUNSWICK, N J

   12:01 A. M., standard time at the address of the *named insured* as stated herein.

   Audit Period: Annual, unless otherwise stated.

Producer's Name and Address        Agent Code

WILSON & ALLEN        250480
200 PARK AVENUE
NEW YORK, N Y

- [ ] Semi-Annual
- [X] Quarterly
- [ ] Monthly

3. The advance premium for this policy is as stated below. Insurance is afforded by the Coverage Parts forming a part hereof, liability as are stated therein and subject to all the terms of the policy having reference thereto.

SUMMARY OF ADVANCE PREMIUMS

| COVERAGE PARTS | ADVANCE PREMIUM |
|---|---|
| Comprehensive General Liability Insurance | $ 273,567.00 |
| Comprehensive Automobile Liability Insurance | $ 32,540.00 |
| Automobile Medical Payments Insurance | $ |
| Uninsured Motorists Insurance | $ |
| Automobile Physical Damage Insurance | $ |
| Premises Medical Payments Insurance | $ |
| Contractual Liability Insurance | $ Included |
| Personal Injury Liability Insurance | $ |
| Garage Insurance | $ |
| | $ |
| | $ |

Form Numbers of Coverage Parts and endorsements not listed on Coverage Parts forming part of Policy at issue:
*See form AL-8-0C*

| | TOTAL ADVANCE PREMIUM | $ 273,567.00 |
|---|---|---|
| | | $ 32,540.00 |

If Policy Period more than one year: Gross Premium $        Discount $        Net Premium $
Premium is payable: On effective date of Policy $        1st Anniversary $        2nd Anniversary $

4. Business of the *named insured* is ———— EDUCATION DEVELOPMENT

5. During the past 3 years no Insurer has cancelled insurance, issued to the *named insured*, similar to that afforded hereunder unless otherwise stated herein.

AL-51-0

Form A-2135-0 CDR    Printed in U. S. A.    6-'66

DUPLICATE IN CLAIM DEPT.

CRTC. ACCTS. INS. DEPT.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Confidential - Subject to Protective Order

HFBKPLAN016216

SA 3209

Named Insured and Address

This endorsement forms a part of Policy No. *10CA43329*
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

*Dee G-2240-0B*

Effective date................................................12:01 A. M., standard time at the address of the *named insured* as stated herein.

*Additional Insured (As per scipt)*
*(Consumers Power Co.)*

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

*Comprehensive General Liability Insurance*

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



THE HARTFORD
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by..................................
                                    Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8-0 B  Printed in U. S. A.  10-'66  NBCU:

Confidential - Subject to Protective Order

WILSON & ALLEN INC   0480
A/P SUBJ TO AUDIT

Named Insured and Address

This endorsement forms a part of Policy No. ____ 10 C A43303
issued by The HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

IDAHO PANHANDLE COUNCIL, BOY SCOUTS
OF AMERICA
COEUR D'ALENE, IDAHO   *Boy Scouts of America*

Effective date _____   Effective hour is the same as stated in the Declarations of the policy.

WITH RESPECT TO OPERATIONS OF THE INSURED IN A STATE DESIGNATED IN
PARAGRAPH 4 OF THIS ENDORSEMENT, IT IS AGREED THAT:

1)  THE POLICY DOES NOT AFFORD INSURANCE UNDER COVERAGE A WITH RESPECT TO THE
    WORKMEN'S COMPENSATION OR OCCUPATIONAL DISEASE LAW OF ANY STATE SO
    DESIGNATED AND THOSE PROVISIONS OF THE POLICY RELATING SOLELY TO
    COVERAGE A ARE NOT APPLICABLE TO SUCH INSURANCE AS IS AFFORDED BY
    THE POLICY BY VIRTUE OF THIS ENDORSEMENT.

2)  COVERAGE B OF THE POLICY IS AMENDED TO READ AS FOLLOWS:

    COVERAGE B - EMPLOYERS' LIABILITY - TO PAY ON BEHALF OF THE INSURED ALL
    SUMS WHICH THE INSURED SHALL BECOME LEGALLY OBLIGATED TO PAY AS DAMAGES
    BECAUSE OF BODILY INJURY BY ACCIDENT OR DISEASE, INCLUDING DEATH AT ANY
(A) TIME RESULTING THEREFROM, SUSTAINED IN THE UNITED STATES OF AMERICA,
    ITS TERRITORIES OR POSSESSIONS, OR CANADA BY ANY EMPLOYEE OF THE
    INSURED ARISING OUT OF AND IN THE COURSE OF HIS EMPLOYMENT BY THE
    INSURED EITHER IN OPERATIONS IN A STATE DESIGNATED IN PARAGRAPH 4 OF
    THIS ENDORSEMENT OR INCIDENTAL THERETO, OR

(B) SUSTAINED WHILE TEMPORARILY OUTSIDE THE UNITED STATES OF AMERICA, ITS
    TERRITORIES OR POSSESSIONS, OR CANADA BY ANY EMPLOYEE OF THE INSURED WHO
    IS A CITIZEN OR RESIDENT OF THE UNITED STATES OR CANADA ARISING OUT OF
    AND IN THE COURSE OF HIS EMPLOYMENT BY THE INSURED IN CONNECTION WITH
    OPERATIONS IN A STATE DESIGNATED IN PARAGRAPH 4 OF THIS ENDORSEMENT,
    BUT THIS INSURANCE DOES NOT APPLY TO ANY SUIT BROUGHT IN OR ANY
    JUDGMENT RENDERED BY ANY COURT OUTSIDE THE UNITED STATES OF AMERICA,
    ITS TERRITORIES OR POSSESSIONS, OR CANADA OR TO AN ACTION ON SUCH
    JUDGMENT WHEREVER BROUGHT.

3)  SUCH INSURANCE AS IS AFFORDED BY THE POLICY UNDER COVERAGE B BY VIRTUE OF
    THIS ENDORSEMENT IS SUBJECT TO ALL OF THE TERMS OF THE POLICY APPLICABLE
    TO COVERAGE B AND TO THE FOLLOWING ADDITIONAL PROVISIONS:

A)  SUCH INSURANCE DOES NOT APPLY TO:

    (1)  BODILY INJURY, INCLUDING DEATH AT ANY TIME RESULTING THEREFROM,
         SUSTAINED BY A MASTER OR MEMBER OF THE CREW OF ANY VESSEL OR BY ANY
         EMPLOYEE OF THE INSURED IN THE COURSE OF AN EMPLOYMENT SUBJECT TO
         THE UNITED STATES LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION
         ACT, U S CODE (1946) TITLE 33, SECTIONS 901-49, OR THE FEDERAL
         EMPLOYERS' LIABILITY ACT, U S CODE (1946) TITLE 45, SECTIONS 51-60;

    (2)  ANY PREMIUM ASSESSMENT, PENALTY, FINE OR OTHER OBLIGATED IMPOSED BY
         ANY WORKMEN'S COMPENSATION LAW, OR TO PUNITIVE OR EXEMPLARY DAMAGES
         ON ACCOUNT OF SUCH INJURIES TO ANY EMPLOYEE EMPLOYED IN VIOLATION OF
         SUCH LAW;

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

THE HARTFORD
INSURANCE GROUP
HARTFORD, CONN.

Countersigned by _____

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Confidential - Subject to Protective Order

HFBKPLAN016218

SA 3211

WILSON & ALLEN INC   250468

Named Insured and Address

This endorsement forms a part of policy No. **10 C A43303**
issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect on the effective date of said policy unless another effective date is stated herein.

IDAHO PANHANDLE COUNCIL, BOY SCOUTS
OF AMERICA
COEUR D'ALENE, IDAHO

Effective date.....................        Effective hour is the same as stated in the Declarations of the policy.

(3) ANY CLAIM FOR BODILY INJURY, DISEASE, OR DEATH WITH RESPECT TO
WHICH THE INSURED IS DEPRIVED OF ANY DEFENSE OR DEFENSES OR IS
OTHERWISE SUBJECT TO PENALTY BECAUSE OF DEFAULT IN PREMIUM
PAYMENT UNDER, OR ANY OTHER FAILURE TO COMPLY WITH THE PROVISION
OF THE WORKMEN'S COMPENSATION LAW OR LAWS OF A STATE DESIGNATED
IN PARAGRAPH 4 OF THIS ENDORSEMENT.

B) CONDITION 9 OF THE POLICY IS AMENDED TO READ AS FOLLOWS:

LIMITS OF LIABILITY - COVERAGE B - THE WORDS "DAMAGES BECAUSE OF BODILY
INJURY BY ACCIDENT OR DISEASE, INCLUDING DEATH AT ANY TIME RESULTING
THEREFROM," IN COVERAGE B INCLUDE DAMAGES FOR CARE AND LOSS OF SERVICES
AND DAMAGES FOR WHICH THE INSURED IS LIABLE BY REASON OF SUITS OR
CLAIMS BROUGHT AGAINST THE INSURED BY OTHERS TO RECOVER THE DAMAGES
OBTAINED FROM SUCH OTHERS BECAUSE OF SUCH BODILY INJURY SUSTAINED BY
EMPLOYEES OF THE INSURED ARISING OUT OF AND IN THE COURSE OF THEIR
EMPLOYMENT.   THE LIMIT OF THE COMPANY'S LIABILITY UNDER COVERAGE B
IS $        FOR ALL DAMAGES BECAUSE OF BODILY INJURY BY ACCIDENT,
INCLUDING DEATH AT ANY TIME RESULTING THEREFROM, SUSTAINED BY ONE
EMPLOYEE IN ANY ONE ACCIDENT; AND, SUBJECT TO THE FOREGOING PROVISION
RESPECTING EACH EMPLOYEE, THE TOTAL LIMIT OF THE COMPANY'S LIABILITY
IS $        FOR ALL DAMAGES BECAUSE OF   BODILY INJURY BY
ACCIDENT, INCLUDING DEATH AT ANY TIME RESULTING THEREFROM, SUSTAINED
BY TWO OR MORE EMPLOYEES IN ANY ONE ACCIDENT.   THE LIMIT OF THE
COMPANY'S LIABILITY UNDER COVERAGE B IS $        FOR ALL
DAMAGES BECAUSE OF BODILY INJURY BY DISEASE, INCLUDING DEATH AT ANY
TIME RESULTING THEREFROM, SUSTAINED BY ONE EMPLOYEE; AND SUBJECT TO
THE FOREGOING PROVISION RESPECTING EACH EMPLOYEE, THE TOTAL LIMIT OF
THE COMPANY'S LIABILITY FOR ALL DAMAGES BECAUSE OF BODILY INJURY BY
DISEASE, INCLUDING DEATH AT ANY TIME RESULTING THEREFROM, SUSTAINED
BY EMPLOYEES IN OPERATIONS IN A STATE LISTED BELOW OR IN OPERATIONS
NECESSARY OR INCIDENTAL THERETO IS $        .   THE LIMITS OF
LIABILITY HEREIN STATED SHALL NOT BE CUMULATIVE WITH ANY LIMIT OF
LIABILITY STATED ELSEWHERE IN THE POLICY.

THE INCLUSION HEREIN OF MORE THAN ONE INSURED SHALL NOT OPERATED TO
INCREASE THE LIMITS OF THE COMPANY'S LIABILITY.

C) THE COMPANY WILL PAY, ON BEHALF OF THE INSURED, IRRESPECTIVE OF AND
IN ADDITION TO THE APPLICABLE LIMIT OF LIABILITY, THE EXPENSE INCURRED
BY THE INSURED FOR SUCH MEDICAL AND SURGICAL AID, INCLUDING AMBULANCE
AND HOSPITAL CHARGES, AS SHALL BE NECESSARY ON ACCOUNT OF BODILY INJURY
BY ACCIDENT SO SUSTAINED BY ANY SUCH EMPLOYEE, SUBJECT, HOWEVER, TO A
LIMIT OF $500, BECAUSE OF BODILY INJURY BY ACCIDENT SUSTAINED BY ONE
EMPLOYEE IN ANY ONE ACCIDENT.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.


THE HARTFORD
INSURANCE GROUP

Countersigned by ....................................................

Company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Confidential - Subject to Protective
Order



WILSON & ALLEN INC  250480

Named Insured and Address

This endorsement forms a part of Policy No.
issued by THE HARTFORD INSURANCE GROUP company designated herein, and takes effect on at the effective date of said policy unless another effective date is stated herein.

**10 C A43303**

IDAHO PANHANDLE COUNCIL, BOY SCOUTS
OF AMERICA
COEUR D'ALENE, IDAHO

Effective date........................................................... Effective hour is the same as stated in the Declarations of the policy.

4)   THIS ENDORSEMENT APPLIES TO OPERATIONS OF THE INSURED IN THE
     FOLLOWING STATES:

SCHEDULE

| CLASSIFICATION | CODE# | PAYROLL | RATE PER 100 OF REMUNERATION | ESTIMATED ANNUAL PREMIUM |
|---|---|---|---|---|
| STOP GAP FOR THE FOLLOWING COUNCILS | | | | |
| MOUNT BAKER | 301 | IF ANY | .03 | SUBJ TO AUDIT |
| FORT SIMCOE | 301 | " | .03 | " |
| OLYMPIC AREA | 301 | " | .03 | " |
| TUMWATER AREA | 301 | " | .03 | " |
| TWIN HARBOR | 301 | " | .03 | " |
| NORTH CENTRAL WASHINGTON | 301 | " | .03 | " |
| A/P SUBJ TO AUDIT | | | | |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

THE HARTFORD
INSURANCE GROUP
Hartford, Connecticut

Countersigned by.......................................

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Confidential - Subject to Protective
Order

Named Insured and Address

This endorsement forms a part of Policy No.
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date...................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

Comprehensive General Liability Insurance
Contractual Liability Insurance

Form numbers of Coverage Parts and endorsements forming
part of policy at issue:

CGL

L-3503.0
L-3523.0
AL8-0C  Amend. Limits of liab. (Single Limit)
AL8-6B  Addl. Insd. - Lease of Premises (Southern Pacific, etc.)
AL8-6B    "     "    "  Specific (Consumers Power Co.)
AL8-6B    "     "    "  (Pacific S+E Co.)
AL8-6B  Interim Composite rate endt.

Contractual Liab. Ins. - L-3503          Auto Liab.
AL8-6B  Addl. Insd. - Specific U.S. Gov't.     A-3007
AL8-6B  Special Conditions

Declaration Page  AL-51.0
AL8-0A - Named Insd. endt.
AL-57.0
AL8-0B  Notice of Canc. - Specific - U.S. Gov't.
AL8-0B  Special Conditions - U.S. Navy

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8-0 C  Printed in U. S. A.  10-'66  N BCU:

Confidential - Subject to Protective Order

HFBKPLAN016221

**SA 3214**

12-5-DAG

WILSON & ALLEN, INC
A/P 11.00  250480 

/ T # 250480

REAL PROPERTY — LIABILITY — FIRE     Pol dates 1-1-72/74

Named Insured and Address

This endorsement forms a part of Policy No. ...10  C  A43303....
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

IDAHO PANHANDLE COUNCIL, BOY SCOUTS
OF AMERICA
COEUR D'ALENE, IDAHO

Effective date.................1-1-73.................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE

It is agreed that the Property Damage Liability Coverage applies to *property damage* to structures or portions thereof rented to or occupied by the
*named insured* and described in this endorsement, including fixtures permanently attached thereto, if such *property damage* arises out of fire, subject
to the following additional provisions:

1.  With respect to the insurance provided by this endorsement, all of the exclusions of the policy, other than the Nuclear Energy Liability
    Exclusion (Broad Form), are deleted and replaced by the following:

    This insurance does not apply to liability assumed by the *insured* under any contract or agreement.

2.  The limit of liability stated in this endorsement applies separately to the insurance under this endorsement and is in lieu of any other limit
    of liability stated in the policy.

| Description of Property | Limit of Liability | Rate (per $100 of Limit) | Premium |
|---|---|---|---|
| 601 SHERMAN AVE COEUR D'ALENE, IDAHO | $ 5,000 | each *occurrence*  .22 | $11.00 |

A/P 11.00

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



THE HARTFORD
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by.................................................
                                          *Authorized Agent*

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the ...

Form L-3037-1   Printed in U. S. A.   10-'69   (NBCU: G 209)

Confidential - Subject to Protective
Order

HFBKPLAN016222

SA 3215

 

## REAL PROPERTY — LIABILITY — FIRE

Named Insured and Address

This endorsement forms a part of Policy No. **10 CA 43303**
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

IDAHO PANHANDLE COUNCIL, BOY SCOUTS OF
AMERICA
601 SHERMAN AVE.
COEUR d'ALENE, IDAHO

Effective date.................**6-12-72**.................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE

It is agreed that the Property Damage Liability Coverage applies to *property damage* to structures or portions thereof rented to or occupied by the
*named insured* and described in this endorsement, including fixtures permanently attached thereto, if such *property damage* arises out of fire, subject
to the following additional provisions:

1.  With respect to the insurance provided by this endorsement, all of the exclusions of the policy, other than the Nuclear Energy Liability
    Exclusion (Broad Form), are deleted and replaced by the following:

    This insurance does not apply to liability assumed by the *insured* under any contract or agreement.

2.  The limit of liability stated in this endorsement applies separately to the insurance under this endorsement and is in lieu of any other limit
    of liability stated in the policy.

| Description of Property | Limit of Liability | Rate (per $100 of Limit) | Premium |
|---|---|---|---|
| 601 SHERMAN AVE. COEUR d'ALENE, IDAHO | $ 5,000 | each *occurrence* .22 | $11.00 |

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes
effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy
by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by.................................................
*Authorized Agent*

Form L-3037-1   Printed in U. S. A.   10-'69   (N-BCU: G 209)

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the



Confidential - Subject to Protective
Order

HFBKPLAN016223

SA 3216

Named Insured and Address

This endorsement forms a part of Policy No.......... **10 CA 43303**
issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of said
policy unless another effective date is stated herein.

BOY SCOUTS OF AMERICA
ROUTE NO. 1
NORTH BRUNSWICK, N.J.

Effective date ....................... **12/1/72** .......................Effective hour is the same as stated in the Declarations of the
Policy.

INSURED COUNCIL:      GULF STREAM COUNCIL, BSA
                      501 53rd Spruce
                      W. Palm Beach, Florida
                      Certificate No. 115

It is understood and agreed that the policy is extended to cover the interest of
              Treasure Coast District BSA, Inc.
              c/o Gulf Stream Council
              P.O. Box 8327
              West Palm Beach, Florida
with respect to Camp property located in Treasure Coast County, Florida.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect
as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a
duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

**12/19/72**
WILSON & ALLEN, INC. 250480

Countersigned by ......................
                                    Authorized Agent

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form G-2240-0 B   Printed in U. S. A.   2-'64

Confidential - Subject to Protective
Order

# 250480

1~1-72/74

Named Insured and Address

This endorsement forms a part of Policy No. 10CA43303
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

**Boy Scouts of America**
**North Brunswick, New Jersey**

Effective date.................. 12/15/72

Effective hour is the same as stated in the Declarations of the Policy.

Insured Council:

Certificate No. 105

Dan Beard Council
3007 Vernon Place
Cincinnati, Ohio

In consideration of a return premium of $206.46, it is understood and agreed
that Dan Beard Council, Certificate No. 105 is cancelled effective
December 15, 1972.

PR .047

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

**THE HARTFORD**
**INSURANCE GROUP**
HARTFORD, CONNECTICUT

Countersigned by..................................
                                    Authorized Agent

Form G-2240-0 A  Printed in U. S. A.  2-'64

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy

Confidential - Subject to Protective Order

HFBKPLAN016225

SA 3218

CJ 8-7-73 WILSON AND ALLEN, INC. 25-0480   RW

$1595.64

*R/P -1,595.64*

Named Insured and Address

This endorsement forms a part of Policy No... **10  C  A43303**
issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of said
policy unless another effective date is stated herein.

BOY SCOUTS OF AMERICA
ROUTE NO. 1
NORTH BRUNSWICK, NEW JERSEY 08902

Effective date.............................................Effective hour is the same as stated in the Declarations of the
Policy.

IT IS UNDERSTOOD AND AGREED THAT COVERAGE CONTINUES TO EXIST FOR
THE FOLLOWING COUNCILS - FOR THE PERIODS INDICATED - BUT THAT A
RETURN PREMIUM IS ALLOWED TO EFFECT UNDERLYING FOREIGN COVERAGE:

JUNE 16, 1972 / JANUARY 1, 1973
CHAMARRO COUNCIL
AGANA, GUAM
MEMBERS -- 1,790
RETURN -- $104.37

JULY 1, 1972 / JANUARY 1, 1973
FAR EAST COUNCIL
APO SAN FRANCISCO, CALIFORNIA
MEMBERS -- 7,700
RETURN -- $448.99

JANUARY 1, 1973 / 1974
FAR EAST COUNCIL
APO SAN FRANCISCO, CALIFORNIA
MEMBERS -- 10,427
RETURN -- $1,042.28

*R/P - 1,595.64*

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect
as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a
duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by.........................................................
Authorized Agent

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form G-2240-0 B   Printed in U. S. A.   2-'64

Confidential - Subject to Protective
Order

| Date (Ma... Auto Only) | | | AT 2 | Inst. 0 | Type 1 | Tran. 1 | CASUALTY AND MARINE CODING APRON | | | | | | | | | | | | | | | Original Premium (Type ... Only) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| State | PIP | Tax Loc. Code | Dev. | Primary Premiums | Comm. | Major Line | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 | 70 | 71 | Secondary Premium | Primary | Secondary |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | | | | | 100 | 440 | 00 | | | | 92 | | | | | | | | 9 | 1 | 8 | 0 | 11.00 | | | |

E/S 21 0 DEC '73

| Effective Dates | Premium | Comm. | Effective Dates | Premium | Comm. | Pol period 1-1-73 - 1-1-74 | |
|---|---|---|---|---|---|---|---|
| 1-73 | 11.00 | 100 | | | | | MGR |

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form OA-448-0    Printed in U.S.A.   7-'71

Confidential - Subject to Protective Order

HFBKPLAN016227

SA 3220




**10 CA 43309**

Named Insured and Address

Boy Scouts of America
Route No. 1
North Brunswick, N.J.

*Issue on AL-8-0B*

This endorsement forms a part of Policy No.
issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of said
policy unless another effective date is stated herein.

Effective date........**July 1 1972**........Effective hour is the same as stated in the Declarations of the Policy.

*Special Conditions*

In consideration of the premium charged, it is hereby agreed that
such insurance as is afforded by this policy shall apply to any
liability <u>Nicolet Area Council Boy Scouts of America 1226 Redwood
Drive, Green Bay Wisconsin</u>, Council No. 03-621, Certificate No. 249,
hereafter called the insured may incur arising out of the contractual
obligation assumed by the insured under the provision of a License
Agreement NOy(R)-62473 entered into between the insured and the
Department of the Navy for the use of <u>Small Bore Range, U.S. Navy &
Marine Corps</u> training center located at Food Hubbard St., Green Bay,
Wisconsin including the assumption of liability for any and all claims
under the Federal Torts Claim Act against the Government, its officers,
agents, servants and employees, for any death or injury to any person,
or loss or damage to the property of any person arising out of the use of
Navy property authorized by said license agreement.

The Insurer waives any right of subrogation against the United States
of America which might arise by reason of any payment made under this
policy.

In the event of cancellation, suspension, material change or termination
of the policy coverage herein, ten days prior written notice will be
given by the Company to the District Public Works Officer, Nith Naval
District, Building 1-A, Great Lakes, Illinois.

Policy period January 1, 1972 to January 1, 1973

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Form G-2240-0 B   Printed in U.S.A.  2-'64

Countersigned by _____
duly authorized Agent



The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

 

Named Insured and Address

This endorsement forms a part of Policy No. **10 CA43303**
issued by THE HARTFORD INSURANCE GROUP company
designated therein, and takes effect as of the effective date of said
policy unless another effective date is stated herein.

Boy Scouts of America
~~Route No. 1~~
~~North Brunswick, N.J.~~

*Issue on AL-8-0B*

Effective date... ~~June 5, 1972~~ ....................... Effective hour is the same as stated in the Declarations of the Policy.

*Additional Insured - Appendix*

It is understood and agreed that Consumers Power Company, 212 W. Michigan
Avenue, Jackson, Michigan is included as an additional named insured
under this policy but only with respect to premises leased by them
to Scenic Trails Council, Inc. Boy Scouts of America 2308 U.S. 31 North,
Traverse City, Michigan, Certificate No. 288 known as "All that part of the
NE 1/4 of the NE 1/4 of the SE 1/4 of Section 8, T24N, R9W, lying S'ly
of the Manistee River and all that part of the NW 1/4 of the NW 1/4 of the SW 1/4
of Section 9 of said township and range, lying S'ly and E'ly of the
Manistee River, including the entire grounds, buildings, and all equipment
used thereon; including but not specifically limited to saddle horses,
sailboats, canoes, rowboats and motorboats, if any, used on or off said
premises.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other
than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect
as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a
duly authorized agent of the company shall constitute valid countersignature of this endorsement.



THE HARTFORD
INSURANCE GROUP
HARTFORD. CONNECTICUT



Countersigned by ........................... Authorized Agent

The company located these documents in its
business records. At this time, the company
does not certify that these documents constitute
a complete and accurate copy of the policy.

Form G-2240-0 B   Printed in U. S. A.   2-'64

Named Insured and Address

This endorsement forms a part of Policy No. **10 C A43303** issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

**Boy Scouts of America, etal**

Effective date **January 1, 1973** ........ 12:01 A. M., standard time at the address of the *named insured* as stated herein.

*Additional Insured = Southern Pacific Land Co.*
*(Lease of Premises)*

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

*Comprehensive General Liability Insurance*

It is understood and agreed that the policy is extended to cover Southern Pacific Land Company as an additional insured with respect to the lease of premises to California Inland Empire Council.

As more fully described in Lease No. 1769-A as All of Sec. 35, Twp. 6S., Rge. 10E., and All of Secs. 1, 3 and 11, Twp. 7S., Rge. 10E., SBM., containing 2,564.72 acres, more or less.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.


**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by.......................................... Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form AL-8-0 B   Printed in U. S. A.   10-'66 · NBCU:

Confidential - Subject to Protective Order

HFBKPLAN016230

SA 3223

Named Insured and Address

**10 C A43309** | Boy Scouts of America, etal

This endorsement forms a part of Policy No........ issued by THE HARTFORD INSURANCE GROUP company designated therein, and takes effect as of the effective date of said policy unless another effective date is stated herein.

Effective date.................................Effective hour is the same as stated in the Declarations of the Policy.

**It is understood and agreed that the policy is extended to cover Southern Pacific Land Company as an additional insured with respect to the lease of premises to California Inland Empire Council.**



Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.

Wilson and Allen, Inc.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by.................................
Authorized Agent

Form G-2240-0 B   Printed in U. S. A.   2-'64

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Confidential - Subject to Protective Order

HFBKPLAN016231

SA 3224

 

**EXCLUSION**
(Contamination or Pollution)

Named Insured and Address

This endorsement forms a part of Policy No...... **IO C A43303**
issued by THE HARTFORD INSURANCE GROUP company desig-
nated therein, and takes effect as of the effective date of said policy
unless another effective date is stated herein.

Effective date............................................................12:01 A. M., standard time at the address of the *named insured* as
stated herein.

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS' AND CONTRACTORS' PROTECTIVE LIABILITY INSURANCE
OWNERS' LANDLORDS' AND TENANTS' LIABILITY INSURANCE
SPECIAL PROTECTIVE AND HIGHWAY LIABILITY INSURANCE — NEW YORK DEPARTMENT OF PUBLIC WORKS
STOREKEEPER'S INSURANCE

It is agreed that the insurance does not apply to *bodily injury* or *property damage* arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.

This endorsement shall not be binding unless countersigned by a duly authorized agent of the company; provided that if this endorsement takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this endorsement.



**THE HARTFORD**
INSURANCE GROUP
HARTFORD, CONNECTICUT

Countersigned by................................................................
Authorized Agent

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.

Form L-3334-0   Printed in U.S.A.   6-'70

Confidential - Subject to Protective Order

HFBKPLAN016232

**SA 3225**

**CONTRACTUAL LIABILITY INSURANCE (BLANKET COVERAGE) — COVERAGE PART**

**COMPANY COPY**

| Und. Approved | ~~dential~~ port | Und. Notes: |
|---|---|---|
| Quality Control | | |

This Coverage Part forms a part of Policy No. **10 C A43305** issued by THE HARTFORD INSURANCE GROUP Company designated therein, and takes effect as of the effective date of said policy unless otherwise stated herein.

*(For use only if this Coverage Part is effective after the effective date of the Policy)*
This Coverage Part is effective _____ (at the hour stated in the policy) and forms a part of the above designated policy issued to ~~BOY SCOUTS OF AMERICA, NORTH BRUNSWICK, N.J.~~

The Company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the *named insured* as follows:

## SCHEDULE

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverages | Advance Premiums | Limits of Liability |
|---|---|---|
| YB — Contractual Bodily Injury Liability | $ INCLuded | $ ,000 each occurrence SEE ~~COVERAGE ENDORSEMENT~~ |
| ZB — Contractual Property Damage Liability | $ INCLuded | $ SEE Cov. ~~END 4~~ $ SEE END ~~END 4~~ |

| Designation of Contracts | Code No. | Premium Bases | | Rates | | Advance Premiums | |
|---|---|---|---|---|---|---|---|
| | | | | B.I. | P.D. | B.I. | P.D. |
| | | (a) Cost | (a) Per $100 of Cost | | | | |
| | | (b) Sales | (b) Per $1,000 of Sales | | | | |
| **SPECIAL USE PERMITS ISSUED BY U.S. AGRICULTURE DEPT FOREST SERVICE** | N/A | INCL. | INCL. | INCL. | INCL. | INCL. | INCL. |
| | | | | | | *Included in Company Rate* | |

| Form Numbers of Endorsements forming part of this Coverage Part at issue: | TOTAL ADVANCE PREMIUMS | |
|---|---|---|
| AL-8-OB - Add'l Insd - Specific | $ INCL. | $ INCL. |

If the Policy Period is more than one year, the Premium is Payable:
On effective date of Policy $ INCL.     1st Anniversary $ INCL.     2nd Anniversary $ INCL.

The following exclusions also apply:
☐ Exclusion (p) — Products and Completed Operations     ☐ Exclusion (q)—x, c & u

### I.  COVERAGE YB—CONTRACTUAL BODILY INJURY LIABILITY

**COVERAGE ZB—CONTRACTUAL PROPERTY DAMAGE LIABILITY**

The company will pay on behalf of the *insured* all sums which the *insured*, by reason of *contractual liability* assumed by him under any written contract of the type designated in the schedule for this insurance, shall become legally obligated to pay as damages because of

**Coverage YB.** *bodily injury* or

**Coverage ZB.** *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any *suit* against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the *suit* are groundless, false or fraudulent, and may make such investigation and settlement of any claim or *suit* as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend

(1) any arbitration proceeding wherein the company is not entitled to exercise the *insured's* rights in the choice of arbitrators and in the conduct of such proceedings, or

(2) any *suit* after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a) to liability assumed by the *insured* under any *incidental contract*;

(b) (1) if the *insured* is an architect, engineer or surveyor, to *bodily injury* or *property damage* arising out of professional services performed by such *insured*, including

    (i) the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications, and

    (ii) supervisory, inspection or engineering services;

(2) if the indemnitee of the *insured* is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

The conditions and provisions printed on pages KB-2 and KB-3 of this form are hereby referred to and made a part hereof.
This Coverage Part shall not be binding unless countersigned by a duly authorized agent of the company provided that if this Coverage Part takes effect as of the effective date of the policy and, at issue of said policy, forms a part thereof, countersignature on the declarations page of said policy by a duly authorized agent of the company shall constitute valid countersignature of this Coverage Part.

At this time, the company does not certify that these documents constitute a true and accurate copy of the policy.

Countersigned by _____
KB-1     *Authorized Agent*

Form L-3523  CDR   Printed in U.S.A.  5-'71

Confidential - Subject to Protective Order