# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> Boy Scouts of America and Delaware BSA, LLC,[1] <br><br>     Debtors. <br><br> National Union Fire Insurance Co. of Pittsburgh, PA, *et al.*, <br><br>     Appellants. <br><br> v. <br><br> Boy Scouts of America, *et al.*, <br><br>     Appellees. | Chapter 11 <br><br> Bankruptcy Case No. 20-10343 (LSS) <br><br> (Jointly Administered) <br><br> Lead Case No. 22-cv-01237-RGA <br><br> Consolidated Case Nos. <br> 22-cv-01238-RGA; <br> 22-cv-01239-RGA; <br> 22-cv-01240-RGA; <br> 22-cv-01241-RGA; <br> 22-cv-01242-RGA; <br> 22-cv-01243-RGA; <br> 22-cv-01244-RGA; <br> 22-cv-01245-RGA; <br> 22-cv-01246-RGA; <br> 22-cv-01247-RGA; <br> 22-cv-01249-RGA; <br> 22-cv-01250-RGA; <br> 22-cv-01251-RGA; <br> 22-cv-01252-RGA; <br> 22-cv-01258-RGA; <br> 22-cv-01263-RGA |

**MOTION TO SEAL PORTIONS OF SUPPLEMENTAL APPENDIX TO
DEBTORS-APPELLEES' CONSOLIDATED ANSWERING BRIEF**

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Boy Scouts of America ("BSA") and Delaware BSA, LLC (with BSA, the "Debtors" or "Appellees"), the non-profit corporations that are Appellees in the above-captioned district court appeal, hereby file this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the filing of a portion of the Debtors' appendix [D.I. 100] under seal. In support of the Motion, the Debtors respectfully state as follows:

## BACKGROUND

1. On February 18, 2020, the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. Upon the Debtors' motion [Bankr. D.I. 9], and after a hearing, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Bankr. D.I. 274] (the "Confidentiality Procedures Order") to protect the identities of abuse survivors, minors, employees, volunteers and other applicable parties in interest in the Debtors' chapter 11 cases. Among other things, the Confidentiality Procedures Order requires parties to redact all personal information of holders of abuse claims, minors, and parents or legal guardians of minors involved in litigation against either of the Debtors, from public filings. Confidentiality Procedures Order ¶ 4(a)–(c).

3.      The Bankruptcy Court subsequently entered an order [Bankr. D.I. 695] (the "Bar Date Order") requiring the Debtors (and any other party with access) to keep confidential all proofs of claim filed by abuse survivors.

4.      On June 8, 2020, the Bankruptcy Court entered an order [Bankr. D.I. 799] (the "Protective Order," and together with the Confidentiality Procedures Order and the Bar Date Order, the "Confidentiality Orders") to further govern the production, receipt, and permitted use of confidential information, such as abuse proofs of claim, deposition transcripts, and evidence obtained through discovery, during the chapter 11 cases. All parties bound by the terms of the Protective Order, including the Debtors, are required to maintain the confidential information in accordance with the Confidentiality Orders.

5.      The Debtors have complied with the Confidentiality Orders as the Debtors recognize the fundamental need to keep certain information in these cases confidential, including abuse survivors' personal information.

6.      On September 8, 2022, the Bankruptcy Court entered an order [Bankr. D.I. 10316] (the "Confirmation Order") confirming the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Bankr. D.I. 10296] (as amended, the "Plan"). Shortly thereafter, eighteen parties filed appeals of the Confirmation

Order.[2]  On October 17, 2022, this Court consolidated seventeen of the eighteen appeals.  D.I. 22.

7. In accordance with the briefing schedule governing this appeal [D.I. 22], the Debtors filed the *Debtors-Appellees' Consolidated Answering Brief* [D.I. 66] on December 7, 2022.  The Debtors also filed six volumes comprising the appendix [D.I. 95, 96, 97, 98, 99, 100].  A portion of the appendix was filed under seal.  D.I. 100.

## RELIEF REQUESTED

8. By this Motion, the Debtors request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to file a portion of the appendix [D.I. 100] under seal to protect certain confidential information that is subject to the Bankruptcy Court's Confidentiality Orders.

## BASIS FOR RELIEF

9. This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994).  Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting

---

[2] See Case No. 22-01121; Case No. 22-01237; Case No. 22-01238; Case No. 22-01239; Case No. 22-01240; Case No. 22-01241; Case No. 22-01242; Case No. 22-01249; Case No. 22-01243; Case No. 22-01244; Case No. 22-01245; Case No. 22-01246; Case No. 22-01247; Case No. 22-01250; Case No. 22-01251; Case No. 22-01252; Case No. 22-01258; and Case No. 22-01263.

sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)). Courts routinely permit the sealing of personal identifying information. *See Murphy v. Warden of Attica Correctional Facility*, 20-CV-3076 (PAE) (JLC), 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020) ("Although a presumption in favor of public access exists, the basis for sealing the records at issue—protecting the identity of the sexual assault victim—provides a compelling reason to limit such access."); *Krakauer v. Dish Network, L.L.C.*, 1:14cv333, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015) (rejecting an argument that a party's personal information should not be sealed); *Naillieux v. United States Mint*, Civ. Action No. PWG-19-4422019, 2019 WL 8752280, at *1 (D. Md. Mar. 1, 2019) (recognizing "personal identification information may be sealed"). Furthermore, where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosures of its non-public, confidential business and financial information. *See LEAP Sys.*, 638 F.3d at 222.

10. The Debtors' interest in sealing certain portions of the appendix outweighs any presumption of access. In fact, the Confidentiality Orders *require* the Debtors to file portions of the appendix under seal. The appendix includes three groups of documents that contain highly sensitive information pertinent to the

Debtors' chapter 11 cases that should not be made public: (i) abuse proofs of claim, which generally contains a survivor's personal information, and can contain detailed allegations of sexual abuse, (ii) an agreement containing key settlement terms with respect to BSA's liability in certain sexual abuse litigation, and (iii) a state court pleading filed under seal that contains insurance policy information and references survivors' allegations against a perpetrator.  The highly sensitive information contained in these documents was designated as either confidential or highly confidential under the Protective Order.  The abuse proofs of claim are also subject to the confidentiality provisions of the Confidentiality Procedures Order and the Bar Date Order.  Indeed, all of these documents were either filed or kept under seal in the Bankruptcy Court.  Accordingly, the Debtors were required by the Confidentiality Orders to file portions of the appendix under seal to comply with their ongoing obligation to maintain the confidentiality of the information as set forth in the Confidentiality Orders.

      11.    The unique nature of the information the Debtors seek to keep under seal warrants continued protection under the Confidentiality Orders.  For example, each abuse proof of claim may contain, among other things, comprehensive personal information and a narrative detailing the abuse.  Publicly disclosing this information presents risks to those involved.  Furthermore, the abuse survivors have an expectation that their proofs of claim will remain confidential because the

6

Bankruptcy Court approved specific confidentiality procedures with respect to the submission of an abuse proof of claim form—such claims were submitted with the expectation that these procedures would protect the sensitive information contained therein. The continued enforcement of the Confidentiality Orders, however, would mitigate these concerns and reduce the risk of disclosing scandalous, sensitive or defamatory information in public court filings.

12. For the foregoing reasons, the Court should grant the Motion.

## RULE 7.1.1 CERTIFICATION

13. In accordance with D. Del. LR 7.1.1, the Debtors have made a reasonable effort to reach agreement with opposing counsel on the matters set forth herein. The Debtors communicated with counsel to the appellants regarding the relief requested in the Motion on December 6, 2022. As of the filing of the Motion, no party has objected to the relief requested herein.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the order attached hereto as **Exhibit A** and grant such other and further relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: December 9, 2022<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Tori L. Remington*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>Tori L. Remington (No. 6901)<br>1201 North Market Street, 16th Floor<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>         aremming@morrisnichols.com<br>         ptopper@morrisnichols.com<br>         tremington@morrisnichols.com<br><br>– and –<br><br>WHITE & CASE LLP<br>Jessica C. Lauria (admitted *pro hac vice*)<br>Glenn M. Kurtz (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br>         gkurtz@whitecase.com<br><br>– and –<br><br>Michael C. Andolina<br>Matthew E. Linder<br>Laura E. Baccash<br>Blair M. Warner<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>         mlinder@whitecase.com<br>         laura.baccash@whitecase.com<br>         blair.warner@whitecase.com<br><br>ATTORNEYS FOR DEBTORS-APPELLEES |