## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:  BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Chapter 11 |
| Debtors. | Bankruptcy Case No. 20-10343 (LSS) (Jointly Administered) |
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, et al., Appellants, | |
| v. | Case No. 22-cv-01237-RGA |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, Appellees. | |

## MOTION OF THE CERTAIN INSURERS TO SUPPLEMENT THE RECORD

The Certain Insurers,[1] by and through undersigned counsel, hereby move to supplement and designate certain documents in the appellate record to include recently filed materials in the bankruptcy court that provide further support for the Certain Insurers' argument that the claimant groups structured the bankruptcy plan to prejudice non-settling insurers' contractual rights, and that BSA acceded to those demands.  In these filings, the claimant groups tout their integral role in drafting and designing the plan and their anticipation that the plan will prejudice the Certain

---

[1] Defined terms have the meanings set forth in the Certain Insurers' appellate briefs at D.I. 45 & 109.  References to "D.I." refer to filings in this appeal. References to "Bankr. D.I." refer to filings in the bankruptcy court.

Insurers.  In support of the motion, the Certain Insurers state as follows:

## BACKGROUND

1.      Following confirmation of the Chapter 11 plan on September 8, 2022, the Certain Insurers, Lujan claimants, and D&V claimants, among others, filed notices of appeal on September 22, 2022.   Their appeals were procedurally consolidated on October 17, 2022.  *See* D.I. 22.

2.      Pursuant to a stipulation agreed by the parties and so-ordered by the Court, on October 3, 2022, the Certain Insurers, Lujan claimants, and D&V claimants submitted timely designations of items to be included in the appellate record, including transcripts of and evidence admitted at the confirmation hearing and numerous bankruptcy court filings.  D.I. at 5; Statement of Issues on Appeal and Designation of Record, *The Lujan Claimants v. Boy Scouts of America & Delaware BSA*, No. 22-cv-01258-RGA (Oct. 3, 2022), D.I. 6; *D&V Claimants v. Boy Scouts of America & Delaware BSA*, No. 22-cv-01259-RGA (Oct. 3, 2022), D.I. 6.  The appellees submitted a counter-designation of record designating additional bankruptcy court filings.  D.I. 15.

3.      Pursuant to the same stipulation and the Court-ordered briefing schedule, between November 7 and December 21, 2022, the parties completed

merits briefing on the appeals.[2]  *See* D.I. 22.  In that briefing, the Certain Insurers argued that claimants' counsel had insisted upon provisions in the bankruptcy plan that prejudice the non-settling insurers' contractual rights and otherwise violate the Bankruptcy Code's requirement of a proper bankruptcy purpose.

4.     Just one week after the briefing in this Court closed, certain claimants' counsel filed fee applications in the bankruptcy court that provide significant further evidence supporting the Certain Insurers' points.  On December 29, 2022, certain claimants' counsel (plan supporters, the Coalition and Pfau/Zalkin) filed motions seeking bankruptcy court approval of BSA's payment of professional fees as compensation for their "substantial contributions" to BSA's plan of reorganization, as did the Roman Catholic Ad Hoc Committee, a non-party to these appeals.  *See* Bankr. D.I. 10808 (the "Coalition Fee Request"); Bankr. D.I. 10809 (the "Pfau/Zalkin Fee Request"); Bankr. D.I. 10815 (the "RCAHC Fee Request").[3]  The total amount sought in the three motions exceeds $25 million.

---

[2] On November 7, the Certain Insurers filed opening briefs.  D.I. 43; D.I. 45 ("Ins. Br.").  On December 7, the plan proponents, including BSA, the TCC, the Coalition, the Pfau/Zalkin Claimants ("Pfau/Zalkin"), and the FCR, filed responsive briefs.  D.I. 66, 81, 89.  On December 21, the Certain Insurers filed replies.  D.I. 109 ("Ins. Reply"); D.I. 111.

[3] Given the Court's instruction not to submit papers that are available on public dockets, the Certain Insurers have not attached copies of these fee requests or the challenged decision and order from the bankruptcy court.  The Certain Insurers can provide copies of any such papers requested by the Court.

5.      Although these filings were submitted after the briefing on these appeals closed, claimants' counsel had executed many of the supporting declarations more than a month earlier, on November 23.  By November 23, the Certain Insurers had filed their opening briefs asserting improper influence by these same counsel. Rather than present these petitions to the bankruptcy court during the appellate briefing period, these counsel waited until the briefing period closed.

6.      The motions' return date is February 21, 2023.  BSA has committed to supporting all three motions.[4]

7.      In order to provide a full appellate record and to ensure consideration of these relevant filings in these appeals, the Certain Insurers respectfully request that this Court supplement the designated record with the Coalition, Pfau/Zalkin, and RCAHC Fee Requests found on the bankruptcy docket at Bankr. D.I. 10808, 10809, and 10815, any subsequent briefs filed in support or opposition to those motions, and any transcripts of court hearings in connection with the motions, and take judicial notice of plan supporters' statements therein.

---

[4]    On January 12, 2023, the TCC filed a "response" to the Coalition and Pfau/Zalkin Fee Requests.  *See* Bankr. D.I. 10861.  The TCC's response is consistent with the points made in this motion.

4

## ARGUMENT

8.      Federal Rule of Bankruptcy Procedure 8009(a) permits an appellant to file and serve a designation of items to be included in the record within 14 days after its notice of appeal.  The plan supporters, however, filed these motions on December 29, 2022, preventing the Certain Insurers from designating them in the record and addressing them, as warranted, in their appellate briefing.

9.      This Court should enter an order granting the motion to supplement the record with these new filings, which are publicly available on the bankruptcy court docket, and take judicial notice of the statements therein.  *See, e.g.*,  Fed. R. Bankr. Proc. 8009(e)(3) (A party may present "questions as to the form and content of the record to the court where the appeal is pending."); Fed. R. Bankr. Proc. 8028 (for "cause in a particular case," the district court "may suspend the requirements" of Bankruptcy Rule 8009).

10.     A "district court is authorized to supplement the record in a bankruptcy appeal and to take judicial notice of appropriate evidence."  *Patel v. Hughes*, 2022 WL 3010526, at *1 n.2 (M.D. Tenn. July 28, 2022); *see In re Indian Palms Assocs.*, 61 F.3d 197, 204-06 (3d Cir. 1995) (explaining that a party can designate documents from related proceedings and the court can otherwise take judicial notice of them).

11.     Had these filings been available when the Certain Insurers submitted their designation, the Certain Insurers would have designated them in the record and

cited them in their briefing, particularly the statements made in the Coalition and Pfau/Zalkin Fee Requests.

12.    For example, the Certain Insurers explained in their briefing that the plan is a result of a "claimant-driven process."  Ins. Br. 17-51, 60-64; Ins. Reply 13-37.  The plan supporters argued that BSA "had the pen, not the survivors," and negotiated to "protect the interests of the Insurers" against the efforts of the claimants.  *See* BSA Br. at 68-77, 101; Claimant Br. at 34-36.  But the Coalition and Pfau/Zalkin Fee Requests support the Certain Insurers' assertion.  *See, e.g.*, Bankr. D.I. 10808 ¶¶ 8, 32-34, 37-38, 46 ("[T]he Coalition took a lead role in negotiating and drafting" the RSA), ¶ 61 ("The Coalition's counsel was the primary architect of the post-1976 Chartered Organization proposal and drafted the plan language necessary to implement it."), ¶ 65 ("The Coalition's counsel and Century's counsel were the primary drafters of the Century Term Sheet"), ¶¶ 129-132 (The prejudicial insurance findings were "requested by the Coalition."); *see also* Bankr. D.I. 10809 ¶ 9 ("The members of the Coalition represented the interests of the vast bulk of abuse claims, sufficient to deliver an affirmative vote ….").

13.    The Certain Insurers further explained that counsel for the claimants seek to "inflate" claims and "bind insurers to gain an advantage in coverage litigation—all in an effort to enrich themselves."  Ins. Br. 17-22, 25-31, 37-45, 61, 63, 67; Ins. Reply 14-22, 26-32.  The plan supporters argued that the plan "does not

inflate claims" and "does not require the insurers to pay awards."  BSA Br. at 55-67; Claimant Br. at 41-46, 51.  But the Coalition and Pfau/Zalkin Fee Requests support the Certain Insurers' assertions.  *See, e.g.*, Bankr. D.I. 10808 ¶ 10 ("As a result of the Coalition's hard work, Survivors will receive enhanced compensation."), ¶¶ 129-132 ("[I]nsurers will be hard pressed" to make arguments in coverage litigation); Bankr. D.I. 10808 at ¶ 95 n.18; Bankr. D.I. 10809 at ¶ 42 (seeking, with BSA's support, $24.5 million in fees from the BSA estate).

14.    The Certain Insurers also explained that BSA "acceded to further requests to prejudice non-settling insurers" following a failed vote on the plan, including by "agree[ing] to amend the Plan to add an 'Independent Review Option' ('IRO') for the claimants to access additional insurance proceeds" that was "designed . . . to target 'excess' insurers [and] create further settlement pressure." Ins. Br. 45-50; Ins. Reply 35-37.  BSA argued that the IRO is intended merely to reflect "prepetition settlement practices."  BSA Br. at 112-14.  But the Coalition and Pfau/Zalkin Fee Requests support the Certain Insurers' assertions.  *See, e.g.*, Bankr. D.I. 10809 ¶ 4 ("Pfau/Zalkin's contributions … include (i) conceiving, negotiating, and designing the Independent Review Option …."), ¶ 28 ("[T]he IRO created a mechanism to access excess insurance coverage that was otherwise at risk of being lost …."); D.I. 10808 ¶¶ 84-85, 89 (Pfau/Zalkin "proposed an independent review process" in "consultation with counsel for the Coalition and the FCR").

15.     The Certain Insurers further argued that BSA acceded to claimants'
demand for a "so-called 'Document Appendix'" that "would permit claimants'
attorneys to wield vast discovery power *before* submitting claims to the trust so they
can repair defects and facilitate recovery for thousands of claims they filed."  Ins.
Br. 50-51; Ins. Reply 35.   The plan supporters did not attempt to defend the
Document Appendix, and the Coalition and Pfau/Zalkin Fee Requests support the
Certain Insurers' assertions.   *See, e.g.*, Bankr. D.I. 10809 ¶ 4, 30 (Pfau/Zalkin
"negotiat[ed] and draft[ed] the Document Appendix to provide procedures for
discovery" so "survivors could better prove up claims.").

16.     The publicly available statements in these filings can be accurately and
readily determined from a review of the bankruptcy court docket.  And they are not
subject to dispute, because they are concessions by the plan supporters in bankruptcy
court filings.  *See* Fed. R. Evid. 201(b)(2), (d); *see also, e.g.*, *Indian Palms Assocs.*,
61 F.3d at 205-06 ("[I]t is not seriously questioned that the filing of documents in
the case record provides competent evidence of certain facts—that a specific
document was filed, that a party took a certain position, that certain … admissions
were made." (quotation marks omitted)).

17.     Finally, the Appellees will not suffer prejudice as a result of the
requested relief.  *See Adelphia Commc'ns*, 2008 WL 3919198, at *1 n.1 (S.D.N.Y.

Case 1:22-cv-01237-RGA   Document 123   Filed 01/13/23   Page 9 of 18 PageID #: 15761

Aug. 22, 2008). The filings are by and with the support of the Appellees themselves, and the Certain Insurers make no new arguments on appeal through this motion.

**WHEREFORE**, the Certain Insurers respectfully request that the Court grant this motion to supplement the record and to designate the documents at Bankr. D.I. 10808, 10809, and 10815, as well as any subsequent briefs or transcripts in connection with those motions, as part of the record, to take judicial notice of the plan supporters' statements therein, and to grant the Certain Insurers such other and further relief as the Court deems just and proper.

Dated:        Wilmington, Delaware
              January 13, 2023

                                        Respectfully Submitted,
                                        /s/ Deirdre M. Richards

Theodore J. Boutrous Jr. (*pro hac vice*)      Deirdre M. Richards
Richard J. Doren (*pro hac vice*)              (DE Bar No. 4191)
Blaine H. Evanson (*pro hac vice*)             FINEMAN KREKSTEIN
GIBSON, DUNN & CRUTCHER LLP                    & HARRIS PC
333 South Grand Avenue                         1300 N. King Street
Los Angeles, California 90071                  Wilmington, DE 19801
tboutrous@gibsondunn.com                       Telephone: (302) 538-8331
rdoren@gibsondunn.com                          Facsimile: (302) 394-9228
bevanson@gibsondunn.com                        drichards@finemanlawfirm.com

Michael A. Rosenthal (*pro hac vice*)          Susan N.K. Gummow
Mitchell A. Karlan (*pro hac vice*)            (*pro hac vice*)
James Hallowell (*pro hac vice*)               FORAN GLENNON PALANDECH
Keith R. Martorana (*pro hac vice*)            PONZI & RUDLOFF P.C.
Seth M. Rokosky (*pro hac vice*)               222 N. LaSalle St., Suite 1400
GIBSON, DUNN & CRUTCHER LLP                    Chicago, Illinois 60601
200 Park Avenue                                sgummow@fgppr.com
New York, New York 10166
mrosenthal@gibsondunn.com
mkarlan@gibsondunn.com
jhallowell@gibsondunn.com
kmartorana@gibsondun.com
srokosky@gibsondunn.com

*Counsel for National Union Fire Insurance Company of Pittsburgh, Pa., Lexington Insurance Company, Landmark Insurance Company, and the Insurance Company of the State of Pennsylvania*

/s/ Marcy J. McLaughlin Smith
David M. Fournier (DE Bar No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Hercules Plaza
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 404.885.3000
david.fournier@troutman.com
marcy.smith@troutman.com

-and-

Harris B. Winsberg (*pro hac vice*)
Matthew G. Roberts (*pro hac vice*)
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree Street NE
Suite 3600
Atlanta, GA 30308
Telephone: 404.420.4313
Facsimile: 404.522.8409
hwinsberg@phrd.com
mroberts@phrd.com

-and-

Margaret H. Warner (*pro hac vice*)
Ryan S. Smethurst (*pro hac vice*)
Alex M. Spisak (*pro hac vice*)
McDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: 202.756.8228

/s/ Marcy J. McLaughlin Smith
David M. Fournier (DE Bar No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile: 302.421.8390
david.fournier@troutman.com
marcy.smith@troutman.com

-and-

Harris B. Winsberg (*pro hac vice*)
Matthew G. Roberts (*pro hac vice*)
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree Street NE
Suite 3600
Atlanta, GA 30308
Telephone: 404.420.4313
Facsimile: 404.522.8409
hwinsberg@phrd.com
mroberts@phrd.com

-and-

Todd C. Jacobs (*pro hac vice*)
John E. Bucheit (*pro hac vice*)
Paul J. Esker (*pro hac vice*)
BRADLEY RILEY JACOBS PC
500 West Madison Street
Suite 1000
Chicago, IL 60661
Telephone: 312.281.0295
tjacobs@bradleyriley.com

11

Facsimile: 202.756.8087
mwarner@mwe.com
rsmethurst@mwe.com
aspisak@mwe.com

*Counsel for Allianz Global Risks US
Insurance Company*

jbucheit@bradleyriley.com
pesker@bradleyriley.com

*Counsel for National Surety
Corporation and Interstate Fire &
Casualty Company*

/s/ Kathleen M. Miller
Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS
LLP
1000 West Street, Suite 501
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
kmiller@skjlaw.com

Ronald P. Schiller (*pro hac vice*)
Matthew A. Hamermesh (*pro hac vice*)
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
T: (215) 568-6200
F: (215) 568-0300
E: rschiller@hangley.com
mhamermesh@hangley.com

*Counsel for Arch Insurance Company*

/s/ Paul Logan
Paul Logan (No. 3339)
POST & SCHELL, P.C.
300 Delaware Avenue, Suite 1380
Wilmington, DE  19801
Telephone:  (302) 251-8856
Email:  plogan@postschell.com

John C. Sullivan (*pro hac vice*)
Kathleen K. Kerns (*pro hac vice*)
POST & SCHELL, P.C.
Four Penn Center – 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA  19103
Telephone:  (215) 587-1000
jsullivan@postschell.com
kkerns@postschell.com

-and-

George R. Calhoun (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue, N.W.
Suite 650
Washington, DC  20006
Telephone:  (202) 840-8758
george@ifrahlaw.com

*Counsel for Argonaut Insurance
Company and Colony Insurance
Company*

12

/s/ Michael J. Joyce
Michael J. Joyce (No. 4563)
JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 388-1944
Email:  mjoyce@mjlawoffices.com

-and-

Kevin Coughlin (*pro hac vice*)
Lorraine Armenti (*pro hac vice*)
Michael Hrinewski (*pro hac vice*)
COUGHLIN MIDLIGE &
GARLAND, LLP
350 Mount Kemble Avenue
PO Box 1917
Morristown, NJ 07962
Telephone:  (973) 267-0058
Facsimile:  973-267-6442
kcoughlin@cmg.law
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis
John M. Flynn
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth Street
P.O. Box 540
Greensboro, NC  27401
Telephone:  (336) 478-1146
Facsimile:  (336) 478-1145
jmf@crlaw.com
bcl@crlaw.com

*Counsel for Arrowood*
*Indemnity Company*

/s/ Maria Aprile Sawczuk
Maria Aprile Sawczuk (DE #3320)
GOLDSTEIN & MCCLINTOCK
LLLP
501 Silverside Road
Wilmington, DE 19809
302-444-6710
marias@goldmclaw.com

-and-

Laura McNally (*pro hac vice*)
Emily Stone (*pro hac vice*)
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, IL 60654
312-464-3155
lmcnally@loeb.com
estone@loeb.com

*Counsel for The Continental Insurance*
*Company and Columbia Casualty*
*Company*

13

/s/ Brian A. Sullivan
Brian A. Sullivan (No. 2098)
WERB & SULLIVAN
LEGAL ARTS BUILDING
1225 N. King Street
Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-1100
Cell: (302) 757-9932
Facsimile: (302) 652-1111
Email: bsullivan@werbsullivan.com


John E.W. Baay II (*pro hac vice*)
GIEGER LABORDE &
LAPEROUOSE, LLC
701 Poydras Street
Suite 4800
New Orleans, LA 70139
Tel.: 504-561-0400
Fax: 504-561-1011
Email: jbaay@glllaw.com


-and-


William H. White Jr (*pro hac vice*)
KIERNAN TREBACH LLP
1233 20th Street, NW
8th Floor
Washington, DC 20036
Tel.: 202-712-7000
Fax: 202-712-7100
Email: wwhite@kiernantrebach.com


*Counsel for Gemini Insurance
Company*

/s/ Kathleen M. Miller
Kathleen M. Miller (DE Bar No. 2898)
SMITH, KATZENSTEIN & JENKINS
LLP
1000 West Street, Suite 501
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Email: kmiller@skjlaw.com


-and-


Mary E. Borja (*pro hac vice*)
Gary P. Seligman (*pro hac vice*)
Ashley L. Criss (*pro hac vice*)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Email: mborja@wiley.law
gseligman@wiley.law
acriss@wiley.law


*Counsel for General Star Indemnity
Company*

14

/s/ Bruce W. McCullough
Bruce W. McCullough (No. 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Telephone: (302) 655-6749
bmccullough@bodellbove.com

-and-

Bruce D. Celebrezze (*pro hac vice*)
CLYDE & CO US LLP
150 California Street | 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
bruce.celebrezze@clydeco.us

Konrad R. Krebs (*pro hac vice*)
CLYDE & CO US LLP
340 Mt. Kemble Avenue | Suite 300
Morristown, NJ 07960
Telephone: (973) 210-6700
Facsimile: (973) 210-6701
konrad.krebs@clydeco.us

-and-

David Christian (*pro hac vice*)
DAVID CHRISTIAN ATTORNEYS
LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (312) 282-5282
dchristian@dca.law

*Counsel for Great American Assurance*

/s/ Kathleen M. Miller
Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN
& JENKINS LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
kmiller@skjlaw.com

and

Lloyd A. Gura (*pro hac vice*)
Pamela J. Minetto (*pro hac vice*)
MOUND COTTON WOLLAN &
GREENGRASS LLP
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
lgura@moundcotton.com
pminetto@moundcotton.com

 *Counsel for Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company*

15

*Company, f/k/a Agricultural
Insurance Company; Great American
E&S Insurance Company, f/k/a
Agricultural Excess and Surplus
Insurance Company; and Great
American E&S Insurance Company*

| | |
|---|---|
| /s/ R. Karl Hill | /s/ Thaddeus J. Weaver |
| R. Karl Hill (DE Bar No. 2747) | Thaddeus J. Weaver (DE Bar. No. 2790) |
| SEITZ, VAN OGTROP & GREEN, P.A. | DILWORTH PAXSON LLP |
| 222 Delaware Avenue | 704 N. King Street, Suite 500 |
| Suite 1500 | P.O. Box 1031 |
| Wilmington, DE 19801 | Wilmington, DE  19899-1031 |
| Telephone: (302) 888-0600 | (302) 571-8867 (telephone) |
| khill@svglaw.com | (302) 351-8735 (facsimile) |
| | tweaver@dilworthlaw.com |
| -and- | |
| | -and- |
| CHOATE, HALL & STEWART LLP | |
| Douglas R. Gooding (*pro hac vice*) | William E. McGrath, Jr. (*pro hac vice*) |
| Jonathan D. Marshall (*pro hac vice*) | Dilworth Paxson LLP |
| Two International Place | 2 Research Way, Suite 103 |
| Boston, MA 02110 | Princeton, NJ  08540 |
| Telephone: (617) 248-5000 | (609) 924-6000 (telephone) |
| dgooding@choate.com | (215) 893-8537 (facsimile) |
| jmarshall@choate.com | wmcgrath@dilworthlaw.com |
| | |
| -and- | *Counsel for Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company* |
| MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC | |
| Kim V. Marrkand (*pro hac vice*) | /s/ Marla S. Benedek |
| One Financial Center | Marla S. Benedek (No. 6638) |
| Boston, MA 02111 | COZEN O'CONNOR |
| Telephone: (617) 542-6000 | 1201 N. Market Street, Suite 1001 |
| kvmarrkand@mintz.com | Wilmington, DE 19801 |
| | Telephone:  (302) 295-2024 |
| | Facsimile:  (302) 250-4498 |

*Counsel for Liberty Mutual Insurance Company, The Ohio Casualty Insurance Company, Liberty Insurance Underwriters, Inc. and Liberty Surplus Insurance Corporation*

/s/ Stephen M. Miller
Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile:  (302) 571-1750
smiller@morrisjames.com
ckunz@morrisjames.com

-and-

Margaret M. Anderson (*pro hac vice*)
Ryan T. Schultz (*pro hac vice*)
Adam A. Hachikian (*pro hac vice*)
Kenneth M. Thomas (*pro hac vice*)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Facsimile:  (312) 224-1201
panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

*Counsel for Old Republic Insurance Company*

mbenedek@cozen.com

*Counsel for Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company*

/ Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr. (DE Bar No. 3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike Suite 305
Brandywine Plaza West
Wilmington DE  19803
Telephone: (302) 477-7100
Facsimile: (302) 652-3620
lrizzo@regerlaw.com

*Counsel for Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company*

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8013(f).  A proportionally spaced typeface was used, as follows:

> Name of typeface:  Times New Roman
> Point size:  14
> Line spacing:  Double

The total number of words in the motion, excluding the items set forth in Federal Rule of Bankruptcy Procedure 8015(g), is 1,844.