

*A Pennsylvania Professional Corporation*
ATTORNEYS AT LAW
www.finemanlawfirm.com

| **PHILADELPHIA OFFICE** | **NEW JERSEY OFFICE** | **WILMINGTON OFFICE** |
|---|---|---|
| Ten Penn Center | 20 Brace Road, Suite 350 | 1300 North King Street |
| 1801 Market Street, Suite 1140 | Cherry Hill, NJ  08034 | Wilmington, DE  19801 |
| Philadelphia, PA  19103-1628 | Phone: 856-795-1118 | Phone: 302-538-8331 |
| Phone: 215-893-.8703 | Fax: 850-795-1110 | Fax: 302-394-9228 |
| Fax: 215-893-8719 | | |

Deirdre M. Richards
E-Mail: drichards@finemanlawfirm.com
Admitted in PA, NJ and DE

**PLEASE REPLY VIA EMAIL**

February 1, 2023

**VIA ECF**

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9
Room 6325
Wilmington, DE 19801-3555

Re:  In re: Boy Scouts of America and Delaware BSA, LLC, No. 22-cv-01237-RGA

Dear Judge Andrews:

The Certain Insurers write, pursuant to Fed. R. Bankr. P. 8014(f), regarding *In re: LTL Management LLC*, No. 22-2003 (3d Cir. Jan. 30, 2023).  The Third Circuit concluded that a Chapter 11 petition was not filed in good faith because the debtor suffered no financial distress at filing.  Its reasoning regarding the judicially-imposed good-faith requirement is even more aptly applied to the statutory requirement for plan confirmation that was not satisfied here.

*LTL* confirms that whether a debtor has demonstrated good faith is a *legal* question subject to de novo review.  Op. at 33 ("[T]he culminating determination of whether [underlying] facts support a conclusion of good faith gets plenary review as essentially a conclusion of law.").  This court takes a "fresh look" at the bankruptcy court's analysis.  *See Id.* at 33, 43-48, 50 n.16; Ins. Br. at at 8-9, 67-76 (D.I. 45); Ins. Reply at 9-12 (D.I. 109).

*LTL* emphasizes that courts "examine the totality of facts and circumstances" to determine whether the debtor acted "in conformity with the Code's underlying principles" and "intended purposes." Op. at 18, 34, 38. "Good intentions … do not suffice alone." *Id.* at 18. Rather, courts undertake an objective analysis of whether the plan falls "outside the equitable limitations of Chapter 11." *Id.* at 34. *See* Ins. Br. at 59-60, 75-76 (D.I. 45); Ins. Reply at 20-22, 24-26, 38-50 (D.I. 109). This is because Chapter 11 is a powerful tool for use only as "necessary" to escape financial distress, not to "give profitable enterprises an opportunity to evade contractual or other liability." Op. at 36-42, 45, 55-56 (finding insufficient LTL's "belief that this bankruptcy creates the best of all possible worlds for it and the [claimants]"). *See* Ins. Br. at 65-66, 70-74 (D.I. 45); Ins. Reply at 38-44, 51-52 (D.I. 109) (plan seeks to inflate financial distress to provide a windfall to claimants' counsel).

Finally, *LTL* reaffirms the bedrock principle that state-law property interests, such as contracts, "should generally be given the same effect inside and outside bankruptcy." Op. at 44; *see* Ins. Br. at 77-89 (D.I. 45); Ins. Reply at 53-75 (D.I. 109).

Very truly yours,

*Deirdre M. Richards*

DEIRDRE M. RICHARDS

DMR:ljr