IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>　　　　　　　Debtors.<br><br>NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, et al.,<br><br>　　　　　　　Appellants,<br><br>　　　　v.<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>　　　　　　　Appellees. | Chapter 11<br><br>Bankruptcy Case No. 20-10343 (LSS)<br>(Jointly Administered)<br><br><br><br>Case No. 22-cv-01237-RGA |

### REPLY OF THE CERTAIN INSURERS IN FURTHER SUPPORT OF MOTION TO SUPPLEMENT THE RECORD

The Certain Insurers hereby submit this reply in further support of their motion to supplement the record with certain undisputed, publicly available materials that the plan supporters recently filed in the bankruptcy court. The Certain Insurers respectfully state as follows:

### PRELIMINARY STATEMENT

1.　The Certain Insurers have asked this Court to consider public filings by the plan supporters, which claimants' counsel prepared in November 2022 but then

waited to file until after the Certain Insurers completed appellate briefing, perhaps because they illustrate the claimants' counsels' key role in designing and drafting the proposed plan. Counsels' statements in these public filings are properly considered in this appeal: there is no dispute that the plan supporters made them, in open court, and the Certain Insurers advance no new arguments following the conclusion of appellate briefing. Indeed, one would expect appellees here to stand by their statements in the bankruptcy court rather than running away from them on appeal.

2. Nevertheless, the plan supporters now spend *24 pages* (not counting joinders) contending that the Certain Insurers' request to supplement the record is "frivolous" because their own statements are "hearsay," because the new materials purportedly do not refute the bankruptcy court's "findings of fact," and because the plan supporters would be prejudiced by this Court considering their own statements. None of these arguments has merit, and the Certain Insurers' motion should be granted.

## ARGUMENT

I. **THE FEE REQUESTS CAN BE DESIGNATED AS PART OF THE RECORD BECAUSE THEY ARE PUBLIC FILINGS BY THE PLAN SUPPORTERS THEMSELVES.**

3. The plan supporters' principal argument is that the Fee Requests cannot be designated in the district court appeal record because they are "outside of the trial

record" reviewed by the bankruptcy court. *See* BSA's Opposition to the Certain Insurers' Motion to Supplement the Record (D.I. 128 ("Opp.")) at 6-11. But the Third Circuit has held that parties in a bankruptcy appeal can designate documents from the bankruptcy-court file where the proceedings on appeal are "sufficiently associated with the general administration of the debtor's estate" in the bankruptcy court, as is confirmation of a plan to reorganize BSA's estate. *In re Indian Palms Assocs.*, 61 F.3d 197, 204-05 (3d Cir. 1995).

4.  Moreover, the Fee Requests can be considered on appeal because they demonstrate admissions by plan supporters regarding the plan that the Certain Insurers have challenged. *See id.* at 205-06 (courts can consider documents for purposes such as positions that parties have taken and concessions they made). These concessions are "competent evidence" of the plan supporters' own, undisputed views made publicly about the plan (*id.*)—their admissions are not "disputed facts" about the case (Opp. at 10).

5.  Nor are these statements inadmissible "hearsay." Opp. at 15; *see, e.g.*, *Indian Palms Assocs.*, 61 F.3d at 205; *see also* Fed. R. Evid. 801(d)(2) (an "opposing party's statement" offered against an opposing party is not hearsay). Indeed, these concessions were made by or adopted by declaration in this action as competent evidence and are therefore not even out-of-court statements. *See* Fed. R. Evid. 801(c)(1). The Fee Requests were submitted to the bankruptcy court by plan

3

proponents, under penalty of perjury, as a basis for obtaining compensation from the estate. The suggestion that this Court should disregard them as unreliable hearsay is, at best, gamesmanship.

6.  In any event, this Court can take judicial notice of the Fee Requests and related papers because they are part of the publicly available "record in the underlying bankruptcy case." *Indian Palms*, 61 F.3d at 206. The Certain Insurers ask this Court to consider statements that "cannot be reasonably questioned" because the filings were made and supported by the plan supporters themselves in open court. Fed. R. Evid. 201(b)(2); *see, e.g.*, *Indian Palms*, 61 F.3d at 205-06 & n.13 (taking judicial notice of facts "not subject to reasonable dispute"). If the plan supporters wish to disavow the claims in their own sworn declarations, they could have done so, but the statements are not in reasonable dispute.

7.  Finally, the plan supporters erroneously claim these materials should not be in the record because the "events covered" in the documents were "available prior to the confirmation trial." Opp. at 11-15. The Certain Insurers do not seek to designate "events" mentioned in the documents, such as claimants' drafting of plan provisions or proposal of the Independent Review Option ("IRO"). The Certain Insurers seek only to designate the Fee Requests and related papers, which were filed

in December 2022—eight months *after* the confirmation trial.[1] The Certain Insurers had no opportunity to designate or discuss the plan supporters' recent admissions in appellate briefing.

## II. THIS MOTION IS NOT AN OPPORTUNITY FOR THE PLAN SUPPORTERS TO RELITIGATE THE APPEAL.

8. Because the Fee Requests are properly part of the record, the plan supporters seek to undermine their importance on the ground that they do not "refute" the bankruptcy court's findings of fact. *See* Opp. at 15-22. But the Certain Insurers in this appeal are challenging legal conclusions, not findings of fact, made by the bankruptcy court. *See, e.g.*, Opening Brief of Certain Insurers (D.I. 45 ("Ins. Br.")) at 8-9, 67-69; Reply Brief of Certain Insurers (D.I. 109 ("Ins. Reply")) at 8-10, 13; *see also, e.g.*, *In re: LTL Management LLC*, No. 22-2003, Dkt. 150 at 33 (3d Cir. Jan. 30, 2023) ("[T]he culminating determination of whether [underlying] facts support a conclusion of good faith gets plenary review as essentially a conclusion of law."). And in any event, the plan supporters' opposition to this motion is not an opportunity to file a sur-reply on the merits of this appeal.

---

[1] Contrary to the plan supporters' suggestion (*see* Opp. at 22-23), nothing in the plan or confirmation order provided for Fee Requests to be filed in late December 2022, mere days after the Certain Insurers had completed their appellate briefing. *See, e.g.*, Plan, Art. II.A.2, V.T (D.I. I-4); Confirmation Order ¶ III.5 (D.I. I-1). It was the plan supporters' decision to file at that time—not the Certain Insurers' prompt motion thereafter—that was "inappropriate and unfair." Opp. at 24.

9. As the Certain Insurers have explained, the plan is the result of a "claimant-driven process." Ins. Br. 17-51, 60-64; Ins. Reply 13-37. Claimants' counsel have sought to enrich themselves by "inflat[ing]" claims and "bind[ing] insurers to gain an advantage in coverage litigation" (Ins. Br. 17-22, 25-31, 37-45, 61, 63, 67; Ins. Reply 14-22, 26-32); and BSA has acceded to "requests to prejudice non-settling insurers," including by "agree[ing] to amend the Plan" to add an IRO to target excess insurers and a "so-called 'Document Appendix'" to permit claimants to repair their claims (Ins. Br. 45-51; Ins. Reply 35-37). The Fee Requests and related papers should be considered in connection with these arguments. *See* Motion of the Certain Insurers to Supplement the Record (D.I. 128 ("Mot.")) at 6-8.

10. Rather than argue that the Fee Applications should not be considered because they are unconnected to the Certain Insurers' arguments, the plan supporters simply reiterate their belief that such arguments are meritless. *See, e.g.*, Opp. at 16-18 (claimants' role in drafting the plan "does nothing to undermine the bankruptcy court's findings"); Opp. at 19-20 (plan does not "inflate" claims or "bind insurers" in coverage litigation); Opp. at 20-22 (IRO and Document Appendix are "consistent with prepetition practices"). But the time to make those assertions was in appellate briefing, not in an opposition to a procedural motion that advances no new arguments

on appeal. *See, e.g.*, Fed. R. Bankr. Proc. 8014(b).[2] The Court can draw inferences it feels are appropriate from these filings, but they should be part of the record, and the Certain Insurers' motion should accordingly be granted.

### III. GRANTING THE CERTAIN INSURERS' MOTION WOULD NOT PREJUDICE THE PLAN SUPPORTERS.

11. Finally, the plan supporters would not be prejudiced from the grant of this motion. *See* Opp. at 22-24. The plan supporters *agree* with the statements in their own filings because the Fee Requests are being made by and with the support of the plan supporters themselves. And the Certain Insurers do not seek to advance any new arguments on appeal after the close of briefing. *See* Mot. at 9.

12. BSA argues that it would have included its own counsel's "time entries" in the record had it "known about the Certain Insurers' intent to use the Plan supporters' time entries as evidence." Opp. at 23. Setting aside that those existed at the time of trial, and therefore could have been used in the plan supporters' briefing (unlike the Fee Requests, see *supra* at 4-5), the Certain Insurers have not sought to use any "time entries" as evidence—they seek only to include undisputed statements by parties on appeal. BSA's complaints about the need to introduce "time entries" of its own counsel to buttress a factual finding in the bankruptcy court about

---

[2] Indeed, the plan supporters attempt to use their opposition to the motion to advance new arguments they never made on appeal. *Compare, e.g.*, Opp. at 22 (attempting to defend the Document Appendix), *with* Mot. at 8 ("The plan supporters did not attempt to defend the Document Appendix" on appeal).

supposed "control" over the plan's drafting are irrelevant, and provide no reason for denying the motion.

Dated:   Wilmington, Delaware
         February 3, 2023

                                                                       Respectfully Submitted,
                                                                       /s/ Deirdre M. Richards

| | |
|---|---|
| Theodore J. Boutrous Jr. (*pro hac vice*)<br>Richard J. Doren (*pro hac vice*)<br>Blaine H. Evanson (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>tboutrous@gibsondunn.com<br>rdoren@gibsondunn.com<br>bevanson@gibsondunn.com | Deirdre M. Richards<br>(DE Bar No. 4191)<br>FINEMAN KREKSTEIN<br>& HARRIS PC<br>1300 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 538-8331<br>Facsimile: (302) 394-9228<br>drichards@finemanlawfirm.com |
| Michael A. Rosenthal (*pro hac vice*)<br>Mitchell A. Karlan (*pro hac vice*)<br>James Hallowell (*pro hac vice*)<br>Keith R. Martorana (*pro hac vice*)<br>Seth M. Rokosky (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>mrosenthal@gibsondunn.com<br>mkarlan@gibsondunn.com<br>jhallowell@gibsondunn.com<br>kmartorana@gibsondun.com<br>srokosky@gibsondunn.com | Susan N.K. Gummow<br>(*pro hac vice*)<br>FORAN GLENNON PALANDECH<br>PONZI & RUDLOFF P.C.<br>222 N. LaSalle St., Suite 1400<br>Chicago, Illinois 60601<br>sgummow@fgppr.com |

*Counsel for National Union Fire Insurance Company of Pittsburgh, Pa., Lexington Insurance Company, Landmark Insurance Company, and the Insurance Company of the State of Pennsylvania*

| | |
|---|---|
| /s/ Marcy J. McLaughlin Smith | /s/ Marcy J. McLaughlin Smith |
| David M. Fournier (DE Bar No. 2812) | David M. Fournier (DE Bar No. 2812) |
| Marcy J. McLaughlin Smith (DE No. 6184) | Marcy J. McLaughlin Smith (DE No. 6184) |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| Hercules Plaza | Hercules Plaza, Suite 5100 |
| 1313 Market Street | 1313 Market Street |
| Suite 5100 | P.O. Box 1709 |
| P.O. Box 1709 | Wilmington, DE 19899-1709 |
| Wilmington, DE 19899-1709 | Telephone: 302.777.6500 |
| Telephone: 404.885.3000 | Facsimile: 302.421.8390 |
| david.fournier@troutman.com | david.fournier@troutman.com |
| marcy.smith@troutman.com | marcy.smith@troutman.com |
| | |
| -and- | -and- |
| | |
| Harris B. Winsberg (*pro hac vice*) | Harris B. Winsberg (*pro hac vice*) |
| Matthew G. Roberts (*pro hac vice*) | Matthew G. Roberts (*pro hac vice*) |
| PARKER, HUDSON, RAINER & DOBBS LLP | PARKER, HUDSON, RAINER & DOBBS LLP |
| 303 Peachtree Street NE | 303 Peachtree Street NE |
| Suite 3600 | Suite 3600 |
| Atlanta, GA  30308 | Atlanta, GA  30308 |
| Telephone: 404.420.4313 | Telephone: 404.420.4313 |
| Facsimile: 404.522.8409 | Facsimile: 404.522.8409 |
| hwinsberg@phrd.com | hwinsberg@phrd.com |
| mroberts@phrd.com | mroberts@phrd.com |
| | |
| -and- | -and- |
| | |
| Margaret H. Warner (*pro hac vice*) | Todd C. Jacobs (*pro hac vice*) |
| Ryan S. Smethurst (*pro hac vice*) | John E. Bucheit (*pro hac vice*) |
| Alex M. Spisak (*pro hac vice*) | Paul J. Esker (*pro hac vice*) |
| McDERMOTT WILL & EMERY LLP | BRADLEY RILEY JACOBS PC |
| The McDermott Building | 500 West Madison Street |
| 500 North Capitol Street, NW | Suite 1000 |
| Washington, DC 20001-1531 | Chicago, IL 60661 |
| | Telephone: 312.281.0295 |

9

Telephone: 202.756.8228
Facsimile: 202.756.8087
mwarner@mwe.com
rsmethurst@mwe.com
aspisak@mwe.com

*Counsel for Allianz Global Risks US Insurance Company*

/s/ Kathleen M. Miller
Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Suite 501
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
kmiller@skjlaw.com

Ronald P. Schiller (*pro hac vice*)
Matthew A. Hamermesh (*pro hac vice*)
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
T: (215) 568-6200
F: (215) 568-0300
E: rschiller@hangley.com
mhamermesh@hangley.com

*Counsel for Arch Insurance Company*

tjacobs@bradleyriley.com
jbucheit@bradleyriley.com
pesker@bradleyriley.com

*Counsel for National Surety Corporation and Interstate Fire & Casualty Company*

/s/ Paul Logan
Paul Logan (No. 3339)
POST & SCHELL, P.C.
300 Delaware Avenue, Suite 1380
Wilmington, DE 19801
Telephone: (302) 251-8856
Email: plogan@postschell.com

John C. Sullivan (*pro hac vice*)
Kathleen K. Kerns (*pro hac vice*)
POST & SCHELL, P.C.
Four Penn Center – 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
Telephone: (215) 587-1000
jsullivan@postschell.com
kkerns@postschell.com

-and-

George R. Calhoun (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue, N.W.
Suite 650
Washington, DC 20006
Telephone: (202) 840-8758
george@ifrahlaw.com

*Counsel for Argonaut Insurance Company and Colony Insurance Company*

10

/s/ Michael J. Joyce
Michael J. Joyce (No. 4563)
JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 388-1944
Email: mjoyce@mjlawoffices.com

-and-

Kevin Coughlin (*pro hac vice*)
Lorraine Armenti (*pro hac vice*)
Michael Hrinewski (*pro hac vice*)
COUGHLIN MIDLIGE & GARLAND, LLP
350 Mount Kemble Avenue
PO Box 1917
Morristown, NJ 07962
Telephone: (973) 267-0058
Facsimile: 973-267-6442
kcoughlin@cmg.law
larmenti@cmg.law
mhrinewski@cmg.law

-and-

Britton C. Lewis
John M. Flynn
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth Street
P.O. Box 540
Greensboro, NC 27401
Telephone: (336) 478-1146
Facsimile: (336) 478-1145
jmf@crlaw.com
bcl@crlaw.com

*Counsel for Arrowood Indemnity Company*

/s/ Maria Aprile Sawczuk
Maria Aprile Sawczuk (DE #3320)
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road
Wilmington, DE 19809
302-444-6710
marias@goldmclaw.com

-and-

Laura McNally (*pro hac vice*)
Emily Stone (*pro hac vice*)
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, IL 60654
312-464-3155
lmcnally@loeb.com
estone@loeb.com

*Counsel for The Continental Insurance Company and Columbia Casualty Company*

| | |
|---|---|
| /s/ Brian A. Sullivan | /s/ Kathleen M. Miller |
| Brian A. Sullivan (No. 2098) | Kathleen M. Miller (DE Bar No. 2898) |
| WERB & SULLIVAN | SMITH, KATZENSTEIN & JENKINS LLP |
| LEGAL ARTS BUILDING | |
| 1225 N. King Street | 1000 West Street, Suite 501 |
| Suite 600 | P.O. Box 410 |
| Wilmington, Delaware 19801 | Wilmington, DE 19899 |
| Telephone: (302) 652-1100 | Telephone: (302) 652-8400 |
| Cell: (302) 757-9932 | Email: kmiller@skjlaw.com |
| Facsimile: (302) 652-1111 | |
| Email: bsullivan@werbsullivan.com | -and- |
| | |
| John E.W. Baay II (*pro hac vice*) | Mary E. Borja (*pro hac vice*) |
| GIEGER LABORDE & LAPEROUOSE, LLC | Gary P. Seligman (*pro hac vice*) |
| | Ashley L. Criss (*pro hac vice*) |
| 701 Poydras Street | WILEY REIN LLP |
| Suite 4800 | 2050 M Street NW |
| New Orleans, LA 70139 | Washington, DC 20036 |
| Tel.: 504-561-0400 | Phone: (202) 719-7000 |
| Fax: 504-561-1011 | Email: mborja@wiley.law |
| Email: jbaay@glllaw.com | gseligman@wiley.law |
| | acriss@wiley.law |
| -and- | |
| | *Counsel for General Star Indemnity Company* |
| William H. White Jr (*pro hac vice*) | |
| KIERNAN TREBACH LLP | |
| 1233 20th Street, NW | |
| 8th Floor | |
| Washington, DC 20036 | |
| Tel.: 202-712-7000 | |
| Fax: 202-712-7100 | |
| Email: wwhite@kiernantrebach.com | |
| | |
| *Counsel for Gemini Insurance Company* | |

/s/ Bruce W. McCullough
Bruce W. McCullough (No. 3112)
BODELL BOVÉ, LLC
1225 N. King Street, Suite 1000
Wilmington, Delaware 19801-3250
Telephone: (302) 655-6749
bmccullough@bodellbove.com

-and-

Bruce D. Celebrezze (*pro hac vice*)
CLYDE & CO US LLP
150 California Street | 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
bruce.celebrezze@clydeco.us

Konrad R. Krebs (*pro hac vice*)
CLYDE & CO US LLP
340 Mt. Kemble Avenue | Suite 300
Morristown, NJ 07960
Telephone: (973) 210-6700
Facsimile: (973) 210-6701
konrad.krebs@clydeco.us

-and-

David Christian (*pro hac vice*)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, Illinois 60602
Telephone: (312) 282-5282
dchristian@dca.law

/s/ Kathleen M. Miller
Kathleen M. Miller (No. 2898)
SMITH, KATZENSTEIN
& JENKINS LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
kmiller@skjlaw.com

and

Lloyd A. Gura (*pro hac vice*)
Pamela J. Minetto (*pro hac vice*)
MOUND COTTON WOLLAN & GREENGRASS LLP
One New York Plaza 44th Floor
New York, NY 10004
Tel: (212) 804-4282
lgura@moundcotton.com
pminetto@moundcotton.com

*Counsel for Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company*

*Counsel for Great American Assurance Company, f/k/a Agricultural Insurance Company; Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company; and Great American E&S Insurance Company*

/s/ R. Karl Hill
R. Karl Hill (DE Bar No. 2747)
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue
Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-0600
khill@svglaw.com

-and-

CHOATE, HALL & STEWART LLP
Douglas R. Gooding (*pro hac vice*)
Jonathan D. Marshall (*pro hac vice*)
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
jmarshall@choate.com

-and-

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
Kim V. Marrkand (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
kvmarrkand@mintz.com

/s/ Thaddeus J. Weaver
Thaddeus J. Weaver (DE Bar. No. 2790)
DILWORTH PAXSON LLP
704 N. King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899-1031
(302) 571-8867 (telephone)
(302) 351-8735 (facsimile)
tweaver@dilworthlaw.com

-and-

William E. McGrath, Jr. (*pro hac vice*)
Dilworth Paxson LLP
2 Research Way, Suite 103
Princeton, NJ 08540
(609) 924-6000 (telephone)
(215) 893-8537 (facsimile)
wmcgrath@dilworthlaw.com

*Counsel for Munich Reinsurance America, Inc., formerly known as American Re-Insurance Company*

/s/ Marla S. Benedek
Marla S. Benedek (No. 6638)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2024

14

*Counsel for Liberty Mutual Insurance Company, The Ohio Casualty Insurance Company, Liberty Insurance Underwriters, Inc. and Liberty Surplus Insurance Corporation*

/s/ Carl N. Kunz_____
Stephen M. Miller (No. 2610)
Carl N. Kunz, III (No. 3201)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile:  (302) 571-1750
smiller@morrisjames.com
ckunz@morrisjames.com

-and-

Margaret M. Anderson (*pro hac vice*)
Ryan T. Schultz (*pro hac vice*)
Adam A. Hachikian (*pro hac vice*)
Kenneth M. Thomas (*pro hac vice*)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Facsimile:  (312) 224-1201
panderson@foxswibel.com
rschultz@foxswibel.com
ahachikian@foxswibel.com
kthomas@foxswibel.com

Facsimile:  (302) 250-4498
mbenedek@cozen.com

*Counsel for Traders and Pacific Insurance Company, Endurance American Specialty Insurance Company, and Endurance American Insurance Company*

/s/ Louis J. Rizzo, Jr._____
Louis J. Rizzo, Jr. (DE Bar No. 3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike Suite 305
Brandywine Plaza West
Wilmington DE  19803
Telephone: (302) 477-7100
Facsimile: (302) 652-3620
lrizzo@regerlaw.com

*Counsel for Travelers Casualty and Surety Company, Inc. (f/k/a Aetna Casualty & Surety Company), St. Paul Surplus Lines Insurance Company and Gulf Insurance Company*

*Counsel for Old Republic Insurance Company*

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8013(f). A proportionally spaced typeface was used, as follows:

Name of typeface: Times New Roman
Point size: 14
Line spacing: Double

The total number of words in the motion, excluding the items set forth in Federal Rule of Bankruptcy Procedure 8015(g), is 1,534.