# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> Boy Scouts of America and Delaware BSA, LLC,[1] <br><br>     Debtors. | Chapter 11 <br><br> Bankruptcy Case No. 20-10343 (LSS) (Jointly Administered) |
| National Union Fire Insurance Co. of Pittsburgh, PA, *et al.*, <br><br>     Appellants. <br><br> v. <br><br> Boy Scouts of America and Delaware BSA, LLC, *et al.*, <br><br>     Appellees. | Lead Case No. 22-cv-01237-RGA <br><br> Consolidated Case Nos. 22-cv-01238-RGA; 22-cv-01239-RGA; 22-cv-01240-RGA; 22-cv-01241-RGA; 22-cv-01242-RGA; 22-cv-01243-RGA; 22-cv-01244-RGA; 22-cv-01245-RGA; 22-cv-01246-RGA; 22-cv-01247-RGA; 22-cv-01249-RGA; 22-cv-01250-RGA; 22-cv-01251-RGA; 22-cv-01252-RGA; 22-cv-01258-RGA; 22-cv-01263-RGA |

## DECLARATION OF IRWIN ZALKIN IN SUPPORT OF APPELLEES' OMNIBUS JOINT OPPOSITION TO MOTIONS FOR STAY PENDING APPEAL

I, Irwin Zalkin, declare under penalty of perjury as follows:

1. I am a partner in the Zalkin Law Firm, P.C. (the "*Firm*"), and maintain an office at 10590 W Ocean Air Dr. #125, San Diego, CA 92130.  I am duly admitted

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

to practice law in the State of California. I am authorized to submit this supplemental declaration (the "***Declaration***") in support of *Appellees' Omnibus Joint Opposition to Motions for Stay Pending Appeal* (the "**Opposition**"), filed concurrently herewith. I am over the age of eighteen years. This Declaration is based on my personal knowledge and experience and my review of relevant documents. If called as a witness, I could and would competently testify to the facts set forth herein.

2. My Firm has been actively involved in the chapter 11 cases of the Boy Scouts of America, *et al.* (the "***Debtors***") since February 18, 2020 (the "***Petition Date***").

3. My Firm represents approximately 139 clients who have filed childhood sexual abuse claims against the Debtors or other parties that will be subject to a release and channeling injunction (*e.g.*, Local Councils and Chartered Organizations) once the Debtors' plan [Bankr. D.I. 10296] (the **"*Plan*"**) becomes effective.

4. The confirmation of the Plan represents the long-awaited conclusion of a decades-long process that my clients and thousands of other survivors of sexual abuse (**"*Survivors*"**) have endured in their search for accountability for the horrors they endured as children involved in scouting activities.

5. As expected, childhood sexual abuse claims are extremely personal and continue to cause trauma to Survivors as they are required to relive painful events of

their lives that, in most cases, transpired decades ago. Given the sensitive and traumatic nature of the abuse, Survivors frequently do not disclose their claims to spouses, family members, or close friends. As a result, if a Survivor dies before his/her claim is processed and paid, and he/she has not shared the circumstances of his/her abuse with family or friends, a Survivor will never receive justice because the claim will be extinguished without the compensation and closure that Survivors have been seeking and certainly deserve. In that situation, I do not always know that my Firm's client died as nobody else knew about the abuse or that the Survivor retained my Firm to represent his/her interest.

6. My Firm's clients range in age from 23 to 85. Of those clients, approximately 20 are 70 or older. Since the Petition Date, at least two of my Firm's clients have died. As a significant number of my Firm's clients are advanced in age, I do not expect many of them to have a substantial amount of time remaining before they pass, because in many instances their health is quickly deteriorating, such as one client's struggle with Parkinson's disease, or another whose heart stopped recently and had to be revived twice.

7. As the Debtors' chapter 11 cases move into their fourth year, some of my Firm's clients no longer have the fortitude to see their claim to conclusion. In some instances, clients no longer have the financial means to track the process or do not live in a stable environment where my Firm can contact them to provide updates.

In other more extreme circumstances, I have had clients who have taken their lives as they could not bear how long this process has taken.

8. With the prospect of a stay pending appeal, the outcome of this bankruptcy process becomes even more uncertain and the hardship this imposes on Survivors who have waited a lifetime for recognition of their suffering is palpable and nothing short of tragic.

9. If this Court's order affirming the Bankruptcy Court's Confirmation Order is stayed pending appellate review by the Third Circuit Court of Appeals, I expect to have more clients die or fall out of the process due to deteriorating health or other reasons before their claim will be fully reconciled.

*[Remainder of Page Intentionally Left Blank]*

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  San Diego, California
           April 6, 2023

*/s/ Zakin*
Irwin Zalkin, Esq.