# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> Boy Scouts of America and Delaware BSA, LLC,[1] <br><br>     Debtors. | Chapter 11 <br><br> Bankruptcy Case No. 20-10343 (LSS) (Jointly Administered) |
| National Union Fire Insurance Co. of Pittsburgh, PA, *et al.*, <br><br>     Appellants. <br><br> v. <br><br> Boy Scouts of America and Delaware BSA, LLC, *et al.*, <br><br>     Appellees. | Lead Case No. 22-cv-01237-RGA <br><br> Consolidated Case Nos. 22-cv-01238-RGA; 22-cv-01239-RGA; 22-cv-01240-RGA; 22-cv-01241-RGA; 22-cv-01242-RGA; 22-cv-01243-RGA; 22-cv-01244-RGA; 22-cv-01245-RGA; 22-cv-01246-RGA; 22-cv-01247-RGA; 22-cv-01249-RGA; 22-cv-01250-RGA; 22-cv-01251-RGA; 22-cv-01252-RGA; 22-cv-01258-RGA; 22-cv-01263-RGA |

## DECLARATION OF JORDAN K. MERSON IN SUPPORT OF APPELLEES' JOINT OMNIBUS OPPOSITION TO MOTIONS FOR STAY PENDING APPEAL

I, Jordan K. Merson, Esq., declare under penalty of perjury as follows:

1. I am a partner at Merson Law, PLLC (the "***Firm***"), and maintain an office at 950 Third Avenue, 18th Floor, New York, New York 10022. I am duly admitted to practice law in the State of New York, State of New Jersey, State of

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

Pennsylvania, and various district courts throughout the United States. I am authorized to submit this supplemental declaration (the "***Declaration***") in support of *Appellees' Omnibus Joint Opposition to Motions for Stay Pending Appeal* (the "***Opposition***"), filed concurrently herewith. I am over the age of eighteen years. This Declaration is based on my personal knowledge and experience and my review of relevant documents. If called as a witness, I could and would competently testify to the facts set forth herein.

2. My Firm has been actively involved in the chapter 11 cases of the Boy Scouts of America, *et al.* (the "***Debtors***") since February 18, 2020 (the "***Petition Date***").

3. My Firm represents approximately three-hundred and twenty-three (323) clients who have filed childhood sexual abuse claims against the Debtors or other parties that will be subject to a release and channeling injunction (*e.g.*, Local Councils and Chartered Organizations) once the Debtors' plan [Bankr. D.I. 10296] (the "***Plan***") becomes effective.

4. The confirmation of the Plan represents the long-awaited conclusion of a decades-long process that my clients and thousands of other survivors of sexual abuse ("***Survivors***") have endured in their search for accountability for the horrors they endured as children involved in scouting activities.

5. As expected, childhood sexual abuse claims are extremely personal and continue to cause trauma to Survivors as they are required to relive painful events of their lives that, in most cases, transpired decades ago. Given the sensitive and traumatic nature of the abuse, Survivors frequently do not disclose their claims to spouses, family members, or close friends. As a result, if a Survivor dies before his/her claim is processed and paid, and he/she has not shared the circumstances of his/her abuse with family or friends, a Survivor will never receive justice because the claim will be extinguished without the compensation and closure that Survivors have been seeking and certainly deserve. In that situation, I do not always know that my Firm's client died as none of the Survivor's family or friends knew about the sexual abuse or that the Survivor retained my Firm to represent the Survivor's interest.

6. My Firm's clients range in age from 23 to 95 years old. Of those clients, approximately twenty-seven (27) are 70 or older. Since the Petition Date, approximately five (5) of my Firm's clients have died. As a significant number of my Firm's clients are advanced in age, I am concerned about their health deteriorating and being unable to see this process through to the conclusion.

7. With the prospect of a stay pending appeal, the outcome of this bankruptcy process becomes even more uncertain and the hardship this imposes on

Survivors who have waited a lifetime for recognition of their suffering is palpable and nothing short of tragic.

8. If this Court's order affirming the Bankruptcy Court's Confirmation Order is stayed pending appellate review by the Third Circuit Court of Appeals, I expect to have more clients die or fall out of the process due to deteriorating health or other reasons before their claim will be fully reconciled.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:     April 5, 2023
           New York, New York

_____
Jordan K. Merson