IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> Boy Scouts of America and Delaware BSA, LLC, <br><br>     Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LLS) <br><br> (Jointly Administered) |
| National Union Fire Insurance Co. of Pittsburgh, PA, *et al.*, <br>     Appellants. <br> v. <br><br> Boy Scouts of America and Delaware BSA, LLC, <br><br>     Appellees. | Case No. 22-cv-01237-RGA |

**DUMAS & VAUGHN CLAIMANTS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR STAY PENDING APPEAL AND A TEMPORARY STAY <u>WHILE THE COURT RULES ON THE MOTION</u>**

  1. Without rearguing every point in their Motion, the Dumas & Vaughn Claimants ("D & V Claimants") submit this Reply in further support of their Motion for Stay.

## ARGUMENT

  2. D&V Claimants are all sexual abuse survivors with filed claims in the Boy Scout bankruptcy case. They understand the issues facing abuse survivors and sympathize with the concerns of abuse claimants who want to see the Plan go effective immediately. There is nothing D&V Claimants would like more than to see full and fast compensation to abuse claimants, but this Plan does not provide

1

that compensation. Any BSA bankruptcy plan that requires reducing the aggregate value of the abuse claims by 90 percent and releasing direct claims against nondebtor third party Local Councils and Chartering Organizations does not fully and fairly compensate abuse claimants.

3. D&V Claimants have a "significantly better than negligible" chance of success on appeal, which satisfies the "likelihood of success on the merits" requirement for granting a stay. *In re Revel AC, Inc.*, 802 F.3d 558, 569 and 571 (3d Cir. 2015). Appellees make the obvious point that D&V Claimants and the other Appellants lost their arguments before the Bankruptcy Court and this District Court. But that is why Appellants are appealing and does not mean the arguments do not stand a reasonable chance of success on appeal to the Third Circuit.

4. For instance, on the issue of lack of statutory authority for nonconsensual third-party releases, the District Court in the *Purdue Pharma* appeal reached the exact opposite conclusion that this Court and the Bankruptcy Court reached. *In re Purdue Pharma, Inc.*, 635 B.R. 26 (S.D.N.Y. 2021) (concluding there is no statutory authority in the Bankruptcy Code for nonconsensual third-party releases, as argued here by D&V Claimants). Purdue Pharma's bankruptcy dwarfs this one and involves billions of dollars in released third-party claims. Neither the Second nor Third Circuits have squarely addressed the issue of statutory authority. That two knowledgeable District Courts could reach opposite

conclusions on the same issue shows that this is an unsettled legal issue and one on which D&V Claimants have a significantly better than negligible chance of winning on appeal.

5.  As for the public interest, that issue is far broader than whether BSA might face operational difficulties if the Plan is stayed and the desire to complete the Plan as quickly as possible. The issue of third-party releases for nondebtors is of national importance. It has affected and will affect tens of thousands of mass tort litigants. Having the Third Circuit directly analyze the issues of statutory authority, jurisdiction, and standards for such third-party releases is a matter of paramount public interest.

6.  Finally, this is not a case that requires an appellate bond. Bonds are required on appeal to secure the payment of a judgment. D&V Claimants are not judgment creditors. There was no judgment entered against them. They owe no money to BSA. There is no judgement to secure. Bonds are not posted on appeal to protect against some unspecified, hypothetical loss that may occur in the event a plan does not go into immediate effect.

## JOINDER

7.  D & V Claimants join in the Reply arguments made by the Certain Insurers and Lujan Claimants in support of their Motions for Stay and incorporate those arguments in their entirety as if set forth herein.

## CONCLUSION

8.  For the reasons discussed above and in their original Motion, and those incorporated by reference, D & V Claimants ask this Court to grant their motion and issue a stay of this Court's Affirmance Order affirming the Bankruptcy Court's confirmation Order and Opinion until the Third Circuit has ruled on appeals in this matter.  D & V Claimants further ask this Court for a temporary stay while it considers this Motion.  In the alternative, if this Court is to deny the motion, D & V Claimants ask that this Court issue a short stay until April 27, 2023 or as long as this Court deems reasonable, allowing time for D & V Claimants to seek an emergency stay from the Third Circuit.

Dated:  April 7, 2023   GELLERT SCALI BUSENKELL & BROWN LLC

/s/ *Charles J. Brown, III*
Charles J. Brown, III, Esquire (No. 3368)
1201 N. Orange St., 3rd Floor
Wilmington, DE 19801
Phone: (302) 425-5813
Email: cbrown@gsbblaw.com

- and -

DUMAS & VAUGHN, LLC

/s/ *Gilion C. Dumas*
Dumas & Vaughn, LLC, *pro hac vice*
3835 NE Hancock Street, Suite GLB
Portland, OR 97212
Telephone: (503) 616-5007
Email: gilion@dumasandvaughn.com
*Counsel to D & V Claimants*

## CERTIFICATE OF COMPLIANCE

The foregoing reply complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8013(f). A proportionally spaced typeface was used, as follows:

    Name of typeface: Times New Roman
    Point size:   14
    Line spacing:   Double

The total number of words in the reply, excluding the items set forth in Federal Rule of Bankruptcy Procedure 8015(g), is 680.

Dated:  April 7, 2023    GELLERT SCALI BUSENKELL & BROWN LLC

    /s/ *Charles J. Brown, III*
    Charles J. Brown, III, Esquire (No. 3368)
    1201 N. Orange St., 3rd Floor
    Wilmington, DE 19801
    Phone: (302) 425-5813
    Email: cbrown@gsbblaw.com

    - and -

    DUMAS & VAUGHN, LLC

    /s/ *Gilion C. Dumas*
    Dumas & Vaughn, LLC, *pro hac vice*
    3835 NE Hancock Street, Suite GLB
    Portland, OR 97212
    Telephone: (503) 616-5007
    Email: gilion@dumasandvaughn.com

    *Counsel to D & V Claimants*