# EXHIBIT 1

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

**BOY SCOUTS OF AMERICA and DELAWARE BSA, LLC**

Debtors.

**LUJAN CLAIMANTS**

Appellants,

v.

**BOY SCOUTS OF AMERICA, et al**

Appellees.

Case No. 23-1664
[consolidated with Case Nos. 23-1665, 23-1666, 23-1667, 23-1668, 23-1669, 23-1670, 23-1671, 23-1672, 23-1673, 23-1674, 23-1675, 23-1676, 23-1677, 23-1678, 23-1780]

Appeal from Order dated March 28, 2023, entered by the United States District Court, District of Delaware, Case No. 22-cv-01237-RGA[1]

## LUJAN CLAIMANTS' RENEWED MOTION FOR STAY OF BANKRUPTCY PLAN AND MOTION TO STAY APPEAL

---

[1] Case number 22-cv-01237-RGA is a lead case consolidated with District Court cases 22-cv-01237, 22-cv-01238, 22-cv-01239, 22-cv-01240, 22-cv-01241, 22-cv-01242, 22-cv-01243, 22-cv-01244, 22-cv-01245, 22-cv-01246, 22-cv-01247, 22-cv-01249, 22-cv-01250, 22-cv-01251, 22-cv-01252, 22-cv-01258, and 22-cv-01263. Lujan Claimants' appeal is docketed in the District Court at 22-cv-01258-RGA.

Christopher D. Loizides
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
Email: loizides@loizides.com

and

LUJAN & WOLFF LLP

/s/ Delia Lujan Wolff
Delia Lujan Wolff
Suite 300, DNA Bldg.
238 Archbishop Flores St.
Hagatna, Guam 96910
Phone: (671) 477-8064/5
Facsimile: (671) 477-5297
Email: dslwolff@lawguam.com

*Attorneys for Lujan Claimants*

COME NOW Lujan Claimants and renew their motion to stay further implementation of Debtors' plan of reorganization and move to stay these appeals.

## INTRODUCTION

Lujan Claimants previously moved for stay pending appeal, D.I. 3, which was denied, D.I. 27. Circumstances have since changed, leading Lujan Claimants to now renew their motion to stay implementation of Debtors' reorganization plan and to request stay of the appeals.

A stay is requested in light of the United States Supreme Court's grant of a writ of certiorari and stay pending appeal on August 10, 2023, in Harrington v. Purdue Pharma L.P., No. 23A87, in which the Highest Court of the country will resolve a major issue raised in the appeals by Lujan Claimants and Dumas & Vaughn Claimants, i.e., whether the Bankruptcy Code authorizes a court to approve, as part of a plan of reorganization under Chapter 11 of the Bankruptcy Code, a release that extinguishes claims held by nondebtors against nondebtor third parties, without the claimants' consent. Purdue will be heard by the Supreme Court in the December term. Id. As Circuit Courts of Appeal addressing this highly controversial issue have long been split, the Supreme Court has decided that it needs to finally resolve the matter.

A stay of the plan would conserve funds which would otherwise be spent implementing a plan that may be invalidated should the Supreme Court rule against

nonconsensual third party releases. A stay is also appropriate given the current status of the Settlement Trust, which has paid no Survivors, has failed to timely provide Survivors access to documents to support their claims and to be able to decide whether to elect the Independent Review Option, has not yet submitted to the bankruptcy court proposed fraud prevention procedures for court approval, and has failed to produce a questionnaire and claims processing portal for the more than 70,000 Survivors who did not elect the Expedited Distribution. Denial of a stay would irreparably harm Lujan Claimants should Debtors succeed in arguing equitable mootness, another highly controversial doctrine also without statutory origin, which would deprive Lujan Claimants of appellate review herein even on issues where they would succeed on the merits. Allowing the plan to go forward would also result in the Trust payment of $3,500 to each of the 7,381 Survivors who elected the Expedited Distribution, which, ironically, would exceed the $2,581.47 average payout to Survivors who did not elect the Expedited Distribution and who would be subjected to a more rigorous claims review process, in the event the Supreme Court rules against nonconsensual third party releases.[1] Payments should be stopped and the status quo preserved.

A stay of the appeal, including briefing, hearing, and deciding the appeal,

---

[1] $3,500 x 7,381 = $25,833,500. $219,000,000 BSA contribution - $25,833,500 = $193,166,500 / 74,828 Survivors who did not elect Expedited Distribution = $2,581.47.

2

would also conserve the parties' and the Court's resources, as Purdue may be decided while this appeal is pending and the decision would resolve a major issue on appeal. A stay is also appropriate since, even without a stay, the appeals will not be fully briefed or heard for months. Upon Debtors' motion on August 14, 2023, D.I. 84, Appellees were granted a 28-day extension of their brief deadline, D.I. 86; consequently, their briefs are due October 10, 2023, id., and Appellants' reply briefs are due October 31, 2023, FRAP 31(a)(1). Thus, any oral argument on these appeals would likely occur around the same time or after the Supreme Court hears Purdue in the December term. Rather than decide this highly controversial issue concurrently with Purdue, the Court should stay the appeals to allow the legality of nonconsensual nondebtor releases to be conclusively determined by the Supreme Court, which would clarify this Court's final disposition of the appeals.

Given the October 2023 deadlines for Survivors to submit questionnaires and to make elections on the Independent Review Option, Lujan Claimants request that the Court set an expedited briefing schedule on this motion.

In support of this motion, Lujan Claimants incorporate by reference as if set forth in full their original Emergency Motion for Stay Pending Appeal, D.I. 3, their Reply, D.I. 26, and their Opening Brief, D.I. 66.

Lujan Claimants also join in and incorporate by reference as if set forth in full the renewed motion of Dumas & Vaughn Claimants for stay of the bankruptcy plan

and motion to stay appeal. Case No. 23-1666 (D.I. 81).

## ARGUMENT

On a motion to stay pending appeal, four factors are considered: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP, 927 F.3d 763, 771 (3d Cir. 2019). The first two factors are "the most critical." Id. at 772.

### A. Lujan Claimants Are Likely to Succeed on the Merits.

Lujan Claimants refer to their arguments in their Opening Brief, original Emergency Motion for Stay Pending Appeal, and Reply in support of the emergency motion. In addition, the fact that the Supreme Court in Purdue did not allow the Second Circuit's grant of nonconsensual third party releases and injunctions to stand bodes well for Lujan Claimants' argument that the Bankruptcy Code does not authorize such releases and injunctions.

### B. Lujan Claimants Will Be Irreparably Harmed Without a Stay.

Lujan Claimants are likely to suffer "irreparable" harm without a stay because of the substantial risk that the plan will be promptly consummated and their appeals will be dismissed as equitably moot. In re MTE Holdings, LLC, 2021 WL 4203339,

at *4 (D. Del. Sept. 15, 2021). Irreparable harm exists where "there is a substantial risk of mootness, in addition to potential economic harm." In re MD Helicopters, Inc., 641 B.R. 96, 109 (D. Del. 2022). "[W]here the denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement is satisfied." In re Los Angeles Dodgers LLC, 465 B.R. 18, 36 (D. Del. 2011); see also In re Country Squire Assocs. of Carle Place, L.P., 203 B.R. 182, 183 (B.A.P. 2d Cir. 1996) (loss of appellate rights is the "quintessential form of" irreparable harm); CW Capital Asset Mgmt. v. Burcam Capital II, LLC, 2013 WL 3288092, at *7 (E.D.N.C. June 28, 2013) ("the loss of appellate rights alone constitutes irreparable harm").

Debtors will argue, albeit incorrectly, that this appeal is equitably moot. However, absent a stay, this argument becomes stronger since Expedited Distribution claimants will soon be paid by the Trust, as the Trust launched the claims processing portal for these 7,381 Survivors on August 4, 2023, https://www.scoutingsettlementtrust.com/s/, the Trust is "ready to process Expedited Distribution Abuse Claims," and the deadline to complete an Expedited Claims Questionnaire and to submit it to the Trust is October 3, 2023, (Wolff Decl. ¶ 2, Ex. 1). Further, the Trust "plans to launch the Trust Claims Questionnaire (non-expedited) for the remaining approximately 75,000 Claimants within the next several weeks." https://www.scoutingsettlementtrust.com/s/

5

Lujan Claimants will also be irreparably harmed as they will be forced to take action to preserve their claims to be compensated by the Trust, which may impact their present appeal. The one Lujan Claimant who elected the Expedited Distribution will be forced to participate in the claims process by submitting his questionnaire by October 3, 2023, even though he is now losing his claim against the Capuchin Franciscans—a claim he retained prior to Debtors' settlement with the Roman Catholic Ad Hoc Committee during the confirmation hearing—yet receiving the same $3,500 consideration. The other 74 Lujan Claimants will be forced to decide by October 19, 2023, six months after the Effective Date, whether to elect and pay $20,000 each for the Independent Review Option which would allow them to be compensated beyond the maximum limits set by the Trust Distribution Procedures. A01037-1039. These choices will be made without the benefit of discovery which should be in the Document Appendix, A01040, but which is not, https://www.scoutingsettlementtrust.com/s/faq ("The Trust is in the process of developing a platform where your attorney can request documents or other information governed by the Document Appendix."). Also, in order to receive any payment, a Lujan Claimant will have to sign a release of his or her claims against protected parties including nondebtors, A01018, A01031, one of the issues Lujan Claimants are appealing. If a Lujan Claimant refuses to participate in the claims process in order to preserve his or her appeal, there is a risk that the appeal itself may

6

become moot if the Lujan Claimant is not seeking payment on his or her claim. Also, if a Lujan Claimant does not participate in the claims process and then loses on appeal, he or she will receive no compensation from the Trust or through the TDP. Lujan Claimants should not be cornered into making these decisions which may negatively impact their appeal and/or their ability to receive compensation from the Trust or TDPs.

To be clear, Lujan Claimants do not concede that equitable mootness is doctrinally correct or would apply here, and judges in the Third Circuit—including now-Supreme Court Justice Alito—have expressed considerable criticism about the doctrine. See, e.g., In re Continental Airlines, 91 F.3d 553, 568-70 (3d Cir. 1996) (en banc) (Alito, J., dissenting) (equitable mootness may be based on a misinterpretation of law); In re One2One Comcc'ns, LLC, 805 F.3d 428, 438-47 (3d Cir. 2015) (Krause, J., concurring) (equitable mootness is "adrift and in need of reconsideration by our Court" and should be "eliminat[ed], or at the very least, reform[ed]"); Pet. for Writ of Cert., U.S. Bank N.A. v. Windstream Holdings, Inc., No. 22-926 (filed Mar. 15, 2023) ("The judge-made doctrine of 'equitable mootness' allows Article III courts to shirk their bankruptcy oversight duties as mandated by" the Supreme Court). But the very real risk that the equitable mootness doctrine could be applied to strip Lujan Claimants of their appellate rights demonstrates the potential for serious irreparable harm that warrants a stay.

### C. Stay Will Not Substantially Injure Other Parties.

While denying a stay would substantially injure Lujan Claimants, issuing a stay would not cause material harm to other parties. S.S. Body Armor I., 927 F.3d at 772 (courts balance the equities in granting a stay); San Diegans for the Mt. Soledad Nat'l War Mem'l v. Paulson, 548 U.S. 1301, 1303 (2006) (harm of slight delay is insufficient to deny stay pending appeal).

A stay will not impair Debtors' ability to further consummate the plan if the district court's order is ultimately affirmed on appeal. Contributions to the Settlement Trust are fixed, and the settlement agreements between the plan supporters would remain in effect regardless of any stay.

Other Survivors would not be irreparably harmed because a stay would ensure that their claims against nondebtors are treated lawfully, in accordance with the Supreme Court's decision in Purdue. Also, the plan does not give fair compensation. An average of less than $30,000 per Survivor is not fair compensation. Further, a stay preserves each Survivor's valuable claims against nondebtors.

The Trust is also not ready to process non-Expedited Distribution claims, as it has not yet prepared a questionnaire, has not yet set up a claims portal, has not yet proposed and received court approval of strong fraud prevention procedures, and has not provided access to discovery in the Document Appendix. Survivors with these claims will not be harmed by the requested stay, since the Trust is not ready to

process their claims. A stay would instead be advantageous to Survivors, since they will not be forced to make a decision on the Independent Review Option without the discovery that should be in the Document Appendix but is not.

Additionally, regarding Survivors who elect the Expedited Distribution, there is no date set by the Trust for payment of their expedited claims. https://www.scoutingsettlementtrust.com/s/faq ("Currently there is no set payment date, but we anticipate paying these Abuse Claims first. We will update these FAQs with more information when it is available.").

### D. The Public Interest Weighs Heavily in Favor of a Stay.

The public has a strong interest in "correct application of the law," In re Nw. Missouri Holdings, Inc., 2015 WL 3638000, at *3 (D. Del. June 11, 2015), "especially where property rights are at stake," In re Revel AC, Inc., 802 F.3d 558, 573 (3d Cir. 2015), and BSA is advancing arguments never before accepted in a mass tort bankruptcy case, S. S. Body Armor I, 927 F.3d at 772 ("public interest ... calls for gauging consequences beyond the immediate parties"). The law to be set forth by the Supreme Court should be correctly applied to Survivors' claims against nondebtors. Also, review of the appeal on the merits benefits not just the parties in this case but it also clarifies the law for others.

The public has a compelling interest in ensuring that Survivors of child sexual abuse are treated fairly and that those entities responsible for their abuse be held to

9

account. The plan would shield over 100,000 entities from child sexual abuse liability even though Survivors never agreed to their release and these entities never filed for bankruptcy protection themselves. Survivors deserve to have their claims be treated in accordance with the Supreme Court's ultimate ruling in Purdue; they deserve a fair shake.

The public also has a strong interest in preserving the supremacy of states and territories in regulating the business of insurance. Guam's Direct Action Statute was enacted to facilitate the compensation of those members of the public who are injured in Guam, by allowing them to directly sue insurers under policies that cover their injuries. The plan releases and enjoins direct action claims against insurers and the public deserves to know whether this is allowed by law.

### E. No Bond is Required.

Because other parties will not suffer substantial harm from the requested stay but would instead benefit from the Supreme Court's ruling, and confirmation of the plan "does not require any monetary payment" from Lujan Claimants, there is no "need for a bond." In re Los Angeles Dodgers LLC, 465 B.R. at 38. In fact, no bond was ever required by the Supreme Court for a stay in Purdue, even though the contributions for creditors exceed $6 billion in that case.

Based on the foregoing, Lujan Claimants respectfully request that the Court stay implementation of the bankruptcy plan and stay this appeal, pending the U.S. Supreme Court's review of the Purdue appeal.

DATED: August 16, 2023

Respectfully submitted,

/s/ Christopher D. Loizides
Christopher D. Loizides
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
Email: loizides@loizides.com

and

LUJAN & WOLFF LLP

/s/ Delia Lujan Wolff
Delia Lujan Wolff
Suite 300, DNA Bldg.
238 Archbishop Flores St.
Hagatna, Guam 96910
Phone: (671) 477-8064/5
Facsimile: (671) 477-5297
Email: dslwolff@lawguam.com

*Attorneys for Lujan Claimants*

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d). A proportionally spaced typeface was used, as follows:

    Name of typeface: Times New Roman

    Point size: 14

    Line spacing: Double

The total number of words in the motion is 2504.

Counsel for Lujan Claimants sent reasonable notice of Lujan Claimants' intent to file this motion, as required by Federal Rule of Appellate Procedure 8(a)(2)(C), via email to all parties.

## CERTIFICATE OF SERVICE

I, Delia Lujan Wolff, hereby certify that on August 16, 2023, I caused a copy of the forgoing **LUJAN CLAIMANTS' RENEWED MOTION FOR STAY OF BANKRUPTCY PLAN AND MOTION TO STAY APPEAL**, to be served on all registered users of the Court's Case Management/Electronic Case File ("CM/ECF") in this case via CM/ECF.

DATED: August 16, 2023

                                  LUJAN & WOLFF LLP

                                  /s/ Delia Lujan Wolff
                                  Delia Lujan Wolff
                                  Suite 300, DNA Bldg.
                                  238 Archbishop Flores St.
                                  Hagatna, Guam 96910
                                  Phone: (671) 477-8064/5
                                  Facsimile: (671) 477-5297
                                  Email: dslwolff@lawguam.com